## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

**KONINKLIJKE PHILIPS N.V.,**
**U.S. PHILIPS CORPORATION,**

                **Plaintiffs,**

      **v.**

**ACER INC.,**
**ACER AMERICA CORPORATION,**

                **Defendants.**

Case No.:

JURY TRIAL DEMANDED

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation (collectively, "Plaintiffs" or "Philips"), bring this Complaint for patent infringement against Defendants Acer Inc. and Acer America Corporation (collectively, "Defendants" or "Acer"), and hereby allege as follows:

### Nature of the Action

1.      This is an action for patent infringement under 35 U.S.C. § 271, et seq., by Philips against Acer for infringement of United States Patent Nos. RE 44,913 ("the '913 patent"), 6,690,387 ("the '387 patent"), 7,184,064 ("the '064 patent"), 7,529,806 ("the '806 patent"), 5,910,797 ("the '797 patent"), 6,522,695 ("the '695 patent"), RE 44,006 ("the '006 patent"), 8,543,819 ("the '819 patent"), 6,772,114 ("the '114 patent"), and RE 43,564 ("the '564 patent") (collectively, the "patents-in-suit").

**The Parties**

2.       Plaintiff Koninklijke Philips N.V., formerly known as Koninklijke Philips Electronics N.V., is a corporation duly organized and existing under the laws of the Netherlands. Its principal place of business is High Tech Campus 5, 5656 AE Eindhoven, the Netherlands.

3.       Plaintiff U.S. Philips Corporation is a corporation duly organized and existing under the laws of Delaware.  Its principal place of business is 3000 Minuteman Road, Andover, Massachusetts, 01810.

4.       Upon information and belief, Acer Inc. is a corporation organized and existing under the laws of Taiwan, with its principal place of business located at 8F, 88, Sec. 1, Xintai 5th Rd., Xizhi, New Taipei City 221, Taiwan, Republic of China.

5.       Upon information and belief, Acer America Corporation is a corporation organized and existing under the laws of California, with its principal place of business located at 333 West San Carlos Street, Suite 1500, San Jose, California 95110.

**Jurisdiction and Venue**

6.     This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

7.      This Court has personal jurisdiction over Defendants because Defendants have, directly or through intermediaries, committed acts within Delaware giving rise to this action and/or have established minimum contacts with Delaware such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.  Defendants have placed, and are continuing to place, infringing products into the stream of commerce, via an established distribution channel, with the knowledge and/or understanding that such products are sold in the State of Delaware, including in this District.  Upon information and belief, Defendants have derived substantial revenues from its infringing acts occurring within the State of Delaware and within this District.

8.     In addition, Defendants have, and continue to, knowingly induce infringement within this District by advertising, marketing, offering for sale and/or selling devices pre-loaded with hardware and/or software containing infringing functionality within this District, to consumers, customers, manufacturers, distributers, resellers, partners, and/or end users, and providing instructions, user manuals, advertising, and/or marketing materials which facilitate, direct or encourage the use of infringing functionality with knowledge thereof.

9.     Venue is proper under 28 U.S.C. §§ 1391(b) and (c), and 1400.

**Philips's Patents-in-Suit**

10.     On May 27, 2014, the U.S. Patent and Trademark Office duly and legally issued United States Patent No. RE 44,913, entitled "Text entry method and device therefor," to

inventor Matthew J. Bickerton.  Philips is the assignee and owner of the '913 patent, a true copy
of which is attached hereto as Exhibit 1.

11.      On February 10, 2004, the U.S. Patent and Trademark Office duly and legally
issued United States Patent No. 6,690,387, entitled "Touch-screen image scrolling system and
method," to inventors John Zimmerman and Jacquelyn Annette Martino.  Philips is the assignee
and owner of the '387 patent, a true copy of which is attached hereto as Exhibit 2.

12.      On February 27, 2007, the U.S. Patent and Trademark Office duly and legally
issued United States Patent No. 7,184,064, entitled "Touch-screen image scrolling system and
method," to inventors John Zimmerman and Jacquelyn Annette Martino.  Philips is the assignee
and owner of the '064 patent, a true copy of which is attached hereto as Exhibit 3.

13.      On May 5, 2009, the U.S. Patent and Trademark Office duly and legally issued
United States Patent No. 7,529,806, entitled "Partitioning of MP3 content file for emulating
streaming," to inventor Yevgeniy Eugene Shteyn.  Philips is the assignee and owner of the '806
patent, a true copy of which is attached hereto as Exhibit 4.

14.      On June 8, 1999, the U.S. Patent and Trademark Office duly and legally issued
United States Patent No. 5,910,797, entitled "Portable data processing apparatus provided with a
screen and a gravitation-controlled sensor for screen orientation," to inventor Leonardus G.M.
Beuk.  Philips is the assignee and owner of the '797 patent, a true copy of which is attached
hereto as Exhibit 5.

15.      On February 18, 2003, the U.S. Patent and Trademark Office duly and legally
issued United States Patent No. 6,522,695, entitled "Transmitting device for transmitting a
digital information signal alternately in encoded form and non-encoded form," to inventors
Alphons A.M.L. Bruekers, Johannes M.M. Verbakel, and Marcel S.E. Van Nieuwenhoven.

-4-

Philips is the assignee and owner of the '695 patent, a true copy of which is attached hereto as Exhibit 6.

16.     On February 19, 2013, the U.S. Patent and Trademark Office duly and legally issued United States Patent No. RE 44,006, entitled "User interface for television," to inventors Lisa Cherian, Robert Andrew Lambourne, and Guy James Roberts.  Philips is the assignee and owner of the '006 patent, a true copy of which is attached hereto as Exhibit 7.

