## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KONINKLIJKE PHILIPS N.V., <br> U.S. PHILIPS CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> ASUSTEK COMPUTER INC., <br> ASUS COMPUTER INTERNATIONAL, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 15-1125-GMS <br><br> JURY TRIAL DEMANDED |
| KONINKLIJKE PHILIPS N.V., <br> U.S. PHILIPS CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> HTC CORP., <br> HTC AMERICA, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 15-1126-GMS <br><br> JURY TRIAL DEMANDED |
| KONINKLIJKE PHILIPS N.V., <br> U.S. PHILIPS CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> VISUAL LAND, INC. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 15-1127-GMS <br><br> JURY TRIAL DEMANDED |

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V., ) <br> U.S. PHILIPS CORPORATION, ) <br>  ) <br> Plaintiffs,  ) <br>  ) <br> v.  ) <br>  ) <br> SOUTHERN TELECOM, INC.,  ) <br>  ) <br>  ) <br> Defendant.  ) <br>  ) | C.A. No. 15-1128-GMS <br><br> JURY TRIAL DEMANDED |
| KONINKLIJKE PHILIPS N.V., ) <br> U.S. PHILIPS CORPORATION, ) <br>  ) <br> Plaintiffs,  ) <br>  ) <br> v.  ) <br>  ) <br> DOUBLE POWER TECHNOLOGY, INC., ) <br> ZOWEE MARKETING CO., LTD.,  ) <br> SHENZEN ZOWEE TECHNOLOGY CO., ) <br> LTD.,  ) <br>  ) <br> Defendants.  ) | C.A. No. 15-1130-GMS <br><br> JURY TRIAL DEMANDED |
| KONINKLIJKE PHILIPS N.V., ) <br> U.S. PHILIPS CORPORATION, ) <br>  ) <br> Plaintiffs,  ) <br>  ) <br> v.  ) <br>  ) <br> YIFANG USA, INC. D/B/A E-FUN, INC., ) <br>  ) <br> Defendant.  ) <br>  ) | C.A. No. 15-1131-GMS <br><br> JURY TRIAL DEMANDED |

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V., <br> U.S. PHILIPS CORPORATION, <br>       Plaintiffs, <br>   v. <br> ACER INC., <br> ACER AMERICA CORPORATION, <br>       Defendants. | ) <br> ) <br> ) <br> ) C.A. No. 15-1170-GMS <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) <br> ) <br> ) <br> ) |

**JOINT PROPOSED SCHEDULING ORDER**

This __ day of September 2016, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on September 6, 2016, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

  1. **Initial Disclosures.**  The parties agree that they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) and the Court's Default Standard for Discovery ¶ 3 on or before June 17, 2016.

  2. **Joinder of other Parties and Amendment of Pleadings.**  All motions to join other parties and amend the pleadings shall be filed on or before January 9, 2017, provided however, that the deadline to file motions to amend pleadings on the issues of willfulness and inequitable conduct is March 31, 2017.

  3. **Reliance Upon Advice of Counsel**.  Defendants shall inform plaintiffs whether they intend to rely upon advice of counsel as a defense to willful infringement no later than August 4, 2017.  If defendants elect to rely on advice of counsel as a defense to willful

3

infringement, defendants shall produce any such opinions on which defendants intend to rely to plaintiff no later than August 4, 2017.

        4.     ***Markman* Claim Construction Hearing**.  A *Markman* claim construction hearing shall be held on April 24, 2017 at 9:30 a.m.  The *Markman* hearing is scheduled for a full day and each side shall have an equal amount of time.  The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues.  On or before January 20, 2017, the parties shall submit a Final Joint Claim Chart which shall include citations to intrinsic evidence.  The plaintiffs shall submit to the Court, a Joint Appendix of Intrinsic Evidence (the "Joint Appendix") containing all intrinsic evidence relied upon in the claim construction briefing.  A sample table of contents of the Joint Appendix can be located on this Court's website at www.ded.uscourts.gov.  The Joint Appendix shall be filed within five (5) business days after the parties file their answering claim construction briefs.  The parties shall file opening claim construction briefs on February 17, 2017, and answering claim construction briefs on March 17, 2017.  Briefing will be presented pursuant to the Court's Local Rules.

