IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KONINKLIJKE PHILIPS N.V. and U.S. PHILIPS CORPORATION, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 15-1170 (GMS) |
| ACER INC. and ACER AMERICA CORPORATION, | ) ) ) ) | |
| Defendants. | ) | |

**OPENING BRIEF IN SUPPORT OF ACER INC. AND ACER AMERICA
CORPORATION'S MOTION FOR JUDGMENT ON THE PLEADINGS**

OF COUNSEL:

Matthew Warren
Patrick Shields
Brian Wikner
Erika Mayo
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, CA  94114
(415) 895-2940

Kai Tseng
Hsiang ("James") H. Lin
Craig Kaufman
TECHKNOWLEDGE LAW GROUP LLP
100 Marine Parkway, Suite 200
Redwood Shores, CA  94065
(650) 517-5200

Michael J. Newton
Derek Neilson
Michael Lee
ALSTON & BIRD LLP
2828 N. Harwood Street, Suite 1800
Dallas, TX  75201
(214) 922-3400


December 23, 2016

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Rodger D. Smith II (#3778)
Eleanor G. Tennyson (#5812)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@mnat.com
etennyson@mnat.com

*Attorneys for Defendants*

Patrick J. Flinn
ALSTON & BIRD LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA  30309
(404) 881-7000

Xavier M. Brandwajn
ALSTON & BIRD LLP
1950 University Avenue, 5th Floor
East Palo Alto, CA  94303
(650) 838-2000

Ross R. Barton
ALSTON & BIRD LLP
101 South Tyron Street, Suite 4000
Charlotte, NC  28280
(704) 444-1000

<u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ..................................................................................................... ii

NATURE AND STAGE OF THE PROCEEDINGS ...................................................................1

SUMMARY OF ARGUMENT ...................................................................................................2

STATEMENT OF FACTS ...........................................................................................................3

      I.    Philips Broadened the Claims of the RE'564 Patent Through
            Reissue ............................................................................................................3

            A.    Following a Series of Rejections During Prosecution of the
                   '203 Patent, Philips Limited Its Claims to Zooming
                   Centered Around the Touch Screen ..............................................................3

            B.    During the RE'564 Reissue Proceeding, Philips Broadened
                   the Claims to Cover Zooming Centered Around Any
                   Location on the Touch Screen .......................................................................5

      II.   The Patent Office Issued the '797 Patent With Errors in the Claims ....................5

LEGAL STANDARD ....................................................................................................................6

ARGUMENT .................................................................................................................................8

      I.    The Asserted Claims of the RE'564 Patent Are Unenforceable
            Because Philips Improperly Broadened Them During Reissue............................8

            A.    35 U.S.C. § 251 Prohibits Any Broadening Reissue Filed
                   More Than Two Years After Grant of the Original Patent .........................8

             B.    Philips Improperly Broadened the '203 Patent Through
                     Reissue, Invalidating the RE'564 Patent ....................................................9

      II.   Philips Cannot Assert the '797 Patent Because the Claims Issued
             with Material Errors that Philips Has Failed to Correct .......................................11

            A.    Claim 1 is Unenforceable Under Federal Circuit Precedent
                     Barring Patentees From Asserting Uncorrected Claims
                     Omitting Material Limitations ....................................................................11

             B.    Only the Patent Office Can Correct This Error .........................................13

CONCLUSION ..............................................................................................................................14

TABLE OF AUTHORITIES

Page(s)

**Cases**

*AIA Eng'g Ltd. v. Magotteaux Int'l*,
  657 F.3d 1264 (Fed. Cir. 2011)............................................................................8

*ArcelorMittal France v. AK Steel Corp.*,
  786 F.3d 885 (Fed. Cir. 2015).........................................................................2, 8

*Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*,
  345 F.3d 1318 (Fed. Cir. 2003)..........................................................................13

*AstraZeneca Pharms. LP v. Apotex Corp.*,
  669 F.3d 1370 (Fed. Cir. 2012)............................................................................7

*Baraka v. McGreevey*,
  481 F.3d 187 (3d Cir. 2007)................................................................................6

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)............................................................................................8

*Brady Constr. Innovations, Inc. v. Perfect Wall, Inc.*,
  290 Fed. App'x 358 (Fed. Cir. 2008)..............................................................8, 10

*Energizer Holdings v. International Trade Comm'n*,
  435 F.3d 1366 (Fed. Cir. 2006)..........................................................................13

*Forest Labs., Inc. v. Ivax Pharms., Inc.*,
  501 F.3d 1263 (Fed. Cir. 2007)............................................................................8

*Group One, Ltd. v. Hallmark Cards, Inc.*,
  407 F.3d 1297 (Fed. Cir. 2005).................................................................12, 13, 14

*H-W Tech., L.C. v. Overstock.com, Inc.*,
  758 F.3d 1329 (Fed. Cir. 2014).................................................................3, 11, 12

