# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,

            Plaintiffs,

    v.

ASUSTEK COMPUTER INC.,
ASUS COMPUTER INTERNATIONAL,

            Defendants.

 

MICROSOFT CORPORATION,

            Intervenor-Plaintiff,

    v.

KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,

            Intervenor-Defendants.

 

KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,

            Intervenor-Defendants/
            Counterclaim Plaintiffs in
            Intervention,

    v.

MICROSOFT CORPORATION

            Intervenor-Plaintiff/Counterclaim
            Defendant in Intervention

    AND

MICROSOFT MOBILE INC.,

            Counterclaim Defendant
            In Intervention

C.A. No. 15-1125-GMS

KONINKLIJKE PHILIPS N.V., )
U.S. PHILIPS CORPORATION, )
)
        Plaintiffs, )
    v. )
)
VISUAL LAND, INC., )
)
        Defendant. )
)

C.A. No. 15-1127-GMS

MICROSOFT CORPORATION, )
)
        Intervenor-Plaintiff, )
    v. )
)
KONINKLIJKE PHILIPS N.V., )
U.S. PHILIPS CORPORATION, )
)
        Intervenor-Defendants. )
)

KONINKLIJKE PHILIPS N.V., )
U.S. PHILIPS CORPORATION, )
)
        Intervenor-Defendants/ )
        Counterclaim Plaintiffs in )
        Intervention, )
)
    v. )
)
MICROSOFT CORPORATION )
)
        Intervenor-Plaintiff/Counterclaim )
        Defendant in Intervention )
)
    AND )
)
MICROSOFT MOBILE INC., )
)
        Counterclaim Defendant )
        In Intervention )
)
)
)

KONINKLIJKE PHILIPS N.V.,                    )
U.S. PHILIPS CORPORATION,                    )
                                             )
            Plaintiffs,                      )          C.A. No. 15-1130-GMS
        v.                                   )
                                             )
DOUBLE POWER TECHNOLOGY, INC.,               )
ZOWEE MARKETING CO., LTD.,                   )
SHENZEN ZOWEE TECHNOLOGY CO.,                )
LTD.,                                        )
                                             )
            Defendants.                      )
                                             )
                                             )
MICROSOFT CORPORATION,                       )
                                             )
            Intervenor-Plaintiff,            )
        v.                                   )
                                             )
KONINKLIJKE PHILIPS N.V.,                    )
U.S. PHILIPS CORPORATION,                    )
                                             )
            Intervenor-Defendants.           )
                                             )
                                             )
KONINKLIJKE PHILIPS N.V.,                    )
U.S. PHILIPS CORPORATION,                    )
                                             )
            Intervenor-Defendants/           )
            Counterclaim Plaintiffs in       )
            Intervention,                    )
                                             )
        v.                                   )
                                             )
MICROSOFT CORPORATION                        )
                                             )
            Intervenor-Plaintiff/Counterclaim )
            Defendant in Intervention        )
                                             )
        AND                                  )
                                             )
MICROSOFT MOBILE INC.,                       )
                                             )
            Counterclaim Defendant           )
            In Intervention                  )
                                             )
                                             )

KONINKLIJKE PHILIPS N.V.,                          )
U.S. PHILIPS CORPORATION,                          )
                                                   )
                Plaintiffs,                        )          C.A. No. 15-1131-GMS
        v.                                         )
                                                   )
YIFANG USA, INC. D/B/A E-FUN, INC.,                )
                                                   )
                Defendant.                         )
                                                   )
                                                   )
MICROSOFT CORPORATION,                             )
                                                   )
                Intervenor-Plaintiff,              )
        v.                                         )
                                                   )
KONINKLIJKE PHILIPS N.V.,                          )
U.S. PHILIPS CORPORATION,                          )
                                                   )
                Intervenor-Defendants.             )
                                                   )
                                                   )
KONINKLIJKE PHILIPS N.V.,                          )
U.S. PHILIPS CORPORATION,                          )
                                                   )
                Intervenor-Defendants/             )
                Counterclaim Plaintiffs in         )
                Intervention,                      )
                                                   )
        v.                                         )
                                                   )
MICROSOFT CORPORATION                              )
                                                   )
                Intervenor-Plaintiff/Counterclaim  )
                Defendant in Intervention          )
                                                   )
        AND                                        )
                                                   )
MICROSOFT MOBILE INC.,                             )
                                                   )
                Counterclaim Defendant             )
                In Intervention                    )

KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,

        Plaintiffs,

    v.

ACER INC.,
ACER AMERICA CORPORATION,

        Defendants.

C.A. No. 15-1170-GMS

MICROSOFT CORPORATION,

        Intervenor-Plaintiff,

    v.

KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,

        Intervenor-Defendants.

KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,

        Intervenor-Defendants/
        Counterclaim Plaintiffs in
        Intervention,

    v.

MICROSOFT CORPORATION

        Intervenor-Plaintiff/Counterclaim
        Defendant in Intervention

    AND

MICROSOFT MOBILE INC.,

        Counterclaim Defendant
        In Intervention

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V.,<br>U.S. PHILIPS CORPORATION,<br><br>      Plaintiffs,<br>     v.<br><br>HTC CORP., HTC AMERICA, INC.,<br><br>      Defendants. | C.A. No. 15-1126-GMS |
| KONINKLIJKE PHILIPS N.V.,<br>U.S. PHILIPS CORPORATION,<br><br>      Plaintiffs,<br>     v.<br><br>SOUTHERN TELECOM INC.,<br><br>      Defendant. | C.A. No. 15-1128-GMS |

## <u>STIPULATED PROTECTIVE ORDER</u>

WHEREAS sensitive, proprietary, and/or confidential information is likely to be disclosed or produced during the course of the above-captioned actions (collectively, the "Actions") by the above-captioned parties (collectively, the "Parties") or non-parties to these Actions;

WHEREAS such information must be protected in order to serve the legitimate business interests of the Parties and non-parties;

WHEREAS dissemination and disclosure of such information could severely injure or damage the Party or non-party disclosing or producing the information and could place the Party or non-party at a competitive disadvantage;

WHEREAS the Parties have, through counsel, stipulated to the entry of this Protective Order for the purpose of protecting the respective interests of the Parties and non-parties to these Actions, preventing the unnecessary dissemination or disclosure of such information, and facilitating the progress of these Actions;

WHEREAS the Parties have established good cause for entry of this Protective Order;

IT IS HEREBY STIPULATED AND AGREED by and between the Parties, through their respective counsel, that the terms and conditions of this Protective Order shall govern the handling and use of any and all documents, depositions, pleadings, exhibits, and all other information provided by or obtained from any Party or non-party in these Actions;

IT IS THEREFORE ORDERED THAT:

1. **Definitions**

"Discovery Material" shall mean all documents, depositions, pleadings, exhibits, things and all other material or information subject to discovery in these Actions, including but not limited to responses to requests for production of documents, answers to interrogatories, responses to requests for admissions, deposition testimony and exhibits, expert reports, and all other discovery taken or provided pursuant to the Local Rules or the Federal Rules of Civil Procedure, as well as testimony adduced at trial, trial exhibits, matters in evidence, and any other information used or disclosed at trial, hereafter furnished, directly or indirectly, by or on behalf of any Party, non-party, or witness in connection with these Actions.

