[All counsel listed on signature page]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

———————————————————————

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V.,<br>U.S. PHILIPS CORPORATION,<br>　　　　　　Plaintiffs,<br><br>v.<br><br>ACER INC.,<br>ACER AMERICA CORPORATION,<br>　　　　　　Defendants.<br>——————————————————<br><br>MICROSOFT CORPORATION,<br>　　　　　Intervenor-Plaintiff,<br><br>　　　v.<br><br>KONINKLIJKE PHILIPS N.V. and<br>U.S. PHILIPS CORPORATION,<br>　　　　　Intervenor-Defendants.<br>——————————————————<br><br>KONINKLIJKE PHILIPS N.V.,<br>U.S. PHILIPS CORPORATION,<br>　　　　　Intervenor-Defendants/<br>　　　　　Counterclaim Plaintiffs-<br>　　　　　in-intervention<br><br>　　　v.<br><br>MICROSOFT CORPORATION,<br>　　　　　Intervenor-Plaintiff/<br>　　　　　Counterclaim Defendant-<br>　　　　　in-intervention<br><br>　　　　　AND<br><br>MICROSOFT MOBILE INC.,<br>　　　　　Counterclaim Defendant-<br>　　　　　in-intervention. | Case No. 4:18-cv-1885-HSG<br><br>JURY TRIAL DEMANDED<br><br>**JOINT CASE MANAGEMENT<br>STATEMENT** |

1

1 _____ )

2 _____ )

3 KONINKLIJKE PHILIPS N.V.,                )
  U.S. PHILIPS CORPORATION,                )

4            Plaintiffs,                   )          Related Case No. 4:18-cv-1886-HSG
                                           )

5 v.                                       )          JURY TRIAL DEMANDED
                                           )

6 ASUSTEK COMPUTER, INC., and              )

7 ASUS COMPUTER INTERNATIONAL,             )
           Defendants.                     )

8 _____ )
                                           )

9 MICROSOFT CORPORATION,                   )

10         Intervenor-Plaintiff,           )
                                           )

11 v.                                      )
                                           )

12 KONINKLIJKE PHILIPS N.V. and            )
   U.S. PHILIPS CORPORATION,               )

13   Intervenor-Defendants.                )
                                           )

14 _____ )
                                           )

15 KONINKLIJKE PHILIPS N.V.,               )
   U.S. PHILIPS CORPORATION,               )

16         Intervenor-Defendants/          )
           Counterclaim Plaintiffs-        )

17         in-intervention                 )
                                           )

18      v.                                 )

19                                         )

20 MICROSOFT CORPORATION,                  )
           Intervenor-Plaintiff/           )

21         Counterclaim Defendant-         )
           in-intervention                 )

22                                         )
        AND                                )

23                                         )

24 MICROSOFT MOBILE INC.,                  )
           Counterclaim Defendant-         )

25         in-intervention.                )

26 _____ )

27

28
_____

2

—————————————————————————

KONINKLIJKE PHILIPS N.V., )
U.S. PHILIPS CORPORATION, )
        Plaintiffs, )     Related Case No. 4:18-cv-1887-HSG
)
        v. )     JURY TRIAL DEMANDED
)
HTC CORP., and )
HTC AMERICA, )
        Defendants. )
————————————————————————— )

KONINKLIJKE PHILIPS N.V., )
U.S. PHILIPS CORPORATION, )
        Plaintiffs, )     Related Case No. 4:18-cv-1888-HSG
)
v. )     JURY TRIAL DEMANDED
)
VISUAL LAND, INC. )
        Defendant. )
————————————————————————— )

MICROSOFT CORPORATION, )
        Intervenor-Plaintiff, )
)
        v. )
)
KONINKLIJKE PHILIPS N.V. and )
U.S. PHILIPS CORPORATION, )
        Intervenor-Defendants. )
————————————————————————— )

KONINKLIJKE PHILIPS N.V., )
U.S. PHILIPS CORPORATION, )
        Intervenor-Defendants/ )
        Counterclaim Plaintiffs- )
        in-intervention )
)
        v. )
)
MICROSOFT CORPORATION, )
        Intervenor-Plaintiff/ )
        Counterclaim Defendant- )
        in-intervention )

3

| | |
|---|---|
| AND | ) |
| | ) |
| MICROSOFT MOBILE INC., | ) |
|     Counterclaim Defendant-<br>    in-intervention. | ) |
| _____ | ) |
| | ) |
| KONINKLIJKE PHILIPS N.V.,<br>U.S. PHILIPS CORPORATION, | ) |
|     Plaintiffs, | )  Related Case 4:18-cv-1889-HSG |
| | ) |
| v. | )  JURY TRIAL DEMANDED |
| | ) |
| DOUBLE POWER TECHNOLOGY, INC.<br>ZOWEE MARKETING CO. LTD., and<br>SHENZEN ZOWEE TECHNOLOGY CO. | ) |
|     Defendants. | ) |
| _____ | ) |
| | ) |
| MICROSOFT CORPORATION, | ) |
|     Intervenor-Plaintiff, | ) |
| | ) |
|     v. | ) |
| | ) |
| KONINKLIJKE PHILIPS N.V. and<br>U.S. PHILIPS CORPORATION, | ) |
|     Intervenor-Defendants. | ) |
| _____ | ) |
| | ) |
| KONINKLIJKE PHILIPS N.V.,<br>U.S. PHILIPS CORPORATION, | ) |
|     Intervenor-Defendants/<br>    Counterclaim Plaintiffs-<br>    in-intervention | ) |
| | ) |
|     v. | ) |
| | ) |
| MICROSOFT CORPORATION, | ) |
|     Intervenor-Plaintiff/<br>    Counterclaim Defendant-<br>    in-intervention | ) |
| | ) |
| AND | ) |
| | ) |

4

MICROSOFT MOBILE INC.,                                  )
　　　　　　　　　Counterclaim Defendant-              )
　　　　　　　　　in-intervention.                      )
　　_____                   )
　　_____

KONINKLIJKE PHILIPS N.V.,                               )
U.S. PHILIPS CORPORATION,                               )
                                                        )
　　　　　　　　　Plaintiffs,                           )      Related Case 4:18-cv-1890-HSG
                                                        )
v.                                                      )      JURY TRIAL DEMANDED
                                                        )
YIFANG USA, INC. D/B/A/ E-FUN, INC.                     )
                                                        )
　　　　　　　　　Defendant.                            )
　　_____                   )

MICROSOFT CORPORATION,                                  )
　　　　　　　　　Intervenor-Plaintiff,                 )
                                                        )
　　　　　　　　　v.                                    )
                                                        )
KONINKLIJKE PHILIPS N.V. and                            )
U.S. PHILIPS CORPORATION,                               )
　　　　　　　　　Intervenor-Defendants.               )
　　_____                   )

KONINKLIJKE PHILIPS N.V.,                               )
U.S. PHILIPS CORPORATION,                               )
　　　　　　　　　Intervenor-Defendants/               )
　　　　　　　　　Counterclaim Plaintiffs-             )
　　　　　　　　　in-intervention                       )
                                                        )
　　　　　　　　　v.                                    )
                                                        )
MICROSOFT CORPORATION,                                  )
　　　　　　　　　Intervenor-Plaintiff/                )
　　　　　　　　　Counterclaim Defendant-              )
　　　　　　　　　in-intervention                       )
                                                        )
　　AND                                                 )
                                                        )
MICROSOFT MOBILE INC.,                                  )
　　　　　　　　　Counterclaim Defendant-              )

5

in-intervention.                                )
                                                )

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, the Patent Local Rules, the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, the Standing Order for All Civil Cases Before Judge Haywood S. Gilliam, the Standing Order for Patent Cases Before Judge Haywood S. Gilliam, and the Court's Order Setting Initial Case Management Conference and ADR Deadlines, Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation (collectively, "Philips"), Defendants Acer Inc. and Acer America Corporation (collectively, "Acer"); ASUSTek Computer Inc. and Asus Computer International, Inc. (collectively, "ASUS"); HTC Corporation and HTC America, Inc. (collectively, "HTC"); Visual Land Inc. ("Visual Land"); Yifang USA Inc. d/b/a/ E-Fun, Inc. ("Yifang"; together with the other defendants to these actions, "Defendants"); and Intervenor/Counterclaim-Defendant Microsoft Corporation and Counterclaim-Defendant Microsoft Mobile Inc. (collectively, "Microsoft"), by and through their respective counsel of record in these cases, respectfully submit this Joint Case Management Statement.[1]

## I.  JURISDICTION AND SERVICE

The parties agree that the Court has Federal question subject matter jurisdiction and venue over all claims in these actions, and personal jurisdiction over all parties.  No parties remain to be served.

## II.  STATEMENT OF FACTS

### A.  Chronology of these Actions

#### 1.  Philips's Statement

Philips initially filed this patent infringement action in the United States District Court for the District of Delaware ("the Delaware Court"), asserting, among other things, that certain of Defendants' smartphones, tablet computers, laptops, All-in-One PCs, 2-in-1 PCs, and desktops running the Android, Windows, or Chrome operating systems contain functionality covered by one more claims of the patents-in-suit, namely, United States Patent Nos. RE44,913 ("the '913 Patent"), 6,690,387 ("the '387 Patent"), 7,184,064 ("the '064 Patent"), 7,529,806 ("the '806 Patent"), 5,910,797 ("the '797 Patent"), 6,522,695 ("the '695 Patent"), RE44,006 ("the '006 Patent"), 8,543,819 ("the '819 Patent"), 9,436,809 ("the '809

---

[1] HTC, YiFang, and Visual Land were copied on all drafts of this Statement exchanged among the parties, but were silent when asked whether Philips had permission to sign and file this Statement on their behalf.

Patent"), 6,772,114 ("the '114 Patent"), and RE43,564 ("the '564 Patent").   Philips's second-amended complaint is operative.

Microsoft filed a Complaint in Intervention in these actions, except as to HTC, as the supplier of the Windows Operating System incorporated into certain of Defendants' accused products.   Philips has not accused any of HTC's Windows-based devices in this litigation.   In their pleadings, Microsoft asserts against Philips counterclaims of non-infringement under the Declaratory Judgments Act, 28 U.S.C. § 2201(a), and Philips asserts against Microsoft claims of direct and indirect infringement against certain versions of its Windows Operating System and certain of its tablets and smartphones.

Moreover, Philips asserts that Defendants' and Microsoft's infringement is willful.

The Delaware Court entered an amended scheduling order, by agreement of the parties, adding another round of infringement and validity contentions and setting fact discovery to close on April 27, 2018, expert discovery to close on August 10, 2018, and a first ten-day trial to begin on January 7, 2019. No. 18-1885, Docket No. 303; No. 18-1886, Docket No. 271; No. 18-1887, Docket No. 191; No. 18-1888, Docket No. 302 (varying only in setting fact discovery to close on May 11, 2018); No. 18-1889, Docket No. 243; No. 18-1890, Docket No. 240.

On July 11, 2017, the Delaware Court issued a Claim Construction Order construing 33 claim terms of the patents-in-suit.   *See, e.g.*, No. 18-1885, Docket No. 241 (attached hereto as Exhibit A); *see also infra* § II.C.

Certain Defendants, Microsoft, and non-Party Google Inc. ("Google") have filed (or were named as real parties-in-interest to) numerous petitions for *inter partes* review against all of the patents-in-suit. Many of those IPR petitions have already been resolved.   There are currently no pending IPR proceedings against the '819, '809, '797, '564, '114, and '064 patents (institution was denied or a final written decision found the challenged claims patentable), and no further IPR petitions may be filed against any patent-in-suit by the Defendants or Microsoft due to the one-year bar on filing *inter partes* review petitions.   *See* 35 U.S.C. § 315.   A table summarizing the status of each of the IPR proceedings filed against the patents-in-suit is produced in Section II.D, below.

