UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V., et al.,<br><br>             Plaintiffs,<br><br>    v.<br><br>ACER INC., et al.,<br><br>             Defendants. | Case No. 18-cv-1885-HSG (EDL)<br>Related Case Cases: 18-cv-1886 HSG<br>18-cv-1887 HSG<br>18-cv-1888 HSG<br>18-cv-1889 HSG<br>18-cv-1890 HSG<br><br>**ORDER RE DISCOVERY PROCEDURES** |

TO ALL PARTIES AND COUNSEL OF RECORD:

The above matter has been referred to Magistrate Judge Elizabeth D. Laporte. All hearing dates are subject to the availability of Judge Laporte's calendar. You may review Judge Laporte's calendar and scheduling information on the District Court's website, http://www.cand.uscourts.gov/.

DISCOVERY DISPUTES

1. Discovery disputes shall be addressed as follows:

    A. Discovery disputes referred from a district court judge

Discovery disputes in cases referred by a district court judge to this Magistrate Judge must follow either Procedure No. 1 or Procedure No. 2, set forth below, depending on the status of the dispute at the time of the referral by the district court.

*Procedure No. 1:*

Unless the district court judge has ordered another procedure, in which case that procedure should be followed upon referral, motions filed before the district court and subsequently referred to this magistrate judge shall maintain the original district court briefing schedule. Upon referral, the parties shall promptly contact Judge Laporte's Courtroom Deputy to re-schedule a hearing on

the motion to a date on Judge Laporte's civil law and motion calendar.  Discovery motions are generally heard on Judge Laporte's civil law and motion calendar on Tuesday mornings at 9:00 a.m., Courtroom E, 15th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California, 94102, in accordance with Judge Laporte's available dates and times for setting motions.  Any party may seek an order to shorten or enlarge time under Civil L.R. 6-3 if the circumstances justify that relief.  The Court will not consider discovery motions unless the moving party has complied with the meet and confer requirements of Fed. R. Civ. P. 37 and Civil L.R. 37-1(a).

Motions to compel fact discovery must be filed within the time limits contained in Civil Local Rule 37-3.  Motions to compel expert discovery must be filed within the time limits contained in Civil Local Rule 37-3.  Motions for sanctions must comply with Federal Rule of Civil Procedure 37 and Civil L.R. 37-4, as discussed in Section 3 of this standing order.

***Procedure No. 2:***

Discovery disputes, other than motions for sanctions which are discussed in Section 3 of this standing order, which arise after the case has been referred to this Magistrate Judge, or before a formal motion has been filed before the district court, shall follow the procedure below:

The counsel for each party shall meet and confer in person, or, if counsel are located outside the Bay Area, by telephone, to attempt to resolve their dispute informally. A mere exchange of letters, e-mails, telephone calls or facsimile transmissions does not satisfy the meet and confer requirement.

If the parties are unable to resolve their dispute informally after a good faith effort, **including meet and confer efforts conducted by lead counsel**, they shall prepare a joint statement of not more than five pages (12-point or greater font) stating the nature and status of the dispute and attesting to their good faith meet and confer efforts. Issue-by-issue, the joint letter shall describe each unresolved issue, summarize each party's position with appropriate legal authority, and provide each party's final proposed compromise before addressing the next issue. The joint letter should also address the proportionality factors set for in Federal Rule of Civil Procedure 26(b)(1). Where necessary, the parties may submit supporting declarations and

documentation. Parties are expected to plan for and cooperate in preparing the joint letter so that each side has adequate time to address the arguments.  When appropriate, the parties may file a separate letter for each genuinely independent dispute.

The parties are strongly encouraged to submit a joint statement, but in the rare instances when a joint statement is not possible, each side may submit a statement of not more than two pages (12-point font or greater).  The joint statement or individual statements shall be e-filed (unless the case is exempt from e-filing requirements) and chambers copies submitted as required herein. Whether joint or individual, the statement must be filed under the Civil Events category of "Motions and Related Filings > Motions – General > Discovery Letter Brief."

Upon review of the parties' submission[s], the Court will advise the parties of how the Court intends to proceed.  The Court may issue a ruling or schedule a telephone conference or in person conference with the parties, and at such conference may issue rulings, order more formal briefing, or set further hearing dates.  The Court may also order the parties to come to the courthouse to meet and confer in good faith.  Alternatively, the Court may determine without a telephone conference that further briefing is required.

