[All counsel listed on signature page]

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V.,<br>U.S. PHILIPS CORPORATION,<br>    Plaintiffs,<br><br>v.<br><br>ACER INC.,<br>ACER AMERICA CORPORATION,<br>    Defendants. | Case No. 4:18-cv-1885-HSG<br><br>JURY TRIAL DEMANDED<br><br>**DEFENDANTS' OPPOSITION TO PHILIPS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |
| MICROSOFT CORPORATION,<br>    Intervenor-Plaintiff,<br><br>v.<br><br>KONINKLIJKE PHILIPS N.V. and<br>U.S. PHILIPS CORPORATION,<br>    Intervenor-Defendants. | |

Case Nos. 18-cv-1885-HSG through 18-cv-1890-HSG

1

   _____

2    KONINKLIJKE PHILIPS N.V.,    )

3    U.S. PHILIPS CORPORATION,    )

           Intervenor-Defendants/    )

4           Counterclaim Plaintiffs-    )

5           in-intervention    )

               )

6    v.    )

               )

7    MICROSOFT CORPORATION,    )

           Intervenor-Plaintiff/    )

8           Counterclaim Defendant-    )

           in-intervention    )

9               )

10   AND    )

               )

11   MICROSOFT MOBILE INC.,    )

           Counterclaim Defendant-    )

12           in-intervention.    )

13   _____   )

               )

14   KONINKLIJKE PHILIPS N.V.,    )

    U.S. PHILIPS CORPORATION,    )

15           Plaintiffs,    )    Related Case No. 4:18-cv-1886-HSG

               )

16   v.    )    JURY TRIAL DEMANDED

17               )

   ASUSTEK COMPUTER, INC., and    )

18   ASUS COMPUTER INTERNATIONAL,    )

           Defendants.    )

19   _____   )

20               )

   MICROSOFT CORPORATION,    )

21           Intervenor-Plaintiff,    )

22               )

   v.    )

23               )

24   KONINKLIJKE PHILIPS N.V. and    )

   U.S. PHILIPS CORPORATION,    )

25           Intervenor-Defendants.    )

   _____   )

26

27

28

Case Nos. 18-cv-1885-HSG through 18-cv-1890-HSG

DEFENDANTS' OPPOSITION TO PHILIPS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL

1

2   KONINKLIJKE PHILIPS N.V., )
3   U.S. PHILIPS CORPORATION, )
          Intervenor-Defendants/ )
4         Counterclaim Plaintiffs- )
         in-intervention )
5                   )
6   v. )
                   )
7   MICROSOFT CORPORATION, )
         Intervenor-Plaintiff/ )
8        Counterclaim Defendant- )
         in-intervention )
9                   )
10  AND )
                   )
11  MICROSOFT MOBILE INC., )
         Counterclaim Defendant- )
12        in-intervention. )
                   )
13  _____ )
                   )
14  KONINKLIJKE PHILIPS N.V., )
15  U.S. PHILIPS CORPORATION, )
         Plaintiffs, )    Related Case No. 4:18-cv-1887-HSG
16                   )
   v. )    JURY TRIAL DEMANDED
17                   )
18  HTC CORP., and )
   HTC AMERICA, INC. )
19         Defendants. )
        _____ )
20                   )
21  KONINKLIJKE PHILIPS N.V., )
   U.S. PHILIPS CORPORATION, )
22        Plaintiffs, )    Related Case No. 4:18-cv-1888-HSG
                   )
23  v. )    JURY TRIAL DEMANDED
                   )
24  VISUAL LAND, INC. )
         Defendant. )
25  _____ )

26

27

28

                               Case Nos. 18-cv-1885-HSG through 18-cv-1890-HSG

DEFENDANTS' OPPOSITION TO PHILIPS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL

```
                                                    )
MICROSOFT CORPORATION,                              )
        Intervenor-Plaintiff,                       )
                                                    )
v.                                                  )
                                                    )
KONINKLIJKE PHILIPS N.V. and                        )
U.S. PHILIPS CORPORATION,                           )
        Intervenor-Defendants.                      )
                                                    )
                                                    )
KONINKLIJKE PHILIPS N.V.,                           )
U.S. PHILIPS CORPORATION,                           )
        Intervenor-Defendants/                      )
        Counterclaim Plaintiffs-                    )
        in-intervention                             )
                                                    )
v.                                                  )
                                                    )
MICROSOFT CORPORATION,                              )
        Intervenor-Plaintiff/                       )
        Counterclaim Defendant-                     )
        in-intervention                             )
                                                    )
AND                                                 )
                                                    )
MICROSOFT MOBILE INC.,                              )
        Counterclaim Defendant-                     )
        in-intervention.                            )
                                                    )
                                                    )
KONINKLIJKE PHILIPS N.V.,                           )
U.S. PHILIPS CORPORATION,                           )
        Plaintiffs,                                 )   Related Case 4:18-cv-1890-HSG
                                                    )
v.                                                  )   JURY TRIAL DEMANDED
                                                    )
YIFANG USA, INC. D/B/A/ E-FUN, INC.                 )
        Defendant.                                  )
                                                    )
```

Case Nos. 18-cv-1885-HSG through 18-cv-1890-HSG

MICROSOFT CORPORATION,
     Intervenor-Plaintiff,

v.

