Michael P. Sandonato (admitted *pro hac vice*)
msandonato@fchs.com
John D. Carlin (admitted *pro hac vice*)
jcarlin@fchs.com
Natalie Lieber (*pro hac vice pending*)
nlieber@fchs.com
Christopher M. Gerson (*pro hac vice pending*)
cgerson@fchs.com
Jonathan M. Sharret (admitted *pro hac vice*)
jsharret@fchs.com
Daniel A. Apgar (*pro hac vice pending*)
dapgar@fchs.com

Robert S. Pickens (*pro hac vice pending*)
rpickens@fchs.com
Sean M. McCarthy (admitted *pro hac* vice)
smccarthy@fchs.com
Jaime F. Cardenas-Navia (*pro hac vice pending*)
jcardenas-navia@fchs.com
Joyce L. Nadipuram (*pro hac vice pending*)
jnadipuram@fchs.com
Caitlyn N. Bingaman (admitted *pro hac vice*)
cbingaman@fchs.com
Julian G. Pymento (admitted *pro hac vice*)
jpymento@fchs.com

FITZPATRICK CELLA HARPER & SCINTO
1290 Avenue of the Americas
New York, New York 10104-3800
Tel: (212) 218-2100
Fax: (212) 218-2200

Chris Holland (SBN 164053)
cholland@hollandlawllp.com
Lori L. Holland (SBN 202309)
lholland@hollandlawllp.com

HOLLAND LAW LLP
220 Montgomery Street, Suite 800
San Francisco, CA  94104
Tel: (415) 200-4980
Fax: (415) 200-4989

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V., U.S. PHILIPS CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>ACER INC., ACER AMERICA CORPORATION,<br><br>Defendants. | Case No. 4:18-cv-01885-HSG<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' AND MICROSOFT'S ADMINISTRATIVE MOTION TO SUBMIT BRIEFING ON ALLEGEDLY OUTSTANDING INDEFINITENESS ISSUES**<br><br>JURY TRIAL DEMANDED |

| | |
|---|---|
| 1 | MICROSOFT CORPORATION, |
| 2 | Intervenor-Plaintiff, |
| 3 | v. |
| 4 | KONINKLIJKE PHILIPS N.V., U.S. PHILIPS CORPORATION, |
| 5 | |
| 6 | Intervenor-Defendants. |

KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,

        Intervenor-Defendants/Counterclaim Plaintiffs in Intervention

   v.

MICROSOFT CORPORATION

        Intervenor-Plaintiff/Counterclaim Defendant in Intervention

AND

MICROSOFT MOBILE INC.

        Counterclaim Defendant in Intervention

---

KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,

        Plaintiffs,

   v.

ASUSTEK COMPUTER INC.,
ASUS COMPUTER INTERNATIONAL,

        Defendants.

Related Case No. 4:18-cv-01886-HSG

JURY TRIAL DEMANDED

PLAINTIFFS' OPPOSITION TO DEFENDANTS' AND MICROSOFT'S
ADMINISTRATIVE MOTION ON ALLEGEDLY OUTSTANDING INDEFINITENESS ISSUES
CASE NUMBERS 4:18-CV-01885-HSG THROUGH 4:18-CV-01888-HSG; 4:18-CV-1890-HSG

| | |
|---|---|
| MICROSOFT CORPORATION, | |
| Intervenor-Plaintiff, | |
| v. | |
| KONINKLIJKE PHILIPS N.V., U.S. PHILIPS CORPORATION, | |
| Intervenor-Defendants. | |

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V., U.S. PHILIPS CORPORATION, | |
| Intervenor-Defendants/Counterclaim Plaintiffs in Intervention | |
| v. | |
| MICROSOFT CORPORATION | |
| Intervenor-Plaintiff/Counterclaim Defendant in Intervention | |
| AND | |
| MICROSOFT MOBILE INC. | |
| Counterclaim Defendant in Intervention | |

