[Philips counsel listed on signature page]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

—————————————————————————

KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,
      Plaintiffs,

v.

ACER INC.,
ACER AMERICA CORPORATION,
      Defendants.

—————————————————————————

MICROSOFT CORPORATION,
      Intervenor-Plaintiff,

v.

KONINKLIJKE PHILIPS N.V. and
U.S. PHILIPS CORPORATION,
      Intervenor-Defendants.

—————————————————————————

KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,
      Intervenor-Defendants/
      Counterclaim Plaintiffs-
      in-intervention

v.

MICROSOFT CORPORATION,
      Intervenor-Plaintiff/
      Counterclaim Defendant-
      in-intervention

Case No. 4:18-cv-1885-HSG

JURY TRIAL DEMANDED

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO PARTIALLY CONSOLIDATE CERTAIN MATTERS FOR TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES**

Date: October 2, 2018
Time: 2:00 p.m.
Judge: Hon. Haywood S. Gilliam, Jr.
Courtroom: 2

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

1          AND                                              )
                                                            )
2   MICROSOFT MOBILE INC.,                                  )
           Counterclaim Defendant-                          )
3          in-intervention.                                 )
                                                            )
4   ——————————————————————————                              )
    ——————————————————————————
5                                                           )
                                                            )
6   KONINKLIJKE PHILIPS N.V.,                               )
    U.S. PHILIPS CORPORATION,                               )       Related Case No.4:18-cv-1886-HSG
7              Plaintiffs,                                  )
                                                            )       JURY TRIAL DEMANDED
8   v.                                                      )
                                                            )
9   ASUSTEK COMPUTER, INC., and                             )
    ASUS COMPUTER INTERNATIONAL,                            )
10             Defendants.                                  )
                                                            )
11  ——————————————————————————                              )
                                                            )
12  MICROSOFT CORPORATION,                                  )
               Intervenor-Plaintiff,                        )
13                                                          )
14  v.                                                      )
                                                            )
15  KONINKLIJKE PHILIPS N.V. and                            )
    U.S. PHILIPS CORPORATION,                               )
16   Intervenor-Defendants.                                 )
                                                            )
17  ——————————————————————————                              )
                                                            )
18  KONINKLIJKE PHILIPS N.V.,                               )
    U.S. PHILIPS CORPORATION,                               )
19             Intervenor-Defendants/                       )
               Counterclaim Plaintiffs-                     )
20             in-intervention                              )
                                                            )
21         v.                                               )
                                                            )
22  MICROSOFT CORPORATION,                                  )
               Intervenor-Plaintiff/                        )
23             Counterclaim Defendant-                      )
               in-intervention                              )
24                                                          )
                                                            )
25         AND                                              )
                                                            )
26  MICROSOFT MOBILE INC.,                                  )
               Counterclaim Defendant-                      )
27

28  CASE NOS. 18-CV-1885-HSG, 18-CV-1886-HSG, 18-CV-1888-HSG, and 18-CV-1890-HSG
    PLAINTIFFS' NOTICE OF MOTION AND MOTION TO PARTIALLY CONSOLIDATE CERTAIN MATTERS
    FOR TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES

1    in-intervention.                                          )
     _____                   )

2    _____
                                                               )
3    KONINKLIJKE PHILIPS N.V.,                                 )
     U.S. PHILIPS CORPORATION,                                 )      Related Case No.4:18-cv-1886-HSG
4               Plaintiffs,                                    )
     v.                                                        )      JURY TRIAL DEMANDED
5                                                              )
6    VISUAL LAND, INC.                                         )
                Defendant.                                     )
7    _____                   )
                                                               )
8    MICROSOFT CORPORATION,                                    )
                Intervenor-Plaintiff,                          )
9                                                              )
                                                               )
10              v.                                             )
                                                               )
11   KONINKLIJKE PHILIPS N.V. and                              )
     U.S. PHILIPS CORPORATION,                                 )
12              Intervenor-Defendants.                         )
                                                               )
13   _____                   )
                                                               )
14   KONINKLIJKE PHILIPS N.V.,                                 )
     U.S. PHILIPS CORPORATION,                                 )
15              Intervenor-Defendants/                         )
                Counterclaim Plaintiffs-                       )
16              in-intervention                                )
                                                               )
17              v.                                             )
                                                               )
18   MICROSOFT CORPORATION,                                    )
                Intervenor-Plaintiff/                          )
19              Counterclaim Defendant-                        )
                in-intervention                                )
20                                                             )
                                                               )
21    AND                                                      )
                                                               )
22   MICROSOFT MOBILE INC.,                                    )
                Counterclaim Defendant-                        )
23              in-intervention.                               )
     _____                   )
24

25

26

27   _____

28   Case Nos. 18-cv-1885-HSG, 18-cv-1886-HSG, 18-cv-1888-HSG, and 18-cv-1890-HSG
     Plaintiffs' Notice of Motion and Motion to Partially Consolidate Certain Matters
     for Trial; Memorandum of Points and Authorities

| | | |
|---|---|---|
| 1 | _____ ) | |
| 2 | KONINKLIJKE PHILIPS N.V., ) U.S. PHILIPS CORPORATION, ) | Related Case 4:18-cv-1890-HSG |
| 3 | ) Plaintiffs, ) | |
| 4 | ) | |
| 5 | v. ) ) | JURY TRIAL DEMANDED |
| 6 | YIFANG USA, INC. D/B/A/ E-FUN, INC. ) ) | |
| 7 | Defendant. ) ) | |
| 8 | _____ ) ) | |
| 9 | MICROSOFT CORPORATION, ) Intervenor-Plaintiff, ) | |
| 10 | ) | |
| 11 | v. ) ) | |
| 12 | KONINKLIJKE PHILIPS N.V. and ) U.S. PHILIPS CORPORATION, ) | |

KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,

Plaintiffs,

v.

YIFANG USA, INC. D/B/A/ E-FUN, INC.

Defendant.

MICROSOFT CORPORATION,
          Intervenor-Plaintiff,

v.

KONINKLIJKE PHILIPS N.V. and
U.S. PHILIPS CORPORATION,
          Intervenor-Defendants.

KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,
          Intervenor-Defendants/
          Counterclaim Plaintiffs-
          in-intervention

v.

MICROSOFT CORPORATION,
          Intervenor-Plaintiff/
          Counterclaim Defendant-
          in-intervention

 AND

MICROSOFT MOBILE INC.,
          Counterclaim Defendant-
          in-intervention.

Related Case 4:18-cv-1890-HSG

JURY TRIAL DEMANDED

## TABLE OF CONTENTS

**NOTICE OF MOTION AND MOTION** ..............................................................1

**RELIEF REQUESTED** ...................................................................................1

**MEMORANDUM OF POINTS AND AUTHORITIES**.....................................2

I.    Preliminary Statement.............................................................................2

II.    Factual Background ................................................................................5

A.    Initial Complaints and Microsoft Intervention ......................................5

B.    The Patents-in-Suit Cover Software Functionality That Resides in the
Windows Operating System .....................................................................6

C.    All of the Accused Windows-Based Products in the Acer, ASUS, YiFang
and Visual Land Actions Run the Windows Operating System ...................10

D.    The Remaining Accused Products in These Actions..........................................13

III.    Applicable Law......................................................................................14

A.    Section 299 Controls Issues of Joinder and Consolidation in Patent Matters ...................14

B.    The Transaction-or-Occurrence Alternative in Section 299(a)(1) Is Met
When a "Logical Relationship" Exists Between The Claims Against the
Different Parties to be Joined................................................................15

C.    The "Same Accused Product or Process" Requirement Under Section
299(a)(1) Is Satisfied When Accused Infringers Market Computing Products
That Include Common Software Applications .................................................17

D.    Common Questions of Fact Include Claim Construction and Patent Validity ................18

IV.    Argument ...............................................................................................18

A.    Philips' Proposal to Consolidate Trial as to All Defendants Marketing
Accused Windows-Based Products is Fully Consonant with Section 299 ....................18

a.    Section 299(a)(1) is Satisfied Because Joint and Several Liability Exists in
the Windows-Related Actions, a Logical Relationship Exists Through All
Claims to Be Joined, and the Accused Windows-Based Products Each
Contain the Same Product or Process ......................................................18

i.    Joint and Several Liability Exists Between Microsoft and Each of the Other
Defendants Marketing Windows-Based Products .....................................19

