Michael P. Sandonato (admitted *pro hac vice*)
msandonato@fchs.com
John D. Carlin (admitted *pro hac vice*)
jcarlin@fchs.com
Natalie Lieber (admitted *pro hac vice*)
nlieber@fchs.com
Christopher M. Gerson (admitted *pro hac vice*)
cgerson@fchs.com
Jonathan M. Sharret (admitted *pro hac vice*)
jsharret@fchs.com
Daniel A. Apgar (admitted *pro hac vice*)
dapgar@fchs.com

Robert S. Pickens (admitted *pro hac vice*)
rpickens@fchs.com
Sean M. McCarthy (admitted *pro hac vice*)
smccarthy@fchs.com
Jaime F. Cardenas-Navia (admitted *pro hac vice*)
jcardenas-navia@fchs.com
Joyce L. Nadipuram (admitted *pro hac vice*)
jnadipuram@fchs.com
Caitlyn N. Bingaman (admitted *pro hac vice*)
cbingaman@fchs.com
Julian G. Pymento (admitted *pro hac vice*)
jpymento@fchs.com

FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, New York 10104-3800
Tel: (212) 218-2100
Fax: (212) 218-2200

Chris Holland (SBN 164053)
cholland@hollandlawllp.com
Lori L. Holland (SBN 202309)
lholland@hollandlawllp.com
Ethan Jacobs (SBN 291838)
ejacobs@hollandlawllp.com

HOLLAND LAW LLP
220 Montgomery Street, Suite 800
San Francisco, CA  94104
Tel: (415) 200-4980
Fax: (415) 200-4989

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V., U.S. PHILIPS CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> ACER INC., ACER AMERICA CORPORATION, <br> Defendants. <br><br><br><br><br><br> MICROSOFT CORPORATION, <br> Intervenor-Plaintiff, | Case No. 4:18-cv-01885-HSG <br> (and related cases) <br><br> **PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO PARTIALLY CONSOLIDATE CERTAIN MATTERS FOR TRIAL** <br><br><br> JURY TRIAL DEMANDED |

v.

KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,
        Intervenor-Defendants.

_____

KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,
        Intervenor-Defendants/
        Counterclaim Plaintiffs-
        in-intervention

        v.

MICROSOFT CORPORATION,
        Intervenor-Plaintiff/
        Counterclaim Defendant-
        in-intervention

        AND

MICROSOFT MOBILE INC.,
        Counterclaim Defendant-
        in-intervention.

_____
_____

KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,
        Plaintiffs,

        v.

ASUSTEK COMPUTER, INC.,
ASUS COMPUTER INTERNATIONAL,
        Defendants.

_____

MICROSOFT CORPORATION,
        Intervenor-Plaintiff,

        v.

KONINKLIJKE PHILIPS N.V. and
U.S. PHILIPS CORPORATION,
        Intervenor-Defendants.

_____

KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,

Related Case No.4:18-cv-01886-HSG

JURY TRIAL DEMANDED

Intervenor-Defendants/
Counterclaim Plaintiffs-
in-intervention                    )

v.                                 )

MICROSOFT CORPORATION,             )
Intervenor-Plaintiff/
Counterclaim Defendant-
in-intervention                    )

AND                                )

MICROSOFT MOBILE INC.,             )
Counterclaim Defendant-
in-intervention.                   )

_____  )

_____

KONINKLIJKE PHILIPS N.V.,          )
U.S. PHILIPS CORPORATION,          )                    Related Case No.4:18-cv-01888-HSG
Plaintiffs,          )
v.                   )                    JURY TRIAL DEMANDED

VISUAL LAND, INC.                  )
Defendant.           )

_____  )

MICROSOFT CORPORATION,             )
Intervenor-Plaintiff,   )

v.                   )

KONINKLIJKE PHILIPS N.V.,          )
U.S. PHILIPS CORPORATION,          )
Intervenor-Defendants.  )


_____  )

KONINKLIJKE PHILIPS N.V.,          )
U.S. PHILIPS CORPORATION,          )
Intervenor-Defendants/
Counterclaim Plaintiffs-
in-intervention        )

v.                     )

MICROSOFT CORPORATION,             )
Intervenor-Plaintiff/
Counterclaim Defendant-
in-intervention        )

1

2
)
)
AND
)
MICROSOFT MOBILE INC.,
)
                  Counterclaim Defendant-
)
                  in-intervention.
)
_____
)

3

4

5
)
KONINKLIJKE PHILIPS N.V.,
)
U.S. PHILIPS CORPORATION,
)                  Related Case 4:18-cv-01890-HSG
                  Plaintiffs,
)
                                                            )
                  v.
)                  JURY TRIAL DEMANDED
                                                            )
YIFANG USA, INC. D/B/A/ E-FUN, INC.
)
                  Defendant.
)
_____
)

6

7

8

9

10

11
MICROSOFT CORPORATION,
)
                  Intervenor-Plaintiff,
)
                                                            )
                  v.
)
                                                            )
KONINKLIJKE PHILIPS N.V.,
)
U.S. PHILIPS CORPORATION,
)
                  Intervenor-Defendants.
)
_____
)

