[All counsel listed on signature page]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

_____

|  |  |  |
|---|---|---|
| | ) | Case No. 4:18-cv-1885-HSG[1] |
| | ) | |
| | ) | |
| | ) | |
| In Re Koninklijke Philips Patent Litigation | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | **JOINT CASE MANAGEMENT** |
| | ) | **STATEMENT** |
| | ) | |
| | ) | |

_____

---

[1] Per the Court's September 24, 2018 order, all filings shall be made in the lead case (Case No. 4:18-cv-01885) and be captioned "In Re Koninklijke Philips Patent Litigation."  *See,* Case No. 4:18-cv-01885, ECF No. 487, at 7.

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, the Patent Local Rules, the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, the Standing Order for All Civil Cases Before Judge Haywood S. Gilliam, the Standing Order for Patent Cases Before Judge Haywood S. Gilliam, and the Court's Order Setting October 2, 2018 Case Management Conference (ECF. No. 453), Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation (collectively, "Philips"), Defendants Acer Inc. and Acer America Corporation (collectively, "Acer"); ASUSTek Computer Inc. and Asus Computer International, Inc. (collectively, "ASUS"); HTC Corporation and HTC America, Inc. (collectively, "HTC"); Yifang USA Inc. d/b/a/ E-Fun, Inc. ("Yifang"; together with the other defendants to these actions, "Defendants"); and Intervenor/Counterclaim-Defendant Microsoft Corporation and Counterclaim-Defendant Microsoft Mobile Inc. (collectively, "Microsoft"), by and through their respective counsel of record in these cases, respectfully submit this Joint Case Management Statement.

For the Court's convenience, the parties have addressed only developments that have occurred since the filing of the June 19, 2018 Joint Case Management Conference Statement ("June 19th CMC Statement"). ECF. No. 415. Sections I, III, V, VI, VII, IX, XIII, XIV, XVI, and XX remain unchanged from the June 19th CMC Statement. The remaining sections have been updated herein to address the developments since June 19, 2018.

## I.   JURISDICTION AND SERVICE

Unchanged from the June 19th CMC Statement.

## II.   STATEMENT OF FACTS

### A.   Chronology of these Actions

The history of the actions was described in the Joint Case Management Statement, ECF No. 415. Briefly, the actions are patent infringement actions brought by Philips and asserting, among other things, that certain of Defendants' smartphones, tablet computers, laptops, All-in-One PCs, 2-in-1 PCs, and desktops running various versions of the Android, Windows, or Chrome operating systems contain functionality covered by one more claims of the patents-in-suit, namely, United States Patent Nos.

2

RE44,913 ("the '913 Patent"), 6,690,387 ("the '387 Patent"), 7,184,064 ("the '064 Patent"), 7,529,806 ("the '806 Patent"), 5,910,797 ("the '797 Patent"), 6,522,695 ("the '695 Patent"), RE44,006 ("the '006 Patent"), 8,543,819 ("the '819 Patent"), 9,436,809 ("the '809 Patent"), 6,772,114 ("the '114 Patent"), and RE43,564 ("the '564 Patent"). Philips's second amended complaint is operative, as are the complaints in intervention that Microsoft filed in each action (except as to HTC), as well as various counterclaims in various actions.

The Court held a Case Management Conference in these actions on June 26, 2018. At that hearing, the Court ordered, among other things, the parties to brief their positions on whether it was proper to proceed with a partially consolidated trial schedule; that briefing has now been completed and the Court ruled on September 24, 2018. The Court consolidated all cases for pre-trial purposes (ECF No. 487, at 5), denied Plaintiffs' motion for partially consolidated trials (ECF No. 487, at 6), denied Microsoft's cross-motion to sever (ECF No. 487, at 6), and instructed the parties to be prepared to discuss a schedule and sequence for the trials in these cases (ECF No. 487, at 7).

### B.    Pending Allegations and Contention Exchanges

#### 1. Philips's Statement

Philips maintains its description of the pending allegations and contention exchanges expressed in the June 19th CMC Statement. *See* Case No. 18-1885, Dkt. No. 415, at pp. 11-12. Contrary to Defendants' positions, Philips is not seeking to avoid this Court's patent rules. However, this case is uniquely situated in that extensive discovery and contentions have already been served while this case was venued in Delaware (which operated under different patent rules), and Philips believes it is inefficient to strictly adhere to the timeline contemplated by the Court's Local Patent Rules as if this case was filed in this venue in the original instance.

Accordingly, in view of the contentions already served and in the interest of efficiency and to avoid extensive delay in the prosecution of these actions, Philips believes it is necessary to depart from the strict structure of certain of the deadlines set forth in the Patent Local Rules and to set certain Court-ordered deadlines as to the close of fact discovery, as well as the events that should occur prior to that date.

Philips proposes a schedule herein (*see infra*, Section XVII) that includes proposed dates for which all technical witnesses should be made available and depositions should be completed, damages disclosures should be served, leave to amend supplemental infringement and invalidity contentions should be sought, and fact discovery should be closed.

### i.   Infringement Contentions

 Philips intends to seek leave from the Court to supplement its infringement contentions after all technical depositions have concluded to (1) conform them to the requirements set forth in the Northern District Patent Local Rules and (2) include any further support of Philips's infringement theories uncovered through recently and belatedly produced documents and source code from Defendants, non-Party Google, and other third parties.

Contrary to Defendants' argument, Philips has not delayed in moving to amend its infringement contentions.  In the prior Joint CMC Statement and at the June 26th CMC, Philips made clear that it would need to supplement its infringement contentions to (1) comply with the local rules of this Court and (2) account for new discovery.  *See, e.g.*, ECF No. 415, at 11-12; *see also, e.g.*, June 26th CMC Hearing Tr. at 48:12-25.  Philips was willing to do so in two stages, if necessary.  However, during the June 26th CMC, the Court indicated its preference that Philips wait until after it had obtained the additional discovery before seeking leave to amend its contentions.  Specifically, the Court stated that there is "no sense in the interim bringing [the infringement contentions] into compliance with the

Northern District and then having a substantive amendment." June 26th CMC Hearing Tr. at 24:6-14; *see also* 48:12-25 (counsel for Philips arguing that we should make the motion to amend the infringement contentions after we have received the necessary discovery). Simply put, because Philips has not yet obtained the requisite discovery from Defendants and non-parties to make such a substantive amendment in full, Philips has not yet moved to amend its infringement contentions but will do so once the discovery has completed.

Philip also notes that it is not necessary—and not even ripe—to argue whether Philips has acted with diligence in seeking leave to amend its infringement contentions. Philips simply respectfully asks in its proposal that the Court set deadlines to produce technical witnesses for deposition and by which the depositions should be completed, and deadlines for the parties to seek leave to amend their contentions. By setting such deadlines proposed by Philips, the parties can efficiently close-out fact discovery and move to the substantive merits of these cases.

### ii. Damages Contentions

To date, no exchange of damages contentions has occurred. This is because there is no provision for the exchange of damages contentions in the Delaware rules, and the parties have been unable to agree to a procedure going forward in this district. Philips continues to believe that it makes sense under the unique circumstances of this case to depart from the ordinary procedure under the Local Rules of this district and decouple the exchange of damages contentions from the exchange of infringement contentions. This will enable the parties to exchange damages contentions in the near term before Philips completes the outstanding technical discovery necessary to supplement its infringement contentions. Philips argued this same point at the initial June 26th CMC:

> **Mr. Gerson [Philips]:** And what we would instead propose, if we can separate the infringement contentions from the damages contentions, is to start that process earlier so that as fact discovery proceeds, the parties comply with the disclosure requirements that the Northern District of California sets further in the Patent Local

Rules for Damages Contentions, and so that, by the end of fact discovery, we've exchanged damages contentions, something we didn't do in Delaware.

**The Court:** That does seem correct, doesn't it?

June 26th CMC Hearing Tr. at 21:24-22:7; *see generally* June 26th CMC Hearing Tr. at 20:5-23:13. Defendants indicated at that time that they were willing to come to a compromise position on the exchange of damages contentions. *See, e.g.*, June 26th CMC Hearing Tr. at 22:23-23:13.

