# **SHARRET EXHIBIT 104**

**From:** Sharret, Jonathan
**Sent:** Friday, July 27, 2018 4:53 PM
**To:** JPutman@perkinscoie.com
**Cc:** #Philips Prosecution Bar; HTC-PhilipsPerkinsService@perkinscoie.com; 'Chris Holland'; 'Lori Holland'
**Subject:** RE: Philips v. HTC: Correspondence

Jon,

An un-particularized "concern" is no basis for an objection. We have been patient thus far and have not insisted yet on a timeframe for bringing this issue to a resolution, but given this non-specific response and the undue delay we must bring this to a resolution quickly.

All the files to be printed are already located on the review machine. On the review machine's desktop there is a folder titled "20180719_PRINT". Within that folder are 8 sub-folders titled "01" through "08". The files are intended to be printed by going sequentially through each numbered sub-folder starting with sub-folder "01" and printing each file therein in alphabetical order. These files are each relevant sections of unique source code files. There are then two files in the "20180719_PRINT" folder starting with "09-" and "10-" which should be printed in that order. These files are the MD5 hash analysis.

Philips maintains that your clock for providing a particularized objection under the Protective Order, Section 10.e, begins Monday with your objection due that Friday, August 3 (5 business days), as this is equivalent to Philips having tendered to you the printed source code. Absent a particularized objection, the source code should be served on Philips by Tuesday, August 7 (7 business days). If you disagree for any reason, then please provide a time Monday to meet and confer.

Best regards,
Jonathan

**Jonathan Sharret**
**FITZPATRICK, CELLA, HARPER & SCINTO**
1290 Avenue of the Americas
New York, NY 10104-3800
T 212-218-2266
F 212-218-2200
jsharret@fchs.com
http://www.fitzpatrickcella.com
Bio

---

**From:** Putman, Jonathan R. (Jon) (Perkins Coie) [mailto:JPutman@perkinscoie.com]
**Sent:** Friday, July 27, 2018 4:30 PM
**To:** Sharret, Jonathan
**Cc:** #Philips Prosecution Bar; HTC-PhilipsPerkinsService@perkinscoie.com; 'Chris Holland'; 'Lori Holland'
**Subject:** RE: Philips v. HTC: Correspondence

Jonathan,

We are still concerned that Philips is printing source code for the purpose of reviewing it instead of conducting a comprehensive review and printing only those pages (or even sections of single pages) that are absolutely necessary. We remain willing to work with Philips if that can be a mutual goal. It appears the best next step is for us to get some idea about what exactly you are proposing to print (i.e., the files, and the page and line number ranges within each). Are you able to provide this information?

Best,

Jon

**Jonathan Putman** | **Perkins Coie LLP**
**COUNSEL**
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099
D. +1.206.359.3895
F. +1.206.359.4895
E. JPutman@perkinscoie.com

---

**From:** Sharret, Jonathan [mailto:JSharret@FCHS.COM]
**Sent:** Friday, July 27, 2018 8:25 AM
**To:** Putman, Jonathan R. (Jon) (SEA) <JPutman@perkinscoie.com>
**Cc:** #Philips Prosecution Bar <PhilipsProsecutionBar@fchs.com>; *HTC-Philips Perkins Service <HTC-PhilipsPerkinsService@perkinscoie.com>; 'Chris Holland' <cholland@hollandlawllp.com>; 'Lori Holland' <lholland@hollandlawllp.com>
**Subject:** RE: Philips v. HTC: Correspondence

Jon and HTC Counsel,

We have not received a response to my letter of a week ago. Please respond today and provide your ability to meet and confer if you do not agree to print the requested code.

Best regards,
Jonathan

**Jonathan Sharret**
**FITZPATRICK, CELLA, HARPER & SCINTO**
1290 Avenue of the Americas
New York, NY 10104-3800
T 212-218-2266
F 212-218-2200
jsharret@fchs.com
http://www.fitzpatrickcella.com
Bio

---

**From:** Sharret, Jonathan
**Sent:** Friday, July 20, 2018 4:16 PM
**To:** JPutman@perkinscoie.com
**Cc:** #Philips Prosecution Bar; HTC-PhilipsPerkinsService@perkinscoie.com; 'Chris Holland'; Lori Holland
**Subject:** RE: Philips v. HTC: Correspondence

Jon and HTC Counsel,

Please see the attached letter.

