# **SHARRET EXHIBIT 108**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **KONINKLIJKE PHILIPS N.V.,**<br>**U.S. PHILIPS CORPORATION,**<br><br>           **Plaintiffs,**<br><br>    **v.**<br><br>**HTC CORP.,**<br>**HTC AMERICA, INC.**<br><br>           **Defendants.** | Case No.: 15-1126-GMS<br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO THE HTC DEFENDANTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation hereby request that HTC Corp. and HTC America, Inc. produce for inspection and copying the documents and things requested below in accordance with the definitions and instructions provided herein. Production shall take place within thirty (30) days of service of this request, at the offices of Fitzpatrick, Cella, Harper & Scinto, 1290 Avenue of the Americas, New York, New York 10104-3800, or at such location and time as the parties may agree.

## DEFINITIONS

1.      The terms "HTC," "Defendants," "You," and "Your," as used herein, mean Defendants HTC Corp. and HTC America, Inc. collectively and/or individually, as appropriate, their predecessors and successors, parents, subsidiaries, divisions and affiliated companies, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys) of the foregoing.

2.      The terms "Philips" or "Plaintiffs," as used herein, mean Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation collectively and/or individually, as appropriate, their predecessors and successors, parents, subsidiaries, divisions and affiliated companies, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys) of the foregoing.

3.      "'913 Patent," as used herein, means U.S. Patent No. RE 44,913.

4.      "'387 Patent," as used herein, means U.S. Patent No. 6,690,387.

5.      "'064 Patent," as used herein, means U.S. Patent No. 7,184,064.

6.      "'806 Patent," as used herein, means U.S. Patent No. 7,529,806.

7.      "'797 Patent," as used herein, means U.S. Patent No. 5,910,797.

8.      "'695 Patent," as used herein, means U.S. Patent No. 6,522,695.

9.      "'006 Patent," as used herein, means U.S. Patent No. RE 44,006.

10.     "'819 Patent," as used herein, means U.S. Patent No. 8,543,819.

11.     "'114 Patent," as used herein, means U.S. Patent No. 6,772,114.

12.     "'564 Patent," as used herein, means U.S. Patent No. RE 43,564.

13.     "Asserted Patents" and "Patents-in-Suit," as used herein, mean the '913 Patent, '387 Patent, '064 Patent, '806 Patent, '797 Patent, '695 Patent, '006 Patent, '819 Patent, '114

Patent, and '564 Patent, and any other patent added to this litigation by amended pleading or complaint.

14.      "Relevant Products," as used herein, means the following:

(a)      "'913 Relevant Products," which as used herein, means Your smartphones and tablet computers, manufactured, sold, offered for sale, used, and/or imported by or for You by the Relevant Date, which:

(i)      include a touch screen and are pre-loaded or upgradeable to the "'913 Relevant OS," which as used herein means the Android Operating System version 2.1 or higher; or

(ii)      are "'913 Accused Products," which as used herein means those products identified for the '913 Patent in Plaintiffs' First Amended Identification of the HTC Defendants' Accused Products, served on August 26, 2016;

(b)      "'387 Relevant Products," which as used herein, means Your smartphones and tablet computers, manufactured, sold, offered for sale, used, and/or imported by or for You by the Relevant Date, which:

(i)      include a touch screen and are pre-loaded or upgradeable to the "'387 Relevant OS," which as used herein means the Android Operating System version 2.1 or higher; or

(ii)      are "'387 Accused Products," which as used herein means those products identified for the '387 Patent in Plaintiffs' First Amended Identification of the HTC Defendants' Accused Products, served on August 26, 2016;

(c) "'064 Relevant Products," which as used herein, means Your smartphones and tablet computers, manufactured, sold, offered for sale, used, and/or imported by or for You by the Relevant Date, which:

(i) include a touch screen and are pre-loaded or upgradeable to the "'064 Relevant OS," which as used herein means the Android Operating System version 2.1 or higher; or

(ii) are "'064 Accused Products," which as used herein means those products identified for the '064 Patent in Plaintiffs' First Amended Identification of the HTC Defendants' Accused Products, served on August 26, 2016;

(d) "'806 Relevant Products," which as used herein, means Your smartphones and tablet computers,  manufactured, sold, offered for sale, used, and/or imported by or for You by the Relevant Date, which:

(i) are pre-loaded or upgradeable to the "'806 Relevant OS," which as used herein means the Android Operating System version 3.0 or higher;

(ii) include the capability to support the HTTP Live Streaming ("HLS") media streaming technology (*e.g.*, through playback in a browser such as Google Chrome or the Android Browser), or the MPEG-DASH (Dynamic Adaptive Streaming over HTTP) media streaming technology (*e.g.*, through playback in a media player such as ExoPlayer or the YouTube application, or in a browser such as Google Chrome or the Android Browser); or

(iii) are "'806 Accused Products," which as used herein means those products identified for the '806 Patent in Plaintiffs' First Amended Identification of the HTC Defendants' Accused Products, served on August 26, 2016;

- 4 -

(e)    "'797 Relevant Products," which as used herein, means Your smartphones and tablet computers manufactured, sold, offered for sale, used, and/or imported by or for You by the Relevant Date, which:

(i)    include an acceleration sensor and are pre-loaded or upgradeable to the "'797 Relevant OS," which as used herein means the Android Operating System version 3.2 or higher; or

(ii)    are "'797 Accused Products," which as used herein means those products identified for the '797 Patent in Plaintiffs' First Amended Identification of the HTC Defendants' Accused Products, served on August 26, 2016;

(f)    "'695 Relevant Products," which as used herein, means Your smartphones and tablet computers, manufactured, sold, offered for sale, used, and/or imported by or for You by the Relevant Date, which:

(i)    are pre-loaded or upgradeable to the "'695 Relevant OS," which as used herein means the Android Operating System version 3.1 or higher;

(ii)    include the capability to support playback of a FLAC (Free Lossless Audio Codec) audio signal (*e.g.*, through playback in a media player such as Google Play Music); or

(iii)    are "'695 Accused Products," which as used herein means those products identified for the '695 Patent in Plaintiffs' First Amended Identification of the HTC Defendants' Accused Products, served on August 26, 2016;

(g)    "'006 Relevant Products," which as used herein, means Your smartphones and tablet computers, manufactured, sold, offered for sale, used, and/or imported by or for You by the Relevant Date, which:

(i)       are pre-loaded or upgradeable to the "'006 Relevant OS," which as used herein means the Android Operating System version 5.0 or higher; or

(ii)      are "'006 Accused Products," which as used herein means those products identified for the '006 Patent in Plaintiffs' First Amended Identification of the HTC Defendants' Accused Products, served on August 26, 2016;

(h)      "'819 Relevant Products," which as used herein, means Your smartphones and tablet computers, manufactured, sold, offered for sale, used, and/or imported by or for You by the Relevant Date, which:

(i)      include the capability to support the High-bandwidth Digital Content Protection ("HDCP") System revision 2.x (*e.g.*, HDCP System Interface Independent Adaptation Revision 2.2, HDCP System Mapping HDCP to HDMI Revision 2.2, or HDCP System Mapping HDCP to MHL Revision 2.2); or

(ii)      are "'819 Accused Products," which as used herein means those products identified for the '819 Patent in Plaintiffs' First Amended Identification of the HTC Defendants' Accused Products, served on August 26, 2016;

(i)      "'114 Relevant Products," which as used herein, means Your smartphones and tablet computers, manufactured, sold, offered for sale, used, and/or imported by or for You by the Relevant Date, which:

(i)      are pre-loaded or upgradeable to the "'114 Relevant OS," which as used herein means the Android Operating System version 2.1 or higher; or

(ii)      include the capability to support playback of an AMR-WB (Adaptive Multi-Rate Wideband) audio signal that has been encoded in 23.85 kbit/s mode (*e.g.*, through playback in a media player such as Google Play Music); or

- 6 -

(iii)    are "'114 Accused Products," which as used herein means those products identified for the '114 Patent in Plaintiffs' First Amended Identification of the HTC Defendants' Accused Products, served on August 26, 2016; and

(j)    "'564 Relevant Products," which as used herein, means Your smartphones and tablet computers, manufactured, sold, offered for sale, used, and/or imported by or for You by the Relevant Date, which:

(i)    include a touch screen and are pre-loaded or upgradeable to the "'564 Relevant OS," which as used herein means the Android Operating System version 4.2 or higher; or

(ii)    are "'564 Accused Products," which as used herein means those products identified for the '564 Patent in Plaintiffs' First Amended Identification of the HTC Defendants' Accused Products, served on August 26, 2016.

15.    "Relevant Functionalities," as used herein, means the following:

(a)    "'913 Relevant Functionality," which as used herein means the capability to press and hold a key on a virtual keyboard to select an alternate character associated with that key;

(b)    "'387 Relevant Functionality," which as used herein means the capability to fling, scroll, or drag displayed data in response to a touch gesture on a touch screen;

(c)    "'064 Relevant Functionality," which as used herein means the capability to fling, scroll, or drag displayed data in response to a touch gesture on a touch screen;

(d)    "'806 Relevant Functionality," which as used herein means the following:

- 7 -

(i)      "'806 Relevant HLS Functionality," which as used herein means the capability to support the HTTP Live Streaming ("HLS") media streaming technology (*e.g.*, through playback in a browser such as Google Chrome or the Android Browser); and

(ii)      "'806 Relevant DASH Functionality," which as used herein means the capability to support the MPEG-DASH (Dynamic Adaptive Streaming over HTTP) media streaming technology.  (*e.g.*, through playback in a media player such as ExoPlayer or the YouTube application, or in a browser such as Google Chrome or the Android Browser);

(e)      "'797 Relevant Functionality," which as used herein means the capability to impart motion (*e.g.*, rotation) to a displayed graphical object in response to a sensed acceleration induced by user manipulation of the product;

(f)      "'695 Relevant Functionality," which as used herein means the capability to support playback of a FLAC (Free Lossless Audio Codec) audio signal (*e.g.*, through playback in a media player such as Google Play Music);

(g)      "'006 Relevant Functionality," which as used herein means the capability to display a rotating menu having displayed menu options which change in shape and/or size during rotation of the menu (*e.g.*, the Android overview screen, recents screen, recent task list, or recent apps, as described in PHILIPS00000367);

(h)      "'819 Relevant Functionality," which as used herein means the capability to support the High-bandwidth Digital Content Protection ("HDCP") System revision 2.x (*e.g.*, HDCP System Interface Independent Adaptation Revision 2.2, HDCP System Mapping HDCP to HDMI Revision 2.2, or HDCP System Mapping HDCP to MHL Revision 2.2);

(i)      "'114 Relevant Functionality," which as used herein means the capability to support playback of an AMR-WB (Adaptive Multi-Rate Wideband) audio signal that has been

- 8 -

encoded in 23.85 kbit/s mode (*e.g.*, through playback in a media player such as Google Play Music); and

        (j)     "'564 Relevant Functionality," which as used herein means the capability to magnify a touch-selected portion of a displayed image.

16.     "Relevant Operating Systems," as used herein, means the '913 Relevant OS, '387 Relevant OS, '064 Relevant OS, '806 Relevant OS, '797 Relevant OS, '695 Relevant OS, '006 Relevant OS, '114 Relevant OS, and '564 Relevant OS.

17.     "Relevant Date," as used herein, means the date six years prior to the filing of the original complaint in this litigation.

18.     "Operating System," as used herein, means any version of any of the Android Operating System.

19.     "Any" and "all," as used herein, shall include "each and every."

20.     "And" or "or," as used herein, shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

21.     "Relate to," "related to" or "relating to," as used herein, means embodying, pertaining, concerning, involving, constituting, commenting upon, comprising, reflecting, discussing, evidencing, mentioning, referring to, consisting of, responding to, or having any logical or factual connection whatsoever with the subject matter in question.

22.     "Person," as used herein, means any natural person or any business, legal or governmental entity or association, including, but not limited to, any individual, company, corporation, division, joint venture, partnership, unincorporated association or other entity.

23.     "Document," as used herein, means all documents or electronically stored information, whether an original, a draft, or a copy, however reproduced – including writings,

drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained, and is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34, including but not limited to the examples set forth in Federal Rules of Evidence 1001. Any document with any marks such as initials, comments, or notations of any kind is not deemed to be identical to one without such marks and is to be identified and/or produced as a separate document.

24.     "Thing," as used herein, has the meaning prescribed in Federal Rule of Civil Procedure 34, and includes every kind of physical specimen or tangible item, other than a document, in the possession, custody or control of You.

25.     "Communication," as used herein, means every manner of disclosure, transfer, or exchange of information whether orally or by document or whether face-to-face, by telephone, mail, e-mail, telegram, telex, or telefax, personal delivery or otherwise.

26.     "Concerning," as used herein, means relating to, referring to, describing, evidencing or constituting.

27.     "Product," as used herein, means a machine, apparatus, device, instrument, mechanism, appliance, assembly, algorithm, software, system, program, or assemblage of components/parts (either individually or collectively), which are designed to function together electrically, mechanically, electronically (including the method of use or operation of such product or equipment) or otherwise, to achieve a particular function or purpose.

28.     "Related Patents" and "Related Applications," as used herein, respectively mean all patents and patent applications that are cross-referenced in any of the Patents-in-Suit as being related or that are related to the Patents-in-Suit in any way, including, without limitation, any

parent, continuation, continuation-in-part, divisional, reexamination, reissue, or foreign counterpart patent or patent application, or any patent or patent application claiming priority to any of the foregoing.

29.     "Infringe" and "infringement," as used herein, refer to direct infringement, contributory infringement, inducement of infringement, literal infringement, and/or infringement under the doctrine of equivalents or any other infringement actionable under United States law.

30.     "Prior art" is used herein in the same sense that it is used in 35 U.S.C. §§ 102 and 103, and includes any patent, printed publication, prior knowledge, prior use, prior sale or offer for sale, or other act or event as defined in 35 U.S.C. §102, taken singly or in combination.

31.     "Transfer of Rights," as used herein, means an assignment, license, sublicense, cross-license, release, covenant not to sue, grant of manufacturing rights, or grant of any other rights in a patent or patent application, domestic or foreign, whether alone or in combination with other consideration.

32.     "Related Litigations," as used herein, means all litigations (past or present), or other legal proceedings in which anyone has asserted claims relating to the Patent-in-Suit or any Related Patents or Related Applications, including but not limited to:  *Koninklijke Philips N.V. v. ASUSTEK Computer Inc.*, C.A. No. 15-1125-GMS; *Koninklijke Philips N.V. v. HTC Corp.*, C.A. No. 15-1126-GMS; *Koninklijke Philips N.V. v. Visual Land, Inc.*, C.A. No. 15-1127-GMS; *Koninklijke Philips N.V. v. Southern Telecom*, C.A. No. 15-1128-GMS; *Koninklijke Philips N.V. v. Double Power Technology, Inc.*, C.A. No. 15-1130-GMS; *Koninklijke Philips N.V. v. YiFang USA, Inc. d/b/a E-Fun, Inc.*, C.A. No. 15-1131-GMS; *Koninklijke Philips N.V. v. Acer Inc.*, C.A. No. 15-1170-GMS.

## <u>INSTRUCTIONS</u>

1.      All documents produced should be produced in the manner, form and sequence in which they are kept in the ordinary course of business, as required by Rule 34(b) of the Federal Rules of Civil Procedure, including, where applicable, any index tabs, file dividers, labels, designations or information as to the location of the documents.

2.      Your response shall not be deemed complete until documents and things are produced or a date certain is provided as to when the requested documents and things will be produced.

3.      If no documents are responsive to a particular request, You are to state that no responsive documents exist.

4.      All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all attachments and enclosures thereto.

5.      In response to each request, You shall state whether any material has been or will be redacted from documents, and the basis for the redaction.  Redactions should be clearly indicated on a document at the location where the redaction has been made.

6.      In the event You object to any request herein or any part thereof, You shall state with specificity the grounds of objection and respond to the fullest extent that such production is not subject to objection.

7.      In the event that any document called for by any of the requests has been destroyed, lost, discarded or is otherwise no longer in Your possession, custody or control, You shall identify such document as completely as possible, including, without limitation, the following information: (i) date of disposal; (ii) manner of disposal; (iii) reason for disposal; (iv) person authorizing the disposal; and (v) person disposing of the document.

ME1 23532158v.1

8.      In the event You object to the production of any document or thing on the ground that it is protected from discovery under the attorney-client privilege or work product immunity or is otherwise not discoverable, You shall identify each such document or thing on a separate schedule to be produced to Plaintiffs.  Such schedule shall set forth, for each document or thing, sufficient information to enable the document or thing to be properly identified, including, without limitation, the following information: (i) the request to which the document or thing pertains; (ii) the document type (letter, memorandum, report, etc.); (iii) the document title; (iv) the document date; (v) the name or names and job titles of the author(s) of the document; (vi) the name and job title of each recipient of the document; (vii) a summary of the document's general subject matter; and (viii) an explanation of the claim of privilege or immunity.

9.      These discovery requests are deemed to be continuing in nature so as to require amended and supplemental productions to the extent called for by Rule 26(e) of the Federal Rules of Civil Procedure.  If You acquire additional knowledge or information with respect to any of these requests after service of Your responses, You shall serve a supplemental and/or amended response to each such discovery request no later than thirty (30) days after acquiring the additional knowledge or information.

10.      References to companies, corporations, partnerships, unincorporated associations, or other entities include each director, officer, employee, agent, attorney, representative, instrumentality, parent, subsidiary, division, subdivision, affiliate, joint venture, component, or unit thereof.

11.      The singular form of a word should be interpreted in the plural as well.  Any pronoun shall be construed to refer to the masculine, feminine or neuter gender as is most appropriate in each case.

ME1 23532158v.1

12.     These requests seek all documents and things in the possession of You, Your representatives, agents, employees, investigators, consultants and, unless privileged, their counsel.

13.     Use of the past tense includes the present tense unless otherwise explicitly delimited.

14.     Unless otherwise indicated in a particular request, the request is not date or time limited.

15.     Definitions or usages or words or phrases in these request are not intended to be, and shall not be, construed as admissions as to the meaning of words or phrases at issue in the action, and shall have no binding effect on Philips in this or any other proceeding.

- 14 -

## REQUESTS FOR DOCUMENTS AND THINGS

**DOCUMENT REQUEST NO. 1:**

All documents relied upon in preparing, or identified in response to, any Interrogatories served upon You in this litigation.

**DOCUMENT REQUEST NO. 2:**

All prior art that You contend or will contend invalidates one or more claims of the Asserted Patents under 35 U.S.C. §§ 102 and/or 103.

**DOCUMENT REQUEST NO. 3:**

All documents supporting, contradicting, or otherwise concerning Your contention that any claim of the Asserted Patents is invalid.

**DOCUMENT REQUEST NO. 4:**

All documents supporting, contradicting, or otherwise concerning Your contention that any claim of the Asserted Patents is unenforceable.

**DOCUMENT REQUEST NO. 5:**

All documents concerning any publications authored by the named inventors on the Asserted Patents.

**DOCUMENT REQUEST NO. 6:**

All documents supporting, contradicting, or otherwise concerning Your contention that any of the claims of the Asserted Patents are not infringed by any of the Relevant Products for that Asserted Patent.

**DOCUMENT REQUEST NO. 7:**

Any opinions of counsel related to any of the Asserted Patents, Related Patents, or Related Applications.

ME1 23532158v.1

**DOCUMENT REQUEST NO. 8:**

All documents concerning Your potential liability for infringing any claim of the Asserted Patents.

**DOCUMENT REQUEST NO. 9:**

All documents concerning any testing or analysis done by You or anyone else related to whether any of the Relevant Products infringe any claims of the Asserted Patents.

**DOCUMENT REQUEST NO. 10:**

All documents related to any plan or attempt by You to redesign any of the Relevant Products to avoid infringement of any claims of the Asserted Patents.

**DOCUMENT REQUEST NO. 11:**

All documents related to Your first notice or first knowledge of each of the Asserted Patents, including but not limited to documents sufficient to identify the first date of Your notice or knowledge of each of the Asserted Patents.

**DOCUMENT REQUEST NO. 12:**

Source code for each version of the Operating System that was ever pre-loaded on or made available by update or upgrade to each of the Relevant Products.

**DOCUMENT REQUEST NO. 13:**

Source code for each of the Relevant Functionalities included in each version of the Operating System that was ever pre-loaded on or made available by update or upgrade to each of the Relevant Products.

**DOCUMENT REQUEST NO. 14:**

All documents concerning each of the Relevant Functionalities included in each version of the Operating System that was ever pre-loaded on or made available by update or upgrade to

each of the Relevant Products.

**DOCUMENT REQUEST NO. 15:**

All communications between You and any other person, including third parties, concerning each of the Relevant Functionalities included in each version of the Operating System that was ever pre-loaded on or made available by update or upgrade to each of the Relevant Products.

**DOCUMENT REQUEST NO. 16:**

Documents sufficient to show the chronology and/or timing of activities undertaken by You, on Your behalf, or by a third party, to research, develop, and implement any additions, changes, modifications, or alterations to each version of the Operating System that was ever pre-loaded on or made available by update or upgrade to each of the Relevant Products.

**DOCUMENT REQUEST NO. 17:**

Documents sufficient to show any additions, changes, modifications, or alterations, made by You, on Your behalf, or by a third party to any of the Relevant Functionalities included in each version of the Operating System that was ever pre-loaded on or made available by update or upgrade to each of the Relevant Products, as compared to the comparable version of the Operating System originally provided to You or otherwise obtained by You.

**DOCUMENT REQUEST NO. 18:**

Documents sufficient to describe the process by which any additions, changes, modifications, or alterations are made to each version of the Operating System that was ever pre-loaded on or made available by update or upgrade to each of the Relevant Products as compared to the comparable version of the Operating System originally provided to You or otherwise obtained by You.

- 17 -

**DOCUMENT REQUEST NO. 19:**

All user guides or manuals, operational guides or manuals, online help or support website pages, and/or installation guides or manuals, for each of the Relevant Products.

**DOCUMENT REQUEST NO. 20:**

All data sheets and system, component, and/or operational specifications for each version of each of the Relevant Products.

**DOCUMENT REQUEST NO. 21:**

All documents describing the implementation, incorporation, use, or operation of each of the Relevant Functionalities in each of the Relevant Products.

**DOCUMENT REQUEST NO. 22:**

Documents sufficient to show whether each of the Relevant Products supports the HTTP Live Streaming ("HLS") media streaming technology.

**DOCUMENT REQUEST NO. 23:**

Documents sufficient to show whether each of the Relevant Products supports the MPEG-DASH (Dynamic Adaptive Streaming over HTTP) media streaming technology.

**DOCUMENT REQUEST NO. 24:**

Documents sufficient to show whether each of the Relevant Products supports playback of a FLAC (Free Lossless Audio Codec) audio signal.

**DOCUMENT REQUEST NO. 25:**

Documents sufficient to show whether each of the Relevant Products supports the High-bandwidth Digital Content Protection ("HDCP") System revision 2.x (*e.g.*, HDCP System Interface Independent Adaptation Revision 2.2, HDCP System Mapping HDCP to HDMI Revision 2.2, or HDCP System Mapping HDCP to MHL Revision 2.2).

- 18 -

**DOCUMENT REQUEST NO. 26:**

Documents sufficient to show whether each of the Relevant Products supports playback of an AMR-WB (Adaptive Multi-Rate Wideband) audio signal that has been encoded in 23.85 kbit/s mode.

**DOCUMENT REQUEST NO. 27:**

Documents sufficient to identify each modality (*e.g.*, application, program, portion of the Operating System, etc.) on the Relevant Products which supports the HTTP Live Streaming ("HLS") media streaming technology.

**DOCUMENT REQUEST NO. 28:**

Documents sufficient to identify each modality (*e.g.*, application, program, portion of the Operating System, etc.) on the Relevant Products which supports the MPEG-DASH (Dynamic Adaptive Streaming over HTTP) media streaming technology.

