# SHARRET EXHIBIT 205

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____

|  |  |  |
|---|---|---|
| KONINKLIJKE PHILIPS N.V. and | ) | |
| U.S. PHILIPS CORPORATION, | ) | |
|       Plaintiffs, | ) | No. 15-1125 (GMS) |
| v. | ) | |
| | ) | |
| ASUSTEK COMPUTER INC. and | ) | |
| ASUS COMPUTER INTERNATIONAL, | ) | |
|       Defendants. | ) | |
| | ) | |
| MICROSOFT CORPORATION, | ) | |
|       Intervenor-Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| KONINKLIJKE PHILIPS N.V. and | ) | |
| U.S. PHILIPS CORPORATION, | ) | |
|       Intervenor-Defendants. | ) | |
| | ) | |
| KONINKLIJKE PHILIPS N.V. and | ) | |
| U.S. PHILIPS CORPORATION, | ) | |
|       Intervenor-Defendants/ | ) | |
|       Counterclaim-Plaintiffs in Intervention, | ) | |
| v. | ) | |
| | ) | |
| MICROSOFT CORPORATION | ) | |
|       Intervenor-Plaintiff/Counterclaim- | ) | |
|       Defendant in Intervention | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MICROSOFT MOBILE INC., | ) | |
|       Counterclaim Defendant in Intervention. | ) | |

_____)

_____

KONINKLIJKE PHILIPS N.V. and )
U.S. PHILIPS CORPORATION, )
        Plaintiffs, )     No. 15-1126 (GMS)
v. )
  )
HTC CORP. and )
HTC AMERICA, INC., )
        Defendants. )
_____)

  )
KONINKLIJKE PHILIPS N.V. and )
U.S. PHILIPS CORPORATION, )
        Plaintiffs, )     No. 15-1127 (GMS)
v. )
  )
VISUAL LAND INC., )
        Defendant. )
  )
MICROSOFT CORPORATION, )
        Intervenor-Plaintiff, )
v. )
  )
KONINKLIJKE PHILIPS N.V. and )
U.S. PHILIPS CORPORATION, )
        Intervenor-Defendants. )
  )
KONINKLIJKE PHILIPS N.V. and )
U.S. PHILIPS CORPORATION, )
        Intervenor-Defendants/ )
        Counterclaim-Plaintiffs in Intervention, )
v. )
  )
MICROSOFT CORPORATION )
        Intervenor-Plaintiff/Counterclaim- )
        Defendant in Intervention )
  )
and )
  )
MICROSOFT MOBILE INC., )
        Counterclaim Defendant in Intervention. )
_____)

_____   )
                                            )
KONINKLIJKE PHILIPS N.V. and               )
U.S. PHILIPS CORPORATION,                   )
                Plaintiffs,                 )        No. 15-1130 (GMS)
v.                                          )
                                            )
DOUBLE POWER TECHNOLOGY, INC., ZOWEE        )
MARKTETING CO. LTD., and SHENZEN ZOWEE      )
TECHNOLOGY CO., LTD.,                       )
                Defendants.                 )
                                            )
MICROSOFT CORPORATION,                      )
                Intervenor-Plaintiff,       )
v.                                          )
                                            )
KONINKLIJKE PHILIPS N.V. and               )
U.S. PHILIPS CORPORATION,                   )
                Intervenor-Defendants.      )
                                            )
KONINKLIJKE PHILIPS N.V. and               )
U.S. PHILIPS CORPORATION,                   )
                Intervenor-Defendants/      )
                Counterclaim-Plaintiffs in Intervention,  )
v.                                          )
                                            )
MICROSOFT CORPORATION                       )
                Intervenor-Plaintiff/Counterclaim-   )
                Defendant in Intervention   )
                                            )
and                                         )
                                            )
MICROSOFT MOBILE INC.,                      )
                Counterclaim Defendant in Intervention.   )
_____   )
                                            )
KONINKLIJKE PHILIPS N.V. and               )
U.S. PHILIPS CORPORATION,                   )
                Plaintiffs,                 )        No. 15-1131 (GMS)
v.                                          )
                                            )
YIFANG USA, INC D/B/A E-FUN, INC.,          )
                Defendant.                  )
                                            )