17.     On September 24, 2013, the U.S. Patent and Trademark Office duly and legally issued United States Patent No. 8,543,819, entitled "Secure authenticated distance measurement," to inventor Franciscus Lucas Antonius Johannes Kamperman.  Philips is the assignee and owner of the '819 patent, a true copy of which is attached hereto as Exhibit 8.

18.     On August 3, 2004, the U.S. Patent and Trademark Office duly and legally issued United States Patent No. 6,772,114, entitled "High frequency and low frequency audio signal encoding and decoding system," to inventors Robert Johannes Sluijter, Andreas Johannes Gerrits, Rakesh Taori, and Samir Chennoukh.  Philips is the assignee and owner of the '114 patent, a true copy of which is attached hereto as Exhibit 9.

19.     On August 7, 2012, the U.S. Patent and Trademark Office duly and legally issued United States Patent No. RE 43,564, entitled "Hand-held with auto-zoom for graphical display of web page," to inventor Jan Van Ee.  Philips is the assignee and owner of the '564 patent, a true copy of which is attached hereto as Exhibit 10.

## **Factual Background**

20.     Philips is a world-renowned company that expends enormous efforts and resources to advance research and development in various technological fields.  One of those fields is applied electronics, in which Philips has conducted groundbreaking research relating to

-5-

graphical user interfaces, electronic displays of information, and the control of content delivery between multiple devices, among other things.  The patents-in-suit stem from this work and claim protection for interactive systems for which users can control apparatuses, displays, and content in an intuitive manner.  These intuitive mechanisms are used in present-day smartphones and tablet computers.

## <u>Notice to Defendants</u>

21.     Upon information and belief, Defendants are well-aware of Plaintiffs' patent portfolio relating to Defendants' smartphones, tablet computers, laptops, all-in-one PCs, 2-in-1 PCs, and chromebooks.  Plaintiffs' patent portfolio in this area has been the subject of extensive discussion between the parties.

22.     Upon information and belief, Defendants have had knowledge of the '913 patent in advance of the filing of this Complaint.  At the very latest, Acer was given notice of its infringement of the '913 patent upon receiving a letter from Philips dated May 31, 2013.

23.     Upon information and belief, Defendants have had knowledge of the '387 patent in advance of the filing of this Complaint.  At the very latest, Acer was given notice of its infringement of the '387 patent upon receiving a letter from Philips dated May 31, 2013.

24.     Upon information and belief, Defendants have had knowledge of the '064 patent in advance of the filing of this Complaint.  At the very latest, Acer was given notice of its infringement of the '064 patent upon receiving a letter from Philips dated May 31, 2013.

25.     Upon information and belief, Defendants have had knowledge of the '806 patent in advance of the filing of this Complaint, upon viewing a presentation made by Philips dated September 19, 2013.  At the very latest, Acer was given further notice of its infringement of the '806 patent upon viewing a presentation made by Philips on November 21, 2013.

26.      Upon information and belief, Defendants have had knowledge of the '797 patent in advance of the filing of this Complaint, upon viewing a presentation made by Philips dated September 19, 2013.  At the very latest, Acer was given further notice of its infringement of the '797 patent upon receiving a letter from Philips dated November 21, 2013.

27.      Upon information and belief, Defendants have had knowledge of the '695 patent in advance of the filing of this Complaint.  At the very latest, Acer was given notice of its infringement of the '695 patent upon receiving a letter from Philips dated May 31, 2013.

28.      Upon information and belief, Defendants have had knowledge of the '006 patent in advance of the filing of this Complaint, upon receiving a letter from Philips dated May 31, 2013.  At the very latest, Acer was given further notice of its infringement of the '006 patent upon receiving a letter from Philips dated December 14, 2015.

29.      Upon information and belief, Defendants have had knowledge of the '819 patent in advance of the filing of this Complaint, upon receiving a letter from Philips dated May 31, 2013.  At the very latest, Acer was given further notice of its infringement of the '819 patent upon receiving a letter from Philips dated December 14, 2015.

30.      Upon information and belief, Defendants have had knowledge of the '114 patent in advance of the filing of this Complaint.  At the very latest, Acer was given notice of its infringement of the '114 patent upon receiving a letter from Philips dated May 31, 2013.

31.      Upon information and belief, Defendants have had knowledge of the '564 patent in advance of the filing of this Complaint.  At the very latest, Acer was given notice of its infringement of the '564 patent upon receiving a letter from Philips dated May 31, 2013.

ME1 21677396v.1

**Defendants' Infringing Activities**

32.     Upon information and belief, Defendants are, and have been, engaged in the business of manufacturing and/or having manufactured, selling and/or offering to sell within the United States, using, and/or importing into the United States smartphones, tablet computers, laptops, all-in-one PCs, 2-in-1 PCs, and chromebooks which are pre-loaded with hardware and/or software containing functionality covered by one or more claims of the '913, '387, '064, '806, '797, '695, '006, '819, '114, and '564 patents ("Accused Devices").

33.     Non-limiting examples of the Accused Devices manufactured, sold, offered for sale, used, and/or imported by or for Defendants are the Iconia Tab, Iconia A, Iconia One, Iconia A1, Iconia W, Liquid, Liquid E2, Liquid Jade, Chromebook, One, Aspire, and Aspire Switch families of devices ("Accused Devices"), which, on information and belief, have been sold within this judicial District, without limitation, through http://us-store.acer.com/, and the websites and retail locations of third parties.

34.     Upon information and belief, Defendants purposefully direct sales and offers for sale of the Accused Devices, including those specifically identified above, toward the state of Delaware, including this District.

35.     Upon information and belief, Defendants maintain established distribution channels within the United States that permit Defendant to ship the Accused Devices, including those specifically identified above, to the state of Delaware, including this District, within a few days.