        5.     **Discovery.**  All fact discovery in this case shall be initiated so that it will be completed on or before September 25, 2017.  Document production shall be substantially complete on or before June 1, 2017.  Opening expert reports on issues on which a party bears the burden of proof shall be served on or before October 20, 2017.  Rebuttal expert reports shall be served on or before November 30, 2017.  Expert Discovery in this case shall be initiated so that it will be completed on or before January 26, 2018.

        a.     **Discovery and Scheduling Matters**:  Should counsel find they are

unable to resolve a discovery[1] or scheduling matter, the party seeking the relief shall contact Chambers at (302) 573-6470 to schedule a telephone conference.  Not less than forty-eight hours prior to the teleconference, the parties shall file with the Court, via electronic means (CM/ECF), a **Joint Letter Agenda,** which is **non-argumentative,** not to exceed two (2) pages outlining the issue(s) in dispute.  A sample letter can be located on this Court's website at www.ded.uscourts.gov.  After the parties have had three (3) discovery teleconferences, they will be required to file a joint letter showing good cause why the Court should permit a fourth discovery teleconference.  Should the Court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the Court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention.  The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**.  The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

      6. **Confidential Information and Papers filed under Seal**.  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court on or before September 16, 2016.  When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

      **If after making a diligent effort the parties are unable to agree on the contents of the**

---

[1] **Unless the court otherwise orders, should counsel be unable to agree on the discovery of paper and electronic documents, the court's "Default Standard for Discovery, Including Discovery of Electronically Stored Information" ("ESI") shall govern.**

5

**joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).**

    7.  **Settlement Conference**.  Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate Judge for the purpose of exploring the possibility of a settlement.  The parties shall wait to be contacted by the assigned United States Magistrate Judge.

    8.  **Summary Judgment Motions**.  Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than February 2, 2018.  Answering letter briefs shall be no longer than five (5) pages and filed with the court no later than February 16, 2018.  Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before February 23, 2018.  If the Court determines that argument is necessary to assist in the resolution of any request to file summary judgment, it shall notify the parties of the date and time on which the Court will conduct a telephone conference to hear such argument. **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 8.**

    9.  **Case Dispositive Motions**. To the extent permitted, all case or issue dispositive motions shall be served and filed within two weeks of the Court's decision to permit the filing of such motions. Briefing will be presented pursuant to the Court's Local Rules. The parties may agree on an alternative briefing schedule. Any such agreement shall be in writing and filed with the Court for the Court's approval. Any request for extensions of time as set forth in this Scheduling Order **must** be accompanied by an explanation or your request will be denied

    10.  **Applications by Motion.**  Except as provided in this Scheduling Order or

for matters relating to scheduling, any application to the Court shall be by written motion filed, via electronic means (CM/ECF).  Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

        11.    **Oral Argument**.  If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to District of Delaware Local Rule 7.1.4.

        12.    **Pretrial Conference**.  On April 10, 2018, beginning at 10:00 a.m., the Court will hold a Trial Planning Conference to determine the scheduling and order of trials.  On June 4, 2018, beginning at 10:00 a.m., the Court will hold a Pretrial Conference with counsel for the first trial.  Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3).  A sample form of Pretrial Order can be located on this Court's website at www.ded.uscourts.gov.  Thirty (30) days before the Joint Proposed Pretrial Order is due, plaintiffs' counsel shall forward to defendants' counsel a draft of the pretrial order containing the information plaintiffs propose to include in the draft.  Defendants' counsel shall, in turn, provide to plaintiffs' counsel any comments on the plaintiffs' draft, as well as the information defendants propose to include in the proposed pretrial order.  **Motions *in limine*[2]: NO MOTIONS *IN LIMINE* SHALL BE FILED**; instead, the parties shall be prepared to address their evidentiary issues at the Pretrial Conference and during trial (before and after the trial day).  The parties shall file with the Court the **joint** Proposed Final Pretrial Order in accordance with the terms and with the information required by the form of Final Pretrial Order, which can be located on this Court's website at www.ded.uscourts.gov on or before May 11, 2018.

---

[2] The parties should simply list, in an Exhibit to be attached to the Pretrial order, the issues under a heading such as "Plaintiff's [name of party] List of Evidentiary Issues It Intends To Raise."

13. **Trial**.  A first trial in these matters is scheduled for a 10 day jury trial beginning at 9:30 a.m. on June 18, 2018.

14. **Scheduling**.  The parties shall contact Chambers, at (302) 573-6470, only in situations where scheduling relief is sought, and only then when ALL participating counsel is on the line for purposes of selecting a new date.