*In Re Bendamustine Consol. Cases*,
  No. 13-2046, D.I. 325, 2015 WL 1951399 (D. Del. Apr. 29, 2015) ....................6, 7

*In re Burlington Coat Factory Sec. Litig.*,
  114 F.3d 1410 (3d Cir. 1997)..............................................................................7

*In re Self*,
  671 F.2d 1344 (C.C.P.A. 1982) ..........................................................................9

*Inventor Holdings, LLC v. Gameloft, Inc.*,
  135 F. Supp. 3d 239 (D. Del. 2015)................................................................7

*Jay v. Spectrum Brands Holdings, LLC*,
  No. 13-8137, D.I. 88, 2015 WL 2211921 (S.D.N.Y. May 12, 2015).....................................11

*Koninklijke Philips N.V. et al. v. ASUSTeK Computer Inc. et al.*,
  No. 15-1125 (D. Del. Dec. 7, 2015)................................................................1

*Koninklijke Philips N.V. et al. v. Digital Products International, Inc.*,
  No. 15-1129 (D. Del. Dec. 7, 2015)................................................................1

*Koninklijke Philips N.V. et al. v. Double Power Technology, Inc.*,
  No. 15-1130 (D. Del. Dec. 7, 2015)................................................................1

*Koninklijke Philips N.V. et al. v. HTC Corp. et al.*,
  No. 15-1126 (D. Del. Dec. 7, 2015)................................................................1

*Koninklijke Philips N.V. et al. v. Southern Telecom Inc.*,
  No. 15-1128 (D. Del. Dec. 7, 2015)................................................................1

*Koninklijke Philips N.V. et al. v. Visual Land Inc.*,
  No. 15-1127 (D. Del. Dec. 7, 2015)................................................................1

*Koninklijke Philips N.V. et al. v. YiFang USA Inc.*,
  No. 15-1131 (D. Del. Dec. 7, 2015)................................................................1

*Market Am., Inc. v. Google, Inc.*,
  No. 09-494, D.I. 58, 2011 WL 1485616 (D. Del. Apr. 19, 2011) ..............................7, 14

*MAZ Encryption Techs. LLC v. Blackberry Corp.*,
  No. 13-304, D.I. 228, 2016 WL 5661981 (D. Del. Sept. 29, 2016) ...............................7

*Novo Indus., L.P. v. Micro Molds Corp.*,
  350 F.3d 1348 (Fed. Cir. 2003)................................................................13, 14

*Pannu v. Storz Instruments, Inc.*,
  258 F.3d 1366 (Fed. Cir. 2001)................................................................8

*Parallel Networks Licensing, LLC v. International Bus. Machines Corp.*,
  83 F. Supp. 3d 571 (D. Del. 2015)................................................................7, 12

*Personalized Media Commc'ns v. International Trade Comm'n*,
  161 F.3d 696 (Fed. Cir. 1998)................................................................11, 12

*Phillips v. AWH Corp.*,
  415 F.3d 1303 (Fed. Cir. 2005) (en banc)................................................................12

*Quantum Corp. v. Rodime PLC*,
    65 F.3d 1577 (Fed. Cir. 1995) ................................................................................8

*Tillotson, Ltd. v. Walbro Corp.*,
    831 F.2d 1033 (Fed. Cir. 1987) .......................................................................8, 10

*Turbe v. Government of the Virgin Islands*,
    938 F.2d 427 (3d Cir. 1991) ...................................................................................7

*Ultimax Cement Mfg. v. CTS Cement Mfg.*,
    587 F.3d 1339 (Fed. Cir. 2009) ............................................................................13

*Venetec Int'l v. Nexus Med., LLC*,
    541 F. Supp. 2d 612 (D. Del. 2008) .......................................................................7

*Videoshare, LLC v. Google, Inc.*,
    No. 13-990, D.I. 183, 2016 WL 4137524 (D. Del. Aug. 2, 2016) ...........................7

*Williamson v. Citrix Online LLC*,
    792 F.3d 1339 (Fed. Cir. 2015) .....................................................................11, 13

**Rules and Statutes**

35 U.S.C. § 112 ...........................................................................................................11, 13

35 U.S.C. § 251 .................................................................................................2, 8, 10, 15

35 U.S.C. § 254 ...........................................................................................................13, 14

37 C.F.R. § 1.312 ...............................................................................................................5

## NATURE AND STAGE OF THE PROCEEDINGS

On December 18, 2015, plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation (collectively "Philips") filed their Complaint in this action, alleging infringement of ten patents by defendants Acer Inc. and Acer America Corporation (collectively "Acer").  D.I. 1. Philips had earlier filed seven other actions before this Court, each alleging infringement of some or all of the patents in this action.[1]  On March 8, 2016, Acer moved to dismiss Philips' Complaint.  D.I. 11.  On April 11, 2016, Philips filed its First Amended Complaint.  D.I. 20.  On April 28, Acer moved to dismiss Philips' First Amended Complaint.  D.I. 23.  On October 25, the Court granted the motion to dismiss Philips' claims of contributory infringement, denied it with respect to Philips' other claims, and granted Philips leave to amend its complaint.  D.I. 63, 64.  On November 23, Philips filed its Second Amended Complaint, adding an eleventh patent to its allegations against Acer.  D.I. 82.  Throughout, Philips and the defendants to the Companion Cases each took similar actions, except in the *Digital Products* matter, where Philips dismissed its claims without prejudice on March 3, 2016.  Case No. 14-1129, D.I. 11.