"Producing Party" shall mean any Party or any non-party who produces, provides, or otherwise discloses Discovery Materials designated in accordance with this Protective Order in connection with these Actions.

"Receiving Party" shall mean any Party or any non-party who receives Discovery Materials designated in accordance with this Protective Order from a Producing Party.

## 2.   **Applicability of This Protective Order**

All Discovery Material provided by or obtained from a Producing Party shall be governed by this Protective Order.  This Protective Order shall be operative as of the date it is filed with the Court.

## 3.   **Designation of Confidential Information**

Discovery Material may be designated as "Confidential," "Highly Confidential – Outside Counsel Only," or "Highly Confidential – Source Code" (hereafter, collectively, "Confidential Information") by a Producing Party in accordance with this Protective Order.  The designation of any Discovery Material as "Confidential," "Highly Confidential – Outside Counsel Only," or "Highly Confidential – Source Code" shall be deemed effective unless and until the Court orders otherwise.

Discovery Material may be designated as "Confidential" when the Producing Party reasonably and in good faith believes that the material contains or pertains to confidential technical, sales, marketing, business, and/or trade information that is not publicly known.  Discovery Material may be designated as "Highly Confidential – Outside Counsel Only" when the Producing Party reasonably and in good faith believes that the material is "Confidential" and contains or pertains to highly confidential and sensitive information related to research and development, design, business strategy, licenses, or other activities that are so highly sensitive that its disclosure to persons other than those specified in Sections 8.a, 8.b, 8.c, 8.d, 8.e, 8.f, and 8.h could reasonably be expected to result in injury to the Producing Party.

Discovery Material may be designated as "Highly Confidential – Source Code" when the Producing Party reasonably and in good faith believes that the material is "Highly Confidential – Outside Counsel Only" and contains native source code (including computer code, comments on code, "include" files, make files, link files, other human-readable files used in the generation, building, or compiling of software, or firmware), algorithms, or pseudocode or descriptions of such code, files, algorithms, or pseudocode, which are substantially equivalent to the actual code, files, algorithms, or pseudocode, disclosure of which to persons other than those specified in and in accordance with Section 10 could reasonably be expected to result in serious injury to the Producing Party that could not be avoided by less restrictive means.

A Producing Party, on its own initiative or at the request of another Party, may remove the designation "Confidential," "Highly Confidential – Outside Counsel Only," or "Highly Confidential – Source Code" or re-designate the material or a portion thereof as appropriate.

4. **Marking of Confidential Information**

Confidential Information shall be designated and marked as follows:

a. **Documents.** A document or any portion thereof, whether paper or electronic, is to be designated as Confidential Information by marking it with one of the following legends, or an equivalent thereof: "Confidential," "Highly Confidential – Outside Counsel Only," or "Highly Confidential – Source Code."  Such legend shall be placed on the first page of the document and on each page that the Producing Party claims to contain Confidential Information.  To the extent reasonably requested by a Receiving Party, where less than all of a document is designated as Confidential Information or designated with the same confidentiality designation, the Producing Party shall provide indication clearly designating and distinguishing between types of

Confidential Information and between Confidential Information and non-confidential information as applicable.

b. **Electronic Media.** Information or material stored on or transported by an electronic medium, *e.g.*, stored on a magnetic, optical, or memory medium or transported by a network communication, is to be designated as Confidential Information by marking, to the extent practicable, the medium, container or communication with one of the following legends, or an equivalent thereof: "Confidential," "Highly Confidential – Outside Counsel Only," or "Highly Confidential – Source Code" and/or by appending such legend to the file names or designators.  If any person or entity who receives such a designated medium prints or otherwise transfers to another medium any of the information, any resulting document or other medium shall be designated and marked by that person or entity as Confidential Information as set forth herein.

c. **Discovery Responses, Exhibits, and Expert Reports.** Responses to requests for production of documents, answers to interrogatories, responses to requests for admissions, deposition exhibits, trial exhibits, and expert reports are to be designated and marked as Confidential Information as set forth herein with respect to documents or electronic media as applicable.

d. **Deposition Testimony and Transcripts.**  If during the course of a deposition, a Producing Party believes all or a portion of the testimony constitutes Confidential Information, counsel for the Producing Party may designate on the record, during the deposition all or a portion of the resulting deposition transcript as "Confidential," "Highly Confidential – Outside Counsel Only," or "Highly Confidential – Source Code", and further may require any such persons not authorized to receive such

Confidential Information to leave the room of the deposition during the period such Confidential Information is discussed.   The court reporter or videographer shall separately mark any pages of the transcript of the deposition that have been designated on the record, during the deposition to contain Confidential Information. Portions or the entirety of a deposition transcript (including exhibits not already designated under this Protective Order) that were not designated as Confidential Information on the record, during the deposition shall be presumptively deemed to be "Highly Confidential – Outside Counsel Only" for a period of three (3) weeks following receipt of the transcript by counsel for the Producing Party.   Within the three (3) week period, a Producing Party may designate the transcript or a portion thereof as Confidential Information by providing to all other Parties, the court reporter for the deposition, and all other persons known to the Producing Party to have received a copy of the deposition transcript, written notice designating the transcript or portions thereof as "Confidential," "Highly Confidential – Outside Counsel Only," or "Highly Confidential – Source Code."   The notice shall cite this Protective Order, identify the appropriate level of confidentiality, and, if available, identify the pages and lines, and/or exhibits, to be Confidential Information.   Each copy of the transcript or portion thereof so designated shall be marked by the person receiving the notice with the appropriate legend indicating the level of confidentiality claimed by the Producing Party and shall be governed by the terms of this Protective Order.   Copies of the pages marked as containing Confidential Information may be provided only to persons permitted by the other provisions of this Protective Order to receive such Confidential Information.

## 5.  Use of Confidential Information

Discovery Materials designated as Confidential Information shall not be made available to any person or entity except as authorized under this Protective Order.   Confidential Information from a Producing Party shall be used by the Receiving Party solely for the prosecution or defense of the claims in these Actions, including pursuing the allegations in the pleadings in these Actions, and for the depositions, preparation of motions, trial of these Actions, any appeal of these Actions, settlement discussions and negotiations, or any form of alternative dispute resolution in these Actions, and for no other purpose whatsoever, whether directly or indirectly. Unless otherwise agreed in writing by the Producing Party or so ordered by a court, Confidential Information shall not be used or disclosed to any other person or entity, or be used or disclosed for any other use or purpose.