Defendants and Microsoft renewed their motions to dismiss or transfer under § 1406(a) following *In re Micron Tech., Inc.*, 875 F.3d 1091, 1099 (Fed. Cir. 2017). The Delaware Court granted those motions, transferring these actions to this District. No. 18-1885, Docket No. 366, 367; No. 18-1886, Docket No. 336, 337; No. 18-1887, Docket No. 233, 234; No. 18-1888, Docket No. 311, 312; No. 18-1889, Docket No. 284, 285; No. 18-1890, Docket No. 289, 290.

### 2.  Defendants' and Microsoft's Statement

On December 7 and 18, 2015, plaintiffs Koninklijke Philips N.V. and U.S. Philips Corp. (collectively "Philips") filed eight actions in the District of Delaware, including six actions asserting up to ten patents against the current defendant groups associated with Acer, ASUS, Double Power, HTC, Visual Land, and YiFang (collectively "Defendants"). On March 8, 2016, Defendants moved to dismiss Philips's complaints for improper venue under 28 U.S.C. § 1406(a), and to dismiss Philips's claims under Fed. R. Civ. P. 12(b)(6) as improperly pleaded. The parties briefed the § 1406(a) motions; Philips amended its complaints in response to the 12(b)(6) motions; and the Defendants again moved to dismiss the first amended complaints as improperly pleaded. On October 25, 2016, the District of Delaware granted Defendants' motions in part, allowing Philips leave to amend. No. 18-1885, Docket No. 64; No. 18-1886, Docket No. 60; No. 18-1887, Docket No. 60; No. 18-1888, Docket No. 64; No. 18-1889, Docket No. 65; No. 18-1890, Docket No. 59. The District of Delaware initially denied Defendants' motions to dismiss under § 1406(a). *Id.*

Microsoft sought to intervene in these actions, except as against HTC. On November 8, 2016, the District of Delaware entered the parties' stipulation regarding this intervention (No. 18-1885, Docket No. 73; No. 18-1886, Docket No. 67; No. 18-1887, Docket No. 66; No. 18-1888, Docket No. 71; No. 18-1889, Docket No. 72; No. 18-1890, Docket No. 66), and Microsoft filed declaratory judgment complaints in intervention on November 10, 2016. No. 18-1885, Docket No. 74; No. 18-1886, Docket No. 68; No. 18-1888, Docket No. 72; No. 18-1889, Docket No. 73; No. 18-1890, Docket No. 67. On December 9, 2016, Philips filed answers and counterclaims against Microsoft (Docket No. 86, 18-1885; Docket No. 81, 18-1886; Docket No. 82, 18-1888; Docket No. 84, 18-1889; Docket No. 78, 18-1890); on December 22,

9

2016, Microsoft filed replies and further counterclaims.  Docket No. 93, 18-1885; Docket No. 88, 18-1886; Docket No. 89, 18-1888; Docket No. 92, 18-1889; Docket No. 85, 18-1890.

On November 23, 2016, Philips filed its second amended complaints against Defendants, which remain operative.  No. 18-1885, Docket No. 82; No. 18-1886, Docket No. 76; No. 18-1887, Docket No. 73; No. 18-1888, Docket No. 78; No. 18-1889, Docket No. 81; No. 18-1890, Docket No. 75.  As part of the stipulation allowing Microsoft to intervene, Defendants also agreed to allow Philips to add an eleventh patent to its complaints.  No. 18-1885, Docket No. 76; No. 18-1886, Docket No. 70; No. 18-1887, Docket No. 67; No. 18-1888, Docket No. 74; No. 18-1889, Docket No. 75; No. 18-1890, Docket No. 69.  Defendants answered, asserting affirmative defenses.  No. 18-1885, Docket No. 92; No. 18-1886, Docket No. 87; No. 18-1887, Docket No. 79; No. 18-1888, Docket No. 88; No. 18-1890, Docket No. 84.

The parties filed a Joint Proposed Scheduling Order in the District of Delaware, which that Court entered on September 15, 2016.  No. 18-1885, Docket No. 49; No. 18-1886, Docket No. 43; No. 18-1887, Docket No. 44; No. 18-1888, Docket No. 48; No. 18-1889, Docket No. 52; No. 18-1890, Docket No. 46.  The Order set fact discovery to close on September 25, 2017, expert discovery to close on January 26, 2018, and a first ten-day trial to begin on June 18, 2018.  The District of Delaware later entered an amended scheduling order, by agreement of the parties, setting fact discovery to close on April 27, 2018, expert discovery to close on August 10, 2018, and a first ten-day trial to begin on January 7, 2019.  No. 18-1885, Docket No. 303; No. 18-1886, Docket No. 271; No. 18-1887, Docket No. 191; No. 18-1888, Docket No. 302 (varying only in setting fact discovery to close on May 11, 2018); No. 18-1889, Docket No. 243; No. 18-1890, Docket No. 240.

On July 11, 2017, the District of Delaware issued a Claim Construction Order construing certain claim terms of the patents-in-suit.  *See infra* § II.C.

Defendants and Microsoft renewed their motions to dismiss or transfer under § 1406(a) following *In re Micron Tech., Inc.*, 875 F.3d 1091, 1099 (Fed. Cir. 2017).  The District of Delaware granted those motions, transferring these actions to this District.  No. 18-1885, Docket No. 366, 367; No. 18-1886,

Docket No. 336, 337; No. 18-1887, Docket No. 233, 234; No. 18-1888, Docket No. 311, 312; No. 18-1889, Docket No. 284, 285; No. 18-1890, Docket No. 289, 290.

### B.    Pending Allegations and Contention Exchanges

#### 1.   Philips's Statement

Philips served multiple rounds of infringement contentions while the case was venued in Delaware, and intends to serve Northern District of California-compliant infringement contentions on June 28, 2018, or in accordance with the case schedule that is ultimately adopted by the Court.  Philips accuses a variety of smartphones, tablet computers, laptops, All-in-One PCs, 2-in-1 PCs, desktops, and Chromebooks running the Android, Chrome, or Microsoft Windows Operating Systems of infringing the patents-in-suit.

Defendants and Microsoft have served multiple rounds of invalidity contentions while the case was venued in Delaware.  By agreement, the parties have also exchanged validity contentions responsive to the invalidity contentions, and non-infringement contentions responsive to the infringement contentions.  No exchange of damages contentions has yet occurred.  Transfer of these actions occurred before Philips served its most recent round of validity contentions.  As identified in the schedule below (Section XVII), Philips intends to serve validity contentions on August 30, 2018, or in accordance with the case schedule that is ultimately adopted by the Court.

Philips disagrees with Defendants' and Microsoft's proposal for serving supplemental infringement contentions after the close of fact discovery.  Patent Local Rule 3-1 specifically contemplates disclosure shortly after the initial case management conference, which is consistent with Philips's proposed schedule.

Philips proposes to supplement its contentions shortly after the June 26, 2018 Case Management Conference to conform them to the requirements set forth in the Northern District Patent Local Rules, as well as to include any further support of Philips's infringement theories uncovered through recently and belatedly produced documents and source code from Defendants, non-Party Google, and other third

parties.  For the sake of judicial efficiency, and conservation of this Court's and the parties' resources, Philips also proposes to include within such supplementation products released and/or identified as infringing after the filing of the Complaint.

### 2.  Defendants' and Microsoft's Statement

Philips served infringement contentions on August 26 and December 9, 2016, September 29, 2017, and February 2, 2018.  In its most recent infringement contentions, Philips accuses a variety of smartphones, tablets, notebook and desktop computers of infringing the asserted patents.  Philips accuses the Acer, ASUS and HTC defendants of infringing all eleven patents-in-suit; the Visual Land, Double Power, and YiFang defendants of infringing nine of the patents-in-suit, and Microsoft of infringing all but U.S. Patent Nos. 6,772,114 and RE44,006.

Philips's contentions accuse devices running Android, ChromeOS, and Microsoft Windows.  In particular, Philips accuses the Acer and ASUS defendants of selling infringing products running various versions of Android, ChromeOS, and Windows; the HTC defendants of selling infringing devices running versions of Android; and the remaining defendants of selling infringing products running versions of Android and Windows.  Philips currently asserts 70 claims from the 11 patents in suit.

Defendants and Microsoft served invalidity contentions on September 30 and December 30, 2016, July 21 and November 3, 2017, and March 16, 2018.  Defendants and Microsoft currently assert 183 primary prior art references to Philips's 70 asserted claims.  The parties have also exchanged validity contentions responsive to the invalidity contentions, and non-infringement contentions responsive to the infringement contentions.  No exchange of damages contentions has yet occurred.  Transfer of these actions occurred before Philips served its most recent round of validity contentions, which remain outstanding.

As seen in the proposed schedule below, Defendants and Microsoft have proposed Supplemental Final Contentions to be served by the parties at an appropriate time following the CMC.  Philips has proposed to Defendants and Microsoft that Philips will serve updated infringement contentions prior to the CMC.  However, Philips notes elsewhere in this statement that discovery is still ongoing against

parties and non-parties; that "Philips also anticipates taking the remaining depositions of Defendants, non-Party Google, and certain other non-party witnesses pursuant to third-party subpoenas"; that "Philips disagrees with Defendants' proposal that there should be a prohibition on serving additional written discovery and serving supplemental 30(b)(6) notices"; and that "Philips is working with non-party Google regarding document and source code production and scheduling of necessary depositions," which will be "highly relevant to the claims and defenses in these actions."  Philips thus appears to contemplate serving infringement contentions before taking "highly relevant" discovery, which would presumably then give Philips an excuse to seek permission to serve a further round of contentions reflecting what it learned in that discovery.  At this stage of the litigation, after Philips has already served four rounds of contentions, including a set before a deadline in Delaware for "final" contentions.  Philips's implicit proposal for additional rounds of contentions is unreasonable, and Defendants and Microsoft oppose it.  Although Defendants and Microsoft agree with Philips that all parties should serve contentions that merely bring the current contentions into compliance with the rules and procedures of this Court, Philips's Supplemental Final Infringement Contentions should not accuse new products or functionalities that were not properly accused in Philips's final contentions served February 2, 2018.  The exchange of contentions that add information unique to this District should occur after the appropriate discovery has taken place, as Defendants and Microsoft propose.

### C.   Claim Construction

The parties briefed 33 disputed terms.  Defendants and Microsoft asserted that 12 of the disputed terms were indefinite.  The Delaware Court held a claim construction hearing on May 3, 2017, and entered a claim construction order on July 11, 2017.  No. 18-1885, Docket No. 241; No. 18-1886, Docket No. 212; No. 18-1887, Docket No. 160; No. 18-1888, Docket No. 207; No. 18-1889, Docket No. 199; No. 18-1890, Docket No. 194 ("Claim Construction Order").

### 1.   Philips's Statement

Philips respectfully requests that this Court decline to re-open claim construction.  The parties fully briefed and argued all 33 disputed terms previously presented, and the Delaware Court considered and construed all 33 terms.

Despite this history, Defendants and Microsoft now seek to relitigate issues related to indefiniteness that were already resolved by the Delaware Court's prior order.  Indeed, Defendants and Microsoft previously asserted that 10 of the 33 disputed terms were means-plus-function terms under 35 U.S.C. § 112, ¶ 6, but lacked "adequate corresponding structure disclosed in the specification," and were therefore indefinite.  They submitted expert declarations in support of these theories, presented these arguments in their written briefing, and they raised these issues during the Delaware Court's claim construction hearing.[2]  And they insisted that these issues be addressed during claim construction. Defendants' Answering Claim Construction Brief at 1.  Case No. 18-1885, Docket No. 160.