   B. Discovery disputes in cases which are assigned to Judge Laporte for all purposes through consent of the parties

The parties shall follow Procedure No. 2 above for all discovery disputes in cases assigned to Judge Laporte for all purposes, as set forth in Judge Laporte's Standing Order.

2. In emergencies during discovery events, the Court is available pursuant to Civil L.R. 37-1(b).

3. Motions for sanctions shall be filed by separate noticed motion in accordance with the Federal Rule of Civil Procedure 37 and Civil L.R. 37-4.  The parties shall comply with their meet and confer obligations pursuant to Civil L.R. 37-1(a). Parties who refuse to meet and confer will be subject to sanctions pursuant to Civil L.R. 37-4.

4. All filings of documents relating to motions referred to Magistrate Judge Laporte shall list the civil case number and the District Court Judge's initials followed by the designation "(EDL)".  At the time of filing of original papers with the clerk's office, the parties are required to

1  submit two conformed copies of each document, one of which shall be designated "EDL
2  Chambers Copy."  If documents are filed electronically, courtesy copies shall be provided in
3  accordance with Civil Local rule 5-1(e)(7).  The paper chambers copy must be marked "Chambers
4  Copy" and must be lodged with the Clerk's Office, in an envelope clearly marked with the judge's
5  name, case number, and "Chambers Copy."  Parties must not <u>file</u> a paper copy of any document
6  with the Clerk's Office that has already been filed electronically.

7  5.   Rule 26(e)(1) of the Federal Rules of Civil Procedure requires all parties to
8  supplement or correct their initial disclosures, expert disclosures, pretrial disclosures, and
9  responses to discovery requests under the circumstances itemized in that Rule, and when ordered
10 by the Court.  The Court expects that the parties will supplement and/or correct their disclosures
11 promptly when required under that Rule, without the need for a request from opposing counsel**.**
12 **In addition to the general requirements of Rule 26(e)(1), the parties will supplement and/or**
13 **correct all previously made disclosures and discovery responses 28 days before the fact**
14 **discovery cutoff date.**

15 6.   Privilege logs.  If a party withholds information that is responsive to a discovery
16 request, and is otherwise discoverable under the Federal Rules of Civil Procedure, by claiming
17 that it is privileged, or protected from discovery under the attorney work product doctrine or any
18 other protective doctrine (including, but not limited to, privacy rights), that party shall prepare a
19 "privilege log" (Fed. R. Civ. P. 26(b)(5)) setting forth the privilege relied upon and specifying
20 separately for each document or for each category of similarly situated documents:

21   a.  The name and job title or capacity of the author;
22   b.  The name and job title or capacity of each recipient;
23   c.  The date the document was prepared and, if different, the date(s) on
24       which it was sent to or shared with persons other than its author(s);
25   d.  The title and description of the document;
26   e.  The subject matter addressed in the document;
27   f.  The purpose(s) for which it was prepared or communicated; and
28   g.  The specific basis for the claim that it is privileged.

4

The privilege log will be produced as quickly as possible, but no later than 14 days after the discovery responses are due, unless the parties stipulate or the Court orders otherwise in a particular case.

7.  In responding to requests for documents and materials under Rule 34 of the Federal Rules of Civil Procedure, all parties shall affirmatively state in a written response served on all other parties the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced all such materials so described that are locatable after a diligent search of all locations at which such materials might plausibly exist.

8.  All documents shall be filed at the Clerk's Office in compliance with the Civil Local Rules.  Documents not filed in compliance with those rules will not be considered by the Court.

9.  Discovery motions may be submitted without argument upon stipulation of the parties and order of the Court no later than two (2) court days before the hearing.

10.  The Court strives to set matters and render decisions in a timely manner.  The Court encourages parties to advise the Court by letter to chambers of any matter that appears to have been unduly delayed.

**The failure of counsel or a party to abide by this Order may result in sanctions pursuant to Federal Rule of Civil Procedure 16(f).  A party or counsel has a continuing duty to supplement the initial disclosure when required under Federal Rule of Civil Procedure 26(e)(1).**

**IT IS SO ORDERED.**

Dated:  June 29, 2018

_____
ELIZABETH D. LAPORTE
UNITED STATES MAGISTRATE JUDGE