KONINKLIJKE PHILIPS N.V. and
U.S. PHILIPS CORPORATION,
     Intervenor-Defendants.

KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,
     Intervenor-Defendants/
     Counterclaim Plaintiffs-
     in-intervention

v.

MICROSOFT CORPORATION,
     Intervenor-Plaintiff/
     Counterclaim Defendant-
     in-intervention

AND

MICROSOFT MOBILE INC.,
     Counterclaim Defendant-
     in-intervention.

Case Nos. 18-cv-1885-HSG through 18-cv-1890-HSG

Defendants Acer, Inc., Acer America Corporation, ASUSTeK Computer, Inc., ASUS Computer International, HTC Corporation, HTC America, Inc., Visual Land, Inc., and YiFang USA, Inc. d/b/a E-Fun, Inc. oppose Philips' Motion to File Under Seal its Motion to Consolidate, Docket No. 440.

On July 17, 2018, Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation (collectively, "Philips") moved to seal in their entirety both its motion to consolidate matters for trial (Dkt. No. 442 in Case No. 4:18-cv-01885, "Motion to Consolidate") and numerous exhibits attached thereto.  Dkt. No. 440, ("Motion to Seal").  Philips' attempt to seal its entire Motion to Consolidate is a clear violation of Civil Local Rule 79-5(b) that not only interferes with the public's access to content that they are entitled to see, but also prejudiced the defendants, which could not review any portion of Philips' motion in-house without first securing the consent of each party Philips named as providing confidential information.  The Court should deny Philips' attempt to seal its entire Motion to Consolidate, and Philips should be ordered to file a redacted, public copy of that document on the docket that complies with the Civil Local Rules by redacting only sealable information.

Civil Local Rule 79-5(b) requires that any request to seal "must be narrowly tailored to seek sealing *only of sealable material*."  (Emphasis added.)  By the plain language of this rule, a request to seal an entire document is "narrowly tailored," and the whole document can be sealed, only if the entire document is "sealable material."  Accordingly, this Court has routinely invoked this rule to deny attempts to seal entire documents when those documents contained both sealable and non-sealable content.  See, e.g., *Finjan, Inc. v. Symantec, Corp.*, No. 14-cv-02998-HSG, 2017 WL 6610081 at *2 (N.D. Cal. Sept. 29, 2017) (request to seal entire document not narrowly tailored); *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-cv-05808-HSG, 2015 WL 12977038 at *2 (N.D. Cal. Dec. 4, 2015) (request to seal entire exhibits containing sealable source code as well as publicly available information not narrowly tailored); *TVIIIM, LLC v. McAfee, Inc.*, No. 13-cv-04545-HSG, 2015 WL 3776424 at *3 (N.D. Cal. June 16, 2015) (proposed redaction of entire document containing financial information not narrowly tailored); *Bd. of Trustees of Ken Lusby Clerks & Lumber Handlers Pension Fund v. Piedmont Lumber & Mill Co.*, No. 13-CV-03898-HSG, 2015 WL 13025766 at *3 (N.D. Cal. Apr. 2, 2015) (same).

Philips' request to seal the entirety of its Motion to Consolidate is likewise not narrowly tailored and should be denied.  Philips' averment that "throughout Philips' motion, Philips extensively quotes,

summaries, discusses, or otherwise relies on" confidential exhibits is an overstatement.  Dkt. No. 440-1¶ 4.  A confidential exhibit is not even referenced until the ninth page of the motion.  Much of the motion has nothing to do with anything confidential, but instead describes the patents-in-suit, sets forth Philips' proposal for trial staging, and makes legal arguments in support of that proposal.  In other words, extensive passages in Philips' Motion to Consolidate are entirely free of confidential information, but Philips nonetheless seeks to seal them all.  The request to seal is not tailored at all, let alone *narrowly* tailored.

This flaw is no mere technicality.  Granting Philips' motion would deprive the public of their "right to inspect and copy public records and documents, including judicial records and documents." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quotation omitted).  Defendants, too, share that right and have been significantly inconvenienced by Philips' overbroad sealing request, particularly given that the sealed material comes from a variety of parties and has been designated outside-counsel-only, interfering with the ability of outside counsel to share Philips' brief with their own clients.  This is not how sealing confidential material is supposed to work under this Court's Civil Local Rules.

In sum, because Philips seeks to seal vastly more than is permissible under Rule 79-5(b), and because Philips disregards defendants' and the public's right to view the non-sealable content, Philips' Motion to Seal its Motion to Consolidate should be denied, and Philips should be ordered to comply with the Local Rules by seeking to seal only "those *specific* portions . . . that contain sealable information." *TVIIIM, Inc. v. McAfee,*

///
///
///
///
///
///
///
///
///
///
///

DEFENDANTS' OPPOSITION TO PHILIPS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL

*Inc.*, No. 13-cv-04545-HSG, at *3 (N.D. Cal. June 10, 2015); *see also* Civil L.R. 79-5(d)(1)(C) (requiring administrative motion to seal be accompanied by "redacted version of the document that is sought to be filed under seal.").