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V., U.S. PHILIPS CORPORATION, | Related Case No. 4:18-cv-01887-HSG |
| Plaintiffs, | JURY TRIAL DEMANDED |
| v. | |
| HTC CORP., HTC AMERICA, INC., | |
| Defendants. | |

PLAINTIFFS' OPPOSITION TO DEFENDANTS' AND MICROSOFT'S
ADMINISTRATIVE MOTION ON ALLEGEDLY OUTSTANDING INDEFINITENESS ISSUES
CASE NUMBERS 4:18-CV-01885-HSG THROUGH 4:18-CV-01888-HSG; 4:18-CV-1890-HSG

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V.,<br>U.S. PHILIPS CORPORATION,<br><br>            Plaintiffs,<br><br>    v.<br><br>VISUAL LAND INC.,<br><br>            Defendants. | Related Case No. 4:18-cv-01888-HSG<br><br>JURY TRIAL DEMANDED |

MICROSOFT CORPORATION,

            Intervenor-Plaintiff,

    v.

KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,

            Intervenor-Defendants.

KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,

            Intervenor-
            Defendants/Counterclaim
            Plaintiffs in Intervention

    v.

MICROSOFT CORPORATION

            Intervenor-
            Plaintiff/Counterclaim
            Defendant in Intervention

AND

MICROSOFT MOBILE INC.

            Counterclaim Defendant in
            Intervention

PLAINTIFFS' OPPOSITION TO DEFENDANTS' AND MICROSOFT'S
ADMINISTRATIVE MOTION ON ALLEGEDLY OUTSTANDING INDEFINITENESS ISSUES
CASE NUMBERS 4:18-CV-01885-HSG THROUGH 4:18-CV-01888-HSG; 4:18-CV-1890-HSG

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V.,<br>U.S. PHILIPS CORPORATION,<br><br>           Plaintiffs,<br><br>  v.<br><br>YIFANG USA, INC. D/B/A E-FUN, INC.,<br><br>           Defendants. | Related Case No. 4:18-cv-01890-HSG<br><br>JURY TRIAL DEMANDED |

MICROSOFT CORPORATION,

           Intervenor-Plaintiff,

  v.

KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,

           Intervenor-Defendants.

KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,

           Intervenor-
           Defendants/Counterclaim
           Plaintiffs in Intervention

  v.

MICROSOFT CORPORATION

           Intervenor-
           Plaintiff/Counterclaim
           Defendant in Intervention

AND

MICROSOFT MOBILE INC.

           Counterclaim Defendant in
           Intervention

I. **NOTHING SINCE THE JUNE 26th CASE MANAGEMENT CONFERENCE HAS CHANGED TO WARRANT ADDITIONAL BRIEFING ON INDEFINITENESS**

During the June 26, 2018 Case Management Conference ("CMC"), the Court advised that it saw no current need for additional briefing on the issue of indefiniteness. Defendants agreed that was acceptable to them:

> **The Court:** Is there -- Is there a disagreement in this case as to whether that poses some dispute of law that can't be resolved until the summary judgment?
>
> **Ms. McCullough:** Not on Defendants' part, Your Honor. That's exactly what we've proposed, a very narrow targeted exchange of briefs to address these outstanding indefiniteness terms that were left outstanding after this *Markman* order.
>
> **The Court:** All right. Although, **why would we need to rebrief anything? You briefed it. If I accept your argument that Judge Sleet deferred, why can't I make the decision based on what you've already briefed?**
>
> **Ms. McCullough: That's acceptable to Defendants, too, Your Honor.** To the extent additional briefing would be helpful, we'd be happy to provide that.
>
> \*   \*   \*
>
> **The Court:** Well, understood. And, believe me, I have every interest in moving this forward. It's a -- you know, it's a case with a lot of water under the bridge already. … **I think I know what I need to know to decide this [claim construction] issue, and so I'll take it under consideration and [it] probably will go on the list of things to talk about further at our September hearing. And it may be that I tell you we'll do a claim construction proceeding at that time or not.** I'll have to give some thought to which way I think it goes ….