---

CASE NOS. 18-CV-1885-HSG, 18-CV-1886-HSG, 18-CV-1888-HSG, and 18-CV-1890-HSG
PLAINTIFFS' NOTICE OF MOTION AND MOTION TO PARTIALLY CONSOLIDATE CERTAIN MATTERS
FOR TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES

ii.   There Is a Logical Relationship Between The Windows-Based Claims and Products ...................................................................................................................... 19

iii.  The Windows-Based Products Each Contain the Same Accused Product or Process, As Required for Consolidation Under Section 299 ............................................. 21

b.    Section 299(a)(2) is Satisfied Because All of the Actions to Be Joined Involve Common Questions of Fact ..................................................................... 21

c.    Philips' Proposed Consolidation is Allowable Despite the Fact That Trial Would Include Direct Competitors ..................................................................... 22

B.    Efficiency and Judicial Economy Considerations Strongly Favor Philips' Proposed Consolidation ................................................................................... 23

C.    Philips' Proposal Would Also Facilitate a More Orderly and Efficient Resolution of the Claims and Defenses Relating to the Non-Windows-Based Products ............................................................................................................ 24

V.    Conclusion ........................................................................................................ 25

ii

CASE NOS. 18-CV-1885-HSG, 18-CV-1886-HSG, 18-CV-1888-HSG, and 18-CV-1890-HSG
PLAINTIFFS' NOTICE OF MOTION AND MOTION TO PARTIALLY CONSOLIDATE CERTAIN MATTERS
FOR TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF AUTHORITIES

**Cases**

*Broadband iTV, Inc. v. Hawaiian Telcom, Inc.*,
  Civ. No. 14-00169 ACK-RLP, 2014 WL 5580967 (D. Haw. Oct. 30,
  2014) ............................................................................................................22

*Content Guard Holdings, Inc. v. Amazon.com, Inc.*,
  No. 2:13-CV-1112-JRG, 2015 WL 1263346 (E.D. Tex. Mar. 19,
  2015) ........................................................................................................21, 22

*Coughlin v. Rogers*,
  130 F.3d 1348 (9th Cir. 1997) ...................................................................16

*Digitech Image Techs., LLC v. Agfaphoto Holding GmbH*,
  No. 8:12-cv-1153-ODW(MRW), 2012 WL 4513805 (C.D. Cal. Oct.
  1, 2012) ......................................................................................................22

*In re Apple Inc.*,
  650 F. App'x 771 (Fed. Cir. 2015) ...............................................3, 17, 21, 22

*In re EMC Corp.*,
  677 F.3d 1351 (Fed. Cir. 2012).......................................15, 16, 18, 20, 21, 23

*In re Nintendo*, 544 F. App'x 934 (Fed. Cir. 2013) ............................................14, 17

*Lantiq Deutschland GMBH v. Ralink Tech. Corp.*,
  Case No. 5:11-CV-00234, 2012 WL 1536070 (N.D. Cal. April 30,
  2012) ..........................................................................................................17

*NFC Tech., LLC v. HTC Am.*, 2:13-CV-01058-JRG, 2014 WL 3834959
  (E.D. Tex. Aug. 1, 2014) .............................................................................22

*Richmond v. Lumisol Elec. Ltd.*, Civil Action No. 13-1944 (MLC), 2014 WL
  1716447 (D.N.J. Aug. 30, 2014).................................................................22

*Shockley v. Arcan*, 248 F.3d 1349 (Fed. Cir. 2001)......................................................19

*Smartflash LLC v. Apple, Inc.*,
  C.A. No. 6:13-cv-447, 2014 U.S. Dist. LEXIS 185268 (E.D. Tex.
  Apr. 4, 2014) ..........................................................................................15, 18

*United Mine Workers of Am. v. Gibbs*,
  383 U.S. 715 (1966).................................................................................16, 18

**Statutory Authorities**

35 U.S.C. § 299 ................................................................................................................1, 14

**Rules and Regulations**

Fed. R. Civ. P. 20.................................................................................................................15

**Treatises**

7 Charles Alan Wright, *Federal Practice and Procedure*, § 1653 (3d ed.
          2001) ................................................................................................................16

**Legislative Materials**

157 CONG. REC. 5429 (2011) ...............................................................................................17

H.R. REP. NO. 112-98 (2011)...............................................................................................14

H.R. REP. NO. 112-98(2011)................................................................................................17

CASE NOS. 18-CV-1885-HSG, 18-CV-1886-HSG, 18-CV-1888-HSG, and 18-CV-1890-HSG
PLAINTIFFS' NOTICE OF MOTION AND MOTION TO PARTIALLY CONSOLIDATE CERTAIN MATTERS
FOR TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 2, 2018 at 2:00 p.m. or as soon thereafter as this matter may be heard by the Honorable Haywood S. Gilliam, Jr. at the Ronald V. Dellums Federal Building and United States Courthouse, Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, California, Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corp. ("Philips") shall and hereby move this Court to Partially Consolidate Certain Matters for Trial, and in particular to consolidate *Koninklijke Philips N.V. et al. v. Acer Inc. et al.,* C.A. No. 18-1885-HSG (N.D. Cal.); *Koninklijke Philips N.V. et al. v. ASUSTeK Computer Inc. et al.*, C.A. No. 18-1886-HSG (N.D. Cal.); *Koninklijke Philips N.V. et al. v. Visual Land Inc.*, C.A. No. 18-1888-HSG (N.D. Cal.); *Koninklijke Philips N.V. et al. v. YiFang USA, Inc. d/b/a E-Fun Inc.*, C.A. No. 18-1890-HSG (N.D. Cal.) (collectively the "Windows-Related Actions") for trial with respect to the infringement allegations against all products accused in each such action that run the Windows operating system, as well as with respect to all related affirmative defenses and counterclaims.

**RELIEF REQUESTED**

Pursuant to 35 U.S.C. § 299 of the Leahy-Smith America Invents Act, Philips respectfully requests that this Court partially consolidate the Windows-Related Actions for trial and order that the infringement allegations in the Windows-Related Actions against the Windows operating system and all products accused that run the Windows operating system be decided in two joint trials, as follows:[1]

Trial 1 (User Interface Patent Trial): In this trial, matters related to the infringement of U.S. Patent Nos. RE44,913; 6,690,387; 7,184,064; 5,910,797; and RE43,564 (the "User Interface

---

[1] The precise breakdown of patents included in a particular trial may necessarily change between now and trial (due to *Inter Partes* Review proceedings or a summary judgment determination, for example), but as is evidenced by the remainder of this submission, holding two trials will provide for the efficient and manageable adjudication of Philips' claims as to the accused products that run the Windows operating system in any event.

Patents") by Acer Inc., Acer America Corporation, ASUSTek Computer, Inc., ASUS Computer International, Visual Land, Inc., YiFang USA, Inc. d/b/a/ E-Fun, Inc., Microsoft Corporation, and Microsoft Mobile Inc. in connection with the Windows operating system and products that run that operating system ("Windows-Based Products"), and all matters related to damages as a result of such infringement, would be resolved, and all related affirmative defenses and counterclaims also would resolved as to the same Defendants, including all matters related to the validity and enforceability of the included patents.

Trial 2 (Audio/Visual Patent Trial): In this trial, matters related to the infringement of U.S. Patent Nos. 7,529,806; 6,522,695; 9,436,809; and 8,543,819 by the same Parties in connection with Windows-Based Products, and all matters related to damages as a result of such infringement, would be resolved, and all related affirmative defenses and counterclaims also would be resolved as to the same Parties, including all matters related to the validity and enforceability of the included patents.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Preliminary Statement

Philips' proposed partial consolidation is not only permitted by statute, it would preserve judicial resources, limit the risk of inconsistent jury verdicts, and resolve issues far more efficiently than the serial, duplicative, single-defendant trials which Defendants have proposed.

In December of 2015, Philips brought five related patent infringement actions in the District of Delaware, all of which were recently transferred to this Court.  There are six groups of Defendants in these five related actions: Acer, ASUS, HTC, Microsoft, Visual Land, and YiFang. Each of these Defendant groups is accused of infringing all or a substantial subset of the 11 Patents-in-Suit.  The Patents-in-Suit cover certain features and technologies commonly used in smartphones, tablets, laptops, and other computing devices today.  For each of the asserted patents, all or a significant portion of the accused functionality resides in the operating system running on the particular accused device.  The accused products in these five related actions

include the Windows operating system itself (from Microsoft) and computing devices that run either the Windows operating system or the Android or Chrome operating systems (from Google). Because it would unnecessarily complicate the presentation of evidence and the individual juries' tasks if they were required to learn and analyze three separate operating systems in a single trial, Philips proposes the first set of trials should focus on the Windows operating system and the accused Windows-Based Products.