12

13

14

15

16
KONINKLIJKE PHILIPS N.V.,
)
U.S. PHILIPS CORPORATION,
)
                  Intervenor-Defendants/
)
                  Counterclaim Plaintiffs-
)
                  in-intervention
)
                                                            )
                  v.
)
                                                            )
MICROSOFT CORPORATION,
)
                  Intervenor-Plaintiff/
)
                  Counterclaim Defendant-
)
                  in-intervention
)
                                                            )
                  AND
)
                                                            )
MICROSOFT MOBILE INC.,
)
                  Counterclaim Defendant-
)
                  in-intervention.
)
_____
)

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

I.  Preliminary Statement ................................................................................. 1

II.  Argument .................................................................................................. 1

    A.  Defendants' Proposed Microsoft-Only Trial Would Not Resolve Philips' Windows-Based Claims Against the Windows Defendants, Leading to Multiple Trials for these Claims and the Risk of Inconsistent Verdicts ................... 1

        1.  Because Microsoft Is an Indirect Infringer, a Microsoft- Only Trial Would Not Resolve Philips' Direct Infringement  Claims Against the Windows Defendants ........................................................ 2

        2.  The Principles of Exhaustion and Double Recovery Do Not Prevent Philips from Pursuing Its Windows-Based Claim Against Each  Windows Defendant Following a Microsoft-Only Trial ................... 4

        3.  Because Philips' Windows-Based Claims Would Not Be Resolved in a Microsoft-Only Trial, These Claims Would Need to Be Tried for Each Windows Defendant, Wasting Resources and Creating the Possibility of Inconsistent Verdicts ........................................... 6

    B.  Defendants' Proposal Would Lead to Unnecessary  Complexity and Jury Confusion ............................................................................................. 6

    C.  Defendants' Proposed Trial Schedule Is Designed to  Improperly Force Philips to Drop Patents and Tolerate  Infringement Without Having Its Day in Court ................................................................................... 8

    D.  Only Philips' Proposal Efficiently Resolves the Windows-Based  Claims, Which Reduces the Number of Issues in any Subsequent  Trials and Achieves a Quicker, More Efficient Overall Resolution ....................... 10

    E.  Consolidated, Multiple Defendant Trials Are Common, and  Courts Regularly Manage the Issues Defendants Raise .............................. 10

        1.  Microsoft and Its Windows Defendants Do Not Have Different Interests with Respect to Philips' Windows-Based Claims and Would Benefit from a Consolidated Windows-Based Trial ................... 10

        2.  Defendants' Vague Confidentiality Concerns Are Overstated, and Would Be Worse Under Their Proposed Trial Schedule ........................... 12

        3.  Defendants' Concerns About Potential Differences  in the Application of Estoppel as a Result of Their  *Inter Partes Reviews* Are Unfounded and Premature ................................................ 13

        4.  Defendants Are Not Entitled to Repeatedly  Try the Same Invalidity Issues ........................................................................... 14

III.  Conclusion ............................................................................................. 14

i

# TABLE OF AUTHORITIES

**Cases**

*Aero Prods. Int'l, Inc. v. Intex Rec. Corp.*,
   466 F.3d 1000 (Fed. Cir. 2006)........................................................................................... 5

*Am. Acad. of Sci. v. Novell, Inc.*,
   No. C-91-4300, 1992 WL 313101 (N.D. Cal. July 9, 1992).................................................... 4

*Cherdak v. Stride Rite Corp.*,
   396 F. Supp. 2d 602 (D. Md. 2005) ................................................................................... 11

*Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*,
   No. 15-CV-1201-WCB, 2016 WL 1659924 (E.D. Tex. Apr. 26, 2016) ................................ 4

*Kahn v. GMC*,
   889 F.2d 1078 (Fed. Cir. 1989)........................................................................................... 3

*Koh v. Microtek, Int'l, Inc.*,
   250 F. Supp. 2d 627 (E.D. Va. 2003) ................................................................................. 4

*LG Elecs. Inc. v. Advance Creative Computer Corp.*,
   131 F. Supp. 2d 804 (E.D. Va. 2001) ................................................................................. 4

*Mirror Worlds Techs., LLC v. Dell Inc.*,
   No. 13-CV-941, 2014 WL 11268268 (E.D. Tex. Sept. 29, 2014).......................................... 3

*Omega Patents, LLC v. Skypatrol, LLC*,
   No. 11-cv-24201-KMM, 2012 WL 2339320 (S.D. Fla. June 19, 2012)................................ 6

*Quanta Computer, Inc. v. LG Elecs., Inc.*,
   553 U.S. 617 (2008)............................................................................................................ 5

*Richmond v. Lumisol Elec. Ltd.*,
   No. 13-1944, 2014 WL 1716447 (D. N.J. Apr. 30, 2014) .................................................... 4

*Shifferaw v. EMSON USA*,
   No. 09-CV-54-TJW-CE, 2010 WL 1064380 (E.D. Tex. Mar. 18, 2010)................................ 4

*Smartflash LLC v. Apple, Inc.*,
   No. 13-cv-447, 2014 U.S. Dist. LEXIS 185268 (E.D. Tex. Apr. 4, 2014)........................... 11