Philips proposed the following damages contention exchange to Defendants in view of their affirmation that they were willing to come to a compromise position on the exchange of damages contentions:

| Date | Exchange |
|---|---|
| August 23, 2018 | Philips sends to each Defendant its current understanding of the accused products in this case. |
| August 31, 2018 | Philips serves its Patent Local Rule 3-2 disclosures. |
| September 4, 2018 | Each Defendant will identify any products on Philips's list of its understanding of accused products that Defendant contends are not accused. |
| September 14, 2018 | Defendants serve their Patent Local Rule 3-4 disclosures. |
| October 5, 2018 | Philips serves its Patent Local Rule 3-8 damages contentions. |
| October 19, 2018 | Defendants serve their Patent Local Rule 3-9 responsive damages contentions. |

In accordance with that schedule, Philips served its understanding of the accused products for each Defendant on August 23, 2018 and served its Patent Local Rule 3-2 disclosures on August 31, 2018.

Defendants rejected Philips's proposal and counter-offered with a schedule that delays the prosecution of these cases. Defendants' counter-offer was not a "compromise position" at all—instead, it not only kept the Pat. L.R. 3-1 disclosures tethered to the Pat. L.R. 3-2 disclosures, it also tethered Philips's damages contentions (Pat. L.R. 3-8) to the same date, ***prior to Defendants obligation to comply with Pat. L.R. 3-4*** (*i.e.*, complete sales data for accused products and comparable licenses).

6

Further, on September 21, Defendants HTC, Asus, Acer, and Microsoft identified the products on Philips' list that they contend are not accused.  However, the basis for Defendants' contention is unclear, as certain of the products Defendants have contended are not accused have been identified on Plaintiffs' identification of accused products since August 2016 and included in appendices to Plaintiffs' infringement contentions served while the case was still venued in Delaware.

The parties are at an impasse as to what products are properly accused in this case.  In addition, Defendants are forcing Philips to either proceed on the basis of Philips' Delaware disclosures[2]—where Philips was prejudiced by Defendants' refusal to timely comply with its discovery obligations—or delay prosecution of these actions by deferring any exchange of damages contentions until after Philips has completed technical discovery and successfully moved to amend its infringement contentions.

To date, no Defendant has served its Patent Local Rule 3-4 disclosures on the full scope of accused products.

### iii.   **Accused Products**

While this case was in Delaware, Plaintiffs served the following identification of Accused Products:

| Date | Document |
|------|----------|
| June 17, 2016 | Initial Identification of Accused Products served on Acer, ASUS, HTC, and Yifang. |
| August 26, 2016 | First Amended Identification of Accused Products served on Acer, ASUS, HTC, and Yifang. |
| November 7, 2016 | Initial Identification of Accused Products served on Microsoft. |
| January 9, 2017 | Second Amended Identification of Accused Products served on Acer, ASUS, HTC, and Yifang.<br><br>First Amended Identification of Accused Products served on Microsoft. |

---

[2] Philips contends its disclosures were specific enough to bring all the specifically identified products within the scope of accused products by accusing of infringement Android operating system version 2.1 or higher; Windows operating system version 7 or higher (as well as mobile versions); and the Chrome operating system; as well as specifically identifying by name certain accused products preloaded with those operating systems of which it was aware at the time.

| Date | Document |
|---|---|
| October 20, 2017 | Third Amended Identification of Accused Products served on HTC and Yifang.<br><br>Second Amended Identification of Accused Products served on Microsoft. |
| October 23, 2017 | Third Amended Identification of Accused Products served on Acer and ASUS. |
| August 23, 2018 | Fourth Amended Identification of Accused Products complying with Pat. L.R. 3-1 served on Acer, ASUS, HTC, and Yifang.<br><br>Third Amended Identification of Accused Products complying with Pat. L.R. 3-1 served on Microsoft. |

After serving its initial identification of accused products on each Defendant, Philips served Interrogatory No. 1 seeking an identification of devices that by model number, sub-model number, part number, etc. that were sold in the United States and preloaded with Android operating system 2.1 or higher, Windows operating system 7 or higher (and certain mobile operating systems), and the Chrome operating system. Defendants refused to provide an adequate response to this interrogatory.

Since at least the First Amended Identification of Accused Products served in August 2016, Philips has accused devices with the following operating systems of infringing the patents-in-suit:

- Android operating system 2.1 or higher;

- Windows operating system 7 or higher;

- Chrome OS

These identifications also specifically identified the devices of which Philips was aware, while also expressly putting Defendants on notice that the lists were non-exhaustive and that any device running the accused operating systems was accused of infringement.

On August 23, 2018, Philips's served its Fourth Identification of Accused Products on each Defendant (Third Amended on Microsoft) specifically identifying each device as specifically as possible. For example, for the Acer and ASUS defendants, Philips went so far as to identify each device it was aware of by External Names, Family/Model Names, Part Numbers, and Product Descriptions. However, all of these devices have been properly accused in this case since the onset by virtue of being preloaded

8

with Android operating system 2.1 or higher; Microsoft Windows operating system version 7 or higher, or the Chrome OS.

Throughout discovery, as demonstrated by the above table, Philips has endeavored to specifically identify the accused products by name, and has updated its list of accused products periodically throughout discovery to include the devices that it itself had identified.  Philips could have done so earlier in discovery—and prior to transfer to this Court—had only Defendants complied with their discovery obligations and completely answered Interrogatory No. 1.  Defendants cannot now contend that Philips's supplemental identification of additional specific model numbers is untimely at this point, as they themselves are responsible for any delay.

Contrary to Defendants' contention that Philips's Identification of Accused Products was due in June 2016 and that the Delaware Court reserved ruling on any additions to that list, the Default Standard for Discovery—which the parties agreed governed the exchange of the identification of accused products (*see, e.g.,* ECF No. 49, at 9) —expressly states that ***"[a]s these disclosures are 'initial', each party shall be permitted to supplement."*** (Delaware Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), ¶ 4(a) and n. 3.

## 2.    Defendants' and Microsoft's Statement

The Patent Local Rules of this Court set forth a careful, and carefully balanced, schedule for exchange of contentions regarding allegations of infringement, invalidity, and damages.  Philips has made several proposals to modify this Court's rules:

- Philips proposes to decouple Patent Local Rule 3-2 and 3-4 from Patent Local Rules 3-1 and 3-3, although the Rules confirm that these four interlocking obligations should be tied together;

- Philips proposes to give itself a new deadline, *after* the close of all "technical depositions," to seek amendments to its infringement contentions, thus apparently avoiding this Court's rules regarding amendments, which require (among other things) a showing of diligence by the moving party;

- Philips appears to have dropped its original agreement to amend its existing contentions to meet the requirements of this Court's local rules; and

- Philips seeks to greatly expand the universe of accused products without leave of Court.

9

Each of Philips' proposals would serve one purpose only:  to advantage Philips over Defendants and Microsoft.  The Court should decline Philips' proposals to modify its carefully balanced rules, and should instead require Philips to follow them.

### i.     The Court Should Retain the Balance of Local Rules 3-1 through 3-4

The Patent Local Rules provide for a disclosure of asserted claims and infringement contentions (Pat. L.R. 3-1) simultaneous with accompanying document production (Pat. L.R. 3-2), as well as a disclosure of invalidity contentions (Pat. L.R. 3-3), again simultaneous with accompanying document production (Pat. L.R. 3-4).  The Rules contemplate 45 days between a patentee's compliance with 3-1 and 3-2 and an accused infringer's compliance with 3-3 and 3-4.  *Id.*

In these cases, of course, the parties served multiple rounds of infringement and invalidity contentions while the case was venued in Delaware.  Nonetheless, all parties and the Court agree that the parties should update their contentions to meet the standard of this Court's Patent Local Rules.  *See, e.g.,* Civil Action No. 18-1885, Docket No. 415 at 11("Philips proposes to supplement its contentions shortly after the June 26, 2018 Case Management Conference to conform them to the requirements set forth in the Northern District Patent Local Rules . . ."); June 26, 2018 Case Management Conference Tr. at 24:6-10 ("Before plaintiffs are permitted to make any substantive amendments to their contentions beyond simply bringing them into conformity with this District's form, you would make a motion for leave, and I would have to approve it.").