Best regards,
Jonathan

**Jonathan Sharret**
**FITZPATRICK, CELLA, HARPER & SCINTO**
1290 Avenue of the Americas
New York, NY 10104-3800
T 212-218-2266
F 212-218-2200
jsharret@fchs.com
http://www.fitzpatrickcella.com
Bio

---

**From:** Putman, Jonathan R. (Jon) (Perkins Coie) [mailto:JPutman@perkinscoie.com]
**Sent:** Friday, July 20, 2018 2:18 PM
**To:** Sharret, Jonathan
**Cc:** #Philips Prosecution Bar; HTC-PhilipsPerkinsService@perkinscoie.com
**Subject:** Philips v. HTC: Correspondence

Jonathan,

Please review the attached correspondence and let us know how you would like to proceed.

Jon

**Jonathan Putman | Perkins Coie LLP**
COUNSEL
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099
D. +1.206.359.3895
F. +1.206.359.4895
E. JPutman@perkinscoie.com

---

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

This email message and any attachments are intended for the use of the addressee(s) indicated above. Information that is privileged or otherwise confidential may be contained therein. If you are not the intended recipient(s), you are hereby notified that any dissemination, review or use of this message, documents or information contained therein is strictly prohibited. If you have received this message in error, please immediately delete it and notify us by telephone at (212) 218-2100. Thank you.

---

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

# SHARRET EXHIBIT 105

**From:** Putman, Jonathan R. (Jon) (Perkins Coie) <JPutman@perkinscoie.com>
**Sent:** Wednesday, August 08, 2018 4:00 PM
**To:** Sharret, Jonathan
**Subject:** RE: Philips v. HTC: Correspondence

Jonathan,

I understand that the code was delivered today. Please let me know if for some reason it didn't arrive.

Jon

---

**From:** Sharret, Jonathan [mailto:JSharret@FCHS.COM]
**Sent:** Wednesday, August 08, 2018 12:42 PM
**To:** Putman, Jonathan R. (Jon) (SEA)
**Subject:** Re: Philips v. HTC: Correspondence

Jon, I wanted to give you the courtesy of a private message before hitting reply all. I didn't see any objection from HTC but I also don't believe we have received any source code. Can you let me know what is going on and if the code was sent? As you know I'm here in your offices today if a conversation would be useful. Thanks.

Sent from my iPhone

On Jul 27, 2018, at 1:52 PM, Sharret, Jonathan <JSharret@FCHS.COM> wrote:

> Jon,
>
> An un-particularized "concern" is no basis for an objection. We have been patient thus far and have not insisted yet on a timeframe for bringing this issue to a resolution, but given this non-specific response and the undue delay we must bring this to a resolution quickly.
>
> All the files to be printed are already located on the review machine. On the review machine's desktop there is a folder titled "20180719_PRINT". Within that folder are 8 sub-folders titled "01" through "08". The files are intended to be printed by going sequentially through each numbered sub-folder starting with sub-folder "01" and printing each file therein in alphabetical order. These files are each relevant sections of unique source code files. There are then two files in the "20180719_PRINT" folder starting with "09-" and "10-" which should be printed in that order. These files are the MD5 hash analysis.
>
> Philips maintains that your clock for providing a particularized objection under the Protective Order, Section 10.e, begins Monday with your objection due that Friday, August 3 (5 business days), as this is equivalent to Philips having tendered to you the printed source code. Absent a particularized objection, the source code should be served on Philips by Tuesday, August 7 (7 business days). If you disagree for any reason, then please provide a time Monday to meet and confer.
>
> Best regards,
> Jonathan
>
> **Jonathan Sharret**
> **FITZPATRICK, CELLA, HARPER & SCINTO**

1290 Avenue of the Americas
New York, NY 10104-3800
T 212-218-2266
F 212-218-2200
jsharret@fchs.com
http://www.fitzpatrickcella.com
Bio

---

**From:** Putman, Jonathan R. (Jon) (Perkins Coie) [mailto:JPutman@perkinscoie.com]
**Sent:** Friday, July 27, 2018 4:30 PM
**To:** Sharret, Jonathan
**Cc:** #Philips Prosecution Bar; HTC-PhilipsPerkinsService@perkinscoie.com; 'Chris Holland'; 'Lori Holland'
**Subject:** RE: Philips v. HTC: Correspondence

Jonathan,

We are still concerned that Philips is printing source code for the purpose of reviewing it instead of conducting a comprehensive review and printing only those pages (or even sections of single pages) that are absolutely necessary. We remain willing to work with Philips if that can be a mutual goal. It appears the best next step is for us to get some idea about what exactly you are proposing to print (i.e., the files, and the page and line number ranges within each). Are you able to provide this information?