**DOCUMENT REQUEST NO. 29:**

Documents sufficient to identify each modality (*e.g.*, application, program, portion of the Operating System, etc.) on the Relevant Products which supports playback of a FLAC (Free Lossless Audio Codec) audio signal.

**DOCUMENT REQUEST NO. 30:**

Documents sufficient to identify each modality (*e.g.*, application, program, portion of the Operating System, etc.) on the Relevant Products which can display content protected by the High-bandwidth Digital Content Protection ("HDCP") System revision 2.x (*e.g.*, HDCP System Interface Independent Adaptation Revision 2.2, HDCP System Mapping HDCP to HDMI Revision 2.2, or HDCP System Mapping HDCP to MHL Revision 2.2).

**DOCUMENT REQUEST NO. 31:**

Documents sufficient to identify each modality (*e.g.*, application, program, portion of the Operating System, etc.) on the Relevant Products which supports playback of an AMR-WB (Adaptive Multi-Rate Wideband) audio signal that has been encoded in 23.85 kbit/s mode.

**DOCUMENT REQUEST NO. 32:**

All communications, between You and Philips concerning any aspect of this litigation, a Related Litigation, the Asserted Patents, or the Relevant Products, including any documents that were the subject of the communications.

**DOCUMENT REQUEST NO. 33:**

All licenses, offers to license, settlements, and offers to settle between You and Philips, including all communications relating thereto.

**DOCUMENT REQUEST NO. 34:**

All communications between You and any other Person concerning any aspect of this litigation, a Related Litigation, the Asserted Patents, or Philips.

**DOCUMENT REQUEST NO. 35:**

All communications between You and any defendant in any Related Litigation concerning any aspect of this litigation, the Asserted Patents, or Philips.

**DOCUMENT REQUEST NO. 36:**

All communications between You and any provider or developer of any Operating System concerning any aspect of this litigation, a Related Litigation, the Asserted Patents, or Philips.

**DOCUMENT REQUEST NO. 37:**

All documents concerning any license agreements between You and any provider or

developer of any Operating System, including but not limited to any actual or contemplated agreements and any correspondence referring or relating to such actual or contemplated agreements.

**DOCUMENT REQUEST NO. 38:**

All documents concerning any license agreements between You and any third party relating to the HTTP Live Streaming ("HLS") media streaming technology, including but not limited to any actual or contemplated agreements and any correspondence referring or relating to such actual or contemplated agreements.

**DOCUMENT REQUEST NO. 39:**

All documents concerning any license agreements between You and any third party relating to the MPEG-DASH (Dynamic Adaptive Streaming over HTTP) media streaming technology, including but not limited to any actual or contemplated agreements and any correspondence referring or relating to such actual or contemplated agreements.

**DOCUMENT REQUEST NO. 40:**

All documents concerning any license agreements between You and any third party concerning FLAC (Free Lossless Audio Codec), including but not limited to any actual or contemplated agreements and any correspondence referring or relating to such actual or contemplated agreements.

**DOCUMENT REQUEST NO. 41:**

All documents concerning any license agreements between You and any third party relating to the High-bandwidth Digital Content Protection ("HDCP") System revision 2.x (*e.g.*, HDCP System Interface Independent Adaptation Revision 2.2, HDCP System Mapping HDCP to HDMI Revision 2.2, or HDCP System Mapping HDCP to MHL Revision 2.2), including but

- 21 -

not limited to any actual or contemplated agreements and any correspondence referring or relating to such actual or contemplated agreements.

**DOCUMENT REQUEST NO. 42:**

All documents concerning any license agreements between You and any third party concerning AMR-WB (Adaptive Multi-Rate Wideband), including but not limited to any actual or contemplated agreements and any correspondence referring or relating to such actual or contemplated agreements.

**DOCUMENT REQUEST NO. 43:**

All documents concerning any actual or contemplated agreement between You and any defendant in any Related Litigation relating to the Asserted Patents, this litigation, or any Related Litigation (*e.g.*, a joint defense or common interest agreement), including but not limited to any actual or contemplated agreements and any correspondence referring or relating to such actual or contemplated agreements.

**DOCUMENT REQUEST NO. 44:**

All documents concerning any actual or contemplated agreement between You and any third party relating to the Asserted Patents, this litigation, or any Related Litigation (*e.g.*, a joint defense or common interest agreement), including but not limited to any such agreement between You and any provider or developer of any Operating System, and including but not limited to any actual or contemplated agreements and any correspondence referring or relating to such actual or contemplated agreements.

**DOCUMENT REQUEST NO. 45:**

All documents concerning any insurance policy, agreement to indemnify, or other agreement to which You are a party that relates to a claim for patent infringement brought

against You.

**DOCUMENT REQUEST NO. 46:**

All documents received by You from any third party that were requested from that third party in connection with this litigation or any Related Litigation.

**DOCUMENT REQUEST NO. 47:**

All documents concerning any advertising or marketing efforts undertaken by You or on Your behalf related to the '913 Relevant Functionality, including but not limited copies of any published advertisements or marketing materials.

**DOCUMENT REQUEST NO. 48:**

All documents concerning any advertising or marketing efforts undertaken by You or on Your behalf related to the '387 Relevant Functionality, including but not limited copies of any published advertisements or marketing materials.

**DOCUMENT REQUEST NO. 49:**

All documents concerning any advertising or marketing efforts undertaken by You or on Your behalf related to the HTTP Live Streaming ("HLS") media streaming technology, including but not limited copies of any published advertisements or marketing materials.

**DOCUMENT REQUEST NO. 50:**

All documents concerning any advertising or marketing efforts undertaken by You or on Your behalf related to the MPEG-DASH (Dynamic Adaptive Streaming over HTTP) media streaming technology, including but not limited copies of any published advertisements or marketing materials.

**DOCUMENT REQUEST NO. 51:**

All documents concerning any advertising or marketing efforts undertaken by You or on

Your behalf related to the High-bandwidth Digital Content Protection ("HDCP") System revision 2.x (*e.g.*, HDCP System Interface Independent Adaptation Revision 2.2, HDCP System Mapping HDCP to HDMI Revision 2.2, or HDCP System Mapping HDCP to MHL Revision 2.2), including but not limited copies of any published advertisements or marketing materials.

**DOCUMENT REQUEST NO. 52:**

Documents sufficient to show Your corporate structure and the identity of each legal entity therein, including but not limited to Your subsidiaries, parents, sisters, partnerships, and affiliates.

**DOCUMENT REQUEST NO. 53:**

Organization charts and other documents sufficient to show each of Your departments and the persons in those departments who have responsibility for (a) research and development, (b) engineering and design, (c) manufacturing, (d) reliability and quality control, (e) project management, (f) marketing, (g) sales and (h) financial matters and accounting, for each of Your smartphone and tablet computer products, including but not limited to the Relevant Products.

**DOCUMENT REQUEST NO. 54:**

Organization charts and other documents sufficient to show Your relationship with any parent and/or affiliated companies.

**DOCUMENT REQUEST NO. 55:**

All documents that You intend to introduce into evidence, or rely on in any way at trial or in any deposition.

**DOCUMENT REQUEST NO. 56:**

All documents described in Your Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a).

- 24 -

**DOCUMENT REQUEST NO. 57:**

Documents sufficient to show Your document retention policies.

**DOCUMENT REQUEST NO. 58:**

All English translations of any foreign language documents produced in response to these Requests for Production to the extent such English translation is in Your possession, custody, or control, including translations prepared for use in this litigation or a Related Litigation.

**DOCUMENT REQUEST NO. 59:**

All documents concerning any sworn testimony ever given in any proceeding by any fact and/or expert witness on Your behalf concerning any of the Relevant Functionalities, including all transcripts (including printed transcripts and videotapes) of such testimony.

**DOCUMENT REQUEST NO. 60:**

All documents provided to, reviewed by, or prepared for or by any person whom You expect to call as a fact and/or expert witness at trial, or on whose testimony (written or oral) You intend to rely at any other stage of this litigation, including but not limited to all documents such persons plan to use, refer to, or rely on in connection with such testimony.

**DOCUMENT REQUEST NO. 61:**

All documents that You contend are relevant to any determination of damages in this litigation.

**DOCUMENT REQUEST NO. 62:**

For each of the Relevant Products, made, used, licensed, distributed, sold, offered for sale, or imported in the United States from the Relevant Date to the present, documents sufficient to show on a month-by-month (or quarterly) basis, the quantity sold, gross revenue, net revenue, cost of goods sold, gross profit, net profit, and the identity of the entity and/or entities that made,

- 25 -

used, licensed, distributed, sold, offered for sale and/or imported into the United States those products.

**DOCUMENT REQUEST NO. 63:**

For all follow-on sales of other products or services (e.g., accessories, software, hardware, maintenance, extended warranties, etc.) based on the sale, launch and/or use of the Relevant Products or otherwise attributable to the Relevant Products, made, used, licensed, distributed, sold, offered for sale, or imported in the United States from the Relevant Date to the present, documents sufficient to show on a month-by-month (or quarterly) basis, the quantity sold, gross revenue, net revenue, cost of goods sold, gross profit, net profit, and the identity of the entity and/or entities that made, used, licensed, distributed, sold, offered for sale and/or imported into the United States those products or services.

**DOCUMENT REQUEST NO. 64:**

All product line and divisional profitability statements, income statements, profit and loss statements, and internal profitability reports, including information such as revenue, pricing, cost of goods sold, general and administrative expenses, and marketing expenses for each of the Relevant Products and any product lines or divisions containing the Relevant Products.

**DOCUMENT REQUEST NO. 65:**

All divisional profitability statements, income statements, profit and loss statements, and internal profitability reports, including information such as revenue, pricing, cost of goods sold, general and administrative expenses, and marketing expenses for all follow-on sales of other products or services (e.g., accessories, software, hardware, maintenance, extended warranties, etc.) based on the sale, launch and/or use of the Relevant Products or otherwise attributable to the Relevant Products and any product lines or divisions containing such follow on sales.

- 26 -

**DOCUMENT REQUEST NO. 66:**

Documents sufficient to show the price at which the Relevant Products are transferred between You and any of Your subsidiaries, suppliers, or any third party.

**DOCUMENT REQUEST NO. 67:**

Documents sufficient to establish the chain of title for each Relevant Product from manufacture until sale, offer for sale, or importation into the United States.

**DOCUMENT REQUEST NO. 68:**

Documents sufficient to show Your methodology for calculating gross revenue, net revenue, cost of goods sold, gross profits, and net profits, including any methodology for identifying costs associated with labor, material, variances, sales, administration, and components that make up those costs.

**DOCUMENT REQUEST NO. 69:**

All documents relating to projected profits, projected units sales, sales prices, or budgets for each of the Relevant Products, including, without limitation, any document discussing pricing, profit, sales (actual or projected) related to specific features of the Relevant Products.

**DOCUMENT REQUEST NO. 70:**

All price lists and product catalogs for any of the Relevant Products.

**DOCUMENT REQUEST NO. 71:**

All documents relating to any reasonable royalty rate that You contend should apply assuming that the Patent-in-Suit is found valid and infringed by You, including without limitation all documents relating to each factor identified in *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

**DOCUMENT REQUEST NO. 72:**

All documents concerning any actual or contemplated Transfer of Rights, including any actual or contemplated license agreements between You and any third party for any rights or interest in patents or other proprietary technologies relating to the Relevant Functionalities, including actual or projected payments made or to be made under such licenses, actual or contemplated agreements, including draft or proposed licenses, and any correspondence referring or relating to such actual or contemplated licenses.

**DOCUMENT REQUEST NO. 73:**

All documents concerning any actual or contemplated Transfer of Rights, including any actual or contemplated license agreements between You and any third party for any rights or interest in patents or other proprietary technologies relating to the Relevant Products, including actual or projected payments made or to be made under such licenses, actual or contemplated agreements, including draft or proposed licenses, and any correspondence referring or relating to such actual or contemplated licenses.

**DOCUMENT REQUEST NO. 74:**

All documents, including but not limited to marketing materials, sales brochures, and/or product catalogs that You provided to Your sales or marketing team relating to selling any of the Relevant Products.

**DOCUMENT REQUEST NO. 75:**

From the Relevant Date to present, your quarterly and annual reports and financial statements.

**DOCUMENT REQUEST NO. 76:**

All surveys, market studies, reports, or analyses relating to product design, competition,

market segments, market share, product tracking, or market revenue (whether actual or projected) relating to any of the Relevant Functionalities, including without limitation, customer-use studies, surveys, and/or tracking data that identifies the quality, value, usability, performance, demand, benefits, or competitive differentiation, of any of the Relevant Functionalities.

**DOCUMENT REQUEST NO. 77:**

All documents concerning any technology or functionality that You contend is an available non-infringing alternative to any functionality or technology disclosed or claimed in the Asserted Patents.

**DOCUMENT REQUEST NO. 78:**

All documents relating to the cost to develop and implement any alternatives to any functionality or technology disclosed or claimed in the Asserted Patents.

**DOCUMENT REQUEST NO. 79:**

All documents relating to the time to develop and implement any alternatives to any functionality or technology disclosed or claimed in the Asserted Patents.

**DOCUMENT REQUEST NO. 80:**

All documents that demonstrate that any alternatives to any functionality or technology disclosed or claimed in the Asserted Patents would be acceptable to the consumers who purchased any of the Relevant Products, including but not limited to any studies, testing, analysis or other evaluation that you have undertaken.

**DOCUMENT REQUEST NO. 81:**

All documents that demonstrate that any alternatives to any functionality or technology disclosed or claimed in the Asserted Patents would not infringe the Asserted Patents or any other

- 29 -

patents.

**DOCUMENT REQUEST NO. 82:**

All documents relating to any decision not to implement any purported non-infringing alternative.

**DOCUMENT REQUEST NO. 83:**

All patents or patent applications held or licensed by You relating to any of the Relevant Functionalities.

**DOCUMENT REQUEST NO. 84:**

All cost-benefit analyses related to the manufacture and marketing of any of the Relevant Functionalities.

**DOCUMENT REQUEST NO. 85:**

All reports on costs or expenses related to research and development of any of the Relevant Functionalities.

**DOCUMENT REQUEST NO. 86:**

All documents relating to Your accounting policies, procedures, manuals, and directives for the period from the Relevant Date to present, including but not limited to documents related to Your accounting system and structure, including Your chart of accounts.

**DOCUMENT REQUEST NO. 87:**

All royalty reports and data relating to any consideration paid for any patent license, settlement agreement, covenant not to sue or other agreement in any form between You and any other party relating to the Relevant Products.

**DOCUMENT REQUEST NO. 88:**

All valuations or appraisals of the Asserted Patents, whether prepared internally or by a

third party.

**DOCUMENT REQUEST NO. 89:**

All documents that reflect generally accepted licensing practices in the industry.

**DOCUMENT REQUEST NO. 90:**

All internal or third party analyses of the costs or benefits of licensing the Patent-in-Suit.

**DOCUMENT REQUEST NO. 91:**

All articles, reports, or product reviews that discuss the benefits, uses, prices, and advantages or disadvantages of any of the Relevant Products.

**DOCUMENT REQUEST NO. 92:**

All articles, reports, or product reviews that discuss any benefits, uses, and advantages or disadvantages of any of the Relevant Functionalities included in the Relevant Products.

ME1 23532158v.1

Dated: October 14, 2016

*Of Counsel:*

Michael P. Sandonato
John D. Carlin
Jonathan M. Sharret
Daniel A. Apgar
Robert S. Pickens
FITZPATRICK, CELLA, HARPER &
SCINTO
1290 Avenue of the Americas
New York, New York 10104-3800
Tel: (212) 218-2100
Fax: (212) 218-2200
msandonato@fchs.com
jcarlin@fchs.com
jsharret@fchs.com
dapgar@fchs.com
rpickens@fchs.com

MCCARTER & ENGLISH, LLP

/s/ Daniel M. Silver
Michael P. Kelly (#2295)
Daniel M. Silver (#4758)
Benjamin A. Smyth (#5528)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
mkelly@mccarter.com
dsilver@mccarter.com
bsmyth@mccarter.com

*Attorneys for Plaintiffs*

- 32 -

# **SHARRET EXHIBIT 109**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KONINKLIJKE PHILIPS N.V. and )
U.S. PHILIPS CORPORATION, )
                             )
           Plaintiffs, )
                             )
          v. )   C.A. No. 15-1126-GMS
                             )
HTC CORP. and )
HTC AMERICA, INC., )
                             )
          Defendants. )
                             )
                             )
                             )

## HTC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

HTC Corp. and HTC America, Inc. (collectively "HTC") hereby respond and object to Plaintiffs' First Set of Requests for Production of Documents and Things to HTC (the "Requests") served by Plaintiffs on October 14, 2016.

## GENERAL OBJECTIONS

1.     HTC objects to Plaintiffs' request that HTC produce responsive, non-privileged documents "within thirty days," which does not provide sufficient time for HTC to collect and produce documents. Subject to its general and specific objections, HTC will produce documents as soon as practicable.

2.     HTC objects to the Request as unduly burdensome and harassing to the extent they purport to impose burdens, requirements or obligations that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery,

Including Discovery of Electronically Stored Information ("ESI"), as stipulated by the parties and ordered by the Court on October 7, 2016 (Docket No. 58).

       3.      HTC objects to the Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege or any other applicable privileges and protections.  Such information will not be provided.  Any inadvertent disclosure of such information shall not constitute a waiver of any privilege, right, or ground for objecting to providing such information and shall not waive HTC's right to object to the use of such information.

       4.      HTC objects to the Requests to the extent that they call for legal conclusions.

       5.      HTC objects to the Requests to the extent that they call for the disclosure of proprietary or other confidential testimony.  HTC will only provide such disclosure subject to and in reliance upon an appropriate protective order governing confidential business information.

       6.      HTC objects to the Requests to the extent that they call for the disclosure of proprietary or confidential source code.  HTC will only provide such disclosure subject to and in reliance upon an appropriate protective order governing confidential source code.

       7.      HTC objects to the Requests to the extent they are vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains the terms "any," "all," and "without limitation."

       8.      HTC objects to the Requests to the extent that they seek information that is irrelevant or is not limited to a relevant time period.

9.      HTC objects to the Requests as not proportional to the needs of the case.  The Requests seek materials of no or marginal importance to the claims and defenses in this litigation, while imposing a substantial cost to HTC to identify additional responsive materials.

10.      HTC objects to the Requests to the extent that they seek information not within HTC's possession, custody or control.  HTC's commitment to produce documents or information does not constitute a representation that such documents or information are within HTC's possession, custody or control.

11.      HTC objects to the Requests to the extent that the "Definitions" and "Instructions" purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific Request where such enlargement, expansion, or alteration renders said Request vague, ambiguous, overbroad, unduly burdensome, harassing, incomprehensible, or disproportionate to the needs of the case.

12.      HTC objects to Plaintiffs' definition of the terms "HTC," "Defendants," "You," and "Your," and to any Request incorporating these terms, to the extent that they are unduly broad and purport to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), as stipulated by the parties and ordered by the Court on October 7, 2016 (Docket No. 58), particularly insofar as the definitions purport to require the production of documents or testimony about products or functionality irrelevant to this action.

13.      HTC objects to Plaintiffs' definition of the terms "Relevant Products" and to any Request incorporating this term, to the extent that it is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of

Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), as stipulated by the parties and ordered by the Court on October 7, 2016 (Docket No. 58), particularly insofar as the definitions purport to require the production of documents or testimony about products irrelevant to this action.

14.     HTC objects to Plaintiffs' definition of the term "Relevant Functionalities" and to any Request incorporating this term, to the extent that it is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), as stipulated by the parties and ordered by the Court on October 7, 2016 (Docket No. 58), particularly insofar as the definitions purport to require the production of documents or testimony about products irrelevant to this action.

15.     HTC objects to Plaintiffs' definition of the terms "Asserted Patents" and "Patents-in-Suit" and to any Request incorporating these terms, to the extent that they are unduly broad and purport to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), as stipulated by the parties and ordered by the Court on October 7, 2016 (Docket No. 58), particularly insofar as the definitions purport to include "any other patent added to this litigation."

16.     HTC objects to Plaintiffs' definition of the terms "Document" or "documents" and to any Request incorporating these terms, to the extent that they are unduly broad and purport to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), as stipulated by the parties and ordered

by the Court on October 7, 2016 (Docket No. 58), particularly insofar as the definitions purport to to require the production of documents or testimony about products irrelevant to this action.

17.     HTC objects to Plaintiffs' definition of the term "Operating System" and to any Request incorporating this term, to the extent that it is  unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), as stipulated by the parties and ordered by the Court on October 7, 2016 (Docket No. 58), particularly insofar as the definitions purport to to require the production of documents or testimony about products irrelevant to this action.

18.     HTC objects to the Requests as unduly burdensome, overbroad and oppressive to the extent that they call for the production of documents or testimony that would require HTC to perform a technical analysis.

19.     Any objection by HTC does not constitute a representation or admission that such information does in fact exist or is known to HTC.

20.     Discovery is ongoing.  HTC's production of documents and testimony is based upon such information as is reasonably available to HTC at the time of production and testimony.  Further independent discovery, independent investigation, legal research and analysis by HTC or its counsel may supply additional facts, information or documents, or add meaning to known facts, information or documents.  HTC's productions and testimony are given without prejudice to HTC's right to provide evidence of any subsequently discovered or compiled facts, information or documents, or to supplement or modify such HTC productions and testimony.

21.     HTC objects to the Requests to the extent that they seek information confidential or proprietary to third parties, which HTC is contractually required to maintain confidential.  To

the extent that the Requests call for such information, HTC will produce this information, to the extent relevant and responsive, only in accordance with its obligations under these confidentiality agreements or if ordered by the Court.

22.     HTC objects to the Requests to the extent that they are improperly duplicative or cumulative of other discovery.

23.     HTC objects to the Requests to the extent that they prematurely seek expert testimony.

24.     HTC objects to the Requests to the extent that they prematurely seek discovery more appropriately obtained from third parties.

25.     HTC objects to the Requests to the extent that they seek information already in Plaintiffs' possession or available to Plaintiffs from other sources that are more convenient, less burdensome or less expensive, including information available to Philips from public sources.

26.     HTC objects to the Requests to the extent they seek to require HTC to search for or produce information not contemplated by this Court's rules and orders. In responding to Plaintiffs' Requests, HTC will conduct its search for documents as contemplated by the Court's Rules and any orders governing collection and production of documents in this action.

## RESPONSES TO REQUESTS FOR PRODUCTION

### DOCUMENT REQUEST NO. 1

All documents relied upon in preparing, or identified in response to, any Interrogatories served upon You in this litigation.

### RESPONSE TO DOCUMENT REQUEST NO. 1

HTC objects to this Request as premature.  HTC has not yet responded to any Interrogatories in this litigation and accordingly cannot yet perform a reasonable search for documents responsive to this Request.

HTC further objects to this Request to the extent that the terms "relied upon" and "in preparing" are vague and ambiguous.  For example and without limitation, in preparing responses to Plaintiffs' Interrogatories, HTC's representatives may rely upon background knowledge, including knowledge gained from review of numerous documents over the course of their employment, the scope of which cannot be determined by a reasonable search.  HTC will not attempt to search for these materials.

HTC further objects to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and disproportionate to the needs of the case.  For example and without limitation, HTC may reference materials not relevant to this litigation in order to determine that those materials are not relevant to its Interrogatory responses.  HTC will limit its search to documents actually used to prepare its Interrogatory responses.

HTC further objects to the extent that this Request is unduly burdensome and overbroad, as it lacks any temporal limitation.  HTC will limit its search to documents specifically reviewed in response to Plaintiffs' Interrogatories.

HTC further objects to this Request to the extent it is duplicative of other discovery in this litigation.  HTC will not perform a duplicative search for documents in response to this Request.

HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  HTC will withhold privileged or third-party confidential documents.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

## DOCUMENT REQUEST NO. 2

All prior art that You contend or will contend invalidates one or more claims of the Asserted Patents under 35 U.S.C. §§ 102 and/or 103.

## RESPONSE TO DOCUMENT REQUEST NO. 2

HTC objects to this Request as premature under the parties' agreed schedule for disclosures under Delaware Default Standard for Discovery ¶ 4(d).  HTC has searched for and produced documents responsive to this request under Delaware Default Standard for Discovery ¶ 4(d) and will supplement its production on a rolling basis subject to and without waiving its objections.

HTC further objects to this Request to the extent "You contend or will contend invalidates one or more claims" is vague and ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.  Plaintiffs have asserted only some of the claims of the Asserted Patents and yet seek HTC's contentions with respect to "one or more claims."  Any non-asserted claim is irrelevant to this litigation.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent the Request calls for legal conclusions, including any prior art to any Asserted Patent.  Claim construction has not yet begun.  The Court's interpretation of any claim may affect the scope of documents responsive to this Request.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent the Request seeks information not within HTC's possession, custody or control, such as prior art documents or systems in the possession, custody, or control of third parties.  HTC will exclude from its search documents not in its possession, custody or control.

HTC further objects to the extent that this Request is unduly burdensome and overbroad, as it lacks any temporal limitation and refers to "one or more claims."   Any non-asserted claim is irrelevant to this litigation.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶ 4(c).

HTC further objects to this Request to the extent it is duplicative of other discovery in this litigation, including without limitation HTC's disclosures under Delaware Default Standard for Discovery ¶ 4(d).  HTC will not perform a duplicative search for documents in response to this Request.

HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties, such as prior art documents or systems

9

confidential, sensitive, or proprietary to third parties.  HTC will withhold privileged or third-party confidential documents.

HTC further objects on the grounds that this Request seeks information already in Plaintiffs' possession or available to Plaintiffs from other sources that are more convenient, less burdensome or less expensive, including information available to Plaintiffs from third parties or public sources.  HTC will exclude from its search publicly available documents or documents available to Plaintiffs from other sources that are not otherwise in HTC's possession, custody or control.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

**DOCUMENT REQUEST NO. 3**

All documents supporting, contradicting, or otherwise concerning Your contention that any claim of the Asserted Patents is invalid.

**RESPONSE TO DOCUMENT REQUEST NO. 3**

HTC objects to this Request as premature under the parties' agreed schedule for disclosures under Delaware Default Standard for Discovery ¶ 4(d) and the scheduling order as modified by the Court on November 8, 2016 (Docket No 73).  HTC has searched for and produced documents responsive to this request under Delaware Default Standard for Discovery ¶

4(d) and will supplement its production on a rolling basis subject to and without waiving its objections.

HTC further objects to this Request to the extent "supporting, contradicting, or otherwise concerning" is vague and ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.  Plaintiffs have asserted only some of the claims of the Asserted Patents and yet seek HTC's contentions with respect to "any claim."  Any non-asserted claim is irrelevant to this litigation.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to this Request to the extent it is duplicative of other discovery in this litigation, including without limitation HTC's disclosures under Delaware Default Standard for Discovery ¶ 4(d).  HTC will not perform a duplicative search for documents in response to this Request.

HTC further objects to the extent the Request calls for legal conclusions, including the invalidity of any Asserted Patent.  Claim construction has not yet begun.  The Court's interpretation of any claim may affect the scope of documents responsive to this Request.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶ 4(c).

HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  HTC further objects on the grounds that this Request seeks confidential,

sensitive, or proprietary information of third parties.  HTC will withhold privileged or third-party confidential documents.

HTC further objects on the grounds that this Request seeks information not in HTC's possession, custody, or control.  HTC further objects on the grounds that this Request seeks information already in Plaintiffs' possession or available to Plaintiffs from other sources that are more convenient, less burdensome or less expensive, including information available to Plaintiffs from third parties or public sources.  HTC will exclude from its search publicly available documents or documents available to Plaintiffs from other sources that are not otherwise in HTC's possession, custody or control.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

**DOCUMENT REQUEST NO. 4**

All documents supporting, contradicting, or otherwise concerning Your contention that any claim of the Asserted Patents is unenforceable.

**RESPONSE TO DOCUMENT REQUEST NO. 4**

HTC objects to this Request as premature under the parties' agreed schedule for disclosures under Delaware Default Standard for Discovery ¶ 4(d) and the scheduling order as modified by the Court on November 8, 2016 (Docket No 73).

HTC further objects to this Request to the extent "supporting, contradicting, or otherwise concerning" is vague and ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.  Plaintiffs have asserted only some of the claims of the Asserted Patents and yet seek HTC's contentions with respect to "any claim."  Any non-asserted claim is irrelevant to this litigation.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to this Request to the extent it is duplicative of other discovery in this litigation, including without limitation HTC's disclosures under Delaware Default Standard for Discovery ¶ 4(d).  HTC will not perform a duplicative search for documents in response to this Request.

HTC further objects to the extent the Request calls for legal conclusions, including the unenforceability of any Asserted Patent.  Claim construction has not yet begun.  The Court's interpretation of any claim may affect the scope of documents responsive to this Request.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶ 4(c).

HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties, such as prior art documents or systems confidential, sensitive, or proprietary to third parties.  HTC will withhold privileged or third-party confidential documents.

HTC further objects on the grounds that this Request seeks information not in HTC's possession, custody, or control.  HTC further objects on the grounds that this Request seeks information already in Plaintiffs' possession or available to Plaintiffs from other sources that are more convenient, less burdensome or less expensive, including information available to Plaintiffs from third parties or public sources.  HTC will exclude from its search publicly available documents or documents available to Plaintiffs from other sources that are not otherwise in HTC's possession, custody or control.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

**DOCUMENT REQUEST NO. 5**

All documents concerning any publications authored by the named inventors on the Asserted Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 5**

HTC objects to this Request on the grounds that it seeks information that is irrelevant to any claims or defenses in this action and disproportionate to the needs of the case.  Publications authored by the named inventors on the asserted patents are not relevant to this litigation, except to the extent they comprise prior art to any asserted claim.  HTC will exclude from its search any publications that are not themselves prior art to any asserted claim.

14

HTC further objects to this Request to the extent "any publication" is vague and ambiguous.   HTC further objects to the extent that this Request is unduly burdensome and overbroad, as it lacks any temporal limitation and refers to "any publication."   Publications authored by the named inventors on the asserted patents are not relevant to this litigation, except to the extent they comprise prior art to any asserted claim.   HTC will exclude from its search any publications that are not themselves prior art to any asserted claim.

HTC further objects to this Request to the extent it is duplicative of other discovery in this litigation, including without limitation HTC's disclosures under Delaware Default Standard for Discovery ¶ 4(d).   HTC will not perform a duplicative search for documents in response to this Request.

HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties, such as prior art documents or systems confidential, sensitive, or proprietary to third parties.   HTC will withhold third-party confidential documents.

HTC further objects on the grounds that this Request seeks information not in HTC's possession, custody, or control.   HTC further objects on the grounds that this Request seeks information already in Plaintiffs' possession or available to Plaintiffs from other sources that are more convenient, less burdensome or less expensive, including information available to Plaintiffs from third parties or public sources.   HTC will exclude from its search publicly available documents or documents available to Plaintiffs from other sources that are not otherwise in HTC's possession, custody or control.

Because this Request seeks documents not relevant to any claim or defense, it is not proportional to the needs of the case and HTC will exclude from its search documents in response to this Request, but is willing to meet and confer with Plaintiffs regarding this Request.

## DOCUMENT REQUEST NO. 6

All documents supporting, contradicting, or otherwise concerning Your contention that any of the claims of the Asserted Patents are not infringed by any of the Relevant Products for that Asserted Patent.

## RESPONSE TO DOCUMENT REQUEST NO. 6

HTC objects to the extent that this Request is unduly burdensome and overbroad, as it refers to "any of the claims." HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case. HTC will limit its search to documents relating to the asserted claims and accused functionality identified by Plaintiffs in this litigation. HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges. HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties. HTC will withhold privileged or third-party confidential documents.

HTC further objects to the extent the Request calls for legal conclusions, namely what infringes or does not infringe any Asserted Patent. Claim construction has not yet begun. The Court's interpretation of any claim may affect the scope of documents responsive to this Request. HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

## DOCUMENT REQUEST NO. 7

Any opinions of counsel related to any of the Asserted Patents, Related Patents, or Related Applications.

## RESPONSE TO DOCUMENT REQUEST NO. 7

HTC objects to this Request as premature under the scheduling order as modified by the Court on November 8, 2016 (Docket No 73).   HTC will produce any opinions of counsel only if and to the extent it elects to rely on advice of counsel as a defense to willful infringement no later than August 4, 2017.

HTC further objects to this Request to the extent "related to any" is vague and ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case. Plaintiffs have asserted only some of the claims of the Asserted Patents and yet seek HTC's contentions with respect to "any of the Asserted Patents, Related Patents, or Related Applications."  Any non-asserted claim is irrelevant to this litigation.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶ 4(c).

HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  HTC will withhold privileged documents.

Subject to and without waiver of its general and specific objections, HTC will produce any opinions of counsel only if and to the extent it elects to rely on advice of counsel as a defense to willful infringement no later than August 4, 2017.

**DOCUMENT REQUEST NO. 8**

All documents concerning Your potential liability for infringing any claim of the Asserted Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 8**

HTC objects to this Request to the extent "Your potential liability" is vague and ambiguous.  HTC further objects to the extent that this Request is unduly burdensome and overbroad, as it refers to "any claim."  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.  Plaintiffs have asserted only some of the claims of the Asserted Patents and yet seek HTC's documents concerning "any claim."  Any non-asserted claim is irrelevant to this litigation.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent the Request calls for legal conclusions, including any potential liability for infringing any claim of the Asserted Patents.  Claim construction has not yet begun.  The Court's interpretation of any claim may affect the scope of documents

responsive to this Request.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery  ¶¶ 4(a) and 4(c).

HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  HTC will withhold privileged documents.

HTC is not aware of any sources of non-privileged documents responsive to this Request. If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

## DOCUMENT REQUEST NO. 9

All documents concerning any testing or analysis done by You or anyone else related to whether any of the Relevant Products infringe any claims of the Asserted Patents.

## RESPONSE TO DOCUMENT REQUEST NO. 9

HTC objects to this Request to the extent the terms "any testing or analysis," "You or anyone else," and "any claims" are vague and ambiguous.  HTC further objects to the extent that this Request is unduly burdensome and overbroad, as it refers to "any claims."  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.  Plaintiffs have asserted only some of the claims of the Asserted Patents and yet seek HTC's documents concerning "any claims."  Any non-asserted claim is irrelevant to this litigation.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent the Request calls for legal conclusions, namely whether any product infringes any claim of the Asserted Patents.  Claim construction has not yet begun.  The Court's interpretation of any claim may affect the scope of documents responsive to this Request.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  HTC will withhold privileged documents.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

## DOCUMENT REQUEST NO. 10

All documents related to any plan or attempt by You to redesign any of the Relevant Products to avoid infringement of any claims of the Asserted Patents.

## RESPONSE TO DOCUMENT REQUEST NO. 10

HTC objects to this Request to the extent the terms "plan or attempt," "redesign," "avoid infringement" and "any claims" are vague and ambiguous.  HTC further objects to the extent that this Request is unduly burdensome and overbroad, as it refers to "any claims."  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or

defenses in this action and is disproportionate to the needs of the case.  Plaintiffs have asserted

only some of the claims of the Asserted Patents and yet seek HTC's documents concerning "any

claims."  Any non-asserted claim is irrelevant to this litigation.  HTC will limit its search

according to Plaintiffs' allegations including their disclosures under Delaware Default Standard

for Discovery ¶¶ 4(a) and 4(c).

      HTC further objects to the extent the Request calls for legal conclusions, including

whether redesign avoids infringement of any claim of the Asserted Patents.  Claim construction

has not yet begun.  The Court's interpretation of any claim may affect the scope of documents

responsive to this Request.  HTC will limit its search according to Plaintiffs' allegations

including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

      HTC further objects on the grounds that this Request seeks information protected from

disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

applicable privilege or immunity, including but not limited to the common interest or joint

defense privileges.  HTC will withhold privileged documents.

      Subject to and without waiver of its general and specific objections, HTC will produce

relevant non-privileged documents responsive to this Request on a rolling basis, located in

response to a reasonable search.  HTC intends to complete its production in response to this

Request no later than the deadline for substantial completion of document production ordered by

the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged

responsive materials are being withheld.

## DOCUMENT REQUEST NO. 11

All documents related to Your first notice or first knowledge of each of the Asserted Patents, including but not limited to documents sufficient to identify the first date of Your notice or knowledge of each of the Asserted Patents.

## RESPONSE TO DOCUMENT REQUEST NO. 11

HTC objects to this Request to the extent the terms "notice or knowledge" and "each of the Asserted Patents" are vague and ambiguous. HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case. Plaintiffs have asserted only some of the claims of the Asserted Patents and yet seek HTC's contentions with respect to "each of the Asserted Patents." Any non-asserted claim is irrelevant to this litigation. HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent the Request calls for legal conclusions, including any "notice or knowledge" of the Asserted Patents. HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges. HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties, such as prior art documents or systems confidential, sensitive, or proprietary to third parties. HTC will withhold privileged or third-party confidential documents.

HTC further objects on the grounds that this Request seeks information already in Plaintiffs' possession or available to Plaintiffs from other sources that are more convenient, less

burdensome or less expensive, including information available to Plaintiffs from third parties or public sources.  HTC will exclude from its search publicly available documents or documents available to Plaintiffs from other sources that are not otherwise in HTC's possession, custody or control.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26(b) and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

## DOCUMENT REQUEST NO. 12

Source code for each version of the Operating System that was ever pre-loaded on or made available by update or upgrade to each of the Relevant Products.

## RESPONSE TO DOCUMENT REQUEST NO. 12

HTC objects to this Request to the extent the terms "source code," "each version," "Operating System," "pre-loaded or made available" and "Relevant Products" are vague and

ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.

HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  HTC will withhold third-party confidential documents.

HTC further objects on the grounds that this Request seeks information not in HTC's possession, custody, or control.  HTC further objects on the grounds that this Request seeks information already in Plaintiffs' possession or available to Plaintiffs from other sources that are more convenient, less burdensome or less expensive, including information available to Plaintiffs from third parties or public sources.  HTC will exclude from its search publicly available documents or documents available to Plaintiffs from other sources that are not otherwise in HTC's possession, custody or control.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).

Subject to and without waiver of its general and specific objections, HTC will make available for inspection source code in its possession, custody, or control under the terms of the protective order as agreed by the parties.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

## DOCUMENT REQUEST NO. 13

Source code for each of the Relevant Functionalities included in each version of the Operating System that was ever pre-loaded on or made available by update or upgrade to each of the Relevant Products.

## RESPONSE TO DOCUMENT REQUEST NO. 13

HTC objects to this Request to the extent the terms "source code," "Relevant Functionalities," "each version," "Operating System," and "pre-loaded or made available" are vague and ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.  HTC further objects to this Request to the extent it is duplicative of other discovery in this litigation.  To the extent that it has source code in its possession, custody or control, HTC has already agreed to produce source code for each accused product listed in Plaintiff's disclosures under Delaware Default Standard for Discovery 4(a). HTC will not perform a  duplicative search for documents in response to this Request.

HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  HTC will withhold third-party confidential documents.

HTC further objects on the grounds that this Request seeks information not in HTC's possession, custody, or control.  HTC further objects on the grounds that this Request seeks information already in Plaintiffs' possession or available to Plaintiffs from other sources that are more convenient, less burdensome or less expensive, including information available to Plaintiffs from third parties or public sources.  HTC will exclude from its search publicly available documents or documents available to Plaintiffs from other sources that are not otherwise in HTC's possession, custody or control.

HTC further objects on the ground that this Request is unduly broad and purport to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).

Subject to and without waiver of its general and specific objections, HTC will make available for inspection source code in its possession, custody, or control under the terms of the protective order as agreed by the parties.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

**DOCUMENT REQUEST NO. 14**

All documents concerning each of the Relevant Functionalities included in each version of the Operating System that was ever pre-loaded on or made available by update or upgrade to each of the Relevant Products.

**RESPONSE TO DOCUMENT REQUEST NO. 14**

HTC objects to this Request to the extent the terms "concerning," "each of the Relevant Functionalities," "each version of the Operating System," "pre-loaded on or made available" and "Relevant Products" are vague and ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.  For example and without limitation the Request seeks "All documents concerning each of the Relevant Functionalities" without limitation to any time period.  To the extent that it has source code in its possession, custody or control, HTC  has already agreed to produce source code for each accused product listed in Plaintiff's disclosures

under Delaware Default Standard for Discovery 4(a).  HTC will not perform a duplicative search for documents in response to this Request.

HTC further objects to the extent the Request calls for legal conclusions.  HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties, such as prior art documents or systems confidential, sensitive, or proprietary to third parties.  HTC will withhold privileged or third-party confidential documents.

HTC further objects on the grounds that this Request seeks information not in HTC's possession, custody, or control.  HTC further objects on the grounds that this Request seeks information already in Plaintiffs' possession or available to Plaintiffs from other sources that are more convenient, less burdensome or less expensive, including information available to Plaintiffs from third parties or public sources.  HTC will exclude from its search publicly available documents or documents available to Plaintiffs from other sources that are not otherwise in HTC's possession, custody or control.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

**DOCUMENT REQUEST NO. 15**

All communications between You and any other person, including third parties, concerning each of the Relevant Functionalities included in each version of the Operating System that was ever pre-loaded on or made available by update or upgrade to each of the Relevant Products.

**RESPONSE TO DOCUMENT REQUEST NO. 15**

HTC objects to this Request to the extent the terms "concerning," "each of the Relevant Functionalities," "each version of the Operating System," "pre-loaded on or made available" and "Relevant Products" are vague and ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.  For example and without limitation the Request seeks "All communications between You and any other person, including third parties, concerning each of the Relevant Functionalities" without limitation to any time period.

HTC further objects to the extent the Request calls for legal conclusions.  HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  HTC

further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties, such as prior art documents or systems confidential, sensitive, or proprietary to third parties.  HTC will withhold privileged or third-party confidential documents.

HTC further objects on the grounds that this Request seeks information not in HTC's possession, custody, or control.  HTC further objects on the grounds that this Request seeks information already in Plaintiffs' possession or available to Plaintiffs from other sources that are more convenient, less burdensome or less expensive, including information available to Plaintiffs from third parties or public sources.  HTC will exclude from its search publicly available documents or documents available to Plaintiffs from other sources that are not otherwise in HTC's possession, custody or control.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

## DOCUMENT REQUEST NO. 16

Documents sufficient to show the chronology and/or timing of activities undertaken by You, on Your behalf, or by a third party, to research, develop, and implement any additions, changes, modifications, or alterations to each version of the Operating System that was ever pre-loaded on or made available by update or upgrade to each of the Relevant Products.

## RESPONSE TO DOCUMENT REQUEST NO. 16

HTC objects to this Request to the extent the terms "activities," "any additions, changes, modifications, or alterations" "each version of the Operating System," "pre-loaded on or made available" and "Relevant Products" are vague and ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.  For example and without limitation, Plaintiffs seek identification of "*any* additions, changes, modifications, or alterations to each version of the Operating System that was *ever* pre-loaded . . ."  HTC further objects to this Request to the extent it is duplicative of other discovery in this litigation.  To the extent that it has source code in its possession, custody or control, HTC has already agreed to produce source code for each accused product listed in Plaintiffs' disclosures under Delaware Default Standard for Discovery 4(a).  HTC will not perform a duplicative search for documents in response to this Request.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent the Request calls for legal conclusions.  HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  HTC

further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  HTC will withhold privileged or third-party confidential documents.

HTC further objects on the grounds that this Request seeks information already in Plaintiffs' possession or available to Plaintiffs from other sources that are more convenient, less burdensome or less expensive, including information available to Plaintiffs from third parties or public sources.  HTC will exclude from its search publicly available documents or documents available to Plaintiffs from other sources that are not otherwise in HTC's possession, custody or control.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

**DOCUMENT REQUEST NO. 17**

Documents sufficient to show any additions, changes, modifications, or alterations, made by You, on Your behalf, or by a third party to any of the Relevant Functionalities included in

31

each version of the Operating System that was ever pre-loaded on or made available by update or

upgrade to each of the Relevant Products, as compared to the comparable version of the

Operating System originally provided to You or otherwise obtained by You.

**RESPONSE TO DOCUMENT REQUEST NO. 17**

HTC objects to this Request to the extent the terms "additions, changes, modifications, or

alterations," "Relevant Functionalities," "each version of the Operating System," "pre-loaded on

or made available" and "comparable version of the Operating System originally provided to

You" are vague and ambiguous.  HTC further objects to the extent that this Request seeks

information that is irrelevant to any claims or defenses in this action and is disproportionate to

the needs of the case.  For example and without limitation, Plaintiffs seek identification of "*any*

additions, changes, modifications, or alterations to each version of the Operating System that was

*ever* pre-loaded . . ."  HTC further objects to this Request to the extent it is duplicative of other

discovery in this litigation.  To the extent that it has source code in its possession, custody or

control, HTC has already agreed to produce source code for each accused product listed in

Plaintiffs' disclosures under Delaware Default Standard for Discovery 4(a).  HTC will not

perform a duplicative search for documents in response to this Request.  HTC will limit its

search according to Plaintiffs' allegations including their disclosures under Delaware Default

Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent the Request calls for legal conclusions.  HTC further

objects on the grounds that this Request seeks information protected from disclosure by the

attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or

immunity, including but not limited to the common interest or joint defense privileges.  HTC

further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  HTC will withhold privileged or third-party confidential documents.

HTC further objects on the grounds that this Request seeks information not in HTC's possession, custody, or control, specifically calling for documents concerning "a third party." HTC further objects on the grounds that this Request seeks information already in Plaintiffs' possession or available to Plaintiffs from other sources that are more convenient, less burdensome or less expensive, including information available to Plaintiffs from third parties or public sources.  HTC will exclude from its search publicly available documents or documents available to Plaintiffs from other sources that are not otherwise in HTC's possession, custody or control.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

**DOCUMENT REQUEST NO. 18**

      Documents sufficient to describe the process by which any additions, changes, modifications, or alterations are made to each version of the Operating System that was ever pre-loaded on or made available by update or upgrade to each of the Relevant Products as compared to the comparable version of the Operating System originally provided to You or otherwise obtained by You.

**RESPONSE TO DOCUMENT REQUEST NO. 18**

      HTC objects to this Request to the extent the terms "additions, changes, modifications, or alterations," "each version of the Operating System," "pre-loaded on or made available," "Relevant Products," and "comparable version of the Operating System originally provided to You" are vague and ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.  For example and without limitation, Plaintiffs seek identification of "*any* additions, changes, modifications, or alterations to each version of the Operating System that was *ever* pre-loaded . . ."  HTC further objects to this Request to the extent it is duplicative of other discovery in this litigation.  To the extent that it has source code in its possession, custody or control, HTC has already agreed to produce source code for each accused product listed in Plaintiffs' disclosures under Delaware Default Standard for Discovery 4(a).  HTC will not perform a duplicative search for documents in response to this Request.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

      HTC further objects to the extent the Request calls for legal conclusions.  HTC further objects on the grounds that this Request seeks information protected from disclosure by the

attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  HTC will withhold privileged or third-party confidential documents.