MICROSOFT CORPORATION,                                            )
          Intervenor-Plaintiff,                        )
v.                                                               )
                                                                )
KONINKLIJKE PHILIPS N.V. and                                     )
U.S. PHILIPS CORPORATION,                                        )
          Intervenor-Defendants.                       )
                                                                )
KONINKLIJKE PHILIPS N.V. and                                     )
U.S. PHILIPS CORPORATION,                                        )
          Intervenor-Defendants/                       )
          Counterclaim-Plaintiffs in Intervention,     )
v.                                                               )
                                                                )
MICROSOFT CORPORATION                                            )
          Intervenor-Plaintiff/Counterclaim-          )
          Defendant in Intervention                    )
                                                                )
and                                                              )
                                                                )
MICROSOFT MOBILE INC.,                                           )
          Counterclaim Defendant in Intervention.      )
_____                  )
                                                                )
KONINKLIJKE PHILIPS N.V. and                                     )
U.S. PHILIPS CORPORATION,                                        )
          Plaintiffs,                                  )    No. 15-1170 (GMS)
v.                                                               )
                                                                )
ACER INC., and                                                   )
ACER AMERICA CORPORATION,                                        )
          Defendants.                                  )
                                                                )
MICROSOFT CORPORATION,                                           )
          Intervenor-Plaintiff,                        )
v.                                                               )
                                                                )
KONINKLIJKE PHILIPS N.V. and                                     )
U.S. PHILIPS CORPORATION,                                        )
          Intervenor-Defendants.                       )
                                                                )
KONINKLIJKE PHILIPS N.V. and                                     )
U.S. PHILIPS CORPORATION,                                        )
          Intervenor-Defendants/                       )
          Counterclaim-Plaintiffs in Intervention,     )

v.                                              )
                                                )
MICROSOFT CORPORATION                           )
        Intervenor-Plaintiff/Counterclaim-      )
        Defendant in Intervention               )
                                                )
and                                             )
                                                )
MICROSOFT MOBILE INC.,                          )
        Counterclaim Defendant in Intervention. )
_____ )


**RESPONSES AND OBJECTIONS OF NON-PARTY GOOGLE LLC
TO OCTOBER 17, 2017 SUBPOENA SERVED BY PLAINTIFFS
KONINKLIJKE PHILIPS N.V. AND U.S. PHILIPS CORPORATION**

Google Inc. is now Google LLC and will respond to this legal process as if it was

directed to Google LLC.  Any future communications should be directed to Google LLC.

Non-party Google LLC ("Google") responds and objects to the subpoena ("Subpoena") served

by Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation (together, "Philips") on

October 17, 2017, and each Document Request ("Request") and Deposition Topic ("Topic")

therein, set forth as follows:

### GENERAL OBJECTIONS

1.      Google objects to the Subpoena's purported production and deposition date of

November 7, 2017, which does not provide sufficient time for Google to collect and produce

documents in response to the Requests, or to prepare testimony in response to the Topics.

Subject to its General and Specific Objections, Google will produce documents at a reasonable

time following its search, and will appear for deposition at a date and time agreed by counsel.

2.      Google objects to the Subpoena as unduly burdensome and harassing to the extent

that it seeks to impose burdens, requirements or obligations that exceed or differ from those

permitted by Federal Rules of Civil Procedure 26(b) and 45, the local rules of this Court, or the

discovery orders in these actions.

3.      Google objects to the Subpoena to the extent that it seeks information protected

from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint

defense or common interest privilege, or any other applicable privileges and protections.  Google

does not intend to provide such information in response to the Subpoena, and does not waive any

privilege, right, or ground for objecting to providing such information through any inadvertent

disclosure.

4.     Google objects to the Subpoena to the extent that it calls for legal conclusions.

5.     Google objects to the Subpoena to the extent that it calls for the disclosure of proprietary or other confidential testimony.  Google will only provide such disclosure subject to an appropriate protective order governing confidential business information.

6.     Google objects to the Subpoena to the extent that it calls for the disclosure of proprietary or confidential source code.  Google will only provide such disclosure subject to all pertinent objections set forth herein and an appropriate protective order governing confidential source code.

7.     Google objects to the Subpoena to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence nor limited to a relevant time period.

8.     Google objects to the Subpoena to the extent that it seeks information not within Google's possession, custody, or control.

9.     Google objects to the Subpoena to the extent that the "Definitions and Instructions" purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific Request or Topic to render it vague, ambiguous, overbroad, unduly burdensome, harassing, incomprehensible, calling for production that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, or otherwise objectionable.

10.     Google objects to Philips' definition of the terms "Google," "You," "Your," "Philips," "Plaintiffs," and "Defendants" on the grounds that they are vague, ambiguous, unduly broad and overly burdensome, and purport to impose burdens or requirements upon Google that

exceed or differ from the requirements of Federal Rules of Civil Procedure 26(b) and 45, the local rules of this Court, or the discovery orders in these actions.