ME1 21677396v.1

**First Cause of Action: Infringement of U.S. Patent No. RE 44,913**

36.     Philips repeats and incorporates by reference each and every allegation of paragraphs 1 through 35 of this Complaint, as though set forth here in their entirety.

37.     Philips is the sole owner of the entire right, title, and interest in and to the '913 patent, including the right to sue and recover for any and all infringements thereof.

38.     Defendants are directly infringing, either literally or under the doctrine of equivalents, the '913 patent by making, using, selling, and/or offering to sell within the United States, and/or importing into the United States, the Accused Devices, including but not limited to, for example, the Acer Iconia Tab A500, Acer Iconia One 10, Acer Liquid E2, and Acer Aspire V7-482, which embody and/or practice at least one claim of the '913 patent in violation of 35 U.S.C. § 271.  For example, claim 1 of the '913 patent is directed to a method for inputting characters to a device including a keypad which allows for entry of primary and secondary characters in different states.  The Accused Devices embody the claimed invention, without limitation, by including keypad entry functionality which practices each of the steps of at least claim 1 of the '913 patent, either literally or under the doctrine of equivalents, in accord with user finger input.

39.     Defendants are also indirectly infringing the '913 patent at least by virtue of their inducement of direct infringement of the '913 patent by customers, end users, and others who use Defendants' devices referenced in paragraph 38.  Defendants have induced, and continue to induce, others to infringe the '913 patent in violation of 35 U.S.C. § 271, by taking active steps to encourage and facilitate others' direct infringement of the '913 patent with knowledge or willful blindness of that infringement.  Upon information and belief, these affirmative acts include, without limitation, advertising, marketing, promoting, offering for sale and/or selling the

-9-

above-referenced devices, pre-loaded with software containing infringing functionality, to consumers, customers, manufacturers, distributers, resellers, partners, and/or end users, and providing instructions, user manuals, advertising, and/or marketing materials which facilitate, direct or encourage the direct infringement of the '913 patent by others with knowledge thereof. *See, e.g.*, http://global-download.acer.com/GDFiles/Document/User%20Manual/User%20Manual_Acer_1.0_A_A.pdf? acerid=635772874213707151&Step1=TABLET&Step2=ICONIA%20ONE%2010&Step3=B3-A10&OS=ALL&LC=en&BC=ACER&SC=PA_6#_ga=1.186723368.1061643970.1447434622 (at page 21).

40.     Defendants have contributorily infringed the '913 patent in violation of 35 U.S.C. § 271, without limitation, by offering to sell, selling, or importing the devices referenced in paragraph 38 with knowledge that they include or constitute a material part of the inventions claimed in the '913 patent and/or are especially made or adapted for use by others, including consumers or end users, to infringe the '913 patent, and are not staple articles or commodities of commerce suitable for substantial, non-infringing use.

41.     By reason of Defendants' infringing activities, Plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

42.     Defendants have had actual notice of the '913 patent, and upon information and belief, have known or should have known that their activities outlined in paragraphs 38 to 40 above infringe the '913 patent directly or indirectly.  Defendants have nonetheless continued to engage in their infringing acts.  Accordingly, Defendants' infringement is willful and deliberate, and this case is exceptional under 35 U.S.C. § 285.

**Second Cause of Action: Infringement of U.S. Patent No. 6,690,387**

43.      Philips repeats and incorporates by reference each and every allegation of paragraphs 1 through 35 of this Complaint, as though set forth here in their entirety.

44.      Philips is the sole owner of the entire right, title, and interest in and to the '387 patent, including the right to sue and recover for any and all infringements thereof.

45.      Defendants are directly infringing, either literally or under the doctrine of equivalents, the '387 patent by making, using, selling, and/or offering to sell within the United States, and/or importing into the United States, the Accused Devices, including but not limited to, for example, the Iconia Tab, Iconia A, Iconia One, Iconia A1, Iconia W, Liquid, Liquid E2, Liquid Jade, Chromebook, One, Aspire, and Aspire Switch families of devices, which embody and/or practice at least one claim of the '387 patent in violation of 35 U.S.C. § 271.  For example, claim 9 of the '387 patent is directed to a method of controlling the scroll-like display of data on an electronic display screen in response to a user's finger.  The Accused Devices embody the claimed invention, without limitation, through pre-loaded touch screen control functionality which performs each of the steps of at least claim 9 of the '387 patent, either literally or under the doctrine of equivalents, to enable control of the scroll-like display of data in response to user finger input.

46.      Defendants are also indirectly infringing the '387 patent at least by virtue of their inducement of direct infringement of the '387 patent by customers, end users, and others who use Defendants' devices referenced in paragraph 45.  Defendants have induced, and continue to induce, others to infringe the '387 patent in violation of 35 U.S.C. § 271, by taking active steps to encourage and facilitate others' direct infringement of the '387 patent with knowledge or willful blindness of that infringement.  Upon information and belief, these affirmative acts

-11-

include, without limitation, advertising, marketing, promoting, offering for sale and/or selling the

above-referenced devices, pre-loaded with software containing infringing functionality, to

consumers, customers, manufacturers, distributers, resellers, partners, and/or end users, and

providing instructions, user manuals, advertising, and/or marketing materials which facilitate,

direct or encourage the direct infringement of the '387 patent by others with knowledge thereof.

*See, e.g.*, http://global-

download.acer.com/GDFiles/Document/User%20Manual/User%20Manual_Acer_1.0_A_A.pdf?

acerid=635772874213707151&Step1=TABLET&Step2=ICONIA%20ONE%2010&Step3=B3-

A10&OS=ALL&LC=en&BC=ACER&SC=PA_6#_ga=1.186723368.1061643970.1447434622

(at page 10).