_____

The Honorable Gregory M. Sleet

## **EXHIBIT A PROPOSED DEADLINES AND ADDITIONAL PROVISIONS**

| Date | Event |
|---|---|
| June 17, 2016 | Rule 26(a)(1) Initial Disclosures and Disclosures under the Court's Default Standard for Discovery ¶ 3 |
| June 17, 2016 | Disclosures under the Court's Default Standard for Discovery ¶ 4(a) |
| September 16, 2016 | Protective Order and Order regarding the production of Electronically Stored Information |
| July 22, 2016 | Disclosures under the Court's Default Standard for Discovery ¶ 4(b) |
| August 26, 2016 | Disclosures under the Court's Default Standard for Discovery ¶ 4(c) |
| September 30, 2016 | Disclosures under the Court's Default Standard for Discovery ¶ 4(d) |
| January 9, 2017 / March 31, 2017 | Joinder of parties and amendment of pleadings except inequitable conduct and willfulness / amendment of pleadings on issues of inequitable conduct and willfulness. |
| December 2, 2016 | Exchange proposed terms for claim construction |
| December 23, 2016 | Exchange proposed constructions |
| January 20, 2017 | File Final Joint Claim Chart |
| February 17, 2017 | Opening Claim Construction Briefs |

| Date | Event |
|---|---|
| March 17, 2017 | Answering Claim Construction Briefs |
| Five (5) business days after Answering Claim Construction Briefs | Joint Appendix of Intrinsic Evidence |
| April 24, 2017 | Claim Construction Hearing |
| June 1, 2017 | Document Production Substantially Complete |
| June 29, 2017 | Parties Exchange Privilege Logs |
| July 21, 2017 | Final Infringement Contentions |
| August 4, 2017 | Reliance on advice of counsel; defendants to disclose intent and produce documents and opinions for reliance upon advice of counsel conduct and willfulness |
| August 25, 2017 | Final Invalidity Contentions |
| September 25, 2017 | Close of fact discovery |
| October 20, 2017 | Opening expert reports |
| November 30, 2017 | Rebuttal expert reports |
| January 26, 2018 | Close of expert discovery |

ME1 23302804v.1

| Date | Event |
|---|---|
| February 2, 2018 | Opening summary judgment letter briefs seeking permission to file summary judgment motions |
| February 16, 2018 | Answering letter briefs seeking permission to file summary judgment motions |
| February 23, 2018 | Reply letter briefs seeking permission to file summary judgment motions |
| 14 days after order | Summary Judgment – opening briefs (if allowed by the Court) |
| By Local Rule | Summary Judgment – answering briefs |
| By Local Rule | Summary Judgment – reply briefs |
| April 10, 2018 | Trial Planning Conference |
| May 11, 2018 | First Pretrial Order |
| June 4, 2018 | First Pretrial Conference |
| June 18, 2018 | First Trial |

**Discovery Limits**

The limits on discovery agreed upon by the parties in the May 13, 2016 Joint Status Report shall control, provided however, that:

- Plaintiffs shall be permitted to take up to 100 hours of depositions of each of the Acer, Asus and HTC Defendant Groups;

- Plaintiffs shall be permitted to take up to 70 hours of depositions of each of the Southern Telecom, Double Power, Visual Land and YiFang Defendant Groups;

- Defendants collectively shall be permitted to take up to 450 hours of depositions of Plaintiffs and inventors;

- Plaintiffs and Defendants collectively shall each be permitted to take up to 50 hours of third-party depositions;

- Plaintiffs may serve up to 20 individual interrogatories on each Defendant Group and 5 additional interrogatories, the latter of which will each be served on each Defendant Group on the same day and which will seek substantially similar information from each Defendant Group; and

- Each Defendant group may serve up to 15 individual interrogatories on Plaintiffs, and Defendants collectively may serve up to 10 joint interrogatories on Plaintiffs.

**Protocol for Case Narrowing**

The parties are expected to use best efforts to narrow the number of claims and asserted prior art references throughout the pendency of this litigation. No later than fourteen (14) days after service of Defendants' invalidity contentions under paragraph 4(d) of the Court's Default Standard for Discovery, the parties shall meet and confer to discuss whether a procedure for imposing post-Markman limits on the number of patent claims asserted by plaintiffs and the

number of prior art references relied on by defendants is necessary and, if so, what an appropriate procedure would be.  If the parties are unable to agree upon either the need for or the nature of a stipulated procedure for limiting the number of asserted claims and the number of prior art references within twenty-eight (28) days after service of Defendants' invalidity contentions, the parties may submit their dispute to the Court in accordance with the Court's discovery dispute procedure set forth above.

ME1 23302804v.1