On September 15, 2016, the Court entered a Scheduling Order in this and the Companion Cases.  D.I. 49, as modified by D.I. 73.  Under the current schedule, the Court will hold a claim construction hearing on May 3, 2017.  D.I. 73.  Discovery will close on January 26, 2018, and a first trial in these matters will commence on June 18, 2018.  D.I. 49.

---

[1] *Koninklijke Philips N.V. et al. v. ASUSTeK Computer Inc. et al.*, No. 15-1125 (D. Del. Dec. 7, 2015),  *Koninklijke Philips N.V. et al. v. HTC Corp. et al.*, No. 15-1126 (D. Del. Dec. 7, 2015), *Koninklijke Philips N.V. et al. v. Visual Land Inc.*, No. 15-1127 (D. Del. Dec. 7, 2015), *Koninklijke Philips N.V. et al. v. Southern Telecom Inc.*, No. 15-1128 (D. Del. Dec. 7, 2015), *Koninklijke Philips N.V. et al. v. Digital Products International, Inc.*, No. 15-1129 (D. Del. Dec. 7, 2015), *Koninklijke Philips N.V. et al. v. Double Power Technology, Inc.*, No. 15-1130 (D. Del. Dec. 7, 2015), *Koninklijke Philips N.V. et al. v. YiFang USA Inc.*, No. 15-1131 (D. Del. Dec. 7, 2015) (collectively the "Companion Cases").

## SUMMARY OF ARGUMENT

This motion addresses two discrete issues of law that the Court can resolve on the pleadings, and that will simplify this case by eliminating two asserted patents in their entirety.

1.     The asserted claims of the RE'564 patent are invalid as a matter of law because Philips improperly broadened them through reissue.  The RE'564 relates generally to zooming on a touchscreen device.  Among other limitations, the originally issued claims recited only zooming that was "substantially centered around the *touch screen*."  The reissue claims asserted in this litigation, however, changed this language to zooming "substantially centered around the *touch location*."  The reissue claims thus include functionality excluded from the originally issued claims:  zooming centered anywhere on the screen based on the user's touch, and not centered only around the screen itself.  Because Philips waited more than two years to file its reissue application, the broader reissue claims are invalid as a matter of law.  *See* 35 U.S.C. § 251 ("No reissued patent shall be granted enlarging the scope of the claims of the original patent unless applied for within two years from the grant of the original patent."); *ArcelorMittal France v. AK Steel Corp.*, 786 F.3d 885, 890 (Fed. Cir. 2015) ("[T]he district court correctly found that claims 1 through 23 of the reissue patent impermissibly broadened the original claims and are invalid under 35 U.S.C. § 251.").

2.     Philips cannot enforce the '797 patent because Patent Office issued the asserted claims in error and Philips failed to obtain a certificate of correction from the Patent Office before filing suit.  During prosecution, Philips filed an amendment to alter the claim language, which changed "gravitation-controlled sensor" to "gravitation-controlled sensor *means*."  This amendment materially narrowed the scope of the claim by changing a conventional apparatus term to a presumptively means-plus-function limitation.  The examiner accepted the amendment and made the requested changes in handwritten notations, but the issued

patent does not include this amended language.  Despite this clear error in the claim, Philips has

not obtained a certificate of correction from the Patent Office.  Under Federal Circuit precedent,

the asserted claims are unenforceable until the Patent Office corrects the error, and Philips'

assertions of these unenforceable claims should be dismissed.  *See H-W Tech., L.C. v.*

*Overstock.com, Inc.*, 758 F.3d 1329, 1335 (Fed. Cir. 2014) ("When, as here, a claim issues that

omits a material limitation, and such omission is not evident on the face of the patent, the

patentee cannot assert that claim until it has been corrected by the PTO.").

Because the asserted claims of the RE'564 patent are invalid due to improper

broadening and the asserted claims of the '797 patent are unenforceable due to an uncorrected

error, Philips' claims under these patents should be dismissed with prejudice.