Nothing in this Protective Order shall affect the right of a Producing Party to disclose or use its own Confidential Information for any purpose.   Nothing in this Protective Order shall limit or bar any attorney from rendering advice or counsel to his or her client with respect to these Actions or, in connection with rendering such advice or counsel, from conveying such attorney's evaluation or assessment of Confidential Information, provided that, such conveyance, advice, or counsel does not disclose the contents of any Confidential Information, which disclosure would be contrary to the terms of this Protective Order.   Further, nothing in this Protective Order limits a Receiving Party's ability to show materials designated by a Producing Party as Confidential Information to that Producing Party, including any present officer, director, employee, or representative thereof.

This Protective Order does not restrict disclosure or use of the following types of information: (a) information in the public domain at the time of disclosure; (b) information that

becomes part of the public domain through no fault of the Receiving Party; (c) information that was in the Receiving Party's rightful and lawful possession at the time of disclosure; and (d) information that the Receiving Party lawfully receives from a third party without restriction as to disclosure, provided that the third party had the right to make the disclosure to the Receiving Party.

**6.   Inadvertent Disclosures**

Each person receiving Confidential Information shall exercise due and proper care, in connection with the storage, custody, use, and dissemination of such information, to avoid any intentional or inadvertent disclosure to persons to whom disclosure is not permitted under this Protective Order.

This Protective Order is intended to be an Order within the meaning of Fed. R. Evid. 502(d) and Fed. R. Evid. 502(e).   The inadvertent, unintentional disclosure of material or information subject to the attorney-client privilege, the work product doctrine or other privilege or immunity shall not be a waiver, in whole or in part, of the relevant privilege or immunity. Within a reasonable time after the discovery of the inadvertent production, the Producing Party shall notify the Receiving Party, in writing, that it inadvertently produced documents, testimony, information, or things that are protected from disclosure under the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.   The Receiving Party shall then:

- return or destroy all copies of such documents, testimony, information, or things to the Producing Party within three (3) business days of receipt of such notice;

- destroy all notes or other work product reflecting the content of such material and delete or sequester such material from any litigation support or other database within three (3) business days of receipt of such notice; and

- not further use such items for any purpose unless and until further order of the Court.

The return of any discovery item to the Producing Party shall not in any way preclude the Receiving Party from seeking a Court Order (via the procedures in Paragraph 5.a of the Scheduling Order) after conferring with the Producing Party for a ruling that: (i) the document or thing is not protected by the attorney-client privilege, the common-interest privilege, the work-product immunity, or any other immunity, or (ii) any applicable privilege or immunity has been waived other than by the inadvertent production of such material.  In addition, the Parties shall comply with Fed. R. Civ. P. 26(b)(5)(B).  Prior to seeking an Order as allowed above, the Parties will promptly meet and confer to attempt to resolve any dispute.  In no event is this provision intended to be narrower in scope than Fed. R. Evid. 502(b), rather it is intended to be as broad as its terms can be reasonably interpreted.

In the event of disclosure of Confidential Information to any person not authorized to such access under this Protective Order, the Receiving Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately inform counsel for the Producing Party whose Discovery Material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure.  The Receiving Party responsible for improperly disclosing such Discovery Material shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure or use thereof is made.

## 7.  <u>Inadvertent Failure to Properly Mark Confidential Information</u>

A Producing Party that inadvertently fails to mark an item as Confidential Information or fails to mark an item with the correct designation of confidentiality at the time of the production shall, within a reasonable time after discovery of the inadvertent failure to mark, notify in writing

counsel for each Receiving Party to whom the material was disclosed that the material was not properly designated. The notice shall be accompanied by substitute copies of each item, appropriately marked under this Protective Order. Within five (5) business days of receipt of the substitute copies, the Receiving Party shall return or destroy the previously unmarked, or incorrectly marked, items and all copies thereof and confirm such to the Producing Party. Such failure to properly mark an item shall not be a waiver in whole or in part of a Producing Party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. However, nothing in this Section shall preclude a Receiving Party from challenging the propriety of the claim of confidentiality.

8. **Disclosure of Discovery Materials Designated "Confidential"**

Absent prior written consent of the Producing Party or as otherwise ordered by the Court, access to and disclosure of Discovery Materials designated as "Confidential," or copies or extracts therefrom and compilations and summaries thereof shall be limited to:

a. Retained outside counsel of record to the Receiving Party, and the employees of such outside counsel (or such counsel's law firm) who work under the outside counsel's supervision, support and assist such counsel in these Actions, and who are not members, employees, officers, or directors of a Party to these Actions;

b. Retained outside counsel of record to the Parties to these Actions, and the employees of such outside counsel (or such counsel's law firm) who work under the outside counsel's supervision, support and assist such counsel in these Actions, and who are not members, employees, officers, or directors of a Party to these Actions, if reasonably necessary to the conduct of one or more of these Actions;

c.  Personnel of third party vendors engaged by a Receiving Party or by outside counsel of record to a Receiving Party to assist in (i) the coding, imaging, or other management of documents produced in discovery in these Actions; (ii) the preparation of demonstrative exhibits or other visual aids for presentation at a hearing or trial of these Actions; or (iii) jury research and analysis, provided such personnel are not members, employees, officers, or directors of a Party to the Actions, and provided such personnel do not have an interest in the outcome of these Actions;

d.  Independent consultants or expert witnesses performing services in connection with the prosecution or defense of these Actions and any of their staff, assistants, or clerical workers, provided that each such person is not a member, officer, director, or employee of or for any Party to these Actions, and provided that each such person (i) executes a copy of the Certification attached as Exhibit A to this Protective Order, and (ii) has been previously approved pursuant to the procedure in Section 12;

e.  Any person providing testimony, where at least one of the following conditions applies: (i) the person is an employee of the Producing Party when the disclosure is made and the Confidential Information being disclosed does not contain salary, performance review, or other personal information regarding any person other than the witness; (ii) the attorney taking the deposition and showing the person the Confidential Information represents the Producing Party; (iii) the person's name appears on the Confidential Information as a person who has previously seen or received the Confidential Information, or it is otherwise established that the witness has previously seen, received, or had access during his/her normal course of employment to the Confidential Information, or knows or had access during his/her

normal course of employment to the Confidential Information contained within it; or (iv) the Producing Party has consented to the showing of the Confidential Information to the person.  If a questioning attorney cannot otherwise establish whether a witness has previously seen, received, or had access during their normal course of employment to a document containing Confidential Information, or knows or had access during his/her normal course of employment to the Confidential Information contained within it, the questioning attorney can show the document to the witness solely for this purpose, but shall ask no substantive questions until confirming that the witness has previously seen, received, or had access during their normal course of employment to the document, or knows or had access during his/her normal course of employment to the Confidential Information contained within it, and if the questioning attorney cannot so establish, the document shall not be an exhibit to the witness' deposition;

f.   The Court in this proceeding, Court personnel, and Court reporters;

g.   Up to four (4) in-house attorneys or European patent attorneys for the Receiving Party, including, if applicable, in-house attorneys or European patent attorneys for the Receiving Party's parent or affiliated company or corporation (where "affiliate" is understood to mean under common control), who are responsible for overseeing the Action(s) and who are designated in writing by the Receiving Party and approved by the Producing Party pursuant to Section 13 (such designated employees are referred to herein as the "Internal Representatives").  The Internal Representatives shall be limited to such persons as are reasonably necessary for development and presentation of the claims or defenses; and

h.   Any other person as to whom the Producing Party first agrees in writing.