The Delaware Court considered all of the presented evidence, including the provided expert declarations, and found Defendants' and Microsoft's positions on these issues unconvincing.  In particular, the Delaware Court explicitly disagreed with Defendants regarding the 10 claim terms that were alleged to be indefinite for lack of § 112, ¶ 6 structural disclosure, and instead either affirmatively identified adequate supporting structure (*e.g.*, referring to such structure as "ample"), or held that the terms were not means-plus-function terms in the first place.  *See, e.g.*, Case No. 18-1885, Docket No. 241 at 6 n. 8 (Order Construing the Terms of U.S. Patent Nos. RE44,913, 6,690,387, 7,184,064, 7,529,806, 5,910,797, 6,522,695, 8,543,819, 9,436,809, 6,772,114, and RE43,564) (holding that  "[b]ecause Defendants failed to establish clear and convincing evidence that the claim limitation does not provide sufficient structure, they cannot overcome the presumption that the claim is not subject to § 112, ¶ 6.");

---

[2] *See, e.g.,* Declaration of Dr. Zixiang Xiong In Support of Defendants' Answering Claim Construction Brief at p. 8 ("Philips contends that a "decoder and switch" is sufficient structure. Philips is incorrect."); Defendants' Answering Claim Construction Brief at 1 (arguing that many of the terms subject to § 112, ¶ 6 were "fatally flawed" and that Philips's expert declarations could not "provide adequate corresponding structure where none exists in the patents themselves"); Transcript of May 3, 2017 Claim Construction Hearing at 58 (acknowledging that Defendants and Microsoft were "mindful of the Court's instruction not to talk about indefiniteness," but that they were "in a bind here in one sense because we are talking about means plus function here, and [Philips has]  proposed structure").

14

*Id.* at  9 n. 14 (noting that "[t]he court finds ample structure disclosed in the specification corresponding to the 'parsing' function" of the '806  patent, and therefore adopting Philips's proposed construction").  Thus, the Delaware Court decision, at the very least, mooted Defendants' indefiniteness contentions with respect to these 10 disputed terms.

The Delaware Court also adopted Plaintiffs' constructions for the remaining two terms Defendants and Microsoft contended were indefinite on other grounds.  *Id.* at 13 n. 20 (construing the term "said sensing means" as "sensor responsive to gravity," because "the court finds that a POSA would readily understand that the term 'gravitation-controlled sensor [means],' provides the proper antecedent basis for 'said sensing means.'"); *Id.* at 8 n. 12 (adopting Philips's proposed construction as "[t]he specification provides support for this limitation").  The Delaware Court's decision therefore also mooted Defendants' and Microsoft's arguments with respect to the indefiniteness of these terms, and they should likewise be precluded from reraising any related arguments at this time.

### 2.  Defendants' and Microsoft's Statement

Following its usual practice, the District of Delaware deferred resolution of any claims of indefiniteness.  *Id.* at 3 n.2.  Defendants and Microsoft respectfully contend that indefiniteness issues regarding a number of § 112, ¶ 6 claim elements remain pending and require resolution prior to expert discovery.  The District of Delaware informed the parties that its standard practice was to not address indefiniteness issues, including for means-plus-function terms, at claim construction, and expressly noted in its Markman Order that it had indeed declined to address any such arguments.  No. 18-1885, Docket No.  241 at 3 n.2 ("The court does not address indefiniteness contentions at this time.").  Consistent with that approach, the Delaware Court also denied Defendants' and Microsoft's request to depose the Philips's experts who had submitted claim construction declarations, on grounds including that indefiniteness was not going to be considered.  Docket No. 157 at 8 ("Counsel, when is the last time you heard this Judge address indefiniteness at a claim construction hearing? . . . You have never heard of it, have you, in almost 20 years on the Bench?"); *id.* at 10 ("I am not going to hear indefiniteness.").  Although Defendants and Microsoft briefed the lack of corresponding structure for certain means-plus-

function terms and other indefiniteness issues to preserve their rights, Philips' argument that the Delaware Court nevertheless addressed indefiniteness is contrary to the record.

Resolution of these claim construction issues has the potential to narrow this case significantly, thus preserving judicial resources at summary judgment and trial and in relation to discovery disputes. Further, it is necessary for all parties to have notice of the proper scope of the claims prior to engaging in expert discovery.  Defendants and Microsoft therefore propose a targeted claim construction process that will allow the Court to efficiently resolve these outstanding claim construction issues.  Resolving these issues at the outset of the new schedule will preserve judicial resources, preserve party resources, and promote narrowing of the case.

### D.       Proceedings Pending Before the Patent Trial and Appeal Board

The Defendants, Microsoft and non-Party Google LLC have filed (or were named as real parties in interest in) numerous petitions for *inter partes* review against the patents-in-suit.  The identity and status of these proceedings is set forth below.

| IPR No. | Filing Date | Patent | Petitioner | Named RPIs | Status |
|---|---|---|---|---|---|
| IPR2017-00387 | 12/5/2016 | RE'913 | Google | Acer, ASUS | Resolved: Not Instituted |
| IPR2017-00386 (IPR2017-01766) | 12/5/2016 | RE'913 | Google (Microsoft Joined 1/16/2018) | Acer, ASUS | Open: Final decision due date 9/28/2018 |
| IPR2017-00388 | 12/5/2016 | RE'564 | Google | Acer, ASUS | Resolved: Not Instituted |
| IPR2017-00389 | 12/5/2016 | RE'564 | Google | Acer, ASUS | Resolved: Not Instituted |
| IPR2018-00185 | 11/17/2017 | RE'564 | Microsoft | N/A | Resolved: Not Instituted |
| IPR2017-00408 | 12/5/2016 | '387 | Google | Acer, ASUS | Resolved: Not Instituted |
| IPR2017-00409 | 12/5/2016 | '387 | Google | Acer, ASUS | Resolved: Not Instituted |

| IPR No. | Filing Date | Patent | Petitioner | Named RPIs | Status |
|---|---|---|---|---|---|
| IPR2018-00023 | 10/20/2017 | '387 | Microsoft | N/A | Open: Final decision due date 4/11/2019 |
| IPR2017-00410 | 12/5/2016 | '064 | Google | Acer, ASUS | Resolved: Not Instituted |
| IPR2017-00411 | 12/5/2016 | '064 | Google | Acer, ASUS | Resolved: Not Instituted |
| IPR2018-00025 | 10/20/2017 | '064 | Microsoft | N/A | Open: Not Instituted, Rehearing Petition Pending |
| IPR2018-00026 | 10/20/2017 | '064 | Microsoft | N/A | Resolved: Not Instituted |
| IPR2017-00437 | 12/8/2016 | '114 | Google | Acer, ASUS | All Claims found Patentable on Final Written Decision (6/6/2018); Subject to Appeal |
| IPR2017-00447 (IPR2017-01754) | 12/9/2016 | '806 | Google (Microsoft Joined 11/29/17) | Acer, ASUS | Open: Final decision due date 9/8/2018 |
| IPR2017-00857 | 2/9/2017 | RE'006 | HTC | N/A | Open: Final decision due date 9/6/2018 |
| IPR2017-00890 | 2/10/2017 | '695 | Microsoft / HTC | N/A | Open: Final decision due date 9/7/2018 |
| IPR2017-00856 | 6/14/2017 | '797 | HTC | N/A | Resolved: Not Instituted |
| IPR2018-00277 | 12/8/2017 | '819 | Microsoft | N/A | Resolved: Not Instituted |
| IPR2018-00279 | 12/8/2017 | '809 | Microsoft | N/A | Resolved: Not Instituted |

**E.      Principal Factual Issues in Dispute**

At this time, the parties anticipate that they will dispute the following factual issues:

(a)      Whether Defendants and Microsoft have infringed any of the asserted claims of the patents-in-suit and, if so, how;

(b)      Whether the patents-in-suit are invalid or unenforceable;

(c)      Whether Philips is entitled to damages for any alleged infringement;

(d)      If Philips is entitled to any damages, factors relevant to damages and the amount of damages; and

(e)      Whether this case is exceptional under 35 U.S.C. § 285, and, if so, whether either party is entitled to an award of attorneys' fees and costs.

**III.      LEGAL ISSUES**

**A.      Joint statement**

At this time, the parties anticipate that they will dispute the following legal issues:

(a)       Whether Defendants and Microsoft have directly and/or indirectly infringed any of the asserted claims of the patents-in-suit;

(b)      Whether the patents-in-suit are invalid or unenforceable;

(d)      Whether Philips's claims are barred, precluded, or otherwise improper based on one or more of Defendants' or Microsoft's affirmative defenses;

(e)      Whether Philips is entitled to damages or any other relief for any alleged infringement by Defendants or Microsoft and, if so, the scope of any damages or other relief;

(f)      Whether any party is entitled to attorneys' fees and costs under 35 U.S.C. § 285;

(g)      Whether Philips is entitled to enhanced damages for willful infringement under 35 U.S.C. § 284; and

(h)      Whether Philips's claims for damages are barred or limited based on 35 U.S.C. §§ 286, 287, 288 and 28 U.S.C. § 1498.

**B.      Defendants' and Microsoft's statement.**

(j)      Whether certain claim terms in the patents-in-suit are indefinite.

## IV.    MOTIONS

### A.    Past Motion Practice

Defendants and Microsoft filed various motions to dismiss and motions to transfer to this Court. *See supra* § II.A.  The District of Delaware has resolved these motions, except for those set forth below.

### B.    Pending Motions

Three motions remain pending before this Court.

#### 1.    Acer's Motion for Partial Judgment on the Pleadings

##### a.    Defendants' and Microsoft's Statement

On December 23, 2016, Acer filed a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) asking the Court to dismiss Philips's claims under the RE'564 patent because they are unenforceable due to a broadening reissue, and asking the Court to dismiss Philips's claims under the '797 patent as unenforceable due to material errors that Philips did not correct before filing.  No. 18-1885, Docket Nos. 94, 95.  The other Defendants and Microsoft joined this motion.  No. 18-1886, Docket No. 89; No. 18-1887, Docket No. 80; No. 18-1888, Docket No. 90; No. 18-1889, Docket No. 94; No. 18-1890, Docket No. 86.  Philips opposed this motion, No. 18-1885, Docket No. 108, and Acer replied on February 6, 2017.  No. 18-1885, Docket No. 119.  For the reasons stated in the motion papers, Defendants and Microsoft believe that the Court should grant this motion, which would resolve all claims in these actions regarding these two patents.

##### b.  Philips's Statement

Philips opposed this motion on the grounds that the RE'564 reissue merely corrected obvious transcription errors and therefore was not an improper broadening reissue, and that the informality in the claim language of claim 1 of the '797 patent was not a material error.  No. 18-1885, Docket No. 108. Philips maintains that the Delaware Court's claim construction ruling effectively rejected Defendants' and Microsoft's arguments as to the enforceability of the '797 patent.

#### 2.    Microsoft's Motion for Partial Judgment on the Pleadings

### a.   Defendants' and Microsoft's Statement

On January 12, 2017, Microsoft filed a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c).  No. 18-1885, Docket Nos. 105, 106; No. 18-1886, Docket Nos. 98, 99; No. 18-1888, Docket Nos. 98, 99; No. 18-1889, Docket Nos. 103, 104; No. 18-1890, Docket Nos. 94, 95.  In this motion, Microsoft contends that the asserted claims of the '064 patent are invalid because they contain means-plus-function limitations that lack sufficient corresponding structure.  Philips opposed this motion, No. 18-1885, Docket No. 122; No. 18-1886, Docket No. 108; No. 18-1888, Docket No. 108; No. 18-1889, Docket No. 115; No. 18-1890, Docket No. 104, and Microsoft replied on February 16, 2017.  No. 18-1885, Docket No. 127; No. 18-1886, Docket No. 113; No. 18-1887, Docket No. 93; No. 18-1888, Docket No. 113; No. 18-1889, Docket No. 120; No. 18-1890, Docket No. 108.  This motion remains pending.  For the reasons stated in the motion papers, Defendants and Microsoft believe that the Court should grant this motion, which would resolve all claims in these actions regarding the '064 patent.

### b.   Philips's Statement

Philips maintains that Microsoft's contention was effectively rejected in light of the Delaware Court's claim construction ruling which rejected Defendants' arguments and found the disputed terms were not means-plus-function limitations.  *See* 18-1885, Docket No. 241, at 6 and n.8.