Date: July 23, 2018                                          Respectfully submitted,

Bruce R. Genderson (*pro hac vice*)                  Matthew S. Warren (Cal. Bar No. 230565)
Kevin Hardy (*pro hac vice*)                         Patrick M. Shields (Cal. Bar No. 204739)
Aaron Maurer (*pro hac vice*)                        Erika H. Warren (Cal. Bar No. 295570)
David Krinsky (*pro hac vice*)                       Amy M. Bailey (Cal. Bar No. 313151)
Christopher S. Geyer (Cal. Bar No. 288527)           WARREN LEX LLP
Christopher A. Suarez (*pro hac vice*)               2261 Market Street, No. 606
Kyle Thomason (*pro hac vice*)                       San Francisco, California, 94110
WILLIAMS & CONNOLLY LLP                              +1 (415) 895-2940
725 Twelfth Street, N.W.                             +1 (415) 895-2964 facsimile
Washington, District of Columbia, 20005             18-1885@cases.warrenlex.com
+1 (202) 434-5000                                    18-1886@cases.warrenlex.com
+1 (202) 434-5029 facsimile
viceroy@wc.com

*Attorneys for Defendants Acer, Inc., Acer America Corporation, ASUSTeK Computer Inc. and ASUS Computer International*

                                                     Kai Tseng (Cal. Bar No. 193756)
Michael J. Newton (*pro hac vice*)                   Hsiang ("James") H. Lin (Cal. Bar No. 241472)
ALSTON & BIRD LLP                                    Craig Kaufman (Cal. Bar No. 159458)
2828 North Harwood Street, Suite 1800                TECHKNOWLEDGE LAW GROUP LLP
Dallas, Texas, 75201                                 100 Marine Parkway, Suite 200
+1 (214) 922-3400                                    Redwood Shores, California, 94065
+1 (214) 922-3899 facsimile                          +1 (650) 517-5200
asus-philips@alston.com                              +1 (650) 226-3133 facsimile
                                                     acer.philips-tklgall@tklg-llp.com

*Attorney for Defendants ASUSTeK
Computer Inc. and ASUS Computer
International*                                        *Attorneys for Defendants Acer, Inc. and Acer
                                                     America Corporation*

1

/s/ Ryan McBrayer                    /s/ Michael Song

2

John Schnurer (Cal. Bar No. 185725)      Lucian C. Chen (*pro hac vice*)

3

Kevin Patariu (Cal. Bar No. 256755)       Wing K. Chiu  (*pro hac vice*)

Ryan Hawkins (Cal. Bar No. 256146)      LUCIAN C. CHEN, ESQ. PLLC

4

Louise Lu (Cal. Bar No. 253114)            One Grand Central Place

Vinay Sathe (Cal. Bar No. 263064)        60 East 42nd Street, Suite 4600

5

PERKINS COIE LLP                      New York, New York, 10165

6

11988 El Camino Real, Suite 350          +1 (212) 710-3007

San Diego, California, 92130              +1 (212) 501-2004 facsimile

7

+1 (858) 720-5700                        lucianchen@lcclegal.com

8

+1 (858) 720-5799 facsimile            wingchiu@lcclegal.com

htc-philipsperkinsservice@perkinscoie.com

9

Michael Song (Cal. Bar No. 243675)

10

LTL ATTORNEYS LLP

Ryan McBrayer (*pro hac vice*)           300 South Grand Ave. 14th Floor

11

Jonathan Putman (*pro hac vice*)         Los Angeles, California, 90071

Antoine McNamara (Cal. Bar No. 261980)   +1 (213) 612-8900

12

PERKINS COIE LLP                      +1 (213) 612-3773 facsimile

13

1201 Third Avenue, Suite 4900         michael.song@ltlattorneys.com

Seattle, Washington, 98101

14

+1 (206) 359-8000

15

+1 (206) 359-9000 facsimile           *Attorneys for Defendant YiFang USA,*

htc-philipsperkinsservice@perkinscoie.com   *Inc. D/B/A E-Fun, Inc.*

16

17

*Attorneys for Defendants HTC Corp. and*

18

*HTC America, Inc.*

19

20

/s/ Michael Song

21

Michael Song (Cal. Bar No. 243675)

22

LTL ATTORNEYS LLP

300 South Grand Ave. 14th Floor

23

Los Angeles, California, 90071

24

+1 (213) 612-8900

+1 (213) 612-3773 facsimile

25

michael.song@ltlattorneys.com

26

*Attorney for Defendant Visual Land, Inc.*

27

28

## CIVIL LOCAL RULE 5-1 ATTESTATION

Under Local Rule 5-1, the foregoing counsel have authorized me, Matthew S. Warren, to execute on their behalf this Opposition to Philips' Administrative Motion to File under Seal, and that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature within this e-filed document.

Date:  July 23, 2018

Matthew S. Warren