Ex. 2, CMC Tr. at p. 28, l. 24 – p. 29, l. 16 (emphasis added); p. 33, l. 17 – p. 34, l. 19 (emphasis added).

Despite their representations at the June 26th CMC, Defendants now request additional briefing in view of the August 2017 decision in IPR2017-00856, in which the PTAB declined to institute *inter partes* review of the '797 patent (one of 11 patents in suit here). That decision, however, provides no support for the present motion. First, it is not an intervening event. Defendants were well aware of that PTAB decision long before the June 26th CMC, in which they agreed that additional briefing was unnecessary. Defendants could have brought this August 2017 PTAB decision to the attention of the Delaware Court long ago. They did not do so because they knew full well that Judge Sleet had already considered the issue and found that the '797 patent specification **did** disclose "structure [ ] sufficient to perform the claimed function [*i.e.*, imparting an acceleration-based motion pattern]." *See* Ex. 5, Docket

1

PLAINTIFFS' OPPOSITION TO DEFENDANTS' AND MICROSOFT'S
ADMINISTRATIVE MOTION ON ALLEGEDLY OUTSTANDING INDEFINITENESS ISSUES
CASE NUMBERS 4:18-CV-01885-HSG THROUGH 4:18-CV-01888-HSG; 4:18-CV-1890-HSG

No. 241 at 12-13, n.19.[1]  Second, only one of the twelve terms Defendants now want to re-brief is even in the '797 patent.  Therefore, the August 2017 PTAB decision cannot possibly provide any basis for the vast majority of the relief requested on this motion.

## II. JUDGE SLEET PREVIOUSLY CONSIDERED AND REJECTED DEFENDANTS' INDEFINITENESS ALLEGATIONS

During the Delaware claim construction proceedings, Defendants asserted that the seven terms listed in the table on pages 3-4 of their motion were subject to 35 U.S.C. § 112 ¶ 6, but lacked "adequate corresponding structure disclosed in the specification," and were therefore indefinite.  *See* Ex. 3, Docket No. 141, at 5, 17-21, and 24-28; *see also*, Ex. 4, *Markman* Tr. at 91-96; 107-109; 128-129; 134-138; 140-141; 145-149; 152; 172-179; 190; and 202-204.[2]  Defendants also asserted that claims 12 and 13 of the '806 patent each required two distinct "means for parsing," and that those claims are indefinite as it is unclear to which of the two purportedly distinct "means for parsing" the "wherein" clause of those claims makes reference.  *See* Ex. 3, Docket No. 141 at 20-21.  Judge Sleet decided all of those issues in Philips' favor in his *Markman* ruling.

Despite their insistence that they will "not reargue any issue decided previously" (*see* Ad. Mot. at 2 (emphasis added)), that is exactly what Defendants intend to do.  If this motion is granted, Defendants will argue that the seven means-plus-function terms on pages 3-4 of their motion are indefinite because the structural disclosure identified in Judge Sleet's claim construction is, in Defendants' view, insufficient to perform the recited function.  But, those exact same arguments were made previously in Delaware, as cited above.  And, after Defendants repeatedly urged him to do so, Judge Sleet expressly decided the issues of indefiniteness.  Judge Sleet did **not** simply adopt the best or closest structural disclosure found in the specification for each challenged means-plus-function term, and then reserve judgment on whether it was sufficient to perform the claimed function.  Rather, as summarized in the table below, he engaged on those issues and decided them in Philips' favor.

---

[1] All citations are to the docket in Case No. 4:18-cv-01885, unless otherwise noted.