For five of the Defendant groups in these related actions (all but HTC), all or a large portion of the accused products are Windows-Based Products.  It is undisputed that Microsoft (who intervened in four of these related cases, *i.e.*, all but the case against HTC) provides the Windows operating system to the Acer, ASUS, Visual Land, and YiFang defendants, who then install it ███████████████ on their Windows-Based Products.  Nearly all of the accused functionality in those devices is provided by Microsoft as part of the Windows operating system. The infringement case is thus essentially the same for all Defendants as it pertains to their Windows-Based Products.  Philips therefore respectfully requests that the Court order a consolidated set of trials that addresses all of the accused Windows-Based Products across all cases for all Defendants that sell such products (*i.e.*, Microsoft, Acer, ASUS, Visual Land, and YiFang).

Philips' proposed partial consolidation is plainly permitted under 35 U.S.C. § 299 ("Section 299"), which governs consolidation in patent cases.  Section 299 requires for consolidation that there be a "logical relationship" between the claims linking the underlying facts. *In re Apple Inc.*, 650 F. App'x 771, 775 (Fed. Cir. 2015).  As to the claims against the Windows-Based Products of Microsoft, Acer, ASUS, Visual Land, and YiFang, that requirement is squarely met—the Defendants all use Microsoft's Windows operating system on the same types of products (phones, tablets, and/or computers) to infringe Philips' patents in the same way. Therefore, the consolidation Philips seeks is appropriate and, as discussed below, expressly allowed under Section 299.

3

CASE NOS. 18-CV-1885-HSG, 18-CV-1886-HSG, 18-CV-1888-HSG, and 18-CV-1890-HSG
PLAINTIFFS' NOTICE OF MOTION AND MOTION TO PARTIALLY CONSOLIDATE CERTAIN MATTERS
FOR TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES

Moreover, Philips' proposed consolidation is highly beneficial and preferable because it would resolve the disputed issues more efficiently and fairly than Defendants' proposal for separate, serial trials for each Defendant.  Philips' proposal would (1) narrow the issues for a given jury and avoid jury confusion (*i.e.*, a jury would not need to decide infringement of three different operating system platforms); (2) preserve judicial and jury resources by avoiding the need to repeatedly try the same infringement and invalidity issues over and over again on a per-defendant basis (*i.e.*, repeatedly deciding whether devices running the same Windows operating system infringe the Patents-in-Suit and whether the same prior art invalidates the Patents-in-Suit in five separate Microsoft, Acer, ASUS, YiFang, and Visual Land trials); and (3) minimize the possibility of inconsistent jury verdicts on those same issues.

To that end, Philips proposes staging trials as follows:

(1)     The first two trials in these actions would address the Windows-Based Products. There are nine patents across seven patent families asserted against these products.  The first trial would include five patents (four patent families) that relate to user interface technology.  The second trial would include the other four patents (three patent families), which relate to audio/visual processing and transmission.  Microsoft, Acer, ASUS, Visual Land, and YiFang would participate in these trials.  The issues decided would include: (a) Philips' infringement claims as to these Defendants' Windows-Based Products; (b) Defendants' related affirmative defenses and any counterclaims as to the nine asserted patents; and (c) damages for the Windows-Based Products.

(2)     The second set of trials would be against HTC.  These trials would not involve any Windows-based issues.  Rather, they would focus on HTC's accused products, all of which use the Android operating system, and would resolve all of the infringement, damages, and validity issues as between Philips and HTC.

(3)     Philips proposes to then have any remaining trial(s) to resolve any remaining issues regarding the other accused products sold by Acer, ASUS, Visual Land, and YiFang which use either the Android or Chrome operating systems.  Philips proposes a Case Management and Pretrial conference following the HTC trials to decide how best to efficiently structure what remains, as Philips anticipates that the first sets of trials will likely resolve most issues and may encourage settlement of the claims relating to the remaining non-Windows-Based Products.

As described in more detail below, because Philips' proposal is permitted under the law and results in a more efficient resolution of the issues in these cases, Philips respectfully requests that the Court grant Philips' motion for partial consolidation and enter the attached proposed order.

## II.   **Factual Background**

### A.   **Initial Complaints and Microsoft Intervention**

In December of 2015, Philips filed five related actions against Acer Inc. and Acer America Corp. ("Acer"), ASUSTeK Computer Inc. and ASUS Computer International ("ASUS"), HTC Corp. and HTC America, Inc. ("HTC"), Visual Land, Inc. ("Visual Land"), and YiFang USA, Inc. d/b/a E-Fun Inc. ("YiFang"), alleging that each of these Defendants infringes certain claims of certain of U.S. Patent Nos. RE44,913 ("the '913 patent"); 6,690,387 ("the '387 patent"); 7,184,064 ("the '064 patent"); 7,529,806 ("the '806 patent"); 5,910,797 ("the '797 patent"); 6,522,695 ("the '695 patent"); RE44,006 ("the '006 patent"); 8,543,819 ("the '819 patent"); 6,772,114 ("the '114 patent"); and RE43,564 ("the '564 patent")[2] (collectively, the "Patents-in-Suit").[3]  The Patents-in-Suit are incorporated in Philips' Touch-Enabled Devices Patent Licensing Program, which provides access to a broad range of technologies commonly used in modern computing devices such as smartphones, tablets, desktops, and laptops.  Each Defendant has made, used, sold, and/or imported (and is still making, using, selling, and/or importing) computing devices that incorporate these patented technologies by running one of the Microsoft Windows, Google Chrome, or Google Android operating systems.

In November 2016, Microsoft Corp. intervened in the actions against Acer, ASUS, Visual Land and YiFang, C.A. Nos. 18-1885, 18-1886, 18-1888, and 18-1890.  Thereafter, Philips counterclaimed against Microsoft Corp. and Microsoft Mobile Oy for directly infringing, contributorily infringing, and inducing others (including Defendants in the Windows-Related

---

[2] Philips also later amended certain of its complaints to allege infringement of U.S. Patent No. 9,436,809 ("the '809 patent")

[3] *See Koninklijke Philips N.V. et al. v. Acer Inc. et al.*, C.A. No. 18-1885-HSG (N.D. Cal.) (infringement of all 11 Patents-in-Suit); *Koninklijke Philips N.V. et al. v. ASUSTeK Computer Inc. et al.*, C.A. No. 18-1886-HSG (N.D. Cal.) (infringement of all 11 Patents-in-Suit); *Koninklijke Philips N.V. et al. v. HTC Corp. et al.*, C.A. No. 18-1887-HSG (N.D. Cal.) (infringement of all 11 Patents-in-Suit); *Koninklijke Philips N.V. et al. v. Visual Land Inc.*, C.A. No. 18-1888-HSG (N.D. Cal.) (infringement of 9 of 11 Patents-in-Suit); *Koninklijke Philips N.V. et al. v. YiFang USA Inc.*, C.A. No. 18-1890-HSG (N.D. Cal.) (infringement of 9 of 11 Patents-in-Suit).

Actions) to infringe certain claims of nine of the eleven Patents-in-Suit.  *See, e.g.*, No. 18-1885, Docket No. 86.[4]

### B. The Patents-in-Suit Cover Software Functionality That Resides in the Windows Operating System

Philips' infringement allegations in the Window-Related Actions are primarily based on source code contained in the Windows operating system or functionality that is enabled when that operating system is installed on a computing device comprising common hardware (*e.g.*, a processor or a touch screen).  Each of the Defendants in the Windows-Related Actions (*i.e.*, Microsoft, Acer, ASUS, Visual Land, and YiFang) is accused of infringing the '913, '387, '064, '806, '695, and '564 patents as a result of its manufacture, use, sale, offer for sale, and/or importation of smartphones, tablets, and/or computers that incorporate and run certain versions of the Microsoft Windows operating system (the "Windows-Based Products").  Microsoft, Acer, and ASUS are also accused of infringing the '819 and '809 patents for the same reasons, and Microsoft and Acer are similarly accused of infringing the '797 patent.  Philips has also accused Microsoft of infringing certain claims of these patents due to its manufacture, use, sale, offer for sale, or importation of certain versions of the Microsoft Windows operating system itself (which embodies infringing functionalities).  The patented technologies and a description of how these technologies are incorporated in the Windows operating system are included below:

*The '913 Patent*

Philips' '913 patent is directed to improved techniques for text input of special characters (*e.g.*, accented letters or symbols like an accented 'Á') on touchscreen devices.  The patent makes it easier and more efficient for a user to enter these characters through a keypad with a "default" state and a "second" state.  If the user wishes to enter a character not displayed on the default keypad, such as an accented 'Á,' the user taps and holds a primary character key for longer than a

---

[4] Microsoft Mobile Inc. was later substituted for Microsoft Mobile Oy.  (Microsoft Corp. and Microsoft Mobile Inc. are hereinafter referred to as "Microsoft.")

certain amount of time, causing the special (or "secondary") characters associated with the selected primary character to display. After the desired secondary character is selected, the keypad returns to its default state, *i.e.*, displaying just the primary characters. In the Windows-Based Products, this patented technology is programmed into the Windows operating system source code. The specific Windows operating system versions accused in these actions with respect to this patent are Windows 8, RT 8, 8.1, RT 8.1, 10, Phone 8.1, and 10 Mobile. *See, e.g.*, Second Amended Complaint Against the Acer Defendants at 12-15. No. 18-1885, Docket No. 82 (hereinafter "Complaint Against Acer"); Plaintiffs' Answer, Affirmative Defenses, and Counterclaims at 20-23. No. 18-1885, Docket No. 86 (hereinafter "Complaint Against Microsoft").