*Transclean Corp. v. Jiffy Lube Int'l, Inc.*,
   474 F.3d 1298 (Fed. Cir. 2007)........................................................................................... 5

**Statutory Authorities**

35 U.S.C. § 299 ............................................................................................................................ 1

PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO PARTIALLY CONSOLIDATE CERTAIN MATTERS FOR TRIAL
CASE NUMBERS 4:18-CV-01885, 01886, 01888, AND 01890-HSG

## I.     PRELIMINARY STATEMENT

As explained in its opening brief, Philips' trial proposal—in which all of Philips' Windows-based claims are resolved in the first two trials—is fully consistent with 35 U.S.C. § 299 and creates substantial efficiencies for the Court and all parties.  The Acer, ASUS, and YiFang Defendants (collectively, the "Windows Defendants") filed a common brief in opposition to Philips' motion,[1] in which they largely deferred to a separate Opposition filed by Microsoft on the question of whether Philips' proposed consolidation is legally permitted under Section 299.  To avoid duplication, Philips will not repeat the points made in its Reply to Microsoft's Opposition concerning compliance with Section 299, the inapplicability of the so-called customer-suit exception, or Microsoft's new and ill-conceived severance proposal.[2]  Instead, this brief focuses on the relative efficiencies and fairness of the competing trial proposals, and responds to arguments of this kind made by Microsoft and the Windows Defendants.  As demonstrated below, Defendants' trial proposal is deeply flawed and would squander substantial judicial and party resources.  Moreover, the arguments Microsoft and the Windows Defendants raise against Philips' trial proposal are incorrect both factually and legally, and fail to overcome the clear showing by Philips that its Motion for Partial Consolidation is the most fair and efficient means for moving these cases forward.  Consequently, Philips' Motion for Partial Consolidation should be granted.

## II.    ARGUMENT

### A.    Defendants' Proposed Microsoft-Only Trial Would Not Resolve Philips' Windows-Based Claims Against the Windows Defendants, Leading to Multiple Trials for these Claims and the Risk of Inconsistent Verdicts

Defendants propose an initial trial between Philips and Microsoft, followed by trials between Philips and each of the remaining parties.  Defendants incorrectly assert that a Microsoft-only trial

---

[1] Visual Land also joined in the filing of the common opposition brief, but has recently agreed to a settlement with Philips, and the Court has granted the related Stipulated and Unopposed Motion for Voluntary Dismissal Under Fed. R. Civ. P. 41(a)(2).  *See* Case No. 4:18-cv-01888, Dkt. Nos. 395, 396.  Accordingly, this brief assumes that Visual Land will no longer be part of these litigations, but out of an abundance of caution, Philips intends to file this reply in the Visual Land matter as well.

[2] Any arguments in the Windows Defendants' Opposition that relate to whether Philips' trial proposal meets the requirements of Section 299 are addressed in Philips' Reply to Microsoft's Opposition, which is hereby incorporated by reference.

1

PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO PARTIALLY CONSOLIDATE CERTAIN MATTERS FOR TRIAL
CASE NUMBERS 4:18-CV-01885, 01886, 01888, AND 01890-HSG

would "resolve virtually all of the issues underlying Philips' Windows-based claims against the Windows Defendants," and thereby greatly reduce or eliminate Windows-related issues in the remaining trials.  Microsoft Opp. Br. at 19; Defs. Opp. Br. at 11.  But this is simply not true.  Barring a verdict that all of Philips' asserted patents are invalid—which is very unlikely, especially considering that several of Philips' patents have already withstood multiple petitions for *inter partes review*—the Microsoft-only trial would not resolve all of the Windows-based claims between Philips and the Windows Defendants.

> **1.    Because Microsoft Is an Indirect Infringer, a Microsoft-
> Only Trial Would Not Resolve Philips' Direct Infringement
> Claims Against the Windows Defendants**

There are several reasons why a Microsoft-only trial would not resolve the question of whether the Windows Defendants' Windows-based products infringe Philips' patents.  First, if Philips prevails in a Microsoft-only trial, the infringement findings would not be binding on the Windows Defendants.  Microsoft has not articulated a mechanism through which the verdict in a Microsoft-only trial would be binding on the Windows Defendants or Philips.  Further, it is apparent from Microsoft's brief that the Windows Defendants intend to argue that the liability for damages associated with an individual Windows Defendants' sales may differ from Microsoft's liability as it pertains to sales of Windows products by each Windows Defendant.  Therefore, unless Philips is satisfied with the award of damages in a Microsoft-only trial as concerns each Windows Defendants' sales of Windows-based products, it would have no choice but to re-litigate those same Windows-based claims in subsequent trials against each Windows Defendant.  Liability for infringement associated with each Windows Defendants' Windows-based products is joint and several as between it and Microsoft, and Philips is not required to accept a potentially smaller award resulting from a Microsoft-only trial.