Despite this agreement during the previous Case Management Conference, since then Philips has ignored the issue of updating its infringement contentions to meet Pat. L.R. 3-1, and has sought instead to decouple that rule from Pat. L.R. 3-2.  Toward that end, on August 31, 2018, Philips unilaterally sent Defendants and Microsoft what purported to be its disclosures under Pat. L.R. 3-2, and suggested that Defendants and Microsoft respond by September 14, 2018, —only 14 days later, instead of the 45 days provided by this Court's Rules.  *See* Pat. L.R. 3-3, 3-4.  The Rules exist for a reason:  to balance carefully the interests of patentees and alleged infringers.  The Court should enter a schedule that keeps the linkage between Pat. L.R. 3-1 through 3-4.  Defendants and Microsoft propose such a schedule below.

### ii.     The Court Should Not Pre-Endorse Philips' Proposed and Very Late Timing for a Motion for Leave to Amend Its Infringement Contentions

At the previous Case Management Conference, the Court confirmed that, "[b]efore plaintiffs are permitted to make any substantive amendments to their contentions beyond simply bringing them into conformity with this District's form, you would make a motion for leave, and I would have to approve it." Tr. at 24:6-10.  In the previous Case Management Conference statement, Philips stated that it would "shortly" move to "include any further support of Philips's infringement theories uncovered through recently and belatedly produced documents and source code from Defendants, non-Party Google, and other third parties." Civil Action No. 18-1885, Docket No. 415 at 11-12.   Setting aside whether Defendants and Microsoft agree that any production was belated (they do not), Philips understood at that time that it should move promptly to amend its contentions if necessary.   Despite this understanding, Philips has not made a motion.  Instead, Philips now proposes to set a presumed *future* time for it to make a *future* motion, on approximately December 11, 2018.  The Court should not adopt this proposal, which runs counter to the Local Rules of this Court, and seems designed to avoid the examination of Philips' diligence that those Rules require.

Under Patent Local Rule 3-6, "amendment of infringement contentions 'may be made only by order of the Court upon a *timely showing* of good cause.'"  *Slot Speaker Techs., Inc. v. Apple, Inc.*, No. 13-1161, 2017 WL 4354999, at *1 (N.D. Cal. Sept. 29, 2017) (citing Pat. L.R. 3-6) (emphasis added).  This District requires that parties act with diligence "promptly moving to amend when new evidence is revealed in discovery."  *Finjan, Inc. v. Symantec Corp.*, No. 14-2998, 2017 WL 4025219, at *2 (N.D. Cal. Sept. 13, 2017) (citing *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355 (Fed. Cir. 2006)).  The Federal Circuit has emphasized the importance of moving promptly.  In *O2 Micro Int'l Ltd.*, the Federal Circuit upheld a district court's finding of a lack of diligence where movant "waited

11

almost three months" before serving "its proposed amended contentions and two more weeks to formally move to amend". *Id.* at 1367; *see also Apple, Inc. v. Samsung Elecs. Co.,* No. 11-1846, 2012 WL 1067548, at *5 (N.D. Cal. Mar. 27, 2012) (denying defendant's motion to amend contentions because defendant did not make "a timely showing of good cause"). "Diligence is evaluated at two steps: '(1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered.'" *Monolithic Power Sys., Inc. v. Silergy Corp.*, No. 14-1745, 2015 WL 5440674, at *2 (N.D. Cal. Sept. 15, 2015) (citation omitted).

Philips' attempt to set a date for its substantive amendments has no precedent in this Court's rules, and seems designed to avoid the scrutiny of its diligence that the rules require.

### iii.     The Court Should Require Philips (and Defendants and Microsoft) to Update Contentions to Match This Court's Rules

All parties and the Court previously agreed that all parties should update their infringement and invalidity contentions to match the rules of this Court. Since then, however, Philips has abandoned that agreement, seeking instead to decouple other disclosures from the infringement contentions, as Defendants described above. The Court should set a schedule that requires all parties to update their contentions, using the structure already set forth in Pat. L.R. 3-1 through 3-4, to match the Rules of this Court. Defendants and Microsoft remain willing to work with Philips on a reasonable schedule to exchange damages contentions pursuant to Pat. L.R. 3-8 and 3-9, which allows for the resolution of the dispute on accused products while maintaining the expected exchange dates for contentions contemplated by the local rules. Defendants and Microsoft have proposed such a schedule below. *See infra* Section XVII.B.

### iv.     Philips Must Seek Leave to Amend Its List of Accused Products

Under the schedule set forth in the District of Delaware, Philips' Identification of Accused Products was due in June 2016. The Delaware Court reserved ruling on any additions to that list, but indicated that Philips' diligence was to be a major consideration. Despite this, Philips disclosed two "amendments" that added products Philips could have discovered earlier because the defendants had been selling them for years. Then, after this Court reminded Philips of its obligation to first move for leave to amend again, Philips served yet another amended list of accused products last month, bringing the total number of additional products to more than 1000. Many of these products were on sale, were posted online (including many with their own Wikipedia pages) for years before Philips accused them. Needless to say, this lack of diligence would not have survived in Delaware had the Court addressed the issue before it transferred the action, and it does not come anywhere close to this District's standards for good cause. In addition, Philips' most recent purported disclosure of accused products violates the District of Delaware's Order, set in response to the parties' agreed motion, setting the deadline for final infringement contentions on February 2, 2018. Philips has not sought leave to move this deadline or otherwise amend its contentions, and cannot unilaterally give itself that authority. Defendants and Microsoft accordingly maintain that Philips' attempts to expand the scope of accused products in these cases are belated and improper.

### C.      Claim Construction

The parties briefed 33 disputed terms. Defendants and Microsoft asserted that 12 of the disputed terms were indefinite. The Delaware Court held a claim construction hearing on May 3, 2017, and entered a claim construction order on July 11, 2017. No. 18-1885, Docket No. 241 ("Claim Construction Order").

The Court held its initial Case Management Conference on June 26, 2018, and addressed certain issues regarding claim construction. *See* June 26th CMC Hearing Tr. at 24:23-34:19. On July 18, 2018,

13

Defendants and Microsoft filed an administrative motion to submit briefing on indefinite issues they maintain are outstanding.  *See* Case No. 18-1885, Dkt. No. 443.  Philips opposed that motion on July 23, 2018.  *See* Case No. 18-1885, Dkt. No. 449.

### D.       Proceedings Pending Before the Patent Trial and Appeal Board

The Defendants, Microsoft and non-Party Google LLC have filed (or were named as real parties in interest in) numerous petitions for *inter partes* review against the patents-in-suit.  As of the date of the June case management conference, five IPR proceedings were pending.  Since then, all asserted claims of the RE'006 and '695 patents have been found unpatentable by the Patent Office.  In addition, the asserted method claims of the '806 patent have been found unpatentable, but the Patent Office declined to invalidate the patent's five system claims, all of which are written in means-plus-function format.  The system claims of the '806 patent are among those that Defendants and Microsoft have argued are invalid for indefiniteness (an issue the Patent Office did not consider).  Philips maintains that the indefiniteness issue was resolved by the Delaware Court's claim construction ruling.

At present, two IPR proceedings remain pending.  One relates to the RE'913 patent, and a decision is expected by September 28, 2018.  The second pending petition relates to the '387 patent, and a decision is expected in that matter by April 11, 2019.