Best,

Jon

**Jonathan Putman | Perkins Coie LLP**
**COUNSEL**
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099
D. +1.206.359.3895
F. +1.206.359.4895
E. JPutman@perkinscoie.com

---

**From:** Sharret, Jonathan [mailto:JSharret@FCHS.COM]
**Sent:** Friday, July 27, 2018 8:25 AM
**To:** Putman, Jonathan R. (Jon) (SEA) <JPutman@perkinscoie.com>
**Cc:** #Philips Prosecution Bar <PhilipsProsecutionBar@fchs.com>; *HTC-Philips Perkins Service <HTC-PhilipsPerkinsService@perkinscoie.com>; 'Chris Holland' <cholland@hollandlawllp.com>; 'Lori Holland' <lholland@hollandlawllp.com>
**Subject:** RE: Philips v. HTC: Correspondence

Jon and HTC Counsel,

We have not received a response to my letter of a week ago. Please respond today and provide your ability to meet and confer if you do not agree to print the requested code.

Best regards,
Jonathan

**Jonathan Sharret**
**FITZPATRICK, CELLA, HARPER & SCINTO**
1290 Avenue of the Americas
New York, NY 10104-3800
T 212-218-2266
F 212-218-2200
jsharret@fchs.com
http://www.fitzpatrickcella.com
Bio

---

**From:** Sharret, Jonathan
**Sent:** Friday, July 20, 2018 4:16 PM
**To:** JPutman@perkinscoie.com
**Cc:** #Philips Prosecution Bar; HTC-PhilipsPerkinsService@perkinscoie.com; 'Chris Holland'; Lori Holland
**Subject:** RE: Philips v. HTC: Correspondence

Jon and HTC Counsel,

Please see the attached letter.

Best regards,
Jonathan

**Jonathan Sharret**
**FITZPATRICK, CELLA, HARPER & SCINTO**
1290 Avenue of the Americas
New York, NY 10104-3800
T 212-218-2266
F 212-218-2200
jsharret@fchs.com
http://www.fitzpatrickcella.com
Bio

---

**From:** Putman, Jonathan R. (Jon) (Perkins Coie) [mailto:JPutman@perkinscoie.com]
**Sent:** Friday, July 20, 2018 2:18 PM
**To:** Sharret, Jonathan
**Cc:** #Philips Prosecution Bar; HTC-PhilipsPerkinsService@perkinscoie.com
**Subject:** Philips v. HTC: Correspondence

Jonathan,

Please review the attached correspondence and let us know how you would like to proceed.

Jon

**Jonathan Putman | Perkins Coie LLP**

**COUNSEL**
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099
D. +1.206.359.3895
F. +1.206.359.4895
E. JPutman@perkinscoie.com

---

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

This email message and any attachments are intended for the use of the addressee(s) indicated above. Information that is privileged or otherwise confidential may be contained therein. If you are not the intended recipient(s), you are hereby notified that any dissemination, review or use of this message, documents or information contained therein is strictly prohibited. If you have received this message in error, please immediately delete it and notify us by telephone at (212) 218-2100. Thank you.

---

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

# SHARRET EXHIBIT 106



June 6, 2017

**VIA CM/ECF & HAND DELIVERY**

The Honorable Gregory M. Sleet
The United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

Daniel M. Silver
Partner
T. 302-984-6331
F. 302-691-1260
dsilver@mccarter.com

McCarter & English, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801-3717
T. 302.984.6300
F. 302.984.6399
www.mccarter.com

BOSTON
HARTFORD
STAMFORD
NEW YORK
NEWARK
EAST BRUNSWICK
PHILADELPHIA
WILMINGTON
WASHINGTON, DC

**RE:** ***Koninklijke Philips N.V. v. ASUSTEK Computer Inc.*, C.A. No. 15-1125-GMS;**
***Koninklijke Philips N.V. v. HTC Corp.*, C.A. No. 15-1126-GMS;**
***Koninklijke Philips N.V. v. Visual Land, Inc.*, C.A. No. 15-1127-GMS;**
***Koninklijke Philips N.V. v. Southern Telecom*, C.A. No. 15-1128-GMS;**
***Koninklijke Philips N.V. v. YiFang USA, Inc. d/b/a E-Fun, Inc.*, C.A. No. 15-1131-GMS; and**
***Koninklijke Philips N.V. v. Acer Inc.*, C.A. No. 15-1170-GMS**

Dear Judge Sleet,

In anticipation of the conference scheduled for Thursday, June 8 at 10 AM EDT, in the above-referenced related matters, the parties jointly submit this letter agenda, pursuant to paragraph 5(a) of the Scheduling Order (e.g., D.I. 45 in 15-1125) to apprise the Court of the following disputed issues:

- **Plaintiffs' Issue:** Whether a Magistrate Judge or Special Discovery Master should be appointed to assist the parties in resolving any disputed issues that remain after this conference or that may arise thereafter.