HTC further objects on the grounds that this Request seeks information not in HTC's possession, custody, or control.  HTC further objects on the grounds that this Request seeks information already in Plaintiffs' possession or available to Plaintiffs from other sources that are more convenient, less burdensome or less expensive, including information available to Plaintiffs from third parties or public sources.  HTC will exclude from its search publicly available documents or documents available to Plaintiffs from other sources that are not otherwise in HTC's possession, custody or control.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

## DOCUMENT REQUEST NO. 19

All user guides or manuals, operational guides or manuals, online help or support website pages, and/or installation guides or manuals, for each of the Relevant Products.

## RESPONSE TO DOCUMENT REQUEST NO. 19

HTC objects to this Request to the extent the terms "online help or support website pages" and "Relevant Products" are vague and ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.  For example and without limitation, Plaintiffs seek production of "online help or support website pages"  without limitation to any time period or accused functionality.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to this Request to the extent it is duplicative of other discovery in this litigation including HTC's disclosures under Delaware Default Standard for Discovery ¶ 4(b).  HTC will not perform a duplicative search for documents in response to this Request.

HTC further objects to the extent the Request calls for legal conclusions.  HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  HTC will withhold privileged or third-party confidential documents.

HTC further objects on the grounds that this Request seeks information not in HTC's possession, custody, or control.  HTC further objects on the grounds that this Request seeks information already in Plaintiffs' possession or available to Plaintiffs from other sources that are

more convenient, less burdensome or less expensive, including information available to Plaintiffs from third parties or public sources.  HTC will exclude from its search publicly available documents or documents available to Plaintiffs from other sources that are not otherwise in HTC's possession, custody or control.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

**DOCUMENT REQUEST NO. 20**

All data sheets and system, component, and/or operational specifications for each version of each of the Relevant Products.

**RESPONSE TO DOCUMENT REQUEST NO. 20**

HTC objects to this Request to the extent the terms "all data sheets and system, component, and/or operational specifications" and "each version of each of the Relevant Products" are vague and ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to

the needs of the case.  For example and without limitation, Plaintiffs seek production of "*all* data sheets and system, component, and/or operational specifications" for "each version of each of the Relevant Products" without limitation to any accused functionality.  HTC further objects to this Request to the extent it is duplicative of other discovery in this litigation including HTC's disclosures under Delaware Default Standard for Discovery ¶ 4(b).  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent the Request calls for legal conclusions.  HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  HTC will withhold privileged or third-party confidential documents.

HTC further objects on the grounds that this Request seeks information not in HTC's possession, custody, or control.  HTC further objects on the grounds that this Request seeks information already in Plaintiffs' possession or available to Plaintiffs from other sources that are more convenient, less burdensome or less expensive, including information available to Plaintiffs from third parties or public sources.  HTC will exclude from its search publicly available documents or documents available to Plaintiffs from other sources that are not otherwise in HTC's possession, custody or control.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of

Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

## DOCUMENT REQUEST NO. 21

All documents describing the implementation, incorporation, use, or operation of each of the Relevant Functionalities in each of the Relevant Products.

## RESPONSE TO DOCUMENT REQUEST NO. 21

HTC objects to this Request to the extent the terms "implementation" and "incorporation" "use" "operation" and "each of the Relevant Functionalities in each of the Relevant Products" are vague and ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.  HTC further objects to this Request to the extent it is duplicative of other discovery in this litigation including HTC's disclosures under Delaware Default Standard for Discovery ¶ 4(b).  HTC will not perform a duplicative search for documents in response to this Request.  HTC will limit its search to Plaintiff's allegations including its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent the Request calls for legal conclusions.  HTC further objects on the grounds that this Request seeks information protected from disclosure by the

attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  HTC will withhold privileged or third-party confidential documents.

HTC further objects on the grounds that this Request seeks information not in HTC's possession, custody, or control.  HTC further objects on the grounds that this Request seeks information already in Plaintiffs' possession or available to Plaintiffs from other sources that are more convenient, less burdensome or less expensive, including information available to Plaintiffs from third parties or public sources.  HTC will exclude from its search publicly available documents or documents available to Plaintiffs from other sources that are not otherwise in HTC's possession, custody or control.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

## DOCUMENT REQUEST NO. 22

Documents sufficient to show whether each of the Relevant Products supports the HTTP Live Streaming ("HLS") media streaming technology.

## RESPONSE TO DOCUMENT REQUEST NO. 22

HTC objects to this Request to the extent the terms "each of the Relevant Functionalities" and "supports" are vague and ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.  HTC further objects to this Request to the extent it is duplicative of other discovery in this litigation including HTC's disclosures under Delaware Default Standard for Discovery ¶ 4(b).  To the extent that it has source code in its possession, custody or control, HTC has already agreed to produce source code for each accused product listed in Plaintiff's disclosures under Delaware Default Standard for Discovery 4(a).  HTC will not perform a duplicative search for documents in response to this Request.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent the Request calls for legal conclusions.  HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  HTC will withhold privileged or third-party confidential documents.

HTC further objects on the grounds that this Request seeks information not in HTC's possession, custody, or control.  HTC further objects on the grounds that this Request seeks

information already in Plaintiffs' possession or available to Plaintiffs from other sources that are more convenient, less burdensome or less expensive, including information available to Plaintiffs from third parties or public sources.  HTC will exclude from its search publicly available documents or documents available to Plaintiffs from other sources that are not otherwise in HTC's possession, custody or control.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

## DOCUMENT REQUEST NO. 23

Documents sufficient to show whether each of the Relevant Products supports the MPEG-DASH (Dynamic Adaptive Streaming over HTTP) media streaming technology.

## RESPONSE TO DOCUMENT REQUEST NO. 23

HTC objects to this Request to the extent the terms "each of the Relevant Functionalities" and "supports" are vague and ambiguous.  HTC further objects to the extent that this Request

seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.  HTC further objects to this Request to the extent it is duplicative of other discovery in this litigation including HTC's disclosures under Delaware Default Standard for Discovery ¶ 4(b).  To the extent that it has source code in its possession, custody or control, HTC has already agreed to produce source code for each accused product listed in Plaintiff's disclosures under Delaware Default Standard for Discovery 4(a).  HTC will not perform a duplicative search for documents in response to this Request.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent the Request calls for legal conclusions.  HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  HTC will withhold privileged or third-party confidential documents.

HTC further objects on the grounds that this Request seeks information not in HTC's possession, custody, or control.  HTC further objects on the grounds that this Request seeks information already in Plaintiffs' possession or available to Plaintiffs from other sources that are more convenient, less burdensome or less expensive, including information available to Plaintiffs from third parties or public sources.  HTC will exclude from its search publicly available documents or documents available to Plaintiffs from other sources that are not otherwise in HTC's possession, custody or control.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

**DOCUMENT REQUEST NO. 24**

Documents sufficient to show whether each of the Relevant Products supports playback of a FLAC (Free Lossless Audio Codec) audio signal.

**RESPONSE TO DOCUMENT REQUEST NO. 24**

HTC objects to this Request to the extent the terms "each of the Relevant Functionalities," "supports" and "playback" are vague and ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.  HTC further objects to this Request to the extent it is duplicative of other discovery in this litigation including HTC's disclosures under Delaware Default Standard for Discovery ¶ 4(b).  To the extent that it has source code in its possession, custody or control, HTC has already agreed to produce source code for each accused

44

product listed in Plaintiff's disclosures under Delaware Default Standard for Discovery 4(a).

HTC will not perform a duplicative search for documents in response to this Request.  HTC will

limit its search according to Plaintiffs' allegations including their disclosures under Delaware

Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent the Request calls for legal conclusions.  HTC further

objects on the grounds that this Request seeks information protected from disclosure by the

attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or

immunity, including but not limited to the common interest or joint defense privileges.  HTC

further objects on the grounds that this Request seeks confidential, sensitive, or proprietary

information of third parties.  HTC will withhold privileged or third-party confidential documents.

HTC further objects on the grounds that this Request seeks information not in HTC's

possession, custody, or control.  HTC further objects on the grounds that this Request seeks

information already in Plaintiffs' possession or available to Plaintiffs from other sources that are

more convenient, less burdensome or less expensive, including information available to Plaintiffs

from third parties or public sources.  HTC will exclude from its search publicly available

documents or documents available to Plaintiffs from other sources that are not otherwise in

HTC's possession, custody or control.

HTC further objects on the ground that this Request is unduly broad and purports to

impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal

Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of

Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No.

58).  HTC will accordingly limit its search to documents matching appropriate search terms held

by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

**DOCUMENT REQUEST NO. 25**

Documents sufficient to show whether each of the Relevant Products supports the High-bandwidth Digital Content Protection ("HDCP") System revision 2.x (e.g., HDCP System Interface Independent Adaptation Revision 2.2, HDCP System Mapping HDCP to HDMI Revision 2.2, or HDCP System Mapping HDCP to MHL Revision 2.2).

**RESPONSE TO DOCUMENT REQUEST NO. 25**

HTC objects to this Request to the extent the terms "each of the Relevant Functionalities" and "supports" are vague and ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.  HTC further objects to this Request to the extent it is duplicative of other discovery in this litigation including HTC's disclosures under Delaware Default Standard for Discovery ¶ 4(b).  To the extent that it has source code in its possession, custody or control, HTC has already agreed to produce source code for each accused product listed in Plaintiff's disclosures under Delaware Default Standard for Discovery 4(a).  HTC will not perform a duplicative search for documents in response to this Request.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent the Request calls for legal conclusions.  HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  HTC will withhold privileged or third-party confidential documents.

HTC further objects on the grounds that this Request seeks information not in HTC's possession, custody, or control.  HTC further objects on the grounds that this Request seeks information already in Plaintiffs' possession or available to Plaintiffs from other sources that are more convenient, less burdensome or less expensive, including information available to Plaintiffs from third parties or public sources.  HTC will exclude from its search publicly available documents or documents available to Plaintiffs from other sources that are not otherwise in HTC's possession, custody or control.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by

the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged

responsive materials are being withheld.

## DOCUMENT REQUEST NO. 26

Documents sufficient to show whether each of the Relevant Products supports playback

of an AMR-WB (Adaptive Multi-Rate Wideband) audio signal that has been encoded in 23.85

kbit/s mode.

## RESPONSE TO DOCUMENT REQUEST NO. 26

HTC objects to this Request to the extent the terms "each of the Relevant

Functionalities," "supports" and "playback" are vague and ambiguous.  HTC further objects to

the extent that this Request seeks information that is irrelevant to any claims or defenses in this

action and is disproportionate to the needs of the case.  HTC further objects to this Request to the

extent it is duplicative of other discovery in this litigation including HTC's disclosures under

Delaware Default Standard for Discovery ¶ 4(b).  To the extent that it has source code in its

possession, custody or control, HTC has already agreed to produce source code for each accused

product listed in Plaintiff's disclosures under Delaware Default Standard for Discovery 4(a).

HTC will not perform a duplicative search for documents in response to this Request.  HTC will

limit its search according to Plaintiffs' allegations including their disclosures under Delaware

Default Standard for Discovery ¶¶ 4(a) and 4(c). HTC will limit its search according to

Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery

¶¶ 4(a) and 4(c).

HTC further objects to the extent the Request calls for legal conclusions.  HTC further

objects on the grounds that this Request seeks information protected from disclosure by the

attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or

immunity, including but not limited to the common interest or joint defense privileges.  HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  HTC will withhold privileged or third-party confidential documents.

HTC further objects on the grounds that this Request seeks information not in HTC's possession, custody, or control.  HTC further objects on the grounds that this Request seeks information already in Plaintiffs' possession or available to Plaintiffs from other sources that are more convenient, less burdensome or less expensive, including information available to Plaintiffs from third parties or public sources.  HTC will exclude from its search publicly available documents or documents available to Plaintiffs from other sources that are not otherwise in HTC's possession, custody or control.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

## DOCUMENT REQUEST NO. 27

Documents sufficient to identify each modality (e.g., application, program, portion of the Operating System, etc.) on the Relevant Products which supports the HTTP Live Streaming ("HLS") media streaming technology.

## RESPONSE TO DOCUMENT REQUEST NO. 27

HTC objects to this Request to the extent the terms "each modality" "Relevant Products" and "supports" are vague and ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.  HTC further objects to this Request to the extent it is duplicative of other discovery in this litigation including HTC's disclosures under Delaware Default Standard for Discovery ¶ 4(b).  To the extent that it has source code in its possession, custody or control, HTC has already agreed to produce source code for each accused product listed in Plaintiffs' disclosures under Delaware Default Standard for Discovery ¶ 4(a). HTC will not perform a duplicative search for documents in response to this Request.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent the Request calls for legal conclusions.  HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  HTC will withhold privileged or third-party confidential documents.

HTC further objects on the grounds that this Request seeks information not in HTC's possession, custody, or control.  HTC further objects on the grounds that this Request seeks information already in Plaintiffs' possession or available to Plaintiffs from other sources that are more convenient, less burdensome or less expensive, including information available to Plaintiffs from third parties or public sources.  HTC will exclude from its search publicly available documents or documents available to Plaintiffs from other sources that are not otherwise in HTC's possession, custody or control.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

## DOCUMENT REQUEST NO. 28

Documents sufficient to identify each modality (e.g., application, program, portion of the Operating System, etc.) on the Relevant Products which supports the MPEG-DASH (Dynamic Adaptive Streaming over HTTP) media streaming technology.

**RESPONSE TO DOCUMENT REQUEST NO. 28**

HTC objects to this Request to the extent the terms "each modality" "Relevant Products" and "supports" are vague and ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.  HTC further objects to this Request to the extent it is duplicative of other discovery in this litigation including HTC's disclosures under Delaware Default Standard for Discovery ¶ 4(b).  To the extent that it has source code in its possession, custody or control, HTC has already agreed to produce source code for each accused product listed in Plaintiff's disclosures under Delaware Default Standard for Discovery 4(a).  HTC will not perform a duplicative search for documents in response to this Request.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent the Request calls for legal conclusions.  HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  HTC will withhold privileged or third-party confidential documents.

HTC further objects on the grounds that this Request seeks information not in HTC's possession, custody, or control.  HTC further objects on the grounds that this Request seeks information already in Plaintiffs' possession or available to Plaintiffs from other sources that are more convenient, less burdensome or less expensive, including information available to Plaintiffs from third parties or public sources.  HTC will exclude from its search publicly available

documents or documents available to Plaintiffs from other sources that are not otherwise in HTC's possession, custody or control.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58). HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search. HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court. If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

## DOCUMENT REQUEST NO. 29

Documents sufficient to identify each modality (e.g., application, program, portion of the Operating System, etc.) on the Relevant Products which supports playback of a FLAC (Free Lossless Audio Codec) audio signal.

## RESPONSE TO DOCUMENT REQUEST NO. 29

HTC objects to this Request to the extent the terms "each modality" "Relevant Products" and "supports" are vague and ambiguous. HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case. HTC further objects to this Request to the extent it is

duplicative of other discovery in this litigation including HTC's disclosures under Delaware Default Standard for Discovery ¶ 4(b).  To the extent that it has source code in its possession, custody or control, HTC has already agreed to produce source code for each accused product listed in Plaintiff's disclosures under Delaware Default Standard for Discovery 4(a).  HTC will not perform a duplicative search for documents in response to this Request.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent the Request calls for legal conclusions.  HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  HTC will withhold privileged or third-party confidential documents.

HTC further objects on the grounds that this Request seeks information not in HTC's possession, custody, or control.  HTC further objects on the grounds that this Request seeks information already in Plaintiffs' possession or available to Plaintiffs from other sources that are more convenient, less burdensome or less expensive, including information available to Plaintiffs from third parties or public sources.  HTC will exclude from its search publicly available documents or documents available to Plaintiffs from other sources that are not otherwise in HTC's possession, custody or control.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of

Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58). HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search. HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court. If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

## DOCUMENT REQUEST NO. 30

Documents sufficient to identify each modality (e.g., application, program, portion of the Operating System, etc.) on the Relevant Products which can display content protected by the High-bandwidth Digital Content Protection ("HDCP") System revision 2.x (e.g., HDCP System Interface Independent Adaptation Revision 2.2, HDCP System Mapping HDCP to HDMI Revision 2.2, or HDCP System Mapping HDCP to MHL Revision 2.2).

## RESPONSE TO DOCUMENT REQUEST NO. 30

HTC objects to this Request to the extent the terms "each modality" "Relevant Products" and "display content" are vague and ambiguous. HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case. HTC further objects to this Request to the extent it is duplicative of other discovery in this litigation including HTC's disclosures under Delaware Default Standard for Discovery ¶ 4(b). To the extent that it has source code in its possession, custody or control, HTC has already agreed to produce source code for each accused product

listed in Plaintiffs' disclosures under Delaware Default Standard for Discovery 4(a). HTC will

not perform a duplicative search for documents in response to this Request. HTC will limit its

search according to Plaintiffs' allegations including their disclosures under Delaware Default

Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent the Request calls for legal conclusions. HTC further

objects on the grounds that this Request seeks information protected from disclosure by the

attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or

immunity, including but not limited to the common interest or joint defense privileges. HTC

further objects on the grounds that this Request seeks confidential, sensitive, or proprietary

information of third parties. HTC will withhold privileged or third-party confidential documents.

HTC further objects on the grounds that this Request seeks information not in HTC's

possession, custody, or control. HTC further objects on the grounds that this Request seeks

information already in Plaintiffs' possession or available to Plaintiffs from other sources that are

more convenient, less burdensome or less expensive, including information available to Plaintiffs

from third parties or public sources. HTC will exclude from its search publicly available

documents or documents available to Plaintiffs from other sources that are not otherwise in

HTC's possession, custody or control.

HTC further objects on the ground that this Request is unduly broad and purports to

impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal

Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of

Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No.

58). HTC will accordingly limit its search to documents matching appropriate search terms held

by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

## DOCUMENT REQUEST NO. 31

Documents sufficient to identify each modality (e.g., application, program, portion of the Operating System, etc.) on the Relevant Products which supports playback of an AMR-WB (Adaptive Multi-Rate Wideband) audio signal that has been encoded in 23.85 kbit/s mode.

## RESPONSE TO DOCUMENT REQUEST NO. 31

HTC objects to this Request to the extent the terms "each modality," "Relevant Products," "supports" and "playback" are vague and ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.  HTC further objects to this Request to the extent it is duplicative of other discovery in this litigation including HTC's disclosures under Delaware Default Standard for Discovery ¶ 4(b).  To the extent that it has source code in its possession, custody or control, HTC has already agreed to produce source code for each accused product listed in Plaintiff's disclosures under Delaware Default Standard for Discovery 4(a).  HTC will not perform a duplicative search for documents in response to this Request.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent the Request calls for legal conclusions.  HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  HTC will withhold privileged or third-party confidential documents.

HTC further objects on the grounds that this Request seeks information not in HTC's possession, custody, or control.  HTC further objects on the grounds that this Request seeks information already in Plaintiffs' possession or available to Plaintiffs from other sources that are more convenient, less burdensome or less expensive, including information available to Plaintiffs from third parties or public sources.  HTC will exclude from its search publicly available documents or documents available to Plaintiffs from other sources that are not otherwise in HTC's possession, custody or control.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by

the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged

responsive materials are being withheld.

## DOCUMENT REQUEST NO. 32

All communications, between You and Philips concerning any aspect of this litigation, a

Related Litigation, the Asserted Patents, or the Relevant Products, including any documents that

were the subject of the communications.

## RESPONSE TO DOCUMENT REQUEST NO. 32

HTC objects to this Request to the extent the terms "any aspect," "a Related Litigation,"

"the Asserted Patents," "the Relevant Products" and "subject of the communications" are vague

and ambiguous.  HTC further objects to the extent that this Request seeks information that is

irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.

For example and without limitation the Request seeks "any documents that were the subject of

the communications" without defining what "subject of the communications" means.  HTC will

limit its search to communications and their attachments, if any.

HTC further objects on the grounds that this Request seeks information protected from

disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

applicable privilege or immunity, including but not limited to the common interest or joint

defense privileges.  HTC further objects on the grounds that this Request seeks confidential,

sensitive, or proprietary information of third parties.  HTC will withhold privileged or third-party

confidential documents.

HTC further objects on the grounds that this Request seeks information not in HTC's

possession, custody, or control.  HTC further objects on the grounds that this Request seeks

information already in Plaintiffs' possession or available to Plaintiffs from other sources that are

more convenient, less burdensome or less expensive, including information available to Plaintiffs from third parties or public sources. HTC will exclude from its search publicly available documents or documents available to Plaintiffs from other sources that are not otherwise in HTC's possession, custody or control.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58). HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search. HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court. If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

## DOCUMENT REQUEST NO. 33

All licenses, offers to license, settlements, and offers to settle between You and Philips, including all communications relating thereto.

## RESPONSE TO DOCUMENT REQUEST NO. 33

HTC objects to this Request to the extent that the terms "licenses" and "offers to license," "settlements," and "offers" are vague and ambiguous. HTC further objects to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and

disproportionate to the needs of the case.  For example and without limitation the Request seeks "all licenses" and "all communications" without limitation to any time period or accused functionality.  HTC has already agreed to produce relevant non-privileged documents responsive to Plaintiffs' Document Request No. 32.  Any non-privileged document responsive to this Request but not also responsive to Plaintiffs' Document Request No. 32 is irrelevant to this litigation and HTC will withhold any such documents.

HTC further objects to this Request to the extent it is duplicative of other discovery in this litigation, including Plaintiffs' Document Request No. 32.  HTC will not perform a duplicative search for documents in response to this Request.

HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  HTC will withhold third-party confidential documents.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Because this Request seeks documents that are either duplicative of those requested in Plaintiffs' Document Request No. 32, or else not relevant to any claim or defense in this litigation, it is not proportional to the needs of the case and HTC will exclude from its search documents in response to this Request.  HTC is willing to meet and confer with Plaintiffs regarding this Request.

## DOCUMENT REQUEST NO. 34

All communications between You and any other Person concerning any aspect of this litigation, a Related Litigation, the Asserted Patents, or Philips.

## RESPONSE TO DOCUMENT REQUEST NO. 34

HTC objects to this Request to the extent that the terms "any aspect" and "a Related litigation" are vague and ambiguous. HTC further objects to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and disproportionate to the needs of the case. For example and without limitation the Request seeks "all communications" concerning "Philips" without limitation to any time period, patent, or accused functionality. HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent that this Request is unduly burdensome and overbroad, as it lacks any temporal limitation. For example and without limitation the Request seeks "all communications" concerning "Philips" without limitation to any time period, patent, or accused functionality. HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent the Request calls for legal conclusions. HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges. HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties. HTC will withhold privileged or third-party confidential documents.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

**DOCUMENT REQUEST NO. 35**

All communications between You and any defendant in any Related Litigation concerning any aspect of this litigation, the Asserted Patents, or Philips.

**RESPONSE TO DOCUMENT REQUEST NO. 35**

HTC objects to this Request to the extent that the terms "any defendant" and "a Related litigation," and "any aspect" are vague and ambiguous.  HTC further objects to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and disproportionate to the needs of the case.  For example and without limitation the Request seeks "all communications" concerning "Philips" without limitation to any time period, patent, or accused functionality.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent that this Request is unduly burdensome and overbroad, as it lacks any temporal limitation.  For example and without limitation the Request seeks "all communications" concerning "Philips" without limitation to any time period, patent, or accused functionality.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent the Request calls for legal conclusions.  HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges. HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  HTC will withhold privileged or third-party confidential documents.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

## DOCUMENT REQUEST NO. 36

All communications between You and any provider or developer of any Operating System concerning any aspect of this litigation, a Related Litigation, the Asserted Patents, or Philips.