11.     Google objects to Philips' definition of the term "Related Litigations" on the grounds that it is vague, ambiguous, unduly broad and overly burdensome, and purports to impose burdens or requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil Procedure 26(b) and 45, the local rules of this Court, or the discovery orders in these actions.

12.     Google objects to Philips' definition of the term "Relevant Hardware Products" on the grounds it is vague, ambiguous, unduly broad and overly burdensome, and purport to impose burdens or requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil Procedure 26(b) and 45, the local rules of this Court, or the discovery orders in these actions.

13.     Google objects to Philips' definition of the term "Defendants' Accused Products" on the grounds it is vague, ambiguous, unduly broad and overly burdensome, and purport to impose burdens or requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil Procedure 26(b) and 45, the local rules of this Court, or the discovery orders in these actions.

14.     Google objects to Philips' definition of the terms "Asserted Patents" and "Patents-in-Suit" on the grounds that they are vague, ambiguous, unduly broad and overly burdensome, and purport to impose burdens or requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil Procedure 26(b) and 45, the local rules of this Court, or the discovery orders in these actions.

15.     Google objects to Philips' definition of the term "Relevant Date" on the grounds that it is vague, ambiguous, unduly broad and overly burdensome, and purports to impose burdens or requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil Procedure 26(b) and 45, the local rules of this Court, or the discovery orders in these actions.

16.     Google objects to Philips' definition of the terms "communication," "concerning," "relate to," "related to," "relating to," "any," "all," "and," and "or" on the grounds that they are vague, ambiguous, unduly broad and overly burdensome, and purport to impose burdens or requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil Procedure 26(b) and 45, the local rules of this Court, or the discovery orders in these actions.

17.     Google objects to Philips' three definitions of the term "identify" on the grounds that they are vague, ambiguous, unduly broad and overly burdensome, and purport to impose burdens or requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil Procedure 26(b) and 45, the local rules of this Court, or the discovery orders in these actions.

18.     Google objects to Philips' definition of the terms "person," "document," "thing," and "product" on the grounds that they are vague, ambiguous, unduly broad and overly burdensome, and purport to impose burdens or requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil Procedure 26(b) and 45, the local rules of this Court, or the discovery orders in these actions.

19.     Google objects to Philips' definition of the terms "Related Patents" and "Related Applications" on the grounds that they are vague, ambiguous, unduly broad and overly burdensome, and purport to impose burdens or requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil Procedure 26(b) and 45, the local rules of this Court, or the discovery orders in these actions.

20.     Google objects to Philips' definition of the terms "infringe" and "infringement" on the grounds that they are vague, ambiguous, unduly broad and overly burdensome, and purport to impose burdens or requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil Procedure 26(b) and 45, the local rules of this Court, or the discovery orders in these actions.

21.     Google objects to Philips' definition of the term "Prior art" on the grounds that it is vague, ambiguous, unduly broad and overly burdensome, and purports to impose burdens or requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil Procedure 26(b) and 45, the local rules of this Court, or the discovery orders in these actions.

22.     Google objects to Philips' definition of the term "Transfer of Rights" on the grounds that it is vague, ambiguous, unduly broad and overly burdensome, and purports to impose burdens or requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil Procedure 26(b) and 45, the local rules of this Court, or the discovery orders in these actions.

23.     Google objects to Philips' "Instructions" on the grounds that they are vague, ambiguous, unduly broad and overly burdensome, and purport to impose burdens or

requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil

Procedure 26(b) and 45, the local rules of this Court, or the discovery orders in these actions.

24.    Google's response to the Subpoena will be based upon the information reasonably

available to Google at the time of production.  Further discovery, investigation, legal research

and analysis may supply additional facts, information or documents, or add meaning to known

facts, information or documents.  Google provides any response to the Subpoena without

prejudice to its right to provide subsequently discovered or compiled facts, information or

documents, or to supplement or modify its production or testimony.

25.    Any response or objection by Google to the Subpoena does not constitute a

representation or admission that information exists or is known to Google.

26.    Google objects to the Subpoena to the extent that it seeks information confidential

or proprietary to third parties, which Google is contractually required to maintain confidential.

Google will produce this information, to the extent relevant and responsive, only in accordance

with its obligations under these confidentiality agreements or if ordered by the Court.

27.    Google objects to the Subpoena to the extent that it is improperly duplicative or

cumulative of other discovery.

28.    Google objects to the Subpoena to the extent that it seeks premature expert

testimony.

29.    Google objects to the Subpoena to the extent that it seeks information already in

Philips' possession or available to Philips from another source that is more convenient, less

burdensome or less expensive, including information available to Philips from public sources or

parties to these actions.

## SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

## DOCUMENT REQUEST NO. 1:

Source code for a representative version of the Google Play Movies & TV Android application supporting HLS media streaming technology, MPEG-DASH media streaming technology, or adaptive bit-rate streaming technology, which was pre-loaded on the Relevant Hardware Products or Defendants' Accused Products.

## RESPONSE TO DOCUMENT REQUEST NO. 1:

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects to this Request on the grounds that the terms "representative version," "Google Play Movies & TV Android application," "supporting," "HLS media streaming technology," "MPEG-DASH media streaming technology," and "adaptive bit-rate streaming technology" are vague and ambiguous. Google further objects to this Request on the grounds that it seeks information that is neither relevant to any claims or defenses in this investigation nor reasonably calculated to lead to the discovery of admissible evidence. Google further objects to this Request on the grounds that it is overly broad, unduly burdensome, oppressive, and duplicative. Google further objects to this Request on the grounds that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privileges and protections. Google further objects to this Request on the grounds that it calls for legal conclusions.

Subject to and without waiver of its general and specific objections, Google will produce non-privileged documents responsive to this Request and relevant to the functionality accused of infringement located in response to a reasonable search.

**DOCUMENT REQUEST NO. 2:**

Source code for a representative version of the Google Chrome Android application (web browser) supporting scrolling and magnification (including double tap to zoom, pinch to zoom, and link magnification), which was pre-loaded on the Relevant Hardware Products or Defendants' Accused Products.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects to this Request on the grounds that the terms "representative version," "Google Chrome Android application (web browser)," "supporting," "scrolling," "magnification," "including," "double tap to zoom," "pinch to zoom," and "link magnification" are vague and ambiguous. Google further objects to this Request on the grounds that it seeks information that is neither relevant to any claims or defenses in this investigation nor reasonably calculated to lead to the discovery of admissible evidence. Google further objects to this Request on the grounds that it is overly broad, unduly burdensome, oppressive, and duplicative. Google further objects to this Request on the grounds that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privileges and protections. Google further objects to this Request on the grounds that it calls for legal conclusions.

Subject to and without waiver of its general and specific objections, Google will produce non-privileged documents responsive to this Request and relevant to the functionality accused of infringement located in response to a reasonable search.

**DOCUMENT REQUEST NO. 3:**

All documents related to the design, development, structure, implementation, operation, testing, and support for HLS media streaming technology, MPEG-DASH media streaming technology, or adaptive bit-rate streaming technology in the Google Play Movies & TV Android application.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects to this Request on the grounds that the terms "design, development, structure, implementation, operation, testing, and support," "HLS media streaming technology," "MPEG-DASH media streaming technology," "adaptive bit-rate streaming technology," and "Google Play Movies & TV Android application" are vague and ambiguous. Google further objects to this Request on the grounds that it seeks information that is neither relevant to any claims or defenses in this investigation nor reasonably calculated to lead to the discovery of admissible evidence. Google further objects to this Request on the grounds that it is overly broad, unduly burdensome, oppressive, and duplicative. Google further objects to this Request on the grounds that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privileges and protections. Google further objects to this Request on the grounds that it calls for legal conclusions.

Subject to and without waiver of its general and specific objections, Google will produce non-privileged documents responsive to this Request and relevant to the functionality accused of infringement located in response to a reasonable search.

**DOCUMENT REQUEST NO. 4:**

All documents related to the design, development, structure, implementation, operation, testing, and support for scrolling and magnification (including double tap to zoom, pinch to zoom, and link magnification) in the Google Chrome Android application (web browser).

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects to this Request on the grounds that the terms "design, development, structure, implementation, operation, testing, and support," "scrolling," "magnification," "including," "double tap to zoom," "pinch to zoom," "link magnification," and "Google Chrome Android application (web browser)" are vague and ambiguous. Google further objects to this Request on the grounds that it seeks information that is neither relevant to any claims or defenses in this investigation nor reasonably calculated to lead to the discovery of admissible evidence. Google further objects to this Request on the grounds that it is overly broad, unduly burdensome, oppressive, and duplicative. Google further objects to this Request on the grounds that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privileges and protections. Google further objects to this Request on the grounds that it calls for legal conclusions.

Subject to and without waiver of its general and specific objections, Google will produce non-privileged documents responsive to this Request and relevant to the functionality accused of infringement located in response to a reasonable search.

<u>**SPECIFIC RESPONSES AND OBJECTIONS TO DEPOSITION TOPICS**</u>

<u>**DEPOSITION TOPIC NO. 1:**</u>

 The subject matter, content and authenticity of all Documents and Things produced by You in response to Schedule A.