47.     Defendants have contributorily infringed the '387 patent in violation of 35 U.S.C.

§ 271, without limitation, by offering to sell, selling, or importing the devices referenced in

paragraph 45 with knowledge that they include or constitute a material part of the inventions

claimed in the '387 patent and/or are especially made or adapted for use by others, including

consumers or end users, to infringe the '387 patent, and are not staple articles or commodities of

commerce suitable for substantial, non-infringing use.

48.     By reason of Defendants' infringing activities, Plaintiffs have suffered, and will

continue to suffer, substantial damages in an amount to be determined at trial.

49.     Defendants have had actual notice of the '387 patent, and upon information and

belief, have known or should have known that their activities outlined in paragraphs 45 to 47

above infringe the '387 patent directly or indirectly.  Defendants have nonetheless continued to

engage in their infringing acts.  Accordingly, Defendants' infringement is willful and deliberate,

and this case is exceptional under 35 U.S.C. § 285.

## Third Cause of Action: Infringement of U.S. Patent No. 7,184,064

50.     Philips repeats and incorporates by reference each and every allegation of paragraphs 1 through 35 of this Complaint, as though set forth here in their entirety.

51.     Philips is the sole owner of the entire right, title, and interest in and to the '064 patent, including the right to sue and recover for any and all infringements thereof.

52.     Defendants are directly infringing, either literally or under the doctrine of equivalents, the '064 patent by making, using, selling, and/or offering to sell within the United States, and/or importing into the United States, the Accused Devices, including but not limited to, for example, the Iconia Tab, Iconia A, Iconia One, Iconia A1, Iconia W, Liquid, Liquid E2, Liquid Jade, Chromebook, One, Aspire, and Aspire Switch families of devices, which embody and/or practice at least one claim of the '064 patent in violation of 35 U.S.C. § 271.  For example, claim 1 of the '064 patent is directed to a touch screen image scrolling system that controls scrolling of data in response to a user's finger. The Accused Devices embody the claimed invention, without limitation, through pre-loaded touch screen control functionality which embodies each of the elements of at least claim 1 of the '064 patent, either literally or under the doctrine of equivalents, to enable control of data scrolling in response to user finger input.

53.     Defendants are also indirectly infringing the '064 patent at least by virtue of their inducement of direct infringement of the '064 patent by customers, end users, and others who use Defendants' devices referenced in paragraph 52.  Defendants have induced, and continue to induce, others to infringe the '064 patent in violation of 35 U.S.C. § 271, by taking active steps to encourage and facilitate others' direct infringement of the '064 patent with knowledge or willful blindness of that infringement.  Upon information and belief, these affirmative acts

-13-

include, without limitation, advertising, marketing, promoting, offering for sale and/or selling the

above-referenced devices, pre-loaded with software containing infringing functionality, to

consumers, customers, manufacturers, distributers, resellers, partners, and/or end users, and

providing instructions, user manuals, advertising, and/or marketing materials which facilitate,

direct or encourage the direct infringement of the '064 patent by others with knowledge thereof.

*See, e.g.*, http://global-

download.acer.com/GDFiles/Document/User%20Manual/User%20Manual_Acer_1.0_A_A.pdf?

acerid=635772874213707151&Step1=TABLET&Step2=ICONIA%20ONE%2010&Step3=B3-

A10&OS=ALL&LC=en&BC=ACER&SC=PA_6#_ga=1.186723368.1061643970.1447434622

(at page 10).

54.     Defendants have contributorily infringed the '064 patent in violation of 35 U.S.C.

§ 271, without limitation, by offering to sell, selling, or importing the devices referenced in

paragraph 52 with knowledge that they include or constitute a material part of the inventions

claimed in the '064 patent and/or are especially made or adapted for use by others, including

consumers or end users, to infringe the '064 patent, and are not staple articles or commodities of

commerce suitable for substantial, non-infringing use.

55.     By reason of Defendants' infringing activities, Plaintiffs have suffered, and will

continue to suffer, substantial damages in an amount to be determined at trial.

56.     Defendants have had actual notice of the '064 patent, and upon information and

belief, have known or should have known that their activities outlined in paragraphs 52 to 54

above infringe the '064 patent directly or indirectly.  Defendants have nonetheless continued to

engage in their infringing acts.  Accordingly, Defendants' infringement is willful and deliberate,

and this case is exceptional under 35 U.S.C. § 285.

**Fourth Cause of Action: Infringement of U.S. Patent No. 7,529,806**

57.     Philips repeats and incorporates by reference each and every allegation of paragraphs 1 through 35 of this Complaint, as though set forth here in their entirety.

58.     Philips is the sole owner of the entire right, title, and interest in and to the '806 patent, including the right to sue and recover for any and all infringements thereof.

59.     Defendants are directly infringing, either literally or under the doctrine of equivalents, the '806 patent by making, using, selling, and/or offering to sell within the United States, and/or importing into the United States, the Accused Devices, including but not limited to, for example, the Acer Iconia Tab A500 and Acer Liquid E2, which support MPEG-DASH (Dynamic Adaptive Streaming over HTTP) and/or HTTP Live Streaming or otherwise embody and/or practice at least one claim of the '806 patent in violation of 35 U.S.C. § 271.  For example, claim 12 of the '806 patent is directed to a client device for forming a media presentation from multiple related files stored on server computers within a computer network. The Accused Devices include media presentation functionality which, for example, supports MPEG-DASH and/or HTTP Live Streaming to stream content, and which embodies each of the elements of at least claim 12 of the '806 patent, either literally or under the doctrine of equivalents.