## STATEMENT OF FACTS

**I.     Philips Broadened the Claims of the RE'564 Patent Through Reissue**

**A.     Following a Series of Rejections During Prosecution of the '203
Patent, Philips Limited Its Claims to Zooming Centered
Around the Touch Screen**

On July 19, 2000, Philips filed application no. 09/619,426, which eventually

became U.S. Patent No. 6,466,203 ("the '203 patent").  Exs. 1, 2.[2]  The '203 patent purported to

invent a system for magnifying a portion of a touchscreen display ("zooming") to assist the user

in selecting a feature on the screen.  Ex. 2 at abstract.  As initially filed, the claims did not

specify the location of the zoom, requiring only that the claimed device be "operative to enable

the user to select via the touch screen a portion of the image, when displayed at a first scale, for

rendering the selected portion on the display at a second scale larger than the first scale."  Ex. 1

at 4570-71.  The examiner rejected all claims as obvious in light of the prior art, including a

---

[2] This Motion uses exhibits to Acer's Answer to the Second Amended Complaint, D.I. 92.

reference called Tanimoto, which "teaches a touch panel that when displayed at a first scale, for rendering the selected portion on the display at a second scale larger than the first scale." *Id.* at 4580-84.

On March 2, 2001, Philips responded to the examiner, arguing for patentability without amending the pending claims. Ex. 1 at 4586-91. The examiner again rejected the pending claims on the same grounds, this time making his rejection final. *Id.* at 4595-4601. Philips sought reconsideration, *id.* at 4602-05, which the examiner again rejected. *Id.* at 4609. With the claims now in grave danger, Philips filed an application for continuing prosecution— necessary to amend claims after a final rejection—and filed new claims requiring, among other things, that "the selected portion when rendered at the second scale is a zoomed-in version of part of the image at the first scale substantially centered around the touch location." *Id.* at 4618-22. Yet again, the examiner rejected these claims, noting among other grounds that "Tanimoto teaches a touch panel that when displayed at a first scale, for rendering the selected portion on the display at a second scale larger than the first scale, and the second scale is a zoomed-in version of part of the image at the first scale substantially centered around the touch location." *Id.* at 4626-33.

On May 13, 2002, Philips amended its claims yet again. Ex. 1 at 4642-48. This time, instead of claiming zooming around any touch *location*, Philips narrowed the claims to cover only zooming "substantially centered around the touch *screen*." *Id.* at 4643-44 (emphasis added). Following this amendment, the examiner allowed the claims, *id.* at 4654-59, noting that the prior art references "fail to disclose the claimed limitations such as the system," including "the selected portion when rendered at the first scale is a zoomed-in version of part of the image at the first scale substantially centered around the touch screen." *Id.* at 4657-58.

4

On October 15, 2002, the Patent Office issued the '203 patent.  Ex. 2.

**B.    During the RE'564 Reissue Proceeding, Philips Broadened the
Claims to Cover Zooming Centered Around Any Location on
the Touch Screen**

Eight years passed.  On December 22, 2010, Philips filed for reissue of the '203

patent.  Ex. 3.  Its application sought to change, among other things, "a zoomed-in version of part

of the image at the first scale substantially centered around the touch *screen*" to read "a zoomed-

in version of part of the image at the first scale substantially centered around the touch *location*."

*Id.* at 2705-07.  After Philips addressed two rejections not relevant here, the examiner allowed all

pending claims.  *Id.* at 2918-21.  On August 7, 2012, the Patent Office issued U.S. Patent No.

RE43,564 ("the RE'564 patent").  Ex. 4.  In this action, Philips asserts claims 1-5 and 7 of the

RE'564, of which claim 1 is the only independent claim.  Ex. 4 at 5:50 to 6:50.

**II.    The Patent Office Issued the '797 Patent With Errors in the Claims**

On February 13, 1996, Philips filed application no. 08/601,140, which would

eventually issue as U.S. Patent No. 5,910,797 ("the '797 patent").  Ex. 5 at 4060.  The '797

patent purports to claim an invention of certain improvements to existing technology for using

the tilt of an electronic device to control the movement of objects on the screen.  Ex. 6 at

abstract.  On April 15, 1999, shortly before issuance, Philips filed an amendment under 37

C.F.R. § 1.312, seeking to make the following changes to claim 1:

> A manipulatable apparatus having data processing means and screen means for
> displaying one or more graphical or other objects presented by said data processing
> means, a gravitation-controlled sensor **means** integrated with said screen means and
> feeding said data processing means for measuring an acceleration of said screen means
> induced by user manipulation of the screen means, wherein said data processing means
> have programmed calculating means for under control of a screen motion sensed by said
> ~~sensing~~ **sensor** means imparting an acceleration based motion pattern to a predetermined
> selection among said objects.

Compare Ex. 5 at 4242-43 to Ex. 6 at 4:41-51.  As Philips explained in its request, these amendments were necessary to make the two "sensor" elements consistent with each other. Ex. 5 at 4242-43 (explaining the amendment would "provide complete congruity between the 'sensor' elements recited on lines 6 and 11").