## 9.   Disclosure of Discovery Materials Designated "Highly Confidential – Outside Counsel Only"

Absent prior written consent of the Producing Party or as otherwise ordered by the Court, access to and disclosure of Discovery Materials designated as "Highly Confidential – Outside Counsel Only," or copies or extracts therefrom and compilations and summaries thereof shall be limited to those persons described in Sections 8.a, 8.b, 8.c, 8.d, 8.e, 8.f, and 8.h.

## 10. Disclosure of Discovery Materials Designated "Highly Confidential – Source Code"

Absent prior written consent of the Producing Party or as otherwise ordered by the Court, access to and disclosure of Discovery Materials designated as "Highly Confidential – Source Code," or copies or extracts therefrom and notes, compilations, and summaries thereof shall be limited to the following persons, in strict accordance with the following procedures:

a.   Highly Confidential – Source Code material shall be produced, to the extent practicable, as native source code in computer-searchable format on a standalone computer connected to a monitor, keyboard, mouse or touchpad, and printer, with all other ports, software and other avenues that could be used to copy or transfer such data to another computer blocked ("Standalone Computer"). The Standalone Computer shall be maintained in the sole control and custody of counsel of record for the Producing Party at counsel's offices, unless another location is agreed upon. The Standalone Computer shall have tools installed sufficient to review and search the Source Code material, but not to compile, interpret or execute the Source Code material, as requested by the Receiving Party and approved by the Producing Party. The Receiving Party shall pay all costs associated with the purchase of such

software tools, shall pay any reasonable costs the Producing Party incurs associated with the installation of such software tools, and must provide the Producing Party with copies of such software tool(s) at least five (5) business days in advance of the date upon which the Receiving Party wishes to have the software tools available for use on the Standalone Computer.  Within the five (5) business day period, a Producing Party may object in writing to the installation of any software tool, explaining why the tool should not be installed on the Standalone Computer.  If, after conferring in good faith, there is still disagreement, the Receiving Party or the Producing Party may initiate the discovery dispute procedures in Paragraph 5.a of the Scheduling Order.

b.  Absent agreement of the Producing Party or order of the Court, the Receiving Party shall not use any compilers, interpreters or simulators in connection with the Producing Party's source code.  The Producing Party may appoint a non-attorney person to visually monitor the activities of the Receiving Party's representatives during any source code review from outside of the review room (such as through a glass window), but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.  Any inadvertent observation or awareness of privileged communications of the Receiving Party's representatives will not be deemed to cause any waiver or other loss of any privilege covering such communications and the substance of any such inadvertently observed communications shall not be subsequently communicated, used, or relied upon for any purpose.

c. Only persons designated under Sections 8.a and 8.d shall have access to the Standalone Computer provided however that the following additional restrictions shall apply to such access:

    i. In each Action, access to Source Code material shall be limited to outside counsel of the Receiving Party and up to five (5) outside consultants or experts[1] of the Receiving Party (i.e., not existing employees of a Party or an affiliate of a Party) retained for the purpose of these Actions who are identified to the Producing Party and approved to access such Protected Materials pursuant to the above.

    ii. Use or possession of any input/output device (e.g., USB memory stick, cameras or any camera-enabled device, CDs, floppy disk, portable hard drive, laptop, or any devices that can access the Internet or any other network or external system, etc.) is prohibited while accessing the Standalone Computer containing the Source Code material.  All persons accessing the Standalone Computer must agree to submit to reasonable security measures to insure they are not carrying any prohibited items before they will be given access. The Standalone Computer will be made available for inspection during regular business hours, upon reasonable notice to the producing party, which shall not be less than three (3) business days in advance of the requested inspection.

    iii. Once source code is made available for inspection, it must remain available for inspection in accordance with these procedures until the conclusion of

---

[1] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

expert discovery.  During any dispute relating to printing Source Code materials, the Producing Party shall not withhold access to the Standalone Computer because of the dispute, and shall make available for inspection and review, in the room with the Standalone Computer, the disputed pages. Inspection of source code after the conclusion of expert discovery may be performed for good cause shown.  At least three (3) business days prior to the date on which access is sought to such Standalone Computer, counsel of record for the Receiving Party shall provide a list of individuals including attorneys seeking to access such Standalone Computer.  The Parties agree to cooperate in good faith such that maintaining the Producing Party's source code at the offices of its outside counsel shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of these Actions.

iv.     The Receiving Party's outside counsel, expert and/or consultant shall be entitled to take notes relating to the Source Code material but may not copy any portion of the Source Code into the notes, excepting variable, object, method, class, or file names, which may be copied for identification purposes only, and may not, with the exception of pseudocode explanations of the Source Code, be used to replicate the Source Code in the notes.  Excepting these notes, no copies of all or any portion of the Source Code material may leave the room in which the Source Code material is inspected, and no other written or electronic record of the Source Code material is permitted except as otherwise provided by this Order.

    v.    The Producing Party shall provide a separate office or conference room for the exclusive use of persons reviewing the Source Code material in addition to the room containing the Standalone Computer.  The source code reviewers shall be permitted to use electronic devices such as laptops and cellular phones that have a connection to a network in this room.

    vi.    The Producing Party may require each Receiving Party's representative to complete a Source Code review log identifying: (1) the person's name; (2) the date and time access began; (3) the date and time access ended.

d.  The Standalone Computer shall be equipped with a laser printer with commercially reasonable printing speeds for on-site printing of the Source Code material produced by the Producing Party onto production-numbered paper labeled "Highly Confidential – Source Code," which shall be provided by the Producing Party.  The Producing Party shall configure the Standalone Computer to print at least 60 lines of source code per page, and to include on each page the full path name (including the file name) of the file printed.  The Receiving Party shall use the mechanism for printing provided by the Producing Party to print unmodified excerpts of files provided by the Producing Party, and shall only print those portions of the material reasonably necessary for these Actions.  The Receiving Party shall verify that each page correctly displays the full path name (including the file name) of the file printed before tendering pages to the Producing Party, and shall promptly inform the Producing Party if any pages do not display the full path name (including the file name) of the file printed, whereupon the Producing Party shall promptly resolve any issues and restore printing with the full path name (including the file name) of each file printed.