### 3.   Motion to Stay

### a.   Joint Statement

In early 2017, Acer filed (and Microsoft joined) a motion to stay the case pending resolution of the *inter partes* review proceedings, and the Delaware Court denied the motion on March 30, 2017 without prejudice "[b]ecause the USPTO has not instituted *inter partes* review with respect to the patents at issue."  No. 18-1885, Docket No. 156 at 3, n.1.

On March 22, 2018, Acer moved the Delaware Court for a stay of its action pending resolution of the motion to transfer (now resolved) and petitions for *inter partes* review, *see supra* § II.D.  No. 18-1885, Docket Nos. 363, 364.  ASUS, HTC, and Microsoft joined this motion.  No. 18-1886, Docket No. 332; No. 18-1887, Docket No. 232.

### b.   Philips's Statement

Philips is at a loss as to why Defendants and Microsoft suggest there is a pending motion to stay. Defendants and Microsoft told Philips that they were not sure whether they intended to refile their motion under Northern District of California law, and in the interim, there is nothing for Philips to respond to because there is no pending motion to stay.  That Defendants and Microsoft have not refiled their motion to stay is unsurprising—following transfer to this Court, several IPR proceedings have been decided in Philips's favor.  Moreover, Philips maintains that a stay is improper as there are currently no pending IPR proceedings against the '819, '809, '797, '564, '114, and '064 patents, and for all but one patent final IPR decisions will issue by September 2018.

### c.  Defendant's Statement

Recognizing that the transfer to this Court would impact this motion and may require additional briefing, Defendants agreed to extend Philips's time to respond to this motion pending discussion of these issues with this Court.

### d.  Microsoft's Statement

Microsoft maintains that it would be inefficient to address claim construction issues before the IPRs involving the corresponding patents have been completed.  However, under the schedule proposed by Microsoft, claim construction briefing would not begin until after the PTAB issues Final Written Decisions on the patents that recite disputed claim terms.

### C.  Anticipated Motions

#### a.  Philips's Statement

Philips anticipates filing dispositive motions, in particular seeking partial or complete summary judgment regarding infringement of various patents-in-suit and/or regarding certain of Defendants' affirmative defenses.

As described in Section VIII.F, the parties are at an impasse with respect to certain issues, and will require assistance from the Court to resolve those issues.  The parties are continuing to confer in an attempt to resolve certain other pending discovery disputes.  Accordingly, Philips believes the assistance of a Magistrate Judge may be appropriate.

#### b.  Defendants' and Microsoft's Statement

Defendants and Microsoft anticipate filing dispositive motions.  Defendants and Microsoft anticipate seeking partial or complete summary judgment regarding at least non-infringement and invalidity of various patents-in-suit.

Defendants and Microsoft expect that they may renew their motions to stay these actions upon resolution of the pending petitions for *inter partes* review.

As noted above, Defendants and Microsoft also anticipate seeking this Court's resolution of outstanding claim construction issues relating to indefiniteness.  Resolving these issues will preserve judicial resources at summary judgment and trial, as well as party resources during expert discovery, minimize discovery disputes, and promote narrowing of the case.

## V.    AMENDMENT OF PLEADINGS

Philips has filed first and second amended complaints against Defendants.  *See supra* § 2.A.  The parties do not currently anticipate amending either the complaint or the counterclaims to add additional parties or causes of action.

## VI.    EVIDENCE PRESERVATION

The parties have reviewed this Court's Guidelines Relating to the Discovery of Electronically Stored Information.  The parties also met and conferred under Fed. R. Civ. P. 26(f) regarding, among other things, reasonable and proportionate steps to preserve evidence relevant to these actions.

## VII.    DISCLOSURES

The parties have exchanged Initial Disclosures under Federal Rule of Civil Procedure 26, disclosing the names of witnesses and the existence of documents in support of their various claims and defenses.  Philips and Defendants disclosed the information required in Fed. R. Civ. P. 26(f)(a)(1)(A) on June 17, 2016, and Microsoft did so on November 7, 2016.

Philips, Acer, ASUS, HTC, Microsoft, and Visual Land have each supplemented their initial disclosures.

## VIII.    DISCOVERY

### A.    Discovery Taken to Date

#### a.    Joint Statement

Substantial fact discovery has already occurred.  All parties have served and responded to significant numbers of interrogatories and document requests, have produced documents, and many witnesses have been deposed.

The parties have served other subpoenas on various third-parties and have taken a handful of depositions of third-party witnesses.  Documents still need to be produced and depositions taken pursuant to some of these subpoenas.

### b. Philips's Statement

Significant discovery has taken place in these cases as described below.  However, there remains some additional discovery to complete and supplement.  For that reason, as well as to allow the parties time to serve contentions compliant with the Local Patent Rules, Philips has proposed that fact discovery close on October 12.  Defendants' concern that Philips intends to serve substantial, new discovery is unfounded.  Any remaining written discovery requests that Philips intends to serve will be targeted and in any event is largely necessitated by Defendants' own dilatory actions, including a decision to unilaterally pause these litigations immediately following the transfer of the cases from Delaware to this Court.

Philips has served 20 interrogatories on each of Acer, ASUS, HTC, Microsoft, and Visual Land, and 19 interrogatories on Yifang, and over 150 requests for production on each of the Defendants, and over 300 requests for production on Microsoft.  Substantive responses to many of these requests, including basic core technical information, remain outstanding.  Philips has also noticed and taken numerous Rule 30(b)(1) and 30(b)(6) depositions of Defendants' and Microsoft's witnesses, but Philips believes there are a number of depositions of each Defendants' and Microsoft's witnesses remaining, including witnesses that will be designated pursuant to Rule 30(b)(6).

Defendants and Microsoft have served 10 common interrogatories on Philips; Acer and ASUS have each served 7 individual interrogatories; HTC and Microsoft have each served 15 individual interrogatories; and Visual Land and Yifang have not served any individual interrogatories. Defendants and Microsoft have served 52 common requests for production; Acer and ASUS have each served 100 individual requests for production; HTC has served 37 requests for production; and Microsoft has served 96 requests for production; and Visual Land and Yifang have not served any requests for production.

Defendants and Microsoft have each participated in the Rule 30(b)(1) and 30(b)(6) depositions of certain of Philips's witnesses.

Philips has also subpoenaed non-party Google for documents, source code, and depositions of its technical witnesses.  Google has proposed to produce 15 witnesses in California; Seattle; Waterloo, Canada; and London, England for deposition, none of which have been taken to date.  Because the Google discovery is relevant to the claims and defenses in these actions, Philips is working with non-party Google regarding document and source code production and scheduling of necessary depositions.

### c.  Defendants' and Microsoft's Statement

Philips has served 15 common interrogatories on Defendants.  Philips also served the Acer Defendants with 185 requests for production, and the ASUS Defendants with 176 requests for production. Additionally, Philips has served 19 individual interrogatories and 291 requests for production on Microsoft.  Philips served Microsoft with an additional interrogatory and 47 additional requests for production on May 30, 2018, which Microsoft maintains are untimely served.  See infra at § 8(C).

Microsoft has produced more than 35,000 documents, including email productions responsive to Philips's custodian requests.  The Acer Defendants have produced in excess of 160,000 documents and 1 million pages.  The ASUS Defendants have produced nearly 2,800 documents and over 142,000 pages. HTC has produced roughly 250,000 pages.  Other defendants have likewise produced substantial discovery.  Defendants have also jointly produced more than 5,500 pages of prior art information.

Defendants and Microsoft have jointly served 10 common interrogatories on Philips, and each defendant group has also served 15 individual interrogatories on Philips.  Microsoft has served 96 requests for production on Philips.  Defendants and Microsoft served their last sets of interrogatories and requests for production on March 28, 2018, just before the deadline for serving written discovery under the prior case schedule.

At the time this matter was transferred, Philips had taken the depositions of six Acer witnesses, four ASUS witnesses, nine HTC witnesses, and nine Microsoft witnesses pursuant to Rules 30(b)(1) and 30(b)(6).

Philips served Microsoft with a deposition notice under Fed. R. Civ. P. 30(b)(6) on June 23, 2017. Microsoft has agreed to make additional witnesses available pursuant to Rule 30(b)(6) to address the outstanding topics presented in Philips's June 23, 2017 notice.  Philips served Microsoft with an additional Rule 30(b)(6) deposition notice on May 30, 2018, noticing 21 additional topics.  Microsoft maintains that this notice is untimely.  See infra at § 8(C).

Defendants and Microsoft have taken the depositions of 15 Philips fact witnesses, including the inventors of the asserted RE'913, '387, '064, '006, RE'564, '806, '809, '819, '114, and '797 patents. Defendants and Microsoft have noticed the depositions of four additional Philips employees, which depositions have not yet been scheduled.  Additionally, Microsoft served Philips with deposition notices under Rule 30(b)(6) on July 24, 2017 and March 21, 2018, and the other defendants served Philips with their Rule 30(b)(6) deposition notices in December 2017 and February 2018.  To date, Defendants and Microsoft have taken depositions of Philips witnesses that cover more than half of the noticed topics.

### B.    Scope of Anticipated Discovery

#### a.    Philips's Statement

Philips notes that the parties agree that fact discovery remains open.  *See* Section XVII, "Scheduling."  Philips maintains that it may serve any remaining discovery requests through the end of fact discovery pursuant to the Federal Rules of Civil Procedure.  Moreover, Philips notes that Defendants and Microsoft agree that all of the Delaware Court's prior case deadlines are off-calendar following transfer to this Court but are nevertheless attempting to limit Philips's ability to take discovery necessitated by Defendants' and Microsoft's own dilatory discovery actions taken during this litigation.

During the remaining fact discovery period, Philips anticipates producing documents and answering interrogatories previously served (and any supplementation thereto), and if necessary serving any remaining interrogatories and requests for admission, as well as targeted requests for production. Philips also anticipates taking the remaining depositions of Defendants, non-Party Google, and certain other non-party witnesses pursuant to third-party subpoenas.  Philips disagrees with Defendants' proposal that there should be a prohibition on serving additional written discovery and serving supplemental 30(b)(6) notices, if necessary.

### b.  Defendants' and Microsoft's Statement

The parties had only one month in fact discovery remaining at the time of transfer.  Therefore, Defendants and Microsoft anticipate that the remaining fact discovery to be completed will include document production responsive to the parties' timely-served requests for production and interrogatories and depositions on timely-served individual and Rule 30(b)(6) notices.  Defendants and Microsoft also expect that the parties will continue to supplement previously served interrogatories as appropriate and to produce additional documents that are located after a reasonable search.  Defendants and Microsoft request, with respect to fact discovery, that the case remain in the posture existing at the time of transfer. Specifically, Defendants and Microsoft maintain that the parties should be prohibited from serving additional written discovery (including the interrogatories and requests for production Philips served on May 30, 2018), given that the deadline for timely serving written discovery in the Delaware District Court passed back in March.  Defendants and Microsoft maintain that the parties should be prohibited from serving additional deposition notices under Rule 30(b)(6), including the notice Philips served on May 30, 2018.

### C.      Proposed Limitations or Modifications of the Discovery Rules

####         a.  Joint Statement

The parties previously agreed on discovery limits to interrogatories and depositions that were entered by the Delaware District Court.  No. 18-1885, Docket No. 49; No. 18-1886, Docket No. 43; No. 18-1887, Docket No. 44; No. 18-1888, Docket No. 48; No. 18-1889, Docket No. 52; No. 18-1890, Docket No. 46.  The parties agree that many of these limits continue to apply.

####         b.  Philips's Statement

Philips notes that the discovery limitation on third party deposition hours needs to be modified in light of a number of developments during discovery, including: Acer's and ASUS's identification of non-party Google witnesses in its initial disclosures; identification of Google as the custodian of certain documents, source code, and other evidence; the designation by non-party Google of 15 deposition witnesses; and identification of additional third-party entities with information pertaining to certain functionalities germane to infringement of the '819 and '809 patents.  Philips proposes working with the

Defendants and the non-Party entities to resolve these discovery limitations before any Court intervention is needed.