[2] Defendants' second basis for their Ad. Mot. was that their indefiniteness arguments were primarily directed to preserving rights.  This is false—Defendants substantively argued their indefiniteness arguments, and the Court considered and ruled on them.  Thus, the second basis for their motion fails.

| Term | Delaware Court's Finding of Adequate Structure |
|---|---|
| means for parsing a control information file<br><br>('806 pat., cl. 12, 13, and 15) | **Function:** parsing a control information file.<br><br>**Structure**: single purpose media player or multipurpose computing device programmed with software to perform the function, such as the algorithm disclosed in Fig. 1 and at 2:53-3:2.<br><br>"The court finds **ample structure** disclosed in the specification **corresponding to the 'parsing' function**."<br><br>Ex. 5, Docket No. 241 at 9 and n. 14 (emphasis added). |
| means for parsing, based on parsing of the control information file: identifying multiple alternative files corresponding to a give segment of the media presentation; determining which file of the multiple alternative files to retrieve based on system constraints; retrieving the determined file of the multiple alternative files to begin a media presentation<br><br>('806 pat., cl. 12, 13, and 15) | **Function:** parsing, based on parsing of the control information file: identifying multiple alternative files corresponding to a given segment of the media presentation; determining which file of the multiple alternative files to retrieve based on system constraints; retrieving the determined file of the multiple alternative files to begin a media presentation.<br><br>**Structure**: dedicated media player or multipurpose computing device programmed with software to perform the function, such as the algorithm in Fig. 1, and at 2:53-3:61, 4:20-26.<br><br>"The court believes **the identified structural support would allow a POSA to perform the claimed function**."<br><br>Ex. 5, Docket No. 241 at 10 and n. 15 (emphasis added). |
| programmed calculating means for under control of a screen motion sensed by said sensing means imparting an acceleration based motion pattern to a predetermined selection among said objects<br><br>('797 pat., cl. 1 and 6) | **Function:** receiving screen motion information and imparting an acceleration based motion pattern to one or more or all displayed objects.<br><br>**Structure**: a computer program that performs an algorithm for imparting an acceleration based motion pattern, such as those disclosed in Figs. 3-5 and at 3:32-4:39.<br><br>"The court, therefore, is persuaded that Plaintiffs' **identifications of structure are sufficient to perform the claimed function**."<br><br>Ex. 5, Docket No. 241 at 12-13 and n. 19 (emphasis added). |
| decoding means for decoding at least one signal portion and for decoding a signal portion into a portion of the digital information signal and to supply the portion of a digital information signal depending on a | **Function:** decoding at least one signal portion by decoding a signal portion into a portion of a digital information signal and supplying the portion of the digital information signal depending on a control signal of a first type, and supply a signal portion as a portion of the digital information signal in a substantially unmodified form depending on a control signal of a second type |

| | | |
|---|---|---|
| 1 2 3 4 5 | control signal of a first type and to supply a signal portion as a portion of the digital information signal in a substantially unmodified form depending on a control signal of a second type<br><br>('695 pat., cl. 14, 15, and 17) | **Structure**: decoder and switch.<br><br>"The court believes, however, that Plaintiffs have identified **adequate corresponding structure**."<br><br>Ex. 5, Docket No. 241 at 13-14 and n. 21 (emphasis added). |
| 6 7 8 9 10 11 12 | means for generating the control signal for application to the decoding means including a control signal of the first type depending on the first identification signal of the first type<br><br>('695 pat., cl. 14, 15, and 17) | **Function:** generating the control signal for application to the decoding means including a control signal of the first type depending on the first identification signal of the first type.<br><br>**Structure**: identifier that performs the function, such as the algorithm disclosed at 6:16-7:6.<br><br>"Plaintiffs submit, citing Dr. Polish's expert declaration, that **a POSA would recognize this as adequate structural support for the claimed function**…. The **court agrees** with Plaintiffs."<br><br>Ex. 5, Docket No. 241 at 14-15 and n. 23 (emphasis added). |
| 13 14 15 16 17 18 19 20 21 | means for securely sharing a common secret with the second communication device after the second communication device is authenticated<br><br>('819 patent, cl. 10 and 11) | **Function:** securely transmitting a common secret with the second communication device after the second communication device is authenticated.<br><br>**Structure**: transmitter and microprocessor programmed with software to perform the function, such as the algorithms disclosed at 4:64-5:3, 5:28-59, and all key management protocols that require the secure transmission of a secret that are disclosed in ISO 9798 and ISO 11770..<br><br>"[T]he court finds **a sufficient link between the claimed function** and Plaintiffs' **proposed corresponding structure**."<br><br>Ex. 5, Docket No. 241, at 17-18 and n. 27 (emphasis added). |
| 22 23 24 25 26 27 | means for generating a third signal using said common secret<br><br>('819 patent, cl. 10 and 11) | **Function:** generating a third signal using said common secret.<br><br>**Structure**: microprocessor programmed with software to perform the function, such as the algorithm disclosed in Fig. 3 and at 5:63-6:13.<br><br>"The court agrees, as Plaintiffs contend, that the specification discloses **a microprocessor with software and a 'category of algorithms' for performing the claimed function**."<br><br>Ex. 5, Docket No. 241 at 18 and n. 28 (emphasis added). |