*The '387 and '064 Patents*

Philips' '387 and '064 patents are directed to improved touchscreen scrolling systems and methods which enable users to interact with scrollable data and other items displayed on a touchscreen in a natural way. By using certain gestures that require only one finger (*e.g.*, a fling, a pan, or a tap and hold), the user can distinguish between and impart a variety of scrolling motion patterns to displayed scrollable data, to speed up, stop, or change the direction of scrolling/panning, and to select and move individual items on the screen. This patented technology is programmed into the source code for Windows 7, 8, RT 8, 8.1, RT 8.1, 10, Phone 8.1, and 10 Mobile. *See, e.g.*, Complaint Against Acer at 19-23, 28-32; Complaint Against Microsoft at 32-36, 41-46.

*The '797 Patent*

Philips' '797 patent is directed to a portable device having a sensor responsive to gravity (*e.g.*, an accelerometer), which detects an acceleration caused by user manipulation of the device, and imparts an acceleration-based motion pattern to on-screen objects. One example of an acceleration-based motion pattern that can be achieved with the subject matter of the '797 patent is the screen reorientation functionality present in many smartphones and tablets today. The acceleration caused by a user's physical reorientation of a device (*e.g.*, from portrait to landscape

orientation) is detected and the on-screen image undergoes an acceleration-based motion to rotate the displayed image to the new orientation.  This patented technology is programmed into the source code for the Windows Phone 8.1 and 10 Mobile operating systems.  *See*, *e.g.*, Complaint Against Acer at 42-44; Complaint Against Microsoft at 64-66.

*The '806 Patent*

Philips' '806 patent discloses a novel way to enable a client device (*e.g.*, a smartphone, tablet, or other computer) to minimize delay and effectively download and playback a multi-segment audio/video presentation stored on a remote server or group of servers.  The inventive systems and methods of the '806 patent adapt in response to changing constraints such as available network bandwidth (*e.g.*, lower quality audio/video is provided when bandwidth is low and higher quality audio/video is provided when bandwidth is high).  The presentation is divided into segments and the client device is provided with information from which it can select which segment to download based on current constraints.  The client device can display downloaded segments while retrieving subsequent segments.  This patented technology is practiced by the HTTP Live Streaming and MPEG-DASH adaptive video streaming protocols, each of which is programmed into the source code for Windows 10, 10 Mobile, and the Xbox One operating system.  *See*, *e.g.*, Complaint Against Acer at 34, 36-40; Complaint Against Microsoft at 51-55.

*The '695 Patent*

Philips' '695 patent is directed to efficient compression in signal encoding and decoding based on the recognition that compression algorithms do not always result in actual compression and conservation of bandwidth (*i.e.*, an encoded signal that has fewer bits than the original unencoded signal).  The inventors of the '695 patent recognized that bandwidth utilization could be optimized for any compression algorithm by transmitting an encoded signal potion only when compression encoding reduced the number of bits and otherwise transmitting the unencoded original signal portion.  An identification signal is employed to indicate for each portion of the signal whether the portion is encoded (the compression algorithm was more efficient) or substantially identical to the original signal (the compression algorithm was less efficient).  The

identification signal can be used to generate a control signal which determines whether a decoded version of the received signal portion is played back at the receiver.  This patented technology is contained in the FLAC audio protocol, which is programmed into the source code for Windows 10, 10 Mobile, and the Xbox One operating system.  *See*, *e.g.*, Complaint Against Acer at 45-48; Complaint Against Microsoft at 71-74.

*The '819 and '809 Patents*

Philips' '819 and '809 patents solve a problem related to the distribution of protected content, such as copyrighted movies, in which the content is intended for use only on authorized devices within a permitted geographic range (*e.g.*, within a user's home).  A secure, authenticated distance measurement is used to ensure that the secure transmission of protected content from one device to another is permitted only when the two devices are sufficiently proximate to each other. This patented technology is contained in the WMDRM and PlayReady-ND digital rights management protocols, each of which is programmed into the source code for Windows 7, 8, RT 8, 8.1, RT 8.1, and 10.  *See*, *e.g.*, Complaint Against Acer at 53-58, 62-66; Complaint Against Microsoft at 90-91, 109-10.  Some of the Windows-Based Products also infringe the '819 and '809 patents by implementing version 2.0 or higher of a digital-rights management protocol called High-bandwidth Digital Content Protection (HDCP) ("HDCP 2.x").  *See*, *e.g.*, Plaintiff's Second Amended Identification of Microsoft's Accused Products at 17-22 (Ex. 1[5]).  The HDCP 2.x digital rights management protocol is supported by certain hardware included in the Windows-Based Products, and it is also used by the Miracast screen sharing protocol.  *See*, *e.g.*, Complaint Against Acer at 55-59.

*The '564 Patent*

Philips' '564 patent relates to a novel way to assist a user in navigating webpage hyperlinks or other downloaded data on a handheld device that is displayed at a first scale.  The system allows a user to magnify a portion of the displayed data to a second, larger scale.  The

---

[5] All exhibits refer to the exhibits to the Declaration of John D. Carlin, filed herewith.

9

CASE NOS. 18-CV-1885-HSG, 18-CV-1886-HSG, 18-CV-1888-HSG, and 18-CV-1890-HSG
PLAINTIFFS' NOTICE OF MOTION AND MOTION TO PARTIALLY CONSOLIDATE CERTAIN MATTERS FOR TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES

magnified portion that is then visible at the second scale is a zoomed-in version of the data that was substantially centered around where the user touched in the first scale display.  The magnification allows the user to more easily select a feature (*e.g.*, activate an individual hyperlink) when it is displayed at the second, larger scale.  This patented technology is programmed into the source code for Windows 7, 8, RT 8, 8.1, RT 8.1, 10, Phone 8.1, and 10 Mobile.  *See*, *e.g.*, Complaint Against Acer at 76-77; Complaint Against Microsoft at 121-23.

### C.    All of the Accused Windows-Based Products in the Acer, ASUS, YiFang and Visual Land Actions Run the Windows Operating System

Acer, ASUS, Visual Land, and YiFang receive the Windows operating system from Microsoft and install it on the accused Windows-Based Products ▮▮▮▮▮▮▮▮▮▮ The relevant functionalities contained in each version of the Windows operating system therefore do not differ from Defendant-to-Defendant.  Microsoft does not dispute this.  The Defendants in the Windows-Related Actions have admitted this. ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Most importantly, Microsoft does not contest that, for at least the '913, '387, '064, '695, '819, '809, and '564 patents, the relevant functionalities contained on one device are generally representative of other accused devices that run the same version of Windows.  *See*, *e.g.*, Microsoft's Response to Philips' Interrogatory Nos. 4, 6, and 7 (March 16, 2018) at 75 (Ex. 2) ("the charted functionality of the '064 Representative Product running Windows 10 is representative of the other accused devices that run Windows 10").  Furthermore, even with respect to the '806 and '797, patents, while Microsoft alleges that there are relevant differences between certain more granular Windows operating system build and version numbers, there is no suggestion that devices with each such build and version of the Windows operating system are not similarly representative of one another.  *See id.* at 76.  Put another way, there are no Defendant-specific differences in the way Windows works (*e.g.*, an Acer and ASUS computer, each with the

same build of Windows, each infringe the asserted patents for the same reasons, with regard to Philips' allegations as to the Windows operating system).