Additionally, it is possible that a jury in a Microsoft-only trial could find that devices running the accused Windows operating systems directly infringe certain claims of the asserted patents, but that Microsoft is nevertheless not liable for inducing or contributing to that direct infringement.  In that case, Microsoft would not be liable for the Windows Defendants' accused products, even though those products will effectively have been found to infringe.  Again, since the Windows Defendants

have not agreed to be bound by any of the findings of a Microsoft-only trial, whether their products directly infringe would need to be tried separately for each of them, which could result in inconsistent verdicts.  Further, a Microsoft-only trial would not resolve the indirect infringement claims that Philips has brought against the Windows Defendants.  There are thus multiple reasons why a Microsoft-only trial would not resolve many of Philips' Windows-based claims against the Windows Defendants.

Microsoft already knows all of this.  In fact, it previously made a similar motion under similar circumstances, which was denied in *Mirror Worlds Techs., LLC v. Dell Inc.*, No. 6:13-CV-941, 2014 WL 11268268, at *1-3 (E.D. Tex. Sept. 29, 2014).  In *Mirror Worlds*, various manufacturers (e.g., Dell, Lenovo) were accused of infringing Mirror Worlds' patents by making, selling, and inducing the use of computers running certain Windows operating systems, and Microsoft was accused of infringement for providing those Windows operating systems.  *See id.*  The court rejected Microsoft's motion to sever the claims against Microsoft while staying the claims against the manufacturers, stating:

> As it stands, a determination against Microsoft would not necessarily preclude Mirror Worlds from litigating its infringement and damages claims against each of the PC Manufacturers.  If the stay is granted and Microsoft is found to indirectly infringe, the PC Manufacturers may or may not also infringe directly or indirectly through the sale and configuration of accused products or inducement of infringing activity.  Conversely, if Microsoft is found not to infringe, such a finding does not mean that the PC Manufacturers do not infringe, for example, by supplying "instructions to use their computers in an infringing manner."  Therefore, applying the customer-suit exception to the PC Manufacturers would not serve the goal of achieving efficient and less expensive determination.

*Id.* at *3 (citations omitted).

*Mirror Worlds* is in accord with controlling case law, which holds that when there are indirect infringement claims against a supplier of infringing technology and direct infringement claims against that supplier's customers, the indirect infringement claims against the supplier should not be severed because trying those claims will not resolve the direct infringement claims against the customers.  *See Kahn v. GMC*, 889 F.2d 1078, 1081-82 (Fed. Cir. 1989) (holding that it was an abuse of discretion for the district court to apply the customer-suit exception applied because "[i]t is

3

PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO PARTIALLY CONSOLIDATE CERTAIN MATTERS FOR TRIAL
CASE NUMBERS 4:18-CV-01885, 01886, 01888, AND 01890-HSG

clear that whatever the outcome involving Motorola [the indirect infringer], the New York litigation against General Motors [the direct infringer] would not be resolved"); *Am. Acad. Of Sci. v. Novell, Inc.*, No. C-91-4300, 1992 WL 313101, at *3 (N.D. Cal. July 9, 1992) ("[E]ven if Novell [the indirect infringer] prevails on *its* noninfringement, there are other major infringement issues that will need to be resolved in the action against BOA [the direct infringer]."); *see also Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1201-WCB, 2016 WL 1659924, at *4 (E.D. Tex. Apr. 26, 2016) ("Because of these differences between cases involving, on the one hand, manufacturers and customers who are both direct infringers and, on the other hand, manufacturers who are indirect infringers and customers who are direct infringers, courts have treated the latter class of cases differently[.]") (collecting cases).

Neither Microsoft nor the Windows Defendants addresses this line of cases, nor do they offer more than conclusory assertions as to how a Microsoft-only trial would resolve Philips' Windows-based claims against the Windows Defendants.  Instead, Microsoft and the Windows Defendants rely on cases in which the so-called customers were mere resellers.  *See Shifferaw v. EMSON USA*, No. 2:09-CV-54-TJW-CE, 2010 WL 1064380, at *2-4 (E.D. Tex. Mar. 18, 2010); *LG Elecs. Inc. v. Advance Creative Computer Corp.*, 131 F. Supp. 2d 804, 812 (E.D. Va. 2001); *Richmond v. Lumisol Elec. Ltd.*, No. 13-1944, 2014 WL 1716447, at *5-6 (D. N.J. Apr. 30, 2014); *Koh v. Microtek, Int'l, Inc.*, 250 F. Supp. 2d 627, 632-33 (E.D. Va. 2003).  But, in the case of a reseller arrangement, unlike here, the supplier and customer are both liable for the same acts of direct infringement.  These cases are therefore inapposite, and do not support Microsoft's claims that a Microsoft-only trial would resolve Philips' Windows-based claims against the Windows Defendants.

2.       **The Principles of Exhaustion and Double Recovery Do Not Prevent Philips from Pursuing Its Windows-Based Claim Against Each Windows Defendant Following a Microsoft-Only Trial**

Microsoft seems to suggest that principles of exhaustion and double recovery would somehow prevent Philips from pursuing its Windows-based claims against individual Windows Defendants following a Microsoft-only trial.  Microsoft Opp. Br. at 19-20.  This is wrong.  As explained above, the jury in a Microsoft-only trial could find that third-party products running Microsoft's accused operating systems directly infringe Philips' patents, but that Microsoft is

nevertheless not liable for inducing or contributing to that direct infringement.  Moreover, Microsoft and the Windows Defendants have all raised marking defenses.  Because of differences in the dates on which Philips communicated with or brought suit against the various Windows Defendants and Microsoft, the dates upon which damages start to accrue could differ as between the Windows Defendants and Microsoft.  Specifically, some of the formal written communications that Philips had with individual Windows Defendants pre-dates similar communications with Microsoft, and Philips initiated suit against each of the Windows Defendants before Microsoft intervened.  There are thus multiple scenarios under which Philips would be more than justified in seeking to recover from the Windows Defendants, and none of the cases Microsoft cites would preclude Philips from doing so.