An updated description of the status of the IPR proceedings is set forth below.

| IPR No. | Filing Date | Patent | Petitioner | Named RPIs | Status |
|---|---|---|---|---|---|
| IPR2017-00387 | 12/5/2016 | RE'913 | Google | Acer, ASUS | Resolved: Not Instituted |
| IPR2017-00386 (IPR2017-01766) | 12/5/2016 | RE'913 | Google (Microsoft Joined 1/16/2018) | Acer, ASUS | Open: Final decision due date 9/28/2018 |
| IPR2017-00388 | 12/5/2016 | RE'564 | Google | Acer, ASUS | Resolved: Not Instituted |
| IPR2017-00389 | 12/5/2016 | RE'564 | Google | Acer, ASUS | Resolved: Not Instituted |

14

| IPR No. | Filing Date | Patent | Petitioner | Named RPIs | Status |
|---|---|---|---|---|---|
| IPR2018-00185 | 11/17/2017 | RE'564 | Microsoft | N/A | Resolved: Not Instituted |
| IPR2017-00408 | 12/5/2016 | '387 | Google | Acer, ASUS | Resolved: Not Instituted |
| IPR2017-00409 | 12/5/2016 | '387 | Google | Acer, ASUS | Resolved: Not Instituted |
| IPR2018-00023 | 10/20/2017 | '387 | Microsoft | N/A | Open: Final decision due date 4/11/2019 |
| IPR2017-00410 | 12/5/2016 | '064 | Google | Acer, ASUS | Resolved: Not Instituted |
| IPR2017-00411 | 12/5/2016 | '064 | Google | Acer, ASUS | Resolved: Not Instituted |
| IPR2018-00025 | 10/20/2017 | '064 | Microsoft | N/A | Resolved: Not Instituted |
| IPR2018-00026 | 10/20/2017 | '064 | Microsoft | N/A | Resolved: Not Instituted |
| IPR2017-00437 | 12/8/2016 | '114 | Google | Acer, ASUS | All Claims found Patentable on Final Written Decision (6/6/2018); Currently on Appeal |
| IPR2017-00447 (IPR2017-01754) | 12/9/2016 | '806 | Google (Microsoft Joined 11/29/17) | Acer, ASUS | Open: Claims 1-11 found unpatentable; Claims 12-16 (asserted in this litigation) found patentable; Notice of Appeal due Nov. 8 |

15

| IPR No. | Filing Date | Patent | Petitioner | Named RPIs | Status |
|---|---|---|---|---|---|
| IPR2017-00857 | 2/9/2017 | RE'006 | HTC | N/A | Open: The claim asserted in these actions was found unpatentable; Notice of Appeal due Oct. 26 |
| IPR2017-00890 | 2/10/2017 | '695 | Microsoft / HTC | N/A | Open: All claims asserted in these actions were found unpatentable; Notice of Appeal due Nov. 8 |
| IPR2017-00856 | 6/14/2017 | '797 | HTC | N/A | Resolved: Not Instituted |
| IPR2018-00277 | 12/8/2017 | '819 | Microsoft | N/A | Resolved: Not Instituted |
| IPR2018-00279 | 12/8/2017 | '809 | Microsoft | N/A | Resolved: Not Instituted |

     **E.**     **Principal Factual Issues in Dispute**

Unchanged from the June 19th CMC Statement.

**III.**     **LEGAL ISSUES**

Unchanged from the June 19th CMC Statement.

**IV.**     **MOTIONS**

     **A.**     **Past Motion Practice**

Unchanged from the June 19th CMC Statement.

**B.      Pending Motions**

Two of the motions pending before this Court were filed while these cases were venued in the United States District Court for the District of Delaware[3]: (1) Acer's Motion for Partial Judgment on the Pleadings; and (2) Microsoft's Motion for Partial Judgment on the Pleadings.  The parties' positions on these motions remain unchanged from the June 19th CMC Statement.  *See* ECF. No. 415, at pp. 19-21.

The following motion was filed in this Court and remains pending: Defendants' and Microsoft's Administrative Motion to Submit Briefing on Outstanding Indefiniteness Issues (ECF No. 443).

On July 18, 2018, Defendants and Microsoft filed an Administrative Motion to Submit Briefing on Outstanding Indefiniteness Issues.  *See* ECF No. 443.  In this motion, Defendants and Microsoft seek leave to brief issues pertaining to the alleged indefiniteness of various claims of the '797, '806, '695, and '819 patents, which they maintain were not decided by the District Court in Delaware.  Philips opposed that motion on July 23, 2018, arguing that the alleged indefiniteness issues were mooted by the Delaware Court's claim construction order.  *See* ECF No. 449.  The motion remains pending, and the parties maintain their positions in their respective filings and do not reiterate them here.

**C.      Anticipated Motions**

**1.      Philips's Statement**

Philips maintains its statement of anticipated motions expressed in the June 19th CMC Statement.  *See* ECF No. 415, at p. 21.  In addition, the parties are at an impasse as to what products are properly accused in this case, and Philips intends to continue the discovery procedures outlined in ECF No. 432 to obtain resolution of this issue as to each Defendant. Contrary to Defendants' assertions, Philips has not expanded the scope of accused products at all—the devices included on Philips's accused products lists have been accused since at least the First Identification of Accused Products served back in August 2016 while this case was venued in Delaware.  Defendants have simply refused to provide

---

[3] The Defendants agreed to withdraw their Motion to Stay at the June 26th CMC.  *See* June 26th CMC Hearing Tr. at 34:24-36:13.

complete discovery on all accused products, and in particular, have refused to provide sales data on all these accused products.

Other discovery disputes remain outstanding—some of which are derived from the dispute as to accused products—but the parties are continuing to confer in an attempt to resolve these issues without Court intervention.

### 2.    Defendants' and Microsoft's Statement

Defendants and Microsoft maintain their statement of anticipated motions expressed in the June 19th CMC Statement.  *See* Case No. 18-1885, Dkt. No. 415, at 21-22.  If Philips continues to insist that it can dramatically expand the scope of accused products in these actions, without seeking leave of Court, Acer, ASUS, HTC and Microsoft anticipate seeking the Court's assistance to resolve that issue.

## V.    AMENDMENT OF PLEADINGS

Unchanged from the June 19th CMC Statement.

## VI.    EVIDENCE PRESERVATION

Unchanged from the June 19th CMC Statement.

## VII.    DISCLOSURES

Unchanged from the June 19th CMC Statement.

## VIII.    DISCOVERY

### A.    Update on Discovery Taken to Date

Substantial fact discovery has already occurred.  All parties have served and responded to significant numbers of interrogatories and document requests, have produced documents, and many witnesses have been deposed.  The parties have served other subpoenas on various third-parties and have taken a handful of depositions of third-party witnesses.  Documents still need to be produced and depositions taken pursuant to some of these subpoenas.  The details of discovery taken as of June 19, 2018 are expressed in the June 19th CMC Statement.  *See* ECF No. 415, at pp. 22-25.

Since the June 19th CMC Statement, the following additional discovery has been taken:

- Philips served 1 additional interrogatory on each of Acer and Microsoft;

18

- Philips served a subpoena on non-party Intel Corp. and a subpoena on Digital Content Protection, L.L.C.;

- Philips served a second supplemental notice of deposition of Microsoft with a single topic;

- The parties have continued to schedule depositions; Philips deposed 1 Microsoft witness, 1 third-party witness related to defendant Yifang, and 7 Google witnesses, and the deposition of 1 additional Philips witness is scheduled to occur prior to the conference;

- Philips served on each Defendant a list of products it believes is properly accused in these litigations;

- Philips served its Second Amended Initial Disclosures; and

- Philips has identified available deposition dates for two more of its witnesses on October 10, 2018, and October 18-19, 2018.

Philips and Microsoft have agreed that no further interrogatories, requests for production, or deposition notices pursuant to Rule 30(b)(6) shall be served between Philips and Microsoft without a showing of good cause.  The parties also agreed that any written discovery served prior to their agreement on or around August 23, 2018 would be treated as timely.

### B.    Scope of Anticipated Discovery

#### 1.    Philips's Statement

Philips and the Defendants other than Microsoft have not agreed to any further limits on serving interrogatories, requests for production, or deposition notices pursuant to Rule 30(b)(6).  Accordingly, Philips maintains that written discovery may still be served on these parties through the close of fact discovery, but Philips is amenable to working with these Defendants to limit the written discovery that may be served.  In reaching their agreement, Philips and Microsoft agreed that any written discovery served prior to their agreement would be treated as timely, and Philips would expect the same as to any agreement with the remaining Defendants.