- **Defendants' Issue:** Whether Plaintiffs should be required to supplement their Infringement Contentions to reflect examination and analysis of all accused products; and whether, until then, Defendants should not be required to provide non-infringement contentions in response to Plaintiffs' Common

Interrogatory No. 4 regarding devices Plaintiffs have not analyzed and accused.[1]

- **Plaintiffs' Issue:** Whether all Defendants should be required to supplement their responses to Philips' Interrogatory No. 4 by June 30, 2017, to provide non-infringement contentions (i) for all Accused Products; and (ii) that explain, for each claim limitation that Defendants contend is not present in the Accused Products, why that limitation is not present, including all factual and legal bases for that contention.

- **Defendants' Issue:** Whether Philips should be required to respond to Defendants' Interrogatory No. 8 and related RFPs seeking information about embodying products, by June 30, 2017.

- **Plaintiffs' Issue:** Whether all Defendants should be required to supplement their invalidity contentions with respect to obviousness (to explain what combinations are asserted and the rationale for the combination) and 35 USC §§ 112(1), (2), and (6) (to explain what claim elements are at issue and why) or withdraw these contentions.

- **Defendants' Issue:** Whether Plaintiffs should be required to supplement their responses to Defendants' Interrogatory Nos. 3-7 to provide contentions (including all factual and legal bases therefor) regarding why the asserted claims are not anticipated or obvious in view of the prior art, why the asserted claims are not indefinite, and any non-obvious improvements the asserted claims provide over the prior art.

- **Plaintiffs' Issue:** Whether the date for Philips' Final Infringement Contentions in the Court's Scheduling Order (July 21, 2017) should be extended to August 25, 2017.

- **Defendants' Issue:** Whether, if the Court extends the date for Philips' Final Infringement Contentions in the Court's Scheduling Order, it should also extend the date for Defendants' Final Invalidity Contentions in the Court's Scheduling Order (August 25, 2017) to September 29, 2017.

- **Plaintiffs' Issue:** Whether all non-Microsoft Defendants should be required to respond to Philips' Interrogatory No. 6, seeking whether Defendants

---

[1] **Plaintiffs' Statement:** Plaintiffs disagree that there are "devices Plaintiffs have not analyzed and accused" in its contentions and believe this statement is argumentative, but have not been able to reach mutually agreeable language with Defendants.

contend there are material differences between the Accused Products with respect to infringement, by June 30, 2017.

- **Defendants' Issue:** Whether Philips should be required to respond to Defendants' Interrogatory No. 9 and related RFPs seeking information about patent marking, by June 30, 2017.

- **Plaintiffs' Issue:** Whether ASUS, Visual Land, and YiFang should be required to respond to Philips' Interrogatory No. 2 seeking sales information for the Accused Products, by June 30, 2017.

- **Defendants' Issue:** Whether Philips should be required to supplement its response to Defendants' Interrogatory No. 2, seeking information about all agreements, offers or communications concerning any rights, title or interests in the Asserted Patents or related patents directed at similar subject matter, by June 30, 2017.

- **Plaintiffs' Issue:** Whether ASUS, Visual Land, and YiFang should be required to respond to Philips' Interrogatory Nos. 1 and 5, seeking information for the Accused Products (e.g., first and last sales dates, operating system version, etc.), by June 30, 2017.

- **Defendants' Issue:** Whether Philips should be required to produce employment agreements with the patents' inventors by June 30, 2017.

- **Plaintiffs' Issue:** Whether all Defendants should (i) be required to produce source code for all Accused Products by June 30, 2017; or (ii) if source code is not produced for an Accused Product, be precluded from relying at trial on any argument that the Accused Product advertised as complying with or including a particular operating system is materially different from the corresponding publicly available version of that operating system.

- **Plaintiffs' Issue:** Where source code for an Accused Product has been produced, whether Philips can print up to 230 pages of source code per Accused Product.

- **Plaintiffs' Issue:** Whether Visual Land should be required to respond to outstanding discovery requests while its Motion (D.I. 153 in 15-1127) is pending.

**Defendants' Statement:** In addition, although not a discovery dispute, Defendants thought Your Honor might appreciate our making the Court aware of the

fact that defendants have filed motions in these cases seeking to transfer or dismiss for improper venue in light of the Supreme Court's recent *TC Heartland* decision. We thought we should raise this issue just in case Your Honor has questions or would want the chance to discuss any related case management implications.

Counsel are available at the Court's convenience should Your Honor have any questions in advance of the June 8, 2017 conference.

Respectfully submitted,

*/s/ Daniel M. Silver*

Daniel M. Silver (#4758)

cc: Counsel of record (via CM/ECF & electronic mail)