## RESPONSE TO DOCUMENT REQUEST NO. 36

HTC objects to this Request to the extent that the terms "any provider or developer" and "any Operating System," "any aspect," and "a Related Litigation" are vague and ambiguous. HTC further objects to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and disproportionate to the needs of the case.  For example and without limitation the Request seeks "all communications" with "any provider or developer of any Operating System" concerning "Philips" without limitation to any time period, patent, or accused functionality.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent that this Request is unduly burdensome and overbroad, as it lacks any temporal limitation.  For example and without limitation the Request seeks "all communications" with "any provider or developer of any Operating System" concerning "Philips" without limitation to any time period, patent, or accused functionality.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent the Request calls for legal conclusions.  HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges. HTC

65

further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  HTC will withhold privileged or third-party confidential documents.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

## DOCUMENT REQUEST NO. 37

All documents concerning any license agreements between You and any provider or developer of any Operating System, including but not limited to any actual or contemplated agreements and any correspondence referring or relating to such actual or contemplated agreements.

## RESPONSE TO DOCUMENT REQUEST NO. 37

HTC objects to this Request to the extent that the terms "any provider or developer" and "any Operating System," and "any actual or contemplated agreements," are vague and ambiguous.  HTC further objects to the extent this Request seeks information that is irrelevant to

any claims or defenses in this action and disproportionate to the needs of the case.  For example

and without limitation the Request seeks "any license agreements between You and any provider

or developer of any Operating System" and " any correspondence referring or relating to such

actual or contemplated agreements" without limitation to any time period, patent, or accused

functionality.  HTC will limit its search according to Plaintiffs' allegations including their

disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).  Any agreements

that did not come to fruition, and any drafts or proposals relating to any agreements, are not

relevant to any claims or defenses in this action.  HTC will limit its search to executed

agreements that relate to this litigation and will withhold other documents in response to this

Request.

　　　　HTC further objects to the extent that this Request is unduly burdensome and overbroad,

as it lacks any temporal limitation.  For example and without limitation the Request seeks "any

license agreements between You and any provider or developer of any Operating System" and

"any correspondence referring or relating to such actual or contemplated agreements" without

limitation to any time period, patent, or accused functionality.  HTC will limit its search

according to Plaintiffs' allegations including their disclosures under Delaware Default Standard

for Discovery ¶¶ 4(a) and 4(c).  HTC will limit its search to executed agreements that relate to

this litigation and will withhold documents in response to this Request.

　　　　HTC further objects to the extent the Request calls for legal conclusions.  HTC further

objects on the grounds that this Request seeks information protected from disclosure by the

attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or

immunity, including but not limited to the common interest or joint defense privileges. HTC

further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  HTC will withhold privileged or third-party confidential documents.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

## DOCUMENT REQUEST NO. 38

All documents concerning any license agreements between You and any third party relating to the HTTP Live Streaming ("HLS") media streaming technology, including but not limited to any actual or contemplated agreements and any correspondence referring or relating to such actual or contemplated agreements.

## RESPONSE TO DOCUMENT REQUEST NO. 38

HTC objects to this Request to the extent that the term "any actual or contemplated agreements" is vague and ambiguous.  HTC further objects to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and disproportionate to the

needs of the case.  For example and without limitation the Request seeks "any license agreements between You and any third party" without limitation to any time period or product. Likewise the Request seeks " any correspondence referring or relating to such actual or contemplated agreements" without limitation to any time period or accused product.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent that this Request is unduly burdensome and overbroad, as it lacks any temporal limitation.   For example and without limitation the Request seeks "any license agreements between You and any third party" without limitation to any time period or product.  Likewise the Request seeks " any correspondence referring or relating to such actual or contemplated agreements" without limitation to any time period or accused product.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent the Request calls for legal conclusions.  HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges. HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  HTC will withhold privileged or third-party confidential documents.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No.

58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

## DOCUMENT REQUEST NO. 39

All documents concerning any license agreements between You and any third party relating to the MPEG-DASH (Dynamic Adaptive Streaming over HTTP) media streaming technology, including but not limited to any actual or contemplated agreements and any correspondence referring or relating to such actual or contemplated agreements.

## RESPONSE TO DOCUMENT REQUEST NO. 39

HTC objects to this Request to the extent that the term "any actual or contemplated agreements" is vague and ambiguous.  HTC further objects to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and disproportionate to the needs of the case.  For example and without limitation the Request seeks "any license agreements between You and any third party" without limitation to any time period or product.  Likewise the Request seeks " any correspondence referring or relating to such actual or contemplated agreements" without limitation to any time period or accused product.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent that this Request is unduly burdensome and overbroad, as it lacks any temporal limitation.   For example and without limitation the Request seeks "any license agreements between You and any third party" without limitation to any time period or product.  Likewise the Request seeks " any correspondence referring or relating to such actual or contemplated agreements" without limitation to any time period or accused product.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent the Request calls for legal conclusions.  HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges. HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  HTC will withhold privileged or third-party confidential documents.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by

the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

**DOCUMENT REQUEST NO. 40**

All documents concerning any license agreements between You and any third party concerning FLAC (Free Lossless Audio Codec), including but not limited to any actual or contemplated agreements and any correspondence referring or relating to such actual or contemplated agreements.

**RESPONSE TO DOCUMENT REQUEST NO. 40**

HTC objects to this Request to the extent that the term "any actual or contemplated agreements" is vague and ambiguous.  HTC further objects to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and disproportionate to the needs of the case.  For example and without limitation the Request seeks "any license agreements between You and any third party" without limitation to any time period or product.  Likewise the Request seeks " any correspondence referring or relating to such actual or contemplated agreements" without limitation to any time period or accused product.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent that this Request is unduly burdensome and overbroad, as it lacks any temporal limitation.   For example and without limitation the Request seeks "any license agreements between You and any third party" without limitation to any time period or product.  Likewise the Request seeks " any correspondence referring or relating to such actual or contemplated agreements" without limitation to any time period or accused product.  HTC will

limit its search according to Plaintiffs' allegations including their disclosures under Delaware

Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent the Request calls for legal conclusions. HTC further

objects on the grounds that this Request seeks information protected from disclosure by the

attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or

immunity, including but not limited to the common interest or joint defense privileges. HTC

further objects on the grounds that this Request seeks confidential, sensitive, or proprietary

information of third parties. HTC will withhold privileged or third-party confidential documents.

HTC further objects on the ground that this Request is unduly broad and purports to

impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal

Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of

Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No.

58). HTC will accordingly limit its search to documents matching appropriate search terms held

by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce

relevant non-privileged documents responsive to this Request on a rolling basis, located in

response to a reasonable search. HTC intends to complete its production in response to this

Request no later than the deadline for substantial completion of document production ordered by

the Court. If necessary, HTC will supplement these Responses to state whether non-privileged

responsive materials are being withheld.

## DOCUMENT REQUEST NO. 41

All documents concerning any license agreements between You and any third party

relating to the High-bandwidth Digital Content Protection ("HDCP") System revision 2.x (e.g.,

HDCP System Interface Independent Adaptation Revision 2.2, HDCP System Mapping HDCP to HDMI Revision 2.2, or HDCP System Mapping HDCP to MHL Revision 2.2), including but not limited to any actual or contemplated agreements and any correspondence referring or relating to such actual or contemplated agreements.

**RESPONSE TO DOCUMENT REQUEST NO. 41**

HTC objects to this Request to the extent that the term "any actual or contemplated agreements" is vague and ambiguous.  HTC further objects to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and disproportionate to the needs of the case.  For example and without limitation the Request seeks "any license agreements between You and any third party" without limitation to any time period or product.  Likewise the Request seeks " any correspondence referring or relating to such actual or contemplated agreements" without limitation to any time period or accused product.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent that this Request is unduly burdensome and overbroad, as it lacks any temporal limitation.   For example and without limitation the Request seeks "any license agreements between You and any third party" without limitation to any time period or product.  Likewise the Request seeks " any correspondence referring or relating to such actual or contemplated agreements" without limitation to any time period or accused product.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent the Request calls for legal conclusions.  HTC further objects on the grounds that this Request seeks information protected from disclosure by the

attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges. HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties. HTC will withhold privileged or third-party confidential documents.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58). HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search. HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court. If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

**DOCUMENT REQUEST NO. 42**

All documents concerning any license agreements between You and any third party concerning AMR-WB (Adaptive Multi-Rate Wideband), including but not limited to any actual or contemplated agreements and any correspondence referring or relating to such actual or contemplated agreements.

**RESPONSE TO DOCUMENT REQUEST NO. 42**

HTC objects to this Request to the extent that the term "any actual or contemplated agreements" is vague and ambiguous.  HTC further objects to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and disproportionate to the needs of the case.  For example and without limitation the Request seeks "any license agreements between You and any third party" without limitation to any time period or product.  Likewise the Request seeks " any correspondence referring or relating to such actual or contemplated agreements" without limitation to any time period or accused product.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent that this Request is unduly burdensome and overbroad, as it lacks any temporal limitation.   For example and without limitation the Request seeks "any license agreements between You and any third party" without limitation to any time period or product.  Likewise the Request seeks " any correspondence referring or relating to such actual or contemplated agreements" without limitation to any time period or accused product.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent the Request calls for legal conclusions.  HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges. HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  HTC will withhold privileged or third-party confidential documents.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58). HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search. HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court. If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

## DOCUMENT REQUEST NO. 43

All documents concerning any actual or contemplated agreement between You and any defendant in any Related Litigation relating to the Asserted Patents, this litigation, or any Related Litigation (e.g., a joint defense or common interest agreement), including but not limited to any actual or contemplated agreements and any correspondence referring or relating to such actual or contemplated agreements.

## RESPONSE TO DOCUMENT REQUEST NO. 43

HTC objects to this Request to the extent that the term "any actual or contemplated agreements" is vague and ambiguous. HTC further objects to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and disproportionate to the needs of the case. For example and without limitation the Request seeks "any license

agreements between You and any third party" without limitation to any time period or product. Likewise the Request seeks " any correspondence referring or relating to such actual or contemplated agreements" without limitation to any time period or accused product.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent that this Request is unduly burdensome and overbroad, as it lacks any temporal limitation.   For example and without limitation the Request seeks "any license agreements between You and any third party" without limitation to any time period or product.  Likewise the Request seeks " any correspondence referring or relating to such actual or contemplated agreements" without limitation to any time period or accused product.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent the Request calls for legal conclusions.  HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges. HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  HTC will withhold privileged or third-party confidential documents.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No.

58).  HTC will accordingly limit its search to documents matching appropriate search terms held

by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce

relevant non-privileged documents responsive to this Request on a rolling basis, located in

response to a reasonable search.  HTC intends to complete its production in response to this

Request no later than the deadline for substantial completion of document production ordered by

the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged

responsive materials are being withheld.

## DOCUMENT REQUEST NO. 44

All documents concerning any actual or contemplated agreement between You and any

third party relating to the Asserted Patents, this litigation, or any Related Litigation (e.g., a joint

defense or common interest agreement), including but not limited to any such agreement

between You and any provider or developer of any Operating System, and including but not

limited to any actual or contemplated agreements and any correspondence referring or relating to

such actual or contemplated agreements

## RESPONSE TO DOCUMENT REQUEST NO. 44

HTC objects to this Request to the extent that the terms "any actual or contemplated

agreements" and "any Related Litigation" are vague and ambiguous.  HTC further objects to the

extent this Request seeks information that is irrelevant to any claims or defenses in this action

and disproportionate to the needs of the case.  For example and without limitation the Request

seeks "all documents concerning any actual or contemplated agreement" without limitation to ny

time-period or accused functionality.  HTC will limit its search according to Plaintiffs'

allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a)

and 4(c).  Any agreements that did not come to fruition, and any drafts or proposals relating to any agreements, are not relevant to any claims or defenses in this action.  HTC will limit its search to executed agreements that relate to this litigation and will withhold other documents in response to this Request.

HTC further objects to the extent the Request calls for legal conclusions.  HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges. HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  HTC will withhold privileged or third-party confidential documents.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

## DOCUMENT REQUEST NO. 45

All documents concerning any insurance policy, agreement to indemnify, or other agreement to which You are a party that relates to a claim for patent infringement brought against You.

## RESPONSE TO DOCUMENT REQUEST NO. 45

HTC objects to this Request to the extent that the terms "any insurance policy," "agreement to indemnify," "other agreement," and "relates to a claim for patent infringement" are vague and ambiguous.  HTC further objects to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and disproportionate to the needs of the case. For example and without limitation the Request seeks "insurance policy, agreement to indemnify, or other agreement," without limitation to any time period, patent, or accused functionality.  Any policy or agreement that does not relate to this litigation or any asserted patent or accused product is by definition not relevant.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges. HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  HTC will withhold privileged or third-party confidential documents.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal

Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

## DOCUMENT REQUEST NO. 46

All documents received by You from any third party that were requested from that third party in connection with this litigation or any Related Litigation.

## RESPONSE TO DOCUMENT REQUEST NO. 46

HTC objects to this Request to the extent that the terms "in connection with this litigation" and "Related Litigation" are vague and ambiguous.  HTC further objects to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.

HTC further objects to this Request to the extent it is duplicative of other discovery in this litigation, including without limitation HTC's disclosures under Delaware Default Standard for Discovery ¶ 4(d).  HTC will not perform a duplicative search for documents in response to this Request.

HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges. HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  HTC will withhold privileged or third-party confidential documents.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

## DOCUMENT REQUEST NO. 47

All documents concerning any advertising or marketing efforts undertaken by You or on Your behalf related to the '913 Relevant Functionality, including but not limited copies of any published advertisements or marketing materials.

## RESPONSE TO DOCUMENT REQUEST NO. 47

HTC objects to this Request to the extent the terms "any advertising or marketing efforts," "or on Your behalf," and '913 Relevant Functionality" are vague and ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  HTC will withhold privileged or third-party confidential documents.

HTC further objects on the grounds that this Request seeks information not in HTC's possession, custody, or control.  HTC further objects on the grounds that this Request seeks information already in Plaintiffs' possession or available to Plaintiffs from other sources that are more convenient, less burdensome or less expensive, including information available to Plaintiffs from third parties or public sources.  HTC will exclude from its search publicly available documents or documents available to Plaintiffs from other sources that are not otherwise in HTC's possession, custody or control.

HTC further objects to the extent that this Request is unduly burdensome and overbroad, as it lacks any temporal limitation.  For example and without limitation the Request seeks "all documents concerning any advertising or marketing efforts" without limitation to any time period.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

**DOCUMENT REQUEST NO. 48**

All documents concerning any advertising or marketing efforts undertaken by You or on Your behalf related to the '387 Relevant Functionality, including but not limited copies of any published advertisements or marketing materials.

**RESPONSE TO DOCUMENT REQUEST NO. 48**

HTC objects to this Request to the extent the terms "any advertising or marketing efforts," "or on Your behalf," and "'387 Relevant Functionality" are vague and ambiguous. HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  HTC will withhold privileged or third-party confidential documents.

HTC further objects on the grounds that this Request seeks information not in HTC's possession, custody, or control.  HTC further objects on the grounds that this Request seeks information already in Plaintiffs' possession or available to Plaintiffs from other sources that are more convenient, less burdensome or less expensive, including information available to Plaintiffs from third parties or public sources.  HTC will exclude from its search publicly available documents or documents available to Plaintiffs from other sources that are not otherwise in HTC's possession, custody or control.

HTC further objects to the extent that this Request is unduly burdensome and overbroad, as it lacks any temporal limitation.  For example and without limitation the Request seeks "all documents concerning any advertising or marketing efforts" without limitation to any time period.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

**DOCUMENT REQUEST NO. 49**

All documents concerning any advertising or marketing efforts undertaken by You or on Your behalf related to the HTTP Live Streaming ("HLS") media streaming technology, including but not limited copies of any published advertisements or marketing materials.

**RESPONSE TO DOCUMENT REQUEST NO. 49**

HTC objects to this Request to the extent the terms "any advertising or marketing efforts," "or on Your behalf," and "HTTP Live Streaming ('HLS') media streaming technology" are vague and ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  HTC will withhold privileged or third-party confidential documents.

HTC further objects on the grounds that this Request seeks information not in HTC's possession, custody, or control.  HTC further objects on the grounds that this Request seeks information already in Plaintiffs' possession or available to Plaintiffs from other sources that are more convenient, less burdensome or less expensive, including information available to Plaintiffs from third parties or public sources.  HTC will exclude from its search publicly available

documents or documents available to Plaintiffs from other sources that are not otherwise in HTC's possession, custody or control.

HTC further objects to the extent that this Request is unduly burdensome and overbroad, as it lacks any temporal limitation.  For example and without limitation the Request seeks "all documents concerning any advertising or marketing efforts" without limitation to any time period.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

**DOCUMENT REQUEST NO. 50**

All documents concerning any advertising or marketing efforts undertaken by You or on Your behalf related to the MPEG-DASH (Dynamic Adaptive Streaming over HTTP) media streaming technology, including but not limited copies of any published advertisements or marketing materials.

**RESPONSE TO DOCUMENT REQUEST NO. 50**

HTC objects to this Request to the extent the terms "any advertising or marketing efforts," "or on Your behalf," and "MPEG-DASH (Dynamic Adaptive Streaming over HTTP) media streaming technology" are vague and ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  HTC will withhold privileged or third-party confidential documents.

HTC further objects on the grounds that this Request seeks information not in HTC's possession, custody, or control.  HTC further objects on the grounds that this Request seeks information already in Plaintiffs' possession or available to Plaintiffs from other sources that are more convenient, less burdensome or less expensive, including information available to Plaintiffs from third parties or public sources.  HTC will exclude from its search publicly available documents or documents available to Plaintiffs from other sources that are not otherwise in HTC's possession, custody or control.

HTC further objects to the extent that this Request is unduly burdensome and overbroad, as it lacks any temporal limitation.  For example and without limitation the Request seeks "all

documents concerning any advertising or marketing efforts" without limitation to any time period.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

**DOCUMENT REQUEST NO. 51**

All documents concerning any advertising or marketing efforts undertaken by You or on Your behalf related to the High-bandwidth Digital Content Protection ("HDCP") System revision 2.x (e.g., HDCP System Interface Independent Adaptation Revision 2.2, HDCP System Mapping HDCP to HDMI Revision 2.2, or HDCP System Mapping HDCP to MHL Revision 2.2), including but not limited copies of any published advertisements or marketing materials.

**RESPONSE TO DOCUMENT REQUEST NO. 51**

HTC objects to this Request to the extent the terms "any advertising or marketing efforts," "or on Your behalf," and "High-bandwidth Digital Content Protection ("HDCP")

System revision 2.x (e.g., HDCP System Interface Independent Adaptation Revision 2.2, HDCP System Mapping HDCP to HDMI Revision 2.2, or HDCP System Mapping HDCP to MHL Revision 2.2)" are vague and ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  HTC will withhold privileged or third-party confidential documents.

HTC further objects on the grounds that this Request seeks information not in HTC's possession, custody, or control.  HTC further objects on the grounds that this Request seeks information already in Plaintiffs' possession or available to Plaintiffs from other sources that are more convenient, less burdensome or less expensive, including information available to Plaintiffs from third parties or public sources.  HTC will exclude from its search publicly available documents or documents available to Plaintiffs from other sources that are not otherwise in HTC's possession, custody or control.

HTC further objects to the extent that this Request is unduly burdensome and overbroad, as it lacks any temporal limitation.  For example and without limitation the Request seeks "all

documents concerning any advertising or marketing efforts" without limitation to any time period.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

**DOCUMENT REQUEST NO. 52**

Documents sufficient to show Your corporate structure and the identity of each legal entity therein, including but not limited to Your subsidiaries, parents, sisters, partnerships, and affiliates.

**RESPONSE TO DOCUMENT REQUEST NO. 52**

HTC objects to this Request to the extent the term "corporate structure" is vague and ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case. For example and without limitation the Request the identity of HTC's "subsidiaries, parents,

sisters, partnerships, and affiliates" without limitation to any time period.  HTC will limit its search to documents sufficient to show its corporate structure during the six years preceding the filing of Plaintiffs' complaint.

HTC further objects to the extent that this Request is unduly burdensome and overbroad, as it lacks any temporal limitation.  For example and without limitation the Request the identity of HTC's " subsidiaries, parents, sisters, partnerships, and affiliates" without limitation to any time period.  HTC will limit its search to documents sufficient to show its corporate structure during the six years preceding the filing of Plaintiffs' complaint.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

## DOCUMENT REQUEST NO. 53

Organization charts and other documents sufficient to show each of Your departments and the persons in those departments who have responsibility for (a) research and development,

(b) engineering and design, (c) manufacturing, (d) reliability and quality control, (e) project management, (f) marketing, (g) sales and (h) financial matters and accounting, for each of Your smartphone, tablet computer, laptop, all-in-one PC, 2-in-1 PC, and Chromebook products, including but not limited to the Relevant Products.

**RESPONSE TO DOCUMENT REQUEST NO. 53**

 HTC objects to this Request to the extent the terms "each of Your departments," "have responsibility for," and "Relevant Products" are vague and ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.  For example and without limitation the Request seeks documents sufficient to show the identity of "persons in those departments who have responsibility for" without limitation to any time period.  The Request also seeks documents related to products not accused in this litigation.  HTC will limit its search to documents sufficient to show its organizational structure during the six years preceding the filing of Plaintiffs' complaint.

 HTC further objects to the extent that this Request is unduly burdensome and overbroad, as it lacks any temporal limitation and seeks documents related to products not accused in this litigation.  For example and without limitation the Request seeks documents sufficient to show the identity of "persons in those departments who have responsibility for" without limitation to any time period.  The Request also seeks documents related to products not accused in this litigation.  HTC will limit its search to documents sufficient to show its organizational structure during the six years preceding the filing of Plaintiffs' complaint.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58). HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search. HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court. If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

## DOCUMENT REQUEST NO. 54

Organization charts and other documents sufficient to show Your relationship with any parent and/or affiliated companies.

## RESPONSE TO DOCUMENT REQUEST NO. 54

HTC objects to this Request to the extent the terms "Your relationship" and "parent and/or affiliated companies" are vague and ambiguous. HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case. For example and without limitation the Request seeks documents sufficient to show HTC's "relationship with any parent and/or affiliated companies" without limitation to any time period. HTC has already agreed to produce relevant non-privileged documents responsive to Plaintiffs' Document Request No. 53. Any non-privileged

document responsive to this Request but not also responsive to Plaintiffs' Document Request No. 53 is irrelevant to this litigation and HTC will withhold any such documents.

HTC further objects to this Request to the extent it is duplicative of other discovery in this litigation, including Plaintiffs' Document Request No. 32.  HTC will not perform a duplicative search for documents in response to this Request.

HTC further objects to the extent that this Request is unduly burdensome and overbroad, as it lacks any temporal limitation.  For example and without limitation the Request seeks documents sufficient to show HTC's "relationship with any parent and/or affiliated companies" without limitation to any time period.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Because this Request seeks documents that are either duplicative of those requested in Plaintiffs' Document Request No. 53, or else not relevant to any claim or defense in this litigation, it is not proportional to the needs of the case and HTC will exclude from its search documents in response to this Request.  HTC is willing to meet and confer with Plaintiffs regarding this Request.

## DOCUMENT REQUEST NO. 55

All documents that You intend to introduce into evidence, or rely on in any way at trial or in any deposition.

**RESPONSE TO DOCUMENT REQUEST NO. 55**

HTC objects to this Request as premature under the parties' agreed schedule for disclosures under Delaware Default Standard for Discovery ¶ 4(d) and the scheduling order as modified by the Court on November 8, 2016 (Docket No 73).  No deposition has yet been scheduled in this litigation.  Claim construction has not yet begun.  The Court's interpretation of any claim may affect the scope of documents responsive to this Request.  No party has yet filed any motion for summary judgment, the outcome of which may affect the scope of documents responsive to this Request.  HTC accordingly cannot perform a reasonable search for documents responsive to this Request at this time.

HTC further objects to this Request to the extent "rely on in any way" is vague and ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.

HTC further objects to this Request to the extent it is duplicative of other discovery in this litigation, including without limitation HTC's disclosures under Delaware Default Standard for Discovery ¶ 4(d).  HTC will not perform a duplicative search for documents in response to this Request.

HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  HTC will withhold privileged documents.

HTC further objects on the grounds that this Request seeks information already in Plaintiffs' possession or available to Plaintiffs from other sources that are more convenient, less burdensome or less expensive, including information available to Plaintiffs from third parties or

public sources.  HTC will exclude from its search publicly available documents or documents available to Plaintiffs from other sources that are not otherwise in HTC's possession, custody or control.

Because this Request is premature and duplicative of other discovery in this litigation, HTC does not intend to search for documents in response to this Request, but is willing to meet and confer with Plaintiffs regarding this Request.

## DOCUMENT REQUEST NO. 56

All documents described in Your Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a).

## RESPONSE TO DOCUMENT REQUEST NO. 56

HTC objects to this Request to the extent the term "documents described in Your Initial Disclosures" is vague and ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

HTC further objects to this Request to the extent it is duplicative of other discovery in this litigation.  HTC will not perform a duplicative search for documents in response to this Request.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

**DOCUMENT REQUEST NO. 57**

Documents sufficient to show Your document retention policies.

**RESPONSE TO DOCUMENT REQUEST NO. 57**

HTC objects to this Request to the extent the term "document retention policies" is vague and ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.  For example and without limitation the Request seeks HTC's document retention policies without limitation to any time period.  HTC's document retention policies, if any, are not relevant to any claims or defenses in this action.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No.

58).  HTC will accordingly limit its search to documents matching appropriate search terms held

by the custodians identified in its Initial Disclosures, as supplemented, in this action.

HTC further objects on the grounds that this Request seeks information protected from

disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

applicable privilege or immunity, including but not limited to the common interest or joint

defense privileges.  HTC will withhold privileged documents.

Because this Request seeks documents not relevant to any claim or defense, it is not

proportional to the needs of the case and HTC will exclude from its search documents in

response to this Request, but is willing to meet and confer with Plaintiffs regarding this Request.

## DOCUMENT REQUEST NO. 58

All English translations of any foreign language documents produced in response to these

Requests for Production to the extent such English translation is in Your possession, custody, or

control, including translations prepared for use in this litigation or a Related Litigation.

## RESPONSE TO DOCUMENT REQUEST NO. 58

HTC objects to the extent that this Request seeks information that is irrelevant to any

claims or defenses in this action and disproportionate to the needs of the case.  HTC further

objects to this Request to the extent it is duplicative of other discovery in this litigation.  HTC

has already agreed to produce certain relevant non-privileged documents in response to

Plaintiffs' Requests for Production.  To the extent any English translations of any relevant non-

privileged documents are responsive to those Requests, HTC will produce them.  HTC will not

perform a duplicative search for documents in response to this Request.

HTC further objects on the ground that this Request is unduly broad and purports to

impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal

Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

HTC further objects on the grounds that this Request seeks information already in Plaintiffs' possession or available to Plaintiffs from other sources that are more convenient, less burdensome or less expensive, including information available to Plaintiffs from third parties or public sources.  HTC will exclude from its search publicly available documents or documents available to Plaintiffs from other sources that are not otherwise in HTC's possession, custody or control.

Because this Request is overbroad, seeks documents not relevant to any claim or defense, and calls for a duplicative search, it is not proportional to the needs of the case and HTC will exclude from its search documents in response to this Request, but is willing to meet and confer with Plaintiffs regarding this Request.

## DOCUMENT REQUEST NO. 59

All documents concerning any sworn testimony ever given in any proceeding by any fact and/or expert witness on Your behalf concerning any of the Relevant Functionalities, including all transcripts (including printed transcripts and videotapes) of such testimony.

## RESPONSE TO DOCUMENT REQUEST NO. 59

HTC objects to this Request to the extent the terms "any sworn testimony" "any proceeding," and "Relevant functionalities" are vague and ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this

action and is disproportionate to the needs of the case.  For example and without limitation the Request seeks testimony "given in any proceeding" without limitation to any time period.

HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  HTC will withhold privileged or third-party confidential documents.

HTC further objects on the grounds that this Request seeks information not in HTC's possession, custody, or control.  HTC further objects on the grounds that this Request seeks information already in Plaintiffs' possession or available to Plaintiffs from other sources that are more convenient, less burdensome or less expensive, including information available to Plaintiffs from third parties or public sources.  HTC will exclude from its search publicly available documents or documents available to Plaintiffs from other sources that are not otherwise in HTC's possession, custody or control.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in

response to a reasonable search.  HTC intends to complete its production in response to this

Request no later than the deadline for substantial completion of document production ordered by

the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged

responsive materials are being withheld.

## DOCUMENT REQUEST NO. 60

All documents provided to, reviewed by, or prepared for or by any person whom You

expect to call as a fact and/or expert witness at trial, or on whose testimony (written or oral) You

intend to rely at any other stage of this litigation, including but not limited to all documents such

persons plan to use, refer to, or rely on in connection with such testimony.

## RESPONSE TO DOCUMENT REQUEST NO. 60

HTC objects to this Request as premature under the scheduling order as modified by the

Court on November 8, 2016 (Docket No 73).  HTC accordingly cannot perform a reasonable

search for documents responsive to this Request at this time.

HTC further objects to this Request to the extent the terms "provided to, reviewed by, or

prepared for or by," "You intend to rely" and "plan to use, refer to, or rely on" are vague and

ambiguous.  HTC further objects to the extent that this Request seeks information that is

irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.

HTC further objects on the grounds that this Request seeks information protected from

disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

applicable privilege or immunity, including but not limited to the common interest or joint

defense privileges.  HTC will withhold privileged documents.

HTC further objects on the grounds that this Request seeks information already in

Plaintiffs' possession or available to Plaintiffs from other sources that are more convenient, less

burdensome or less expensive, including information available to Plaintiffs from third parties or public sources.  HTC will exclude from its search publicly available documents or documents available to Plaintiffs from other sources that are not otherwise in HTC's possession, custody or control.

Because this Request is premature under the scheduling order in this action, HTC will not search for documents in response to this Request, but is willing to meet and confer with Plaintiffs regarding this Request.

**DOCUMENT REQUEST NO. 61**

All documents that You contend are relevant to any determination of damages in this litigation.

**RESPONSE TO DOCUMENT REQUEST NO. 61**

HTC objects to this Request as premature under the scheduling order as modified by the Court on November 8, 2016 (Docket No 73).  HTC accordingly cannot perform a reasonable search for documents responsive to this Request at this time.

HTC further objects to this Request to the extent the term "any determination of damages" is vague and ambiguous and calls for legal conclusions, including the determination of damages.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.  For example and without limitation the Request seeks documents HTC contends are relevant to "any determination of damages."

HTC further objects to this Request to the extent it is duplicative of other discovery in this litigation.  HTC will not perform a duplicative search for documents in response to this Request.

HTC further objects to the extent that this Request is unduly burdensome and overbroad, as it lacks any temporal limitation.   For example and without limitation the Request seeks documents without limitation to any time period.

HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  HTC will withhold privileged documents.

HTC further objects on the grounds that this Request seeks information already in Plaintiffs' possession or available to Plaintiffs from other sources that are more convenient, less burdensome or less expensive, including information available to Plaintiffs from third parties or public sources.  HTC will exclude from its search publicly available documents or documents available to Plaintiffs from other sources that are not otherwise in HTC's possession, custody or control.

Because this Request is premature under the scheduling order in this action, HTC will not search for documents in response to this Request, but is willing to meet and confer with Plaintiffs regarding this Request.

**DOCUMENT REQUEST NO. 62**

For each of the Relevant Products, made, used, licensed, distributed, sold, offered for sale, or imported in the United States from the Relevant Date to the present, documents sufficient to show on a month-by-month (or quarterly) basis, the quantity sold, gross revenue, net revenue, cost of goods sold, gross profit, net profit, and the identity of the entity and/or entities that made, used, licensed, distributed, sold, offered for sale and/or imported into the United States those products.

**RESPONSE TO DOCUMENT REQUEST NO. 62**

HTC objects to this Request to the extent the term "month-by-month (or quarterly)" is vague and ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.  For example and without limitation the Request seeks sales information in a format not maintained by HTC in the ordinary course of business and accordingly not in HTC's possession, custody, or control.

HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  HTC will withhold privileged documents.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

**DOCUMENT REQUEST NO. 63**

For all follow-on sales of other products or services (e.g., accessories, software, hardware, maintenance, extended warranties, etc.) based on the sale, launch and/or use of the Relevant Products or otherwise attributable to the Relevant Products, made, used, licensed, distributed, sold, offered for sale, or imported in the United States from the Relevant Date to the present, documents sufficient to show on a month-by-month (or quarterly) basis, the quantity sold, gross revenue, net revenue, cost of goods sold, gross profit, net profit, and the identity of the entity and/or entities that made, used, licensed, distributed, sold, offered for sale and/or imported into the United States those products or services.

**RESPONSE TO DOCUMENT REQUEST NO. 63**

HTC objects to this Request to the extent the terms "follow-on sales," "other products or services," "based on the sale, launch and/or use," "Relevant Products" and "month-by-month (or quarterly)" are vague and ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.  For example and without limitation the Request seeks sales information in a format not maintained by HTC in the ordinary course of business and accordingly not in HTC's possession, custody, or control.

HTC further objects on the grounds that this Request calls for legal conclusions, namely whether any sale of any good or service is "based on the sale, launch and/or use of the Relevant Products or otherwise attributable to the Relevant Products." HTC further objects on the grounds that Request seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  HTC further objects on the grounds

107

that this Request seeks confidential, sensitive, or proprietary information of third parties. HTC will withhold privileged or third-party confidential documents.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58). HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Because this Request is unduly burdensome and seeks documents not relevant to any claim or defense, it is not proportional to the needs of the case and HTC will exclude from its search documents in response to this Request, but is willing to meet and confer with Plaintiffs regarding this Request.

## DOCUMENT REQUEST NO. 64

All product line and divisional profitability statements, income statements, profit and loss statements, and internal profitability reports, including information such as revenue, pricing, cost of goods sold, general and administrative expenses, and marketing expenses for each of the Relevant Products and any product lines or divisions containing the Relevant Products.

## RESPONSE TO DOCUMENT REQUEST NO. 64

HTC objects to this Request to the extent the terms "product line," "divisional profitability statements," "internal profitability reports," and "for each of the Relevant Products and any product lines or divisions containing the Relevant Products" are vague and ambiguous. HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case. For example

and without limitation the Request seeks profitability information in a format not maintained by HTC in the ordinary course of business and accordingly not in HTC's possession, custody, or control.

HTC further objects to the extent that this Request is unduly burdensome and overbroad, as it lacks any temporal limitation.  For example and without limitation the Request seeks data for "for each of the Relevant Products and any product lines or divisions containing the Relevant Products" without limitation to any time period.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Because this Request is unduly burdensome and seeks documents not relevant to any claim or defense, it is not proportional to the needs of the case and HTC will exclude from its search documents in response to this Request, but is willing to meet and confer with Plaintiffs regarding this Request.

## DOCUMENT REQUEST NO. 65

All divisional profitability statements, income statements, profit and loss statements, and internal profitability reports, including information such as revenue, pricing, cost of goods sold, general and administrative expenses, and marketing expenses for all follow-on sales of other products or services (e.g., accessories, software, hardware, maintenance, extended warranties,

etc.) based on the sale, launch and/or use of the Relevant Products or otherwise attributable to the Relevant Products and any product lines or divisions containing such follow on sales.

## RESPONSE TO DOCUMENT REQUEST NO. 65

HTC objects to this Request to the extent the terms "divisional profitability statements," "internal profitability reports," "follow-on sales," and "based on the sale, launch and/or use of the Relevant Products or otherwise attributable to the Relevant Products and any product lines or divisions containing such follow on sales" are vague and ambiguous. HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case. For example and without limitation the Request seeks profitability information in a format not maintained by HTC in the ordinary course of business and accordingly not in HTC's possession, custody, or control.

HTC further objects to the extent that this Request is unduly burdensome and overbroad, as it lacks any temporal limitation. For example and without limitation the Request seeks data for "based on the sale, launch and/or use of the Relevant Products or otherwise attributable to the Relevant Products and any product lines or divisions containing such follow on sales" without limitation to any time period.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58). HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Because this Request is unduly burdensome and seeks documents not relevant to any claim or defense, it is not proportional to the needs of the case and HTC will exclude from its search documents in response to this Request, but is willing to meet and confer with Plaintiffs regarding this Request.

**DOCUMENT REQUEST NO. 66**

Documents sufficient to show the price at which the Relevant Products are transferred between You and any of Your subsidiaries, suppliers, or any third party.

**RESPONSE TO DOCUMENT REQUEST NO. 66**

HTC objects to this Request to the extent the term "transferred" is vague and ambiguous. HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case. For example and without limitation the Request seeks price information without limitation to any time period. HTC will limit its search to documents sufficient to show the prices at which the Relevant Products were transferred during the six years preceding the filing of Plaintiffs' complaint. HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties. HTC will withhold third-party confidential documents.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No.

58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

## DOCUMENT REQUEST NO. 67

Documents sufficient to establish the chain of title for each Relevant Product from manufacture until sale, offer for sale, or importation into the United States.

## RESPONSE TO DOCUMENT REQUEST NO. 67

HTC objects to this Request to the extent the terms "establish" and "chain of title" are vague and ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.  For example and without limitation the Request seeks documents without limitation to any time period.

HTC further objects to the extent that this Request is unduly burdensome and overbroad, as it lacks any temporal limitation.   For example and without limitation the Request seeks documents without limitation to any time period.

HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  HTC will withhold third-party confidential documents.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Because this Request is unduly burdensome and seeks documents not relevant to any claim or defense, it is not proportional to the needs of the case and HTC will exclude from its search documents in response to this Request, but is willing to meet and confer with Plaintiffs regarding this Request.

**DOCUMENT REQUEST NO. 68**

Documents sufficient to show Your methodology for calculating gross revenue, net revenue, cost of goods sold, gross profits, and net profits, including any methodology for identifying costs associated with labor, material, variances, sales, administration, and components that make up those costs.

**RESPONSE TO DOCUMENT REQUEST NO. 68**

HTC objects to this Request to the extent the terms "sufficient to show," "methodology," "identifying costs" and "components" are vague and ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.  For example and without limitation the Request seeks documents without limitation to any time period.  HTC has already agreed to search for certain sales information for the six years preceding the filing of Plaintiffs' complaint. HTC will not perform a duplicative search for documents in response to this Request.

113

HTC further objects to this Request to the extent it is duplicative of other discovery in this litigation.  HTC has already agreed to search for certain sales information for the six years preceding the filing of Plaintiffs' complaint.  HTC will not perform a duplicative search for documents in response to this Request.

HTC further objects to the extent that this Request is unduly burdensome and overbroad, as it lacks any temporal limitation.   For example and without limitation the Request seeks documents without limitation to any time period.  HTC has already agreed to search for certain sales information for the six years preceding the filing of Plaintiffs' complaint.  HTC will not perform a duplicative search for documents in response to this Request.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Because this Request is unduly burdensome and seeks documents not relevant to any claim or defense, it is not proportional to the needs of the case and HTC will exclude from its search documents in response to this Request, but is willing to meet and confer with Plaintiffs regarding this Request.

**DOCUMENT REQUEST NO. 69**

All documents relating to projected profits, projected units sales, sales prices, or budgets for each of the Relevant Products, including, without limitation, any document discussing pricing, profit, sales (actual or projected) related to specific features of the Relevant Products.

## RESPONSE TO DOCUMENT REQUEST NO. 69

HTC objects to this Request to the extent the term "projected profits," "projected units sales," "sales prices," "budgets" and "specific features" are vague and ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.  For example and without limitation the Request seeks information without limitation to any time period.   The Request also seeks information "related to specific features" without reference to any accused functionality.  HTC will limit its search to documents sufficient to show projected profits during the six years preceding the filing of Plaintiffs' complaint.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent that this Request is unduly burdensome and overbroad, as it lacks any temporal limitation.  For example and without limitation the Request seeks information without limitation to any time period.  HTC will limit its search to documents sufficient to show projected profits during the six years preceding the filing of Plaintiffs' complaint.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

**DOCUMENT REQUEST NO. 70**

All price lists and product catalogs for any of the Relevant Products.

**RESPONSE TO DOCUMENT REQUEST NO. 70**

HTC objects to this Request to the extent the terms "price lists" and "Relevant Products" are vague and ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.  For example and without limitation the Request seeks information without limitation to any time period.  HTC will limit its search to documents during the six years preceding the filing of Plaintiffs' complaint.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent that this Request is unduly burdensome and overbroad, as it lacks any temporal limitation.  For example and without limitation the Request seeks information without limitation to any time period.  HTC will limit its search to documents during the six years preceding the filing of Plaintiffs' complaint.

HTC further objects on the grounds that this Request seeks information already in Plaintiffs' possession or available to Plaintiffs from other sources that are more convenient, less burdensome or less expensive, including information available to Plaintiffs from third parties or

public sources.  HTC will exclude from its search publicly available documents or documents available to Plaintiffs from other sources that are not otherwise in HTC's possession, custody or control.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

## DOCUMENT REQUEST NO. 71

All documents relating to any reasonable royalty rate that You contend should apply assuming that the Patent-in-Suit is found valid and infringed by You, including without limitation all documents relating to each factor identified in *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

## RESPONSE TO DOCUMENT REQUEST NO. 71

HTC objects to this Request as premature under the scheduling order as modified by the Court on November 8, 2016 (Docket No 73).   Claim construction has not yet begun.  The

117

Court's interpretation of any claim may affect the scope of prior art documents responsive to this Request.

HTC further objects to this Request to the extent the terms "relating to any reasonable royalty rate," "should apply," and "the Patent-in-Suit" are vague and ambiguous. HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case. Plaintiffs have asserted only some of the claims of the Asserted Patents and yet seek HTC's contentions with respect to "the Patent in Suit." Any non-asserted claim is irrelevant to this litigation. HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges. HTC will withhold privileged documents.

HTC further objects on the grounds that this Request seeks information already in Plaintiffs' possession or available to Plaintiffs from other sources that are more convenient, less burdensome or less expensive, including information available to Plaintiffs from third parties or public sources. HTC will exclude from its search publicly available documents or documents available to Plaintiffs from other sources that are not otherwise in HTC's possession, custody or control.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search. HTC intends to complete its production in response to this

Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

**DOCUMENT REQUEST NO. 72**

All documents concerning any actual or contemplated Transfer of Rights, including any actual or contemplated license agreements between You and any third party for any rights or interest in patents or other proprietary technologies relating to the Relevant Functionalities, including actual or projected payments made or to be made under such licenses, actual or contemplated agreements, including draft or proposed licenses, and any correspondence referring or relating to such actual or contemplated licenses.

**RESPONSE TO DOCUMENT REQUEST NO. 72**

HTC objects to this Request to the extent the terms "actual or contemplated," "actual or contemplated license agreements," "other proprietary technologies," "Relevant Functionalities" and "actual or projected payments" are vague and ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.  Any agreements that did not come to fruition, and any drafts or proposals relating to any agreements, are not relevant to any claims or defenses in this action.  HTC will limit its search to executed agreements that relate to this litigation and will withhold documents in response to this Request.

HTC further objects to the extent that this Request is unduly burdensome and overbroad, as it lacks any temporal limitation.  For example and without limitation the Request seeks "all documents concerning any actual or contemplated Transfer of Rights, including any actual or contemplated license agreements" without limitation to any time period.

HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties, such as prior art documents or systems confidential, sensitive, or proprietary to third parties.  HTC will withhold privileged or third-party confidential documents.

HTC further objects on the grounds that this Request seeks information not in HTC's possession, custody, or control.  HTC further objects on the grounds that this Request seeks information already in Plaintiffs' possession or available to Plaintiffs from other sources that are more convenient, less burdensome or less expensive, including information available to Plaintiffs from third parties or public sources.  HTC will exclude from its search publicly available documents or documents available to Plaintiffs from other sources that are not otherwise in HTC's possession, custody or control.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Because this Request is unduly burdensome and seeks documents not relevant to any claim or defense, it is not proportional to the needs of the case and HTC will exclude from its

search documents in response to this Request, but is willing to meet and confer with Plaintiffs regarding this Request.

## DOCUMENT REQUEST NO. 73

All documents concerning any actual or contemplated Transfer of Rights, including any actual or contemplated license agreements between You and any third party for any rights or interest in patents or other proprietary technologies relating to the Relevant Products, including actual or projected payments made or to be made under such licenses, actual or contemplated agreements, including draft or proposed licenses, and any correspondence referring or relating to such actual or contemplated licenses.

## RESPONSE TO DOCUMENT REQUEST NO. 73

HTC objects to this Request to the extent the terms "actual or contemplated," "actual or contemplated license agreements," "other proprietary technologies," "Relevant Products" and "actual or projected payments" are vague and ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.  Any agreements that did not come to fruition, and any drafts or proposals relating to any agreements, are not relevant to any claims or defenses in this action.  HTC will limit its search to executed agreements that relate to this litigation and will withhold documents in response to this Request.

HTC further objects to the extent that this Request is unduly burdensome and overbroad, as it lacks any temporal limitation.  For example and without limitation the Request seeks "all documents concerning any actual or contemplated Transfer of Rights, including any actual or contemplated license agreements" without limitation to any time period.

HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties, such as prior art documents or systems confidential, sensitive, or proprietary to third parties.  HTC will withhold privileged or third-party confidential documents.

HTC further objects on the grounds that this Request seeks information not in HTC's possession, custody, or control.  HTC further objects on the grounds that this Request seeks information already in Plaintiffs' possession or available to Plaintiffs from other sources that are more convenient, less burdensome or less expensive, including information available to Plaintiffs from third parties or public sources.  HTC will exclude from its search publicly available documents or documents available to Plaintiffs from other sources that are not otherwise in HTC's possession, custody or control.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Because this Request is unduly burdensome and seeks documents not relevant to any claim or defense, it is not proportional to the needs of the case and HTC will exclude from its

search documents in response to this Request, but is willing to meet and confer with Plaintiffs

regarding this Request.

**DOCUMENT REQUEST NO. 74**

All documents, including but not limited to marketing materials, sales brochures, and/or

product catalogs that You provided to Your sales or marketing team relating to selling any of the

Relevant Products.

**RESPONSE TO DOCUMENT REQUEST NO. 74**

HTC objects to this Request to the extent the terms "You provided," "Your sales or

marketing team" and "Relevant Products" are vague and ambiguous.  HTC further objects to the

extent that this Request seeks information that is irrelevant to any claims or defenses in this

action and is disproportionate to the needs of the case.  For example and without limitation the

Request seeks documents without limitation to any time period.  HTC will limit its search

according to Plaintiffs' allegations including their disclosures under Delaware Default Standard

for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent that this Request is unduly burdensome and overbroad,

as it lacks any temporal limitation.  For example and without limitation the Request seeks data

for "all documents" without limitation to any time period.

HTC further objects on the ground that this Request is unduly broad and purports to

impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal

Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of

Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No.

58).  HTC will accordingly limit its search to documents matching appropriate search terms held

by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

**DOCUMENT REQUEST NO. 75**

From the Relevant Date to present, your quarterly and annual reports and financial statements.

**RESPONSE TO DOCUMENT REQUEST NO. 75**

HTC objects to this Request to the extent the terms "quarterly and annual reports" and "financial statements" are vague and ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.  For example and without limitation the Request seeks documents without limitation to any time period.  HTC has already agreed to search for certain sales information for the six years preceding the filing of Plaintiffs' complaint.   HTC will not perform a duplicative search for documents in response to this Request.

HTC further objects to this Request to the extent it is duplicative of other discovery in this litigation.  HTC has already agreed to search for certain sales information for the six years preceding the filing of Plaintiffs' complaint.  HTC will not perform a duplicative search for documents in response to this Request.