<u>**RESPONSE TO DEPOSITION TOPIC NO. 1:**</u>

 Google incorporates by reference its General Objections as though fully set forth herein. Google further objects to this Topic on the grounds that the terms "subject matter," "content," and "authenticity" are vague and ambiguous.  Google further objects to this Topic on the grounds that it seeks information that is neither relevant to any claims or defenses in this investigation nor reasonably calculated to lead to the discovery of admissible evidence.  Google further objects to this Topic on the grounds that it is overly broad, unduly burdensome, oppressive, and duplicative.  Google further objects to this Topic on the grounds that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege or any other applicable privileges and protections. Google further objects to this Topic on the grounds that it calls for legal conclusions.  Google further objects to this Topic on the grounds that it seeks information not within Google's possession, custody or control.  Google further objects to this Topic on the grounds that it seeks information already in Philips' possession or available to Philips from another source that is more convenient, less burdensome or less expensive, including information available to Philips from public sources or parties to these actions.

**DEPOSITION TOPIC NO. 2:**

The design, development, structure, implementation, operation, testing, and support for HLS media streaming technology, MPEG-DASH media streaming technology, or adaptive bit-rate streaming technology in the Google Play Movies & TV Android application.

**RESPONSE TO DEPOSITION TOPIC NO. 2:**

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects to this Topic on the grounds that the terms "design, development, structure, implementation, operation, testing, and support," "HLS media streaming technology," "MPEG-DASH media streaming technology," "adaptive bit-rate streaming technology," and "Google Play Movies & TV Android application" are vague and ambiguous.  Google further objects to this Topic on the grounds that it seeks information that is neither relevant to any claims or defenses in this investigation nor reasonably calculated to lead to the discovery of admissible evidence.  Google further objects to this Topic on the grounds that it is overly broad, unduly burdensome, oppressive, and duplicative.  Google further objects to this Topic on the grounds that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privileges and protections.  Google further objects to this Topic on the grounds that it calls for legal conclusions.

Subject to and without waiver of its general and specific objections, Google will provide testimony regarding this Topic and relevant to the functionality accused of infringement.

**DEPOSITION TOPIC NO. 3:**

The design, development, structure, implementation, operation, testing, and support for scrolling and magnification (including double tap to zoom, pinch to zoom, and link magnification) in the Google Chrome Android application (web browser).

**RESPONSE TO DEPOSITION TOPIC NO. 3:**

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects to this Topic on the grounds that the terms "design, development, structure, implementation, operation, testing, and support," "scrolling," "magnification," "including," "double tap to zoom," "pinch to zoom," "link magnification," and "Google Chrome Android application (web browser)" are vague and ambiguous. Google further objects to this Topic on the grounds that it seeks information that is neither relevant to any claims or defenses in this investigation nor reasonably calculated to lead to the discovery of admissible evidence. Google further objects to this Topic on the grounds that it is overly broad, unduly burdensome, oppressive, and duplicative. Google further objects to this Topic on the grounds that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privileges and protections. Google further objects to this Topic on the grounds that it calls for legal conclusions.

Subject to and without waiver of its general and specific objections, Google will provide

testimony regarding this Topic and relevant to the functionality accused of infringement.

Dated: October 31, 2017                                    Respectfully submitted,

                                                           Matthew S. Warren

Kevin Hardy                                                Patrick M. Shields
Aaron P. Maurer                                            Patrick A. Fitch
David Krinsky                                              Elaine Chow
Christopher A. Suarez                                      Erika Warren
Christopher S. Geyer                                       WARREN LEX LLP
Sanjiv P. Laud                                             2261 Market Street, No. 606
WILLIAMS & CONNOLLY LLP                                    San Francisco, California, 94114
725 Twelfth Street, N.W.
Washington, District of Columbia, 20005
                                                           *Attorneys for Non-Party Google LLC*

**<u>PROOF OF SERVICE</u>**

Under Local Rule 5.4, I hereby certify that on October 31, 2017, I served a copy of the

foregoing Responses and Objections of Non-Party Google LLC to Subpoena Served by Plaintiffs

Koninklijke Philips N.V. and U.S. Philips Corporation by First Class Mail, fully prepaid, on

counsel of record for Plaintiffs at the following address:

> Joyce L. Nadipuram
> Fitzpatrick, Cella, Harper & Scinto
> 1290 Avenue of the Americas
> New York, New York, 10104

Executed on October 31, 2017, at San Francisco, California.

_____
Amy M. Bailey