60.     Defendants are also indirectly infringing the '806 patent at least by virtue of their inducement of direct infringement of the '806 patent by customers, end users, and others who use Defendants' devices referenced in paragraph 59.  Defendants have induced, and continue to induce, others to infringe the '806 patent in violation of 35 U.S.C. § 271, by taking active steps to encourage and facilitate others' direct infringement of the '806 patent with knowledge or willful blindness of that infringement.  Upon information and belief, these affirmative acts

-15-

include, without limitation, advertising, marketing, promoting, offering for sale and/or selling the above-referenced devices, pre-loaded with software containing infringing functionality, to consumers, customers, manufacturers, distributers, resellers, partners, and/or end users, and providing instructions, user manuals, advertising, and/or marketing materials which facilitate, direct or encourage the direct infringement of the '806 patent by others with knowledge thereof. *See, e.g.*, http://global-download.acer.com/GDFiles/Document/User%20Manual/User%20Manual_Acer_1.0_A_A.pdf?acerid=634558081604921091&Step1=TABLET&Step2=ICONIA%20A&Step3=A500&OS=ALL&LC=en&BC=ACER&SC=PA_6#_ga=1.128157708.1061643970.1447434622 (at page 29).

61.     Defendants have contributorily infringed the '806 patent in violation of 35 U.S.C. § 271, without limitation, by offering to sell, selling, or importing the devices referenced in paragraph 59 with knowledge that they include or constitute a material part of the inventions claimed in the '806 patent and/or are especially made or adapted for use by others, including consumers or end users, to infringe the '806 patent, and are not staple articles or commodities of commerce suitable for substantial, non-infringing use.

62.     By reason of Defendants' infringing activities, Plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

63.     Defendants have had actual notice of the '806 patent, and upon information and belief, have known or should have known that their activities outlined in paragraphs 59 to 61 above infringe the '806 patent directly or indirectly.  Defendants have nonetheless continued to engage in their infringing acts.  Accordingly, Defendants' infringement is willful and deliberate, and this case is exceptional under 35 U.S.C. § 285.

**Fifth Cause of Action: Infringement of U.S. Patent No. 5,910,797**

64.     Philips repeats and incorporates by reference each and every allegation of paragraphs 1 through 35 of this Complaint, as though set forth here in their entirety.

65.     Philips is the sole owner of the entire right, title, and interest in and to the '797 patent, including the right to sue and recover for any and all infringements thereof.

66.     Defendants are directly infringing, either literally or under the doctrine of equivalents, the '797 patent by making, using, selling, and/or offering to sell within the United States, and/or importing into the United States, the Accused Devices, including but not limited to, for example, the Iconia Tab, Iconia A, Iconia One, Iconia A1, Iconia W, Liquid, Liquid E2, and Liquid Jade families of devices, which embody and/or practice at least one claim of the '797 patent in violation of 35 U.S.C. § 271.  For example, claim 6 of the '797 patent is directed to a manipulatable apparatus for displaying objects and for imparting an acceleration based motion pattern, wherein the motion is non-uniform in time under control of a static orientation of the screen.  The Accused Devices embody the claimed invention, without limitation, through pre-loaded screen orientation functionality and/or pre-loaded game applications which embody each of the elements of at least claim 6 of the '797 patent, either literally or under the doctrine of equivalents.

67.     Defendants are also indirectly infringing the '797 patent at least by virtue of their inducement of direct infringement of the '797 patent by customers, end users, and others who use Defendants' devices referenced in paragraph 66.  Defendants have induced, and continue to induce, others to infringe the '797 patent in violation of 35 U.S.C. § 271, by taking active steps to encourage and facilitate others' direct infringement of the '797 patent with knowledge or willful blindness of that infringement.  Upon information and belief, these affirmative acts

-17-

include, without limitation, advertising, marketing, promoting, offering for sale and/or selling the

above-referenced devices, pre-loaded with software containing infringing functionality, to

consumers, customers, manufacturers, distributers, resellers, partners, and/or end users, and

providing instructions, user manuals, advertising, and/or marketing materials which facilitate,

direct or encourage the direct infringement of the '797 patent by others with knowledge thereof.

*See, e.g.*, http://global-

download.acer.com/GDFiles/Document/User%20Manual/User%20Manual_Acer_1.0_A_A.pdf?

acerid=635772874213707151&Step1=TABLET&Step2=ICONIA%20ONE%2010&Step3=B3-

A10&OS=ALL&LC=en&BC=ACER&SC=PA_6#_ga=1.186723368.1061643970.1447434622

(at page 46).

68.     Defendants have contributorily infringed the '797 patent in violation of 35 U.S.C.

§ 271, without limitation, by offering to sell, selling, or importing the devices referenced in

paragraph 66 with knowledge that they include or constitute a material part of the inventions

claimed in the '797 patent and/or are especially made or adapted for use by others, including

consumers or end users, to infringe the '797 patent, and are not staple articles or commodities of

commerce suitable for substantial, non-infringing use.

69.     By reason of Defendants' infringing activities, Plaintiffs have suffered, and will

continue to suffer, substantial damages in an amount to be determined at trial.

70.     Defendants have had actual notice of the '797 patent, and upon information and

belief, have known or should have known that their activities outlined in paragraphs 66 to 68

above infringe the '797 patent directly or indirectly.  Defendants have nonetheless continued to

engage in their infringing acts.  Accordingly, Defendants' infringement is willful and deliberate,

and this case is exceptional under 35 U.S.C. § 285.

**Sixth Cause of Action: Infringement of U.S. Patent No. 6,522,695**

71.     Philips repeats and incorporates by reference each and every allegation of paragraphs 1 through 35 of this Complaint, as though set forth here in their entirety.

72.     Philips is the sole owner of the entire right, title, and interest in and to the '695 patent, including the right to sue and recover for any and all infringements thereof.