On May 5, 1999, the examiner entered the amendment and made handwritten edits reflecting these changes to the claim language:

> processing means, [said screen means having] a gravitation-
> controlled sensor <sup>means</sup> integrated with said screen means and feeding
> said data processing means for measuring an acceleration [a]
> [spatial orientation] of said screen means induced by user
> manipulation of the screen means, wherein said data processing
> means have programmed calculating means for under control of a
> [predetermined range of spatial orientations] screen motion sensed
> by said <del>sensing</del> <sup>sensor</sup> means imparting [a non-stationary] an acceleration

Ex. 5 at 4213, 4246.  On June 8, 1999, the Patent Office issued the '797 patent but failed to include these two amendments in the issued claims.  Ex. 6 at 4:41-51.

In the seventeen years since issuance, Philips neither requested nor received a certificate of correction.  In this action, Philips asserts claims 1 and 6 of the '797 patent; claim 6 depends on claim 1, so these errors appear in both asserted claims.  Ex. 6 at 4:65-67.

## LEGAL STANDARD

When deciding a Rule 12(c) motion for judgment on the pleadings, the Court must "view all facts and inferences drawn from the pleadings in the light most favorable to the non-moving party," but is " 'not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation.' "  *In Re Bendamustine Consol. Cases*, No. 13-2046, D.I. 325, 2015 WL 1951399 at *1 (D. Del. Apr. 29, 2015) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)).  "The motion can be granted only if no relief

could be afforded under any set of facts that could be proved." *Market Am., Inc. v. Google, Inc.*, No. 09-494, D.I. 58, 2011 WL 1485616 at *2 (D. Del. Apr. 19, 2011) (citing *Turbe v. Government of the Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991)).

The Court may consider any documents integral to or relied on by the pleadings. *Bendamustine*, 2015 WL 1951399 at *1 (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).  In patent cases, these integral documents include the asserted patents and their prosecution histories.  *Bendamustine*, 2015 WL 1951399 at *1 (citing *AstraZeneca Pharms. LP v. Apotex Corp.*, 669 F.3d 1370, 1378 n.5 (Fed. Cir. 2012)); *see also, e.g., Inventor Holdings, LLC v. Gameloft, Inc.*, 135 F. Supp. 3d 239, 245 (D. Del. 2015) ("The Court may consider matters of public record as well as authentic documents upon which the complaint is based if attached to the complaint or as an exhibit to the motion."); *MAZ Encryption Techs. LLC v. Blackberry Corp.*, No. 13-304, D.I. 228, 2016 WL 5661981 (D. Del. Sept. 29, 2016) (granting motion for judgment on the pleadings after considering claims, specification and prosecution history); *Parallel Networks Licensing, LLC v. International Bus. Machines Corp.*, 83 F. Supp. 3d 571 (D. Del. 2015) (same).

The "purpose of judgment on the pleadings" is to "dispose of claims where the material facts are undisputed and judgment can be entered" without further litigation, thus improving efficiency for the parties and the Court.  *Videoshare, LLC v. Google, Inc.*, No. 13-990, D.I. 183, 2016 WL 4137524 at *2 (D. Del. Aug. 2, 2016) (quoting *Venetec Int'l v. Nexus Med., LLC*, 541 F. Supp. 2d 612, 617 (D. Del. 2008)).  By deciding motions for judgment on the pleadings, courts uphold the principle that, when a complaint "could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum

expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 558 (2007).

## ARGUMENT

**I.     The Asserted Claims of the RE'564 Patent Are Unenforceable Because Philips Improperly Broadened Them During Reissue**

**A.     35 U.S.C. § 251 Prohibits Any Broadening Reissue Filed More Than Two Years After Grant of the Original Patent**

"No reissued patent shall be granted enlarging the scope of the claims of the

original patent unless applied for within two years from the grant of the original patent."

35 U.S.C. § 251.[3]  "[T]he claims of a reissue patent filed after that date are invalid if they enlarge

the scope of the original claims."  *Forest Labs., Inc. v. Ivax Pharms., Inc.*, 501 F.3d 1263, 1270

(Fed. Cir. 2007) (citing *Quantum Corp. v. Rodime PLC*, 65 F.3d 1577, 1583 (Fed. Cir. 1995)).

When a patentee sues on an improperly broadened patent, the remedy is dismissal.  *See, e.g.*,

*ArcelorMittal France v. AK Steel Corp.*, 786 F.3d 885, 890 (Fed. Cir. 2015) ("[T]he district court

correctly found that claims 1 through 23 of the reissue patent impermissibly broadened the

original claims and are invalid under 35 U.S.C. § 251.").