The Receiving Party shall re-print any pages printed without the full path name (including the file name), and the pages without the full path name (including the file name) of the file printed shall be destroyed.  Absent good cause shown, the Receiving Party may not print (i) an aggregate total of pages that is more than an overall page limit or (ii) a number of consecutive pages that is more than a consecutive page limit as agreed to by the Producing Party and the Receiving Party after the Receiving Party has reviewed the Producing Party's Source Code production.  If the Producing Party and the Receiving Party are unable to agree on an overall page limit and a consecutive page limit, after conferring in good faith, the Producing Party or the Receiving Party may seek a Court Order (via the procedures in Paragraph 5.a of the Scheduling Order) setting the appropriate overall page limit and consecutive page limit.  Until the parties agree or the Court rules otherwise, the Receiving Party may print up to an aggregate total of 750 pages but may not print more than 25 consecutive pages.    Counsel for the Producing Party will keep the originals of all printed material.

e.  After tendering the printed Source Code materials, the Producing Party shall have five (5) business days to review the printed material and provide the Receiving Party with written notice of any objection, setting out why each objected to portion is excessive and/or not reasonably necessary for any case activity.  If after conferring the dispute is not resolved, the Producing Party or the Receiving Party shall be entitled to seek a Court Order (via the procedures in Paragraph 5.a of the Scheduling Order) that the printed material in question should or should not be produced.  In the absence of any objection, or when ordered by the Court, the Producing Party shall

serve a copy of the printed pages upon the Receiving Party within seven (7) business days of the Receiving Party tendering the printed pages and shall retain the original printed material.

f.   All Highly Confidential – Source Code materials, including all copies, shall be maintained in a secure manner and may only be accessed by persons authorized under Sections 8.a and 8.d.  The Receiving Party may make no more copies than necessary and, in any event, may not make more than five (5) concurrently existing non-electronic copies, not including copies made for expert reports served on other parties, or for court filings.

g.   Excerpts of Highly Confidential – Source Code materials may be included in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("Source Code Pleadings") and shall not count as a concurrently existing copy.  To the extent portions of Highly Confidential - Source Code material are quoted in a Source Code Pleading, either the entire document will be stamped and treated as "Highly Confidential – Source Code" or those pages containing the quoted material will be separately bound, stamped, and treated as "Highly Confidential – Source Code."

h.   To the extent portions of Highly Confidential – Source Code material are quoted in a Source Code Pleading, the persons authorized under Sections 8.a and 8.d shall be permitted to store and access Source Code Pleadings on a computer that limits access to only authorized persons or send Source Code Pleadings to authorized persons. Otherwise, material designated "Highly Confidential – Source Code" may only be transported by the Receiving Party at the direction of a person authorized under

Sections 8.a and 8.d to another authorized person on paper via hand carry, Federal Express or other similarly reliable courier.  Such Highly Confidential – Source Code materials may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet unless the materials are encrypted using a secure encryption method.

i.  All Highly Confidential – Source Code materials utilized during a deposition shall not be marked as an exhibit, but will not be precluded, limited, or otherwise restricted from use at trial or otherwise solely because the materials were not marked as an exhibit.  At the conclusion of the deposition, all Source Code materials will be retrieved by the Party conducting the deposition at the end of each day.  At no time will any such material be given to or left with the Court Reporter or any other individual.

## 11. Challenges to the Designation of Confidential Information

Challenges to the designation of Confidential Information will occur only as follows:

a.  If a Receiving Party believes that material designated as Confidential Information is not in fact confidential, or should be re-designated or revealed to an individual not otherwise authorized to have access to such material under the terms of this Protective Order, then the Receiving Party shall provide to the Producing Party written notice of disagreement with the designation.  Within five (5) business days, the Producing Party must respond to the written notice explaining the basis for the designation or withdrawing or re-designating the material after which the Producing Party and Receiving Party shall meet and confer to resolve any remaining dispute.

b.  If, after conferring in good faith, there is still disagreement as to whether the designation is appropriate, the Receiving Party or the Producing Party may initiate the discovery dispute procedures in Paragraph 5.a of the Scheduling Order with regard to any designation of Confidential Information in dispute.  It shall be the burden of the Producing Party to establish that the contested material is confidential.  Unless and until a Court ruling is obtained changing a designation, or the parties agree otherwise, the material involved shall be treated according to its designation.

## 12. <u>Procedure for Qualifying Independent Experts and Consultants</u>

In order for an independent consultant or expert witness to be permitted access to Confidential Information, the counsel of the Party employing the consultant or expert must notify in writing the Producing Party, at least seven (7) business days before allowing such access. The identification of a consultant or expert pursuant to this Protective Order shall not be construed as the identification of an expert trial witness under Fed. R. Civ. P. 26(a)(2) and shall not constitute a waiver of attorney work-product protection or the attorney-client privilege.

a.  Such written notice shall include the following: (i) The name of the consultant or expert; (ii) The present employer, job title, and business address of the consultant or expert; (iii) a copy of a Certification (attached hereto as Exhibit A) signed by the consultant or expert; and (iv) a current curriculum vitae containing at least any known present or past relationship between the consultant or expert and any named Party to these Actions (except where disclosure of such relationship is prohibited by a court order or nondisclosure agreement, in which case, the CV should identify at least the start and end dates of such relationship and as much identifying information as possible about the relationship).

b.  Within the seven (7) business day period, a Producing Party may object in writing to the disclosure of Confidential Information to the consultant or expert in question. Should a Producing Party so object, no Confidential Information that is the subject of the Producing Party's objection shall be disclosed to the consultant or expert in question until the objection has been resolved by the parties or by the Court.  If, after conferring in good faith there is still disagreement, the Receiving Party or the Producing Party may initiate the discovery dispute procedures in Paragraph 5.a of the Scheduling Order.  It shall be the burden of the Producing Party to establish that disclosure of Confidential Information to the consultant or expert in question should be prohibited.