Philips proposes to supplement its contentions shortly after the June 26, 2018 Case Management Conference to conform them to the requirements set forth in the Northern District Patent Local Rules, as well as to include any further support of Philips' infringement theories uncovered through recently and belatedly produced documents and source code from Defendants, non-Party Google, and other third parties.  For the sake of judicial efficiency, and conservation of this Court's and the parties' resources, Philips also proposes to include within such supplementation products released and/or identified as infringing after the filing of the Complaint.

Defendants' and Microsoft's refusal to provide basic discovery, including core technical documents and the identification of products running certain operating systems in response to Philips's Interrogatory No. 1, as well as certain Defendants' identification of non-parties as sole custodians of information relevant to infringement, has necessitated the need for the multiple rounds of infringement contentions and supplementation of Accused Products lists.

### c.  Defendants' and Microsoft's Statement

Defendants and Microsoft request, with respect to fact discovery, that the case remain in the posture existing at the time of transfer.  Specifically, Defendants and Microsoft maintain that the parties should be prohibited from serving additional written discovery (including the interrogatories and requests for production Philips served on May 30, 2018), given that the deadline for timely serving written discovery in the Delaware District Court passed back in March.

Defendants and Microsoft maintain that the parties should be prohibited from serving additional deposition notices under Rule 30(b)(6), including the notice Philips served on May 30, 2018.

Defendants and Microsoft are willing to meet-and-confer with Philips regarding a reasonable adjustment to the limits on third-party discovery to which the parties previously agreed.

Defendants and Microsoft contend that Philips should not be entitled to accuse new products or functionalities that were not properly accused in Philips's final contentions on February 2, 2018.  Defendants and Microsoft submit that any supplementation of the Final Infringement Contentions and

Final Invalidity Contentions should be limited to providing any additional information required by this Court's Patent Local Rules. Supplemental Final Infringement Contentions and Final Invalidity Contentions should not include any new theories of liability or newly accused products that were released at the time the Final Contentions were initially served.

### D.   ESI Discovery

The parties agreed to and entered a stipulation regarding the discovery of electronically stored information on October 7, 2016. (Case No. 18-1885, Docket No. 58; entered per Oct. 12, 2016 Order.)

### E.   Discovery Plan

The parties have set forth their respective positions on the discovery and pretrial schedule in Section XVII.

### E.   Discovery Disputes

#### 1.   Joint Statement

Certain of the parties are at an impasse as to the scope of accused products, and will require the Court's assistance. The parties have other several informal discovery disputes that they are attempting to resolve without Court intervention.[3]

#### 2.   Philips's Statement

Certain of the parties are at an impasse as to the scope of accused products, and sales data and core technical documents concerning those products. Further, Philips has identified disputes regarding (1) representativeness and representativeness contentions, (2) license production, (3) telemetry data; and (4) information pertaining to the accused products' technical capabilities relevant to the '819/809 patents. To the extent that these and other disputes cannot be resolved, Philips is willing to consent to a Magistrate Judge for the purposes of resolving discovery disputes in accordance with this Court's Standing Order for Civil Cases before District Jude Haywood S. Gilliam, Jr., paragraph 15.

Philips served Microsoft with an interrogatory and 47 requests for production on May 30, 2018, and served Microsoft with a supplemental Rule 30(b)(6) deposition notice on that same date, noticing 21

---

[3] Due to the size and complexity of the case, the number of parties involved, and to keep this joint statement concise, the parties do not list each of the outstanding discovery disputes for which they are working together to resolve.

topics.  Microsoft maintains that the discovery served on May 30, 2018 is untimely.  Philips disagrees and maintains that it should be entitled to serve discovery through the end of fact discovery.  Philips further notes that under either of the parties' proposals, fact discovery would close in the fall of 2018.

Philips also notes that Visual Land has not participated in this litigation, and has neglected its litigation duties.  For example, Visual Land has produced only 494 pages of documents, and has offered only one witness for only one day of deposition.  Furthermore, Visual Land has wholly failed to substantively answer most interrogatories, and instead has suggested little more than that it may supplement at some later date.  Visual Land counters that it was "diligently engaged in meaningful written discovery and document production to date," but this is simply false.  As just one example, Visual Land has never even responded to Philips' Fourth Set of Interrogatories (Nos. 16-17) which were served last November.   Despite these persistent deficiencies, Philips has on numerous times reached alleged agreements with Visual Land on a discovery plan, and each time Visual Land has failed to honor its agreements. Given this conduct, Philips anticipates the need for Court intervention to compel Visual Land to comply with its discovery obligations in this litigation.

### 3.  Defendants' Statement

Acer and ASUS have raised disputes including (1) Philips's deficient production of documents in response to outstanding RFPs, including licensing documents and European prosecution and litigation documents; (2) production of documents and witnesses relating to certain Philips's licenses; and (3) providing dates for the deposition of certain requested Philips's employees.

### 4.  Microsoft's Statement

As discussed in Section 8(C), Microsoft maintains that the parties should not be permitted to serve additional discovery requests or notice additional 30(b)(6) depositions.

Additionally, Microsoft has raised disputes including, but not limited to, (1) Philips's deficient production of documents in response to outstanding RFPs, including licensing documents and other litigation documents; (2) Philips's refusal to produce documents in response to the vast majority of Microsoft's requests for production; and (3) Philips's over-redaction of its document production.

To the extent that these other disputes cannot be resolved without court assistance, Microsoft is willing to submit these issues to a Magistrate Judge.

### 5.  Visual Land's Statement

Visual Land has diligently engaged in meaningful written discovery and document production to date. In fact, just yesterday, June 18, Visual Land's counsel served responses to Philips's most recent written discovery requests. Moreover, Visual Land previously offered Philips deposition dates for Visual Land's corporate representative, which Philips did not timely accept; and Visual Land more recently offered additional alternative deposition dates for its corporate representative. Moreover, Philips has already deposed a former Visual Land employee. And Visual Land representatives have been diligently communicating with Philips in-house counsel for weeks to pursue resolution of this case. Philips seeks to impose undue burden upon Visual Land by accelerating discovery into very minor issues in the absence of any meaningful discovery deadlines. And Visual Land's dispute with former counsel is a red herring, and despite Philips's implication to the contrary, Visual Land is represented by counsel in this action.

## IX.    CLASS ACTIONS

Not applicable.

## X.    RELATED CASES

Philips filed nine cases in the District of Delaware:

*Koninklijke Philips N.V., et al. v. Acer, Inc., et al.*, Case No. 1-15-cv-01170 (D. Del.);

*Koninklijke Philips N.V., et al. v. ASUSTek, et al.*, Case No. 1-15-cv-01125 (D. Del.);

*Koninklijke Philips N.V., et al. v. HTC Corp., et al.,* Case No. 1-15-cv-01126 (D. Del.);

*Koninklijke Philips N.V., et al. v. Visual Land, Inc.*, Case No. 1-15-cv-01127 (D. Del.);

*Koninklijke Philips N.V., et al. v. Double Power Techn., Inc., et al.*, Case No. 1-15-cv-01130 (D. Del.);

*Koninklijke Philips N.V., et al. v. YiFang USA, Inc. D/B/A E-Fun, Inc.*, Case No. 1-15-cv-01131 (D. Del.);

*Koninklijke Philips N.V. v. Southern Telecom, Inc.*, Case No. 1-15-cv-01128 (D. Del.);

*Koninklijke Philips N.V. et al. v. Digital Products International, Inc.*, Case No. 1-15-cv-01129 (D. Del.);

*Koninklijke Philips N.V. et al. v. Nintendo Co., Ltd. et al.*, Case No. 1:14-cv-00602 (D. Del.).

Of these cases, three were dismissed without prejudice prior to transfer:

*Koninklijke Philips N.V. v. Southern Telecom, Inc.*, Case No. 1-15-cv-01128 (D. Del.);

*Koninklijke Philips N.V. et al. v. Digital Products International, Inc.,* Case No. 1-15-cv-01129 (D. Del.);

*Koninklijke Philips N.V. et al. v. Nintendo Co., Ltd. et al.*, Case No. 1:14-cv-00602 (D. Del.).

The remaining cases were transferred to this Court, and are now filed as:

*Koninklijke Philips N.V., et al. v. Acer, Inc., et al.*, Case No. 4:18-cv-01885-HSG;

*Koninklijke Philips N.V., et al. v. ASUSTek, et al.*, Case No. 4:18-cv-01886-HSG;

*Koninklijke Philips N.V., et al. v. HTC Corp., et al.*, Case No. 4:18-cv-01887-HSG;

*Koninklijke Philips N.V., et al. v. Visual Land, Inc.*, Case No. 4:18-cv-01888-HSG;

*Koninklijke Philips N.V., et al. v. Double Power Techn., Inc., et al.*, Case No. 4:18-cv-01889-HSG[4];

*Koninklijke Philips N.V., et al. v. YiFang USA, Inc. D/B/A E-Fun, Inc.*, Case No. 4:18-cv-01890-HSG.

Under Pat. L.R. 2-1(a)(1), "[w]hen actions concerning the same patent are filed within two years of each other by the same plaintiff, they will be deemed related." There are no other pending cases involving the patents-in-suit.

As discussed above, five of the patents-in-suit are the subject of pending petitions for *inter partes* review, and the *inter partes* review proceedings on the remaining patents-in-suit have been resolved.

## XI.   RELIEF

---

[4] Philips and Defendants Double Power Technology, Inc., Zowee Marketing Co., Ltd. and Shenzen Zowee Technology Co., Ltd. have filed a Stipulated and Unopposed Motion for Voluntary Dismissal under Fed. R. Civ. P. 41(a)(2) and Entry of Permanent Injunction, asking for dismissal of all claims between them. However, the claims between Philips and Microsoft remain pending in that case.

### A.     Philips's Statement

Relief Sought in Complaint:  Philips seeks: (1) a judgment that Defendants and Microsoft have directly infringed, indirectly infringed, induced others to infringe, and contributed to the infringement of the patents-in-suit; (2) an award of damages adequate to compensate Philips for Defendants' and Microsoft's infringement of the patents-in-suit, but in no event less than a reasonable royalty, together with prejudgment and post-judgment interest thereon; (3) a judgment that Defendants and Microsoft be ordered to account for post-verdict infringement and pay no less than a reasonable royalty, together with interest, thereon; (4) a judgment that Defendants' and Microsoft's infringement is deliberate and willful and that Defendants and Microsoft be ordered to pay treble damages under 35 U.S.C. § 284; (5) a finding that this is an exceptional case under 35 U.S.C. § 285 and that Philips be awarded its reasonable attorneys' fees, costs, and expenses; and (6) such other and additional relief as the Court deems just and proper.

Patent Local Rule 2-1(b)(5): Non-Binding, Good-Faith Estimate of Damages Range

The precise calculation of damages depends on information that is not presently in Philips's possession.  Although damages-related discovery has begun, Philips anticipates further discovery regarding the following and other matters may have relevance to the computation of damages due to Philips, including:

- License or other agreements in Defendants' and Microsoft's possession which may be comparable to a license that would result from a hypothetical reasonable royalty negotiation;

- The extent of Defendants' and Microsoft's infringement of the patents-in-suit;

- Financial and sales data concerning all the products accused of infringement.  Discovery relating to the sales of accused products that has been provided by Defendants and Microsoft is incomplete.

Philips notes that financial and sales data will be produced in accordance with Defendants' and Microsoft's Patent L.R. 3-4(d) document production.  Naturally, Philips will promptly supplement all of

its damages disclosures and calculations as required by the Federal Rules and the Patent Local Rules of this Court, once the requisite discovery has been provided by Defendants.

### B.   Defendants' and Microsoft's Statement

Defendants and Microsoft generally seek (1) declaratory judgments that they have not infringed the respective patents-in-suit that they are accused of infringing, directly or indirectly, and that the patents-in-suit are invalid; (2) an order dismissing the Complaints and Amended Complaints in their entirety with prejudice; and (3) an award of attorneys' fees and costs pursuant to 35 U.S.C. § 285.