28

Judge Sleet also rejected the premise on which Defendants based their indefiniteness assertions for the "wherein" clause of '806 patent claims 12 and 13. Judge Sleet did not find that those claims require two distinct means for parsing. Rather, he adopted Philips' proposed structure for each of the disputed "means for parsing" terms, finding that they each referred to the same structural disclosure, *i.e.*, a single purpose (dedicated) media player or multipurpose computing device with overlapping supporting algorithm disclosure. *See* Ex. 5, Docket No. 241 at 8-10.

### III. DEFENDANTS' IDENTIFICATION OF ADDITIONAL TERMS REQUIRING AN INDEFINITENESS RULING IS UNTIMELY

Defendants also seek to belatedly challenge four additional terms which they originally proposed for construction in Delaware, but later withdrew "in order to try to reduce the number of potential issues in dispute." *See* Exs. 6-8. Defendants now assert they dropped those in Delaware because "there was no claim construction issue [for these terms] beyond indefiniteness .…" This is no excuse for at least two reasons. First, the same was also true of the seven means-plus-function terms above, which Defendants doggedly pursued to resolution in Delaware. The only dispute on those seven terms was whether the proposed structural disclosure was inadequate to perform the claimed function, in which case those terms would necessarily be indefinite. Second, Defendants asserted at the CMC that the reason they raised indefiniteness issues during the Delaware claim construction proceedings was because they felt it was necessary to preserve those issues. Ex. 2, CMC Tr. at 32, ll. 3-8. By that logic, they should also have raised the alleged indefiniteness of these additional four terms at that time. They did not.

### IV. CONCLUSION

For the foregoing reasons, Philips respectfully requests Defendants' motion be denied. To the extent any indefiniteness allegations remain undecided and preserved, Defendants can seek summary judgment on those issues. Defendants are attempting to do an end-run around this Court's limits on summary judgment motions by trying to argue these issues in additional claim construction briefing. *See* Standing Order for Civil Cases before District Judge Haywood S. Gilliam, Jr. (April 23, 2018) at ¶ 17.

| | |
|---|---|
| Dated: July 23, 2018 | Respectfully submitted, |
| | By: ___/s/ John D. Carlin_____ |
| | John D. Carlin (admitted *pro hac vice*) |
| | FITZPATRICK CELLA HARPER & SCINTO<br>1290 Avenue of the Americas<br>New York, New York 10104-3800<br>Tel: (212) 218-2100<br>Fax: (212) 218-2200<br>jcarlin@fchs.com |
| | *Attorneys for Plaintiffs* |

6

PLAINTIFFS' OPPOSITION TO DEFENDANTS' AND MICROSOFT'S
ADMINISTRATIVE MOTION ON ALLEGEDLY OUTSTANDING INDEFINITENESS ISSUES
CASE NUMBERS 4:18-CV-01885-HSG THROUGH 4:18-CV-01888-HSG; 4:18-CV-1890-HSG