Defendants do not disagree. ███████████████████

███████████████ Microsoft provides the relevant source code for the relevant functionalities contained in the Windows operating system, ████████████████

███████ *See*, *e.g.*, Wen-bin Jian Dep. Tr. at 83:4-9 (Ex. 3) ("Q. We discussed before that ████████████████████████████

████████████████████████████ . . .The Witness: ███████ [6,7,8]

███████████████ have systematically referred Philips to Microsoft for nearly all substantive discovery issues related to the Windows-Based Products. ███████████

█████████████ have directed Philips to Microsoft for ███ discovery related to the source

---

[6] For Acer: *See, e.g.*, Chao-Shih Huang Dep. Tr. at 41:15-22 (Ex. 4) ("Q. Okay. So for all Acer products with touchscreens, when a virtual keypad is presented to the user, it's Microsoft that writes the source code for that virtual keypad; correct? . . . The Witness: As I stated earlier, ours is a hardware company.  Whether Microsoft provides such software function or not, we would rely on them."); *id.* at 150:20 - 151:8 ("Q. … If it was a Microsoft Acer device, it would be the Windows operating system software that would figure out how to use the information from the G-sensor to rotate the image on the screen; correct? . . . .  The Witness: That is also a software function of the operating system provided by Microsoft.  I do not know how the software would use the information reported back by the G-sensor.").  *See id.* at 64:7-10 (Q. Okay. So you never – Acer never modifies the installation file it receives from Microsoft; is that correct?  A. That's – that's correct.  No.").

[7] For ASUS: *See, e.g.*, Alan Lai Dep. Tr. at 43:20-23 (Ex. 5) ████████████████
██████████████████████████████████████

[8] For YiFang: *See, e.g.*, Pan Xiao Zhong Dep. Tr. at 25:22-26:2, 26:14-18 (Ex. 6) ████
████████████████████████████████████████
████████████████████████████████████████
██████████████ *Id.* at 51:3-11 ████████████
████████████████████████████████████████
████████████████████████████████████████

[8] Witnesses for Visual Land have not yet been deposed, despite the fact that Philips' 30(b)(6) notice has been outstanding for more than one year, ████████████████████
████████████████████

---

code underlying the relevant functionalities, ███████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████[9] ███████ Visual Land does

not have access to the relevant source code for its Windows-Based Products. *See, e.g.*, Visual

Land's Response to Philips' Second Set of Interrogatories Nos. 7-14 (June 16, 2017) at 10 (Ex.

11) ("Visual Land responds that does not have possession, custody or control of any source code

for any of the Visual Land products accused.").

███████████████████████████████████████

████████████████████ they have also generally relied on Microsoft to provide Windows-related

non-infringement contentions throughout this litigation. *See, e.g.*, Acer's First Supplemental

Response to Philips' Interrogatory No. 4 (June 2, 2017) at 11 (Ex. 12) ("For its accused products

that run Windows operating systems, and for each Asserted Patent that those products have been

accused of infringing, Acer incorporates by reference all relevant portions of Microsoft's response

to Philips' Common Interrogatory No. 4 as if fully set forth herein.").[10]

---

[9] *See also* Acer's First Supplemental Response to Philips' Interrogatory No. 9 (June 30, 2017) at 11 (Ex. 8)(████████████████████████████████████████
████████████████████████████████████████████████████████████
ASUS's Response to Philips' Second Set of Interrogatories Nos. 7-14 (June 9, 2017) at 12-14 (Ex. 9) ("For these [85] products, ASUS received compiled binaries from intervenor-plaintiff and counterclaim defendant-in-intervention Microsoft Corporation. ASUS has no contractual right to obtain source code for these products from intervenor-plaintiff and counterclaim defendant-in-intervention Microsoft Corporation."); YiFang's Supplemental Response to Philips' Interrogatory No. 9 (August 2, 2017) at 11 (Ex. 10) ("YiFang has possession, custody or control of binary code only for the following accused products, and to the best of YiFang's knowledge, only Microsoft Corp. has possession, custody or control of source code for these [nine] accused products.").

[10] *See also* Acer's Supplemental Response to Philips' Interrogatory Nos. 4 and 6-8 (November 3, 2017) at 96, 100 (Ex. 13) ("For its accused products that run Windows operating systems, and for each Asserted Patent that those products have been accused of infringing, Acer incorporates by

---

### D.    The Remaining Accused Products in These Actions

The remaining accused products in these actions run one of either the Android or the

Chrome operating systems.  Both of these operating systems were developed by Google, and

Google provides the source code to the Defendants (although the source code for the Android

operating system is sometimes modified in certain ways by certain Defendants).[11]  Google has not

intervened and Philips is not moving for consolidated Android-based or Chrome-based trials in the

---

reference all relevant portions of Microsoft's Second Supplemental response to Philips Common Interrogatory No. 4, served on November 3, 2017, as if fully set forth herein."); Acer's Supplemental Response to Philips' Interrogatory Nos. 4 and 6 (March 16, 2018) at 195, 224 (Ex. 14) ("With regard to '819/'809 Windows Acer Accused Products, Acer notes that its counsel was not served with the so-called "Microsoft '819 or '809 DRM" Final Contentions. Therefore, to the extent the infringement contentions are based on functionality included in a Windows technology supplied to Acer by Microsoft, Acer incorporates by reference Microsoft's Responses and all Supplemental responses to Interrogatory No. 4."); ASUS's First Supplemental Response to Philips' Interrogatory No. 4 (June 2, 2017) at 12 (Ex. 15) ("For its accused products that run Windows operating systems, and for each Asserted Patent that those products have been accused of infringing, ASUS incorporates by reference all relevant portions of Microsoft's response to Philips' Common Interrogatory No. 4 as if fully set forth herein."); ASUS's Response to Philips' Interrogatory Nos. 4 and 6 (March 16, 2018) at 192, 221 (Ex. 16) ("With regard to '819/'809 Windows ASUS Accused Products, ASUS notes that its counsel was not served with the so-called "Microsoft '819 or '809 DRM" Final Contentions.  Therefore, to the extent the infringement contentions are based on functionality included in a Windows technology supplied to ASUS by Microsoft, ASUS incorporates by reference Microsoft's Responses and all Supplemental responses to Interrogatory No. 4."); *id.* at 306 ("For purposes of Philips' specific PlayReady-ND and WMDRM-ND allegations ASUS incorporates by reference, including all supplemental responses, to Interrogatory No. [sic]."); Visual Land's First Supplemental Response to Philips' First Set of Interrogatories No. 4 (August 11, 2017) at 4-5 (Ex. 17) ("For any of its accused products that run Windows operating systems, and for each Asserted Patent that such products have been accused of infringing, Visual Land incorporates by reference all relevant portions of Microsoft's response to Philips' Common Interrogatory No. 4, including any amendments or supplements thereto as if fully set forth herein.").

[11] *See* Acer's Second Supplemental Response to Philips' Interrogatory No. 9 (September 29, 2017) at 12-13 (Ex. 18) ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████  ASUS's Response to Philips' Second Set of Interrogatories Nos. 7-14 (June 9, 2017) at 12 (Ex. 9) ("ASUS does not have possession, custody or control of pre-loaded source code for the following [six] accused products…. For these products, ASUS received compiled binaries from non-party Google Inc. ASUS has no contractual right to obtain source code for these products from Google Inc."); YiFang's First Supplemental Response to Philips' Interrogatory No. 9 (August 2, 2017) at 11 (Ex. 10) ("YiFang has possession, custody or control of binary code only for the following accused products, and to the best of YiFang's knowledge, only Google Inc. has possession, custody or control of source code for these [four] products….").

---

13

CASE NOS. 18-CV-1885-HSG, 18-CV-1886-HSG, 18-CV-1888-HSG, and 18-CV-1890-HSG
PLAINTIFFS' NOTICE OF MOTION AND MOTION TO PARTIALLY CONSOLIDATE CERTAIN MATTERS
FOR TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES

present motion.  However, Philips notes that, similar to the Windows products, the infringement allegations for the Android and Chrome products are also primarily based on operating system functionalities and therefore, as described below in §IV.B., Philips would expect that efficiencies would likely be achieved through additional consolidation.  Because the first trials will resolve many issues in these cases, Philips' proposal is that any additional consolidation be addressed subsequent to the Windows-Based Product trials.