The first case Microsoft cites is *Quanta Computer, Inc. v. LG Elecs., Inc.*, 553 U.S. 617, 634-35 (2008).  *Quanta* does not support Microsoft's position here.  *Quanta* merely stands for the proposition that an authorized sale of a product that substantially embodies a patented invention exhausts the patentee's rights in the product sold.  *Id.*  Here, Microsoft is not a Philips licensee.  Microsoft's sales of its accused Windows operating systems are not "authorized."  An award of damages in a Microsoft-only trial would not retroactively "authorize" Microsoft's sales of the accused Windows operating systems.

The other two cases Microsoft cites, *Transclean Corp. v. Jiffy Lube Int'l, Inc.*, 474 F.3d 1298, 1303 (Fed. Cir. 2007) and *Aero Prods. Int'l, Inc. v. Intex Rec. Corp.*, 466 F.3d 1000, 1017 (Fed. Cir. 2006), stand for the proposition that patentees cannot **collect** for the same infringing acts from multiple parties.  But these cases do not support Microsoft's argument that patentees cannot **pursue** multiple avenues of recovery.  Indeed, the court in *Transclean* would have permitted a lawsuit to move forward against the users of an infringing product even after the patentee secured a verdict against the seller of the product, if it was not for a claim preclusion issue that is not present here.  474 F.3d at 1303-04.  In *AeroProds*, the court found that overlapping damages claims could move forward within the same trial, because any double recovery could be dealt with post-trial.  466 F.3d at 1017-19.  Microsoft thus has no support for its claim that, following a Microsoft-only trial, Philips would be precluded from pursuing its Windows-based claims in subsequent trials involving an

individual Windows Defendant.  As explained above, there are situations in which it would be extremely appropriate for Philips to do so.

> **3.      Because Philips' Windows-Based Claims Would Not Be Resolved in a Microsoft-Only Trial, These Claims Would Need to Be Tried for Each Windows Defendant, Wasting Resources and Creating the Possibility of Inconsistent Verdicts**

For all the reasons described above, Defendants' proposed Microsoft-only trial would resolve comparatively few, if any, of Philips' Windows-Based claims against the Windows Defendants. Should the Court adopt Defendants trial proposal, the Windows-based products infringing any one of the asserted nine patents could be tried up to five times.  This would be a tremendous waste of resources for everyone, from this Court and its staff, to the jurors, to the fact and expert witnesses whose testimony will be repeated for each of these issues, to the parties and their attorneys.

Courts have consistently and repeatedly held that litigating the same issue more than once, much less five times, should be avoided, both as a matter of efficiency and to avoid inconsistent verdicts.  *See, e.g.*, *Omega Patents, LLC v. Skypatrol, LLC*, No. 1:11-cv-24201-KMM, 2012 WL 2339320, at *6 (S.D. Fla. June 19, 2012) (denying motion to sever because "[s]evering Plaintiff's infringement claims would not promote judicial economy or reduce expenses but instead would create two separate but similar infringement actions with the potential for inconsistent outcomes"). Since Defendants' trial proposal would unnecessarily lead to the same Windows operating systems being repeatedly put on trial, it should be rejected.

> **B.      Defendants' Proposal Would Lead to Unnecessary Complexity and Jury Confusion**

Under Philips' proposal, an initial two-stage consolidated Windows-Based trial would resolve all of Philips' Windows-Based claims and all validity issues concerning those patents (except as to HTC), while only requiring the jury to "learn" one operating system (i.e., Windows).  While Philips has not requested the Court order it at this time, Philips contemplates that a subsequent two-stage trial could then be scheduled and held to resolve all issues (including patent validity) as between Philips and HTC, and again only require the jury to learn one operating system (i.e., Android).  Finally, Philips expects that a third consolidated, two-stage trial could then be held to resolve any remaining issues as between Philips on the one hand and Acer, ASUS, and YiFang on

6

PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO PARTIALLY CONSOLIDATE CERTAIN MATTERS FOR TRIAL CASE NUMBERS 4:18-CV-01885, 01886, 01888, AND 01890-HSG

the other relating to products running either Android or Chrome.  Philips' proposal would thus enable the Court to completely dispose of these related actions in a total of three two-stage trials (total of six trial stages), each of which is manageable in scope.  No single stage would involve more than six patents (representing five patent families).  And, nearly all of the invalidity issues would be resolved in the Microsoft and HTC trials, both of which would involve only a single operating system.