Further, substantive responses to many of the already-served discovery requests, including basis core technical information, remain outstanding. Philips anticipates that the parties will continue producing documents and answering interrogatories previously served (and any supplementation thereto), as well as

19

answering any requests for admission that may be served. There are also a few depositions of each Defendant's (including Microsoft's) and Philips's witnesses remaining, including witnesses that will be designated pursuant to Rule 30(b)(6). In addition, Philips anticipates taking the deposition of approximately 6 more Google witnesses, as well as depositions of certain non-parties that possess information pertaining to certain functionalities germane to infringement of the '819 and '809 patents.

After the Defendants', non-party Google's, and certain other non-party witnesses have been deposed, Philips intends to seek leave from the Court to amend its infringement contentions against each Defendant to (1) comply with the Patent Local Rules and (2) add any further support of Philips infringement theories uncovered through recently and belatedly produced documents, source code, and deposition testimony. *See, e.g.*, ECF No. 415, at p. 27; *see also, e.g.*, June 26th CMC Hearing Tr. at 17:17-19:20; 48:12-21.

## 2. Defendants' and Microsoft's Statement

The parties had only one month in fact discovery remaining at the time of transfer. Therefore, Defendants and Microsoft anticipate that the remaining fact discovery to be completed will include document production responsive to the parties' timely-served requests for production and interrogatories and depositions on timely-served individual and Rule 30(b)(6) notices. Defendants and Microsoft also expect that the parties will continue to supplement previously served interrogatories as appropriate and to produce additional documents that are located after a reasonable search. Defendants and Microsoft request, with respect to fact discovery, that the case remain in the posture existing at the time of transfer. Specifically, as noted in Section VIII.A., Philips and Microsoft have agreed that neither party will serve any additional interrogatories, requests for production, or deposition notices under Rule 30(b)(6) against the other. Defendants maintain that the parties should be prohibited from serving additional interrogatories and requests for production, given that the deadline for timely serving written discovery in the Delaware District Court passed back in March. Defendants maintain that the parties should be prohibited from serving additional deposition notices under Rule 30(b)(6), including the notice Philips served on May 30, 2018. Defendants and Microsoft further maintain that fact discovery should be completed in a timely manner and that the fact discovery period should close in approximately three

months.  *See* Section XVII.B.  Philips' proposal to extend fact discovery through February is unnecessary, unwarranted, and overly burdensome to Defendants and Microsoft.

Defendants' and Microsoft's position on Philips' proposal for how to address contentions is described above in Section II.B., *supra*.

### C.      Proposed Limitations or Modifications of the Discovery Rules

#### 1.      Joint Statement

Unchanged from the June 19th CMC Statement.

#### 2.      Philips's Statement

Philips maintains its position from the June 19th CMC Statement that the discovery limitation on third-party deposition hours may need to be modified in light of a number of developments during discovery, including: Acer's and ASUS's identification of non-party Google witnesses in its initial disclosures; identification of Google as the custodian of certain documents, source code, and other evidence; the designation by non-party Google of 15 deposition witnesses; and identification of additional third-party entities with information pertaining to certain functionalities germane to infringement of the '819 and '809 patents.  *See, e.g.*, ECF No. 415, at pp. 26-27.

Since that statement, Philips and Defendants have been working on a proposal to increase the limit of non-party deposition hours from 50 hours per side to 70 hours per side.  Defendants proposed increasing the limit to 70 hours per side, and Philips counter-offered that 70 would be acceptable if the over 40 prior art witnesses Defendants identified in their amended initial disclosures (served long after the 50 hour limit was set in Delaware) did not count towards the limit and were treated separately. Defendants rejected Plaintiffs' counter-offer and also have to date not identified which of the over 40 third-party witnesses identified in their amended initial disclosures they would rely on in expert reports or call at trial.  This obviously put Philips in an impossible and unfair position.

To the extent Philips cannot conduct the non-party depositions necessary to prosecute its case within the 50 hours allowed by the current discovery order, Philips may seek leave from the Court to modify these limits on third-party discovery.  In response to Defendants' arguments, Philips will point out that each of the following has happened **<u>after</u>** the parties agreed to the 50 hour limit:

- Each defendant has pointed to non-Party Google as possessing certain relevant documents and source code, which Plaintiffs' had initially thought to have been open-source;

- Google designated 15 witnesses in response to its subpoena;

- Each defendant has pointed to certain non-parties as possessing information germane to the infringement of the '819 and '809 patents;

- Philips has since served subpoenas on these companies for documents and/or deposition testimony; and

- Defendants have identified over 40 prior art witnesses, not including the "unknown current and former employees" of numerous companies that allegedly are knowledgeable about prior art systems; and it is unclear which of these witnesses, if any, Defendants' experts will rely or on which Defendants intend to take to trial.

Philips raised the issue in June 2018 in preparation for the first Case Management Conference. Philips has not "dropped the issue," and certainly did not do so "after a week-and-a-half of correspondence," but instead the time has not been ripe to seek modification from the Court because as Defendants acknowledge, Philips has taken less than 30 non-party deposition hours.

### 3.   Defendants' and Microsoft's Statement

As noted above, Defendants and Microsoft request, with respect to fact discovery, that the case remain in the posture existing at the time of transfer. Specifically, Defendants maintain that the parties should be prohibited from serving additional interrogatories and requests for production, given that the deadline for timely serving written discovery in the Delaware District Court passed back in March. Defendants further maintain that the parties should be prohibited from serving additional deposition notices under Rule 30(b)(6). As noted in Section VIII.A., Philips and Microsoft have agreed that neither party will serve any additional interrogatories, requests for production, or deposition notices under Rule 30(b)(6) against the other.

As discussed above, Defendants and Microsoft contend that Philips should not be entitled to accuse new products or functionalities that were not properly accused in Philips's final contentions on February 2, 2018.

Philips incorrectly states that "Philips and Defendants have agreed to increase the limit of non-party deposition hours from 50 hours per side to 70 hours per side."  To the contrary, Defendants and Microsoft offered a compromise, which Philips declined, in a letter of July 31, 2018, which stated that, "as a courtesy to Philips and to avoid troubling the Court, Defendants and Microsoft are willing to compromise by increasing the total non-party depositions for each side to 70 hours, keeping our agreement otherwise the same.  Please let us know by 5:00 p.m. PDT on Friday, August 3, if you agree to this reasonable compromise proposal."  Philips did not accept Defendants' compromise, but instead counter-offered with its current proposal:  70 hours plus *as many hours as Philips wants to take* for prior art witnesses, a major category of third-party witnesses in these as any patent cases.  Defendants remain willing to compromise on 70 hours total for each side, for all third-party witnesses, a substantial increase over the current order from Delaware, which caps third-party depositions at 50 hours total for each side.[4]  Should Philips go before the Magistrate Judge on this issue, as they must to modify the currently operative cap, Defendants will point out that:

- Philips originally proposed 35 hours per side for non-party depositions; it was Defendants, not Philips, who moved the number up to 50;

- The parties agreed on 50 hours per side before Microsoft joined the case, greatly reducing the need for non-party depositions;

- Philips (a sophisticated litigant) and its counsel (an experienced firm) have known of Google's role in providing Chrome and Android software since before it filed these actions;

- Similarly, Philips and its counsel knew well that cases involving eleven patents claiming widely different subject matters would lead to significant invalidity contentions including a variety of prior art;

- Even if Philips somehow failed to appreciate that their allegations would lead to a substantial prior art case, Defendants and Microsoft disclosed dozens of possible third-party prior artists as far back as September 22, 2017, and again in January and March 2018.

---

[4] The parties agreed to treat all inventors as Philips party witnesses, whether or not they still work for Philips.  This agreement is not at issue here.

- Despite all this, Philips did not first raise the issue of third-party deposition hours until July 2018, and then dropped the issue after a week-and-a-half of correspondence, and proceeded to take nearly 25 hours of third-party depositions.

For these and other reasons, should Philips raise this issue with the Magistrate Judge, Defendants and Microsoft will seek to enforce the parties' long-ago agreement, entered by the District of Delaware, to cap third-party depositions at 50 hours per side. As of this Statement, Philips has taken just under 30 hours of third-party depositions. If this Court seeks to broker a compromise at the Case Management Conference, Defendants and Microsoft remain willing to raise Philips' overall limit for all categories of third-party witnesses from 50 to 70 hours.