HTC further objects on the grounds that this Request seeks information already in Plaintiffs' possession or available to Plaintiffs from other sources that are more convenient, less

burdensome or less expensive, including information available to Plaintiffs from third parties or public sources.  HTC will exclude from its search publicly available documents or documents available to Plaintiffs from other sources that are not otherwise in HTC's possession, custody or control.

Because this Request is unduly burdensome and seeks production of documents available to Plaintiffs from third parties or public sources, it is not proportional to the needs of the case and HTC will exclude from its search documents in response to this Request, but is willing to meet and confer with Plaintiffs regarding this Request.

**DOCUMENT REQUEST NO. 76**

All surveys, market studies, reports, or analyses relating to product design, competition, market segments, market share, product tracking, or market revenue (whether actual or projected) relating to any of the Relevant Functionalities, including without limitation, customer-use studies, surveys, and/or tracking data that identifies the quality, value, usability, performance, demand, benefits, or competitive differentiation, of any of the Relevant Functionalities.

**RESPONSE TO DOCUMENT REQUEST NO. 76**

HTC objects to this Request to the extent the terms "market studies," "market segments," "product tracking," "Relevant Functionalities" "quality," "value," "usability," "performance," "demand," "benefits" and "competitive differentiation"  are vague and ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.  For example and without limitation the Request seeks information without limitation to any time period.  HTC will limit its search to documents during the six years preceding the filing of Plaintiffs' complaint.  HTC

will limit its search according to Plaintiffs' allegations including their disclosures under

Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent that this Request is unduly burdensome and overbroad,

as it lacks any temporal limitation.  For example and without limitation the Request seeks

information without limitation to any time period.  HTC will limit its search to documents during

the six years preceding the filing of Plaintiffs' complaint.

HTC further objects on the grounds that this Request seeks information already in

Plaintiffs' possession or available to Plaintiffs from other sources that are more convenient, less

burdensome or less expensive, including information available to Plaintiffs from third parties or

public sources.  HTC will exclude from its search publicly available documents or documents

available to Plaintiffs from other sources that are not otherwise in HTC's possession, custody or

control.

HTC further objects on the ground that this Request is unduly broad and purports to

impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal

Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of

Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No.

58).  HTC will accordingly limit its search to documents matching appropriate search terms held

by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce

relevant non-privileged documents responsive to this Request on a rolling basis, located in

response to a reasonable search.  HTC intends to complete its production in response to this

Request no later than the deadline for substantial completion of document production ordered by

the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

**DOCUMENT REQUEST NO. 77**

All documents concerning any technology or functionality that You contend is an available non-infringing alternative to any functionality or technology disclosed or claimed in the Asserted Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 77**

HTC objects to this Request to the extent the terms "technology or functionality," "available non-infringing alternative," and "disclosed or claimed" are vague and ambiguous. HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.  Plaintiffs have asserted only some of the claims of the Asserted Patents and yet seek HTC's contentions with respect to "any functionality or technology disclosed or claimed in the Asserted Patents."  Any non-asserted claim is irrelevant to this litigation.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent the Request calls for legal conclusions, including any available non-infringing alternative to any claim of any Asserted Patent.  Claim construction has not yet begun.  The Court's interpretation of any claim may affect the scope of documents responsive to this Request.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶ 4(c).

HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

applicable privilege or immunity, including but not limited to the common interest or joint

defense privileges.  HTC further objects on the grounds that this Request seeks confidential,

sensitive, or proprietary information of third parties, such as prior art documents or systems

confidential, sensitive, or proprietary to third parties.  HTC will withhold privileged or third-

party confidential documents.

HTC further objects on the ground that this Request is unduly broad and purports to

impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal

Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of

Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No.

58).  HTC will accordingly limit its search to documents matching appropriate search terms held

by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce

relevant non-privileged documents responsive to this Request on a rolling basis, located in

response to a reasonable search.  HTC intends to complete its production in response to this

Request no later than the deadline for substantial completion of document production ordered by

the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged

responsive materials are being withheld.

## DOCUMENT REQUEST NO. 78

All documents relating to the cost to develop and implement any alternatives to any

functionality or technology disclosed or claimed in the Asserted Patents.

## RESPONSE TO DOCUMENT REQUEST NO. 78

HTC objects to this Request to the extent the terms "cost to develop and implement" "any

alternatives," "functionality or technology" and "disclosed or claimed" are vague and

ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case. Plaintiffs have asserted only some of the claims of the Asserted Patents and yet seek documents related to "any functionality or technology disclosed or claimed in the Asserted Patents."  Any non-asserted claim is irrelevant to this litigation.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent the Request calls for legal conclusions, namely what constitutes an alternative to any claim of any Asserted Patent.  Claim construction has not yet begun.  The Court's interpretation of any claim may affect the scope of documents responsive to this Request.

HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties, such as prior art documents or systems confidential, sensitive, or proprietary to third parties.  HTC will withhold privileged or third-party confidential documents.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No.

58).  HTC will accordingly limit its search to documents matching appropriate search terms held

by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce

relevant non-privileged documents responsive to this Request on a rolling basis, located in

response to a reasonable search.  HTC intends to complete its production in response to this

Request no later than the deadline for substantial completion of document production ordered by

the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged

responsive materials are being withheld.

## DOCUMENT REQUEST NO. 79

All documents relating to the time to develop and implement any alternatives to any

functionality or technology disclosed or claimed in the Asserted Patents.

## RESPONSE TO DOCUMENT REQUEST NO. 79

HTC objects to this Request to the extent the terms "time to develop and implement"

"any alternatives," "functionality or technology" and "disclosed or claimed" are vague and

ambiguous.  HTC further objects to the extent that this Request seeks information that is

irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.

Plaintiffs have asserted only some of the claims of the Asserted Patents and yet seek documents

related to "any functionality or technology disclosed or claimed in the Asserted Patents."  Any

non-asserted claim is irrelevant to this litigation.  HTC will limit its search according to

Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery

¶¶ 4(a) and 4(c).

HTC further objects to the extent the Request calls for legal conclusions, including any

alternative to any claim of any Asserted Patent.  Claim construction has not yet begun.  The

Court's interpretation of any claim may affect the scope of documents responsive to this Request. HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges. HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties, such as prior art documents or systems confidential, sensitive, or proprietary to third parties. HTC will withhold privileged or third-party confidential documents.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58). HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search. HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court. If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

**DOCUMENT REQUEST NO. 80**

All documents that demonstrate that any alternatives to any functionality or technology disclosed or claimed in the Asserted Patents would be acceptable to the consumers who purchased any of the Relevant Products, including but not limited to any studies, testing, analysis or other evaluation that you have undertaken.

**RESPONSE TO DOCUMENT REQUEST NO. 80**

HTC objects to this Request to the extent the terms "demonstrate" "any alternatives," "functionality or technology," "disclosed or claimed," "acceptable to the consumers who purchased any of the Relevant Products" are vague and ambiguous. HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case. Plaintiffs have asserted only some of the claims of the Asserted Patents and yet seek documents related to "any functionality or technology disclosed or claimed in the Asserted Patents." Any non-asserted claim is irrelevant to this litigation. HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent the Request calls for legal conclusions, namely what constitutes an alternative to any claim of any Asserted Patent. Claim construction has not yet begun. The Court's interpretation of any claim may affect the scope of documents responsive to this Request.

HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges. HTC further objects on the grounds that this Request seeks confidential,

sensitive, or proprietary information of third parties, such as prior art documents or systems confidential, sensitive, or proprietary to third parties.  HTC will withhold privileged or third-party confidential documents.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

## DOCUMENT REQUEST NO. 81

All documents that demonstrate that any alternatives to any functionality or technology disclosed or claimed in the Asserted Patents would not infringe the Asserted Patents or any other patents.

## RESPONSE TO DOCUMENT REQUEST NO. 81

HTC objects to this Request to the extent the terms "demonstrate" "any alternatives," "functionality or technology," "disclosed or claimed," are vague and ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or

defenses in this action and is disproportionate to the needs of the case. Plaintiffs have asserted only some of the claims of the Asserted Patents and yet seek documents related to "any functionality or technology disclosed or claimed in the Asserted Patents." Likewise the Request seek documents that demonstrate that any alternatives "would not infringe the Asserted Patents or *any other patents*." Any non-asserted claim is irrelevant to this litigation. HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent the Request calls for legal conclusions, including any alternative to any claim of any Asserted Patent. Claim construction has not yet begun. The Court's interpretation of any claim may affect the scope of documents responsive to this Request. HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges. HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties, such as prior art documents or systems confidential, sensitive, or proprietary to third parties. HTC will withhold privileged or third-party confidential documents.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No.

58).  HTC will accordingly limit its search to documents matching appropriate search terms held

by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce

relevant non-privileged documents responsive to this Request on a rolling basis, located in

response to a reasonable search.  HTC intends to complete its production in response to this

Request no later than the deadline for substantial completion of document production ordered by

the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged

responsive materials are being withheld.

## DOCUMENT REQUEST NO. 82

All documents relating to any decision not to implement any purported non-infringing

alternative.

## RESPONSE TO DOCUMENT REQUEST NO. 82

HTC objects to this Request to the extent the terms "decision not to implement" and "any

purported non-infringing alternative" are vague and ambiguous.  HTC further objects to the

extent that this Request seeks information that is irrelevant to any claims or defenses in this

action and is disproportionate to the needs of the case.  Plaintiffs have asserted only some of the

claims of the Asserted Patents and yet seek documents related to "any purported non-infringing

alternative."  Likewise the Request is not limited to any asserted patent.  Any non-asserted claim

or patent is irrelevant to this litigation.  HTC will limit its search according to Plaintiffs'

allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a)

and 4(c).

HTC further objects to the extent the Request calls for legal conclusions, namely what constitutes a non-infringing alternative to any claim of any Asserted Patent. Claim construction has not yet begun. The Court's interpretation of any claim may affect the scope of documents responsive to this Request.

HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges. HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties, such as prior art documents or systems confidential, sensitive, or proprietary to third parties. HTC will withhold privileged or third-party confidential documents.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58). HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search. HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court. If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

## DOCUMENT REQUEST NO. 83

All patents or patent applications held or licensed by You relating to any of the Relevant Functionalities.

## RESPONSE TO DOCUMENT REQUEST NO. 83

HTC objects to this Request to the extent the terms "relating to any of the Relevant Functionalities" are vague and ambiguous. HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case. HTC's patents or patent application are not relevant this litigation, except to the extent they comprise prior art to any asserted claim.

HTC further objects to the extent the Request calls for legal conclusions, including whether any HTC patent or patent application relates to any of the Relevant Functionalities. Claim construction has not yet begun. The Court's interpretation of any claim may affect the scope of documents responsive to this Request. HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges. HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties, such as prior art documents or systems confidential, sensitive, or proprietary to third parties. HTC will withhold privileged or third-party confidential documents.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58). HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Because this Request is unduly burdensome and seeks documents not relevant to any claim or defense, it is not proportional to the needs of the case and HTC will exclude from its search documents in response to this Request, but is willing to meet and confer with Plaintiffs regarding this Request.

## DOCUMENT REQUEST NO. 84

All cost-benefit analyses related to the manufacture and marketing of any of the Relevant Functionalities.

## RESPONSE TO DOCUMENT REQUEST NO. 84

HTC objects to this Request to the extent the terms "cost-benefit analyses," "related to the manufacture and marketing" and "Relevant Functionalities" are vague and ambiguous. HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case. For example and without limitation the Request seeks information without limitation to any time period. HTC will limit its search to documents during the six years preceding the filing of Plaintiffs' complaint. HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent that this Request is unduly burdensome and overbroad, as it lacks any temporal limitation.  For example and without limitation the Request seeks information without limitation to any time period.  HTC will limit its search to documents during the six years preceding the filing of Plaintiffs' complaint.

HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  HTC will withhold third-party confidential documents.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

## DOCUMENT REQUEST NO. 85

All reports on costs or expenses related to research and development of any of the Relevant Functionalities.

**RESPONSE TO DOCUMENT REQUEST NO. 85**

HTC objects to this Request to the extent the terms "related to the research and development" and "Relevant Functionalities" are vague and ambiguous. HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case. For example and without limitation the Request seeks information without limitation to any time period. HTC will limit its search to documents during the six years preceding the filing of Plaintiffs' complaint. HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent that this Request is unduly burdensome and overbroad, as it lacks any temporal limitation. For example and without limitation the Request seeks information without limitation to any time period. HTC will limit its search to documents during the six years preceding the filing of Plaintiffs' complaint.

HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties. HTC will withhold third-party confidential documents.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58). HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in

response to a reasonable search.  HTC intends to complete its production in response to this

Request no later than the deadline for substantial completion of document production ordered by

the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged

responsive materials are being withheld.

## DOCUMENT REQUEST NO. 86

All documents relating to Your accounting policies, procedures, manuals, and directives

for the period from the Relevant Date to present, including but not limited to documents related

to Your accounting system and structure, including Your chart of accounts.

## RESPONSE TO DOCUMENT REQUEST NO. 86

HTC objects to this Request to the extent the terms "accounting policies," "procedures"

"directives" and "chart of accounts" are vague and ambiguous.  HTC further objects to the extent

that this Request seeks information that is irrelevant to any claims or defenses in this action and

is disproportionate to the needs of the case.  HTC's accounting policies are not relevant to any

claim or defense in this litigation.  HTC has already agreed to search for certain sales

information for the six years preceding the filing of Plaintiffs' complaint.  HTC will not perform

a duplicative search for documents in response to this Request.

HTC further objects on the grounds that this Request seeks information protected from

disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

applicable privilege or immunity, including but not limited to the common interest or joint

defense privileges.  HTC will withhold privileged documents.

HTC further objects on the ground that this Request is unduly broad and purports to

impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal

Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of

Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58). HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Because this Request seeks documents not relevant to any claim or defense, it is not proportional to the needs of the case and HTC will exclude from its search documents in response to this Request, but is willing to meet and confer with Plaintiffs regarding this Request.

**DOCUMENT REQUEST NO. 87**

All royalty reports and data relating to any consideration paid for any patent license, settlement agreement, covenant not to sue or other agreement in any form between You and any other party relating to the Relevant Products.

**RESPONSE TO DOCUMENT REQUEST NO. 87**

HTC objects to this Request to the extent the terms "in any form" and "Relevant Products" are vague and ambiguous. HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case. For example and without limitation the Request seeks "all licenses" and "all communications" without limitation to any time period or accused functionality. HTC's licenses or agreements that relating to functionality not accused in this litigation are not relevant. HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent that this Request is unduly burdensome and overbroad, as it lacks any temporal limitation. For example and without limitation the Request seeks "all royalty reports" and "any consideration" without limitation to any time period or accused functionality.

HTC further objects to the extent the Request calls for legal conclusions, namely whether any agreement relates to any of the Relevant Products. HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges. HTC further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties. HTC will withhold privileged or third-party confidential documents.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search. HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court. If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

## DOCUMENT REQUEST NO. 88

All valuations or appraisals of the Asserted Patents, whether prepared internally or by a third party.

## RESPONSE TO DOCUMENT REQUEST NO. 88

HTC objects to this Request to the extent the term "valuations or appraisals" is vague and ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case. For example and without limitation the Request seeks "all valuations or appraisals" without limitation to any time period.

HTC further objects to the extent that this Request is unduly burdensome and overbroad, as it lacks any temporal limitation.  For example and without limitation the Request seeks "all valuations or appraisals" without limitation to any time period.

HTC further objects to the extent the Request calls for legal conclusions, including any valuation or appraisal of any Asserted Patent.  HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  HTC will withhold privileged documents.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by

the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged

responsive materials are being withheld.

**DOCUMENT REQUEST NO. 89**

All documents that reflect generally accepted licensing practices in the industry.

**RESPONSE TO DOCUMENT REQUEST NO. 89**

HTC objects to this Request to the extent the terms "generally accepted" and "the

industry" are vague and ambiguous.  HTC further objects to the extent that this Request seeks

information that is irrelevant to any claims or defenses in this action and is disproportionate to

the needs of the case.  For example and without limitation the Request seeks "generally accepted

licensing practices" without limitation to any time period or accused functionality.

HTC further objects on the grounds that this Request seeks information not in HTC's

possession, custody, or control.  HTC further objects on the grounds that this Request seeks

information already in Plaintiffs' possession or available to Plaintiffs from other sources that are

more convenient, less burdensome or less expensive, including information available to Plaintiffs

from third parties or public sources.  HTC will exclude from its search publicly available

documents or documents available to Plaintiffs from other sources that are not otherwise in

HTC's possession, custody or control.

HTC further objects to the extent the Request calls for legal conclusions, namely what

constitutes a valuation or appraisal of any Asserted Patent.  HTC further objects on the grounds

that this Request seeks information protected from disclosure by the attorney-client privilege, the

attorney work product doctrine, or any other applicable privilege or immunity, including but not

limited to the common interest or joint defense privileges.  HTC will withhold privileged

documents.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

## DOCUMENT REQUEST NO. 90

All internal or third party analyses of the costs or benefits of licensing the Patent-in-Suit.

## RESPONSE TO DOCUMENT REQUEST NO. 90

HTC objects to this Request to the extent the terms "analyses," "costs or benefits," and "the Patent-in-Suit" are vague and ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.  For example and without limitation the Request seeks information without limitation to any time period.

HTC further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  HTC will withhold privileged documents.

146

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

## DOCUMENT REQUEST NO. 91

All articles, reports, or product reviews that discuss the benefits, uses, prices, and advantages or disadvantages of any of the Relevant Products.

## RESPONSE TO DOCUMENT REQUEST NO. 91

HTC objects to this Request to the extent the terms "articles," "reports," "product reviews," "benefits," "uses," "advantages or disadvantages" and "Relevant Products" are vague and ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case. For example and without limitation the Request seeks information without limitation to any time period or accused functionality.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent that this Request is unduly burdensome and overbroad, as it lacks any temporal limitation.  For example and without limitation the Request seeks "all articles, reports, or product reviews" without limitation to any time period.

HTC further objects on the grounds that this Request seeks information not in HTC's possession, custody, or control.  HTC further objects on the grounds that this Request seeks information already in Plaintiffs' possession or available to Plaintiffs from other sources that are more convenient, less burdensome or less expensive, including information available to Plaintiffs from third parties or public sources.  HTC will exclude from its search publicly available documents or documents available to Plaintiffs from other sources that are not otherwise in HTC's possession, custody or control.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No. 58).  HTC will accordingly limit its search to documents matching appropriate search terms held by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce relevant non-privileged documents responsive to this Request on a rolling basis, located in response to a reasonable search.  HTC intends to complete its production in response to this Request no later than the deadline for substantial completion of document production ordered by the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged responsive materials are being withheld.

**DOCUMENT REQUEST NO. 92**

All articles, reports, or product reviews that discuss any benefits, uses, and advantages or disadvantages of any of the Relevant Functionalities included in the Relevant Products.

**RESPONSE TO DOCUMENT REQUEST NO. 92**

HTC objects to this Request to the extent the terms "articles," "reports," "product reviews," "benefits," "uses," "advantages or disadvantages" and "Relevant Functionalities" are vague and ambiguous.  HTC further objects to the extent that this Request seeks information that is irrelevant to any claims or defenses in this action and is disproportionate to the needs of the case.  For example and without limitation the Request seeks information without limitation to any time period.  HTC will limit its search according to Plaintiffs' allegations including their disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c).

HTC further objects to the extent that this Request is unduly burdensome and overbroad, as it lacks any temporal limitation.  For example and without limitation the Request seeks "all articles, reports, or product reviews" without limitation to any time period.

HTC further objects on the grounds that this Request seeks information not in HTC's possession, custody, or control.  HTC further objects on the grounds that this Request seeks information already in Plaintiffs' possession or available to Plaintiffs from other sources that are more convenient, less burdensome or less expensive, including information available to Plaintiffs from third parties or public sources.  HTC will exclude from its search publicly available documents or documents available to Plaintiff from other sources that are not otherwise in HTC's possession, custody or control.

HTC further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon HTC that exceed or differ from those permitted by Federal

Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of

Electronically Stored Information ("ESI"), entered by the Court on October 7, 2016 (Docket No.

58).  HTC will accordingly limit its search to documents matching appropriate search terms held

by the custodians identified in its Initial Disclosures, as supplemented, in this action.

Subject to and without waiver of its general and specific objections, HTC will produce

relevant non-privileged documents responsive to this Request on a rolling basis, located in

response to a reasonable search.  HTC intends to complete its production in response to this

Request no later than the deadline for substantial completion of document production ordered by

the Court.  If necessary, HTC will supplement these Responses to state whether non-privileged

responsive materials are being withheld.


Dated:  November 17, 2016

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com

OF COUNSEL:

/s/ Ryan Hawkins
John Schnurer
Kevin Patariu
Ryan Hawkins
Louise Lu
Vinay Sathe
PERKINS COIE LLP
11988 El Camino Road, Suite 350
San Diego, CA 92130
(858) 720-5700
JSchnurer@perkinscoie.com
KPatariu@perkinscoie.com
RHawkins@perkinscoie.com
LLu@perkinscoie.com
VSathe@perkinscoie.com

Ryan McBrayer
Jonathan Putman
PERKINS COIE LLP
1201 Third Avenue
Suite 4900
Seattle, WA 98101

(206) 359-8000
RMcBrayer@perkinscoie.com
JPutman@perkinscoie.com

*Attorneys for Defendants HTC*
*Corp. and HTC America, Inc.*

# SHARRET EXHIBIT 110

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **KONINKLIJKE PHILIPS N.V.,** **U.S. PHILIPS CORPORATION,** | |
| **Plaintiffs,** | Case No.: 15-1126-GMS |
| **v.** | JURY TRIAL DEMANDED |
| **HTC CORP.,** **HTC AMERICA, INC.** | |
| **Defendants.** | |

**PLAINTIFFS' THIRD AMENDED IDENTIFICATION OF**
**THE HTC DEFENDANTS' ACCUSED PRODUCTS**

Pursuant to the Federal Rules of Civil Procedure, the Local Rules, the parties' Joint Proposed Order Amending Rule 16 Scheduling Order (D.I. 154) (as adopted-in-part by the Court's July 14, 2017 oral order), and the Delaware Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation (collectively, "Philips") hereby amend their identification of the accused products of Defendants HTC Corp. and HTC America, Inc. (collectively, "HTC").

This third amended identification of accused products is based upon information reasonably and presently available to Philips. Discovery is still ongoing, and HTC's document production and other discovery responses remain deficient, as documented in various correspondences between the parties. Therefore, and in accordance with the Federal Rules of Civil Procedure, the Local Rules, the parties' Joint Proposed Order Amending Rule 16 Scheduling Order (D.I. 154) (as adopted-in-part by the Court's July 14, 2017 oral order, and the

Delaware Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), Philips expressly reserves the right to modify, amend, retract, and/or supplement the disclosures made herein as additional evidence and information becomes available to Philips or as otherwise appropriate.

Plaintiffs' identification of an accused product for a patent embraces all variations of the accused product that also include the particular patent's accused functionality including, but not limited to, variations relating to the product's color, memory capacity (*e.g.*, amount of RAM), storage capacity (*e.g.*, hard drive capacity), wireless carrier, processor type, screen size and resolution, or accessories.