73.     Defendants are directly infringing, either literally or under the doctrine of equivalents, the '695 patent by making, using, selling, and/or offering to sell within the United States, and/or importing into the United States, the Accused Devices, including but not limited to, for example, the Acer Liquid E2, Acer Liquid Jade Z, and Acer Iconia One 8, which include functionality that supports FLAC (Free Lossless Audio Codec) or otherwise embody and/or practice each element of at least one claim of the '695 patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.  For example, claim 14 of the '695 patent is directed to a receiver that receives a composite signal from a transmission medium, and plays back a decoded or non-decoded digital information signal derived depending on the coding used in the signal received via the transmission medium. The Accused Devices embody the claimed invention, without limitation, through pre-loaded functionality which supports the playback of FLAC audio and which embodies each element of claim 14, either literally or under the doctrine of equivalents.

74.     Defendants are also indirectly infringing the '695 patent at least by virtue of their inducement of direct infringement of the '695 patent by customers, end users, and others who use Defendants' devices referenced in paragraph 73.  Defendants have induced, and continue to induce, others to infringe the '695 patent in violation of 35 U.S.C. § 271, by taking active steps to encourage and facilitate others' direct infringement of the '695 patent with knowledge or

-19-

willful blindness of that infringement.  Upon information and belief, these affirmative acts include, without limitation, advertising, marketing, promoting, offering for sale and/or selling the above-referenced devices, pre-loaded with software containing infringing functionality, to consumers, customers, manufacturers, distributers, resellers, partners, and/or end users, and providing instructions, user manuals, advertising, and/or marketing materials which facilitate, direct or encourage the direct infringement of the '695 patent by others with knowledge thereof. *See, e.g.*, http://global-download.acer.com/GDFiles/Document/User%20Manual/User%20Manual_Acer_1.0_A_A.pdf?acerid=635640820084660865&Step1=SMARTPHONE&Step2=LIQUID%20JADE%20Z&Step3=S57&OS=ALL&LC=en&BC=ACER&SC=PA_6#_ga=1.198799023.1061643970.1447434622 (at page 83).

75.     Defendants have contributorily infringed the '695 patent in violation of 35 U.S.C. § 271, without limitation, by offering to sell, selling, or importing the devices referenced in paragraph 73 with knowledge that they include or constitute a material part of the inventions claimed in the '695 patent and/or are especially made or adapted for use by others, including consumers or end users, to infringe the '695 patent, and are not staple articles or commodities of commerce suitable for substantial, non-infringing use.

76.     By reason of Defendants' infringing activities, Plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

77.     Defendants have had actual notice of the '695 patent, and upon information and belief, have known or should have known that their activities outlined in paragraphs 73 to 75 above infringe the '695 patent directly or indirectly.  Defendants have nonetheless continued to engage in their infringing acts.  Accordingly, Defendants' infringement is willful and deliberate, and this case is exceptional under 35 U.S.C. § 285.

**Seventh Cause of Action: Infringement of U.S. Patent No. RE 44,006**

78.     Philips repeats and incorporates by reference each and every allegation of paragraphs 1 through 35 of this Complaint, as though set forth here in their entirety.

79.     Philips is the sole owner of the entire right, title, and interest in and to the '006 patent, including the right to sue and recover for any and all infringements thereof.

80.     Defendants are directly infringing, either literally or under the doctrine of equivalents, the '006 patent by making, using, selling, and/or offering to sell within the United States, and/or importing into the United States, the Accused Devices, including but not limited to, for example, the Acer Iconia One 8, and other devices running Android 5.0 or higher, which embody and/or practice at least one claim of the '006 patent in violation of 35 U.S.C. § 271.  For example, claim 1 of the '006 patent is directed to a device that allows for the display of a rotating elliptical menu comprising a plurality of menu options.  The Accused Devices embody the claimed invention, without limitation, through pre-loaded functionality which allows for switching between recently opened applications ("apps") displayed in a rotatable elliptical arrangement, and which embodies each of the elements of at least claim 1 of the '006 patent, either literally or under the doctrine of equivalents.

81.     Defendants are also indirectly infringing the '006 patent at least by virtue of their inducement of direct infringement of the '006 patent by customers, end users, and others who

-21-

use Defendants' devices referenced in paragraph 80.  Defendants have induced, and continue to induce, others to infringe the '006 patent in violation of 35 U.S.C. § 271, by taking active steps to encourage and facilitate others' direct infringement of the '006 patent with knowledge or willful blindness of that infringement.  Upon information and belief, these affirmative acts include, without limitation, advertising, marketing, promoting, offering for sale and/or selling the above-referenced devices, pre-loaded with software containing infringing functionality, to consumers, customers, manufacturers, distributers, resellers, partners, and/or end users, and providing instructions, user manuals, advertising, and/or marketing materials which facilitate, direct or encourage the direct infringement of the '006 patent by others with knowledge thereof. *See, e.g.*, http://global-download.acer.com/GDFiles/Document/User%20Manual/User%20Manual_Acer_1.0_A_A.pdf?acerid=635727157400554340&Step1=TABLET&Step2=ICONIA%20ONE%208&Step3=B1-830&OS=ALL&LC=en&BC=ACER&SC=PA_6#_ga=1.159131450.1061643970.1447434622 (at page 12).

82.     Defendants have contributorily infringed the '006 patent in violation of 35 U.S.C. § 271, without limitation, by offering to sell, selling, or importing the devices referenced in paragraph 80 with knowledge that they include or constitute a material part of the inventions claimed in the '006 patent and/or are especially made or adapted for use by others, including consumers or end users, to infringe the '006 patent, and are not staple articles or commodities of commerce suitable for substantial, non-infringing use.

83.     By reason of Defendants' infringing activities, Plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

ME1 21677396v.1

84.     Defendants have had actual notice of the '006 patent, and upon information and belief, have known or should have known that their activities outlined in paragraphs 80 to 82 above infringe the '006 patent directly or indirectly.  Defendants have nonetheless continued to engage in their infringing acts.  Accordingly, Defendants' infringement is willful and deliberate, and this case is exceptional under 35 U.S.C. § 285.