"Determining whether the claims of a reissue patent violate 35 U.S.C. § 251 is a

question of law."  *AIA Eng'g Ltd. v. Magotteaux Int'l*, 657 F.3d 1264, 1271 (Fed. Cir. 2011)

(citing *Pannu v. Storz Instruments, Inc.*, 258 F.3d 1366, 1370 (Fed. Cir. 2001)).  To clear this

bar, each reissue claim must pass a simple test:  " 'A claim of a reissue application is broader in

scope than the original claims if it contains within its scope any conceivable apparatus or process

which would not have infringed the original patent.' "  *Brady Constr. Innovations, Inc. v. Perfect*

*Wall, Inc.*, 290 Fed. App'x 358, 363 (Fed. Cir. 2008) (quoting *Tillotson, Ltd. v. Walbro Corp.*,

---

[3] Philips filed the relevant patent applications before September 16, 2012, so amendments in the
America Invents Act ("AIA") do not apply.  This brief refers to the pre-AIA statues.

831 F.2d 1033, 1037 n.2 (Fed. Cir. 1987)); *see also, e.g.*, *In re Self*, 671 F.2d 1344, 1346

(C.C.P.A. 1982).  Although applying this standard can sometimes be complex, in this case it is

not.  In this action, Philips asserts only claim 1 and its dependent claims.  As modified by Philips

in reissue and shown in RE'564, Claim 1 reads:

| | |
|---|---|
| What is claimed is:<br>**1**. A handheld communication device comprising:<br>a wireless modem for receiving data;<br>a display that has a substantially small size suitable for **[in]**<br>    the handheld communication device;<br>a data processing system connected to the modem and to<br>    the display for processing the received data and for ren-<br>    dering an image corresponding to the data received;<br>a touch screen for enabling a user to interact with the<br>    device; | wherein:<br>    the system is operative to enable the user to select through<br>        a touch location on the touch screen a portion of the<br>        image, when displayed at a first scale, for rendering the<br>        selected portion on the display at a second scale larger<br>        than the first scale thereby facilitating a selection of a<br>        feature; and<br>    the selected portion when rendered at the **[first]** *second*<br>        scale is a zoomed-in version of part of the image at the<br>        first scale substantially centered around the touch<br>        **[screen]** *location*. |

Ex. 4 at cl. 1.  To resolve this motion, the Court need only decide whether Philips broadened the

final limitation when it changed from a zoom "substantially centered around the touch *screen*" to

a zoom "substantially centered around the touch *location*."

      **B.**      **Philips Improperly Broadened the '203 Patent Through**
             **Reissue, Invalidating the RE'564 Patent**

      "Substantially centered around the touch location" is broader than "substantially

centered around the touch screen."  As originally issued, claim 1 required that the zoomed-in

portion of the image be "centered around the touch screen."  The reissued claim, however, recites

zooming centered around *any touch location*, without restricting the location of the zoomed-in

portion of the screen.  The reissued claim is thus broader.  Figure 2 of the RE'564 patent

provides a simple example of zooming that (assuming all other limitations) falls within the scope

of the reissue claims but outside the original claims:



Figures 2A and 2B show before-and-after representations of a screen implementing the RE'564 zoom functionality.  Figure 2A is the initial screen.  Figure 2B shows the screen after the user touches near the letter "A," invoking the zooming function at that touch location.  As the figure shows, the "zoomed-in version of part of the image" is substantially centered around the "touch location"—but is *not* centered around the "touch screen."  Although this implementation would fall within the scope of claim 1 as reissued, it does not fall within the scope of original claim 1.  Because the reissued claim "contains within its scope any conceivable apparatus or process which would not have infringed the original patent," it is invalid under 35 U.S.C. § 251.  *Brady Constr.*, 290 Fed. App'x at 363.

The remaining asserted claims all depend from claim 1, and must therefore fall as well.  " 'A reissue claim that is broader in any respect is considered to be broader than the original claims even though it may be narrower in other respects.' " *Brady Constr.*, 290 Fed. App'x at 363 (quoting *Tillotson*, 831 F.2d at 1037 n.2).  Even if the dependent claims were narrower in every other respect, their inclusion of zooming at any touch location dooms them to the same fate as claim 1.  Thus, all the asserted claims of the RE'564 should be dimissed as invalid under 35 U.S.C. § 251.

## II.     Philips Cannot Assert the '797 Patent Because the Claims Issued with Material Errors that Philips Has Failed to Correct

### A.     Claim 1 is Unenforceable Under Federal Circuit Precedent Barring Patentees From Asserting Uncorrected Claims Omitting Material Limitations

Philips' failure to obtain a certificate of correction from the Patent Office renders the asserted claims of the '797 patent unenforceable.  "When, as here, a claim issues that omits a material limitation, and such omission is not evident on the face of the patent, the patentee cannot assert that claim until it has been corrected by the PTO."  *H-W Tech., L.C. v. Overstock.com, Inc.*, 758 F.3d 1329, 1335 (Fed. Cir. 2014); *see, e.g., Jay v. Spectrum Brands Holdings, LLC*, No. 13-8137, D.I. 88, 2015 WL 2211921 at *3-*4 (S.D.N.Y. May 12, 2015) (holding that an uncorrected patent claim "cannot be asserted in this litigation.").  "To hold otherwise would potentially permit patentees to assert claims they never asked for nor rightly attained.  Such a result would be inequitable and undermine the notice function of patents."  *H-W Tech.*, 758 F.3d at 1335.