13. **Procedure for Qualifying Internal Representatives**

**a. Internal Representatives**

In order for a proposed Internal Representative to be permitted access to materials designated as "Confidential" the Receiving Party must notify in writing the Producing Party, at least seven (7) business days before allowing such access.  The Receiving Party must provide to the Producing Party the name, job title, and business address of the proposed Internal Representative to whom the Receiving Party desires to disclose such material or any information contained therein, as well as a sufficiently specific description of the proposed Internal Representative's business duties to reflect that the proposed Internal Representative does not currently participate, and does not reasonably anticipate participating, in competitive business decisions relating to the products of the Receiving Party or any of its parent, subsidiary, or affiliated companies.  Participation in licensing activities including, but not limited to, identifying licensees, negotiating license agreements, and researching and pursuing

enforcement actions is competitive business decision-making under this paragraph and, like any other competitive business decision-making, shall disqualify a proposed Internal Representative.  Within the seven (7) business day period, the Producing Party may object in writing to the disclosure of such material to the proposed Internal Representative.  Should a Producing Party so object, no Confidential Information that is the subject of the Producing Party's objection shall be disclosed to the proposed Internal Representative in question until the objection has been resolved by the parties or by the Court.  If, after conferring in good faith there is still disagreement, the Receiving Party and the Producing Party may initiate the discovery dispute procedures in Paragraph 5.a of the Scheduling Order.  It shall be the burden of the Producing Party to establish that disclosure of Confidential Information to the proposed Internal Representative in question should be prohibited.

### b. Aggregate Sales Information Internal Representatives

A Receiving Party may designate up to two (2) Aggregate Sales Information Internal Representatives, and each approved Aggregate Sales Information Internal Representative shall count towards the maximum of four (4) approved Internal Representatives. Aggregate Sales Information Internal Representatives are subject to all rules governing Internal Representatives, with the following modifications: (1) they may participate in any competitive business decision-making, including without limitation participation in licensing activities including, but not limited to, identifying licensees, negotiating license agreements, and researching and pursuing enforcement actions and their participation in any competitive business decision-making shall not disqualify any proposed Aggregate Sales Information Internal Representatives; and (2) they may receive and review only aggregate information concerning defendants' sales of the accused products including at least the total number of

units sold of each accused product (on a per model basis) for each time period such information is available (e.g., per month or per quarter), and may not review any other Confidential Information, including without limitation information that other Internal Representatives may review under this Order. When disclosing a proposed Aggregate Sales Information Internal Representative under this paragraph, the Receiving Party shall identify the proposed Internal Representative as an Aggregate Sales Information Internal Representative.

**14. <u>Patent Prosecution Bar</u>**

Absent the written consent of a Producing Party, any individual attorney representing Plaintiffs, whether in-house or outside counsel, and any person who is associated with Plaintiffs and has reviewed any Producing Party's materials designated "Highly Confidential – Outside Counsel Only" or "Highly Confidential – Source Code" (which shall also be referred to as "Prosecution Bar Materials") shall not, for a period commencing upon receipt of such materials and ending one (1) year following the final resolution of the Action (including any appeals) engage in any Prosecution Activity (as defined below) substantially related to the subject matter of the patents-in-suit.  The provisions of this Section do not apply where a Producing Party discloses its own Prosecution Bar Materials to an individual not designated under this Protective Order to receive such materials.

The following documents and materials shall not be classified as Prosecution Bar Materials: (i) documents and information related only to damages or reasonable royalty rates; (ii) publications, including patents and published patent applications; (iii) materials regarding a third party system or product that is publicly known, on sale, or in public use unless such materials are designated as Prosecution Bar Materials by that third party or are subject to confidentiality obligations owed to that third party; and (iv) information that is publicly available.

"Prosecution Activity" shall mean: (1) preparing and/or prosecuting any patent application (or portion thereof), whether design or utility, and either in the United States or abroad on behalf of a patentee or assignee of a patentee's rights; (2) preparing patent claim(s) on behalf of a patentee or assignee of a patentee's rights; or (3) providing advice, counsel or suggestions regarding, or in any other way influencing, claim scope and/or language, embodiment(s) for claim coverage, claim(s) for prosecution, or claim coverage for products or processes on behalf of a patentee or assignee of patentee's rights.  Prosecution Activity shall include any activities relating to inter partes review, post-grant review, reissue proceedings, and reexamination proceedings for any patent-in-suit or any patent claiming subject matter substantially related to that of the patents-in-suit.  For the avoidance of any doubt, Prosecution Activity does not include administrative tasks ancillary to the activities described above (e.g., invoicing, billing, collection, etc.).

Nothing in this Section shall prevent any person who has reviewed Prosecution Bar Materials from communicating with any person involved in Prosecution Activity, provided such communications do not reveal a Producing Party's Prosecution Bar Materials information, either directly or indirectly, for example, by providing advice based on or influenced by Prosecution Bar Materials.  Nothing in this Section shall prevent any person from sending Prior Art to an attorney involved in patent prosecution for purposes of ensuring that such Prior Art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor.  "Prior Art" shall mean publications, including patents and published patent applications; and materials or information regarding a third party system or product that was publicly known, on sale, or in public use as of the relevant priority date, unless such materials are designated as Prosecution Bar Materials by

that third party or are subject to confidentiality obligations owed to that third party. This prosecution bar (i) is personal to the individual who has reviewed the Confidential Information and shall not be imputed to any other person or entity and (ii) shall not be triggered by an attorney's reviewing or otherwise learning the substance of his or her client's Confidential Information.

**15. <u>Confidential Information to Be Filed Under Seal</u>**

Any Confidential Information that is to be filed with a Court in connection with any proceedings herein, shall be filed under seal in compliance with Delaware Local Rule 5.1.3 and the applicable CM/ECF Procedures for the District of Delaware. A Receiving Party may not file in the public record materials containing Confidential Information absent prior written consent from the Producing Party or a Court Order secured after appropriate notice to all interested persons.

Redacted versions of papers with Confidential Information filed under seal may be filed with the Court in accordance with its procedures and made publicly available provided that Delaware Local Rule 5.1.3 and any other appropriate local rules are followed; and

- All Confidential Information set forth in the papers is deleted or obscured and all Confidential Information is removed as exhibits; and

- Redacted versions of the papers are clearly marked "Public Version – Confidential Information Redacted" or the like. Redacted versions of the papers also must clearly identify each place where information or exhibits have been deleted.

**16. <u>Information Protected by Privilege, Work Product, or Other Doctrine</u>**

    a. **<u>Consultant and Expert Materials.</u>** Draft expert reports, any expert's or consultant's personal notes, and communications between or among any experts, consultants, and

counsel shall not be discoverable.  Additionally, the expert discovery protections set forth in Fed. R. Civ. P. 26(b)(4) shall apply to such materials.

b. **<u>Privilege Log</u>**. Producing Parties shall not be required to identify on their privilege log(s) any document or communication dated on or after the filing of the first of these Actions (*i.e.*, December 7, 2015).