Patent Local Rule 2-1(b)(5): Non-Binding, Good-Faith Estimate of Damages Range:

Philips, the plaintiff in this case, has not provided any estimate of damages to Defendants and Microsoft, and has deferred answering discovery seeking information regarding damages sought. Additionally, Philips has not produced all relevant licenses and witnesses regarding licensing. Accordingly, Defendants and Microsoft are not in a position to provide the court with an estimate at this time.  Defendants and Microsoft anticipate that they will have more information following service by Philips of damages contentions.

## XII.   SETTLEMENT AND ADR

The parties have had informal discussions regarding settlement, but to date there has been no resolution of these actions.  The parties remain open to pursuing ADR as a means for reaching a mutually agreeable settlement.  The parties believe it will be important to have (1) resolution on the scope of Accused Products and (2) conducted damages-related discovery prior to any mediation.

The parties have met and conferred regarding ADR selection, and as required by the Court's scheduling order, the parties filed their ADR certifications on June 5, 2018.  Philips and Acer, ASUS, HTC, and Microsoft have agreed to private mediation at a date to be determined and are presently negotiating over an appropriate private Mediator.  Philips and Yifang and Visual Land met and conferred but have not yet reached an agreement to an ADR process, and therefore have agreed to participate in the ADR phone conference.

## XIII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Philips's statement.  Philips does not consent to trial before a Magistrate Judge, but consents to proceed before a Magistrate Judge for resolving discovery disputes.

Defendants' and Microsoft's statement.  The parties decline to proceed before a magistrate judge.

## XIV.   OTHER REFERENCES

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV.   NARROWING OF ISSUES

### A.   Philips's Statement

Philips current proposal is as follows: (1) Philips will in each case reduce the asserted claims to no more than five per asserted patent, and (2) Defendants will narrow their invalidity contentions to no more than five alleged prior art references per patent and at most ten grounds of prior art invalidity per patent. This proposal is not meant to foreclose additional discussions on narrowing as the case progresses.

Moreover, Philips disagrees that Philips's case narrowing proposal is largely one-sided.  Philips has continually attempted to negotiate with Defendants and Microsoft to narrow the number of asserted claims and asserted prior art references per patent.  As Defendants and Microsoft note herein, they are currently asserting 183 **primary** references and an unknown number of secondary references, which is significantly more than the number of references that would fairly put Philips on notice of what may be presented at trial.  And, as Defendants have conceded, narrowing the number of references prior to expert reports is essential.  *See* Case No. 18-1885, Docket No. 50, September 6, 2016 Hearing at 11:21-25 (Counsel for Acer/ASUS, speaking on behalf of Defendants: "The idea is to get a limited number of claims and a limited number of prior art references as we head into expert reports again.  It should limit the number of disputes, and bring things closer together as we get ready for trial.")

Philips believes case narrowing should take a staged approach as the case progresses.  Philips disagrees with the Defendants that case narrowing must begin by agreeing on what a reasonable trial should include, and their proposal to narrow the case once-and-for all as to what would be included in

such a trial.  Such a narrowing at this stage prior to the close of fact discovery and expert discovery is improper and unnecessary.

In October 2017, after the Delaware Court issued its claim construction order, Philips made the following case narrowing proposal, which it had offered to Defendants earlier in October 2016: (1) Philips will in each case reduce the asserted claims to no more than five per asserted patent, and (2) Defendants will narrow their invalidity contentions to no more than five alleged prior art references per patent. Defendants made no counter to that proposal.  Instead, Defendants advised that they would not entertain any case narrowing proposal unless Philips first agreed to: (1) reduce the number of asserted patents to three patent families and (2) waive its right to a trial on the other patents.  Philips does not agree it that it should be required to tolerate infringement of any of the asserted patents.  Any concerns about the number of asserted patents and complexity can be addressed through trial staging.

To the extent Defendants and Microsoft now contend they have only "asked Philips *to take a position on what a reasonable trial will look like*"—and not waive its right to a trial on the other patents— Philips has already communicated to Defendants and Microsoft on March 26, 2018 what a reasonable trial would include.  Philips proposed that a first reasonable trial would include a subset of up to four patent families (up to five patents) against all Windows-based products, and a second reasonable trial would include another subset of up to four patent families (up to five patents) against all Windows-based products.  *See infra* Section XVIII, "Trial."

### B.      Defendants' and Microsoft's Statement

Case narrowing is necessary and inevitable.  Philips currently asserts 70 claims from 11 patents against three software platforms running on hundreds of different products sold by seven company groups.  From Defendants' and Microsoft's perspective, the issue of case narrowing is tied inextricably to what a reasonable jury trial would look like in terms of number of asserted patents, or claims, and number of invalidity references.  Once it is clear what the scope of a trial will be, Defendants and Microsoft are confident that the parties can work out a procedure and schedule for arriving at a narrowed set of issues to be tried.  To that end, Defendants and Microsoft have attempted to engage Philips in a discussion about the scope of the trials in these cases, but at least thus far, to no avail.

Philips claims that Defendants and Microsoft will "not entertain any case narrowing proposal unless Philips first agreed to: (1) reduce the number of asserted patents to three patent families and (2) waive its right to a trial on the other patents." This is incorrect. Defendants and Microsoft have asked Philips *to take a position on what a reasonable trial will look like*; Philips has refused. Instead, Philips has continued to press its proposal for the first step of narrowing, which is largely one-sided: under Philips's proposal, Philips would drop only duplicative and overlapping patent claims, and Defendants and Microsoft would drop the vast majority of their currently asserted invalidity claims and combinations—and would do so before Philips provided its final infringement contentions or expert reports. Philips's proposal would not actually narrow the case for trial, and would prejudice Defendants and Microsoft.

Because the purpose of case narrowing is to narrow the case for trial, a mutual understanding of the parameters of a reasonable trial—the end goal—is necessary to productive negotiations regarding intermediate steps to reach that goal. Courts in this District routinely order trials with capped numbers of patent claims. *See, e.g.*, *Huawei Technologies Co. Ltd., et al. v. Samsung Electronics Co. Ltd.*, No. 16-2787, Docket No. 143 (N.D. Cal. June 2, 2017); *Apple, Inc. v. Samsung Electronics Co. Ltd., et al.*, No. 12-630, Docket No. 1219 (N.D. Cal. Jan. 30, 2014); *Oracle America, Inc. v. Google, Inc.*, No. 10-3561, Docket No. 131 (N.D. Cal. May 3, 2011). Moreover, some case narrowing may flow organically from the Court's ruling on the pending motions for judgment on the pleadings, which could resolve all claims regarding three patents-in-suit and thus reduce the total to eight patents; *see supra* § 3.B; the pending IPRs on several patents, *see supra* § 2.D; and/or the Court's rulings on indefiniteness issues that were deferred by the District of Delaware, *see supra* § 3.C.

Despite these potential avenues for case narrowing, the Court may have to order additional narrowing by actions of the parties. Defendants and Microsoft submit that a reasonable jury trial would include no more than ten claims of three patents, where the related '387/'064 and '819/'809 patents would count as one patent each. Thus, a reasonable trial could include up to five patents and ten claims. Defendants and Microsoft further submit that a reasonable jury trial would include no more than three invalidity combinations per asserted claim. The parties have been unable to agree on a procedure for case

narrowing, largely because they cannot agree on what a reasonable trial should include.  If the Court provides the parties with its view of a reasonable trial, the parties can and should work out how to get there, and to that end, Defendants and Microsoft have proposed specific deadlines in the proposed case schedule to meet and confer and provide the Court with a joint statement regarding case narrowing.  As indicated in the proposed schedule, these deadlines follow the upcoming IPR rulings and this Court's adjudication of motions that are likely to affect the scope of the case.

## XVI.   EXPEDITED SCHEDULE

The parties do not believe this case is appropriate for the Expedited Trial Procedure.

## XVII.   SCHEDULING

### A.   Philips's Statement

Because the Philips cases involve overlapping patents-in-suit and some of the same parties (*i.e.*, Microsoft in the cases it has intervened), Philips proposes that its following case schedule be adopted in each of the Philips cases in an effort to streamline proceedings and to consolidate trial, as appropriate.

### B.   Defendants' and Microsoft's Statement

The parties have set forth their respective positions on the remaining discovery and pretrial schedules below.

Microsoft joins Defendants' proposed schedule with the exception of the first five dates that relate to fact discovery and claim construction.  Half of the parties' disputed means-plus-function terms are recited by the '695 and '806 patents, and the PTAB will issue Final Written Decisions on those two patents on or before September 7 and 8, 2018, respectively.  Deferring claim construction briefing until after the PTAB's decisions may obviate the need for the Court to address these terms altogether.  Microsoft therefore suggests that the dates for claim construction briefing be scheduled after the PTAB decisions.  Microsoft's proposed close of fact discovery allows more than two and a half months for the parties to complete depositions and document production responsive to timely-served requests.

### A.   Schedule

| Event | Philips | Defendants | Microsoft |
|---|---|---|---|

| Event | Philips | Defendants | Microsoft |
|-------|---------|------------|-----------|
| Close of Fact Discovery | Friday, October 12, 2018 | Friday, September 28, 2018 | Monday, September 10, 2018 |
| Opening Claim Construction Briefing on 112/6 Issues | N/A – Del. Court Resolved | Friday, August 3, 2018 | Friday, September 28, 2018 |
| Responsive Claim Construction Brief | N/A – Del. Court Resolved | Friday, August 17, 2018 | Friday, October 12, 2018 |
| Claim Construction Hearing | N/A – Del. Court Resolved | Friday, September 7, 2018 | Thursday, October 25, 2018 (or at convenience of the Court) |
| Hearing on Motions for Judgment on the Pleadings | N/A – Del. Court Resolved | Friday, September 7, 2018 | Thursday, October 25, 2018 (or at convenience of the Court) |
| Supplemental Case Management Report | N/A – Del. Court Resolved | 14 days after Court's Order Regarding Claim Construction | |
| Philips to serve amended infringement contentions (Pat. L.R. 3-1) and accompanying document production, to the extent such documents were not already produced (Pat. L.R. 3-2). | Thursday, June 28, 2018<br><br>Contentions will include at most 5 claims per patent, contingent upon Defendants agreeing to narrow their invalidity contentions as described below. | 14 days after Court's Order Regarding Claim Construction[5] | |

---

[5] Because Philips has already served its Final Infringement Contentions in Delaware, Acer and Microsoft propose that Philips should be limited to providing the additional information contemplated by this Court's Patent Local Rules.