## III.   Applicable Law

### A.   Section 299 Controls Issues of Joinder and Consolidation in Patent Matters

This motion is governed by 35 U.S.C. § 299, which was enacted as part of the Leahy-Smith America Invents Act, and which controls issues of consolidation and joinder in patent matters.  Section 299 restricts consolidation in situations where the connection between parties to be joined is tenuous, and particularly where the only connection is an overlap in the asserted patents.  *In re Nintendo*, 544 F. App'x 934, 939 (Fed. Cir. 2013) (citing 35 U.S.C. § 299(b)) ("[u]nder the AIA, 'accused infringers may not be joined in one action as defendants . . . based solely on allegations that they each have infringed the patent or patents in suit.'"); *see* H.R. REP. NO. 112-98, at 54 (2011) (Ex. 19) ("The Act also addresses problems occasioned by the joinder of defendants (sometimes numbering in the dozens) who have ***tenuous connections*** to the underlying disputes in patent infringement suits.") (emphasis added).

However, Section 299(a) on its face permits joinder and consolidation of separately accused infringers in patent actions where two conditions are met:

(1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and

(2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

The requirements of subparagraph (1) of Section 299(a) are met in either of two ***alternative*** circumstances: 1) joint or several liability exists among the parties to be joined or 2)

the right to relief asserted arises "out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, . . . or selling of the same accused product or process." *Id.* When the facts and circumstances underlying the claims against multiple defendants satisfy either of these two alternative requirements, and also present a common question of fact (as required by Section 299(a)(2)), joinder of those multiple parties for consolidated trial is permissible. *See, e.g.*, *Smartflash LLC v. Smartflash LLC v. Apple, Inc.*, C.A. No. 6:13-cv-447, 2014 U.S. Dist. LEXIS 185268 at *6 (E.D. Tex. Apr. 4, 2014) (Ex. A) (explaining that Section 299 requires that "(1) [the right to relief] relate to the same accused product or process; (2) arise out of the same series of transactions or occurrences; and (3) there must be questions of fact common to all defendants).

Section 299 is particularly focused on patent matters, and motions to join parties or consolidate in patent matters under this section involve substantive issues unique to patent law. *See, e.g.*, *In re EMC Corp.*, 677 F.3d 1351, 1354 (Fed. Cir. 2012) (finding that "joinder in patent cases is based on an analysis of the accused acts of infringement, and this issue involves substantive issues unique to patent law"). As a result, Federal Circuit precedent governs the analysis of such a motion. *Id.*

> ### B. The Transaction-or-Occurrence Alternative in Section 299(a)(1) Is Met When a "Logical Relationship" Exists Between The Claims Against the Different Parties to be Joined

The text of Section 299 is largely identical to the longstanding more generalized joinder requirements contained in Federal Rule of Civil Procedure 20 ("Rule 20"). Indeed, the precise wording of the transaction-or-occurrence requirement of Section 299 differs from that in Rule 20 only in that it requires the transaction-or-occurrence relate to "the same accused product or process." Aside from that, subpart (a) of Section 299 is nearly identical to Rule 20(a)(2), which allows joinder of defendants where:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

1  (B) any question of law or fact common to all defendants will arise in the action.

2  The Federal Circuit has held that the transaction-or-occurrence requirement, as expressed

3  by the language in Rule 20, is met "when there is a ***logical relationship*** between the separate

4  causes of action," and that the "logical relationship test is satisfied if there is substantial

5  evidentiary overlap in the facts giving rise to the cause of action against each defendant . . . [i]n

6  other words, ***the defendants' allegedly infringing acts***, which give rise to the individual claims of

7  infringement, ***must share an aggregate of operative facts***."  *In re EMC Corp.*, 677 F.3d at 1358

8  (and further citing to *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997), for the proposition

9  that "the 'same transaction' requirement of Rule 20 'refers to similarity in the factual background

10  of a claim.'").  The Federal Circuit in *In re EMC* further noted that while "***independently***

11  ***developed products using differently sourced parts*** are not part of the same transaction,"

12  "pertinent factual considerations [in making such a determination] include whether the alleged

13  acts of infringement ***occurred during the same time period***, the existence of some relationship

14  among the defendants, ***the use of identically sourced components***, licensing or technology

15  agreements between the defendants, ***overlap of the products' or processes' development and***

16  ***manufacture***, and whether the case involves a claim for lost profits."  *Id.* at 1359-60 (emphasis

17  added).

18  The Federal Circuit further observed that "Courts have applied this 'transaction or

19  occurrence' requirement using a 'case-by-case approach' based on a 'flexib[le] . . . standard [that]

20  enables the federal courts to promote judicial economy by permitting all reasonably related claims

21  for relief by or against different parties to be tried in a single proceeding under the provisions of

22  Rule 20.'"  *Id.* at 1358 (citing 7 Charles Alan Wright et al., Federal Practice and Procedure § 1653

23  (3d ed. 2001)).   Furthermore, while applying this standard it is important to bear in mind that

24  "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action

25  consistent with fairness to the parties; joinder of claims, parties and remedies is strongly

26  encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

27

28

In keeping with the close correspondence in language between Section 299 and Rule 20, courts have found the Federal Circuit's prior precedent regarding joinder under Rule 20 is relevant to the analysis of Section 299, particularly as concerns the transaction-or-occurrence language contained in both rules. *See In re Nintendo*, 544 F. App'x at 939 (finding that Section 299 adds to Rule 20 "a requirement that the transaction or occurrence must relate to making, using, or selling of the same accused product or process," and citing to the Federal Circuit's decision *In re EMC*); *see also* 157 CONG. REC. 5429 (2011) (Ex. 20) (statement of Sen. Jon Kyl) (stating that Section 299 "effectively codifies current law. . .")*;* H.R. REP. NO. 112-98, at 54 (2011) (Ex. 19) ("The Act amends chapter 29 of the Patent Act by creating a new § 299 that addresses joinder under Rule 20. . ."); *Lantiq Deutschland GMBH v. Ralink Tech. Corp.*, Case No. 5:11-CV-00234, 2012 WL 1536070, at *3 (N.D. Cal. April 30, 2012) (describing the joinder standard under Rule 20 and further noting that "[u]nder Section 299 . . . those transactions or occurrences must relate to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process."). Accordingly, the transaction-or-occurrence alternative in Section 299(a)(1) is met where a "logical relationship" exists between the claims against the different parties to be joined, provided the new language in Section 299 concerning the "same accused product or process" is also met.

    **C.**    **The "Same Accused Product or Process" Requirement Under Section 299(a)(1) Is Satisfied When Accused Infringers Market Computing Products That Include Common Software Applications**

As noted above, Section 299 adds to the language in Rule 20 a requirement that the qualifying transaction-or-occurrence "relat[e] to the making, using, importing into the United States, offering for sale, or selling of *the same accused product or process*." Section 299(a)(1) (emphasis added). The Federal Circuit recently found that this "same accused product or process" requirement may be met even in cases where the parties to be joined are competitors selling physically distinct and different computing devices, provided the accused products all contain one or more common software applications. *See In re Apple Inc.*, 650 F. App'x 771, 774-75 (Fed. Cir.

2015).  There, the Federal Circuit denied a *mandamus* petition, which sought relief from a District Court decision denying a motion to sever the infringement claims against defendants who sold distinct hardware products that all had common software applications.  *Id.* at 775.  In so deciding, the Federal Circuit acknowledged that the facts of that case did not present "a case in which Apple and other defendants were joined without any link between the infringement claims, because [the plaintiff] asserted claims against Apple and other defendants based on use of ***the same accused software applications***."  *Id.* (emphasis added); *see also Smartflash*, 2014 U.S. Dist. LEXIS 185268 at *6 (Ex. A) (finding that even where the accused software is not identical, Section 299 is satisfied where "the processes are the same in 'respects relevant to the patent.'") (citing *In re EMC*, 677 F.3d at 1359).

### D.    Common Questions of Fact Include Claim Construction and Patent Validity

Finally, the requirement in Section 299(a)(2) for "questions of fact common to all defendants" is identical to Rule 20, and the Federal Circuit has acknowledged that patent matters necessarily raise such common questions, at least as to claim construction and patent validity.  *See In re EMC*, 677 F.3d at 1357.