Under Defendants' proposal, after the Microsoft-only trial is complete, the jury in each of the subsequent trials Acer and ASUS trials would need to learn three distinct operating systems, decide all the infringement issues, and resolve anew all the same validity issues that were previously raised in the Microsoft-only trial.  Those same validity issues could then be re-litigated in each of the trials with the other Defendants, HTC and YiFang.  All told, Defendants' proposal could lead to ten trials (two for Microsoft and each Defendant to accommodate all asserted patents, as with Philips' proposal).  And the trials in Defendants' proposal would contain substantially more issues than under Philips' proposal.

This added complexity should not be overlooked.  There are multiple versions of each type of operating system that must be addressed in the trials, and there are often multiple accused functionalities for each patent (e.g., there are four accused functionalities for the '564 patent for most accused operating systems).  Defendants' proposal would thus involve trials with dozens of accused product groupings for each of the nine patent families.  When accounting for each patent family's accused functionalities, there could be hundreds of distinct groupings that must be addressed in a single trial, as part of both the infringement and damages presentations.

The Windows Defendants' disingenuously assert that their proposal "will result in, at most, six trials, which is the ***minimum*** number of trials contemplated by Philips[.]"  Defs. Opp. Br. at 11.  That bogus and self-serving comparison implicitly assumes that the grant of Philips' Motion would result in a two-stage consolidated Windows-Based trial that addresses all nine patents asserted in the Windows-based claims, while denial would result in a single-stage Microsoft-only trial that addresses only a subset of those asserted patents.  In other words, when calculating the number of trials in Philips' proposal, Defendants assumed Philips would get its day in Court on all asserted

7

patents.  But when purporting to calculate the number of trials required under their proposal, Defendants assumed Philips would be required to drop half or more of the asserted patents.  That is plainly not a fair, apples-to-apples comparison.

When viewed through the same prism—a trial schedule in which all claims on all asserted patents are addressed—it is apparent that Defendants' proposal would require a minimum of 10 total trials, all of which would be more complicated and involve substantially more issues and duplication than under Philips' proposal.   Defendants' repeated claim that their trial proposal would involve fewer trials than Philips' trial proposal is simply not true.  In any case, what should matter is not the number of trials, but how efficiently the parties' claims are resolved.  On this metric, for all the reasons explained above and below, Philips' trial proposal is far superior to Defendants' trial proposal.

**C.   Defendants' Proposed Trial Schedule Is Designed to Improperly Force Philips to Drop Patents and Tolerate Infringement Without Having Its Day in Court**

Defendants have made no secret of their desire to use the trial schedule to try to force Philips to drop asserted patents prior to trial, and that is no doubt the driving force behind Defendants' trial proposal.  Indeed, at the June 26, 2018 Case Management Conference, Defendants proposed that any claims that Philips cannot bring in a single trial should be dismissed without prejudice.  *See* Ex. A,[3] 2018-06-26 Hearing Tr. at 42:17-43:23.  But at this stage of the proceedings, dismissing any of Philips' claims would be highly prejudicial and waste the efforts of the parties in the litigations thus far.

Philips has been litigating its claims against Defendants on all asserted patents for nearly three years.  Significant progress has been made on all asserted claims.  To now require Philips to drop patents (even without prejudice) would make no sense.  It would not avoid a need for a trial on any patents, because Philips could simply refile on those patents.  It would only inject further delay into the proceedings.

---

[3] All citations to "Ex. __" refer to exhibits to the Declaration of Jaime F. Cardenas-Navia.

Moreover, there is a readily available alternative—staging the trials—which is exactly what Philips proposes.  Defendants have not identified any authority that would prevent this Court from doing so.  In fact, that is what often occurs in cases involving a large number of patents in Delaware, the district in which Philips originally brought these actions.  For example, Judge Robinson set limits on the number of patents allowed in a single trial to avoid jury confusion.  *See* Ex. B, Pre-Trial Hearing Tr. at 5:23-18:22 (Judge Robinson applying her policy of limiting the number of patents in each trial due to concerns of juror confusion and staging trials).

Even if it were permissible to force Philips to drop patents, it would be unwise to do so. Such an approach would disadvantage innovative companies with large portfolios of patents and reduce their incentives to offer licensing programs that provide broad access to their technologies, while simultaneously letting infringers off the hook for their misappropriation of technology.

Microsoft also tries to box Philips into a single, 10-day trial for each Defendants by incorrectly stating that Philips "represented to the district court that 10 days would be sufficient for each trial against each defendant."  Microsoft Opp. Br. at 25.  What Philips actually stated to the court as part of a Joint Proposed Scheduling Order was that a "first trial" should be scheduled to last 10 days.  Dkt. No. 49 at 8.[4]  This language plainly leaves open the possibility that additional trials may be needed.

Microsoft also leaves out the fact that the number of hours that are generally made available each day for trial were higher in Delaware than they are in the Northern District of California.  Thus, a 10 day trial in Delaware is not comparable to a 10 day trial here.  In any case, now that the litigations have progressed, Philips has a better understanding of the scope of the claims that are likely to go to trial, and is proposing a number of trials and an amount of time per trial that are sufficient to achieve just results.

---

[4] All references to docket entries are made to the record in *Koninklijke Philips N.V. v. Acer Inc. et al.*, Case No. 4:18-cv-01885-HSG.

PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO PARTIALLY CONSOLIDATE CERTAIN MATTERS FOR TRIAL
CASE NUMBERS 4:18-CV-01885, 01886, 01888, AND 01890-HSG

**D.   Only Philips' Proposal Efficiently Resolves the Windows-Based Claims, Which Reduces the Number of Issues in any Subsequent Trials and Achieves a Quicker, More Efficient Overall Resolution**

Philips' trial proposal would create substantial efficiencies by resolving all of the Windows-related claims in the first two trials.  This alone would prevent substantial burden.  Given that Philips' Windows-based claims comprise a majority of the Windows Defendants' liability, resolution of the initial two-stage consolidated Windows-Based trial would also increase the prospects for settlement of the remaining claims concerning Defendants' Android and Chrome-based products.  Furthermore, the initial two-stage consolidated Windows-Based trial would resolve validity for nine of the eleven patents, for all parties except HTC, again generating considerable efficiencies.  Defendants do not dispute any of these benefits of Philips' trial proposal.  Defendants' trial proposal does not provide any of these benefits, and remarkably, does not resolve any major trial issues more efficiently than Philips' trial proposal.  Moreover, it would require Microsoft to be involved in each of the Windows Defendant trials, substantially increasing Microsoft's costs and complicating those trials.

**E.   Consolidated, Multiple Defendant Trials Are Common, and Courts Regularly Manage the Issues Defendants Raise**

Defendants raise a number of purported concerns with Philips' proposal.  But these issues are not unique to the present situation.  Rather, they are issues that are common to any multiple defendant trial, cause little if any prejudice, and in no way preclude Philips' proposal from being adopted.

**1.   Microsoft and Its Windows Defendants Do Not Have Different Interests with Respect to Philips' Windows-Based Claims and Would Benefit from a Consolidated Windows-Based Trial**

Microsoft and the Windows Defendants argue that they will be prejudiced by having to jointly defend themselves in a consolidated Windows-based trial.  But the opposite is actually true.

███████████████████████████████████████████████████

███████████████████████████████  and these cost-savings would be amplified in a consolidated Windows-based trial.

Importantly, this is not a case where joint defendants have competing interests.  Microsoft and the Windows Defendants are aligned in seeking to defend themselves against Philips'

10

infringement allegations, to invalidate Philips' patents, and to minimize their damages.  Microsoft

and the Windows Defendants have all filed identical invalidity contentions for each of the asserted

patents. ██████████████████████████████

██████████████████ *See* Philips' Opp. Br. at 20-21. ██████████████

██████████████████████████████████████

██████████████████████████████████ Indeed,

the Windows Defendants appear to be relying on Microsoft to defend against Philips' Windows-

based claims, as they have not reviewed the Windows source code or attended any of the 30(b)(6)

depositions of Microsoft, and so have limited knowledge of the details of how the accused Windows

operating systems operate.

The Windows Defendants also make a vague assertion that Philips' willfulness arguments

would somehow prejudice Microsoft or the other Windows Defendants.  But Defendants do not

explain how that would happen or why the Court could not handle any such prejudice during trial

should it arise.  It is in all parties' interests to address willfulness efficiently and clearly so as to

avoid juror confusion, and Defendants' allegations are nothing more than premature speculation.

Under these circumstances, it is not unfair or prejudicial to join Microsoft and the Windows

Defendants in a consolidated trial of the Windows-based claims.  In the factually similar *Smartflash*

*LLC v. Apple, Inc.*, No. 6:13-cv-447, 2014 U.S. Dist. LEXIS 185268, at *14 (E.D. Tex. Apr. 4, 2014)

(included as Exhibit C), the court came to this exact conclusion, stating:

> This is not a situation where wholly unrelated defendants have been
> joined through six degrees of separation.  Instead, there are four
> defendants who are linked through their allegedly infringing use of the
> same software framework.  It is not fundamentally unfair or prejudicial
> for these four defendants to be joined together in one action.

*See also Cherdak v. Stride Rite Corp.*, 396 F. Supp. 2d 602, 605 (D. Md. 2005) ("[T]his Court

anticipates that Stride Rite's liability . . . can be determined alongside BBC's with a minimum of

additional effort and expense.").

### 2.     Defendants' Vague Confidentiality Concerns Are Overstated, and Would Be Worse Under Their Proposed Trial Schedule

Defendants make generalized allegations that confidentiality issues would disrupt a consolidated Windows-based trial, but they do not identify any issues that are not of the kind routinely managed by trial courts.  There currently exists a protective order under which outside counsel for all parties can view all other parties' highly confidential materials, so there would be no need for trial counsel for any party to be excluded from parts of the proceedings on confidentiality grounds.  Dkt. No. 132 at 11-14.  Moreover, while Defendants have not requested access to Microsoft's source code, Microsoft has indicated it is willing to work with Defendants should they make such a request.

While the courtroom may need to be closed when certain highly sensitive subject matter is being discussed during the presentation of infringement and damages evidence, this is often the case in patent trials.  It is in the interests of all parties to minimize these occurrences through the organization of their trial presentations and through only requiring that the courtroom be closed when truly sensitive materials are being discussed.  Defendants have not offered any explanation as to how Philips' proposed Windows trials are different than any other patent infringement cases that involve highly confidential materials.