**D.     ESI Discovery**

Unchanged from the June 19th CMC Statement.

**E.     Discovery Plan**

The parties have set forth their respective positions on the discovery and pretrial schedule in Section XVII.

**F.     Discovery Disputes**

**1.     Joint Statement**

On June 27, 2018, the Court referred all discovery disputes to Magistrate Judge Laporte. The parties will follow Magistrate Judge Laporte's procedures for resolution of any discovery disputes that the parties are unable to resolve informally.

Certain of the parties are at an impasse as to the scope of accused products, and will require the Court's assistance. The parties are still conferring about several other informal discovery disputes.[5]

**2.     Philips's Statement**

---

[5] Due to the size and complexity of the case, the number of parties involved, and to keep this joint statement concise, the parties do not list each of the outstanding discovery disputes for which they are working together to resolve.

Philips maintains its position on discovery disputes expressed in the June 19th CMC statement. *See, e.g.*, Case No. 18-1885, Dkt. No. 415, at pp. 28-29.  The parties are continuing to work together to resolve certain of those issues without burdening the Court.

However, one dispute where the parties remain at an impasse and worth re-mentioning here (*see supra*, Section IV.C.a, at p. 17) is the scope of accused products, and sales data and core technical documents concerning those products.  Philips intends to continue the discovery procedures outlined in ECF No. 432 to obtain resolution of this issue as to each Defendant.

### 3.      Defendants' and Microsoft's Statement

At present, Defendants and Microsoft do not have any discovery issues to raise that are ripe for court intervention.  Defendants and non-party subpoena recipient Google LLC are working with Philips to resolve a dispute regarding the protective order, and may raise this with Judge Laporte in the coming weeks should they and Philips not be able to resolve the issue on their own.  Defendants (and Google) will follow Magistrate Judge Laporte's procedures for resolution of this and any other discovery disputes that the parties are unable to resolve informally.

## IX.    CLASS ACTIONS

Not applicable.

## X.    RELATED CASES

The identification of related cases remains unchanged from the June 19th CMC Statement.  *See, e.g.*, Case No. 18-1885, Dkt. No. 415, at pp. 30-31.  Since that statement, the following events have occurred with respect to the related cases:

- On August 21, 2018, this Court granted Philips and Visual Land's Stipulated and Unopposed Motion for Voluntary Dismissal Under Fed. R. Civ. P. 41(a)(2) in *Koninklijke Philips N.V. v. Visual Land, Inc.*, Case No. 18-cv-01888-HSG.

- On August 24, 2018, the PTAB entered a Final Written Decision finding claim 1 of the '006 Patent unpatentable in IPR2017-00857.  A notice of appeal is due by October 26, 2018.

- On September 6, 2018, the PTAB entered a Final Written Decision finding claims 1-11 of the '806 Patent unpatentable and claims 12-16 not unpatentable in IPR2017-00477. A notice of appeal is due by November 8, 2018.

- On September 6, 2018, the PTAB entered a Final Written Decision finding claims 14, 15, and 17 of the '695 Patent unpatentable in IPR2017-00890. A notice of appeal is due by November 8, 2018.

## XI. RELIEF

### A. Philips's Statement

Philips maintains its position regarding relief expressed in the June 19th CMC Statement. *See, e.g.*, Case No. 18-1885, Dkt. No. 415, at pp. 31-33. In addition, as explained in Section II.B.1, page 5-7 above, Philips has endeavored to exchange damages contention disclosures expeditiously on the full scope of accused products, but Defendants have refused. On September 21, Defendants HTC, Asus, Acer, and Microsoft identified the products on Philips' list that they contend are not accused. The parties are at an impasse as to what products are properly accused in this case. In addition, Defendants are forcing Philips to either proceed on the basis of Philips' Delaware disclosures—where Philips was prejudiced by Defendants' refusal to timely comply with its discovery obligations—or delay prosecution of these actions by first having to move the Court to amend and waiting for an order. To date, no Defendant has served its Patent Local Rule 3-4 disclosures on the full scope of accused products. For these reasons, and because the Defendants have provided incomplete discovery on sales data and licenses, Philips is unable to provide an accurate good-faith estimate of damages as to each of the Defendants at this time. Philips reserves the right to serve its damages contentions after the issue of the scope of accused products is resolved with the Court's assistance.

### B. Defendants' and Microsoft's Statement

Defendants and Microsoft maintain their positions regarding relief expressed in the June 19th CMC Statement. *See, e.g.*, Case No. 18-1885, Dkt. No. 415, at pp. 33. Philips' remarks regarding contentions and discovery are addressed separately in Sections II.B. and VIII. of this Statement. Suffice it to say that Philips has no basis to complain about Defendants' and Microsoft's position that Philips

needs to seek leave of Court before making changes to its final infringement contentions; that is precisely what this Court said at the last CMC.  June 26, 2018 Case Management Conference Tr. at 17-18.  And as for Defendants' and Microsoft's supposed refusal to comply with their discovery obligations, that conclusory allegation is wholly unsupported.  Contrary to Philips' suggestion, Defendants and Microsoft have worked with Philips to resolve some of its discovery disputes without court intervention.

## XII.   SETTLEMENT AND ADR

Since the June 19th CMC Statement, Philips and Visual Land have settled all claims between them.  *See* Case No. 18-1888, Dkt. No. 396.  An ADR Phone Conference was held on June 21, 2018 by Howard Herman between Philips and Yifang.  *See* Case No. 18-1890, Dkt. No. 333.  The statements expressed in the June 19th CMC Statement otherwise remain unchanged.  *See, e.g.*, Case No. 18-1885, Dkt. No. 415, at p. 33.

## XIII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Unchanged from the June 19th CMC Statement.

## XIV.   OTHER REFERENCES

Unchanged from the June 19th CMC Statement.

## XV.   NARROWING OF ISSUES

### A.   Philips's Statement

Philips maintains its narrowing proposal set forth in the June 19th CMC Statement.  *See, e.g.*, Case No. 18-1885, Dkt. No. 415, at pp. 34-35.  Philips understands that narrowing of issues is intertwined with the issue of trial staging, which the Court has recently resolved.  *See* June 26th CMC Hearing Tr. at 37:6-13; ECF No. 487.  Accordingly, Philips proposes working with Defendants on narrowing proposals after the October 2nd CMC where the parties will "discuss a schedule and sequence for the trials in these cases."  ECF No. 487, at 7.

### B.   Defendants' and Microsoft's Statement

Defendants and Microsoft continue to believe that case narrowing is necessary and inevitable, as discussed in the June 19th CMC Statement.  *See, e.g.*, Case No. 18-1885, Dkt. No. 415, at pp. 35-37.  Philips currently asserts 70 claims from 11 patents against three software platforms running on

hundreds of different products sold by seven company groups.  As noted above, several of those claims—including all asserted claims in the '695 and RE'006 patents and the method claims of the '806 patent—have been held to be unpatentable by the Patent Office.  Defendants and Microsoft respectfully submit that Philips should drop those claims (and patents) from this case, and that, if Philips insists on continuing to litigate claims that the Patent Office has determined to be invalid, will argue at the appropriate time that this case is "exceptional" under 35 U.S.C. § 285, entitling Defendants and Microsoft to their fees and expenses associated with at least those claims.

Beyond the claims already held unpatentable by the Patent Office, Defendants and Microsoft believe that further case narrowing will occur through the IPR proceeding pending for the RE'913 and '387 patents and by virtue of the Court's adjudication of the pending motions to dismiss and the Court's consideration of the indefiniteness issues that are the subject of Defendants' Administrative Motion to Submit Briefing on Outstanding Indefiniteness Issues (No. 18-1885, No. 443).  If Defendants' and Microsoft's motions are granted on some or all of these issues, it is possible that no further case narrowing will be necessary prior to the Court's consideration of dispositive motions.  To that end, as discussed below, Defendants and Microsoft have proposed a schedule that seeks resolution of the pending motions and indefiniteness issues before the parties begin the costly process of expert discovery.

## XVI.   EXPEDITED SCHEDULE

Unchanged from the June 19th CMC Statement.