**Third Amended Identification of Accused Products for U.S. Patent No. RE 44,913**

The accused products for U.S. Patent No. RE 44,913 are HTC products that include the functionality described in Appendix A of Plaintiffs' Second Amended Infringement Contentions against the HTC Defendants, served on Defendants on September 29, 2017, or functionality similar thereto (*e.g.*, by being pre-loaded with, or otherwise upgraded to, the Android Operating System version 2.1 or higher), including, without limitation, the following:

- A6366; HTC Aria
- A8181; HTC Desire
- ADR6400; Incredible HD; HTC ThunderBolt
- ADR6425; HTC Vigor; HTC Droid Incredible HD; HTC Rezound; HTC Thunderbolt 2
- Droid Incredible
- HTC 10
- HTC Amaze 4G
- HTC Desire 510
- HTC Desire 512
- HTC Desire 520
- HTC Desire 526
- HTC Desire 610
- HTC Desire 612
- HTC Desire 626

ME1 25932807v.1

- HTC Desire 626s
- HTC Desire 816
- HTC Desire C
- HTC Desire Eye
- HTC Droid DNA
- HTC Droid Incredible 2
- HTC Droid Incredible 4G LTE
- HTC Evo 3D CDMA; HTC EVO V 4G (Virgin Mobile)
- HTC Evo 4G LTE
- HTC Evo Design 4G
- HTC First
- HTC Hero S
- HTC Inspire 4G
- HTC Nexus 9
- HTC One
- HTC One (E8); HTC One (E8) Ace; HTC One (E8) dual sim
- HTC One A9; HTC Aero
- HTC One M8
- HTC One M9
- HTC One Max; HTC T6
- HTC One Mini; HTC M4
- HTC One Remix
- HTC One S
- HTC One SV
- HTC One V
- HTC One VX
- HTC One X
- HTC One X AT&T
- HTC One X+
- HTC Puccini; Jetstream
- HTC Rhyme
- HTC Sensation
- HTC Sensation 4G
- HTC Status
- HTC Vivid
- HTC Wildfire S; HTC PG76110
- HTC Bolt
- HTC Desire 530
- Flyer
- Sensation
- Evo View 4G
- Merge
- Evo Shift 4G

-3-

- Thunderbolt
- Wildfire
- HTC One M8 Harman Kardon Edition
- HTC U11
- HTC U Ultra
- T-Mobile myTouch 4G
- T-Mobile G2
- T-Mobile myTouch 3G slide
- HTC Desire 555
- HTC Desire 550

The accused products for U.S. Patent No. RE 44,913 also include software updates that include the above-referenced functionality, which are developed and/or provided by HTC for HTC products.

**Third Amended Identification of Accused Products for U.S. Patent No. 6,690,387**

The accused products for U.S. Patent No. 6,690,387 are HTC products that include the functionality described in Appendix B of Plaintiffs' Second Amended Infringement Contentions against the HTC Defendants, served on Defendants on September 29, 2017, or functionality similar thereto (*e.g.*, by being pre-loaded with the Android Operating System version 2.1 or higher), including, without limitation, the following:

- A6366; HTC Aria
- A8181; HTC Desire
- ADR6400; Incredible HD; HTC ThunderBolt
- ADR6425; HTC Vigor; HTC Droid Incredible HD; HTC Rezound; HTC Thunderbolt 2
- Droid Incredible
- HTC 10
- HTC Amaze 4G
- HTC Desire 510
- HTC Desire 512
- HTC Desire 520
- HTC Desire 526
- HTC Desire 610
- HTC Desire 612
- HTC Desire 626
- HTC Desire 626s

-4-

- HTC Desire 816
- HTC Desire C
- HTC Desire Eye
- HTC Droid DNA
- HTC Droid Incredible 2
- HTC Droid Incredible 4G LTE
- HTC Evo 3D CDMA; HTC EVO V 4G (Virgin Mobile)
- HTC Evo 4G LTE
- HTC Evo Design 4G
- HTC First
- HTC Hero S
- HTC Inspire 4G
- HTC Nexus 9
- HTC One
- HTC One (E8); HTC One (E8) Ace; HTC One (E8) dual sim
- HTC One A9; HTC Aero
- HTC One M8
- HTC One M9
- HTC One Max; HTC T6
- HTC One Mini; HTC M4
- HTC One Remix
- HTC One S
- HTC One SV
- HTC One V
- HTC One VX
- HTC One X
- HTC One X AT&T
- HTC One X+
- HTC Puccini; Jetstream
- HTC Rhyme
- HTC Sensation
- HTC Sensation 4G
- HTC Status
- HTC Vivid
- HTC Wildfire S; HTC PG76110
- HTC Bolt
- HTC Desire 530
- Flyer
- Sensation
- Evo View 4G
- Merge
- Evo Shift 4G
- Thunderbolt

-5-

- Wildfire
- HTC One M8 Harman Kardon Edition
- HTC U11
- HTC U Ultra
- T-Mobile myTouch 4G
- T-Mobile G2
- T-Mobile myTouch 3G slide
- HTC Desire 555
- HTC Desire 550

The accused products for U.S. Patent No. 6,690,387 also include software updates that include the above-referenced functionality, which are developed and/or provided by HTC for HTC products.

**Third Amended Identification of Accused Products for U.S. Patent No. 7,184,064**

The accused products for U.S. Patent No. 7,184,064 are HTC products that include the functionality described in Appendix C of Plaintiffs' Second Amended Infringement Contentions against the HTC Defendants, served on Defendants on September 29, 2017, or functionality similar thereto (*e.g.*, by being pre-loaded with, or otherwise upgraded to, the Android Operating System version 2.1 or higher), including, without limitation, the following:

- A6366; HTC Aria
- A8181; HTC Desire
- ADR6400; Incredible HD; HTC ThunderBolt
- ADR6425; HTC Vigor; HTC Droid Incredible HD; HTC Rezound; HTC Thunderbolt 2
- Droid Incredible
- HTC 10
- HTC Amaze 4G
- HTC Desire 510
- HTC Desire 512
- HTC Desire 520
- HTC Desire 526
- HTC Desire 610
- HTC Desire 612
- HTC Desire 626
- HTC Desire 626s
- HTC Desire 816

-6-

- HTC Desire C
- HTC Desire Eye
- HTC Droid DNA
- HTC Droid Incredible 2
- HTC Droid Incredible 4G LTE
- HTC Evo 3D CDMA; HTC EVO V 4G (Virgin Mobile)
- HTC Evo 4G LTE
- HTC Evo Design 4G
- HTC First
- HTC Hero S
- HTC Inspire 4G
- HTC Nexus 9
- HTC One
- HTC One (E8); HTC One (E8) Ace; HTC One (E8) dual sim
- HTC One A9; HTC Aero
- HTC One M8
- HTC One M9
- HTC One Max; HTC T6
- HTC One Mini; HTC M4
- HTC One Remix
- HTC One S
- HTC One SV
- HTC One V
- HTC One VX
- HTC One X
- HTC One X AT&T
- HTC One X+
- HTC Puccini; Jetstream
- HTC Rhyme
- HTC Sensation
- HTC Sensation 4G
- HTC Status
- HTC Vivid
- HTC Wildfire S; HTC PG76110
- HTC Bolt
- HTC Desire 530
- Flyer
- Sensation
- Evo View 4G
- Merge
- Evo Shift 4G
- Thunderbolt
- Wildfire

-7-

- HTC One M8 Harman Kardon Edition
- HTC U11
- HTC U Ultra
- T-Mobile myTouch 4G
- T-Mobile G2
- T-Mobile myTouch 3G slide
- HTC Desire 555
- HTC Desire 550

The accused products for U.S. Patent No. 7,184,064 also include software updates that include the above-referenced functionality, which are developed and/or provided by HTC for HTC products.

## Third Amended Identification of Accused Products for U.S. Patent No. 7,529,806

The accused products for U.S. Patent No. 7,529,806 are HTC products that include the functionality described in Appendix D of Plaintiffs' Second Amended Infringement Contentions against the HTC Defendants, served on Defendants on September 29, 2017, or functionality similar thereto (*e.g.*, by being pre-loaded with, or otherwise upgraded to, the Android Operating System version 3.0 or higher and/or the YouTube application; Google Play Movies & TV application, "Internet" application, and/or Chrome Browser), including, without limitation, the following:

- ADR6400; Incredible HD; HTC ThunderBolt
- ADR6425; HTC Vigor; HTC Droid Incredible HD; HTC Rezound; HTC Thunderbolt 2
- HTC 10
- HTC Amaze 4G
- HTC Desire 510
- HTC Desire 512
- HTC Desire 520
- HTC Desire 526
- HTC Desire 610
- HTC Desire 612
- HTC Desire 626
- HTC Desire 626s
- HTC Desire 816

- HTC Desire C
- HTC Desire Eye
- HTC Droid DNA
- HTC Droid Incredible 2
- HTC Droid Incredible 4G LTE
- HTC Evo 3D CDMA; HTC EVO V 4G (Virgin Mobile)
- HTC Evo 4G LTE
- HTC Evo Design 4G
- HTC First
- HTC Nexus 9
- HTC One
- HTC One (E8); HTC One (E8) Ace; HTC One (E8) dual sim
- HTC One A9; HTC Aero
- HTC One M8
- HTC One M9
- HTC One Max; HTC T6
- HTC One Mini; HTC M4
- HTC One Remix
- HTC One S
- HTC One SV
- HTC One V
- HTC One VX
- HTC One X
- HTC One X AT&T
- HTC One X+
- HTC Puccini; Jetstream
- HTC Rhyme
- HTC Sensation
- HTC Sensation 4G
- HTC Vivid
- HTC Bolt
- HTC Desire 530
- Flyer
- Sensation
- Evo View 4G
- Merge
- Evo Shift 4G
- Thunderbolt
- Wildfire
- HTC One M8 Harman Kardon Edition
- HTC U11
- HTC U Ultra
- T-Mobile myTouch 4G

- T-Mobile G2
- T-Mobile myTouch 3G slide
- HTC Desire 555
- HTC Desire 550

The accused products for U.S. Patent No. 7,529,806 also include software updates that include the above-referenced functionality, which are developed and/or provided by HTC for HTC products.

## Third Amended Identification of Accused Products for U.S. Patent No. 5,910,797

The accused products for U.S. Patent No. 5,910,797 are HTC products that include the functionality described in Appendix E of Plaintiffs' Second Amended Infringement Contentions against the HTC Defendants, served on Defendants on September 29, 2017, or functionality similar thereto (*e.g.*, by being pre-loaded with, or otherwise upgraded to, the Android Operating System version 3.2 or higher), including, without limitation, the following:

- ADR6400; Incredible HD; HTC ThunderBolt
- ADR6425; HTC Vigor; HTC Droid Incredible HD; HTC Rezound; HTC Thunderbolt 2
- HTC 10
- HTC Amaze 4G
- HTC Desire 510
- HTC Desire 512
- HTC Desire 520
- HTC Desire 526
- HTC Desire 610
- HTC Desire 612
- HTC Desire 626
- HTC Desire 626s
- HTC Desire 816
- HTC Desire C
- HTC Desire Eye
- HTC Droid DNA
- HTC Droid Incredible 2
- HTC Droid Incredible 4G LTE
- HTC Evo 3D CDMA; HTC EVO V 4G (Virgin Mobile)
- HTC Evo 4G LTE
- HTC Evo Design 4G

-10-

- HTC First
- HTC Nexus 9
- HTC One
- HTC One (E8); HTC One (E8) Ace; HTC One (E8) dual sim
- HTC One A9; HTC Aero
- HTC One M8
- HTC One M9
- HTC One Max; HTC T6
- HTC One Mini; HTC M4
- HTC One Remix
- HTC One S
- HTC One SV
- HTC One V
- HTC One VX
- HTC One X
- HTC One X AT&T
- HTC One X+
- HTC Puccini; Jetstream
- HTC Rhyme
- HTC Sensation
- HTC Sensation 4G
- HTC Status
- HTC Vivid
- HTC Bolt
- HTC Desire 530
- Flyer
- Thunderbolt
- HTC One M8 Harman Kardon Edition

The accused products for U.S. Patent No. 5,910,797 also include software updates that include the above-referenced functionality, which are developed and/or provided by HTC for HTC products.

**Third Amended Identification of Accused Products for U.S. Patent No. 6,522,695**

The accused products for U.S. Patent No. 6,522,695 are HTC products that include the functionality described in Appendix F of Plaintiffs' Second Amended Infringement Contentions against the HTC Defendants, served on Defendants on September 29, 2017, or functionality similar thereto (*e.g.*, by being pre-loaded with, or otherwise upgraded to, the Android Operating

-11-

System version 3.1 or higher, or otherwise supporting playback of a FLAC audio signal),

including, without limitation, the following:

- ADR6400; Incredible HD; HTC ThunderBolt
- ADR6425; HTC Vigor; HTC Droid Incredible HD; HTC Rezound; HTC Thunderbolt 2
- HTC 10
- HTC Amaze 4G
- HTC Desire 510
- HTC Desire 512
- HTC Desire 520
- HTC Desire 526
- HTC Desire 610
- HTC Desire 612
- HTC Desire 626
- HTC Desire 626s
- HTC Desire 816
- HTC Desire C
- HTC Desire Eye
- HTC Droid DNA
- HTC Droid Incredible 2
- HTC Droid Incredible 4G LTE
- HTC Evo 3D CDMA; HTC EVO V 4G (Virgin Mobile)
- HTC Evo 4G LTE
- HTC Evo Design 4G
- HTC First
- HTC Nexus 9
- HTC One
- HTC One (E8); HTC One (E8) Ace; HTC One (E8) dual sim
- HTC One A9; HTC Aero
- HTC One M8
- HTC One M9
- HTC One Max; HTC T6
- HTC One Mini; HTC M4
- HTC One Remix
- HTC One S
- HTC One SV
- HTC One V
- HTC One VX
- HTC One X
- HTC One X AT&T
- HTC One X+
- HTC Puccini; Jetstream

-12-

- HTC Rhyme
- HTC Sensation
- HTC Sensation 4G
- HTC Vivid
- HTC Bolt
- HTC Desire 530
- Flyer
- Thunderbolt
- HTC One M8 Harman Kardon Edition
- HTC U11
- HTC U Ultra
- HTC Desire 555
- HTC Desire 550

The accused products for U.S. Patent No. 6,522,695 also include software updates that include the above-referenced functionality, which are developed and/or provided by HTC for HTC products.

**Third Amended Identification of Accused Products for U.S. Patent No. RE 44,006**

The accused products for U.S. Patent No. RE 44,006 are HTC products that include the functionality described in Appendix G of Plaintiffs' Second Amended Infringement Contentions against the HTC Defendants, served on Defendants on September 29, 2017, or functionality similar thereto (*e.g.*, by being pre-loaded with, or otherwise upgraded to, the Android Operating System version 5.0 or higher), including, without limitation, the following:

- HTC 10
- HTC Desire 520
- HTC Desire 526
- HTC Desire 626
- HTC Desire 626s
- HTC Desire Eye
- HTC Nexus 9
- HTC One
- HTC One (E8); HTC One (E8) Ace; HTC One (E8) dual sim
- HTC One A9; HTC Aero
- HTC One M8
- HTC One M9

-13-

- HTC One Max; HTC T6
- HTC Bolt
- HTC Desire 530

The accused products for U.S. Patent No. RE 44,006 also include software updates that include the above-referenced functionality, which are developed and/or provided by HTC for HTC products.

**Third Amended Identification of Accused Products for U.S. Patent No. 8,543,819**

The accused products for U.S. Patent No. 8,543,819 are HTC products that include the functionality described in Appendix H of Plaintiffs' Second Amended Infringement Contentions against the HTC Defendants, served on Defendants on September 29, 2017, or functionality similar thereto (*e.g.*, by supporting the High-bandwidth Digital Content Protection ("HDCP") revision 2.x), including, without limitation, the following:

- ADR6425; HTC Vigor; HTC Droid Incredible HD; HTC Rezound; HTC Thunderbolt 2
- HTC 10
- HTC Amaze 4G
- HTC Desire 510
- HTC Desire 610
- HTC Desire 816
- HTC Droid DNA
- HTC Evo 3D CDMA; HTC EVO V 4G (Virgin Mobile)
- HTC Evo 4G LTE
- HTC First
- HTC One
- HTC One M8
- HTC One M9
- HTC One Max; HTC T6
- HTC One S
- HTC One V
- HTC One X
- HTC One X+
- HTC Puccini; Jetstream
- HTC Sensation
- HTC Sensation 4G
- HTC Vivid

-14-

- HTC Bolt
- Desire 555
- Desire 550
- HTC U11
- HTC U Ultra

The accused products for U.S. Patent No. 8,543,819 also include software updates that include the above-referenced functionality, which are developed and/or provided by HTC for HTC products.

**Third Amended Identification of Accused Products for U.S. Patent No. 9,436,809**

The accused products for U.S. Patent No. 9,436,809 are HTC products that include the functionality described in Appendix I of Plaintiffs' Second Amended Infringement Contentions against the HTC Defendants, served on Defendants on September 29, 2017, or functionality similar thereto (*e.g.*, by supporting the High-bandwidth Digital Content Protection ("HDCP") revision 2.x), including, without limitation, the following:

- ADR6425; HTC Vigor; HTC Droid Incredible HD; HTC Rezound; HTC Thunderbolt 2
- HTC 10
- HTC Amaze 4G
- HTC Desire 510
- HTC Desire 610
- HTC Desire 816
- HTC Droid DNA
- HTC Evo 3D CDMA; HTC EVO V 4G (Virgin Mobile)
- HTC Evo 4G LTE
- HTC First
- HTC One
- HTC One M8
- HTC One M9
- HTC One Max; HTC T6
- HTC One S
- HTC One V
- HTC One X
- HTC One X+
- HTC Puccini; Jetstream
- HTC Sensation

-15-

- HTC Sensation 4G
- HTC Vivid
- HTC Bolt
- Desire 555
- Desire 550
- HTC U11
- HTC U Ultra

The accused products for U.S. Patent No. 9,436,809 also include software updates that include the above-referenced functionality, which are developed and/or provided by HTC for HTC products.

**Third Amended Identification of Accused Products for U.S. Patent No. 6,772,114**

The accused products for U.S. Patent No. 6,772,114 are HTC products that include the functionality described in Appendix J of Plaintiffs' Second Amended Infringement Contentions against the HTC Defendants, served on Defendants on September 29, 2017, or functionality similar thereto (*e.g.*, by being pre-loaded with, or otherwise upgraded to, the Android Operating System version 2.1 or higher, or otherwise supporting playback of an AMR-WB audio file encoded in 23.85 kbit/s mode), including, without limitation, the following:

- A6366; HTC Aria
- A8181; HTC Desire
- ADR6400; Incredible HD; HTC ThunderBolt
- ADR6425; HTC Vigor; HTC Droid Incredible HD; HTC Rezound; HTC Thunderbolt 2
- Droid Incredible
- HTC 10
- HTC Amaze 4G
- HTC Desire 510
- HTC Desire 512
- HTC Desire 520
- HTC Desire 526
- HTC Desire 610
- HTC Desire 612
- HTC Desire 626
- HTC Desire 626s
- HTC Desire 816

-16-

- HTC Desire C
- HTC Desire Eye
- HTC Droid DNA
- HTC Droid Incredible 2
- HTC Droid Incredible 4G LTE
- HTC Evo 3D CDMA; HTC EVO V 4G (Virgin Mobile)
- HTC Evo 4G LTE
- HTC Evo Design 4G
- HTC First
- HTC Hero S
- HTC Inspire 4G
- HTC Nexus 9
- HTC One
- HTC One (E8); HTC One (E8) Ace; HTC One (E8) dual sim
- HTC One A9; HTC Aero
- HTC One M8
- HTC One M9
- HTC One Max; HTC T6
- HTC One Mini; HTC M4
- HTC One Remix
- HTC One S
- HTC One SV
- HTC One V
- HTC One VX
- HTC One X
- HTC One X AT&T
- HTC One X+
- HTC Puccini; Jetstream
- HTC Rhyme
- HTC Sensation
- HTC Sensation 4G
- HTC Status
- HTC Vivid
- HTC Wildfire S; HTC PG76110
- HTC Bolt
- HTC Desire 530
- Flyer
- Sensation
- Evo View 4G
- Merge
- Evo Shift 4G
- Thunderbolt
- Wildfire

-17-

- HTC One M8 Harman Kardon Edition
- HTC U11
- HTC U Ultra
- T-Mobile myTouch 4G
- T-Mobile G2
- T-Mobile myTouch 3G slide
- HTC Desire 555
- HTC Desire 550

The accused products for U.S. Patent No. 6,772,114 also include software updates that include the above-referenced functionality, which are developed and/or provided by HTC for HTC products.

**Third Amended Identification of Accused Products for U.S. Patent No. RE 43,564**

The accused products for U.S. Patent No. RE 43,564 are HTC products that include the functionality described in Appendix K of Plaintiffs' Second Amended Infringement Contentions against the HTC Defendants, served on Defendants on September 29, 2017, or functionality similar thereto (*e.g.*, by being pre-loaded with, or otherwise upgraded to, the Android Operating System version 2.1 or higher), including, without limitation, the following:

- A6366; HTC Aria
- A8181; HTC Desire
- ADR6400; Incredible HD; HTC ThunderBolt
- ADR6425; HTC Vigor; HTC Droid Incredible HD; HTC Rezound; HTC Thunderbolt 2
- Droid Incredible
- HTC 10
- HTC Amaze 4G
- HTC Desire 510
- HTC Desire 512
- HTC Desire 520
- HTC Desire 526
- HTC Desire 610
- HTC Desire 612
- HTC Desire 626
- HTC Desire 626s
- HTC Desire 816
- HTC Desire C

-18-

- HTC Desire Eye
- HTC Droid DNA
- HTC Droid Incredible 2
- HTC Droid Incredible 4G LTE
- HTC Evo 3D CDMA; HTC EVO V 4G (Virgin Mobile)
- HTC Evo 4G LTE
- HTC Evo Design 4G
- HTC First
- HTC Hero S
- HTC Inspire 4G
- HTC Nexus 9
- HTC One
- HTC One (E8); HTC One (E8) Ace; HTC One (E8) dual sim
- HTC One A9; HTC Aero
- HTC One M8
- HTC One M9
- HTC One Max; HTC T6
- HTC One Mini; HTC M4
- HTC One Remix
- HTC One S
- HTC One SV
- HTC One V
- HTC One VX
- HTC One X
- HTC One X AT&T
- HTC One X+
- HTC Puccini; Jetstream
- HTC Rhyme
- HTC Sensation
- HTC Sensation 4G
- HTC Status
- HTC Vivid
- HTC Wildfire S; HTC PG76110
- HTC Bolt
- HTC Desire 530
- Flyer
- Sensation
- Evo View 4G
- Merge
- Evo Shift 4G
- Thunderbolt
- Wildfire
- HTC One M8 Harman Kardon Edition

-19-

- HTC U11
- HTC U Ultra
- T-Mobile myTouch 4G
- T-Mobile G2
- T-Mobile myTouch 3G slide
- HTC Desire 555
- HTC Desire 550

The accused products for U.S. Patent No. RE 43,564 also include software updates that include the above-referenced functionality, which are developed and/or provided by HTC for HTC products.

ME1 25932807v.1

Dated: October 20, 2017

MCCARTER & ENGLISH, LLP

/s/ Daniel M. Silver
Michael P. Kelly (#2295)
Daniel M. Silver (#4758)
Benjamin A. Smyth (#5528)

Michael P. Sandonato
John D. Carlin
Christopher M. Gerson
Jonathan M. Sharret
Daniel A. Apgar
Robert S. Pickens
Sean M. McCarthy
Jaime F. Cardenas-Navia
Joyce L. Nadipuram
FITZPATRICK, CELLA, HARPER &
SCINTO
1290 Avenue of the Americas
New York, New York 10104-3800
Tel: (212) 218-2100
Fax: (212) 218-2200
msandonato@fchs.com
jcarlin@fchs.com
cgerson@fchs.com
jsharret@fchs.com
dapgar@fchs.com
rpickens@fchs.com
smccarthy@fchs.com
jcardenas-navia@fchs.com
jnadipuram@fchs.com

Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
mkelly@mccarter.com
dsilver@mccarter.com
bsmyth@mccarter.com

*Attorneys for Plaintiffs*

-21-

ME1 25932807v.1