### Eighth Cause of Action: Infringement of U.S. Patent No. 8,543,819

85.     Philips repeats and incorporates by reference each and every allegation of paragraphs 1 through 35 of this Complaint, as though set forth here in their entirety.

86.     Philips is the sole owner of the entire right, title, and interest in and to the '819 patent, including the right to sue and recover for any and all infringements thereof.

87.     Defendants are directly infringing, either literally or under the doctrine of equivalents, the '819 patent by making, using, selling, and/or offering to sell within the United States, and/or importing into the United States, the Accused Devices, including but not limited to, for example, the Acer Aspire V 13 and Acer Aspire Switch 11 families of devices, which support HDCP 2.0 or higher or otherwise embody and/or practice at least one claim of the '819 patent in violation of 35 U.S.C. § 271.  For example, claim 1 of the '819 patent is directed to a method for determining whether data stored on a first communication device can be accessed by a second communication device by performing secure authenticated distance measurement.  The Accused Devices embody the claimed invention, without limitation, by including pre-loaded functionality which supports technology for streaming multimedia between devices, including Miracast and/or MHL, which performs each of the steps of at least claim 1 of the '819 patent, either literally or under the doctrine of equivalents.  Upon information and belief, Miracast

-23-

and/or MHL technology uses HDCP 2.0 or higher to perform secure authenticated distance measurement.

88.     Defendants are also indirectly infringing the '819 patent at least by virtue of their inducement of direct infringement of the '819 patent by customers, end users, and others who use Defendants' devices referenced in paragraph 87.  Defendants have induced, and continue to induce, others to infringe the '819 patent in violation of 35 U.S.C. § 271, by taking active steps to encourage and facilitate others' direct infringement of the '819 patent with knowledge or willful blindness of that infringement.  Upon information and belief, these affirmative acts include, without limitation, advertising, marketing, promoting, offering for sale and/or selling the above-referenced devices, pre-loaded with software containing infringing functionality, to consumers, customers, manufacturers, distributers, resellers, partners, and/or end users, and providing instructions, user manuals, advertising, and/or marketing materials which facilitate, direct or encourage the direct infringement of the '819 patent by others with knowledge thereof.

89.     Defendants have contributorily infringed the '819 patent in violation of 35 U.S.C. § 271, without limitation, by offering to sell, selling, or importing the devices referenced in paragraph 87 with knowledge that they include or constitute a material part of the inventions claimed in the '819 patent and/or are especially made or adapted for use by others, including consumers or end users, to infringe the '819 patent, and are not staple articles or commodities of commerce suitable for substantial, non-infringing use.

90.     By reason of Defendants' infringing activities, Plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

91.    Defendants have had actual notice of the '819 patent, and upon information and belief, have known or should have known that their activities outlined in paragraphs 87 to 89 above infringe the '819 patent directly or indirectly.  Defendants have nonetheless continued to engage in their infringing acts.  Accordingly, Defendants' infringement is willful and deliberate, and this case is exceptional under 35 U.S.C. § 285.

### Ninth Cause of Action: Infringement of U.S. Patent No. 6,772,114

92.    Philips repeats and incorporates by reference each and every allegation of paragraphs 1 through 35 of this Complaint, as though set forth here in their entirety.

93.    Philips is the sole owner of the entire right, title, and interest in and to the '114 patent, including the right to sue and recover for any and all infringements thereof.

94.    Defendants are directly infringing, either literally or under the doctrine of equivalents, the '114 patent by making, using, selling, and/or offering to sell within the United States, and/or importing into the United States, the Accused Devices, including but not limited to, for example, the Acer Iconia Tab A500, Acer Iconia One 10, Acer Iconia One 8, and Acer Liquid E2, which support AMR-WB (Adaptive Multi-Rate Wideband) standard 3GPP TS 26.190 or otherwise embody and/or practice each element of at least one claim of the '114 patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.  For example, claim 20 of the '114 patent is directed to a receiver that reconstructs a signal by separately processing the low frequency and high frequency components of the signal that it receives before combining the processed signals.  The Accused Devices embody the claimed invention, without limitation, through pre-loaded functionality which supports the AMR-WB standard 3GPP TS 26.190 and which embodies each element of at least claim 20, either literally or under the doctrine of equivalents.

-25-

95.     Defendants are also indirectly infringing the '114 patent at least by virtue of their inducement of direct infringement of the '114 patent by customers, end users, and others who use Defendants' devices referenced in paragraph 94.  Defendants have induced, and continue to induce, others to infringe the '114 patent in violation of 35 U.S.C. § 271, by taking active steps to encourage and facilitate others' direct infringement of the '114 patent with knowledge or willful blindness of that infringement.  Upon information and belief, these affirmative acts include, without limitation, advertising, marketing, promoting, offering for sale and/or selling the above-referenced devices, pre-loaded with software containing infringing functionality, to consumers, customers, manufacturers, distributers, resellers, partners, and/or end users, and providing instructions, user manuals, advertising, and/or marketing materials which facilitate, direct or encourage the direct infringement of the '114 patent by others with knowledge thereof. *See, e.g.*, http://global-download.acer.com/GDFiles/Document/User%20Manual/User%20Manual_Acer_1.0_A_A.pdf?acerid=635727157400554340&Step1=TABLET&Step2=ICONIA%20ONE%208&Step3=B1-830&OS=ALL&LC=en&BC=ACER&SC=PA_6#_ga=1.186876584.1061643970.1447434622 (at page 50).