To fall under the rule of *H-W Technology*, the error in claim language must be "material."  758 F.3d at 1335.  Claim 1 of the '797 easily clears this bar, because claim 1 as issued omits a limitation that affects the scope of the claim:  the issued claim recites "a gravitation-controlled sensor" rather than "a gravitation-controlled sensor *means*."  As a result, although both Philips and the Patent Office intended this element of claim 1 to be a means-plus-function claim under 35 U.S.C. § 112, ¶ 6, the claim as issued is presumptively *not* means-plus-function, because it does not include the word "means."  *See Williamson v. Citrix Online LLC*, 792 F.3d 1339, 1348 (Fed. Cir. 2015) (en banc portion of opinion) (citing *Personalized Media Commc'ns v. International Trade Comm'n*, 161 F.3d 696, 703-04 (Fed. Cir. 1998)).  When § 112, ¶ 6 applies—as it plainly would have here, without the Patent Office's error—it limits a

claim's reach to corresponding structures in the specification that perform the recited function. *Personalized Media*, 161 F.3d at 703.  If claim 1 of the '797 patent had recited "gravitation-controlled sensor *means*," its scope would be limited to, at most, the sensor embodiments actually disclosed in the specification.  *Id.*  As issued, however, claim 1's recital of a "gravitation-controlled sensor" would presumptively be construed according to "the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention."  *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005) (en banc).  The omission of "means" from claim 1 thus materially enlarges its scope beyond what the patentee and examiner intended.[4]

> *H-W Technology* also applies only to errors that are not " 'evident from the face of the patent.' "  758 F.3d at 1333 (quoting *Group One, Ltd. v. Hallmark Cards, Inc.*, 407 F.3d 1297, 1303 (Fed. Cir. 2005)); *Parallel Networks*, 83 F. Supp. 3d at 575-76.  An error that is clear from the prosecution history is not enough:  if "one cannot discern what language is missing simply by reading the patent," the "district court does not have authority to correct the patent."  *Group One*, 407 F.3d at 1303; *see also H-W Technology*, 758 F.3d at 1334 ("The parties appear to agree that the PTO's error is clear on the face of the prosecution history.  But this court has already deemed evidence of error in the prosecution history alone insufficient to allow the district court to correct the error.").  The error here is not evident on the face of the patent.  There is no indication in the claims or written description of the '797 patent that "a gravitation-controlled sensor" was supposed to read "a gravitation-controlled sensor means."  As issued, the claim language is coherent and would not suggest any error, much less omission of the word

---

[4] As issued by the Patent Office, claim 1 contains an additional error, reciting "said sensing means" without a previously defined "sensing means" in the claim.  This lack of antecedent basis renders claim 1 indefinite, but this motion does not present that issue.

"means" specifically.  Indeed, "gravitation-controlled sensor" is precisely how one would expect

to find a limitation *not* invoking § 112, ¶ 6.  *See Williamson*, 792 F.3d at 1348 ("[T]he failure to

use the word 'means' also creates a rebuttable presumption—this time that § 112, para. 6 does

not apply.").

### B.      Only the Patent Office Can Correct This Error

Unlike the Patent Office, which can correct its own errors under 35 U.S.C. § 254,

a district court can correct errors only in certain circumstances.  *See Group One*, 407 F.3d at

1303.  And those circumstances are rare:  district courts can correct errors only if those errors are

(1) not material and (2) not evident on the face of the patent; and only if (3) the correction is not

subject to reasonable debate based on consideration of the claim language and the specification,

and (4) the prosecution history does not suggest a different interpretation of the claims.

*See Novo Indus., L.P. v. Micro Molds Corp.*, 350 F.3d 1348, 1356-57 (Fed. Cir. 2003);

*Group One*, 407 F.3d at 1303.  Applying those factors here confirms that only the Patent Office

can correct the error in the '797 patent.

First, although courts may correct obvious minor typographical and clerical

errors, "courts cannot 'rewrite claims to correct material errors.'"  *Ultimax Cement Mfg. v. CTS*

*Cement Mfg.*, 587 F.3d 1339, 1353 (Fed. Cir. 2009) (quoting *Energizer Holdings v. International*

*Trade Comm'n*, 435 F.3d 1366, 1370 (Fed. Cir. 2006)).  Reciting "a gravitation-controlled

sensor" rather than "a gravitation-controlled sensor means" is a material error, *see supra* § II.A at

11, and this concludes the matter:  only the Patent Office—not this Court—can correct such a

mistake.  *See Novo Indus.*, 350 F.3d at 1357 (although "courts can continue to correct obvious

minor typographical and clerical errors in patents . . . major errors are subject only to correction

by the PTO"); *see also Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, 345 F.3d 1318, 1331

n.1 (Fed. Cir. 2003) (for a material error, "the proper method of addressing this alleged error would be to seek a Certificate of Correction under 35 U.S.C. § 254").