## 17. <u>Use of Confidential Information During Court Proceedings</u>

If any Confidential Information is used in any Court pretrial proceeding in the Actions (including, but not limited to, conferences, oral arguments, and hearings), the Confidential Information shall not lose its confidentiality status through such use.  The Parties shall take all steps reasonably necessary to protect the confidentiality of the Confidential Information during any such use, including, but not limited to, requesting closure of the courtroom and/or *in camera* proceedings.  The terms of this Protective Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.  The parties agree to meet and confer in good faith prior to trial to establish procedures for the use of Confidential Information at trial.

## 18. <u>Conclusion of the Action</u>

All provisions of this Protective Order restricting the disclosure or use of Confidential Information shall continue to be binding after the final resolution of each Action, unless otherwise agreed by all the Parties to the Action or ordered by the Court.  Upon final resolution of the Action, including the running of any time to appeal or to move for relief under Fed. R. Civ. P. 60(b)(1)-(3), a Receiving Party in possession of Confidential Information shall, no later than two (2) months after conclusion of this action, either return such information to counsel for the Producing Party or destroy the information and certify in writing within that time period that the documents have been destroyed.  Notwithstanding this provision, outside counsel of record

are entitled to retain an archival copy of all pleadings, motion papers, briefs, exhibits, transcripts, written discovery, expert reports, legal memoranda, attorney work product and correspondence, even if such materials contain or reflect Confidential Information.  Any such archival copies remain subject to the terms of this Protective Order.  Outside counsel need not purge its document management system, file servers, email servers, or backup tapes to eliminate Confidential Information.

19. **New Parties and Counsel**

In the event that a new Party is added, substituted, or brought in to any of the Actions, this Protective Order will be binding on and inure to the benefit of the new Party, along with the corresponding obligations on the new Party to maintain the confidentiality of the Confidential Information, subject to the right of the new Party to seek relief from or modification of this Protective Order.  In the event that new counsel for an existing Party is added, substituted or brought in to any of the Actions, this Protective Order will be binding on the new counsel, along with the corresponding obligations on the new counsel to maintain the confidentiality of the Confidential Information.

20. **Modification of Protective Order**

Each Party reserves the right to request that the Court modify the terms of this Protective Order in the event that the Party believes that a modification is necessary.  If such an application is made, all signatories of copies of the Certification, as well as persons described herein, shall remain bound by this Protective Order unless and until it is modified by the Court.

**21. <u>No Admissions</u>**

Compliance with this Protective Order in no way constitutes an admission by any Party that any information designated pursuant to this Protective Order is or is not proprietary, confidential, or a trade secret.

**22. <u>Jurisdiction</u>**

Each person receiving Confidential Information under the terms of this Protective Order hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

**23. <u>Other Proceedings</u>**

By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any Receiving Party subject to this Protective Order who becomes subject to a motion to disclose a Producing Party's Confidential Information pursuant to the Protective Order, or receives a request for the production of such information, including but not limited to a request by subpoena, shall (i) promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed; (ii) cooperate to the extent necessary to permit the Producing Party to seek to quash such process or discovery request; and (iii) not produce or disclose the documents, things, or information until the Producing Party consents in writing to production or the Receiving Party is ordered by a court of competent jurisdiction to produce or disclose the documents, things, or information, so long as the order is not stayed prior to the date set for

production or disclosure.  Nothing herein shall prevent timely compliance with a governmental

subpoena or court order.

MCCARTER & ENGLISH, LLP

*/s/ Daniel M. Silver*

_____

Michael P. Kelly (#2295)
Daniel M. Silver (#4758)
Benjamin A. Smyth (#5528)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
mkelly@mccarter.com
dsilver@mccarter.com
bsmyth@mccarter.com

*Of Counsel:*

Michael P. Sandonato
John D. Carlin
Daniel A. Apgar
Jonathan M. Sharret
FITZPATRICK, CELLA, HARPER &
SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
(212) 218-2100

*Attorneys for Plaintiffs*

MORRIS, NICHOLS, ARSHT & TUNNELL
LLP

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)
Eleanor G. Tennyson (#5812)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@mnat.com
etennyson@mnat.com

*Of Counsel:*

Matt Warren
Patrick Shields
Brian Wikner
Erika Mayo
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, CA 94114


*Attorneys for Defendants Acer, Inc., Acer
America Corporation, ASUSTeK Coumputer
Inc. and ASUS Computer International*

*Of Counsel:*

Kai Tseng
Craig Kaufman
James Lin
TECHKNOWLEDGE LAW GROUP LLP
100 Marine Parkway, Suite 200
Redwood Shores, CA  94065

*Attorneys for Defendants Acer, Inc. and Acer
America Corporation*

Michael J. Newton
Derek Neilson
Sang (Michael) Lee
ALSTON & BIRD LLP
2828 N. Harwood Street, Suite 1800
Dallas, TX 75201-2139

Patrick J. Flinn
ALSTON & BIRD LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309-3424

Xavier M. Brandwajn
ALSTON & BIRD LLP
1950 University Avenue, 5th Floor
East Palo Alto, CA 94303

Ross R. Barton
ALSTON & BIRD LLP
101 South Tyron Street, Suite 4000
Charlotte, NC 28280-4000
(704) 444-1000

*Attorneys for Defendants ASUSTeK Computer Inc.
and ASUS Computer International*

YOUNG CONAWAY STARGATT
   & TAYLOR, LLP

*/s/ Samantha G. Wilson*
_____
Adam W. Poff (#3990)
Anne Shea Gaza (#4093)
Samantha G. Wilson (#5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
agaza@ycst.com
swilson@ycst.com

*Attorneys for Defendant Visual Land, Inc.*

SHAW KELLER LLP

*/s/ Karen E. Keller*
_____
John W. Shaw (# 3362)
Karen E. Keller (# 4489)
Andrew E. Russell (# 5382)
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com

*Of Counsel:*

John Schnurer
Kevin Patariu
Ryan Hawkins
Louise Lu
Vinay Sathe
PERKINS COIE LLP
11988 El Camino Real, Suite 350
San Diego, CA 92130
(858) 720-5700

Ryan McBrayer
Jonathan Putman
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
(206) 359-8000

*Attorneys for Defendants HTC Corp. and HTC America, Inc.*

YOUNG CONAWAY STARGATT
   & TAYLOR, LLP

*/s/ Karen L. Pascale*

_____
Karen L. Pascale (#2903)
Robert M. Vrana (# 5666)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
kpascale@ycst.com
rvrana@ycst.com

*Of Counsel:*

P. Andrew Blatt
WOOD HERRON & EVANS LLP
2700 Carew Tower
Cincinnati, OH 45202
(513) 241-2324

*Attorneys for Defendant Southern Telecom, Inc.*


MORRIS, NICHOLS, ARSHT
   & TUNNELL LLP

*/s/ Karen Jacobs*

_____
Karen Jacobs (#2881)
Mirco J. Haag (#6165)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
kjacobs@mnat.com
mhaag@mnat.com