| Event | Philips | Defendants | Microsoft |
|---|---|---|---|
| Defendants to serve amended invalidity contentions (Pat. L.R. 3-3) and accompanying document production, to the extent such documents were not already produced (Pat. L.R. 3-4). | Monday, July 30, 2018<br><br>Contentions will include at most 5 alleged prior art references per patent and at most 10 grounds of prior art invalidity per patent. | 30 days after Amended Infringement Contentions | |
| Defendants to Serve Supplemental Final Non-Infringement Contentions | Monday, July 30, 2018 | 30 days after Amended Infringement Contentions | |
| Philips to serve Damages Contentions (Pat. L.R. 3-8) | Thursday, August 30, 2018 | 14 days after Amended Invalidity Contentions | |
| Philips to serve Final Validity Contentions | Thursday, August 30, 2018 | 14 days after Amended Invalidity Contentions | |
| Defendants to serve Responsive Damages Contentions (Pat. L.R. 3–9) | Monday, October 1, 2018 | 30 days after Damages Contentions | |
| Expert Opening Reports | Thursday, November 8, 2018 | 30 days after Responsive Damages Contentions | |
| Expert Rebuttal Reports | Thursday, December 20, 2018 | 45 days after Opening Reports | |
| Close of Expert Discovery | Thursday, January 24, 2019 | 60 days after Rebuttal Reports | |
| Dispositive and *Daubert* Motions | Thursday, January 31, 2019 | 21 days after Close of Expert Discovery | |
| Oppositions to Dispositive and *Daubert* Motions | Thursday, February 14, 2019 | 30 days after Dispositive and *Daubert* Motions | |
| Reply Briefs to Dispositive and *Daubert* Motions | Thursday, February 21, 2019 | 14 days after Oppositions to Dispositive and *Daubert* Motions | |

| Event | Philips | Defendants | Microsoft |
|---|---|---|---|
| Dispositive and *Daubert* Motions Hearing | Thursday, March 7, 2019 | 14 days after Reply Briefs to Dispositive and *Daubert* Motions, or at the Court's convenience | |
| Last Day to Meet and Confer re: settlement, joint pretrial filings, and narrowing issues for trial | Tuesday, May 7, 2019 | For each action, 70 days before trial setting for that action | |
| Exhibits Sets Exchange (Each party serves every other party one set of proposed exhibits, charts, schedules, summaries, diagrams, and other document to be used in case-in-chief) | Tuesday, May 7, 2019 | For each action, 60 days before trial setting for that action | |
| Witness List Exchange Exchanged (names and brief description of subject matter of testimony - case-in-chief only)<br><br>Deposition/Interrogatory/ RFA Designation Exchange (case-in-chief only) | Tuesday, May 7, 2019 | For each action, 60 days before trial setting for that action | |
| Motions *in Limine* | Tuesday, May 14, 2019 | For each action, 45 days before trial setting for that action | |
| File Joint Pretrial Statement, Jury Instructions, voir dire questions, verdict forms, statement of case, trial briefs, and oppositions to Motion *in Limine* | Tuesday, May 21, 2019 | For each action, 30 days before trial setting for that action | |
| Final Pretrial Conference | Tuesday, June 4, 2019 | For each action, 21 days before trial setting for that action | |

| Event | Philips | Defendants | Microsoft |
|---|---|---|---|
| Philips's Proposal: Commencement of first consolidated jury trial concerning Windows-based products and involving all parties other than HTC.<br><br>Defendants' proposal: Philips v. Microsoft Trial | Tuesday, June 18, 2019, subject to the Court's convenience, for approximately three weeks, with time split evenly between Plaintiffs and Defendants as a group | Convenience of Court; 10 days long; time split equally among Philips and Microsoft. | |
| Philips's Proposal: Commencement of second jury trial against Windows-based products | Two weeks after verdict in previous trial, subject to the Court's convenience, for approximately three weeks, with time split evenly between Plaintiffs and Defendants as a group | | |
| Philips proposal: Commencement of remaining trial(s) against Android-based and Chrome-based products. | Two weeks after verdict in previous trial, subject to the Court's convenience | | |
| Defendants' Proposal: Philips v. Acer | | Convenience of Court; 10 days long | |
| Defendants' Proposal: Philips v. ASUS | | Convenience of Court; 10 days long | |
| Defendants' Proposal: Philips v. HTC | | Convenience of Court; 10 days long | |
| Defendants' Proposal: Philips v. Double Power | | Convenience of Court; 10 days long | |
| Defendants' Proposal: Philips v. YiFang | | Convenience of Court; 10 days long | |

## XVIII. TRIAL

### A.    Joint Statement

All parties have demanded a jury trial in these actions.

### B.    Philips's Statement

Philips proposes to streamline and consolidate trial of these actions in several stages.  Such a consolidated trial schedule as proposed below would (1) narrow the issues for a given jury and avoid jury confusion (*i.e.*, a jury would not need to decide infringement of three different operating system platforms); (2) preserve judicial and jury resources by avoiding hearing the same infringement and invalidity issues on a per-defendant basis (*i.e.*, deciding whether the Windows Operating System infringes the patents-in-suit and whether the same prior art invalidates the patents-in-suit in separate Microsoft, Acer, ASUS, Yifang, and Visual Land trials, and (3) avoid inconsistent verdicts on those same issues.

The accused products in these actions all run either the Windows Operating System, the Android Operating System, or the Chrome operating System (together with certain hardware).  For all products running a given operating system, there is substantial, if not complete, overlap in the disputed infringement issues across the different defendant groups.  This is particularly true of the accused Windows based products.[6]  And, the disputed validity issues for each asserted patent are common across all defendant groups.

For these reasons, Philips believes it would be most efficient and appropriate for the first trial to focus on a subset of the asserted patents and the Windows based infringement claims, which are common across all but the HTC action.  HTC is the only defendant that does not market any Windows-based products accused of infringement.

Philips envisions this first trial would involve a first subset of the asserted patents[7] and last for approximately three weeks.[8]  The trial would include Philips on the one side, and Microsoft and all the

---

[6] None of the Defendants has modified the Windows Operating System as it is supplied by Microsoft in any of the accused Windows based products.

[7] Philips currently contemplates that the first subset of patents would include patents related to user interfaces (*i.e.*, the '913, '387, '064, '797, and '564 patents), but proposes that the final selection of patents to be adjudicated in the first Windows based trial should be deferred until closer to trial.

other Defendants that sell accused Windows-based products—namely, Acer, ASUS, Visual Land, and Yifang—on the other side.  This first trial would resolve all the Windows based infringement, damages and validity issues for the first subset of asserted patents as between Philips and all other parties, with the exception of HTC.  The time at trial would be evenly split between Philips and the Defendants as a group.

Philips proposes next to have a second trial on the remaining patents asserted against Windows-based products.[9]  This second trial would again involve Philips on the one side, and Microsoft, Acer, ASUS, Visual Land, and Yifang on the other side.  It is anticipated this second trial would also last for approximately three weeks with the time evenly split between Philips and Defendants as a group.  At the conclusion of this second trial, all issues would be resolved as between Philips and Microsoft.  And, the only remaining issues as between Philips and Acer, ASUS, Visual Land and YiFang would relate to Android or Chrome based infringement and damages issues.

Philips then proposes to have a third and fourth trial, each involving a subset of the patents asserted against HTC.[10]  This third and fourth trial would not involve any Windows-based infringement issues.  Rather, it would focus on the Android-based HTC products and resolve all the infringement, damages and validity issues as between Philips and HTC.

Finally, Philips proposes to then have remaining trial(s) to resolve any remaining issues as concerns the accused Android-based products and Chrome-based products of Acer, ASUS, YiFang and Visual Land, which may be consolidated as appropriate.

Philips disagrees with Defendants' suggestion that serial trails for every individual defendant are required by 35 U.S.C. §299, given the similarity (and in many instances, identicality) in these cases of products, transactions, and occurrences involved, the common questions of fact at issue, and the joint and several liability theories available under that Section and otherwise.  At a minimum, Philips respectfully

---

[8] Philips requests this amount of time, in part, because it understands that trial will be conducted from 8:30 a.m. to 1:30 p.m. Monday through Fridays.  *See* Civil Pretrial and Trial Standing Order for Cases Before District Judge Haywood S. Gilliam, Jr. ¶ 27 (March 10, 2017).

[9] Philips currently contemplates the second subset of patents would include patents related to audio/video processing and transmission (*i.e.*, the '806, '695, '819, and '809 patents), but again proposes the final selection be deferred until closer to trial.

[10] Philips again proposes that final selection of the patents for the HTC trials should be deferred until closer to trial.

requests the opportunity to brief those issues prior to the Court accepting Defendants' "single party per trial" proposal.

### C.    Defendants' and Microsoft's Statement

The Court should hear Philips's claims against each defendant group in a separate trial, that is, Philips's claims against the Microsoft parties in one trial, Philips's causes of action against the Acer entities in a separate trial, and so on.  Defendants and Microsoft are entitled to separate trials under 35 U.S.C. § 299.  Separate trials are also more practical, given the complexity of presenting a single trial with multiple defendants having different products and software and thus different arguments on non-infringement and damages, as well as different degrees of estoppel due to IPR petitions.  It would be prejudicial and wasteful of judicial and party resources to require any defendant group to appear for multiple trials.  It is likely although not guaranteed that the result of the first trial will significantly narrow the issues between Philips and the remaining defendant groups, and could also lead to settlement by some if not all of the remaining defendant groups.

The necessary length of each trial will depend on the number of patents and claims that remain in dispute against each defendant group as of its trial date.  Before Microsoft intervened, Philips and Defendants agreed that each trial will require no more than 10 full court days.  No. 18-1885, Docket No. 49 at 7; No. 18-1886, Docket No. 43 at 7; No. 18-1887, Docket No. 44 at 7; No. 18-1888, Docket No. 48 at 7; No. 18-1889, Docket No. 52 at 7; No. 18-1890, Docket No. 46 at 7.  Microsoft agrees.  Trial time should be split evenly among the parties, rather than treating the Defendants as a group.

## XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

### A.    Philips's Statement

On December 18, 2015, the Philips plaintiffs filed Disclosure Statements under Fed. R. Civ. P. 7.1.  Docket Nos. 5, 6.  In its statement, plaintiff U.S. Philips Corporation stated that it is "a wholly-owned subsidiary of Philips Holdings USA, which is an indirect, wholly-owned subsidiary of Koninklijke Philips N.V., a publicly-held corporation."  Docket No. 6.  In its statement, plaintiff Koninklijke Philips N.V. stated that "there are no corporate parents, affiliates, and/or subsidiaries of said party, which are publicly held owning more than 10% of its corporate stock."  Docket No. 5.

Philips has filed herewith a "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15.  In that certification, Philips identified that no other entity other than the named parties and Philips Holdings USA has (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

### B.   Defendants' and Microsoft's Statement

#### 1.   *Koninklijke Philips N.V. et al. v. Acer Inc. et al.*, No. 18-1885

On March 8, 2016, the Acer defendants filed a Disclosure Statement under Fed. R. Civ. P. 7.1. Docket No. 14.  In their statement, defendants Acer Inc. and Acer America Corporation stated that "Acer Inc. is the parent corporation to Acer America Corporation.  Acer Inc. is a publicly traded company in Taiwan, R.O.C. that is the parent corporation and owns 100% of the shares of Boardwalk Capital Holdings Limited, a British Virgin Islands Company.  Boardwalk Capital Holdings is the parent company and owns 100% of the shares of Acer American Holdings Corporation, a Delaware corporation.  Acer American Holdings Corporation is the parent corporation and owns 100% of the shares of Gateway, Inc., a Delaware corporation.  Gateway, Inc. owns more than 10% of the shares of Acer America Corporation. There is no entity or publicly held corporation owning 10% or more of Acer Inc.'s stock." *Id.*

On June 15, 2018, Microsoft filed a Certificate of Interested Entities or Persons, as required by Civil Local Rule 3-15. Dkt. No. 410. The Certificate stated that Microsoft Corporation has no parent company and that no publicly-held corporation owns 10% or more of its stock, and that Microsoft Mobile Inc. is a wholly-owned subsidiary of Microsoft Corporation. The Certificate further stated that no other entity other than the named parties has a financial interest in the subject matter in controversy or in a party to the proceeding or any other interest that could be substantially affected by the outcome of the proceeding.

#### 2.   *Koninklijke Philips N.V. et al. v. ASUSTeK Computer Inc. et al.*, No. 18-1886

On March 8, 2016, the ASUS defendants filed a Disclosure Statement under Fed. R. Civ. P. 7.1. Docket No. 13.  In their statement, defendants ASUSTeK Computer Inc. and ASUS Computer International ("ACI") stated that "ASUSTek is the parent corporation to ACI.  ASUSTek is a publicly

traded company in Taiwan, R.O.C. that owns 10% or more of ACI.  There is no entity or publicly held corporation owning 10% or more of ASUSTek's stock.  Other than ASUSTek, no other publicly held company owns 10% or more of ACI's stock."  *Id.*

On June 15, 2018, the Microsoft parties filed a Certificate of Interested Entities or Persons, as required by Civil Local Rule 3-15, identical to their disclosure statement in *Koninklijke Philips N.V. et al. v. Acer Inc. et al.*, No. 18-1885.  Docket No.  377.

### 3.  *Koninklijke Philips N.V. et al. v. Visual Land, Inc.*, No. 18-1888

On March 8, 2016, Visual Land filed a Disclosure Statement under Fed. R. Civ. P. 7.1.  Docket No. 13.  In its statement, defendant Visual Land stated that "it has no parent company and no publicly held company owns 10% or more of Visual Land's stock."  *Id.*

On June 15, 2018, the Microsoft parties filed a Certificate of Interested Entities or Persons, as required by Civil Local Rule 3-15, identical to their disclosure statement in *Koninklijke Philips N.V. et al. v. Acer Inc. et al.*, No. 18-1885.  Docket No.  343.

### 4.  *Koninklijke Philips N.V. et al. v. Double Power*, No. 18-1889

On April 28, 2016, the Double Power defendants filed a Disclosure Statement under Fed. R. Civ. P. 7.1.  Docket No. 22.  In their statement, defendants Double Power Technology Co., Inc. ("Double Power"), Zowee Marketing Co., Ltd. ("Zowee Marketing"), and Shenzhen Zowee Technology Co., Ltd. ("Shenzhen Zowee") stated that "Shenzhen Zowee has no parent corporation and no public corporation owns 10% or more of Shenzhen Zowee's stock. Shenzhen Zowee is publicly traded on the Shenzhen Stock Exchange in China.  Shenzhen Zowee owns 100% of Zowee Marketing.  Shenzhen Zowee owns 100% of Double Power."  *Id.*

On June 15, 2018, the Microsoft parties filed a Certificate of Interested Entities or Persons, as required by Civil Local Rule 3-15, identical to their disclosure statement in *Koninklijke Philips N.V. et al. v. Acer Inc. et al.*, No. 18-1885.  Docket No.  303.

### 5.  *Koninklijke Philips N.V. et al. v. YiFang USA Inc.*, No. 18-1890

On March 9, 2016, YiFang filed a Disclosure Statement under Fed. R. Civ. P. 7.1.  Docket No. 14. In its statement, defendant YiFang stated that "there are no parents, trusts, subsidiaries and/or publicly held companies owning 10% or more of YiFang USA, Inc.'s stock."  *Id.*

On June 15, 2018, the Microsoft parties filed a Certificate of Interested Entities or Persons, as required by Civil Local Rule 3-15, identical to their disclosure statement in *Koninklijke Philips N.V. et al. v. Acer Inc. et al.*, No. 18-1885.  Docket No.  323.

## XX.   PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI.   OTHER MATTERS

### A.   Stipulated Protective Order

The parties have previously filed a Stipulated Protective Order.  (Docket No. 132.)

Philips's statement.  Philips proposes slight modifications to the entered protective order due to several issues that have recently come up regarding the disclosure and production of third-party confidential information, and the production of source code by Intervenor/Counter-claim Defendant Microsoft and non-party Google.  This proposal has been shared with the Defendants and Microsoft.

Defendants' and Microsoft's statement. Defendants and Microsoft are considering Philips' proposal and will meet-and-confer with Philips in an attempt to reach a resolution as appropriate.

### B.   Standing Order for Patent Cases, Paragraph 12

Philips's statement.  Philips proposes proceeding under the claim construction ruling issued by the Delaware Court and thus makes the following disclosures under this Court's Standing Order for Patent Cases, Paragraph 12.

Defendants' and Microsoft's Statement.  For the reasons explained above in § II.C, Defendants and Microsoft believe the Court should address the pending indefiniteness issues, before the parties to these actions begin expert discovery.  Resolving these issues at the outset of the new schedule will preserve judicial resources, preserve party resources, and promote narrowing of the case.

Nonetheless, because Philips has raised these issues, Defendants and Microsoft will respond.

**(a)** **Whether either party wishes the Court to certify the claim construction ruling for immediate appeal to the Federal Circuit**

<u>Philips's statement.</u>  Philips does not believe it is necessary to certify the claim construction ruling for immediate appeal to the Federal Circuit.

<u>Defendants' and Microsoft's Statement.</u>  Defendants and Microsoft do not believe it is necessary at this time to certify any claim construction ruling for immediate appeal to the Federal Circuit.

**(b)** **The filing of dispositive motions, and the timing of those motions**

<u>Joint statement.</u>  See Section IV, "Motions," and Section XVII, "Scheduling."

**(c)** **If willful infringement has been asserted, whether the allegedly-infringing party wishes to rely on the advice of counsel defense – if so, the parties should be prepared to address proposals for resolving any attorney-client privilege issues that arise, and whether the parties believe bifurcation of the trial into liability and damages phases would be appropriate**

<u>Joint statement.</u>  Philips has asserted willful infringement against Defendants and Microsoft. Defendants and Microsoft have all advised that they will not rely on an advice of counsel defense.

**(d)** **Anticipated post-claim construction discovery:**

<u>Joint statement.</u>  See above at Section VIII.

**(e)** **Proposed deadlines and court dates for the remainder of the case schedule:**

<u>Joint statement.</u>  See the case schedule proposed above.

**(f)** **Any other pretrial matters:**

<u>Joint statement.</u>  The parties are unaware of any other pretrial matters at this time that are not addressed herein.

**(g)** **The progress of settlement discussions, if any:**

<u>Joint statement.</u>  See the discussion above.

Respectfully submitted,

/s/ Christopher Holland

John Carlin (*pro hac vice* pending)
Michael Sandonato (*pro hac vice* pending)
Christopher Gerson (*pro hac vice* pending)
Natalie Lieber (*pro hac vice* pending)
Jonathan M. Sharret (admitted *pro hac vice*)
Daniel Apgar  (*pro hac vice* pending)
Jaime Cardenas-Navia (*pro hac vice* pending)
Sean McCarthy (*pro hac vice* pending)
Robert Pickens (*pro hac vice* pending)
Caitlyn Bingaman (*pro hac vice* pending)
Joyce Nadipuram (*pro hac vice* pending)
Julian Pymento (admitted *pro hac vice*)
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, New York, 10104
+1 (212) 218-2100
+1 (212) 218-2200 facsimile
philipsprosecutionbar@fchs.com

Christopher Holland (Cal. Bar No. 164053)
Lori Holland (Cal. Bar No. 202309)
Ethan Jacobs (Cal. Bar No. 291838)
HOLLAND LAW LLP
220 Montgomery Street, Suite 800
San Francisco, California, 94104
+1 (415) 200-4980
+1 (415) 200-4989 facsimile
cholland@hollandlawllp.com
lholland@hollandlawllp.com
ejacobs@hollandlawllp.com

*Attorneys for Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation*

/s/Aaron Maurer

Kevin Hardy (*pro hac vice* pending)
Aaron Maurer (*pro hac vice* pending)
David Krinsky (*pro hac vice* pending)
Christopher Geyer (Cal. Bar No. 288527)
Christopher A. Suarez (*pro hac vice* pending)
Kyle Thomason (*pro hac vice* pending)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, District of Columbia, 20005
+1 (202) 434-5000
+1 (202) 434-5029 facsimile
viceroy@wc.com

Matthew S. Warren (Cal. Bar No. 230565)
Patrick M. Shields (Cal. Bar No. 204739)
Erika H. Warren (Cal. Bar No. 230565)
Amy M. Bailey (Cal. Bar No. 313151)
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94110
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
18-1885@cases.warrenlex.com
18-1886@cases.warrenlex.com

*Attorneys for Defendants Acer, Inc., Acer America Corporation, ASUSTeK Computer Inc. and ASUS Computer International*

Kai Tseng (Cal. Bar No. 193756)
Hsiang ("James") H. Lin (Cal. Bar No. 241472)
Craig Kaufman (Cal. Bar No. 159458)
TECHKNOWLEDGE LAW GROUP LLP
100 Marine Parkway, Suite 200
Redwood Shores, California, 94065
+1 (650) 517-5200
+1 (650) 226-3133 facsimile
acer.philips-tklgall@tklg-llp.com

Michael J. Newton (*pro hac vice* to be filed)
ALSTON & BIRD LLP
2828 North Harwood Street, Suite 1800
Dallas, Texas, 75201
+1 (214) 922-3400
+1 (214) 922-3899 facsimile
asus-philips@alston.com

*Attorneys for Defendants Acer, Inc. and Acer America Corporation*

*Attorneys for Defendants ASUSTeK Computer Inc. and ASUS Computer International*

John Schnurer (Cal. Bar No. 185725)
Kevin Patariu (Cal. Bar No. 256755)
Ryan Hawkins (Cal. Bar No. 256146)
Louise Lu (Cal. Bar No. 256146)
Vinay Sathe (Cal. Bar No. 256146)
PERKINS COIE LLP
11988 El Camino Real, Suite 350
San Diego, California, 92130
+1 (858) 720-5700
+1 (858) 720-5799 facsimile
htc-philipsperkinsservice@perkinscoie.com

Ryan McBrayer (*pro hac vice* to be filed)
Jonathan Putman (*pro hac vice* to be filed)
Antoine McNamara (Cal. Bar No. 261980)
Stevan Stark (*pro hac vice* to be filed)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington, 98101
+1 (206) 359-8000
+1 (206) 359-9000 facsimile
htc-philipsperkinsservice@perkinscoie.com

*Attorneys for Defendants HTC Corp. and HTC America, Inc.*

Lucian C. Chen (*pro hac vice* to be filed)
Wing K. Chiu  (*pro hac vice* to be filed)
LUCIAN C. CHEN, ESQ. PLLC
One Grand Central Place
60 East 42nd Street, Suite 4600
New York, New York, 10165
+1 (212) 710-3007
+1 (212) 501-2004 facsimile
lucianchen@lcclegal.com
wingchiu@lcclegal.com

*Attorneys for Defendant YiFang USA, Inc.
D/B/A E-Fun, Inc.*

/s/ Christina McCullough
Judith Jennison (Cal. Bar No. 165929)
Christina McCullough (Cal. Bar No. 245944)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington, 98101
+1 (206) 359-8000
+1 (206) 359-9000 facsimile
msft-philipsteam@perkinscoie.com

Sarah Stahnke (Cal. Bar No. 264838)
Patrick J. McKeever (Cal. Bar No. 245944)
PERKINS COIE LLP
11988 El Camino Real, Suite 350
San Diego, California, 92130
+1 (858) 720-5700
+1 (858) 720-5799 facsimile
msft-philipsteam@perkinscoie.com

Chad Campbell (Cal. Bar No. 258723)
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Phoenix, Arizona, 85012
+1 (602) 351-8000
+1 (602) 648-7000 facsimile
msft-philipsteam@perkinscoie.com

*Attorneys for Intervenor-Plaintiff/Counterclaim Defendants*
*Microsoft Corporation and Microsoft Mobile, Inc.*

Andrew Graben (*pro hac vice* to be filed)
HILGERS GRABEN PLLC
3131 McKinney Avenue, Suite 600
Dallas, Texas, 75204
+1 (214) 305-2765
+1 (402) 213-1880 facsimile
agraben@hilgersgraben.com

*Attorney for Defendant Visual Land, Inc.*

Case No. 18-cv-1885-HSG through 18-cv-1890-HSG
Joint Case Management Statement

### CIVIL L.R. 5-1(i) ATTESTATION

I, Chris Holland, hereby attest that I have been authorized by counsel for Acer, Inc., Acer America Corporation, ASUSTeK Computer Inc., ASUS Computer International, Microsoft Corporation, and Microsoft Mobile Inc. to file on their behalf this Joint Case Management Statement.  Further to Footnote 1 above and the resulting blank signature lines below, I am also fully cognizant of the provisions of Local Rule 16-9 (a), permitting separate CMC Statements and supporting Declarations, but respectfully submit that the provisions of the Local Rule do not seem applicable here, when all counsel were copied on all drafts throughout the entirety of the process.  Moreover, given the length of this document and the directive received from the Court's staff that a single CMC Statement for all of these related actions was preferable, I respectfully submit that this partially-executed, single CMC Statement is the more practical solution to this situation regarding the remaining non-responsive counsel.


Dated:  June 19, 2018                                    /s/ Chris Holland
                                                         Chris Holland