## IV.    Argument

### A.    Philips' Proposal to Consolidate Trial as to All Defendants Marketing Accused Windows-Based Products is Fully Consonant with Section 299

#### a.    Section 299(a)(1) is Satisfied Because Joint and Several Liability Exists in the Windows-Related Actions, a Logical Relationship Exists Through All Claims to Be Joined, and the Accused Windows-Based Products Each Contain the Same Product or Process

Section 299 seeks to bar the consolidation and joinder of claims based solely on the fact that the same patent is asserted against multiple, otherwise unrelated defendants.  That is not the case here.  Philips' proposal for a consolidated trial of the claims against all Windows-Based Products is the most efficient path forward.  Any alternative approach, such as the numerous trials proposed by the Defendants, would result in duplicative presentations of facts and witnesses at

18

CASE NOS. 18-CV-1885-HSG, 18-CV-1886-HSG, 18-CV-1888-HSG, and 18-CV-1890-HSG
PLAINTIFFS' NOTICE OF MOTION AND MOTION TO PARTIALLY CONSOLIDATE CERTAIN MATTERS
FOR TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES

trials that would all concern the same operating system-based infringement allegations, and would therefore needlessly increase costs and increase the likelihood of inconsistent verdicts.

### i. Joint and Several Liability Exists Between Microsoft and Each of the Other Defendants Marketing Windows-Based Products

As a preliminary matter, the first alternative under Section 299(a)(1) allows for consolidation where "any right to relief is asserted against the parties jointly [or] severally," and where common questions of fact arise. As is discussed further below, the requisite common questions of fact necessarily arise in patent matters and are present here. Therefore, under this standard, there should be no dispute that Microsoft is properly consolidated with each of Acer, ASUS, Visual Land, and YiFang individually, as they are jointly engaged in offering the accused Windows-Based Products and they are together parties to the same series of actions. *See, e.g.*, *Shockley v. Arcan*, 248 F.3d 1349, 1364 (Fed. Cir. 2001) ("[O]ther courts, including the Supreme Court, have held that parties that make and sell an infringing device are joint tort-feasors with parties that purchase an infringing device for use or resale.")

### ii. There Is a Logical Relationship Between The Windows-Based Claims and Products

Furthermore, the second alternative under Section 299(a)(1) is also satisfied as to all of the Defendants in the Windows-Related Actions because there is a "logical relationship" among the claims to be consolidated. Section 299(a)(1) is met because Microsoft's intervention, and the Windows operating system itself, provide a common link and clear logical relationship between Philips' claims against Windows-Based Products in each of the Acer, ASUS, YiFang and Visual Land actions, and therefore satisfy the transaction or occurrence requirement under Section 299(a)(1). Indeed, the logical relationship test requires only "substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant," and the accused Windows operating system functionalities, related source code, and necessary testimony are either identical

19

CASE NOS. 18-CV-1885-HSG, 18-CV-1886-HSG, 18-CV-1888-HSG, and 18-CV-1890-HSG
PLAINTIFFS' NOTICE OF MOTION AND MOTION TO PARTIALLY CONSOLIDATE CERTAIN MATTERS
FOR TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES

or overlap substantially for the relevant functionalities in the Windows-Based Products of all
Defendants to be consolidated.[12] *In re EMC Corp.*, 677 F.3d at 1358.

████████████████████████████████████████████████████████████ relies on
Microsoft to provide discovery related to the Windows operating system source code, █████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████
████████████████████████████████ *see also* footnote 9, *supra*.  Additionally, and as described
above, ████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████ creating only further evidentiary
overlap.  *See, e.g.*, Chao-Shih Huang Dep. Tr. at 41:15-22 (Ex. 4) ("Q. Okay. So for all Acer
products with touchscreens, when a virtual keypad is presented to the user, it's Microsoft that
writes the source code for that virtual keypad; correct? . . . The Witness: As I stated earlier, ours is
a hardware company.  Whether Microsoft provides such software function or not, we would rely
on them."); *see also* footnotes 6-8, supra.  Under these circumstances, the factual overlap between
the Windows-Based Products, and the Defendants in the Windows-Related Actions, is far beyond

---

[12] It should be noted that, in addition to the infringement allegations that are operating-system based, Philips does also assert certain additional infringement theories against certain Windows-Based Products that are based in-part on underlying hardware.  For example, while the Windows-Based Products infringe the '819 and '809 patents in light of operating system functionalities (*i.e.*, WMDRM and PlayReady, described above in § II.B.), some of those products *also* infringe because they include underlying hardware (*i.e.*, processors) that support HDCP 2.x, a technology also described above in § II.B.  Any such hardware-related allegations against these products are most efficiently heard alongside Philips' Windows operating system-based allegations during the consolidated trial.  Such allegations do not alter or negate the otherwise existing "logical relationship" that is created by the inclusion of the Windows operating system on these products, and there is no reason that all of Philips' infringement theories as to the Windows-based products cannot be decided together in the first trials.

substantial.  The functionalities included in Microsoft's source code give rise to Philips' infringement allegations, and Microsoft's testimony and factual allegations are necessary to the adjudication of these matters.

### iii. The Windows-Based Products Each Contain the Same Accused Product or Process, As Required for Consolidation Under Section 299

The "same product or process" requirement in Section 299(a)(1) is also met.  Each of the Defendants in the Windows-Related Actions offer Windows-Based Products that incorporate the Windows operating system.  The Defendants receive the Windows operating system from Microsoft and install it on their Windows-Based Products.  Furthermore, ███████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████  As a result, the Windows-Based Products each contain a product or process that does not differ based on which Defendant originally sold it.  This is precisely the situation addressed in the Federal Circuit's recent *In re Apple* decision, where the Plaintiff had "asserted claims against Apple and other defendants based on use of the same accused software applications."  *In re Apple*, 650 F. App'x at 775.  The District Court there found that such an allegation was sufficient to satisfy Section 299's "same accused product or process" requirement, and the Federal Circuit agreed that "the complaint and the record before the district court reasonably suggested that this is not a case in which Apple and other defendants were joined without any link between the infringement claims."  *Id.*; *see also Content Guard Holdings, Inc. v. Amazon.com, Inc.*, No. 2:13-CV-1112-JRG, 2015 WL 1263346 at *8-10 (E.D. Tex. Mar. 19, 2015).  The same is true here.

### b. Section 299(a)(2) is Satisfied Because All of the Actions to Be Joined Involve Common Questions of Fact

Finally, as is described above, common questions of fact necessarily arise in patent matters, and they will necessarily arise here with respect to the issue of patent validity.  *See In re EMC*, 677 F.3d at 1357 (noting that allegations against multiple parties alleging infringement of the same patent "would raise common questions of claim construction and patent invalidity").

21

CASE NOS. 18-CV-1885-HSG, 18-CV-1886-HSG, 18-CV-1888-HSG, and 18-CV-1890-HSG
PLAINTIFFS' NOTICE OF MOTION AND MOTION TO PARTIALLY CONSOLIDATE CERTAIN MATTERS
FOR TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES

Indeed, the Defendants have formed a joint defense group and served a single set of joint invalidity contentions.  There is no difference in the validity issues raised by each Defendant to be joined.  And, as noted above, because the Windows-Based Products of all Defendants run the Windows operating system, common questions of fact also underline the claims to be joined.

### c. Philips' Proposed Consolidation is Allowable Despite the Fact That Trial Would Include Direct Competitors

The Court should not credit any effort by Defendants to oppose this motion on the grounds that they are competitors.  The same was true of the Defendants originally joined in *In re Apple*.  650 F. App'x at 775; *see also NFC Tech., LLC v. HTC Am.*, 2:13-CV-01058-JRG, 2014 WL 3834959 at *2 (E.D. Tex. Aug. 1, 2014) (finding Section 299 satisfied where "the accused products . . . all make use of a particular NFC chip . . . which, in combination with devices supplied by LG and HTC, allegedly infringe" the patents-in-suit.).  Indeed, Section 299 includes no prohibition against joinder of competitors.  And, other courts have expressly rejected the notion that competitors cannot be joined where the requirements for joinder are otherwise met.  *See, e.g.*, *Content Guard*, 2015 WL 1263346 at *8-10.  While some decisions in other districts have denied joinder in certain instances involving competitor defendants,[13] none addressed or distinguished the Federal Circuit's decision in *In re Apple*, and none involved facts on par with those here.  Philips is unaware of any authority in the Northern District of California holding that multiple direct competitors can never be joined in a patent infringement suit.

Further, the purpose of Section 299 was not to prevent joinder of competitors, but rather to prevent the joinder of parties based solely on the allegation that they all infringe the same patent.  Direct competitors selling the same products or products that incorporate the same

---

[13] *See, e.g.*, *Digitech Image Techs., LLC v. Agfaphoto Holding GmbH*, No. 8:12-cv-1153-ODW (MRW), 2012 WL 4513805 (C.D. Cal. Oct. 1, 2012); *Richmond v. Lumisol Elec. Ltd.*, Civil Action No. 13-1944 (MLC), 2014 WL 1716447 (D.N.J. Aug. 30, 2014); *Broadband iTV, Inc. v. Hawaiian Telcom, Inc.*, Civ. No. 14-00169 ACK-RLP, 2014 WL 5580967 (D. Haw. Oct. 30, 2014).

process are not so situated.  As explained above, there is a clear logical relationship between such claims that rises far beyond the type of bare allegation that Section 299 sought to prohibit.

      **B.**    **Efficiency and Judicial Economy Considerations Strongly Favor Philips' Proposed Consolidation**

Judicial economy is also important to the Court's consideration of consolidation under Section 299, and this factor clearly favors Philips' proposal to hold consolidated trials concerning the infringement of the Accused Window Products by all relevant Defendants.  *In re EMC Corp.*, 677 F.3d at 1358  (finding that the transaction or occurrence standard contained in Rule 20 "enables the federal courts to promote judicial economy") (internal quotations and citations omitted).  Under Philips' proposal there will be only two trials (regarding the User Interface and Audio/Visual patents) at which the Philips' allegations concerning the Windows operating system, and the related factual evidence and testimony, will need to be presented.  Furthermore, Philips' proposal will allow this Court to resolve many of the affirmative defenses and counterclaims as between Philips and all but the HTC defendants in just two proceedings.  For example, the alleged invalidity of nine of the eleven patents at issue in these related cases would be decided once as between Philips and all but the HTC defendants.  There would be no need to repeatedly litigate those same claims and defenses over and over again in separate trials against Microsoft, Acer, ASUS, YiFang, and Visual Land.  As is described further below, this would allow the Court to streamline any subsequent trials regarding the Defendants' non-Windows products.

If, on the contrary, the Court were to adopt Defendants' proposal that there should be no consolidation whatsoever, and that each Defendant should be tried separately, fewer issues would be decided in each trial, which would result in a waste of judicial resources, and an unnecessary burden on both party and non-party witnesses.  Under Defendants' proposal, the validity of each asserted patent would be retried six separate times (even though the Defendants have served joint invalidity contentions).[14]  Whether the Windows operating system and Windows-Based Products

---

[14] *See* Joint Case Mgmt. Statement at 44.  No. 18-1885, Docket No. 415 ("The Court should hear Philips's claims against each defendant group in a separate trial . . .").

infringe the Patents-in-Suit would need to be retried and decided five separate times, even though ███████████████████████████████████████████████████████████████████

███████████████████ and Microsoft has admitted the Windows operating system is the same whether it is loaded onto an Acer, ASUS, YiFang, or Visual Land device.[15]  Non-party witnesses who are on many of the Defendants' initial disclosures would be overburdened by presenting the same testimony in multiple trials.  Inventors of the Patents-in-Suit, many of whom are no longer employed by Philips, may similarly need to provide the same testimony in many more trials than necessary, as would the parties' expert witnesses.  All of the waste and duplication inherent in Defendants' plan would be avoided or substantially mitigated by Philips' proposal.

### C.    Philips' Proposal Would Also Facilitate a More Orderly and Efficient Resolution of the Claims and Defenses Relating to the Non-Windows-Based Products

Philips' proposal for consolidation would also lead to a more efficient resolution of the remaining non-Windows related claims in the various actions.  *See* Joint Case Mgmt. Statement at 42-44.  No. 18-1885, Docket No. 415.  Philips envisions that once the consolidated trials against the Windows-Based Products are completed, the claims between Philips and HTC would be tried next.  Again, the Patents-in-Suit would be grouped into a user-interface trial and an audio/visual trial.[16]  HTC is the one Defendant without any Windows-Based Products and therefore validity would also be at issue.  After the HTC trials are completed, virtually all of the validity issues will have been decided across all of the cases,[17] any issues remaining between Philips and the non-HTC defendants relating to Android or Chrome-based products could then be tried.

---

[15] In addition to being inefficient, Defendants' proposal significantly increases the risk of inconsistent jury verdicts.

[16] There are two patents asserted against HTC (the RE44,006 and 6,772,114 patents) that are not asserted against the Windows-Based products.  The '006 patent is related to a user interface for switching between applications and can be grouped with the other user-interface patents.  The '114 patent relates to decoding audio signals and can be a part of the audio/video patent trial.

[17] Only the validity of the '114 and '006 patents as to Acer, ASUS, YiFang, and Visual Land would remain to be resolved.

CASE NOS. 18-CV-1885-HSG, 18-CV-1886-HSG, 18-CV-1888-HSG, and 18-CV-1890-HSG
PLAINTIFFS' NOTICE OF MOTION AND MOTION TO PARTIALLY CONSOLIDATE CERTAIN MATTERS
FOR TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES

There is a substantial possibility that the outcome of the consolidated Windows trials may drive resolution of the claims against the non-Windows products.  Accordingly, while a plan for subsequent trial staging of the claims related to the accused Android and Chrome-based products is broadly outlined above, Philips does not believe it is necessary that the Court order further consolidation at this time.  Rather, Philips requests that, following the conclusion of the consolidated Windows-Based trials, the Court conduct a conference to schedule the HTC trials and to decide how to thereafter efficiently address what remains as between Philips and the other defendants as concerns non-Windows-Based products.  Even if no settlements are reached, Philips would expect that the remaining parties would have interest in efficiencies that can be gained through partial consolidations, as the overlap of remaining issues across parties should be significant.  For example, all of the Defendants that would remain (Acer, ASUS, Visual Land and YiFang) sell accused Android-based products that utilize Google's Android operating system. Acer and ASUS also sell accused Chrome-based products that utilize Google's Chrome operating system. ████████████████████████████████████████████████████████████████ ████████████████████████████[18]  Moreover, Acer, ASUS and Google (who was subpoenaed by Philips in this case) all share counsel.  Similarly, YiFang and Visual Land share counsel as well.  Given this substantial overlap, Philips expects that the parties would be interested in working on an efficient trial plan for the remaining issues once the HTC trials are completed.

## V.    Conclusion

For the foregoing reasons, Philips respectfully requests that this Court grant its Motion to Partially Consolidate Certain Matters for Trial.  A proposed form of order is attached.

---

[18] *See* Acer's Sixth Supplemental Initial Disclosures at 13-14.  No. 18-1885, Docket No. 357; ASUS's Fourth Supplemental Initial Disclosures at 4-5.  No. 18-1886, Docket No. 328.

25
Case Nos. 18-cv-1885-HSG, 18-cv-1886-HSG, 18-cv-1888-HSG, and 18-cv-1890-HSG
Plaintiffs' Notice of Motion and Motion to Partially Consolidate Certain Matters
for Trial; Memorandum of Points and Authorities

1

2

Dated: July 17, 2018

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

/s/ John Carlin
John Carlin (admitted *pro hac vice*)
Michael Sandonato (admitted *pro hac vice*)
Christopher Gerson (*pro hac vice* pending)
Natalie Lieber (*pro hac vice* pending)
Jonathan M. Sharret (admitted *pro hac vice*)
Daniel Apgar (*pro hac vice* pending)
Jaime Cardenas-Navia (*pro hac vice* pending)
Sean McCarthy (*pro hac vice* pending)
Robert Pickens (*pro hac vice* pending)
Caitlyn Bingaman (*pro hac vice* pending)
Joyce Nadipuram (*pro hac vice* pending)
Julian Pymento (admitted *pro hac vice*)
FITZPATRICK, CELLA, HARPER &
SCINTO
1290 Avenue of the Americas
New York, New York, 10104
+1 (212) 218-2100
+1 (212) 218-2200 facsimile
philipsprosecutionbar@fchs.com

Chris Holland (SBN 164053)
Lori L. Holland (SBN 202309)
HOLLAND LAW LLP
220 Montgomery Street, Suite 800
San Francisco, CA  94104
Telephone: (415) 200-4980
Fax: (415) 200-4989
cholland@hollandlawllp.com
lholland@hollandlawllp.com

*Attorneys for Koninklijke Philips N.V. and U.S.
Philips Corporation*

---

CASE NOS. 18-CV-1885-HSG, 18-CV-1886-HSG, 18-CV-1888-HSG, and 18-CV-1890-HSG
PLAINTIFFS' NOTICE OF MOTION AND MOTION TO PARTIALLY CONSOLIDATE CERTAIN MATTERS
FOR TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES

FCHS_WS 14509976v3.doc