Further, the confidentiality concerns Defendants raise would be much worse under their trial proposal.  Because Philips' Windows-based claims would not be resolved in a Microsoft-only trial, Windows source code and other highly confidential Windows-related materials would need to be presented during each Windows Defendants' trial.  Moreover, the Windows Defendants' trials would involve the source code of both Microsoft and third-party Google, a complication that does not exist in Philips' trial proposal.  This raises all the same concerns that Defendants raise with respect to Philips' proposed Windows trials, but now for at least six trial stages (two trials for each of Acer, ASUS, and YiFang under Defendants' proposal) instead of just two.  Defendants' trial proposal thus multiplies the very confidentiality concerns that it claims would be highly disruptive.

PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO PARTIALLY CONSOLIDATE CERTAIN MATTERS FOR TRIAL
CASE NUMBERS 4:18-CV-01885, 01886, 01888, AND 01890-HSG

### 3. Defendants' Concerns About Potential Differences in the Application of Estoppel as a Result of Their *Inter Partes Reviews* Are Unfounded and Premature

The Windows Defendants claim that resolution of the pending *inter partes review* ("IPR") proceedings for Philips' patents is likely to lead to differences in the estoppel that applies to each Defendant, and that this should somehow preclude a consolidated Windows-Based trial. Neither of those assertions is true.

At this point in the proceedings, the scope of estoppel arising out of the IPR petitions is unknown and uncertain, because several of those petitions are still under review. It is therefore premature to raise this issue.

Regardless, contrary to the Windows Defendants' assertions, any estoppel arising out of any of the IPR petitions should be found equally applicable to all the Windows Defendants. ████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████ As shown in the chart below, aside from follow-on IPR petitions that were filed to attempt to remedy deficiencies in their first round of petitions, Acer, ASUS, HTC, Microsoft, and Google cooperated to file non-overlapping petitions, secure in the knowledge that the benefits of any successful IPR petition would accrue equally to everyone ████████:

| Petitioner or Real Party in Interest | Challenged Patent | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | '913 | '564 | '387 | '064 | '114 | '806 | '797 | '006 | '695 | '819 | '809 |
| Google/Acer/ASUS | X | X | X | X | X | X | | | | | |
| HTC | | | | | | | X | X | | | |
| Microsoft/HTC | | | | | | | | | X | X | X |

This, together with the service of identical invalidity contentions by all Defendants, strongly suggests a coordinated effort by Defendants to divide responsibilities in collectively attacking the asserted patents, which is tantamount to a cost-sharing agreement. Thus, while it is premature to consider these questions, Philips believes that whatever estoppel arises from the IPRs should apply equally to Microsoft and Defendants.

Moreover, even if the Court were to decide that estoppel arising out of one or more IPR decisions does not apply equally to all Windows Defendants in the proposed consolidated Windows-Based trial, that is not a ground for denying consolidation.  Any such issue could be managed through jury instructions.  Thus, Defendants' premature and speculative concerns about IPR estoppel are not a reason to reject Philips' proposed Windows trials.

**4.    Defendants Are Not Entitled to Repeatedly Try the Same Invalidity Issues**

Defendants also argue that they will be prejudiced if required to pursue their validity defenses during a first consolidated Windows-Based trial, rather than in subsequent, single-Defendant trials involving their Android and Chrome based accused products.  This is plainly not true.  Under Philips' proposal, every Defendant would have the opportunity to contest the validity of the asserted patents in their first trial involving those patents in which they participate.  And, they could potentially benefit from a finding of invalidity in an earlier trial in which they have not participated.  The Defendants would, of course, prefer to have as many bites as possible at the same invalidity apple for each asserted patent (up to five for the last tried Defendant under their proposal).   But, that is neither efficient nor fair.  To the contrary, it would be prejudicial and inefficient to force Philips to defend the validity of each asserted patent against the same invalidity arguments in five separate trials as Defendants propose.

## III.    CONCLUSION

For all the reasons above, Philips' trial proposal is far more efficient and fair than Defendants' trial proposal, and is neither prejudicial nor burdensome to Microsoft or the Windows Defendants.  It should thus be adopted, and Philips' Motion for Partial Consolidation should be granted.

Dated: August 21, 2018

By: ___/Chris Holland/_____
Chris Holland (SBN 164053)
cholland@hollandlawllp.com

HOLLAND LAW LLP
220 Montgomery Street, Suite 800
San Francisco, CA  94104
Tel: (415) 200-4980
Fax: (415) 200-4989

Michael P. Sandonato (*admitted pro hac vice*)
msandonato@fchs.com

FITZPATRICK CELLA HARPER & SCINTO
1290 Avenue of the Americas
New York, New York 10104-3800
Tel: (212) 218-2100
Fax: (212) 218-2200

*Attorneys for Plaintiffs*

PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO PARTIALLY CONSOLIDATE CERTAIN MATTERS FOR TRIAL
CASE NUMBERS 4:18-CV-01885, 01886, 01888, AND 01890-HSG