## XVII.   SCHEDULING

### A.      Philips's Statement

Philips will be prepared to discuss a complete schedule and sequence for the trials in these cases at the October 2nd CMC.  *See* ECF No. 487, at 7.   However, at this time Philips identifies below a partial schedule setting certain dates through the end of fact discovery.

In addition, as demonstrated by Philips's proposed dates below, Philips believes continues to believe damages disclosures should be decoupled from final infringement contention/invalidity contention deadlines (should the Court grant leave to amend), due in part because multiple rounds of infringement contentions and invalidity contentions have already been served.  *See also, e.g.*, June 26th CMC Hearing

Tr. at 20:5-22:7 (discussion that damages contentions should be untethered to any supplement to the infringement and/or invalidity contentions). This proposal has the added benefit of expressing each party's view on their good-faith estimate of what the case is worth to each party, which may facilitate settlement of the remaining cases. As explained in Section II.B.1 above, Philips has already started this exchange on August 23, 2018 by sending to each Defendant a list of products Philips believes are properly accused in each case and exchanging its Pat. L.R. 3-2 disclosures on August 31, 2018.

| Event | Plaintiffs' Proposal[6] |
|---|---|
| Philips' Pat. L. R. 3-2 disclosures | August 31, 2018 |
| Defendants' Pat. L.R. 3-4 disclosures | 14 Days after Court order regarding scope of accused products |
| Philips' Damages Contentions (Pat. L.R. 3-8) | 21 Days after Defendant's Pat. L.R. 3-4 Disclosures |
| Defendants' Responsive Damages Contentions (Pat. L.R. 3-9) | 14 Days after Philips' Pat. L.R. 3-8 Contentions |
| Completion of Technical Depositions | November 20, 2018[7] |
| Amended Infringement Contentions (with leave of the Court) | December 11, 2018 |
| Amended Invalidity Contentions (with leave of the Court) | January 8, 2019 |
| Final Non-infringement contentions (should amended infringement contentions be allowed) | January 8, 2019 |
| Final Validity Contentions | January 29, 2019 |

[6] Philips sent each Defendant what it believes is a current list of accused products over a month ago on August 23, 2018, and asked a simple question to each Defendant: do the Defendants agree with the scope of accused products, and if not, which products (on a product-by-product basis) do they contend are not in the case? Defendants responded on September 21, 2018 identifying numerous products they contend are not properly in the case, and the parties are at an impasse as to the full scope of accused products. In light of the significant scope of the disagreement and Philips's intent to seek guidance from the Court, Philips has tied the damages disclosures to the date the accused products issue is resolved by the Court.

[7] Assuming Defendants make all their witnesses available in a timely fashion before this date

| Event | Plaintiffs' Proposal[6] |
|---|---|
| Close of Fact Discovery | February 5, 2019 |

Philips maintains that it is illogical, as Defendants' suggest, to amend its infringement contentions to comply with the Northern District of California Patent Local rules, and then move to amend them *again* once the technical depositions of the requisite witnesses have been conducted and the requested documents produced by non-parties.  *See also, e.g.*, June 26th CMC Hearing Tr. at 24:6-14 (there is "no sense in the interim brining [the infringement contentions] into compliance with the Northern District and then having a substantive amendment.").  Philips also requests Defendants' proposal be rejected because it keeps the infringement contentions tethered to the damages contentions, even though numerous rounds of infringement contentions have been served in this case, but no damages contentions have yet to be served.  *See also, e.g.*, June 26th CMC Hearing Tr. at 20:5-23:13 (discussing this same issue at the last CMC).

Finally, Philips maintains its position that no claim construction needs to be reopened in view of the Delaware Court's claim construction ruling, and it is premature to include it on Defendants' proposed scheduled because the Court has not granted Defendants' Administrative motion.

B.      **Defendants' and Microsoft's Statement**

Defendants and Microsoft set forth their positions on the case schedule in the table below.  Fundamentally, Defendants and Microsoft continue to believe that the discovery schedules in these actions should reflect the fact that, at the time these cases were transferred to this Court, final infringement and invalidity contentions had already been exchanged and only approximately one month remained in the discovery period.  To that end, Defendants' and Microsoft's proposed schedule would have the fact discovery period end in December, before the holidays—approximately 11 weeks after the upcoming CMC and eight months from the time the cases were transferred.

As reflected in the schedule below, Defendants and Microsoft believe that there is ample time remaining in the case schedule for the parties to conform their existing contentions to this Court's Local Patent Rules and also to serve damages contentions and related disclosures.  To the extent Philips continues to believe that good cause exists to make substantive changes to its contentions, then it may file

an appropriate motion with the Court, but Defendants and Microsoft see no reason why the overall case schedule should be extended out to February 2019 to allow for such a motion when Philips has known, at least since the time of the June 2018, that it intended to file one.

As for the remaining deadlines, including deadlines for expert discovery and dispositive motions, Defendants and Microsoft agree that those are best addressed once the Court decides the scope of properly accused products. Defendants and Microsoft further believe that expert discovery, dispositive motions, and eventually the trials in these actions would be streamlined if the Court were to address the pending indefiniteness issues and motions for judgment on the pleadings before the parties embark on expert discovery. If granted, those motions would materially narrow these cases and, when combined with the IPR results, may narrow the cases sufficiently that no further case narrowing is necessary in advance of dispositive motions.

Defendants and Microsoft therefore propose the schedule set forth below, with the understanding that, under the Court's Standing Order for Patent Cases, the parties will submit a new Case Management Conference Statement at the convenience of the Court after the Court's ruling on indefiniteness, and can in that order address the schedule for the rest of these actions.

| Event | Date |
|---|---|
| Further Case Management Conference and Motion to Consolidate | Tuesday, October 2, 2018 |
| Philips' Conformed Infringement Contentions (Pat. L.R. 3-1) and accompanying document production (Pat. L.R. 3-2) | Thursday, October 25, 2018 |
| Defendants' and Microsoft's Indefiniteness Brief | Thursday, October 25, 2018 |
| Philips' Damages Contentions (Pat. L.R. 3-8) | Thursday, November 1, 2018 |
| Philips' Responsive Indefiniteness Brief | Thursday, November 8, 2018 |
| Defendants' and Microsoft's Conformed Invalidity Contentions (Pat. L.R. 3-3) and accompanying document production (Pat. L.R. 3-4) | Thursday, November 15, 2018 |
| Defendants' Final Non-Infringement Contentions | Thursday, November 15, 2018 |
| Claim Construction Hearing on Indefiniteness Issues Hearing on Motions for Judgment on the Pleadings | Thursday, November 29, 2018; or at the Court's |

|  | convenience |
|---|---|
| Defendants' and Microsoft's Responsive Damages Contentions (Pat. L.R. 3-9) | Thursday, November 29, 2018 |
| Philips' Final Validity Contentions | Thursday, December 6, 2018 |
| Close of Fact Discovery | Friday, December 21, 2018 |

## XVIII. TRIAL

### A.    Philips's and Defendants' Statement

All parties have demanded a jury trial in these actions.  The parties will be prepared to "discuss a schedule and sequence for the trials in these cases" at the CMC on October 2nd.  *See* ECF No. 487, at 7.

### B.    Microsoft's Statement

Consistent with the Court's recent order (Dkt. No. 487), Microsoft believes that the first trial in these matters should be in Case No. 4:18-cv-01889-HSG, involving only Philips and Microsoft.  *See* Case No. 18-1885, Dkt. No. 487, at 6.  Microsoft will be prepared to "discuss a schedule and sequence for the trials in these cases" at the CMC on October 2nd.  *See* ECF No. 487, at 7.

## XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

### A.    Philips's Statement

Unchanged from the June 19th CMC Statement.

### B.    Defendants' and Microsoft's Statement

#### 1.    *Koninklijke Philips N.V. et al. v. Acer Inc. et al.*, No. 18-1885

On June 18, 2018, the Acer defendants filed a Certification of Interested Entities or Persons.  Docket No. 411.  In their certification, defendants Acer Inc. and Acer America Corporation stated that "Pursuant to Civil L.R. 3-15, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of

32

this proceeding:  Acer American Holdings Corporation; Boardwalk Capital Holdings; Boardwalk Capital Holdings Limited; and Google LLC."  *Id.*

### 2. *Koninklijke Philips N.V. et al. v. ASUSTeK Computer Inc. et al.*, No. 18-1886

On June 18, 2018, the ASUS defendants filed a Certification of Interested Entities or Persons. Docket No. 378.  In their certification, ASUS stated that "Pursuant to Civil L.R. 3-15, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Google LLC."

### 3. *Koninklijke Philips N.V. et al. v. HTC Corp. et al.*, No. 18-1887

On June 20, 2018, the HTC defendants filed a Certification of Interested Entities or Persons. Docket No. 269.  In their certification, HTC stated that "Pursuant to Federal Rule of Civil Procedure 7.1 and Civil Local Rule 3-15, Defendant HTC Corporation states that it is a publicly traded corporation that has no parent corporation, and no publicly held corporation owns 10% or more of its stock. Defendant HTC America Inc. states that it is a wholly-owned subsidiary of HTC Corporation."

### 4. *Koninklijke Philips N.V. et al. v. YiFang USA Inc.*, No. 18-1890

On March 19, 2016, the YiFang defendants filed a Certification of Interested Entities or Persons. Docket No. 14.  In their certification, YiFang stated that "Pursuant to Federal Rule of Civil Procedure 7.1, Defendant YiFang USA, Inc. states that there are no parents, trusts, subsidiaries and/or publicly held companies owning 10% or more of YiFang USA, Inc.'s stock."

### 5. Microsoft's Statement

On June 20, 2018, Microsoft filed a Certification of Interested Entities or Persons.  Docket No. 410.  In their certification, Microsoft stated that "Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Intervenor-Plaintiff / Counterclaim Defendant in Intervention Microsoft Corporation states that it has no parent company and no publicly-held corporation owns 10% or more of its stock. Counterclaim Defendant in Intervention Microsoft Mobile Inc. states that it is a wholly-owned subsidiary of Microsoft Corporation."

33

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## XX.   PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI.   OTHER MATTERS

N/A

34

John Carlin (admitted *pro hac vice*)
Michael Sandonato (admitted *pro hac vice*)
Christopher Gerson (admitted *pro hac vice*)
Natalie Lieber (admitted *pro hac vice*)
Jonathan M. Sharret (admitted *pro hac vice*)
Daniel Apgar  (admitted *pro hac vice*)
Jaime Cardenas-Navia (admitted *pro hac vice*)
Sean McCarthy (admitted *pro hac vice*)
Robert Pickens (admitted *pro hac vice*)
Caitlyn Bingaman (admitted *pro hac vice*)
Joyce Nadipuram (admitted *pro hac vice*)
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, New York, 10104
+1 (212) 218-2100
+1 (212) 218-2200 facsimile
philipsprosecutionbar@fchs.com

/s/  Christopher Holland
Christopher Holland (Cal. Bar No. 164053)
Lori Holland (Cal. Bar No. 202309)
Ethan Jacobs (Cal. Bar No. 291838)
HOLLAND LAW LLP
220 Montgomery Street, Suite 800
San Francisco, California, 94104
+1 (415) 200-4980
+1 (415) 200-4989 facsimile
cholland@hollandlawllp.com
lholland@hollandlawllp.com
ejacobs@hollandlawllp.com

*Attorneys for Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation*

Kevin Hardy (*pro hac vice* pending)
Aaron Maurer (*pro hac vice* pending)
David Krinsky (*pro hac vice* pending)
Christopher Geyer (Cal. Bar No. 288527)
Christopher A. Suarez (*pro hac vice* pending)
Kyle Thomason (*pro hac vice* pending)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, District of Columbia, 20005
+1 (202) 434-5000
+1 (202) 434-5029 facsimile
viceroy@wc.com

/s/  Aaron Maurer
Matthew S. Warren (Cal. Bar No. 230565)
Patrick M. Shields (Cal. Bar No. 204739)
Erika H. Warren (Cal. Bar No. 230565)
Amy M. Bailey (Cal. Bar No. 313151)
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94110
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
18-1885@cases.warrenlex.com
18-1886@cases.warrenlex.com

*Attorneys for Defendants Acer, Inc., Acer America Corporation, ASUSTeK Computer Inc. and ASUS Computer International*

Kai Tseng (Cal. Bar No. 193756)
Hsiang ("James") H. Lin (Cal. Bar No. 241472)
Craig Kaufman (Cal. Bar No. 159458)
TECHKNOWLEDGE LAW GROUP LLP
100 Marine Parkway, Suite 200
Redwood Shores, California, 94065
+1 (650) 517-5200
+1 (650) 226-3133 facsimile
acer.philips-tklgall@tklg-llp.com

*Attorneys for Defendants Acer, Inc. and
Acer America Corporation*

Michael J. Newton (*pro hac vice* to be filed)
ALSTON & BIRD LLP
2828 North Harwood Street, Suite 1800
Dallas, Texas, 75201
+1 (214) 922-3400
+1 (214) 922-3899 facsimile
asus-philips@alston.com

*Attorneys for Defendants ASUSTeK
Computer Inc. and ASUS Computer
International*

/s/ John Schnurer
John Schnurer (Cal. Bar No. 185725)
Kevin Patariu (Cal. Bar No. 256755)
Ryan Hawkins (Cal. Bar No. 256146)
Louise Lu (Cal. Bar No. 256146)
Vinay Sathe (Cal. Bar No. 256146)
PERKINS COIE LLP
11988 El Camino Real, Suite 350
San Diego, California, 92130
+1 (858) 720-5700
+1 (858) 720-5799 facsimile
htc-philipsperkinsservice@perkinscoie.com

/s/ Lucian C. Chen
Lucian C. Chen (*pro hac vice* to be filed)
Wing K. Chiu  (*pro hac vice* to be filed)
LUCIAN C. CHEN, ESQ. PLLC
One Grand Central Place
60 East 42nd Street, Suite 4600
New York, New York, 10165
+1 (212) 710-3007
+1 (212) 501-2004 facsimile
lucianchen@lcclegal.com
wingchiu@lcclegal.com

*Attorneys for Defendant YiFang USA, Inc.
D/B/A E-Fun, Inc.*

Ryan McBrayer (*pro hac vice* to be filed)
Jonathan Putman (*pro hac vice* to be filed)
Antoine McNamara (Cal. Bar No. 261980)
Stevan Stark (*pro hac vice* to be filed)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington, 98101
+1 (206) 359-8000
+1 (206) 359-9000 facsimile
htc-philipsperkinsservice@perkinscoie.com

*Attorneys for Defendants HTC Corp. and HTC America, Inc.*

/s/  Christina McCullough
Judith Jennison (Cal. Bar No. 165929)
Christina McCullough (Cal. Bar No. 245944)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington, 98101
+1 (206) 359-8000
+1 (206) 359-9000 facsimile
msft-philipsteam@perkinscoie.com

Sarah Stahnke (Cal. Bar No. 264838)
Patrick J. McKeever (Cal. Bar No. 245944)
PERKINS COIE LLP
11988 El Camino Real, Suite 350
San Diego, California, 92130
+1 (858) 720-5700
+1 (858) 720-5799 facsimile
msft-philipsteam@perkinscoie.com

Chad Campbell (Cal. Bar No. 258723)
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Phoenix, Arizona, 85012
+1 (602) 351-8000
+1 (602) 648-7000 facsimile
msft-philipsteam@perkinscoie.com

Tiffany P. Cunningham (*pro hac vice*)
PERKINS COIE LLP
131 South Dearborn, Suite 1700
Chicago, Illinois 60603
+1 (312) 324-8400
+ (312) 324-9400 facsimile
msft-philipsteam@perkinscoie.com

*Attorneys for Intervenor-Plaintiff/Counterclaim Defendants*
*Microsoft Corporation and Microsoft Mobile, Inc.*

37

## <u>CIVIL L.R. 5-1(i) ATTESTATION</u>

I, Christopher Holland, hereby attest that I have been authorized by counsel for the parties listed above to file on their behalf this Joint Case Management Statement.

Dated:  September 25, 2018                          <u>/s/ Christopher Holland</u>

                                                     Christopher Holland

38