96.     Defendants have contributorily infringed the '114 patent in violation of 35 U.S.C. § 271, without limitation, by offering to sell, selling, or importing the devices referenced in paragraph 94 with knowledge that they include or constitute a material part of the inventions claimed in the '114 patent and/or are especially made or adapted for use by others, including consumers or end users, to infringe the '114 patent, and are not staple articles or commodities of commerce suitable for substantial, non-infringing use.

97.     By reason of Defendants' infringing activities, Plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

98.     Defendants have had actual notice of the '114 patent, and upon information and belief, have known or should have known that their activities outlined in paragraphs 94 to 96 above infringe the '114 patent directly or indirectly.  Defendants have nonetheless continued to engage in their infringing acts.  Accordingly, Defendants' infringement is willful and deliberate, and this case is exceptional under 35 U.S.C. § 285.

### Tenth Cause of Action: Infringement of U.S. Patent No. RE 43,564

99.     Philips repeats and incorporates by reference each and every allegation of paragraphs 1 through 35 of this Complaint, as though set forth here in their entirety.

100.    Philips is the sole owner of the entire right, title, and interest in and to the '564 patent, including the right to sue and recover for any and all infringements thereof.

101.    Defendants are directly infringing, either literally or under the doctrine of equivalents, the '564 patent by making, using, selling, and/or offering to sell within the United States, and/or importing into the United States, the Accused Devices, including but not limited to, for example, the Iconia Tab, Iconia A, Iconia One, Iconia A1, Iconia W, Liquid, Liquid E2, Liquid Jade, Chromebook, One, Aspire, and Aspire Switch families of devices, which embody and/or practice at least one claim of the '564 patent in violation of 35 U.S.C. § 271.  For example, claim 1 of the '564 patent is directed to a handheld communication device for rendering a touch selected portion on a display at a larger second scale, thereby facilitating a selection of a feature.  The Accused Devices embody the claimed invention, without limitation, through pre-loaded touch zooming functionality, which embodies each element of at least claim

-27-

1, either literally or under the doctrine of equivalents, to enable rendering a touch selected potion of a display at a larger second scale.

102.    Defendants are also indirectly infringing the '564 patent at least by virtue of their inducement of direct infringement of the '564 patent by customers, end users, and others who use Defendants' devices referenced in paragraph 101.  Defendants have induced, and continue to induce, others to infringe the '564 patent in violation of 35 U.S.C. § 271, by taking active steps to encourage and facilitate others' direct infringement of the '564 patent with knowledge or willful blindness of that infringement.  Upon information and belief, these affirmative acts include, without limitation, advertising, marketing, promoting, offering for sale and/or selling the above-referenced devices, pre-loaded with software containing infringing functionality, to consumers, customers, manufacturers, distributers, resellers, partners, and/or end users, and providing instructions, user manuals, advertising, and/or marketing materials which facilitate, direct or encourage the direct infringement of the '564 patent by others with knowledge thereof. *See, e.g.*, http://global-download.acer.com/GDFiles/Document/User%20Manual/User%20Manual_Acer_1.0_A_A.pdf? acerid=634558081604921091&Step1=TABLET&Step2=ICONIA%20A&Step3=A500&OS=AL L&LC=en&BC=ACER&SC=PA_6#_ga=1.234807704.700009369.1441025746 (at page 28); http://us.acer.com/ac/en/US/press/2013/72521.

103.    Defendants have contributorily infringed the '564 patent in violation of 35 U.S.C. § 271, without limitation, by offering to sell, selling, or importing the devices referenced in paragraph 101 with knowledge that they include or constitute a material part of the inventions claimed in the '564 patent and/or are especially made or adapted for use by others, including

consumers or end users, to infringe the '564 patent, and are not staple articles or commodities of commerce suitable for substantial, non-infringing use.

104.    By reason of Defendants' infringing activities, Plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

105.    Defendants have had actual notice of the '564 patent, and upon information and belief, have known or should have known that their activities outlined in paragraphs 101 to 103 above infringe the '564 patent directly or indirectly.  Defendants have nonetheless continued to engage in their infringing acts.  Accordingly, Defendants' infringement is willful and deliberate, and this case is exceptional under 35 U.S.C. § 285.

### Prayer for Relief

WHEREFORE, Plaintiffs respectfully request the Court to enter judgment as follows:

A.    That Defendants have directly infringed, indirectly infringed, and induced others to infringe the patents-in-suit;

B.    That Defendants be ordered to pay damages adequate to compensate Plaintiffs for Defendants' infringement of the patents-in-suit, but in no event less than a reasonable royalty, together with prejudgment and post-judgment interest thereon;

C.    That Defendants' infringement is deliberate and willful and that Defendants be ordered to pay treble damages under 35 U.S.C. § 284;

D.    That this is an exceptional case under 35 U.S.C. § 285 and that Plaintiffs be awarded its reasonable attorneys' fees, costs, and expenses; and

E.    That Plaintiffs be granted such other and additional relief as the Court deems just and proper.

ME1 21677396v.1

**<u>Jury Demand</u>**

Plaintiffs hereby demand a jury trial as to all issues so triable.

Dated: December 18, 2015        MCCARTER & ENGLISH, LLP

        <u>/s/ Daniel M. Silver</u>

Of Counsel:        Michael P. Kelly (#2295)
        Daniel M. Silver (#4758)
Michael P. Sandonato        Benjamin A. Smyth (#5528)
John D. Carlin        Renaissance Centre
FITZPATRICK, CELLA, HARPER &        405 N. King Street, 8th Floor
SCINTO        Wilmington, Delaware 19801
1290 Avenue of the Americas        (302) 984-6300
New York, New York 10104-3800        mkelly@mccarter.com
Tel: (212) 218-2100        dsilver@mccarter.com
Fax: (212) 218-2200        bsmyth@mccarter.com
msandonato@fchs.com,
jcarlin@fchs.com        *Attorneys for Plaintiffs*

ME1 21677396v.1