Second, "where the error is not evident from the face of the patent itself . . . it is important that the PTO bring its expertise to bear and consider whether such a correction is appropriate." *Novo Indus.*, 350 F.3d at 1357.  As Acer has already explained, this error is not "evident from the face of the patent itself" and thus fails this test as well.  *See supra* § II.A at 12.

Third, the proper correction must be "not subject to reasonable debate based on consideration of the claim language and the specification." *Group One*, 407 F.3d at 1303 (citing *Novo Indus.*, 350 F.3d at 1357).  Because the error in claim 1 is not evident on the face of the patent, neither is its solution; certainly the solution to this latent error is "subject to reasonable debate based on consideration of the claim language and the specification" and thus not available for correction by the Court.  *Group One*, 407 F.3d at 1303.

In view of this, the fourth factor, which considers whether the prosecution history "suggest[s] a different interpretation of the claims," *id.*, is irrelevant.  Without an obvious minor correction to a facial error in the claims, the Court need not consider whether the prosecution history suggests a "different interpretation of the claims," because there is no proposed solution for the prosecution history to be "different" from.  *Id.*

For this Court to correct the error in the '797 patent, the claim as issued must meet all four of these tests.  Because it meets none of them, only the Patent Office can correct this error.

## CONCLUSION

For the reasons set forth above, Philips cannot pursue its claims under the RE'564 and '797 patents as a matter of law, because "no relief could be afforded under any set of facts that could be proved." *Market Am.*, 2011 WL 1485616 at *2.  As a result, these legal defects can

be decided on the pleadings:  the asserted claims of the RE'564 are invalid under 35 U.S.C.

§ 251, and the asserted claims of the '797 are unenforceable as a matter of law.  All pending

claims under the RE'564 and '797 patents should be dismissed with prejudice, thus preventing

further waste of time and resources on unsalvageable claims.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*
_____

Rodger D. Smith II (#3778)
Eleanor G. Tennyson (#5812)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@mnat.com
etennyson@mnat.com

*Attorneys for Defendants*

OF COUNSEL:

Matthew Warren
Patrick Shields
Brian Wikner
Erika Mayo
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, CA  94114
(415) 895-2940

Kai Tseng
Hsiang ("James") H. Lin
Craig Kaufman
TECHKNOWLEDGE LAW GROUP LLP
100 Marine Parkway, Suite 200
Redwood Shores, CA  94065
(650) 517-5200

Michael J. Newton
Derek Neilson
Michael Lee
ALSTON & BIRD LLP
2828 N. Harwood Street, Suite 1800
Dallas, TX  75201
(214) 922-3400

Patrick J. Flinn
ALSTON & BIRD LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA  30309
(404) 881-7000

Xavier M. Brandwajn
ALSTON & BIRD LLP
1950 University Avenue, 5th Floor
East Palo Alto, CA  94303
(650) 838-2000

Ross R. Barton
ALSTON & BIRD LLP
101 South Tyron Street, Suite 4000
Charlotte, NC  28280
(704) 444-1000

December 23, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2016, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on December 23, 2016, upon the following in the manner indicated:

Michael P. Kelly, Esquire                    *VIA ELECTRONIC MAIL*
Daniel M. Silver, Esquire
Benjamin A. Smyth, Esquire
McCarter & English, LLP
Renaissance Centre
405 North King Street, 8th Floor
Wilmington, DE  19801
*Attorneys for Plaintiffs*

Michael P. Sandonato, Esquire              *VIA ELECTRONIC MAIL*
John D. Carlin, Esquire
Daniel A. Apgar, Esquire
Jonathan M. Sharret, Esquire
Robert S. Pickens, Esquire
Jaime F. Cardenas-Navia, Esquire
Christopher M. Gerson, Esquire
Fitzpatrick, Cella, Harper & Scinto
1290 Avenue of the Americas
New York, NY  10104-3800
*Attorneys for Plaintiffs*

Steven J. Balick, Esquire                    *VIA ELECTRONIC MAIL*
Andrew C. Mayo, Esquire
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE  19801
*Attorneys for Intervenor Microsoft Corporation*

Chad S. Campbell, Esquire                          *VIA ELECTRONIC MAIL*
Jared W. Crop, Esquire
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Phoenix, AZ  85012-2788
*Attorneys for Intervenor Microsoft*
*Corporation*

Judith Jennison, Esquire                           *VIA ELECTRONIC MAIL*
Christina McCullough, Esquire
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
*Attorneys for Intervenor Microsoft*
*Corporation*


                                        */s/ Rodger D. Smith II*
                                        _____
                                        Rodger D. Smith II (#3778)