*Of Counsel :*

Bryan G. Harrison
LOCKE LORD LLP
Terminus 200
3333 Piedmont Road NE, Suite 1200
Atlanta, GA 30305
(404) 870-4629

*Attorneys for Defendants
Double Power Technology, Inc.,
Zowee Marketing Co., Ltd. and
Shenzen Zowee Technology Co., Ltd.*

SHAW KELLER LLP

/s/ *Karen E. Keller*

_____

John W. Shaw (# 3362)
Karen E. Keller (# 4489)
Andrew E. Russell (# 5382)
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com

*Of Counsel:*

Lucian C. Chen
Wing K. Chiu
LUCIAN C. CHEN, ESQ. PLLC
One Grand Central Place
60 East 42nd Street, Suite 4600
New York, NY 10165
(212) 710-3007

*Attorneys for Defendant YiFang USA, Inc.
D/B/A E-Fun, Inc.*

ASHBY & GEDDES

/s/ *Andrew C. Mayo*

_____

Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
amayo@ashby-geddes.com

*Of Counsel:*

Chad S. Campbell
Jared W. Crop
PERKINS COIE LLP
2901 N. Central Avenue, Suite 2000
Phoenix, AZ  85012-2788
(602) 351-8000

Judith Jennison
Christina McCullough
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
(206) 359-8000

*Attorneys for Microsoft Corporation and
Microsoft Mobile Inc.*

SO ORDERED, this _____ day of _____, 2017.

_____
United States District Judge

-36-

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,

      Plaintiffs,

      v.

ASUSTEK COMPUTER INC.,
ASUS COMPUTER INTERNATIONAL,

      Defendants.

C.A. No. 15-1125-GMS

MICROSOFT CORPORATION,

      Intervenor-Plaintiff,

      v.

KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,

      Intervenor-Defendants.

KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,

      Intervenor-Defendants/
      Counterclaim Plaintiffs in
      Intervention,

      v.

MICROSOFT CORPORATION

      Intervenor-Plaintiff/Counterclaim
      Defendant in Intervention

      AND

MICROSOFT MOBILE INC.,

      Counterclaim Defendant
      In Intervention

_____ )
_____ )
                                  )
KONINKLIJKE PHILIPS N.V.,         )
U.S. PHILIPS CORPORATION,         )
                                  )
              Plaintiffs,         )        C.A. No. 15-1127-GMS
       v.                         )
                                  )
VISUAL LAND, INC.,                )
                                  )
              Defendant.          )
                                  )
_____ )
                                  )
MICROSOFT CORPORATION,            )
                                  )
              Intervenor-Plaintiff, )
       v.                         )
                                  )
KONINKLIJKE PHILIPS N.V.,         )
U.S. PHILIPS CORPORATION,         )
                                  )
              Intervenor-Defendants. )
                                  )
_____ )
                                  )
KONINKLIJKE PHILIPS N.V.,         )
U.S. PHILIPS CORPORATION,         )
                                  )
              Intervenor-Defendants/ )
              Counterclaim Plaintiffs in )
              Intervention,       )
                                  )
       v.                         )
                                  )
MICROSOFT CORPORATION             )
                                  )
              Intervenor-Plaintiff/Counterclaim )
              Defendant in Intervention )
                                  )
       AND                        )
                                  )
MICROSOFT MOBILE INC.,            )
                                  )
              Counterclaim Defendant )
              In Intervention     )
                                  )
                                  )
_____ )

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V.,<br>U.S. PHILIPS CORPORATION,<br><br>    Plaintiffs,<br>  v.<br><br>DOUBLE POWER TECHNOLOGY, INC.,<br>ZOWEE MARKETING CO., LTD.,<br>SHENZEN ZOWEE TECHNOLOGY CO.,<br>LTD.,<br><br>    Defendants. | C.A. No. 15-1130-GMS |

MICROSOFT CORPORATION,

        Intervenor-Plaintiff,
    v.

KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,

        Intervenor-Defendants.

KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,

        Intervenor-Defendants/
        Counterclaim Plaintiffs in
        Intervention,

    v.

MICROSOFT CORPORATION

        Intervenor-Plaintiff/Counterclaim
        Defendant in Intervention

    AND

MICROSOFT MOBILE INC.,

        Counterclaim Defendant
        In Intervention

KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,

          Plaintiffs,

     v.

YIFANG USA, INC. D/B/A E-FUN, INC.,

          Defendant.

                                C.A. No. 15-1131-GMS

MICROSOFT CORPORATION,

          Intervenor-Plaintiff,

     v.

KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,

          Intervenor-Defendants.

KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,

          Intervenor-Defendants/
          Counterclaim Plaintiffs in
          Intervention,

     v.

MICROSOFT CORPORATION

          Intervenor-Plaintiff/Counterclaim
          Defendant in Intervention

        AND

MICROSOFT MOBILE INC.,

          Counterclaim Defendant
          In Intervention

|  |  |  |
|---|---|---|
| KONINKLIJKE PHILIPS N.V.,<br>U.S. PHILIPS CORPORATION,<br><br>   Plaintiffs,<br>  v.<br><br>ACER INC.,<br>ACER AMERICA CORPORATION,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 15-1170-GMS |
| MICROSOFT CORPORATION,<br><br>   Intervenor-Plaintiff,<br>  v.<br><br>KONINKLIJKE PHILIPS N.V.,<br>U.S. PHILIPS CORPORATION,<br><br>   Intervenor-Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |  |
| KONINKLIJKE PHILIPS N.V.,<br>U.S. PHILIPS CORPORATION,<br><br>   Intervenor-Defendants/<br>   Counterclaim Plaintiffs in<br>   Intervention,<br><br>  v.<br><br>MICROSOFT CORPORATION<br><br>   Intervenor-Plaintiff/Counterclaim<br>   Defendant in Intervention<br><br>  AND<br><br>MICROSOFT MOBILE INC.,<br><br>   Counterclaim Defendant<br>   In Intervention | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |  |

|  |  |  |
|---|---|---|
| KONINKLIJKE PHILIPS N.V.,<br>U.S. PHILIPS CORPORATION, | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 15-1126-GMS |
| v. | ) | |
| HTC CORP., HTC AMERICA, INC., | ) | |
| Defendants. | ) | |

KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,

      Plaintiffs,

      v.

SOUTHERN TELECOM INC.,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)

C.A. No. 15-1128-GMS

**CONSENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

I, the undersigned, hereby acknowledge that I have read the Stipulated Protective Order in this case, understand its terms, agree to be bound by them, and consent to the jurisdiction of the United States District Court for the District of Delaware to enforce them.  I acknowledge that I will treat any Confidential Information I receive in this action strictly according to the terms of the Protective Order, and I understand that any unauthorized use of the Confidential Information I receive constitutes contempt of court.

Signature:

Printed Name:

Date: