# **SHARRET EXHIBIT 311**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **KONINKLIJKE PHILIPS N.V.,**<br>**U.S. PHILIPS CORPORATION,** | |
| **Plaintiffs,** | Case No.: 15-1125-GMS |
| **v.** | JURY TRIAL DEMANDED |
| **ASUSTEK COMPUTER INC.,**<br>**ASUS COMPUTER INTERNATIONAL,** | |
| **Defendants.** | |

**MICROSOFT CORPORATION,**

       **Intervenor-Plaintiff,**

   **v.**

**KONINKLIJKE PHILIPS N.V.,**
**U.S. PHILIPS CORPORATION,**

       **Intervenor-Defendants.**

**KONINKLIJKE PHILIPS N.V.,**
**U.S. PHILIPS CORPORATION,**

       **Intervenor-**
       **Defendants/Counterclaim**
       **Plaintiffs in Intervention**

   **v.**

**MICROSOFT CORPORATION**

       **Intervenor-**
       **Plaintiff/Counterclaim**
       **Defendant in**
       **Intervention**

**AND**

**MICROSOFT MOBILE INC.**

        **Counterclaim Defendant**

---

**KONINKLIJKE PHILIPS N.V.,**
**U.S. PHILIPS CORPORATION,**

        **Plaintiffs,**

    **v.**

**VISUAL LAND, INC.**

        **Defendant.**

Case No.: 15-1127-GMS

JURY TRIAL DEMANDED

**MICROSOFT CORPORATION,**

        **Intervenor-Plaintiff,**

    **v.**

**KONINKLIJKE PHILIPS N.V.,**
**U.S. PHILIPS CORPORATION,**

        **Intervenor-Defendants.**

**KONINKLIJKE PHILIPS N.V.,**
**U.S. PHILIPS CORPORATION,**

        **Intervenor-**
        **Defendants/Counterclaim**
        **Plaintiffs in Intervention**

    **v.**

**MICROSOFT CORPORATION**

|  | Intervenor-<br>Plaintiff/Counterclaim<br>Defendant in<br>Intervention |
|---|---|

**AND**

**MICROSOFT MOBILE INC.**

|  | **Counterclaim Defendant** |
|---|---|

---

**KONINKLIJKE PHILIPS N.V.,**
**U.S. PHILIPS CORPORATION,**

|  | **Plaintiffs,** |

|  | **v.** |

**DOUBLE POWER TECHNOLOGY, INC.,**
**ZOWEE MARKETING CO., LTD.,**
**SHENZEN ZOWEE TECHNOLOGY CO.,**
**LTD.**

|  | **Defendants.** |

**MICROSOFT CORPORATION,**

|  | **Intervenor-Plaintiff,** |

|  | **v.** |

**KONINKLIJKE PHILIPS N.V.,**
**U.S. PHILIPS CORPORATION,**

|  | **Intervenor-Defendants.** |

**KONINKLIJKE PHILIPS N.V.,**
**U.S. PHILIPS CORPORATION,**

Case No.: 15-1130-GMS

JURY TRIAL DEMANDED

|  |  |
|---|---|
| **Intervenor-Defendants/Counterclaim Plaintiffs in Intervention** | |
| **v.** | |
| **MICROSOFT CORPORATION** | |
| **Intervenor-Plaintiff/Counterclaim Defendant in Intervention** | |
| **AND** | |
| **MICROSOFT MOBILE INC.** | |
| **Counterclaim Defendant** | |

|  |  |
|---|---|
| **KONINKLIJKE PHILIPS N.V., U.S. PHILIPS CORPORATION,** | |
| **Plaintiffs,** | Case No.: 15-1131-GMS |
| **v.** | JURY TRIAL DEMANDED |
| **YIFANG USA, INC. D/B/A E-FUN, INC.,** | |
| **Defendant.** | |
| **MICROSOFT CORPORATION,** | |
| **Intervenor-Plaintiff,** | |
| **v.** | |
| **KONINKLIJKE PHILIPS N.V., U.S. PHILIPS CORPORATION,** | |
| **Intervenor-Defendants.** | |

ME1 24369328v.1

**KONINKLIJKE PHILIPS N.V.,**
**U.S. PHILIPS CORPORATION,**

                                **Intervenor-**
                                **Defendants/Counterclaim**
                                **Plaintiffs in Intervention**

    **v.**

**MICROSOFT CORPORATION**

                                **Intervenor-**
                                **Plaintiff/Counterclaim**
                                **Defendant in**
                                **Intervention**

**AND**

**MICROSOFT MOBILE INC.**

                                **Counterclaim Defendant**

---

**KONINKLIJKE PHILIPS N.V.,**
**U.S. PHILIPS CORPORATION,**

                                **Plaintiffs,**

    **v.**

**ACER INC.,**
**ACER AMERICA CORPORATION,**

                                **Defendants.**

Case No.: 15-1170-GMS

JURY TRIAL DEMANDED

---

**MICROSOFT CORPORATION,**

                                **Intervenor-Plaintiff,**

**v.**

**KONINKLIJKE PHILIPS N.V.,**
**U.S. PHILIPS CORPORATION,**

**Intervenor-Defendants.**

**KONINKLIJKE PHILIPS N.V.,**
**U.S. PHILIPS CORPORATION,**

**Intervenor-**
**Defendants/Counterclaim**
**Plaintiffs in Intervention**

**v.**

**MICROSOFT CORPORATION**

**Intervenor-**
**Plaintiff/Counterclaim**
**Defendant in**
**Intervention**

**AND**

**MICROSOFT MOBILE INC.**

**Counterclaim Defendant**

## PLAINTIFFS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO THE MICROSOFT COUNTERCLAIM DEFENDANTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs

Koninklijke Philips N.V. and U.S. Philips Corporation (collectively, "Philips") hereby request

that Counterclaim Defendants Microsoft Corporation and Microsoft Mobile Inc. (collectively,

"Microsoft") produce for inspection and copying the documents and things requested below in

accordance with the definitions and instructions provided herein.  Production shall take place

within thirty (30) days of service of this request, at the offices of Fitzpatrick, Cella, Harper &

ME1 24369328v.1

Scinto, 1290 Avenue of the Americas, New York, New York 10104-3800, or at such location and time as the parties may agree.

## **DEFINITIONS**

1.        The terms "Microsoft," "Counterclaim Defendants," "You," and "Your," as used herein, mean Counterclaim Defendants Microsoft Corporation and Microsoft Mobile Inc. collectively and/or individually, as appropriate, their predecessors and successors, parents, subsidiaries, divisions and affiliated companies, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys) of the foregoing.

2.        The terms "Philips" or "Plaintiffs," as used herein, mean Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation collectively and/or individually, as appropriate, their predecessors and successors, parents, subsidiaries, divisions and affiliated companies, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys) of the foregoing.

3.        "'913 Patent," as used herein, means U.S. Patent No. RE 44,913.

4.        "'387 Patent," as used herein, means U.S. Patent No. 6,690,387.

5.        "'064 Patent," as used herein, means U.S. Patent No. 7,184,064.

6.        "'806 Patent," as used herein, means U.S. Patent No. 7,529,806.

7.        "'797 Patent," as used herein, means U.S. Patent No. 5,910,797.

8.        "'695 Patent," as used herein, means U.S. Patent No. 6,522,695.

9.        "'819 Patent," as used herein, means U.S. Patent No. 8,543,819.

10.        "'809 Patent," as used herein, means U.S. Patent No. 9,436,809.

- 2 -

11.     "'564 Patent," as used herein, means U.S. Patent No. RE 43,564.

12.     "Asserted Patents" and "Patents-in-Suit," as used herein, mean the '913 Patent, '387 Patent, '064 Patent, '806 Patent, '797 Patent, '695 Patent, '819 Patent, '809 Patent, and '564 Patent, and any other patent added to these litigations by amended pleading or complaint.

13.     "Hardware Product," as used herein, means a smartphone, tablet computer, laptop, studio, hub, or video game console.

14.     "Relevant Products," as used herein, means the following:

(a)     "'913 Relevant Products," which as used herein, means:

(i)     the "'913 Accused Products," which as used herein means those products identified for the '913 Patent in Plaintiffs' First Amended Identification of the Microsoft Counterclaim Defendants' Accused Products, served on January 9, 2017, and any further supplements or amendments thereto;

(ii)     the "'913 Relevant Software Products," which as used herein means the "'913 Relevant OS," which as used herein means any version of the Windows 8, Windows 8.1, Windows 10, Windows RT 8.0, Windows RT 8.1, Windows Phone 8.1, and Windows 10 Mobile operating systems; or

(iii)     the "'913 Relevant Hardware Products," which as used herein means those '913 Accused Products which are Hardware Products; and Your smartphones, tablet computers, laptops, studios, and hubs, manufactured, sold, offered for sale, used, and/or imported by or for You by the Relevant Date, which include a touch screen and are pre-loaded with or upgradeable to include one of the '913 Relevant Software Products;

- 3 -

(b)        "'387 Relevant Products," which as used herein, means:

(i)        the "'387 Accused Products," which as used herein means those products identified for the '387 Patent in Plaintiffs' First Amended Identification of the Microsoft Counterclaim Defendants' Accused Products, served on January 9, 2017, and any further supplements or amendments thereto;

(ii)        the "'387 Relevant Software Products," which as used herein means the "'387 Relevant OS," which as used herein means any version of the Windows 7, Windows 8, Windows 8.1, Windows 10, Windows RT 8.0, Windows RT 8.1, Windows Phone 8.1, and Windows 10 Mobile operating systems; or

(iii)        the "'387 Relevant Hardware Products," which as used herein means those '387 Accused Products which are Hardware Products; and Your smartphones, tablet computers, laptops, studios, and hubs, manufactured, sold, offered for sale, used, and/or imported by or for You by the Relevant Date, which include a touch screen and are pre-loaded with or upgradeable to include one of the '387 Relevant Software Products;

(c)        "'064 Relevant Products," which as used herein, means:

(i)        the "'064 Accused Products," which as used herein means those products identified for the '064 Patent in Plaintiffs' First Amended Identification of the Microsoft Counterclaim Defendants' Accused Products, served on January 9, 2017, and any further supplements or amendments thereto;

(ii)        the "'064 Relevant Software Products," which as used herein means the "'064 Relevant OS," which as used herein means any version of the Windows 7,

- 4 -

Windows 8, Windows 8.1, Windows 10, Windows RT 8.0, Windows RT 8.1, Windows Phone 8.1, and Windows 10 Mobile operating systems; or

        (iii)     the "'064 Relevant Hardware Products," which as used herein means those '064 Accused Products which are Hardware Products; and Your smartphones, tablet computers, laptops, studios, and hubs, manufactured, sold, offered for sale, used, and/or imported by or for You by the Relevant Date, which include a touch screen and are pre-loaded with or upgradeable to include one of the '064 Relevant Software Products;

        (d)     "'806 Relevant Products," which as used herein, means:

        (i)     the "'806 Accused Products," which as used herein means those products identified for the '806 Patent in Plaintiffs' First Amended Identification of the Microsoft Counterclaim Defendants' Accused Products, served on January 9, 2017, and any further supplements or amendments thereto;

        (ii)     the "'806 Relevant Software Products," which as used herein means: the "'806 Relevant OS," which as used herein means any version of the Windows 8.1, Windows 10, Windows RT 8.1, Windows Phone 8.1, and Windows 10 Mobile operating systems; the Microsoft Edge Browser; and Your media players and browsers which include the capability to support the HTTP Live Streaming ("HLS") media streaming technology, or the MPEG-DASH (Dynamic Adaptive Streaming over HTTP) media streaming technology; or

        (iii)     the "'806 Relevant Hardware Products," which as used herein means those '806 Accused Products which are Hardware Products; and Your smartphones, tablet computers, laptops, studios, hubs, and video game consoles, manufactured, sold, offered for sale,

- 5 -

used, and/or imported by or for You by the Relevant Date, which are pre-loaded with or upgradeable to include one of the '806 Relevant Software Products;

(e)    "'797 Relevant Products," which as used herein, means:

(i)    the "'797 Accused Products," which as used herein means those products identified for the '797 Patent in Plaintiffs' First Amended Identification of the Microsoft Counterclaim Defendants' Accused Products, served on January 9, 2017, and any further supplements or amendments thereto;

(ii)    the "'797 Relevant Software Products," which as used herein means the "'797 Relevant OS," which as used herein means any version of the Windows Phone 8.1 and Windows 10 Mobile operating systems; or

(iii)    the "'797 Relevant Hardware Products," which as used herein means those '797 Accused Products which are Hardware Products; and Your smartphones, manufactured, sold, offered for sale, used, and/or imported by or for You by the Relevant Date, which include an acceleration sensor and are pre-loaded with or upgradeable to include one of the '797 Relevant Software Products;

(f)    "'695 Relevant Products," which as used herein, means:

(i)    the "'695 Accused Products," which as used herein means those products identified for the '695 Patent in Plaintiffs' First Amended Identification of the Microsoft Counterclaim Defendants' Accused Products, served on January 9, 2017, and any further supplements or amendments thereto;

- 6 -

(ii)     the "'695 Relevant Software Products," which as used herein means: the "'695 Relevant OS," which as used herein means any version of the Windows 10 and Windows 10 Mobile operating systems; the Microsoft Groove Music application; and Your media players which include the capability to support playback of a FLAC (Free Lossless Audio Codec) audio signal; or

(iii)     the "'695 Relevant Hardware Products," which as used herein means those '695 Accused Products which are Hardware Products; and Your smartphones, tablet computers, laptops, studios, hubs, and video game consoles, manufactured, sold, offered for sale, used, and/or imported by or for You by the Relevant Date, which are pre-loaded with or upgradeable to include one of the '695 Relevant Software Products;

(g)     "'819 Relevant Products," which as used herein, means:

(i)     the "'819 Accused Products," which as used herein means those products identified for the '819 Patent in Plaintiffs' First Amended Identification of the Microsoft Counterclaim Defendants' Accused Products, served on January 9, 2017, and any further supplements or amendments thereto;

(ii)     the "'819 Relevant Software Products," which as used herein means: the "'819 Relevant OS," which as used herein means any version of the Windows 7, Windows 8, Windows 8.1, Windows 10, Windows RT 8.0, Windows RT 8.1, Windows Phone 8.1, and Windows 10 Mobile operating systems; and the Microsoft PlayReady and Microsoft Windows Media Digital Rights Management content protection technologies; or

- 7 -

(iii)     the "'819 Relevant Hardware Products," which as used herein means: those '819 Accused Products which are Hardware Products; and Your smartphones, tablet computers, laptops, studios, hubs, and video game consoles, manufactured, sold, offered for sale, used, and/or imported by or for You by the Relevant Date, which are pre-loaded with or upgradeable to include one of the '819 Relevant Software Products, or include the capability to support the High-bandwidth Digital Content Protection ("HDCP") System revision 2.x (*e.g.*, HDCP System Interface Independent Adaptation Revision 2.2, HDCP System Mapping HDCP to HDMI Revision 2.2, HDCP System Mapping HDCP to MHL Revision 2.2, or HDCP System Mapping HDCP to DisplayPort Revision 2.2);

(h)     "'809 Relevant Products," which as used herein, means:

(i)     the "'809 Accused Products," which as used herein means those products identified for the '809 Patent in Plaintiffs' First Amended Identification of the Microsoft Counterclaim Defendants' Accused Products, served on January 9, 2017, and any further supplements or amendments thereto;

(ii)     the "'809 Relevant Software Products," which as used herein means: the "'809 Relevant OS," which as used herein means any version of the Windows 7, Windows 8, Windows 8.1, Windows 10, Windows RT 8.0, Windows RT 8.1, Windows Phone 8.1, and Windows 10 Mobile operating systems; and the Microsoft PlayReady and Microsoft Windows Media Digital Rights Management content protection technologies; or

(iii)     the "'809 Relevant Hardware Products," which as used herein means: those '809 Accused Products which are Hardware Products; and Your smartphones,

- 8 -

tablet computers, laptops, studios, hubs, and video game consoles, manufactured, sold, offered for sale, used, and/or imported by or for You by the Relevant Date, which are pre-loaded with or upgradeable to include one of the '809 Relevant Software Products, or include the capability to support the High-bandwidth Digital Content Protection ("HDCP") System revision 2.x (*e.g.*, HDCP System Interface Independent Adaptation Revision 2.2, HDCP System Mapping HDCP to HDMI Revision 2.2, HDCP System Mapping HDCP to MHL Revision 2.2, or HDCP System Mapping HDCP to DisplayPort Revision 2.2);

        (i)      "'564 Relevant Products," which as used herein, means:

        (i)      the "'564 Accused Products," which as used herein means those products identified for the '564 Patent in Plaintiffs' First Amended Identification of the Microsoft Counterclaim Defendants' Accused Products, served on January 9, 2017, and any further supplements or amendments thereto;

        (ii)      the "'564 Relevant Software Products," which as used herein means the "'564 Relevant OS," which as used herein means any version of the Windows 7, Windows 8, Windows 8.1, Windows 10, Windows RT 8.0, Windows RT 8.1, Windows Phone 8.1, and Windows 10 Mobile operating systems; or

        (iii)      the "'564 Relevant Hardware Products," which as used herein means those '564 Accused Products which are Hardware Products; and Your smartphones, tablet computers, and laptops, manufactured, sold, offered for sale, used, and/or imported by or for You by the Relevant Date, which include a touch screen and are pre-loaded with or upgradeable to include one of the '564 Relevant Software Products;

- 9 -

15.     "Relevant Hardware Products," as used herein, means the '913 Relevant Hardware Products, '387 Relevant Hardware Products, '064 Relevant Hardware Products, '806 Relevant Hardware Products, '797 Relevant Hardware Products, '695 Relevant Hardware Products, '819 Relevant Hardware Products, '809 Relevant Hardware Products, and '564 Relevant Hardware Products.

16.     "Relevant Software Products," as used herein, means the '913 Relevant Software Products, '387 Relevant Software Products, '064 Relevant Software Products, '806 Relevant Software Products, '797 Relevant Software Products, '695 Relevant Software Products, '819 Relevant Software Products, '809 Relevant Software Products, and '564 Relevant Software Products.

17.     "Relevant Functionalities," as used herein, means the following:

(a)     "'913 Relevant Functionality," which as used herein means the capability to press and hold a key on a virtual keyboard to select an alternate character associated with that key;

(b)     "'387 Relevant Functionality," which as used herein means the capability to fling, scroll, or drag displayed data in response to a touch gesture on a touch screen;

(c)     "'064 Relevant Functionality," which as used herein means the capability to fling, scroll, or drag displayed data in response to a touch gesture on a touch screen;

(d)     "'806 Relevant Functionality," which as used herein means the following:

- 10 -

(i)     "'806 Relevant HLS Functionality," which as used herein means the capability to support the HTTP Live Streaming ("HLS") media streaming technology (*e.g.*, through playback in a browser such as Microsoft Internet Explorer or Microsoft Edge); and

(ii)    "'806 Relevant DASH Functionality," which as used herein means the capability to support the MPEG-DASH (Dynamic Adaptive Streaming over HTTP) media streaming technology (*e.g.*, through playback in a media player, or in a browser such as Microsoft Internet Explorer or Microsoft Edge);

(e)     "'797 Relevant Functionality," which as used herein means the capability to impart motion (*e.g.*, rotation) to a displayed graphical object in response to a sensed acceleration induced by user manipulation of the product;

(f)     "'695 Relevant Functionality," which as used herein means the capability to support playback of a FLAC (Free Lossless Audio Codec) audio signal (*e.g.*, through playback in a media player such as the Microsoft Groove Music application);

(g)     "'819 Relevant Functionality," which as used herein means the capability to support the High-bandwidth Digital Content Protection ("HDCP") System revision 2.x (*e.g.*, HDCP System Interface Independent Adaptation Revision 2.2, HDCP System Mapping HDCP to HDMI Revision 2.2, HDCP System Mapping HDCP to MHL Revision 2.2, or HDCP System Mapping HDCP to DisplayPort Revision 2.2), or the capability to support the PlayReady for Network Devices and/or the Windows Media Digital Content Protection for Network Devices content protection technologies;

- 11 -

(h)      "'809 Relevant Functionality," which as used herein means the capability to support the High-bandwidth Digital Content Protection ("HDCP") System revision 2.x (*e.g.*, HDCP System Interface Independent Adaptation Revision 2.2, HDCP System Mapping HDCP to HDMI Revision 2.2, HDCP System Mapping HDCP to MHL Revision 2.2, or HDCP System Mapping HDCP to DisplayPort Revision 2.2), or the capability to support the PlayReady for Network Devices and/or the Windows Media Digital Content Protection for Network Devices content protection technologies; and

(i)      "'564 Relevant Functionality," which as used herein means the capability to magnify a touch-selected portion of a displayed image.

18.     "Relevant Operating Systems," as used herein, means the '913 Relevant OS, '387 Relevant OS, '064 Relevant OS, '806 Relevant OS, '797 Relevant OS, '695 Relevant OS, '819 Relevant OS, '809 Relevant OS, and '564 Relevant OS.

19.     "Relevant Date," as used herein, means the date six years prior to the filing of Plaintiffs' counterclaims against You in these litigations.

20.     "Operating System," as used herein, means: the Windows Operating System, irrespective of version; or the Xbox Operating System, irrespective of version.

21.     "Any" and "all," as used herein, shall include "each and every."

22.     "And" or "or," as used herein, shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

23.     "Relate to," "related to" or "relating to," as used herein, means embodying, pertaining, concerning, involving, constituting, commenting upon, comprising, reflecting,

- 12 -

discussing, evidencing, mentioning, referring to, consisting of, responding to, or having any logical or factual connection whatsoever with the subject matter in question.

24.     "Person," as used herein, means any natural person or any business, legal or governmental entity or association, including, but not limited to, any individual, company, corporation, division, joint venture, partnership, unincorporated association or other entity.

25.     "Document," as used herein, means all documents or electronically stored information, whether an original, a draft, or a copy, however reproduced – including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained, and is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34, including but not limited to the examples set forth in Federal Rules of Evidence 1001.  Any document with any marks such as initials, comments, or notations of any kind is not deemed to be identical to one without such marks and is to be identified and/or produced as a separate document.

26.     "Thing," as used herein, has the meaning prescribed in Federal Rule of Civil Procedure 34, and includes every kind of physical specimen or tangible item, other than a document, in the possession, custody or control of You.

27.     "Communication," as used herein, means every manner of disclosure, transfer, or exchange of information whether orally or by document or whether face-to-face, by telephone, mail, e-mail, telegram, telex, or telefax, personal delivery or otherwise.

- 13 -

28.    "Concerning," as used herein, means relating to, referring to, describing, evidencing or constituting.

29.    "Product," as used herein, means a machine, apparatus, device, instrument, mechanism, appliance, assembly, algorithm, software, system, program, or assemblage of components/parts (either individually or collectively), which are designed to function together electrically, mechanically, electronically (including the method of use or operation of such product or equipment) or otherwise, to achieve a particular function or purpose.

30.    "Related Patents" and "Related Applications," as used herein, respectively mean all patents and patent applications that are cross-referenced in any of the Patents-in-Suit as being related or that are related to the Patents-in-Suit in any way, including, without limitation, any parent, continuation, continuation-in-part, divisional, reexamination, reissue, or foreign counterpart patent or patent application, or any patent or patent application claiming priority to any of the foregoing.

31.    "Infringe" and "infringement," as used herein, refer to direct infringement, contributory infringement, inducement of infringement, literal infringement, and/or infringement under the doctrine of equivalents or any other infringement actionable under United States law.

32.    "Prior art" is used herein in the same sense that it is used in 35 U.S.C. §§ 102 and 103, and includes any patent, printed publication, prior knowledge, prior use, prior sale or offer for sale, or other act or event as defined in 35 U.S.C. §102, taken singly or in combination.

33.    "Transfer of Rights," as used herein, means an assignment, license, sublicense, cross-license, release, covenant not to sue, grant of manufacturing rights, or grant of any other

- 14 -

rights in a patent or patent application, domestic or foreign, whether alone or in combination with other consideration.

34.   "Related Litigations," as used herein, means all litigations (past or present), or other legal proceedings in which anyone has asserted claims relating to the Patent-in-Suit or any Related Patents or Related Applications, including but not limited to:  *Koninklijke Philips N.V. v. ASUSTEK Computer Inc.*, C.A. No. 15-1125-GMS; *Koninklijke Philips N.V. v. HTC Corp.*, C.A. No. 15-1126-GMS; *Koninklijke Philips N.V. v. Visual Land, Inc.*, C.A. No. 15-1127-GMS; *Koninklijke Philips N.V. v. Southern Telecom*, C.A. No. 15-1128-GMS; *Koninklijke Philips N.V. v. Double Power Technology, Inc.*, C.A. No. 15-1130-GMS; *Koninklijke Philips N.V. v. YiFang USA, Inc. d/b/a E-Fun, Inc.*, C.A. No. 15-1131-GMS; *Koninklijke Philips N.V. v. Acer Inc.*, C.A. No. 15-1170-GMS.

- 15 -

## INSTRUCTIONS

1.      All documents produced should be produced in the manner, form and sequence in which they are kept in the ordinary course of business, as required by Rule 34(b) of the Federal Rules of Civil Procedure, including, where applicable, any index tabs, file dividers, labels, designations or information as to the location of the documents.

2.      Your response shall not be deemed complete until documents and things are produced or a date certain is provided as to when the requested documents and things will be produced.

3.      If no documents are responsive to a particular request, You are to state that no responsive documents exist.

4.      All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all attachments and enclosures thereto.

5.      In response to each request, You shall state whether any material has been or will be redacted from documents, and the basis for the redaction.  Redactions should be clearly indicated on a document at the location where the redaction has been made.

6.      In the event You object to any request herein or any part thereof, You shall state with specificity the grounds of objection and respond to the fullest extent that such production is not subject to objection.

7.      In the event that any document called for by any of the requests has been destroyed, lost, discarded or is otherwise no longer in Your possession, custody or control, You shall identify such document as completely as possible, including, without limitation, the

- 16 -

following information: (i) date of disposal; (ii) manner of disposal; (iii) reason for disposal; (iv) person authorizing the disposal; and (v) person disposing of the document.

8.     In the event You object to the production of any document or thing on the ground that it is protected from discovery under the attorney-client privilege or work product immunity or is otherwise not discoverable, You shall identify each such document or thing on a separate schedule to be produced to Plaintiffs.  Such schedule shall set forth, for each document or thing, sufficient information to enable the document or thing to be properly identified, including, without limitation, the following information: (i) the request to which the document or thing pertains; (ii) the document type (letter, memorandum, report, etc.); (iii) the document title; (iv) the document date; (v) the name or names and job titles of the author(s) of the document; (vi) the name and job title of each recipient of the document; (vii) a summary of the document's general subject matter; and (viii) an explanation of the claim of privilege or immunity.

9.     These discovery requests are deemed to be continuing in nature so as to require amended and supplemental productions to the extent called for by Rule 26(e) of the Federal Rules of Civil Procedure.  If You acquire additional knowledge or information with respect to any of these requests after service of Your responses, You shall serve a supplemental and/or amended response to each such discovery request no later than thirty (30) days after acquiring the additional knowledge or information.

10.     References to companies, corporations, partnerships, unincorporated associations, or other entities include each director, officer, employee, agent, attorney, representative,

- 17 -

instrumentality, parent, subsidiary, division, subdivision, affiliate, joint venture, component, or unit thereof.

11.     The singular form of a word should be interpreted in the plural as well.  Any pronoun shall be construed to refer to the masculine, feminine or neuter gender as is most appropriate in each case.

12.     These requests seek all documents and things in the possession of You, Your representatives, agents, employees, investigators, consultants and, unless privileged, their counsel.

13.     Use of the past tense includes the present tense unless otherwise explicitly delimited.

14.     Unless otherwise indicated in a particular request, the request is not date or time limited.

15.     Definitions or usages or words or phrases in these request are not intended to be, and shall not be, construed as admissions as to the meaning of words or phrases at issue in the action, and shall have no binding effect on Philips in this or any other proceeding.

ME1 24369328v.1

## REQUESTS FOR DOCUMENTS AND THINGS

**DOCUMENT REQUEST NO. 1:**

All documents relied upon in preparing, or identified in response to, any Interrogatories served upon You in these litigations.

**DOCUMENT REQUEST NO. 2:**

All documents supporting, contradicting, or otherwise concerning any of the claims or defenses asserted by any party to these litigations.

**DOCUMENT REQUEST NO. 3:**

All prior art that You contend or will contend invalidates one or more claims of the Asserted Patents under 35 U.S.C. §§ 102 and/or 103.

**DOCUMENT REQUEST NO. 4:**

All documents supporting, contradicting, or otherwise concerning Your contention that any claim of the Asserted Patents is invalid.

**DOCUMENT REQUEST NO. 5:**

All documents supporting, contradicting, or otherwise concerning Your contention that any claim of the Asserted Patents is unenforceable.

**DOCUMENT REQUEST NO. 6:**

All documents concerning any publications authored by the named inventors on the Asserted Patents.

**DOCUMENT REQUEST NO. 7:**

All documents supporting, contradicting, or otherwise concerning Your contention that

- 19 -

any of the claims of the Asserted Patents are not infringed by any of the Relevant Products for that Asserted Patent.

**DOCUMENT REQUEST NO. 8:**

Any opinions of counsel related to any of the Asserted Patents, Related Patents, or Related Applications.

**DOCUMENT REQUEST NO. 9:**

All documents concerning Your potential liability for infringing any claim of the Asserted Patents.

**DOCUMENT REQUEST NO. 10:**

All documents concerning any testing or analysis done by You or anyone else related to whether any of the Relevant Products infringe any claims of the Asserted Patents.

**DOCUMENT REQUEST NO. 11:**

All documents related to any plan or attempt by You to redesign any of the Relevant Products to avoid infringement of any claims of the Asserted Patents.

**DOCUMENT REQUEST NO. 12:**

All documents related to Your first notice or first knowledge of each of the Asserted Patents, including but not limited to documents sufficient to identify the first date of Your notice or knowledge of each of the Asserted Patents.

**DOCUMENT REQUEST NO. 13:**

Source code for each version of the Operating System that was ever pre-loaded on or made available by update or upgrade to each of the Relevant Hardware Products.

- 20 -

**DOCUMENT REQUEST NO. 14:**

Source code for each of the Relevant Functionalities included in each version of the Operating System that was ever pre-loaded on or made available by update or upgrade to each of the Relevant Hardware Products.

**DOCUMENT REQUEST NO. 15:**

All documents concerning each of the Relevant Functionalities included in each version of the Operating System that was ever pre-loaded on or made available by update or upgrade to each of the Relevant Hardware Products.

**DOCUMENT REQUEST NO. 16:**

All communications between You and any other person, including third parties, concerning each of the Relevant Functionalities included in each version of the Operating System that was ever pre-loaded on or made available by update or upgrade to each of the Relevant Hardware Products.

**DOCUMENT REQUEST NO. 17:**

Documents sufficient to show the chronology and/or timing of activities undertaken by You, on Your behalf, or by a third party, to research, develop, and implement each version of the Operating System that was ever pre-loaded on or made available by update or upgrade to each of the Relevant Hardware Products, as well as any additions, changes, modifications, or alterations thereto.

**DOCUMENT REQUEST NO. 18:**

For each version of the Operating System that was ever pre-loaded on or made available

- 21 -

by update or upgrade to each of the Relevant Hardware Products, documents sufficient to show any additions, changes, modifications, or alterations, made by You or on Your behalf to any of the Relevant Functionalities included in the version of the Operating System.

**DOCUMENT REQUEST NO. 19:**

Documents sufficient to describe the process by which any additions, changes, modifications, or alterations are made to each version of the Operating System that was ever pre-loaded on or made available by update or upgrade to each of the Relevant Hardware Products.

**DOCUMENT REQUEST NO. 20:**

Source code for each version of the Relevant Software Products.

**DOCUMENT REQUEST NO. 21:**

Source code for each of the Relevant Functionalities included in each version of the Relevant Software Products.

**DOCUMENT REQUEST NO. 22:**

All documents concerning each of the Relevant Functionalities included in each version of the Relevant Software Products.

**DOCUMENT REQUEST NO. 23:**

All communications between You and any other person, including third parties, concerning each of the Relevant Functionalities included in each version of the Relevant Software Products.

**DOCUMENT REQUEST NO. 24:**

Documents sufficient to show the chronology and/or timing of activities undertaken by

- 22 -

You, on Your behalf, or by a third party, to research, develop, and implement each version of the Relevant Software Products, as well as any additions, changes, modifications, or alterations thereto.

**DOCUMENT REQUEST NO. 25:**

For each version of the Relevant Software Products, documents sufficient to show any additions, changes, modifications, or alterations, made by You or on Your behalf to any of the Relevant Functionalities included in the version of the Relevant Software Product.

**DOCUMENT REQUEST NO. 26:**

Documents sufficient to describe the process by which any additions, changes, modifications, or alterations are made to each version of the Relevant Software Products.

**DOCUMENT REQUEST NO. 27:**

All user guides or manuals, operational guides or manuals, online help or support website pages, and/or installation guides or manuals, for each version of each of the Relevant Products.

**DOCUMENT REQUEST NO. 28:**

All data sheets and system, component, and/or operational specifications for each version of each of the Relevant Products.

**DOCUMENT REQUEST NO. 29:**

All documents describing the implementation, incorporation, use, or operation of each of the Relevant Functionalities in each of the Relevant Products.

**DOCUMENT REQUEST NO. 30:**

Documents sufficient to show whether each of the Relevant Products supports the HTTP

- 23 -

Live Streaming ("HLS") media streaming technology.

**DOCUMENT REQUEST NO. 31:**

Documents sufficient to show whether each of the Relevant Products supports the

MPEG-DASH (Dynamic Adaptive Streaming over HTTP) media streaming technology.

**DOCUMENT REQUEST NO. 32:**

Documents sufficient to show whether each of the Relevant Products supports playback

of a FLAC (Free Lossless Audio Codec) audio signal.

**DOCUMENT REQUEST NO. 33:**

Documents sufficient to show whether each of the Relevant Products supports the High-

bandwidth Digital Content Protection ("HDCP") System revision 2.x (*e.g.*, HDCP System

Interface Independent Adaptation Revision 2.2, HDCP System Mapping HDCP to HDMI

Revision 2.2, HDCP System Mapping HDCP to MHL Revision 2.2, or HDCP System Mapping

HDCP to DisplayPort Revision 2.2).

**DOCUMENT REQUEST NO. 34:**

Documents sufficient to show whether each of the Relevant Products supports the

PlayReady for Network Devices and/or the Windows Media Digital Content Protection for

Network Devices content protection technologies.

**DOCUMENT REQUEST NO. 35:**

Documents sufficient to identify each modality (*e.g.*, application, program, portion of the

Operating System, etc.) on the Relevant Hardware Products which supports the HTTP Live

Streaming ("HLS") media streaming technology.

- 24 -

**DOCUMENT REQUEST NO. 36:**

Documents sufficient to identify each modality (*e.g.*, application, program, portion of the Operating System, etc.) included in the Relevant Software Products which supports the HTTP Live Streaming ("HLS") media streaming technology.

**DOCUMENT REQUEST NO. 37:**

Documents sufficient to identify each modality (*e.g.*, application, program, portion of the Operating System, etc.) on the Relevant Hardware Products which supports the MPEG-DASH (Dynamic Adaptive Streaming over HTTP) media streaming technology.

**DOCUMENT REQUEST NO. 38:**

Documents sufficient to identify each modality (*e.g.*, application, program, portion of the Operating System, etc.) included in the Relevant Software Products which supports the MPEG-DASH (Dynamic Adaptive Streaming over HTTP) media streaming technology.

**DOCUMENT REQUEST NO. 39:**

Documents sufficient to identify each modality (*e.g.*, application, program, portion of the Operating System, etc.) on the Relevant Hardware Products which supports playback of a FLAC (Free Lossless Audio Codec) audio signal.

**DOCUMENT REQUEST NO. 40:**

Documents sufficient to identify each modality (*e.g.*, application, program, portion of the Operating System, etc.) included in the Relevant Software Products which supports playback of a FLAC (Free Lossless Audio Codec) audio signal.

- 25 -

**DOCUMENT REQUEST NO. 41:**

Documents sufficient to identify each modality (*e.g.*, application, program, portion of the Operating System, etc.) on the Relevant Hardware Products which can display content protected by the High-bandwidth Digital Content Protection ("HDCP") System revision 2.x (*e.g.*, HDCP System Interface Independent Adaptation Revision 2.2, HDCP System Mapping HDCP to HDMI Revision 2.2, HDCP System Mapping HDCP to MHL Revision 2.2, or HDCP System Mapping HDCP to DisplayPort Revision 2.2).

**DOCUMENT REQUEST NO. 42:**

Documents sufficient to identify each modality (*e.g.*, application, program, portion of the Operating System, etc.) included in the Relevant Software Products which can display content protected by the High-bandwidth Digital Content Protection ("HDCP") System revision 2.x (*e.g.*, HDCP System Interface Independent Adaptation Revision 2.2, HDCP System Mapping HDCP to HDMI Revision 2.2, HDCP System Mapping HDCP to MHL Revision 2.2, or HDCP System Mapping HDCP to DisplayPort Revision 2.2).

**DOCUMENT REQUEST NO. 43:**

Documents sufficient to identify each modality (*e.g.*, application, program, portion of the Operating System, etc.) on the Relevant Hardware Products which can display content protected by the PlayReady for Network Devices and/or the Windows Media Digital Content Protection for Network Devices content protection technologies.

**DOCUMENT REQUEST NO. 44:**

Documents sufficient to identify each modality (*e.g.*, application, program, portion of the

- 26 -

Operating System, etc.) included in the Relevant Software Products which can display content protected by the PlayReady for Network Devices and/or the Windows Media Digital Content Protection for Network Devices content protection technologies.

**DOCUMENT REQUEST NO. 45:**

All communications, between You and Philips concerning any aspect of these litigations, a Related Litigation, the Asserted Patents, or the Relevant Products, including any documents that were the subject of the communications.

**DOCUMENT REQUEST NO. 46:**

All licenses, offers to license, settlements, and offers to settle between You and Philips, including all communications relating thereto.

**DOCUMENT REQUEST NO. 47:**

All communications between You and any other Person concerning any aspect of these litigations, a Related Litigation, the Asserted Patents, or Philips.

**DOCUMENT REQUEST NO. 48:**

All communications between You and any defendant in any Related Litigation concerning any aspect of these litigations, the Asserted Patents, or Philips.

**DOCUMENT REQUEST NO. 49:**

All communications between You and any end user, customer, consumer, or licensee of any Relevant Software Product concerning any aspect of these litigations, a Related Litigation, the Asserted Patents, or Philips.

- 27 -

**DOCUMENT REQUEST NO. 50:**

All documents concerning any license agreements between You and any end user, customer, consumer, or licensee of any Relevant Software Product, including but not limited to any actual or contemplated agreements and any correspondence referring or relating to such actual or contemplated agreements.

**DOCUMENT REQUEST NO. 51:**

All documents concerning any license agreements between You and any third party relating to the HTTP Live Streaming ("HLS") media streaming technology, including but not limited to any actual or contemplated agreements and any correspondence referring or relating to such actual or contemplated agreements.

**DOCUMENT REQUEST NO. 52:**

All documents concerning any license agreements between You and any third party relating to the MPEG-DASH (Dynamic Adaptive Streaming over HTTP) media streaming technology, including but not limited to any actual or contemplated agreements and any correspondence referring or relating to such actual or contemplated agreements.

**DOCUMENT REQUEST NO. 53:**

All documents concerning any license agreements between You and any third party concerning FLAC (Free Lossless Audio Codec), including but not limited to any actual or contemplated agreements and any correspondence referring or relating to such actual or contemplated agreements.

- 28 -

**DOCUMENT REQUEST NO. 54:**

All documents concerning any license agreements between You and any third party relating to the High-bandwidth Digital Content Protection ("HDCP") System revision 2.x (*e.g.*, HDCP System Interface Independent Adaptation Revision 2.2, HDCP System Mapping HDCP to HDMI Revision 2.2, HDCP System Mapping HDCP to MHL Revision 2.2, or HDCP System Mapping HDCP to DisplayPort Revision 2.2), including but not limited to any actual or contemplated agreements and any correspondence referring or relating to such actual or contemplated agreements.

**DOCUMENT REQUEST NO. 55:**

All documents concerning any license agreements between You and any third party relating to the PlayReady for Network Devices and/or the Windows Media Digital Content Protection for Network Devices content protection technologies, including but not limited to any actual or contemplated agreements and any correspondence referring or relating to such actual or contemplated agreements.

**DOCUMENT REQUEST NO. 56:**

All documents concerning any actual or contemplated agreement between You and any defendant in any Related Litigation relating to the Asserted Patents, these litigations, or any Related Litigation (*e.g.*, a joint defense or common interest agreement), including but not limited to any actual or contemplated agreements and any correspondence referring or relating to such actual or contemplated agreements.

- 29 -

**DOCUMENT REQUEST NO. 57:**

All documents concerning any actual or contemplated agreement between You and any third party relating to the Asserted Patents, these litigations, or any Related Litigation (*e.g.*, a joint defense or common interest agreement), including but not limited to any such agreement between You and any end user, customer, consumer, or licensee of any Relevant Software Product, and including but not limited to any actual or contemplated agreements and any correspondence referring or relating to such actual or contemplated agreements.

**DOCUMENT REQUEST NO. 58:**

All documents concerning any insurance policy, agreement to indemnify, or other agreement to which You are a party that relates to a claim for patent infringement brought against You.

**DOCUMENT REQUEST NO. 59:**

All documents concerning any insurance policy, agreement to indemnify, or other agreement to which You are a party that relates to a claim for patent infringement brought against any defendant in any Related Litigation.

**DOCUMENT REQUEST NO. 60:**

All documents concerning any insurance policy, agreement to indemnify, or other agreement to which You are a party that relates to a claim for patent infringement brought against any end user, customer, consumer, or licensee of any Relevant Product.

**DOCUMENT REQUEST NO. 61:**

All documents received by You from any third party that were requested from that third

- 30 -

party in connection with these litigations or any Related Litigation.

**DOCUMENT REQUEST NO. 62:**

      All documents concerning any advertising or marketing efforts undertaken by You or on Your behalf related to the '913 Relevant Functionality, including but not limited to copies of any published advertisements or marketing materials.

**DOCUMENT REQUEST NO. 63:**

      All documents concerning any advertising or marketing efforts undertaken by You or on Your behalf related to the '387 Relevant Functionality, including but not limited to copies of any published advertisements or marketing materials.

**DOCUMENT REQUEST NO. 64:**

      All documents concerning any advertising or marketing efforts undertaken by You or on Your behalf related to the '064 Relevant Functionality, including but not limited to copies of any published advertisements or marketing materials.

**DOCUMENT REQUEST NO. 65:**

      All documents concerning any advertising or marketing efforts undertaken by You or on Your behalf related to the '806 Relevant Functionality, including but not limited to copies of any published advertisements or marketing materials.

**DOCUMENT REQUEST NO. 66:**

      All documents concerning any advertising or marketing efforts undertaken by You or on Your behalf related to the '797 Relevant Functionality, including but not limited to copies of any published advertisements or marketing materials.

- 31 -

**DOCUMENT REQUEST NO. 67:**

All documents concerning any advertising or marketing efforts undertaken by You or on Your behalf related to the '695 Relevant Functionality, including but not limited to copies of any published advertisements or marketing materials.

**DOCUMENT REQUEST NO. 68:**

All documents concerning any advertising or marketing efforts undertaken by You or on Your behalf related to the '819 Relevant Functionality, including but not limited to copies of any published advertisements or marketing materials.

**DOCUMENT REQUEST NO. 69:**

All documents concerning any advertising or marketing efforts undertaken by You or on Your behalf related to the '809 Relevant Functionality, including but not limited to copies of any published advertisements or marketing materials.

**DOCUMENT REQUEST NO. 70:**

All documents concerning any advertising or marketing efforts undertaken by You or on Your behalf related to the '564 Relevant Functionality, including but not limited to copies of any published advertisements or marketing materials.

**DOCUMENT REQUEST NO. 71:**

All documents concerning any advertising or marketing efforts undertaken by You or on Your behalf related to the HTTP Live Streaming ("HLS") media streaming technology, including but not limited to copies of any published advertisements or marketing materials.

- 32 -

**DOCUMENT REQUEST NO. 72:**

All documents concerning any advertising or marketing efforts undertaken by You or on Your behalf related to the MPEG-DASH (Dynamic Adaptive Streaming over HTTP) media streaming technology, including but not limited to copies of any published advertisements or marketing materials.

**DOCUMENT REQUEST NO. 73:**

All documents concerning any advertising or marketing efforts undertaken by You or on Your behalf related to the playback of FLAC (Free Lossless Audio Codec) audio signals, including but not limited to copies of any published advertisements or marketing materials.

**DOCUMENT REQUEST NO. 74:**

All documents concerning any advertising or marketing efforts undertaken by You or on Your behalf related to the High-bandwidth Digital Content Protection ("HDCP") System revision 2.x (*e.g.*, HDCP System Interface Independent Adaptation Revision 2.2, HDCP System Mapping HDCP to HDMI Revision 2.2, HDCP System Mapping HDCP to MHL Revision 2.2, or HDCP System Mapping HDCP to DisplayPort Revision 2.2), including but not limited to copies of any published advertisements or marketing materials.

**DOCUMENT REQUEST NO. 75:**

All documents concerning any advertising or marketing efforts undertaken by You or on Your behalf related to the PlayReady for Network Devices and/or the Windows Media Digital Content Protection for Network Devices content protection technologies, including but not limited to copies of any published advertisements or marketing materials.

- 33 -

**DOCUMENT REQUEST NO. 76:**

Documents sufficient to show Your corporate structure and the identity of each legal entity therein, including but not limited to Your subsidiaries, parents, sisters, partnerships, and affiliates.

**DOCUMENT REQUEST NO. 77:**

Organization charts and other documents sufficient to show each of Your departments and the persons in those departments who have responsibility for (a) research and development, (b) engineering and design, (c) manufacturing, (d) reliability and quality control, (e) project management, (f) marketing, (g) sales and (h) financial matters and accounting, for each of Your smartphone, tablet computer, laptop, studio, hub, video game console, content protection technology, browser, music application, and operating system products, including but not limited to the Relevant Products.

**DOCUMENT REQUEST NO. 78:**

Organization charts and other documents sufficient to show Your relationship with any parent and/or affiliated companies.

**DOCUMENT REQUEST NO. 79:**

All documents that You intend to introduce into evidence, or rely on in any way at trial or in any deposition.

**DOCUMENT REQUEST NO. 80:**

All documents described in Your Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a).

- 34 -

**DOCUMENT REQUEST NO. 81:**

Documents sufficient to show Your document retention policies.

**DOCUMENT REQUEST NO. 82:**

All English translations of any foreign language documents produced in response to these Requests for Production to the extent such English translation is in Your possession, custody, or control, including translations prepared for use in these litigations or a Related Litigation.

**DOCUMENT REQUEST NO. 83:**

All documents concerning any sworn testimony ever given in any proceeding by any fact and/or expert witness on Your behalf concerning any of the Relevant Functionalities, including all transcripts (including printed transcripts and videotapes) of such testimony.

**DOCUMENT REQUEST NO. 84:**

All documents provided to, reviewed by, or prepared for or by any person whom You expect to call as a fact and/or expert witness at trial, or on whose testimony (written or oral) You intend to rely at any other stage of these litigations, including but not limited to all documents such persons plan to use, refer to, or rely on in connection with such testimony.

**DOCUMENT REQUEST NO. 85:**

All documents that You contend are relevant to any determination of damages in these litigations.

**DOCUMENT REQUEST NO. 86:**

For each of the Relevant Products, made, used, licensed, distributed, sold, offered for sale, or imported in the United States from the Relevant Date to the present, documents sufficient

- 35 -

to show on a month-by-month (or quarterly) basis, the quantity sold, gross revenue, net revenue, cost of goods sold, gross profit, net profit, and the identity of the entity and/or entities that made, used, licensed, distributed, sold, offered for sale and/or imported into the United States those products.

**DOCUMENT REQUEST NO. 87:**

For all follow-on sales of other products or services (e.g., accessories, software, hardware, maintenance, extended warranties, etc.) based on the sale, launch and/or use of the Relevant Products or otherwise attributable to the Relevant Products, made, used, licensed, distributed, sold, offered for sale, or imported in the United States from the Relevant Date to the present, documents sufficient to show on a month-by-month (or quarterly) basis, the quantity sold, gross revenue, net revenue, cost of goods sold, gross profit, net profit, and the identity of the entity and/or entities that made, used, licensed, distributed, sold, offered for sale and/or imported into the United States those products or services.

**DOCUMENT REQUEST NO. 88:**

All product line and divisional profitability statements, income statements, profit and loss statements, and internal profitability reports, including information such as revenue, pricing, cost of goods sold, general and administrative expenses, and marketing expenses for each of the Relevant Products and any product lines or divisions containing the Relevant Products.

**DOCUMENT REQUEST NO. 89:**

All divisional profitability statements, income statements, profit and loss statements, and internal profitability reports, including information such as revenue, pricing, cost of goods sold,

general and administrative expenses, and marketing expenses for all follow-on sales of other products or services (e.g., accessories, software, hardware, maintenance, extended warranties, etc.) based on the sale, launch and/or use of the Relevant Products or otherwise attributable to the Relevant Products and any product lines or divisions containing such follow on sales.

## DOCUMENT REQUEST NO. 90:

Documents sufficient to show the price at which the Relevant Products are transferred between You and any of Your subsidiaries, suppliers, or any third party.

## DOCUMENT REQUEST NO. 91:

Documents sufficient to establish the chain of title for each Relevant Product from manufacture until sale, offer for sale, or importation into the United States.

## DOCUMENT REQUEST NO. 92:

Documents sufficient to show Your methodology for calculating gross revenue, net revenue, cost of goods sold, gross profits, and net profits, including any methodology for identifying costs associated with labor, material, variances, sales, administration, and components that make up those costs.

## DOCUMENT REQUEST NO. 93:

All documents relating to projected profits, projected units sales, sales prices, or budgets for each of the Relevant Products, including, without limitation, any document discussing pricing, profit, sales (actual or projected) related to specific features of the Relevant Products.

## DOCUMENT REQUEST NO. 94:

All price lists and product catalogs for any of the Relevant Products.

- 37 -

**DOCUMENT REQUEST NO. 95:**

All documents relating to any reasonable royalty rate that You contend should apply assuming that the Patent-in-Suit is found valid and infringed by You, including without limitation all documents relating to each factor identified in *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

**DOCUMENT REQUEST NO. 96:**

All documents concerning any actual or contemplated Transfer of Rights, including any actual or contemplated license agreements between You and any third party for any rights or interest in patents or other proprietary technologies relating to the Relevant Functionalities, including actual or projected payments made or to be made under such licenses, actual or contemplated agreements, including draft or proposed licenses, and any correspondence referring or relating to such actual or contemplated licenses.

**DOCUMENT REQUEST NO. 97:**

All documents concerning any actual or contemplated Transfer of Rights, including any actual or contemplated license agreements between You and any third party for any rights or interest in patents or other proprietary technologies relating to the Relevant Products, including actual or projected payments made or to be made under such licenses, actual or contemplated agreements, including draft or proposed licenses, and any correspondence referring or relating to such actual or contemplated licenses.

**DOCUMENT REQUEST NO. 98:**

All documents, including but not limited to marketing materials, sales brochures, and/or

- 38 -

product catalogs that You provided to Your sales or marketing team relating to selling any of the Relevant Products.

**DOCUMENT REQUEST NO. 99:**

From the Relevant Date to present, your quarterly and annual reports and financial statements.

**DOCUMENT REQUEST NO. 100:**

All surveys, market studies, reports, or analyses relating to product design, competition, market segments, market share, product tracking, or market revenue (whether actual or projected) relating to any of the Relevant Functionalities, including without limitation, customer-use studies, surveys, and/or tracking data that identifies the quality, value, usability, performance, demand, benefits, or competitive differentiation, of any of the Relevant Functionalities.

**DOCUMENT REQUEST NO. 101:**

All documents concerning any technology or functionality that You contend is an available non-infringing alternative to any functionality or technology disclosed or claimed in the Asserted Patents.

**DOCUMENT REQUEST NO. 102:**

All documents relating to the cost to develop and implement any alternatives to any functionality or technology disclosed or claimed in the Asserted Patents.

**DOCUMENT REQUEST NO. 103:**

All documents relating to the time to develop and implement any alternatives to any

- 39 -

functionality or technology disclosed or claimed in the Asserted Patents.

**DOCUMENT REQUEST NO. 104:**

All documents that demonstrate that any alternatives to any functionality or technology disclosed or claimed in the Asserted Patents would be acceptable to the consumers who purchased any of the Relevant Products, including but not limited to any studies, testing, analysis or other evaluation that you have undertaken.

**DOCUMENT REQUEST NO. 105:**

All documents that demonstrate that any alternatives to any functionality or technology disclosed or claimed in the Asserted Patents would not infringe the Asserted Patents or any other patents.

**DOCUMENT REQUEST NO. 106:**

All documents relating to any decision not to implement any purported non-infringing alternative.

**DOCUMENT REQUEST NO. 107:**

All patents or patent applications held or licensed by You relating to any of the Relevant Functionalities.

**DOCUMENT REQUEST NO. 108:**

All cost-benefit analyses related to the manufacture and marketing of any of the Relevant Functionalities.

**DOCUMENT REQUEST NO. 109:**

All reports on costs or expenses related to research and development of any of the

- 40 -

Relevant Functionalities.

**DOCUMENT REQUEST NO. 110:**

All documents relating to Your accounting policies, procedures, manuals, and directives for the period from the Relevant Date to present, including but not limited to documents related to Your accounting system and structure, including Your chart of accounts.

**DOCUMENT REQUEST NO. 111:**

All royalty reports and data relating to any consideration paid for any patent license, settlement agreement, covenant not to sue or other agreement in any form between You and any other party relating to the Relevant Products.

**DOCUMENT REQUEST NO. 112:**

All valuations or appraisals of the Asserted Patents, whether prepared internally or by a third party.

**DOCUMENT REQUEST NO. 113:**

All documents that reflect generally accepted licensing practices in the industry.

**DOCUMENT REQUEST NO. 114:**

All internal or third party analyses of the costs or benefits of licensing the Patent-in-Suit.

**DOCUMENT REQUEST NO. 115:**

All articles, reports, or product reviews that discuss the benefits, uses, prices, and advantages or disadvantages of any of the Relevant Products.

**DOCUMENT REQUEST NO. 116:**

All articles, reports, or product reviews that discuss any benefits, uses, and advantages or

- 41 -

disadvantages of any of the Relevant Functionalities included in the Relevant Products.

**DOCUMENT REQUEST NO. 117:**

Documents sufficient to show any additions, changes, modifications, or alterations, made by You or on Your behalf to any of the Relevant Functionalities included in each version of the Operating System that was ever pre-loaded on or made available by update or upgrade to each of the Relevant Hardware Products, as compared to the comparable version of the Operating System pre-loaded on or made available by update or upgrade to the other Relevant Hardware Products.

**DOCUMENT REQUEST NO. 118:**

Documents sufficient to describe the process by which any additions, changes, modifications, or alterations are made to each version of the Operating System that was ever pre-loaded on or made available by update or upgrade to each of the Relevant Hardware Products as compared to the comparable version of the Operating System pre-loaded on or made available by update or upgrade to the other Relevant Hardware Products.

**DOCUMENT REQUEST NO. 119:**

Documents sufficient to show any additions, changes, modifications, or alterations, made by You or on Your behalf to any of the Relevant Functionalities included in each version of the Relevant Software Products based in whole, or in part, on the type of device on which the Relevant Software Product was loaded or made available including but not limited to a smartphone, tablet computer, desktop, laptop, studio, hub, and video game console.

- 42 -

**DOCUMENT REQUEST NO. 120:**

Documents sufficient to show the process by which any additions, changes, modifications, or alterations are made to each version of the Relevant Software Products based in whole, or in part, on the type of device on which the Relevant Software Product was loaded or made available including but not limited to a smartphone, tablet computer, desktop, laptop, studio, hub, and video game console.

Dated: March 9, 2017

Michael P. Sandonato
John D. Carlin
Jonathan M. Sharret
Daniel A. Apgar
Robert S. Pickens
FITZPATRICK, CELLA, HARPER &
SCINTO
1290 Avenue of the Americas
New York, New York 10104-3800
Tel: (212) 218-2100
Fax: (212) 218-2200
msandonato@fchs.com
jcarlin@fchs.com
jsharret@fchs.com
dapgar@fchs.com
rpickens@fchs.com

MCCARTER & ENGLISH, LLP

/s/ Benjamin A. Smyth
Michael P. Kelly (#2295)
Daniel M. Silver (#4758)
Benjamin A. Smyth (#5528)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
mkelly@mccarter.com
dsilver@mccarter.com
bsmyth@mccarter.com

*Attorneys for Plaintiffs*

- 43 -

# **SHARRET EXHIBIT 312**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V.,<br>U.S. PHILIPS CORPORATION, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) |
| ASUSTEK COMPUTER INC.,<br>ASUS COMPUTER INTERNATIONAL, | )<br>)<br>) |
| Defendants. | )<br>) |

C.A. No. 15-1125-GMS

KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,

        Plaintiffs,

      v.

ASUSTEK COMPUTER INC.,
ASUS COMPUTER INTERNATIONAL,

        Defendants.
_____

MICROSOFT CORPORATION,

        Intervenor-Plaintiff,

      v.

KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,

        Intervenor-Defendants.
_____

KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,

        Intervenor-Defendants/
        Counterclaim Plaintiffs in
        Intervention,

      v.

MICROSOFT CORPORATION

        Intervenor-Plaintiff/Counterclaim
        Defendant in Intervention

      AND

MICROSOFT MOBILE INC.,

        Counterclaim Defendant
        In Intervention

KONINKLIJKE PHILIPS N.V.,                                )
U.S. PHILIPS CORPORATION,                                )
                                                         )
                                                         )
                Plaintiffs,                              )          C.A. No. 15-1127-GMS
        v.                                               )
                                                         )
VISUAL LAND, INC.,                                       )
                                                         )
                Defendant.                               )
                                                         )

MICROSOFT CORPORATION,                                   )
                                                         )
                Intervenor-Plaintiff,                    )
        v.                                               )
                                                         )
KONINKLIJKE PHILIPS N.V.,                                )
U.S. PHILIPS CORPORATION,                                )
                                                         )
                Intervenor-Defendants.                   )
                                                         )

KONINKLIJKE PHILIPS N.V.,                                )
U.S. PHILIPS CORPORATION,                                )
                                                         )
                Intervenor-Defendants/                   )
                Counterclaim Plaintiffs in               )
                Intervention,                            )
                                                         )
        v.                                               )
                                                         )
MICROSOFT CORPORATION                                    )
                                                         )
                Intervenor-Plaintiff/Counterclaim        )
                Defendant in Intervention                )
                                                         )
        AND                                              )
                                                         )
MICROSOFT MOBILE INC.,                                   )
                                                         )
                Counterclaim Defendant                   )
                In Intervention                          )
                                                         )
                                                         )
                                                         )

KONINKLIJKE PHILIPS N.V., )
U.S. PHILIPS CORPORATION, )
                           )
        Plaintiffs, )          C.A. No. 15-1130-GMS
     v. )
                           )
DOUBLE POWER TECHNOLOGY, INC., )
ZOWEE MARKETING CO., LTD., )
SHENZEN ZOWEE TECHNOLOGY CO., )
LTD., )
                           )
        Defendants. )

MICROSOFT CORPORATION, )
                           )
        Intervenor-Plaintiff, )
     v. )
                           )
KONINKLIJKE PHILIPS N.V., )
U.S. PHILIPS CORPORATION, )
                           )
        Intervenor-Defendants. )

KONINKLIJKE PHILIPS N.V., )
U.S. PHILIPS CORPORATION, )
                           )
        Intervenor-Defendants/ )
        Counterclaim Plaintiffs in )
        Intervention, )
                           )
     v. )
                           )
MICROSOFT CORPORATION )
                           )
        Intervenor-Plaintiff/Counterclaim )
        Defendant in Intervention )
                           )
     AND )
                           )
MICROSOFT MOBILE INC., )
                           )
        Counterclaim Defendant )
        In Intervention )

KONINKLIJKE PHILIPS N.V.,                )
U.S. PHILIPS CORPORATION,                )
                                         )
                 Plaintiffs,             )          C.A. No. 15-1131-GMS
         v.                              )
                                         )
YIFANG USA, INC. D/B/A E-FUN, INC.,      )
                                         )
                 Defendant.              )
                                         )
                                         )
MICROSOFT CORPORATION,                   )
                                         )
                 Intervenor-Plaintiff,   )
         v.                              )
                                         )
KONINKLIJKE PHILIPS N.V.,                )
U.S. PHILIPS CORPORATION,                )
                                         )
                 Intervenor-Defendants.  )
                                         )
                                         )
KONINKLIJKE PHILIPS N.V.,                )
U.S. PHILIPS CORPORATION,                )
                                         )
                 Intervenor-Defendants/  )
                 Counterclaim Plaintiffs in )
                 Intervention,           )
                                         )
         v.                              )
                                         )
MICROSOFT CORPORATION                    )
                                         )
                 Intervenor-Plaintiff/Counterclaim )
                 Defendant in Intervention )
                                         )
         AND                             )
                                         )
MICROSOFT MOBILE INC.,                   )
                                         )
                 Counterclaim Defendant  )
                 In Intervention         )
                                         )

KONINKLIJKE PHILIPS N.V.,           )
U.S. PHILIPS CORPORATION,           )
                                    )
            Plaintiffs,             )          C.A. No. 15-1170-GMS
       v.                           )
                                    )
ACER INC.,                          )
ACER AMERICA CORPORATION,           )
                                    )
            Defendants.             )
                                    )
_____)
                                    )
MICROSOFT CORPORATION,              )
                                    )
            Intervenor-Plaintiff,   )
       v.                           )
                                    )
KONINKLIJKE PHILIPS N.V.,           )
U.S. PHILIPS CORPORATION,           )
                                    )
            Intervenor-Defendants.  )
                                    )
_____)
                                    )
KONINKLIJKE PHILIPS N.V.,           )
U.S. PHILIPS CORPORATION,           )
                                    )
            Intervenor-Defendants/  )
            Counterclaim Plaintiffs in )
            Intervention,           )
                                    )
       v.                           )
                                    )
MICROSOFT CORPORATION              )
                                    )
            Intervenor-Plaintiff/Counterclaim )
            Defendant in Intervention )
                                    )
       AND                          )
                                    )
MICROSOFT MOBILE INC.,              )
                                    )
            Counterclaim Defendant   )
            In Intervention          )
_____)

**MICROSOFT CORPORATION AND MICROSOFT MOBILE INC.'S
RESPONSES AND OBJECTIONS TO
KONINKLIJKE PHILIPS N.V. AND U.S. PHILIPS CORPORATION'S
<u>FIRST SET OF REQUESTS FOR PRODUCTION</u>**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Microsoft Corporation

and Microsoft Mobile Inc. ("Microsoft") hereby responds to Plaintiff Koninklijke Philips N.V. and

U.S. Philips Corporation's ("Philips") First Set of Requests for Production ("Requests").

<u>**PRELIMINARY STATEMENT**</u>

The objections and responses set forth below are based upon information that is presently

available to and known by Microsoft at this time.  Discovery, independent investigation, and

analysis may lead to modifications of Microsoft's objections and responses as set forth herein.

Microsoft provides these objections and responses without prejudice to its right to assert additional

objections and amend or supplement any or all of the information contained in its responses as

additional facts are ascertained, analyses are made, research is completed, and contentions are

served.

Specific objections to each separate request are made on an individual basis in Microsoft's

responses below.  In addition to the specific objections, Microsoft has made certain general

objections to the Requests.  These general objections are hereby incorporated by reference into the

responses made with respect to each separate request.  Microsoft's response to each individual

request is submitted without prejudice to, and without in any respect waiving, any general

objections not expressly set forth in that response.  Accordingly, the inclusion of any specific

objection to a request in any response below is neither intended as, nor shall in any way be deemed

to be, a waiver of any general objection or of any other specific objections made herein or asserted

at a later date.  In addition, the failure to include at this time any general or specific objection to a

request is neither intended as, nor in any way shall be deemed, a waiver of Microsoft's right to assert that or any other objection at a later date.

Statements that Microsoft will produce responsive documents are not a representation that any responsive information in fact exists or is in Microsoft's possession, custody or control, and responsive information will only be provided to the extent that responsive information does exist and is in Microsoft's possession, custody or control.  Statements to the effect that Microsoft is withholding documents in light of certain objections do not constitute a representation that any responsive information exists.  Furthermore, Microsoft will only produce information that Microsoft has been reasonably able to gather at the time of its production.  Microsoft reserves the right to supplement any response if and when it becomes aware of additional responsive information.

Statements to the effect that Microsoft will produce responsive documents do not constitute an acceptance by Microsoft of the factual assertions made in the respective requests, an acceptance by Microsoft of Philips's definitions of the terms used in the requests, or an admission that the requests or the documents produced by the requests are relevant, material, or admissible.  Microsoft responds to the Requests without conceding the relevance or materiality of any subject matter, and Microsoft reserves the right to object to any further discovery or to the admissibility of any matter, testimony or document at trial.

## **GENERAL OBJECTIONS**

The following General Objections are applicable to all requests and are incorporated into the responses to specific document requests as if set forth fully therein, whether or not they are expressly stated.  Each of the General Objections shall be deemed continuing as to each request and are not waived or in any way limited by the specific objections.

A.     Microsoft objects to Philips's Requests, and the accompanying Definitions and Instructions ("Definitions" and "Instructions") as unduly burdensome to the extent they are inconsistent with or impose an obligation beyond that required by the Federal Rules of Civil

Procedure, the Federal Rules of Evidence, the Local Rules, any orders of this Court, or any stipulations or agreements among the parties to this action.  Microsoft's responses will comply with the obligations set forth in the Federal Rules of Civil Procedure, the Local Rules, and any other applicable rule or order.

B.      Microsoft objects to Philips's instruction that Microsoft produce responsive, non-privileged documents "within thirty days," which does not provide sufficient time for Microsoft to collect and produce documents.  Subject to its general and specific objections, Microsoft will produce documents as soon as practicable.

C.      Microsoft objects to Philips's characterizations of facts, documents, theories, or conclusions contained in the Requests, Definitions, and Instructions.  In responding to each request, Microsoft does not admit or accept Philips's characterizations of facts, documents, theories, or conclusions.

D.      Microsoft objects to each request to the extent that it seeks the disclosure of information or documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the joint defense privilege, or any other privilege, protection, or immunity provided by law (collectively "Privileged Information").  Inadvertent disclosure of Privileged Information shall not constitute a waiver of, nor signify intent to waive, the applicable privilege, either as to the information or documents inadvertently disclosed or as to any other information or documents.

E.      Microsoft objects to Philips's Requests to the extent they seek the production of documents not within Microsoft's possession, custody or control.

F.      Microsoft objects to Philips's Requests to the extent that they are duplicative or seek to impose on it an obligation to produce or identify a document more than once, or can be obtained from some other source that is more convenient, less burdensome or less expensive.  Certain

documents may be responsive to more than one Request, but responsive documents will be produced only once.

G.      Microsoft objects to Philips's Requests to the extent that they purport to impose on Microsoft an obligation to search for documents and things in locations other than those at which they would reasonably be expected to be maintained in the ordinary course of business.

H.      Microsoft objects to each request to the extent that it seeks the disclosure of: (a) documents received from a third party under a non-disclosure agreement; (b) any part of an agreement between Microsoft and a third party that by its terms may not be disclosed by Microsoft; or (c) any other confidential information, proprietary information, or trade secrets of a third party. In the event that Microsoft agrees to provide information and/or documents that are subject to a contractual prohibition against their disclosure, Microsoft will seek permission from the party to the contract imposing such a prohibition to provide the requested information and/or documents prior to providing them to Philips.  In the event that such permission is not forthcoming, Microsoft will not provide the requested information and/or documents unless and until ordered to do so by the Court.

I.       Microsoft objects to Philips's Requests to the extent they contain terms or phrases that are undefined, vague and/or ambiguous, or request documents that cannot reasonably be identified from the descriptions given.

J.       Microsoft objects to each request to the extent that it seeks information or documents that are not relevant to any claim or defense.

K.      Microsoft objects to each request to the extent that it seeks information that is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

4

L.     Microsoft objects to each request to the extent that it seeks information or documents beyond the temporal or geographic scope of permissible discovery in this action, such as documents pre-dating the complaint by more than 6-years.

M.     Microsoft objects to Philips's Requests to the extent they seek documents already in Philips's possession or to which Philips has equal access.

N.     Microsoft objects to Philips's Requests to the extent they are overbroad, unduly burdensome, and/or oppressive.

O.     Microsoft objects to the Requests to the extent that they prematurely seek expert testimony.

P.     Microsoft objects to Philips's Requests to the extent they seek discovery of electronically stored information ("ESI") from sources that are not reasonably accessible in light of the burdens or costs required to identify, locate, restore, review, and produce whatever responsive information may be found.

Q.     Microsoft objects to Philips's definition and usage of "Document(s)" and to any Request incorporating this term, to the extent they are overboard, impose burdens or requirements that exceed or differ from those by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), as stipulated by the parties and ordered by this Court, and to the extent that they seek premature and general E-Mail discovery beyond that described in this Court's ESI order.

R.     To the extent Microsoft produces ESI responsive to Philips's Requests, ESI will be produced in the manner specified in the e-discovery order in this action.

S.     Microsoft objects to each request to the extent that it seeks disclosure of confidential, scientific, financial, commercial, proprietary, and trade secret information or information that is otherwise commercially sensitive.  Any such information will only be provided subject to the terms of the entered Protective Order in this case.

T.      Microsoft objects to Philips's definition of the terms "Microsoft," "Defendants,"
"You," and "Your," and to any Request incorporating these terms, to the extent that they are unduly
broad and purport to impose burdens or requirements upon Microsoft that exceed or differ from
those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery,
Including Discovery of Electronically Stored Information ("ESI"), as stipulated by the parties and
ordered by the Court, particularly insofar as the definitions purport to require the production of
documents or testimony about products or functionality irrelevant to this action.

U.      Microsoft objects to Philips's definition of the terms "Relevant Products," "Relevant
Hardware Products," and "Relevant Software Products" and to any Request incorporating these
terms, to the extent that they are unduly broad and purport to impose burdens or requirements upon
Microsoft that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and
Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information
("ESI"), as stipulated by the parties and ordered by the Court, particularly insofar as the definitions
purport to require the production of documents or testimony about products irrelevant to this action.
Microsoft will only provide information for each Asserted Patent about products that have been
charted and products that run the same operating system as those products charted.

V.      Microsoft objects to Philips's definition of the term "Relevant Functionalities" and to
any Request incorporating this term, to the extent that it is unduly broad and purports to impose
burdens or requirements upon Microsoft that exceed or differ from those permitted by Federal Rule
of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of
Electronically Stored Information ("ESI"), as stipulated by the parties and ordered by the Court,
particularly insofar as the definitions purport to require the production of documents or testimony
about products irrelevant to this action.

W.      Microsoft objects to Philips's definition of the terms "Asserted Patents" and
"Patents-in-Suit" and to any Request incorporating these terms, to the extent that they are unduly

broad and purport to impose burdens or requirements upon Microsoft that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), as stipulated by the parties and ordered by the Court, particularly insofar as the definitions purport to include "any other patent added to this litigation."

X.       Microsoft incorporates by reference its General Objections into each of its responses, whether or not repeated therein, as well as any specifically stated objections.  Microsoft may repeat a general objection for emphasis or some other reason, but the failure to repeat any general objection does not waive that general objection.

Y.       Discovery is ongoing.  Microsoft's production of documents and testimony is based upon such information as is reasonably available to Microsoft at the time of production and testimony.  Further independent discovery, independent investigation, legal research and analysis by Microsoft or its counsel may supply additional facts, information or documents, or add meaning to known facts, information or documents.  Microsoft's productions and testimony are given without prejudice to Microsoft's right to provide evidence of any subsequently discovered or compiled facts, information or documents, or to supplement or modify such Microsoft's productions and testimony.

Subject to and without waiving any of the foregoing General Objections or its right to amend its objections, Microsoft responds as follows:

## SPECIFIC OBJECTIONS & RESPONSES

## DOCUMENT REQUEST NO. 1:

All documents relied upon in preparing, or identified in response to, any Interrogatories served upon You in these litigations.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "relied upon," and "in preparation."  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant, non-privileged documents specifically reviewed to respond to Philips's Interrogatories. Microsoft anticipates that the first set of documents will be produced by May 31, 2017.

**DOCUMENT REQUEST NO. 2:**

All documents supporting, contradicting, or otherwise concerning any of the claims or defenses asserted by any party to these litigations.

**RESPONSE TO DOCUMENT REQUEST NO.  2:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague,

ambiguous, and overbroad, particularly with respect to the terms "supporting," "contradicting" and "otherwise concerning."  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged documents responsive to this Request on a rolling basis, to the extent such documents exist and are located by a reasonable search.  Microsoft anticipates that the first set of documents will be produced by May 31, 2017.

**DOCUMENT REQUEST NO. 3:**

All prior art that You contend or will contend invalidates one or more claims of the Asserted Patents under 35 U.S.C. §§ 102 and/or 103.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "will contend" and "invalidates one or more claims of the Asserted Patents."  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to information about claims that are not asserted in this action against Microsoft.  Microsoft bases its

9

responses and document production on the products Philips's charted in its disclosures under

Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the

same operating system as the products charted.

Subject to and without waiving its general and specific objections, Microsoft or a Defendant

will produce relevant non-privileged prior art documents on which Microsoft will rely to invalidate

claims asserted against Microsoft, on a rolling basis.  Microsoft anticipates that the first set of

documents will be produced by May 31, 2017.

**DOCUMENT REQUEST NO. 4:**

All documents supporting, contradicting, or otherwise concerning Your contention that any

claim of the Asserted Patents is invalid.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Microsoft incorporates by reference each of the General Objections as though fully set forth

herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected

from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

applicable privilege or immunity, including the common interest or joint defense privileges.

Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or

proprietary information of third parties.  Microsoft further objects to this Request as vague,

ambiguous, and overbroad, particularly with respect to the terms "supporting," "contradicting," "or

otherwise concerning" and "any claim of the Asserted Patents."  Microsoft further objects to this

request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any

claims or defenses in this action and/or not proportional to the needs of the case, particularly with

respect to information about claims that are not asserted in this action against Microsoft.  Microsoft

bases its responses and document production on the products Philips charted in its disclosures under

Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the

same operating system as the products charted.  Microsoft also objects to this Request as duplicative

10

of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.  Microsoft further objects to this Request as seeking information that is not within Microsoft's possession, custody, or control.  Microsoft further objects to this Request as seeking information that is already within Philips's possession, custody, or control, or that is equally available to Philips from other sources that are more convenient, less expensive, and less burdensome, including publicly available sources.

Subject to and without waiving its general and specific objections, Microsoft or a Defendant will produce relevant non-privileged documents concerning the claims asserted against Microsoft on a rolling basis, to the extent such documents exist and are located by a reasonable search. Microsoft anticipates that the first set of documents will be produced by May 31, 2017.

**DOCUMENT REQUEST NO. 5:**

All documents supporting, contradicting, or otherwise concerning Your contention that any claim of the Asserted Patents is unenforceable.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "supporting," "contradicting," "or otherwise concerning" and "any claim of the Asserted Patents."  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to information about claims that are not asserted in this action against Microsoft.  Microsoft

bases its responses and document production on the products Philips charted in its disclosures under

Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the

same operating system as the products charted.  Microsoft also objects to this Request as duplicative

of other Requests served by Philips.  Microsoft will not conduct multiple searches for these

documents.  Microsoft further objects to this Request as seeking information that is not within

Microsoft's possession, custody, or control.  Microsoft further objects to this Request as seeking

information that is already within Philips's possession, custody, or control, or that is equally

available to Philips from other sources that are more convenient, less expensive, and less

burdensome, including publicly available sources.

Subject to and without waiving its general and specific objections, Microsoft or a Defendant

will produce relevant non-privileged documents responsive to this Request and concerning the

claims asserted against Microsoft on a rolling basis, to the extent such documents exist and are

located by a reasonable search.  Microsoft anticipates that the first set of documents will be

produced by May 31, 2017.

**DOCUMENT REQUEST NO. 6:**

All documents concerning any publications authored by the named inventors on the

Asserted Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

Microsoft incorporates by reference each of the General Objections as though fully set forth

herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected

from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

applicable privilege or immunity, including the common interest or joint defense privileges.

Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or

proprietary information of third parties.  Microsoft further objects to this Request as vague,

ambiguous, and overbroad, particularly with respect to the terms "any publication" and

"concerning."  Microsoft further objects to this request as unduly burdensome, to the extent this

Request seeks information that is irrelevant to any claims or defenses in this action and/or not

proportional to the needs of the case.  Microsoft also objects to this Request as duplicative of other

Requests served by Philips, as the only relevant documentation would be prior art.  Microsoft will

not conduct multiple searches for these documents.  Microsoft further objects to this Request as

seeking information that is not within Microsoft's possession, custody, or control.  Microsoft further

objects to this Request as seeking information that is already within Philips's possession, custody,

or control, or that is equally available to Philips from other sources that are more convenient, less

expensive, and less burdensome, including publicly available sources.

Subject to and without waiving its general and specific objections, Microsoft or a Defendant

will produce prior art responsive to this Request on a rolling basis, to the extent such documents

exist and are located by a reasonable search.  Microsoft anticipates that the first set of documents

will be produced by May 31, 2017.

**DOCUMENT REQUEST NO. 7:**

All documents supporting, contradicting, or otherwise concerning Your contention that any

of the claims of the Asserted Patents are not infringed by any of the Relevant Products for that

Asserted Patent.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

Microsoft incorporates by reference each of the General Objections as though fully set forth

herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected

from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

applicable privilege or immunity, including the common interest or joint defense privileges.

Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or

proprietary information of third parties.  Microsoft further objects to this Request as vague,

ambiguous, and overbroad, particularly with respect to the terms "supporting," "contradicting," "or

13

otherwise concerning," "any claim of the Asserted Patents," and "Relevant Products." Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to information about claims that are not asserted in this action against Microsoft or products that Philips has not properly accused. Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted. Microsoft also objects to this Request as duplicative of other Requests served by Philips. Microsoft will not conduct multiple searches for these documents. Microsoft further objects to this Request as seeking information that is not within Microsoft's possession, custody, or control. Microsoft further objects to this Request as seeking information that is already within Philips's possession, custody, or control, or that is equally available to Philips from other sources that are more convenient, less expensive, and less burdensome, including publicly available sources.

Subject to and without waiving its general and specific objections, Microsoft or a Defendant will produce relevant non-privileged documents responsive to this Request on a rolling basis, to the extent such documents exist and are located by a reasonable search. Microsoft anticipates that the first set of documents will be produced by May 31, 2017.

**DOCUMENT REQUEST NO. 8:**

Any opinions of counsel related to any of the Asserted Patents, Related Patents, or Related Applications.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein. In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "related to," "Asserted Patents," "Related Patents," or "Related Applications."  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to information about claims, patents, or applications that are not asserted in this action against Microsoft.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.  Microsoft further objects to this Request as premature under the scheduling order issued by this Court.

Subject to and without waiving its general and specific objections, Microsoft will produce any opinions of counsel no later than August 4, 2017 only if and to the extent it elects to waive privilege and rely on that advice of counsel as a defense to willful infringement.

**DOCUMENT REQUEST NO. 9:**

All documents concerning Your potential liability for infringing any claim of the Asserted Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges.

Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "concerning,"  "potential liability," and "any claim of the Asserted Patents," and "Relevant Products."  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to information about claims that are not asserted in this action against Microsoft.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this request to the extent it calls for a legal conclusion concerning infringement.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.  Microsoft further objects to this Request as seeking information that is not within Microsoft's possession, custody, or control.

Subject to and without waiving its general and specific objections, Microsoft is not aware of any non-privileged documents responsive to this Request.

**DOCUMENT REQUEST NO. 10:**

All documents concerning any testing or analysis done by You or anyone else related to whether any of the Relevant Products infringe any claims of the Asserted Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges.  Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or

proprietary information of third parties.  Microsoft further objects to this Request as vague,

ambiguous, and overbroad, particularly with respect to the terms "supporting," "contradicting," "or

otherwise concerning,"  "any claim of the Asserted Patents," and "Relevant Products."  Microsoft

further objects to this request as unduly burdensome, to the extent this Request seeks information

that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the

case, particularly with respect to information about claims that are not asserted in this action against

Microsoft or products that Philips has not properly accused.  Microsoft bases its responses and

document production on the products Philips charted in its disclosures under Delaware Default

Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating

system as the products charted.   Microsoft also objects to this Request as duplicative of other

Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.

Microsoft further objects to this Request as seeking information that is not within Microsoft's

possession, custody, or control.  Microsoft further objects to this Request as seeking information

that is already within Philips's possession, custody, or control, or that is equally available to Philips

from other sources that are more convenient, less expensive, and less burdensome, including

publicly available sources.

Subject to and without waiving its general and specific objections, Microsoft is not aware of

any non-privileged documents responsive to this Request.

**DOCUMENT REQUEST NO. 11:**

All documents related to any plan or attempt by You to redesign any of the Relevant

Products to avoid infringement of any claims of the Asserted Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

Microsoft incorporates by reference each of the General Objections as though fully set forth

herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected

from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

17

applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "related to," "plan or attempt," "or redesign," "any claim; of the Asserted Patents," and "Relevant Products."  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to information about claims that are not asserted in this action against Microsoft or products that Philips has not properly accused.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this request to the extent it calls for a legal conclusion concerning infringement.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.

Subject to and without waiving its general and specific objections, Microsoft is not aware of any non-privileged documents responsive to this Request.

**DOCUMENT REQUEST NO. 12:**

All documents related to Your first notice or first knowledge of each of the Asserted Patents, including but not limited to documents sufficient to identify the first date of Your notice or knowledge of each of the Asserted Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges.

Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "related to," "first notice," and "first knowledge."  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case.  Microsoft also objects to this request to the extent it calls for a legal conclusion concerning infringement.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.  Microsoft further objects to this Request as seeking information that is already within Philips's possession, custody, or control.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged documents sufficient to identify when Philips first provided notice of the Asserted Patents to Microsoft, to the extent such documents exist and are located by a reasonable search.  Microsoft anticipates that the first set of documents will be produced by May 31, 2017.

## DOCUMENT REQUEST NO. 13:

Source code for each version of the Operating System that was ever pre-loaded on or made available by update or upgrade to each of the Relevant Hardware Products.

## RESPONSE TO DOCUMENT REQUEST NO. 13:

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "each version," "Operating System,"  "ever pre-loaded on or made available by update or upgrade," and "Relevant Hardware Products."  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that

are not accused.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon Microsoft that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and this Court's Default Standard for Discovery.

Subject to and without waiving its general and specific objections, Microsoft will make available for inspection portions of source code for the products and features Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft will not make available source code that is not related to the charted features or that is for products that are not charted and/or do no run the same operating system.    Microsoft anticipates that code will be available for reviewing beginning on or before May 15, 2017.

**DOCUMENT REQUEST NO. 14:**

Source code for each of the Relevant Functionalities included in each version of the Operating System that was ever pre-loaded on or made available by update or upgrade to each of the Relevant Hardware Products.

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "each of the Relevant Functionalities," "included in each version of the Operating System," "ever pre-loaded on or made available by update or upgrade," and "Relevant

Hardware Products."  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon Microsoft that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and this Court's Default Standard for Discovery.

Subject to and without waiving its general and specific objections, Microsoft will make available for inspection portions of source code for the products and features Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft will not make available source code that is not related to the charted features or that is for products that are not charted and/or do no run the same operating system.  Microsoft anticipates that code will be available for review starting on or before May 15, 2017.

**DOCUMENT REQUEST NO. 15:**

All documents concerning each of the Relevant Functionalities included in each version of the Operating System that was ever pre-loaded on or made available by update or upgrade to each of the Relevant Hardware Products.

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected

from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "concerning," "Relevant Functionalities," "included in each version of the Operating System," "ever pre-loaded on or made available by upgrade to" and "Relevant Hardware Products."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that Philips has not accused.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents. Microsoft further objects to this Request as seeking information that is not within Microsoft's possession, custody, or control.  Microsoft further objects to this Request as seeking information that is already within Philips's possession, custody, or control, or that is equally available to Philips from other sources that are more convenient, less expensive, and less burdensome, including publicly available sources.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged specifications responsive to this Request concerning the products and features Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted,

on a rolling basis, to the extent such documents exist and are located by a reasonable search.

Microsoft will not produce documents that are not related to the charted features or that concern

products that are not charted and/or do no run the same operating system.  Microsoft anticipates that

the first set of documents will be produced by May 31, 2017.

**DOCUMENT REQUEST NO. 16:**

All communications between You and any other person, including third parties, concerning

each of the Relevant Functionalities included in each version of the Operating System that was ever

pre-loaded on or made available by update or upgrade to each of the Relevant Hardware Products.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

Microsoft incorporates by reference each of the General Objections as though fully set forth

herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected

from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

applicable privilege or immunity, including the common interest or joint defense privileges.

Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or

proprietary information of third parties.  Microsoft further objects to this Request as vague,

ambiguous, and overbroad, particularly with respect to the terms "concerning," "Relevant

Functionalities," "included in each version of the Operating System," "Operating System," "ever

pre-loaded on or made available by upgrade to" and "Relevant Hardware Products."  Microsoft

further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or

geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the

extent this Request seeks information that is irrelevant to any claims or defenses in this action

and/or not proportional to the needs of the case, particularly with respect to products that Philips has

not properly accused and/or features of the products that are not accused.  Microsoft bases its

responses and document production on the products Philips charted in its disclosures under

Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the

same operating system as the products charted.  Microsoft also objects to this Request as duplicative

of other Requests served by Philips.  Microsoft will not conduct multiple searches for these

documents.  Microsoft further objects on the ground that this Request is unduly broad and purports

to impose burdens or requirements upon Microsoft that exceed or differ from those permitted by

Federal Rule of Civil Procedure 26 and this Court's Default Standard for Discovery, Including

Discovery of Electronically Stored Information ("ESI") order.

Because this Request is overbroad and unduly burdensome, seeking documents not relevant

to any claim or defense and imposing search requirements that are not proportional to the needs of

the case, Microsoft will not search for documents responsive to this Request.  However, if Philips is

willing to narrow the request, Microsoft will reconsider its position..

## DOCUMENT REQUEST NO. 17:

Documents sufficient to show the chronology and/or timing of activities undertaken by You,

on Your behalf, or by a third party, to research, develop, and implement each version of the

Operating System that was ever pre-loaded on or made available by update or upgrade to each of

the Relevant Hardware Products, as well as any additions, changes, modifications, or alterations

thereto.

## RESPONSE TO DOCUMENT REQUEST NO. 17:

Microsoft incorporates by reference each of the General Objections as though fully set forth

herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected

from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

applicable privilege or immunity, including the common interest or joint defense privileges.

Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or

proprietary information of third parties.  Microsoft further objects to this Request as vague,

ambiguous, and overbroad, particularly with respect to the terms "chronology and/or timing of

activities," "research, develop, and implement," "each version of the Operating System,"

24

"Operating System," "ever pre-loaded on or made available by upgrade to," "Relevant Hardware Products," and "any additions, changes, modifications, or alterations thereto."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not accused and/or features of the products that Philips has not accused.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this request to the extent it calls for a legal conclusion concerning infringement.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.  Microsoft further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon Microsoft that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and this Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") order.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant, responsive non-privileged documents, if any, maintained by the product teams that developed the features Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as the same features in Microsoft products that run the same operating system as the products charted, on a rolling basis, to the extent such documents exist and are located by a reasonable search.  Microsoft will not produce documents that are not related to the charted features or that concern products that are not charted and/or do no run the same operating system.  Microsoft anticipates that the first set of documents will be produced by May 31, 2017.  Microsoft will make available for inspection portions of source code for the products and features

25

Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as products that run the same operating system as the products charted.  Microsoft will not make available source code that is not related to the charted features or that is for products that are not charted and/or do no run the same operating system.    Microsoft anticipates that code will be available for review beginning on or before May 15, 2017.

**DOCUMENT REQUEST NO. 18:**

For each version of the Operating System that was ever pre-loaded on or made available by update or upgrade to each of the Relevant Hardware Products, documents sufficient to show any additions, changes, modifications, or alterations, made by You or on Your behalf to any of the Relevant Functionalities included in the version of the Operating System.

**RESPONSE TO DOCUMENT REQUEST NO. 18:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "each version of the Operating System," "Operating System," "ever pre-loaded on or made available by upgrade to," "Relevant Hardware Products," "sufficient to show any additions, changes, modifications, or alterations," and "Relevant Functionalities."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not

accused.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this request to the extent it calls for a legal conclusion concerning infringement.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.  Microsoft further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon Microsoft that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and this Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") order.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged documents responsive to this Request, if any, maintained by the product teams that developed the features Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as the same features in Microsoft products that run the same operating system as the products charted, on a rolling basis, to the extent such documents exist and are located by a reasonable search.  Microsoft will not produce documents that are not related to the charted features or that concern products that are not charted and/or do no run the same operating system.  Microsoft anticipates that the first set of documents will be produced by May 31, 2017. Microsoft will make available for inspection portions of source code for the products and features Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as products that run the same operating system as the products charted.  Microsoft will not make available source code that is not related to the charted features or that is for products that are not charted and/or do no run the same operating system.    Microsoft anticipates that code will be available for reviewing beginning on or before May 15, 2017.

27

**DOCUMENT REQUEST NO. 19:**

Documents sufficient to describe the process by which any additions, changes, modifications, or alterations are made to each version of the Operating System that was ever preloaded on or made available by update or upgrade to each of the Relevant Hardware Products.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "sufficient to describe the process," "any additions, changes, modifications, or alterations," "each version of the Operating System," "Operating System," "ever pre-loaded on or made available by upgrade to," and "Relevant Hardware Products."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused, and to the extent it requests policy documents concerning how the source code repository is maintained.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this request to the extent it calls for a legal conclusion concerning infringement. Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft

28

will not conduct multiple searches for these documents.  Microsoft further objects on the ground

that this Request is unduly broad and purports to impose burdens or requirements upon Microsoft

that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and this Court's

Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI")

order.

Subject to and without waiving its general and specific objections, Microsoft will produce

relevant non-privileged documents responsive to this Request, if any, that are maintained by the

product teams that developed the features Philips charted in its disclosures under Delaware Default

Standard for Discovery ¶¶ 4(a) and 4(c) as well as the same features in Microsoft products that run

the same operating system as the products charted, on a rolling basis, to the extent such documents

exist and are located by a reasonable search.  Microsoft will not produce documents that are not

related to the charted features or that concern products that are not charted and/or do no run the

same operating system.  Microsoft anticipates that the first set of documents will be produced by

May 31, 2017.  Microsoft will make available for inspection portions of source code for the

products and features Philips charted in its disclosures under Delaware Default Standard for

Discovery ¶¶ 4(a) and 4(c) as well as products that run the same operating system as the products

charted.  Microsoft will not make available source code that is not related to the charted features or

that is for products that are not charted and/or do no run the same operating system.    Microsoft

anticipates that code will be available for review beginning on or before May 15, 2017.

**DOCUMENT REQUEST NO. 20:**

Source code for each version of the Relevant Software Products.

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

Microsoft incorporates by reference each of the General Objections as though fully set forth

herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected

from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "source code," "each version," and "Relevant Software Products."  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this request to the extent it calls for a legal conclusion concerning infringement.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.  Microsoft further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon Microsoft that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and this Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") order.

Subject to and without waiving its general and specific objections, Microsoft will make available for inspection portions of source code for the products and features Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft will not make available source code that is not related to the charted features or that is for products that are not charted and/or do no run the same operating system.  Microsoft anticipates that code will be available for review beginning on or before May 15, 2017.

**DOCUMENT REQUEST NO. 21:**

Source code for each of the Relevant Functionalities included in each version of the

Relevant Software Products.

**RESPONSE TO DOCUMENT REQUEST NO. 21:**

Microsoft incorporates by reference each of the General Objections as though fully set forth

herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected

from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

applicable privilege or immunity, including the common interest or joint defense privileges.

Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or

proprietary information of third parties.  Microsoft further objects to this Request as vague,

ambiguous, and overbroad, particularly with respect to the terms "source code," "Relevant

Functionalities," "each version," and "Relevant Software Products."  Microsoft further objects to

this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to

any claims or defenses in this action and/or not proportional to the needs of the case, particularly

with respect to products that Philips has not properly accused and/or features of the products that

are not accused.  Microsoft bases its responses and document production on the products Philips

charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as

Microsoft products that run the same operating system as the products charted.  Microsoft also

objects to this request to the extent it calls for a legal conclusion concerning infringement.

Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft

will not conduct multiple searches for these documents.  Microsoft further objects on the ground

that this Request is unduly broad and purports to impose burdens or requirements upon Microsoft

that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and this Court's

Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI")

order.

Subject to and without waiving its general and specific objections, Microsoft will make available for inspection portions of source code for the products and features Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft will not make available source code that is not related to the charted features or that is for products that are not charted and/or do no run the same operating system.  Microsoft anticipates that code will be available for review beginning on or before May 15, 2017.

**DOCUMENT REQUEST NO. 22:**

All documents concerning each of the Relevant Functionalities included in each version of the Relevant Software Products.

**RESPONSE TO DOCUMENT REQUEST NO. 22:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "concerning," "Relevant Functionalities," "included in each version of the Relevant Software Products," and "Relevant Software Products."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused. Microsoft bases its responses and document production on the products Philips charted in its

disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft

products that run the same operating system as the products charted.  Microsoft also objects to this

request to the extent it calls for a legal conclusion concerning infringement.  Microsoft also objects

to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct

multiple searches for these documents.  Microsoft further objects to this Request as seeking

information that is not within Microsoft's possession, custody, or control.  Microsoft further objects

to this Request as seeking information that is already within Philips's possession, custody, or

control, or that is equally available to Philips from other sources that are more convenient, less

expensive, and less burdensome, including publicly available sources.

Because this Request is overbroad and unduly burdensome, seeking documents not relevant

to any claim or defense and imposing search requirements that are not proportional to the needs of

the case, Microsoft will not search for documents responsive to this Request.  However, if Philips is

willing to narrow the request, Microsoft will reconsider its position.

**DOCUMENT REQUEST NO. 23:**

All communications between You and any other person, including third parties, concerning

each of the Relevant Functionalities included in each version of the Relevant Software Products.

**RESPONSE TO DOCUMENT REQUEST NO. 23:**

Microsoft incorporates by reference each of the General Objections as though fully set forth

herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected

from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

applicable privilege or immunity, including the common interest or joint defense privileges.

Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or

proprietary information of third parties.  Microsoft further objects to this Request as vague,

ambiguous, and overbroad, particularly with respect to the terms "concerning," "Relevant

Functionalities," "included in each version of the Relevant Software Products," and "Relevant

Software Products." Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded. Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused. Microsoft also objects to this request to the extent it calls for a legal conclusion concerning infringement. Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted. Microsoft also objects to this Request as duplicative of other Requests served by Philips. Microsoft will not conduct multiple searches for these documents. Microsoft further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon Microsoft that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and this Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") order.

Because this Request is overbroad and unduly burdensome, seeking documents not relevant to any claim or defense and imposing search requirements that are not proportional to the needs of the case, Microsoft will not search for documents responsive to this Request. However, if Philips is willing to narrow the request, Microsoft will reconsider its position.

**DOCUMENT REQUEST NO. 24:**

Documents sufficient to show the chronology and/or timing of activities undertaken by You, on Your behalf, or by a third party, to research, develop, and implement each version of the Relevant Software Products, as well as any additions, changes, modifications, or alterations thereto.

**RESPONSE TO DOCUMENT REQUEST NO. 24:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges.  Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "chronology and/or timing of activities," "research, develop, and implement," "each version of the Relevant Software Products," "Relevant Software Products," and "any additions, changes, modifications, or alterations thereto."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused.  Microsoft also objects to this request to the extent it calls for a legal conclusion concerning infringement.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.  Microsoft further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon Microsoft that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and this Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") order.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged documents responsive to this Request, if any, that are maintained by the product groups responsible for developing the features Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as the same features in Microsoft products that run the same operating system as the products charted, on a rolling basis, to the extent such documents exist and are located by a reasonable search.  Microsoft will not produce documents that are not related to the charted features or that concern products that are not charted and/or do no run the same operating system.  Microsoft anticipates that the first set of documents will be produced by May 31, 2017.  Microsoft will make available for inspection portions of source code for the products and features Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as products that run the same operating system as the products charted.  Microsoft will not make available source code that is not related to the charted features or that is for products that are not charted and/or do no run the same operating system.  Microsoft anticipates that code will be available for review beginning on or before May 15, 2017.

**DOCUMENT REQUEST NO. 25:**

For each version of the Relevant Software Products, documents sufficient to show any additions, changes, modifications, or alterations, made by You or on Your behalf to any of the Relevant Functionalities included in the version of the Relevant Software Product.

**RESPONSE TO DOCUMENT REQUEST NO. 25:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or

proprietary information of third parties.  Microsoft further objects to this Request as vague,

ambiguous, and overbroad, particularly with respect to the terms "each version of the Relevant

Software Product," "Relevant Software Products," "sufficient to show any additions, changes,

modifications, or alterations," and "Relevant Functionalities."  Microsoft further objects to this

Request as vague, ambiguous, and overbroad because it is not temporally or geographically

bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request

seeks information that is irrelevant to any claims or defenses in this action and/or not proportional

to the needs of the case, particularly with respect to products that Philips has not properly accused

and/or features of the products that are not accused.  Microsoft also objects to this request to the

extent it calls for a legal conclusion concerning infringement.  Microsoft bases its responses and

document production on the products Philips charted in its disclosures under Delaware Default

Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating

system as the products charted.  Microsoft also objects to this Request as duplicative of other

Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.

Microsoft further objects on the ground that this Request is unduly broad and purports to impose

burdens or requirements upon Microsoft that exceed or differ from those permitted by Federal Rule

of Civil Procedure 26 and this Court's Default Standard for Discovery, Including Discovery of

Electronically Stored Information ("ESI") order.

Subject to and without waiving its general and specific objections, Microsoft will produce

relevant non-privileged documents responsive to this Request, if any, maintained by the product

teams that developed the features Philips charted in its disclosures under Delaware Default Standard

for Discovery ¶¶ 4(a) and 4(c) as well as the same features in Microsoft products that run the same

operating system as the products charted, on a rolling basis, to the extent such documents exist and

are located by a reasonable search.  Microsoft anticipates that the first set of documents will be

produced by May 31, 2017.  Microsoft will make available for inspection portions of source code

for the products and features Philips charted in its disclosures under Delaware Default Standard for

Discovery ¶¶ 4(a) and 4(c) as well as products that run the same operating system as the products

charted.  Microsoft will not make available source code that is not related to the charted features or

that is for products that are not charted and/or do no run the same operating system.  Microsoft

anticipates that code will be available for review beginning on or before May 15, 2017.

**DOCUMENT REQUEST NO. 26:**

Documents sufficient to describe the process by which any additions, changes,

modifications, or alterations are made to each version of the Relevant Software Products.

**RESPONSE TO DOCUMENT REQUEST NO. 26:**

Microsoft incorporates by reference each of the General Objections as though fully set forth

herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected

from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

applicable privilege or immunity, including the common interest or joint defense privileges.

Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or

proprietary information of third parties.  Microsoft further objects to this Request as vague,

ambiguous, and overbroad, particularly with respect to the terms "sufficient to describe the

process," "any additions, changes, modifications, or alterations," "each version of the Relevant

Software Products," and "Relevant Software Products."  Microsoft further objects to this Request as

vague, ambiguous, and overbroad because it is not temporally or geographically bounded.

Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks

information that is irrelevant to any claims or defenses in this action and/or not proportional to the

needs of the case, particularly with respect to products that Philips has not properly accused and/or

features of the products that are not accused, and to the extent it requests policy documents

concerning how the source code repository is maintained.  Microsoft also objects to this request to

the extent it calls for a legal conclusion concerning infringement.  Microsoft bases its responses and

document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents. Microsoft further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon Microsoft that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and this Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") order.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged documents responsive to this Request, if any, maintained by the product teams that developed the features Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as the same features in Microsoft products that run the same operating system as the products charted, on a rolling basis, to the extent such documents exist and are located by a reasonable search.  Microsoft will not produce documents that are not related to the charted features or that concern products that are not charted and/or do no run the same operating system.  Microsoft anticipates that the first set of documents will be produced by May 31, 2017. Microsoft will make available for inspection portions of source code for the products and features Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as products that run the same operating system as the products charted.  Microsoft will not make available source code that is not related to the charted features or that is for products that are not charted and/or do no run the same operating system.  Microsoft anticipates that code will be available for review beginning on or before May 15, 2017.

**DOCUMENT REQUEST NO. 27:**

All user guides or manuals, operational guides or manuals, online help or support website pages, and/or installation guides or manuals, for each version of each of the Relevant Products.

**RESPONSE TO DOCUMENT REQUEST NO. 27:**

      Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges.  Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "online help or support website pages," "each version of each of the Relevant Products," and "Relevant Products."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused.  Microsoft also objects to this request to the extent it calls for a legal conclusion concerning infringement.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.  Microsoft further objects to this Request as seeking information that is not within Microsoft's possession, custody, or control.  Microsoft further objects to this Request as seeking information that is already within Philips's possession, custody, or control, or that is equally available to Philips from other sources that are more convenient, less expensive, and less burdensome, including publicly available sources.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged documents responsive to this Request concerning the products and features Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted, on a rolling basis, to the extent such documents exist and are located by a reasonable search. Microsoft will not produce documents that are not related to the charted features or that concern products that are not charted and/or do no run the same operating system. Microsoft anticipates that the first set of documents will be produced by May 31, 2017.

**DOCUMENT REQUEST NO. 28:**

All data sheets and system, component, and/or operational specifications for each version of each of the Relevant Products.

**RESPONSE TO DOCUMENT REQUEST NO. 28:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein. In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties. Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "system, component, and/or operational specifications," "each version of each of the Relevant Products," and "Relevant Products." Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded. Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused. Microsoft

41

also objects to this request to the extent it calls for a legal conclusion concerning infringement. Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.  Microsoft further objects to this Request as seeking information that is not within Microsoft's possession, custody, or control.  Microsoft further objects to this Request as seeking information that is already within Philips's possession, custody, or control, or that is equally available to Philips from other sources that are more convenient, less expensive, and less burdensome, including publicly available sources.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged documents responsive to this Request concerning the products and features Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted, on a rolling basis, to the extent such documents exist and are located by a reasonable search.  Microsoft will not produce documents that are not related to the charted features or that concern products that are not charted and/or do no run the same operating system.  Microsoft anticipates that the first set of documents will be produced by May 31, 2017.

**DOCUMENT REQUEST NO. 29:**

All documents describing the implementation, incorporation, use, or operation of each of the Relevant Functionalities in each of the Relevant Products.

**RESPONSE TO DOCUMENT REQUEST NO. 29:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

applicable privilege or immunity, including the common interest or joint defense privileges.

Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or

proprietary information of third parties.  Microsoft further objects to this Request as vague,

ambiguous, and overbroad, particularly with respect to the terms "describing the implementation,

incorporation, use, or operation," "Relevant Functionalities," and "Relevant Products."  Microsoft

further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or

geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the

extent this Request seeks information that is irrelevant to any claims or defenses in this action

and/or not proportional to the needs of the case, particularly with respect to products that Philips has

not properly accused and/or features of the products that are not accused.  Microsoft also objects to

this request to the extent it calls for a legal conclusion concerning infringement.  Microsoft bases its

responses and document production on the products Philips charted in its disclosures under

Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the

same operating system as the products charted.  Microsoft also objects to this Request as duplicative

of other Requests served by Philips and compound.  Microsoft will not conduct multiple searches

for these documents.  Microsoft further objects to this Request as seeking information that is not

within Microsoft's possession, custody, or control.  Microsoft further objects to this Request as

seeking information that is already within Philips's possession, custody, or control, or that is equally

available to Philips from other sources that are more convenient, less expensive, and less

burdensome, including publicly available sources.

Because this Request is overbroad and unduly burdensome, seeking documents not relevant

to any claim or defense and imposing search requirements that are not proportional to the needs of

the case, Microsoft will not search for documents responsive to this Request.  However, if Philips is

willing to narrow the request, Microsoft will reconsider its position.

**DOCUMENT REQUEST NO. 30:**

Documents sufficient to show whether each of the Relevant Products supports the HTTP

Live Streaming ("HLS") media streaming technology.

**RESPONSE TO DOCUMENT REQUEST NO. 30:**

Microsoft incorporates by reference each of the General Objections as though fully set forth

herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected

from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

applicable privilege or immunity, including the common interest or joint defense privileges.

Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or

proprietary information of third parties.  Microsoft further objects to this Request as vague,

ambiguous, and overbroad, particularly with respect to the term "Relevant Products."  Microsoft

further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or

geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the

extent this Request seeks information that is irrelevant to any claims or defenses in this action

and/or not proportional to the needs of the case, particularly with respect to products that Philips has

not properly accused and/or features of the products that are not accused.  Microsoft also objects to

this request to the extent it calls for a legal conclusion concerning infringement.  Microsoft bases its

responses and document production on the products Philips charted in its disclosures under

Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the

same operating system as the products charted.  Microsoft also objects to this Request as duplicative

of other Requests served by Philips.  Microsoft will not conduct multiple searches for these

documents.  Microsoft further objects to this Request as seeking information that is not within

Microsoft's possession, custody, or control.  Microsoft further objects to this Request as seeking

information that is already within Philips's possession, custody, or control, or that is equally

available to Philips from other sources that are more convenient, less expensive, and less

burdensome, including publicly available sources.

Subject to and without waiving its general and specific objections, Microsoft will produce or

make available for inspection relevant non-privileged documents and/or source code responsive to

this Request regarding HLS support in the Microsoft products Philips charted in its disclosures

under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that

run the same operating system as the products charted, on a rolling basis, to the extent such

documents and/or source code exist and are located by a reasonable search, beginning on or before

May 31, 2017.  Microsoft will not produce or make available for inspection source code or

documents that are not related to the charted features or that concern products that are not charted

and/or do no run the same operating system.

**DOCUMENT REQUEST NO. 31:**

Documents sufficient to show whether each of the Relevant Products supports the MPEG-

DASH (Dynamic Adaptive Streaming over HTTP) media streaming technology.

**RESPONSE TO DOCUMENT REQUEST NO. 31:**

Microsoft incorporates by reference each of the General Objections as though fully set forth

herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected

from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

applicable privilege or immunity, including the common interest or joint defense privileges.

Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or

proprietary information of third parties.  Microsoft further objects to this Request as vague,

ambiguous, and overbroad, particularly with respect to the term "Relevant Products."  Microsoft

further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or

geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the

extent this Request seeks information that is irrelevant to any claims or defenses in this action

and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused.  Microsoft also objects to this request to the extent it calls for a legal conclusion concerning infringement.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.  Microsoft further objects to this Request as seeking information that is not within Microsoft's possession, custody, or control.  Microsoft further objects to this Request as seeking information that is already within Philips's possession, custody, or control, or that is equally available to Philips from other sources that are more convenient, less expensive, and less burdensome, including publicly available sources.

Subject to and without waiving its general and specific objections, Microsoft will produce or make available for inspection relevant non-privileged documents and/or source code responsive to this Request regarding MPEG-DASH support in the Microsoft products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted, on a rolling basis, to the extent such documents and/or source code exist and are located by a reasonable search, beginning on or before May 31, 2017.  Microsoft will not produce or make available for inspection source code or documents that are not related to the charted features or that concern products that are not charted and/or do no run the same operating system.

**DOCUMENT REQUEST NO. 32:**

Documents sufficient to show whether each of the Relevant Products supports playback of a FLAC (Free Lossless Audio Codec) audio signal.

**RESPONSE TO DOCUMENT REQUEST NO. 32:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges.  Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the term "Relevant Products."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused.  Microsoft also objects to this request to the extent it calls for a legal conclusion concerning infringement.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.  Microsoft further objects to this Request as seeking information that is not within Microsoft's possession, custody, or control.  Microsoft further objects to this Request as seeking information that is already within Philips's possession, custody, or control, or that is equally available to Philips from other sources that are more convenient, less expensive, and less burdensome, including publicly available sources.

Subject to and without waiving its general and specific objections, Microsoft will produce or make available for inspection relevant non-privileged documents and/or source code responsive to

47

this Request, regarding FLAC support in the Microsoft products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted, on a rolling basis, to the extent such documents and/or source code exist and are located by a reasonable search, beginning on or before May 31, 2017.  Microsoft will not produce or make available for inspection source code or documents that are not related to the charted features or that concern products that are not charted and/or do no run the same operating system.

**DOCUMENT REQUEST NO. 33:**

Documents sufficient to show whether each of the Relevant Products supports the Highbandwidth Digital Content Protection ("HDCP") System revision 2.x (e.g., HDCP System Interface Independent Adaptation Revision 2.2, HDCP System Mapping HDCP to HDMI Revision 2.2, HDCP System Mapping HDCP to MHL Revision 2.2, or HDCP System Mapping HDCP to DisplayPort Revision 2.2).

**RESPONSE TO DOCUMENT REQUEST NO. 33:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "Relevant Products" and "Highbandwidth Digital Content Protection ('HDCP') System revision 2.x."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action

and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused.  Microsoft also objects to this request to the extent it calls for a legal conclusion concerning infringement.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.  Microsoft further objects to this Request as seeking information that is not within Microsoft's possession, custody, or control.  Microsoft further objects to this Request as seeking information that is already within Philips's possession, custody, or control, or that is equally available to Philips from other sources that are more convenient, less expensive, and less burdensome, including publicly available sources.

Subject to and without waiving its general and specific objections, Microsoft will produce or make available for inspection relevant non-privileged documents and/or source code responsive to this Request regarding HDCP 2.2 support in the Microsoft products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted, on a rolling basis, to the extent such documents and/or source code exist and are located by a reasonable search, beginning on or before May 31, 2017.  Microsoft will not produce or make available for inspection source code or documents that are not related to the charted features or that concern products that are not charted and/or do no run the same operating system.

**DOCUMENT REQUEST NO. 34:**

Documents sufficient to show whether each of the Relevant Products supports the PlayReady for Network Devices and/or the Windows Media Digital Content Protection for Network Devices content protection technologies.

**RESPONSE TO DOCUMENT REQUEST NO. 34:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the term "Relevant Products."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused.  Microsoft also objects to this request to the extent it calls for a legal conclusion concerning infringement.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this Request as duplicative of other Requests served by Philips and compound.  Microsoft will not conduct multiple searches for these documents.  Microsoft further objects to this Request as seeking information that is not within Microsoft's possession, custody, or control.  Microsoft further objects to this Request as seeking information that is already within Philips's possession, custody, or control, or that is equally available to Philips from other sources that are more convenient, less expensive, and less burdensome, including publicly available sources.

Subject to and without waiving its general and specific objections, Microsoft will produce or make available for inspection relevant non-privileged documents and/or source code responsive to

this Request regarding support of the WMDRM-ND protocol in the Microsoft products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as products that run the same operating system as the products charted, as well as regarding the support of the PlayReady-ND protocol in the Microsoft products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as products that run the same operating system as the products charted, on a rolling basis, to the extent such documents and/or source code exist and are located by a reasonable search, beginning on or before May 31, 2017.  Microsoft will not produce or make available for inspection source code or documents that are not related to the charted features or that concern products that are not charted and/or do no run the same operating system.

## DOCUMENT REQUEST NO. 35:

Documents sufficient to identify each modality (e.g., application, program, portion of the Operating System, etc.) on the Relevant Hardware Products which supports the HTTP Live Streaming ("HLS") media streaming technology.

## RESPONSE TO DOCUMENT REQUEST NO. 35:

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "modality (e.g., application, program, portion of the Operating System, etc.)" and "Relevant Hardware Products."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the

51

extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused.  Microsoft also objects to this request to the extent it calls for a legal conclusion concerning infringement.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this Request as duplicative of other Requests served by Philips and compound.  Microsoft will not conduct multiple searches for these documents.  Microsoft further objects to this Request as seeking information that is not within Microsoft's possession, custody, or control.  Microsoft further objects to this Request as seeking information that is already within Philips's possession, custody, or control, or that is equally available to Philips from other sources that are more convenient, less expensive, and less burdensome, including publicly available sources.

Subject to and without waiving its general and specific objections, Microsoft will produce or make available for inspection relevant non-privileged documents and/or source code responsive to this Request regarding HLS support in the Microsoft products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted, on a rolling basis, to the extent such documents and/or source code exist and are located by a reasonable search, beginning on or before May 31, 2017.  Microsoft will not produce or make available for inspection source code or documents that are not related to the charted features or that concern products that are not charted and/or do no run the same operating system.

**DOCUMENT REQUEST NO. 36:**

Documents sufficient to identify each modality (e.g., application, program, portion of the Operating System, etc.) included in the Relevant Software Products which supports the HTTP Live Streaming ("HLS") media streaming technology.

**RESPONSE TO DOCUMENT REQUEST NO. 36:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "modality (e.g., application, program, portion of the Operating System, etc.)" and "Relevant Software Products."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused.  Microsoft also objects to this request to the extent it calls for a legal conclusion concerning infringement.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this Request as duplicative of other Requests served by Philips and compound.  Microsoft will not conduct multiple searches for these documents.  Microsoft further objects to this Request as seeking information that is not within Microsoft's possession, custody, or control.  Microsoft further objects to this Request as

seeking information that is already within Philips's possession, custody, or control, or that is equally available to Philips from other sources that are more convenient, less expensive, and less burdensome, including publicly available sources.

Subject to and without waiving its general and specific objections, Microsoft will produce or make available for inspection relevant non-privileged documents and/or source code responsive to this Request regarding HLS support in the Microsoft products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted, on a rolling basis, to the extent such documents and/or source code exist and are located by a reasonable search, beginning on or before May 31, 2017.  Microsoft will not produce or make available for inspection source code or documents that are not related to the charted features or that concern products that are not charted and/or do no run the same operating system.

## DOCUMENT REQUEST NO. 37:

Documents sufficient to identify each modality (e.g., application, program, portion of the Operating System, etc.) on the Relevant Hardware Products which supports the MPEG-DASH (Dynamic Adaptive Streaming over HTTP) media streaming technology.

## RESPONSE TO DOCUMENT REQUEST NO. 37:

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges.  Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "modality (e.g., application, program, portion of the Operating System, etc.)" and "Relevant Hardware Products."  Microsoft

further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused.  Microsoft also objects to this request to the extent it calls for a legal conclusion concerning infringement.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this Request as duplicative of other Requests served by Philips and compound.  Microsoft will not conduct multiple searches for these documents.  Microsoft further objects to this Request as seeking information that is not within Microsoft's possession, custody, or control.  Microsoft further objects to this Request as seeking information that is already within Philips's possession, custody, or control, or that is equally available to Philips from other sources that are more convenient, less expensive, and less burdensome, including publicly available sources.

Subject to and without waiving its general and specific objections, Microsoft will produce or make available for inspection relevant non-privileged documents and/or source code responsive to this Request regarding MPEG-DASH support in the Microsoft products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted, on a rolling basis, to the extent such documents and/or source code exist and are located by a reasonable search, beginning on or before May 31, 2017.  Microsoft will not produce or make available for inspection source code or documents that are not related to the charted features or that concern products that are not charted and/or do no run the same operating system.

**DOCUMENT REQUEST NO. 38:**

Documents sufficient to identify each modality (e.g., application, program, portion of the Operating System, etc.) included in the Relevant Software Products which supports the MPEG-DASH (Dynamic Adaptive Streaming over HTTP) media streaming technology.

**RESPONSE TO DOCUMENT REQUEST NO. 38:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "modality (e.g., application, program, portion of the Operating System, etc.)" and "Relevant Software Products."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused.  Microsoft also objects to this request to the extent it calls for a legal conclusion concerning infringement.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this Request as duplicative of other Requests served by Philips and compound.  Microsoft will not conduct multiple searches for these documents.  Microsoft further objects to this Request as seeking information that is not within Microsoft's possession, custody, or control.  Microsoft further objects to this Request as

seeking information that is already within Philips's possession, custody, or control, or that is equally available to Philips from other sources that are more convenient, less expensive, and less burdensome, including publicly available sources.

Subject to and without waiving its general and specific objections, Microsoft will produce or make available for inspection relevant non-privileged documents and/or source code responsive to this Request regarding MPEG-DASH support in the Microsoft products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted, on a rolling basis, to the extent such documents and/or source code exist and are located by a reasonable search, beginning on or before May 31, 2017.  Microsoft will not produce or make available for inspection source code or documents that are not related to the charted features or that concern products that are not charted and/or do no run the same operating system.

**DOCUMENT REQUEST NO. 39:**

Documents sufficient to identify each modality (e.g., application, program, portion of the Operating System, etc.) on the Relevant Hardware Products which supports playback of a FLAC (Free Lossless Audio Codec) audio signal.

**RESPONSE TO DOCUMENT REQUEST NO. 39:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges.  Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "modality (e.g., application, program, portion of the Operating System, etc.)" and "Relevant Hardware Products."  Microsoft

further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded. Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused. Microsoft also objects to this request to the extent it calls for a legal conclusion concerning infringement. Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted. Microsoft also objects to this Request as duplicative of other Requests served by Philips and compound. Microsoft will not conduct multiple searches for these documents. Microsoft further objects to this Request as seeking information that is not within Microsoft's possession, custody, or control. Microsoft further objects to this Request as seeking information that is already within Philips's possession, custody, or control, or that is equally available to Philips from other sources that are more convenient, less expensive, and less burdensome, including publicly available sources.

Subject to and without waiving its general and specific objections, Microsoft will produce or make available for inspection relevant non-privileged documents and/or source code responsive to this Request regarding FLAC support in the Microsoft products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted, on a rolling basis, to the extent such documents and/or source code exist and are located by a reasonable search, beginning on or before May 31, 2017. Microsoft will not produce or make available for inspection source code or documents that are not related to the charted features or that concern products that are not charted and/or do no run the same operating system.

**DOCUMENT REQUEST NO. 40:**

Documents sufficient to identify each modality (e.g., application, program, portion of the Operating System, etc.) included in the Relevant Software Products which supports playback of a FLAC (Free Lossless Audio Codec) audio signal.

**RESPONSE TO DOCUMENT REQUEST NO. 40:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "modality (e.g., application, program, portion of the Operating System, etc.)" and "Relevant Software Products."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused.  Microsoft also objects to this request to the extent it calls for a legal conclusion concerning infringement.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this Request as duplicative of other Requests served by Philips and compound.  Microsoft will not conduct multiple searches for these documents.  Microsoft further objects to this Request as seeking information that is not within Microsoft's possession, custody, or control.  Microsoft further objects to this Request as

seeking information that is already within Philips's possession, custody, or control, or that is equally available to Philips from other sources that are more convenient, less expensive, and less burdensome, including publicly available sources.

Subject to and without waiving its general and specific objections, Microsoft will produce or make available for inspection relevant non-privileged documents and/or source code responsive to this Request regarding FLAC support in the Microsoft products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted, on a rolling basis, to the extent such documents and/or source code exist and are located by a reasonable search, beginning on or before May 31, 2017. Microsoft will not produce or make available for inspection source code or documents that are not related to the charted features or that concern products that are not charted and/or do no run the same operating system.

**DOCUMENT REQUEST NO. 41:**

Documents sufficient to identify each modality (*e.g.*, application, program, portion of the Operating System, etc.) on the Relevant Hardware Products which can display content protected by the High-bandwidth Digital Content Protection ("HDCP") System revision 2.x (*e.g.*, HDCP System Interface Independent Adaptation Revision 2.2, HDCP System Mapping HDCP to HDMI Revision 2.2, HDCP System Mapping HDCP to MHL Revision 2.2, or HDCP System Mapping HDCP to DisplayPort Revision 2.2).

**RESPONSE TO DOCUMENT REQUEST NO. 41:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein. In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or

proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "modality (e.g., application, program, portion of the Operating System, etc.)," "High-bandwidth Digital Content Protection ('HDCP') System revision 2.x," and "Relevant Hardware Products."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused.  Microsoft also objects to this request to the extent it calls for a legal conclusion concerning infringement.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this Request as duplicative of other Requests served by Philips and compound.  Microsoft will not conduct multiple searches for these documents.  Microsoft further objects to this Request as seeking information that is not within Microsoft's possession, custody, or control.  Microsoft further objects to this Request as seeking information that is already within Philips's possession, custody, or control, or that is equally available to Philips from other sources that are more convenient, less expensive, and less burdensome, including publicly available sources.

Subject to and without waiving its general and specific objections, Microsoft will produce or make available for inspection relevant non-privileged documents and/or source code responsive to this Request regarding HDCP 2.2 support in the Microsoft products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted, on a rolling basis, to the extent such documents and/or source code exist and are located by a reasonable search, beginning on or before

May 31, 2017.  Microsoft will not produce or make available for inspection source code or

documents that are not related to the charted features or that concern products that are not charted

and/or do no run the same operating system.

**DOCUMENT REQUEST NO. 42:**

Documents sufficient to identify each modality (e.g., application, program, portion of the

Operating System, etc.) included in the Relevant Software Products which can display content

protected by the High-bandwidth Digital Content Protection ("HDCP") System revision 2.x (e.g.,

HDCP System Interface Independent Adaptation Revision 2.2, HDCP System Mapping HDCP to

HDMI Revision 2.2, HDCP System Mapping HDCP to MHL Revision 2.2, or HDCP System

Mapping HDCP to DisplayPort Revision 2.2).

**RESPONSE TO DOCUMENT REQUEST NO. 42:**

Microsoft incorporates by reference each of the General Objections as though fully set forth

herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected

from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

applicable privilege or immunity, including the common interest or joint defense privileges.

Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or

proprietary information of third parties.  Microsoft further objects to this Request as vague,

ambiguous, and overbroad, particularly with respect to the terms "modality (e.g., application,

program, portion of the Operating System, etc.)," "High-bandwidth Digital Content Protection

('HDCP') System revision 2.x," and "Relevant Software Products."  Microsoft further objects to

this Request as vague, ambiguous, and overbroad because it is not temporally or geographically

bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request

seeks information that is irrelevant to any claims or defenses in this action and/or not proportional

to the needs of the case, particularly with respect to products that Philips has not properly accused

and/or features of the products that are not accused.  Microsoft also objects to this request to the

extent it calls for a legal conclusion concerning infringement.  Microsoft bases its responses and

document production on the products Philips charted in its disclosures under Delaware Default

Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating

system as the products charted.  Microsoft also objects to this Request as duplicative of other

Requests served by Philips and compound.  Microsoft will not conduct multiple searches for these

documents.  Microsoft further objects to this Request as seeking information that is not within

Microsoft's possession, custody, or control.  Microsoft further objects to this Request as seeking

information that is already within Philips's possession, custody, or control, or that is equally

available to Philips from other sources that are more convenient, less expensive, and less

burdensome, including publicly available sources.

Subject to and without waiving its general and specific objections, Microsoft will produce or

make available for inspection relevant non-privileged documents and/or source code responsive to

this Request regarding HDCP 2.2 support in the Microsoft products Philips charted in its disclosures

under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that

run the same operating system as the products charted, on a rolling basis, to the extent such

documents and/or source code exist and are located by a reasonable search, beginning on or before

May 31, 2017.  Microsoft will not produce or make available for inspection source code or

documents that are not related to the charted features or that concern products that are not charted

and/or do no run the same operating system.

## DOCUMENT REQUEST NO. 43:

Documents sufficient to identify each modality (e.g., application, program, portion of the

Operating System, etc.) on the Relevant Hardware Products which can display content protected by

the PlayReady for Network Devices and/or the Windows Media Digital Content Protection for

Network Devices content protection technologies.

**RESPONSE TO DOCUMENT REQUEST NO. 43:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges.  Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "modality (e.g., application, program, portion of the Operating System, etc.)" and "Relevant Hardware Products."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused.  Microsoft also objects to this request to the extent it calls for a legal conclusion concerning infringement.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this Request as duplicative of other Requests served by Philips and compound.  Microsoft will not conduct multiple searches for these documents.  Microsoft further objects to this Request as seeking information that is not within Microsoft's possession, custody, or control.  Microsoft further objects to this Request as seeking information that is already within Philips's possession, custody, or control, or that is equally available to Philips from other sources that are more convenient, less expensive, and less burdensome, including publicly available sources.

Subject to and without waiving its general and specific objections, Microsoft will produce or make available for inspection relevant non-privileged documents and/or source code responsive to this Request regarding support of the WMDRM-ND protocol in the Microsoft products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted, as well as regarding the support of the PlayReady-ND protocol in the Microsoft products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted, on a rolling basis, to the extent such documents and/or source code exist and are located by a reasonable search, beginning on or before May 31, 2017.  Microsoft will not produce or make available for inspection source code or documents that are not related to the charted features or that concern products that are not charted and/or do no run the same operating system.

## DOCUMENT REQUEST NO. 44:

Documents sufficient to identify each modality (*e.g.*, application, program, portion of the Operating System, etc.) included in the Relevant Software Products which can display content protected by the PlayReady for Network Devices and/or the Windows Media Digital Content Protection for Network Devices content protection technologies.

## RESPONSE TO DOCUMENT REQUEST NO. 44:

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "modality (e.g., application,

program, portion of the Operating System, etc.)" and "Relevant Software Products."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused.  Microsoft also objects to this request to the extent it calls for a legal conclusion concerning infringement.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this Request as duplicative of other Requests served by Philips and compound.  Microsoft will not conduct multiple searches for these documents.  Microsoft further objects to this Request as seeking information that is not within Microsoft's possession, custody, or control.  Microsoft further objects to this Request as seeking information that is already within Philips's possession, custody, or control, or that is equally available to Philips from other sources that are more convenient, less expensive, and less burdensome, including publicly available sources.

Subject to and without waiving its general and specific objections, Microsoft will produce or make available for inspection relevant non-privileged documents and/or source code responsive to this Request regarding support of the WMDRM-ND protocol in the Microsoft products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted, as well as regarding the support of the PlayReady-ND protocol in the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted, on a rolling basis, to the extent such documents and/or source code exist and are located by a reasonable search, beginning on or before May 31,

66

2017.  Microsoft will not produce or make available for inspection source code or documents that are not related to the charted features or that concern products that are not charted and/or do no run the same operating system.

**DOCUMENT REQUEST NO. 45:**

All communications, between You and Philips concerning any aspect of these litigations, a Related Litigation, the Asserted Patents, or the Relevant Products, including any documents that were the subject of the communications.

**RESPONSE TO DOCUMENT REQUEST NO. 45:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "concerning," "any aspect," "these litigations," "a Related Litigation," "the Asserted Patents," and "Relevant Products."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused and/or claims or patents not asserted in this litigation.  Microsoft also objects to this request to the extent it calls for a legal conclusion concerning infringement. Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple

searches for these documents.  Microsoft further objects to this Request as seeking information that is already within Philips's possession, custody, or control.  Microsoft further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon Microsoft that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and this Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") order.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged documents responsive to this Request concerning the claims asserted against Microsoft for the products and features Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as products that run the same operating system as the products charted, subject to this Court's constraints on custodians and search terms as identified in the Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") order.  Such documents will be produced on a rolling basis, to the extent such documents exist and are located by a reasonable search.  Microsoft anticipates that the first set of documents will be produced by May 31, 2017.  Microsoft will not produce documents that are not related to the charted features or that concern products that are not charted and/or do no run the same operating system.  Microsoft will also not produce documents concerning unasserted claims.

**DOCUMENT REQUEST NO. 46:**

All licenses, offers to license, settlements, and offers to settle between You and Philips, including all communications relating thereto.

**RESPONSE TO DOCUMENT REQUEST NO. 46:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges.

Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "licenses, offers to license, settlements, and offers to settle," and "relating." Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused and/or claims or patents not asserted in this litigation.  Microsoft also objects to this request to the extent it calls for a legal conclusion concerning infringement.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.  Microsoft further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon Microsoft that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and this Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") order.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged documents responsive to this Request concerning this litigation and/or the patents-in-suit and subject to this Court's constraints on custodians and search terms as identified in the Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") order, on a rolling basis, to the extent such documents exist and are located by a reasonable search.  Microsoft anticipates that the first set of documents will be produced by May 31, 2017.

**DOCUMENT REQUEST NO. 47:**

All communications between You and any other Person concerning any aspect of these litigations, a Related Litigation, the Asserted Patents, or Philips.

**RESPONSE TO DOCUMENT REQUEST NO. 47:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges.  Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "any other Person." "concerning," "these litigations," "a Related Litigation," and "the Asserted Patents."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to other litigations or patents.  Microsoft also objects to this Request as duplicative of other Requests served by Philips and compound.  Microsoft will not conduct multiple searches for these documents.  Microsoft further objects to this Request as seeking information that is not within Microsoft's possession, custody, or control.  Microsoft further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon Microsoft that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and this Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") order.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged documents responsive to this Request concerning this litigation and/or the

patents-in-suit and subject to this Court's constraints on custodians and search terms as identified in

the Default Standard for Discovery, Including Discovery of Electronically Stored Information

("ESI") order, on a rolling basis, to the extent such documents exist and are located by a reasonable

search.  Microsoft anticipates that the first set of documents will be produced by May 31, 2017.

**DOCUMENT REQUEST NO. 48:**

     All communications between You and any defendant in any Related Litigation concerning

any aspect of these litigations, the Asserted Patents, or Philips.

**RESPONSE TO DOCUMENT REQUEST NO. 48:**

     Microsoft incorporates by reference each of the General Objections as though fully set forth

herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected

from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

applicable privilege or immunity, including the common interest or joint defense privileges.

Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or

proprietary information of third parties.  Microsoft further objects to this Request as vague,

ambiguous, and overbroad, particularly with respect to the terms "any defendant." "any Related

Litigation," "concerning," and "any aspect."  Microsoft further objects to this Request as vague,

ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft

further objects to this request as unduly burdensome, to the extent this Request seeks information

that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the

case, particularly with respect to other litigations or patents.  Microsoft also objects to this Request

as duplicative of other Requests served by Philips and compound.  Microsoft will not conduct

multiple searches for these documents.  Microsoft further objects to this Request as seeking

information that is not within Microsoft's possession, custody, or control.  Microsoft further objects

on the ground that this Request is unduly broad and purports to impose burdens or requirements

upon Microsoft that exceed or differ from those permitted by Federal Rule of Civil Procedure 26

and this Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") order.

Because this Request is overbroad and unduly burdensome, seeking documents not relevant to any claim or defense and imposing search requirements that are not proportional to the needs of the case, Microsoft is unable to search for documents responsive to this Request to the extent it seeks documents that are not related to this litigation and/or the patents-in-suit. To the extent this Request seeks documents related to this litigation and/or the patents-in-suit, Microsoft is not aware of any non-privileged documents responsive to this Request.

**DOCUMENT REQUEST NO. 49:**

All communications between You and any end user, customer, consumer, or licensee of any Relevant Software Product concerning any aspect of these litigations, a Related Litigation, the Asserted Patents, or Philips.

**RESPONSE TO DOCUMENT REQUEST NO. 49:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein. In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties. Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "any end user, customer, consumer, or licensee." "any Relevant Software Product," "concerning," "any aspect," "Related Litigation," and "Asserted Patents." Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded. Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly

with respect to other litigations or patents and products that Philips has not properly accused and/or features of the products that are not accused and/or claims or patents not asserted in this litigation. Microsoft also objects to this Request as duplicative of other Requests served by Philips and compound.  Microsoft will not conduct multiple searches for these documents.  Microsoft further objects to this Request as seeking information that is not within Microsoft's possession, custody, or control.  Microsoft further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon Microsoft that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and this Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") order.

Because this Request is overbroad and unduly burdensome, seeking documents not relevant to any claim or defense and imposing search requirements that are not proportional to the needs of the case, Microsoft is unable to search for documents responsive to this Request to the extent it seeks documents that are not related to this litigation and/or the patents-in-suit.  To the extent this Request seeks documents related to this litigation and/or the patents-in-suit, Microsoft is not aware of any non-privileged documents responsive to this Request.

**DOCUMENT REQUEST NO. 50:**

All documents concerning any license agreements between You and any end user, customer, consumer, or licensee of any Relevant Software Product, including but not limited to any actual or contemplated agreements and any correspondence referring or relating to such actual or contemplated agreements.

**RESPONSE TO DOCUMENT REQUEST NO. 50:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges.

Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "concerning," "any license agreements between You and any end user, customer, consumer, or licensee," "Relevant Software Product," "any actual or contemplated agreements," and "any correspondence referring or relating to such actual or contemplated agreements."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused.  Microsoft also objects to this Request as duplicative of other Requests served by Philips and compound.  Microsoft will not conduct multiple searches for these documents.  Microsoft further objects to this Request as seeking information that is not within Microsoft's possession, custody, or control.  Microsoft further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon Microsoft that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and this Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") order.

Because this Request is overbroad and unduly burdensome, seeking documents not relevant to any claim or defense and imposing search requirements that are not proportional to the needs of the case, Microsoft is unable to search for documents responsive to this Request to the extent it seeks documents that are not related to this litigation and/or the patents-in-suit.  To the extent this Request seeks documents related to this litigation and/or the patents-in-suit, Microsoft is not aware of any non-privileged documents responsive to this Request.

**DOCUMENT REQUEST NO. 51:**

All documents concerning any license agreements between You and any third party relating to the HTTP Live Streaming ("HLS") media streaming technology, including but not limited to any actual or contemplated agreements and any correspondence referring or relating to such actual or contemplated agreements.

**RESPONSE TO DOCUMENT REQUEST NO. 51:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "concerning," "any license agreements between You and any third party," "any actual or contemplated agreements," and "any correspondence referring or relating to such actual or contemplated agreements."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has

not properly accused and/or features of the products that are not accused.  Microsoft also objects to this Request as duplicative of other Requests served by Philips and compound.  Microsoft will not conduct multiple searches for these documents.  Microsoft further objects to this Request as seeking information that is not within Microsoft's possession, custody, or control.  Microsoft further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon Microsoft that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and this Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") order.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged in-bound license agreements responsive to this Request concerning HLS support in the Microsoft products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted, on a rolling basis, to the extent such documents exist and are located by a reasonable search.  Microsoft anticipates that the first set of documents will be produced by May 31, 2017.

**DOCUMENT REQUEST NO. 52:**

All documents concerning any license agreements between You and any third party relating to the MPEG-DASH (Dynamic Adaptive Streaming over HTTP) media streaming technology, including but not limited to any actual or contemplated agreements and any correspondence referring or relating to such actual or contemplated agreements.

**RESPONSE TO DOCUMENT REQUEST NO. 52:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges.

Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "concerning," "any license agreements between You and any third party," "any actual or contemplated agreements," and "any correspondence referring or relating to such actual or contemplated agreements."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused.  Microsoft also objects to this Request as duplicative of other Requests served by Philips and compound.  Microsoft will not conduct multiple searches for these documents.  Microsoft further objects to this Request as seeking information that is not within Microsoft's possession, custody, or control.  Microsoft further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon Microsoft that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and this Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") order.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged in-bound license agreements responsive to this Request concerning MPEG-DASH support in the Microsoft products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted, on a rolling basis, to the extent such documents exist and are located by a reasonable search.  Microsoft anticipates that the first set of documents will be produced by May 31, 2017.

**DOCUMENT REQUEST NO. 53:**

All documents concerning any license agreements between You and any third party concerning FLAC (Free Lossless Audio Codec), including but not limited to any actual or contemplated agreements and any correspondence referring or relating to such actual or contemplated agreements.

**RESPONSE TO DOCUMENT REQUEST NO. 53:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "concerning," "any license agreements between You and any third party," "any actual or contemplated agreements," and "any correspondence referring or relating to such actual or contemplated agreements."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused.  Microsoft also objects to this Request as duplicative of other Requests served by Philips and compound.  Microsoft will not conduct multiple searches for these documents.  Microsoft further objects to this Request as seeking information that is not within Microsoft's possession, custody, or control.  Microsoft further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon Microsoft that exceed or differ from those permitted by Federal Rule of Civil Procedure 26

78

and this Court's Default Standard for Discovery, Including Discovery of Electronically Stored

Information ("ESI") order.

Subject to and without waiving its general and specific objections, Microsoft will produce

relevant non-privileged in-bound license agreements responsive to this Request concerning FLAC

support in the Microsoft products Philips charted in its disclosures under Delaware Default Standard

for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as

the products charted,  on a rolling basis, to the extent such documents exist and are located by a

reasonable search.  Microsoft anticipates that the first set of documents will be produced by May

31, 2017.

**DOCUMENT REQUEST NO. 54:**

All documents concerning any license agreements between You and any third party relating

to the High-bandwidth Digital Content Protection ("HDCP") System revision 2.x (e.g., HDCP

System Interface Independent Adaptation Revision 2.2, HDCP System Mapping HDCP to HDMI

Revision 2.2, HDCP System Mapping HDCP to MHL Revision 2.2, or HDCP System Mapping

HDCP to DisplayPort Revision 2.2), including but not limited to any actual or contemplated

agreements and any correspondence referring or relating to such actual or contemplated agreements.

**RESPONSE TO DOCUMENT REQUEST NO. 54:**

Microsoft incorporates by reference each of the General Objections as though fully set forth

herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected

from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

applicable privilege or immunity, including the common interest or joint defense privileges.

Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or

proprietary information of third parties.  Microsoft further objects to this Request as vague,

ambiguous, and overbroad, particularly with respect to the terms "concerning," "any license

agreements between You and any third party," "High-bandwidth Digital Content Protection

('HDCP') System revision 2.x," "any actual or contemplated agreements," and "any correspondence referring or relating to such actual or contemplated agreements."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused.  Microsoft also objects to this Request as duplicative of other Requests served by Philips and compound.  Microsoft will not conduct multiple searches for these documents.  Microsoft further objects to this Request as seeking information that is not within Microsoft's possession, custody, or control.  Microsoft further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon Microsoft that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and this Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") order.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged in-bound license agreements responsive to this Request concerning HDCP 2.2 support in the Microsoft products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted, on a rolling basis, to the extent such documents exist and are located by a reasonable search.  Microsoft anticipates that the first set of documents will be produced by May 31, 2017.

**DOCUMENT REQUEST NO. 55:**

All documents concerning any license agreements between You and any third party relating to the PlayReady for Network Devices and/or the Windows Media Digital Content Protection for Network Devices content protection technologies, including but not limited to any actual or

contemplated agreements and any correspondence referring or relating to such actual or

contemplated agreements.

**RESPONSE TO DOCUMENT REQUEST NO. 55:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges.  Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "concerning," "any license agreements between You and any third party," "any actual or contemplated agreements," and "any correspondence referring or relating to such actual or contemplated agreements."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused.  Microsoft also objects to this Request as duplicative of other Requests served by Philips and compound.  Microsoft will not conduct multiple searches for these documents.  Microsoft further objects to this Request as seeking information that is not within Microsoft's possession, custody, or control.  Microsoft further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon Microsoft that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and this Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") order.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged in-bound license agreements responsive to this Request regarding support of the WMDRM-ND protocol in the Microsoft products Philips charted in its disclosures under

Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted, as well as regarding the support of the PlayReady-ND protocol in the products in the Microsoft products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted, on a rolling basis, to the extent such documents exist and are located by a reasonable search.  Microsoft anticipates that the first set of documents will be produced by May 31, 2017.

**DOCUMENT REQUEST NO. 56:**

All documents concerning any actual or contemplated agreement between You and any defendant in any Related Litigation relating to the Asserted Patents, these litigations, or any Related Litigation (e.g., a joint defense or common interest agreement), including but not limited to any actual or contemplated agreements and any correspondence referring or relating to such actual or contemplated agreements.

**RESPONSE TO DOCUMENT REQUEST NO. 56:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms 'any actual or contemplated agreement", "any defendant," "any Related Litigation," "relating to the Asserted Patents, these litigations or any Related Litigation," and "referring or relating to such actual or contemplated agreements."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as

unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to other litigations or patents.  Microsoft also objects to this Request as duplicative of other Requests served by Philips and compound.  Microsoft will not conduct multiple searches for these documents.  Microsoft further objects to this Request as seeking information that is not within Microsoft's possession, custody, or control.  Microsoft further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon Microsoft that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and this Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") order.

Subject to and without waiving its general and specific objections, Microsoft is not aware of any non-privileged documents responsive to this Request.

**DOCUMENT REQUEST NO. 57:**

All documents concerning any actual or contemplated agreement between You and any third party relating to the Asserted Patents, these litigations, or any Related Litigation (e.g., a joint defense or common interest agreement), including but not limited to any such agreement between You and any end user, customer, consumer, or licensee of any Relevant Software Product, and including but not limited to any actual or contemplated agreements and any correspondence referring or relating to such actual or contemplated agreements.

**RESPONSE TO DOCUMENT REQUEST NO. 57:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges.  Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or

proprietary information of third parties.  Microsoft further objects to this Request as vague,

ambiguous, and overbroad, particularly with respect to the terms "any actual or contemplated

agreement," "relating to the Asserted Patents, these litigations or any Related Litigation," and

"referring or relating to such actual or contemplated agreements."  Microsoft further objects to this

Request as vague, ambiguous, and overbroad because it is not temporally or geographically

bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request

seeks information that is irrelevant to any claims or defenses in this action and/or not proportional

to the needs of the case, particularly with respect to other litigations or patents.  Microsoft also

objects to this Request as duplicative of other Requests served by Philips and compound.  Microsoft

will not conduct multiple searches for these documents.  Microsoft further objects to this Request as

seeking information that is not within Microsoft's possession, custody, or control.  Microsoft further

objects on the ground that this Request is unduly broad and purports to impose burdens or

requirements upon Microsoft that exceed or differ from those permitted by Federal Rule of Civil

Procedure 26 and this Court's Default Standard for Discovery, Including Discovery of

Electronically Stored Information ("ESI") order.

Because this Request is overbroad and unduly burdensome, seeking documents not relevant

to any claim or defense and imposing search requirements that are not proportional to the needs of

the case, Microsoft is unable to search for documents responsive to this Request.  However,

Microsoft is willing to meet and confer with Philips regarding this Request to determine if an

appropriate scope exists.

**DOCUMENT REQUEST NO. 58:**

All documents concerning any insurance policy, agreement to indemnify, or other agreement

to which You are a party that relates to a claim for patent infringement brought against You.

**RESPONSE TO DOCUMENT REQUEST NO. 58:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "concerning," and "relates to." Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case.

Subject to and without waiving its general and specific objections, Microsoft will make available for inspection relevant, non-privileged insurance policy and indemnification agreement documents responsive to this Request concerning the products and features Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted, to the extent such documents exist and are located by a reasonable search.  Microsoft anticipates that the first set of documents will be produced by May 31, 2017.

**DOCUMENT REQUEST NO. 59:**

All documents concerning any insurance policy, agreement to indemnify, or other agreement to which You are a party that relates to a claim for patent infringement brought against any defendant in any Related Litigation.

**RESPONSE TO DOCUMENT REQUEST NO. 59:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "concerning," "relates to," and "any defendant in any Related Litigation."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case.

Subject to and without waiving its general and specific objections, Microsoft will produce and/or make available for inspection relevant, non-privileged documents responsive to this Request concerning the Microsoft products, features, and patent claims Philips charted in its disclosures to Microsoft under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) and the operating systems for those products, on a rolling basis, to the extent such documents exist and are located by a reasonable search.  Microsoft anticipates that the first set of documents will be produced by May 31, 2017.

**DOCUMENT REQUEST NO. 10:**

All documents concerning any insurance policy, agreement to indemnify, or other agreement to which You are a party that relates to a claim for patent infringement brought against any end user, customer, consumer, or licensee of any Relevant Product.

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges.  Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "concerning," "relates to," "any end user, customer, consumer, or licensee of any Relevant Product," and "Relevant Product".  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case.

Subject to and without waiving its general and specific objections, Microsoft will produce and/or make available for inspection relevant, non-privileged insurance policy and indemnification agreement documents responsive to this Request concerning the Microsoft products, features, and patent claims Philips charted in its disclosures to Microsoft under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) and the operating systems for those products, on a rolling basis, to the extent such documents exist and are located by a reasonable search.  Microsoft anticipates that the first set of documents will be produced by May 31, 2017.

**DOCUMENT REQUEST NO. 11:**

All documents received by You from any third party that were requested from that third party in connection with these litigations or any Related Litigation.

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges.  Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "requested from that third party" and "in connection with these litigations or any Related Litigation."  Microsoft further objects to this Request as seeking information that is already within Philips's possession, custody, or control, or that is equally available to Philips from other sources that are more convenient, less expensive, and less burdensome, including publicly available sources.

Subject to and without waiving its general and specific objections, Microsoft or a Defendant will produce relevant non-privileged documents responsive to this Request that are provided by third parties to Microsoft in connection with a subpoena served in the instant litigation or Related Litigation, on a rolling basis, to the extent such documents exist and are located by a reasonable search.

**DOCUMENT REQUEST NO. 12:**

All documents concerning any advertising or marketing efforts undertaken by You or on Your behalf related to the '913 Relevant Functionality, including but not limited to copies of any published advertisements or marketing materials.

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

applicable privilege or immunity, including the common interest or joint defense privileges.

Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or

proprietary information of third parties.  Microsoft further objects to this Request as vague,

ambiguous, and overbroad, particularly with respect to the terms "concerning," "any advertising or

marketing efforts," "related to," and "'913 Relevant Functionality."  Microsoft further objects to

this Request as vague, ambiguous, and overbroad because it is not temporally or geographically

bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request

seeks information that is irrelevant to any claims or defenses in this action and/or not proportional

to the needs of the case, particularly with respect to products that Philips has not properly accused

and/or features of the products that are not accused.  Microsoft also objects to this request to the

extent it calls for a legal conclusion concerning infringement.  Microsoft bases its responses and

document production on the products Philips charted in its disclosures under Delaware Default

Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating

system as the products charted.  Microsoft also objects to this Request as duplicative of other

Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.

Subject to and without waiving its general and specific objections, Microsoft will produce

relevant non-privileged advertising and marketing documents, if any, that mention the features

Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as

well as the same features in Microsoft products that run the same operating system as the products

charted, on a rolling basis, to the extent such documents exist and are located by a reasonable

search.

**DOCUMENT REQUEST NO. 13:**

All documents concerning any advertising or marketing efforts undertaken by You or on

Your behalf related to the '387 Relevant Functionality, including but not limited to copies of any

published advertisements or marketing materials.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "concerning," "any advertising or marketing efforts," "related to," and "'387 Relevant Functionality."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused.  Microsoft also objects to this request to the extent it calls for a legal conclusion concerning infringement.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged advertising and marketing documents, if any, that mention the features Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as the same features in Microsoft products that run the same operating system as the products charted, on a rolling basis, to the extent such documents exist and are located by a reasonable search.

**DOCUMENT REQUEST NO. 14:**

All documents concerning any advertising or marketing efforts undertaken by You or on Your behalf related to the '064 Relevant Functionality, including but not limited to copies of any published advertisements or marketing materials.

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "concerning," "any advertising or marketing efforts," "related to," and "'064 Relevant Functionality."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this request to the extent it calls for a legal conclusion concerning infringement.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged advertising and marketing documents, if any, that mention the features

Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as the same features in Microsoft products that run the same operating system as the products charted, on a rolling basis, to the extent such documents exist and are located by a reasonable search.

**DOCUMENT REQUEST NO. 15:**

All documents concerning any advertising or marketing efforts undertaken by You or on Your behalf related to the '806 Relevant Functionality, including but not limited to copies of any published advertisements or marketing materials.

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "concerning," "any advertising or marketing efforts," "related to," and "'806 Relevant Functionality."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused.  Microsoft also objects to this request to the extent it calls for a legal conclusion concerning infringement.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating

system as the products charted.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged advertising and marketing documents, if any, that mention the features Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as the same features in Microsoft products that run the same operating system as the products charted, on a rolling basis, to the extent such documents exist and are located by a reasonable search.

**DOCUMENT REQUEST NO. 16:**

All documents concerning any advertising or marketing efforts undertaken by You or on Your behalf related to the '797 Relevant Functionality, including but not limited to copies of any published advertisements or marketing materials.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "concerning," "any advertising or marketing efforts," "related to," and "'797 Relevant Functionality."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused

94

and/or features of the products that are not accused.  Microsoft also objects to this request to the

extent it calls for a legal conclusion concerning infringement.  Microsoft bases its responses and

document production on the products Philips charted in its disclosures under Delaware Default

Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating

system as the products charted.  Microsoft also objects to this Request as duplicative of other

Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.

Subject to and without waiving its general and specific objections, Microsoft will produce

relevant non-privileged advertising and marketing documents, if any, that mention the features

Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as

well as the same features in Microsoft products that run the same operating system as the products

charted, on a rolling basis, to the extent such documents exist and are located by a reasonable

search.

## DOCUMENT REQUEST NO. 17:

All documents concerning any advertising or marketing efforts undertaken by You or on

Your behalf related to the '695 Relevant Functionality, including but not limited to copies of any

published advertisements or marketing materials.

## RESPONSE TO DOCUMENT REQUEST NO. 17:

Microsoft incorporates by reference each of the General Objections as though fully set forth

herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected

from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

applicable privilege or immunity, including the common interest or joint defense privileges.

Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or

proprietary information of third parties.  Microsoft further objects to this Request as vague,

ambiguous, and overbroad, particularly with respect to the terms "concerning," "any advertising or

marketing efforts," "related to," and "'695 Relevant Functionality."  Microsoft further objects to

95

this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged advertising and marketing documents, if any, that mention the features Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as the same features in Microsoft products that run the same operating system as the products charted, on a rolling basis, to the extent such documents exist and are located by a reasonable search.

**DOCUMENT REQUEST NO. 18:**

All documents concerning any advertising or marketing efforts undertaken by You or on Your behalf related to the '819 Relevant Functionality, including but not limited to copies of any published advertisements or marketing materials.

**RESPONSE TO DOCUMENT REQUEST NO. 18:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges.  Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or

proprietary information of third parties.  Microsoft further objects to this Request as vague,

ambiguous, and overbroad, particularly with respect to the terms "concerning," "any advertising or

marketing efforts," "related to," and "'819 Relevant Functionality."  Microsoft further objects to

this Request as vague, ambiguous, and overbroad because it is not temporally or geographically

bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request

seeks information that is irrelevant to any claims or defenses in this action and/or not proportional

to the needs of the case, particularly with respect to products that Philips has not properly accused

and/or features of the products that are not accused.  Microsoft bases its responses and document

production on the products Philips charted in its disclosures under Delaware Default Standard for

Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the

products charted.  Microsoft also objects to this Request as duplicative of other Requests served by

Philips.  Microsoft will not conduct multiple searches for these documents.

Subject to and without waiving its general and specific objections, Microsoft will produce

relevant non-privileged advertising and marketing documents, if any, that mention the features

Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as

well as the same features in Microsoft products that run the same operating system as the products

charted, on a rolling basis, to the extent such documents exist and are located by a reasonable

search.

**DOCUMENT REQUEST NO. 19:**

All documents concerning any advertising or marketing efforts undertaken by You or on

Your behalf related to the '809 Relevant Functionality, including but not limited to copies of any

published advertisements or marketing materials.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

Microsoft incorporates by reference each of the General Objections as though fully set forth

herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected

from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "concerning," "any advertising or marketing efforts," "related to," and "'809 Relevant Functionality."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged advertising and marketing documents, if any, that mention the features Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as the same features in Microsoft products that run the same operating system as the products charted, on a rolling basis, to the extent such documents exist and are located by a reasonable search.

**DOCUMENT REQUEST NO. 20:**

All documents concerning any advertising or marketing efforts undertaken by You or on Your behalf related to the '564 Relevant Functionality, including but not limited to copies of any published advertisements or marketing materials.

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "concerning," "any advertising or marketing efforts," "related to," and "'564 Relevant Functionality."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused.  Microsoft also objects to this request to the extent it calls for a legal conclusion concerning infringement.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged advertising and marketing documents, if any, that mention the features Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as the same features in Microsoft products that run the same operating system as the products charted, on a rolling basis, to the extent such documents exist and are located by a reasonable search.

**DOCUMENT REQUEST NO. 21:**

All documents concerning any advertising or marketing efforts undertaken by You or on Your behalf related to the HTTP Live Streaming ("HLS") media streaming technology, including but not limited to copies of any published advertisements or marketing materials.

**RESPONSE TO DOCUMENT REQUEST NO. 21:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "concerning," "any advertising or marketing efforts," and "related to HTTP Live Streaming ('HLS') media streaming technology." Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused.  Microsoft also objects to this request to the extent it calls for a legal conclusion concerning infringement. Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well Microsoft products that run the same operating system as the products charted.    Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged advertising and marketing documents responsive to this Request concerning HLS and the products and features Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted, on a rolling basis, to the extent such documents exist and are located by a reasonable search.  Microsoft anticipates that the first set of documents will be produced by May 31, 2017.

**DOCUMENT REQUEST NO. 22:**

All documents concerning any advertising or marketing efforts undertaken by You or on Your behalf related to the MPEG-DASH (Dynamic Adaptive Streaming over HTTP) media streaming technology, including but not limited to copies of any published advertisements or marketing materials.

**RESPONSE TO DOCUMENT REQUEST NO. 22:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "concerning," "any advertising or marketing efforts," and "related to the MPEG-DASH (Dynamic Adaptive Streaming over HTTP) media streaming technology."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with

respect to products that Philips has not properly accused and/or features of the products that are not

accused. Microsoft bases its responses and document production on the products Philips charted in

its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft

products that run the same operating system as the products charted.  Microsoft also objects to this

Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple

searches for these documents.

Subject to and without waiving its general and specific objections, Microsoft will produce

relevant non-privileged advertising and marketing documents responsive to this Request concerning

MPEG-DASH and the products and features Philips charted in its disclosures under Delaware

Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same

operating system as the products charted, on a rolling basis, to the extent such documents exist and

are located by a reasonable search.  Microsoft anticipates that the first set of documents will be

produced by May 31, 2017.

**DOCUMENT REQUEST NO. 23:**

All documents concerning any advertising or marketing efforts undertaken by You or on

Your behalf related to the playback of FLAC (Free Lossless Audio Codec) audio signals, including

but not limited to copies of any published advertisements or marketing materials.

**RESPONSE TO DOCUMENT REQUEST NO. 23:**

Microsoft incorporates by reference each of the General Objections as though fully set forth

herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected

from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

applicable privilege or immunity, including the common interest or joint defense privileges.

Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or

proprietary information of third parties.  Microsoft further objects to this Request as vague,

ambiguous, and overbroad, particularly with respect to the terms "concerning," "any advertising or

marketing efforts," and "related to the playback of FLAC (Free Lossless Audio Codec) audio signals." Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded. Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused. Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted. Microsoft also objects to this Request as duplicative of other Requests served by Philips. Microsoft will not conduct multiple searches for these documents.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged advertising and marketing documents responsive to this Request concerning FLAC and the products and features Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted, on a rolling basis, to the extent such documents exist and are located by a reasonable search. Microsoft anticipates that the first set of documents will be produced by May 31, 2017.

**DOCUMENT REQUEST NO. 24:**

All documents concerning any advertising or marketing efforts undertaken by You or on Your behalf related to the High-bandwidth Digital Content Protection ("HDCP") System revision 2.x (e.g., HDCP System Interface Independent Adaptation Revision 2.2, HDCP System Mapping HDCP to HDMI Revision 2.2, HDCP System Mapping HDCP to MHL Revision 2.2, or HDCP System Mapping HDCP to DisplayPort Revision 2.2), including but not limited to copies of any published advertisements or marketing materials.

**RESPONSE TO DOCUMENT REQUEST NO. 24:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "concerning," "any advertising or marketing efforts," and "related to the High-bandwidth Digital Content Protection ('HDCP') System revision 2.x (e.g., HDCP System Interface Independent Adaptation Revision 2.2, HDCP System Mapping HDCP to HDMI Revision 2.2, HDCP System Mapping HDCP to MHL Revision 2.2, or HDCP System Mapping HDCP to DisplayPort Revision 2.2)."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged advertising and marketing documents responsive to this Request concerning HDCP 2.2 and the products and features Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating

system as the products charted, on a rolling basis, to the extent such documents exist and are located by a reasonable search.  Microsoft anticipates that the first set of documents will be produced by May 31, 2017.

**DOCUMENT REQUEST NO. 25:**

All documents concerning any advertising or marketing efforts undertaken by You or on Your behalf related to the PlayReady for Network Devices and/or the Windows Media Digital Content Protection for Network Devices content protection technologies, including but not limited to copies of any published advertisements or marketing materials.

**RESPONSE TO DOCUMENT REQUEST NO. 25:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "concerning," "any advertising or marketing efforts," and "related to the PlayReady for Network Devices and/or the Windows Media Digital Content Protection for Network Devices content protection technologies."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused.  Microsoft also objects to this request to the extent it calls for a legal conclusion concerning infringement.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under

Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged advertising and marketing documents responsive to this Request concerning the WMDRM-ND protocol and the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted, as well responsive advertising and marketing documents as regarding the PlayReady-ND protocol and the products in the Microsoft products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted, on a rolling basis, to the extent such documents exist and are located by a reasonable search.  Microsoft anticipates that the first set of documents will be produced by May 31, 2017.

**DOCUMENT REQUEST NO. 26:**

Documents sufficient to show Your corporate structure and the identity of each legal entity therein, including but not limited to Your subsidiaries, parents, sisters, partnerships, and affiliates.

**RESPONSE TO DOCUMENT REQUEST NO. 26:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges.  Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "corporate structure," "identify of

106

each legal entity therein," and "subsidiaries, parents, sisters, partnerships and affiliates."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.  Microsoft further objects to this Request as seeking information that is already within Philips's possession, custody, or control, or that is equally available to Philips from other sources that are more convenient, less expensive, and less burdensome, including publicly available sources.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged documents responsive to this Request sufficient to show Microsoft's corporate structure, from six years prior to the filing of the complaint, to the extent such documents exist and are located by a reasonable search.  Microsoft anticipates that the first set of documents will be produced by May 31, 2017.

**DOCUMENT REQUEST NO. 27:**

Organization charts and other documents sufficient to show each of Your departments and the persons in those departments who have responsibility for (a) research and development, (b) engineering and design, (c) manufacturing, (d) reliability and quality control, (e) project management, (f) marketing, (g) sales and (h) financial matters and accounting, for each of Your smartphone, tablet computer, laptop, studio, hub, video game console, content protection technology, browser, music application, and operating system products, including but not limited to the Relevant Products.

**RESPONSE TO DOCUMENT REQUEST NO. 27:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected

from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "persons in those departments who have responsibility for. . . ," "each of Your smartphone, tablet computer, laptop, studio, hub, video game console, content protection technology, browser, music application, and operating system products," and "Relevant Products."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.

Because this Request is overbroad and unduly burdensome, seeking documents not relevant to any claim or defense and imposing search requirements that are not proportional to the needs of the case, Microsoft will not search for documents responsive to this Request.  However, if Philips is willing to narrow the request, Microsoft will reconsider its position.

**DOCUMENT REQUEST NO. 28:**

Organization charts and other documents sufficient to show Your relationship with any parent and/or affiliated companies.

**RESPONSE TO DOCUMENT REQUEST NO. 28:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

applicable privilege or immunity, including the common interest or joint defense privileges.
Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or
proprietary information of third parties.  Microsoft further objects to this Request as vague,
ambiguous, and overbroad, particularly with respect to the terms "corporate structure," "identify of
each legal entity therein," and "subsidiaries, parents, sisters, partnerships and affiliates."  Microsoft
further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or
geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the
extent this Request seeks information that is irrelevant to any claims or defenses in this action.
Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft
will not conduct multiple searches for these documents.  Microsoft further objects to this Request as
seeking information that is already within Philips's possession, custody, or control, or that is equally
available to Philips from other sources that are more convenient, less expensive, and less
burdensome, including publicly available sources.

Subject to and without waiving its general and specific objections, Microsoft will produce
relevant non-privileged documents responsive to this Request sufficient to show Microsoft's
corporate structure, from six years prior to the filing of the complaint, to the extent such documents
exist and are located by a reasonable search.  Microsoft anticipates that the first set of documents
will be produced by May 31, 2017.

**DOCUMENT REQUEST NO. 29:**

All documents that You intend to introduce into evidence, or rely on in any way at trial or in
any deposition.

**RESPONSE TO DOCUMENT REQUEST NO. 29:**

Microsoft incorporates by reference each of the General Objections as though fully set forth
herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected
from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the term "intend to introduce into evidence or rely on in any way."  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.  Microsoft further objects to this Request as premature.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged documents responsive to this Request as required by the Federal Rules of Civil Procedure at an appropriate time.

**DOCUMENT REQUEST NO. 30:**

All documents described in Your Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a).

**RESPONSE TO DOCUMENT REQUEST NO. 30:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the term "described."  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.

Subject to and without waiving its general and specific objections, and to the extent they have not been produced already, Microsoft will produce relevant non-privileged documents

responsive to this Request.  Microsoft anticipates that the first set of documents will be produced by

May 31, 2017.

**DOCUMENT REQUEST NO. 31:**

Documents sufficient to show Your document retention policies.

**RESPONSE TO DOCUMENT REQUEST NO. 31:**

Microsoft incorporates by reference each of the General Objections as though fully set forth

herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected

from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

applicable privilege or immunity, including the common interest or joint defense privileges.

Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with

respect to the term "document retention policies."  Microsoft further objects to this Request as

vague, ambiguous, and overbroad because it is not temporally or geographically bounded.

Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks

information that is irrelevant to any claims or defenses in this action and/or not proportional to the

needs of the case.

Because this Request is unduly burdensome and imposes search requirements that are not

proportional to the needs of the case, Microsoft will not search for documents responsive to this

Request.  However, if Philips is willing to narrow the request, Microsoft will reconsider its position.

**DOCUMENT REQUEST NO. 32:**

All English translations of any foreign language documents produced in response to these

Requests for Production to the extent such English translation is in Your possession, custody, or

control, including translations prepared for use in these litigations or a Related Litigation.

**RESPONSE TO DOCUMENT REQUEST NO. 32:**

Microsoft incorporates by reference each of the General Objections as though fully set forth

herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected

from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.

Subject to and without waiving its general and specific objections, Microsoft or a Defendant will produce formal translations responsive to this Request on a rolling basis, to the extent such documents exist and are located by a reasonable search.  Microsoft anticipates that the first set of documents will be produced by May 31, 2017.

**DOCUMENT REQUEST NO. 33:**

All documents concerning any sworn testimony ever given in any proceeding by any fact and/or expert witness on Your behalf concerning any of the Relevant Functionalities, including all transcripts (including printed transcripts and videotapes) of such testimony.

**RESPONSE TO DOCUMENT REQUEST NO. 33:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "concerning," "any sworn testimony ever given in any proceeding," and "Relevant Functionalities."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request

112

seeks information that is irrelevant to any claims or defenses in this action and/or not proportional

to the needs of the case.  Microsoft further objects to this Request as seeking information that is not

within Microsoft's possession, custody, or control.  Microsoft further objects to this Request as

seeking information that is equally available to Philips from other sources that are more convenient,

less expensive, and less burdensome, including publicly available sources.

Because this Request is overbroad and unduly burdensome, seeking documents not relevant

to any claim or defense and imposing search requirements that are not proportional to the needs of

the case, Microsoft will not search for documents responsive to this Request.  However, if Philips is

willing to narrow the request, Microsoft will reconsider its position.

**DOCUMENT REQUEST NO. 34:**

All documents provided to, reviewed by, or prepared for or by any person whom You expect

to call as a fact and/or expert witness at trial, or on whose testimony (written or oral) You intend to

rely at any other stage of these litigations, including but not limited to all documents such persons

plan to use, refer to, or rely on in connection with such testimony.

**RESPONSE TO DOCUMENT REQUEST NO. 34:**

Microsoft incorporates by reference each of the General Objections as though fully set forth

herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected

from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

applicable privilege or immunity, including the common interest or joint defense privileges.

Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or

proprietary information of third parties.  Microsoft further objects to this Request as vague,

ambiguous, and overbroad, particularly with respect to the term "in connection."  Microsoft also

objects to this Request to the extent it seeks information beyond the permissible scope of the

Federal Rules of Civil Procedure, Federal Rules of Evidence, or any applicable Rules or Orders of

the Court.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.

Microsoft will not conduct multiple searches for these documents.  Microsoft further objects to this Request as premature.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged documents responsive to this Request for its expert witnesses as required under the Federal Rules of Civil Procedure, during expert discovery,

**DOCUMENT REQUEST NO. 35:**

All documents that You contend are relevant to any determination of damages in these litigations.

**RESPONSE TO DOCUMENT REQUEST NO. 35:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "contend" and "are relevant." Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.  Microsoft further objects to this Request as premature and relating to expert testimony.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged documents responsive to this Request in connection with its expert disclosures.

**DOCUMENT REQUEST NO. 36:**

For each of the Relevant Products, made, used, licensed, distributed, sold, offered for sale, or imported in the United States from the Relevant Date to the present, documents sufficient to show on a month-by-month (or quarterly) basis, the quantity sold, gross revenue, net revenue, cost of goods sold, gross profit, net profit, and the identity of the entity and/or entities that made, used, licensed, distributed, sold, offered for sale and/or imported into the United States those products.

**RESPONSE TO DOCUMENT REQUEST NO. 36:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "Relevant Date" and "Relevant Products."  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to information about claims that are not asserted in this action against Microsoft or products that Philips has not properly accused.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this Request to the extent it purports to require the creation of documents.  Microsoft also objects to this Request as duplicative of other Requests served by Philips, and as compound.  Microsoft will not conduct multiple searches for these documents. Microsoft further objects to this Request as seeking information that is not within Microsoft's possession, custody, or control.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged accounting documents responsive to this Request on a rolling basis which reflect the information kept by Microsoft related to its profits, sales, and revenues for the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted, to the extent such documents exist and are located by a reasonable search.  Microsoft anticipates that the first set of documents will be produced by May 31, 2017.

**DOCUMENT REQUEST NO. 37:**

For all follow-on sales of other products or services (e.g., accessories, software, hardware, maintenance, extended warranties, etc.) based on the sale, launch and/or use of the Relevant Products or otherwise attributable to the Relevant Products, made, used, licensed, distributed, sold, offered for sale, or imported in the United States from the Relevant Date to the present, documents sufficient to show on a month-by-month (or quarterly) basis, the quantity sold, gross revenue, net revenue, cost of goods sold, gross profit, net profit, and the identity of the entity and/or entities that made, used, licensed, distributed, sold, offered for sale and/or imported into the United States those products or services.

**RESPONSE TO DOCUMENT REQUEST NO. 37:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "Relevant Products," "follow-on sales of other products and services," "Relevant Date," and "based on the sale, launch and/or use of the Relevant Products or otherwise attributable to the Relevant Products."  Microsoft further objects to this request as unduly

burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to information about claims that are not asserted in this action against Microsoft or products that Philips has not properly accused.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted. Microsoft also objects to this Request to the extent it purports to require the creation of documents. Microsoft also objects to this Request as duplicative of other Requests served by Philips, and as compound.  Microsoft will not conduct multiple searches for these documents.  Microsoft further objects to this Request as seeking information that is not within Microsoft's possession, custody, or control.

Because this Request is overbroad and unduly burdensome, seeking documents not relevant to any claim or defense and imposing search requirements that are not proportional to the needs of the case, Microsoft will not search for documents responsive to this Request.  However, if Philips is willing to narrow the request, Microsoft will reconsider its position.

**DOCUMENT REQUEST NO. 38:**

All product line and divisional profitability statements, income statements, profit and loss statements, and internal profitability reports, including information such as revenue, pricing, cost of goods sold, general and administrative expenses, and marketing expenses for each of the Relevant Products and any product lines or divisions containing the Relevant Products.

**RESPONSE TO DOCUMENT REQUEST NO. 38:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges.

Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "Relevant Products" and "any product lines or divisions containing the Relevant Products."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to information about claims that are not asserted in this action against Microsoft or products that Philips has not properly accused.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this Request to the extent it purports to require the creation of documents.  Microsoft also objects to this Request as duplicative of other Requests served by Philips, and as compound.  Microsoft will not conduct multiple searches for these documents.  Microsoft further objects to this Request as seeking information that is equally available to Philips from other sources that are more convenient, less expensive, and less burdensome, including publicly available sources.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged accounting documents responsive to this Request on a rolling basis which reflect the information kept by Microsoft related to its profits, sales, and revenues for the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted, to the extent such documents exist and are located by a reasonable search.  Microsoft anticipates that the first set of documents will be produced by May 31, 2017.

**DOCUMENT REQUEST NO. 39:**

All divisional profitability statements, income statements, profit and loss statements, and internal profitability reports, including information such as revenue, pricing, cost of goods sold,

118

general and administrative expenses, and marketing expenses for all follow-on sales of other products or services (e.g., accessories, software, hardware, maintenance, extended warranties, etc.) based on the sale, launch and/or use of the Relevant Products or otherwise attributable to the Relevant Products and any product lines or divisions containing such follow on sales.

**RESPONSE TO DOCUMENT REQUEST NO. 39:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "Relevant Products," "follow-on sales of other products and services," and based on the sale, launch and/or use of the Relevant Products or otherwise attributable to the Relevant Products.  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to information about claims that are not asserted in this action against Microsoft or products that Philips has not properly accused.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted. Microsoft also objects to this Request to the extent it purports to require the creation of documents. Microsoft also objects to this Request as duplicative of other Requests served by Philips, and as compound.  Microsoft will not conduct multiple searches for these documents.  Microsoft further objects to this Request as seeking information that is not within Microsoft's possession, custody, or control.

Because this Request is overbroad and unduly burdensome, seeking documents not relevant to any claim or defense and imposing search requirements that are not proportional to the needs of the case, Microsoft will not search for documents responsive to this Request.  However, if Philips is willing to narrow the request, Microsoft will reconsider its position..

**DOCUMENT REQUEST NO. 40:**

Documents sufficient to show the price at which the Relevant Products are transferred between You and any of Your subsidiaries, suppliers, or any third party.

**RESPONSE TO DOCUMENT REQUEST NO. 40:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the term "Relevant Products."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to information about claims that are not asserted in this action against Microsoft or products that Philips has not properly accused.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this Request to the extent it purports to require the creation of documents.  Microsoft also objects to this

Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged documents reflecting Microsoft's price lists and actual sales amounts for the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted, on a rolling basis, to the extent such documents exist and are located by a reasonable search. Microsoft anticipates that the first set of documents will be produced by May 31, 2017.

**DOCUMENT REQUEST NO. 41:**

Documents sufficient to establish the chain of title for each Relevant Product from manufacture until sale, offer for sale, or importation into the United States.

**RESPONSE TO DOCUMENT REQUEST NO. 41:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the term "Relevant Products."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to information about claims that are not asserted in this action against Microsoft or products that Philips has not properly accused.  Microsoft bases its responses and document production on the products Philips charted in

121

its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this Request to the extent it purports to require the creation of documents.  Microsoft further objects to this Request as seeking information that is not within Microsoft's possession, custody, or control.

Because this Request is overbroad and unduly burdensome, seeking documents not relevant to any claim or defense and imposing search requirements that are not proportional to the needs of the case, Microsoft will not search for documents responsive to this Request.  However, if Philips is willing to narrow the request, Microsoft will reconsider its position.

**DOCUMENT REQUEST NO. 42:**

Documents sufficient to show Your methodology for calculating gross revenue, net revenue, cost of goods sold, gross profits, and net profits, including any methodology for identifying costs associated with labor, material, variances, sales, administration, and components that make up those costs.

**RESPONSE TO DOCUMENT REQUEST NO. 42:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges.  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case.  Microsoft also objects to this Request to the extent it purports to require the creation of documents.

Because this Request is overbroad and unduly burdensome, seeking documents not relevant to any claim or defense and imposing search requirements that are not proportional to the needs of

the case, Microsoft will not search for documents responsive to this Request.  However, if Philips is willing to narrow the request, Microsoft will reconsider its position.

**DOCUMENT REQUEST NO. 43:**

All documents relating to projected profits, projected units sales, sales prices, or budgets for each of the Relevant Products, including, without limitation, any document discussing pricing, profit, sales (actual or projected) related to specific features of the Relevant Products.

**RESPONSE TO DOCUMENT REQUEST NO. 43:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "relating to," "Relevant Products," and "discussing pricing, profit, and sales related to specific features."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to information about claims that are not asserted in this action against Microsoft or products that Philips has not properly accused.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this Request to the extent it purports to require the creation of documents.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.

Because this Request is overbroad and unduly burdensome, seeking documents not relevant to any claim or defense and imposing search requirements that are not proportional to the needs of the case, Microsoft will not search for documents responsive to this Request.  However, if Philips is willing to narrow the request, Microsoft will reconsider its position.

**DOCUMENT REQUEST NO. 44:**

All price lists and product catalogs for any of the Relevant products.

**RESPONSE TO DOCUMENT REQUEST NO. 44:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the term "Relevant product."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case.  Microsoft also objects to this Request to the extent it purports to require the creation of documents.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged current price lists, for the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted, on a rolling basis, to the extent such documents exist and are located by a reasonable search.  Microsoft anticipates that the first set of documents will be produced by May 31, 2017..

**DOCUMENT REQUEST NO. 45:**

All documents relating to any reasonable royalty rate that You contend should apply assuming that the Patent-in-Suit is found valid and infringed by You, including without limitation all documents relating to each factor identified in *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

**RESPONSE TO DOCUMENT REQUEST NO. 45:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the term "relating to."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.  Microsoft further objects to this Request as premature and relating to expert testimony.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged documents responsive to this Request in connection with its expert disclosures as required under the Federal Rules of Civil Procedure.

**DOCUMENT REQUEST NO. 46:**

All documents concerning any actual or contemplated Transfer of Rights, including any actual or contemplated license agreements between You and any third party for any rights or interest in patents or other proprietary technologies relating to the Relevant Functionalities, including actual or projected payments made or to be made under such licenses, actual or

contemplated agreements, including draft or proposed licenses, and any correspondence referring or relating to such actual or contemplated licenses.

**RESPONSE TO DOCUMENT REQUEST NO. 46:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "concerning," "any actual or contemplated Transfer of Rights," "any actual or contemplated license agreements," "relating to," "Relevant Functionalities," "actual or projected payments made or to be made," "actual or contemplated agreements," "any correspondence referring or relating to actual or contemplated licenses."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to unaccused features and ephemeral licensing possibilities.  Microsoft also objects to this Request as duplicative of other Requests served by Philips and compound.  Microsoft will not conduct multiple searches for these documents.  Microsoft further objects to this Request as seeking information that is not within Microsoft's possession, custody, or control.  Microsoft further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon Microsoft that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and this Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") order.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged licenses and other agreements that are responsive to this Request that relate to the products and features Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted, on a rolling basis, to the extent such documents exist and are located by a reasonable search.  Microsoft anticipates that the first set of documents will be produced by May 31, 2017.

**DOCUMENT REQUEST NO. 47:**

All documents concerning any actual or contemplated Transfer of Rights, including any actual or contemplated license agreements between You and any third party for any rights or interest in patents or other proprietary technologies relating to the Relevant Products, including actual or projected payments made or to be made under such licenses, actual or contemplated agreements, including draft or proposed licenses, and any correspondence referring or relating to such actual or contemplated licenses.

**RESPONSE TO DOCUMENT REQUEST NO. 47:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "concerning," "any actual or contemplated Transfer of Rights," "any actual or contemplated license agreements," "relating to," "Relevant Products," "actual or projected payments made or to be made," "actual or contemplated agreements," "any correspondence referring or relating to actual or contemplated licenses."

Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to unaccused features, ephemeral licensing possibilities, and functionalities unrelated to the accused features. Microsoft also objects to this Request as duplicative of other Requests served by Philips and compound.  Microsoft will not conduct multiple searches for these documents.  Microsoft further objects to this Request as seeking information that is not within Microsoft's possession, custody, or control.  Microsoft further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon Microsoft that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and this Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") order.

Because this Request is overbroad and unduly burdensome, seeking documents not relevant to any claim or defense and imposing search requirements that are not proportional to the needs of the case, Microsoft will not search for documents responsive to this Request.  However, if Philips is willing to narrow the request, Microsoft will reconsider its position .

**DOCUMENT REQUEST NO. 48:**

All documents, including but not limited to marketing materials, sales brochures, and/or product catalogs that You provided to Your sales or marketing team relating to selling of any of the Relevant Products.

**RESPONSE TO DOCUMENT REQUEST NO. 48:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges.

Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "marketing materials," "sales brochures, and/or product catalogs," "provided to," "relating to," "Relevant Products."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused.

Because this Request is overbroad and unduly burdensome, seeking documents not relevant to any claim or defense and imposing search requirements that are not proportional to the needs of the case, Microsoft will not search for documents responsive to this Request.  However, if Philips is willing to narrow the request, Microsoft will reconsider its position.

**DOCUMENT REQUEST NO. 49:**

From the Relevant Date to present, your quarterly and annual reports and financial statements.

**RESPONSE TO DOCUMENT REQUEST NO. 49:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges.  Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to term "Relevant Date."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request

seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to unaccused features and ephemeral licensing possibilities.  Microsoft also objects to this Request as duplicative of other Requests served by Philips and compound.  Microsoft will not conduct multiple searches for these documents. Microsoft further objects to this Request as seeking information that is equally available to Philips from other sources that are more convenient, less expensive, and less burdensome, including publicly available information.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged documents responsive to this Request in the form of its 10k and 10Q SEC filings, on a rolling basis from the six year prior to Philips's complaint.  Microsoft anticipates that the first set of documents will be produced by May 31, 2017.

**DOCUMENT REQUEST NO. 50:**

All surveys, market studies, reports, or analyses relating to product design, competition, market segments, market share, product tracking, or market revenue (whether actual or projected) relating to any of the Relevant Functionalities, including without limitation, customer-use studies, surveys, and/or tracking data that identifies the quality, value, usability, performance, demand, benefits, or competitive differentiation, of any of the Relevant Functionalities.

**RESPONSE TO DOCUMENT REQUEST NO. 50:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "Relevant Functionalities,"

"surveys, market studies, reports, or analyses relating to product design, competition, market segments, market share, product tracking, or market revenue," "customer use studies, surveys, and/or tracking data that identifies the quality, value, usability, performance, demand, benefits, or competitive differentiation," and "relating to."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to information about products and functionality that Philips has not properly accused.  Microsoft also objects to this request to the extent it calls for a legal conclusion concerning infringement.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.  Microsoft further objects to this Request as seeking information that is equally available to Philips from other sources that are more convenient, less expensive, and less burdensome.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged market studies or focus group discussions concerning the features Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft anticipates that the first set of documents will be produced by May 31, 2017.

**DOCUMENT REQUEST NO. 51:**

All documents concerning any technology or functionality that You contend is an available non-infringing alternative to any functionality or technology disclosed or claimed in the Asserted Patents.

## RESPONSE TO DOCUMENT REQUEST NO. 51:

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "available," "all documents," "concerning," and "disclosed or claimed in the Asserted Patents."  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to claims that have not been asserted against Microsoft.  Microsoft also objects to this request to the extent it calls for a legal conclusion concerning infringement.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged documents responsive to this Request, if any exist, sufficient to identify non-infringing alternatives.  Microsoft anticipates that any responsive documents will be produced during expert discovery.

## DOCUMENT REQUEST NO. 52:

All documents relating to the cost to develop and implement any alternatives to any functionality or technology disclosed or claimed in the Asserted Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 52:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "all documents," "relating to the costs to develop and implement" and "disclosed or claimed in the Asserted Patents."  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to claims that have not been asserted against Microsoft.  Microsoft also objects to this request to the extent it calls for a legal conclusion concerning infringement.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged documents responsive to this Request, if any exist, sufficient to identify this information for non-infringing alternatives.  Microsoft anticipates that any responsive documents will be produced during expert discovery.

**DOCUMENT REQUEST NO. 53:**

All documents relating to the time to develop and implement any alternatives to any functionality or technology disclosed or claimed in the Asserted Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 53:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "all documents," "relating to the time to develop and implement" and "disclosed or claimed in the Asserted Patents."  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to claims that have not been asserted against Microsoft.  Microsoft also objects to this request to the extent it calls for a legal conclusion concerning infringement. Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged documents responsive to this Request, if any exist, sufficient to identify this information for non-infringing alternatives.  Microsoft anticipates that any responsive documents will be produced during expert discovery.

**DOCUMENT REQUEST NO. 54:**

All documents that demonstrate that any alternatives to any functionality or technology disclosed or claimed in the Asserted Patents would be acceptable to the consumers who purchased

any of the Relevant Products, including but not limited to any studies, testing, analysis or other evaluation that you have undertaken.

**RESPONSE TO DOCUMENT REQUEST NO. 54:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "all documents," "demonstrate," "disclosed or claimed in the Asserted Patents," "Relevant Products," and "studies, testing, analysis or other evaluation."  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to claims that have not been asserted against Microsoft.  Microsoft also objects to this request to the extent it calls for a legal conclusion concerning infringement.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged documents responsive to this Request, if any exist, sufficient to identify this information for non-infringing alternatives.  Microsoft anticipates that any responsive documents will be produced during expert discovery.

**DOCUMENT REQUEST NO. 55:**

All documents that demonstrate that any alternatives to any functionality or technology disclosed or claimed in the Asserted Patents would not infringe the Asserted Patents or any other patents.

**RESPONSE TO DOCUMENT REQUEST NO. 55:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "all documents," "demonstrate," "disclosed or claimed in the Asserted Patents," and "Asserted Patents."  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to claims that have not been asserted against Microsoft.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this request to the extent it calls for a legal conclusion concerning infringement.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged documents responsive to this Request, if any exist, sufficient to identify this information for non-infringing alternatives.  Microsoft anticipates that any responsive documents will be produced during expert discovery.

**DOCUMENT REQUEST NO. 56:**

All documents relating to any decision not to implement any purported non-infringing alternative.

**RESPONSE TO DOCUMENT REQUEST NO. 56:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "all documents," and "relating to." Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to claims that have not been asserted against Microsoft. Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this request to the extent it calls for a legal conclusion concerning infringement.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged documents responsive to this Request, if any exist, sufficient to identify this information for non-infringing alternatives.  Microsoft anticipates that any responsive documents will be produced during expert discovery.

**DOCUMENT REQUEST NO. 57:**

All patents or patent applications held or licensed by You relating to any of the Relevant Functionalities.

**RESPONSE TO DOCUMENT REQUEST NO. 57:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges.  Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "held or licensed," "relating to" and "Relevant Functionalities.  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to unaccused features.  Microsoft also objects to this Request as duplicative of other Requests served by Philips and compound.  Microsoft will not conduct multiple searches for these documents.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged documents responsive to this Request on a rolling basis, to the extent such documents exist and are located by a reasonable search.  Microsoft anticipates that the first set of documents will be produced by May 31, 2017.

**DOCUMENT REQUEST NO. 58:**

All cost-benefit analyses related to the manufacture and marketing of any of the Relevant Functionalities.

**RESPONSE TO DOCUMENT REQUEST NO. 58:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "Relevant Functionalities," "cost-benefit analyses," and "related to."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to information about products and functionality that Philips has not properly accused. Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this request to the extent it calls for a legal conclusion concerning infringement.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.  Microsoft also objects to this request to the extent such documentation is not within its possession, custody, or control.  Microsoft further objects to this Request as seeking information that is equally available to Philips from other sources that are more convenient, less expensive, and less burdensome.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged documents responsive to this Request which concern the features identified in Philips's disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c), to the

extent such documents exist and are located by a reasonable search.  Microsoft anticipates that the

first set of documents will be produced by May 31, 2017.

**DOCUMENT REQUEST NO. 59:**

All reports on costs or expenses related to research and development of any of the Relevant

Functionalities.

**RESPONSE TO DOCUMENT REQUEST NO. 59:**

Microsoft incorporates by reference each of the General Objections as though fully set forth

herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected

from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

applicable privilege or immunity, including the common interest or joint defense privileges.

Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or

proprietary information of third parties.  Microsoft further objects to this Request as vague,

ambiguous, and overbroad, particularly with respect to the terms "Relevant Functionalities,"

"research and development," and "related to."  Microsoft further objects to this Request as vague,

ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft

further objects to this request as unduly burdensome, to the extent this Request seeks information

that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the

case, particularly with respect to information about products and functionality that Philips has not

properly accused.  Microsoft bases its responses and document production on the products Philips

charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as

Microsoft products that run the same operating system as the products charted.  Microsoft also

objects to this request to the extent it calls for a legal conclusion concerning infringement.

Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft

will not conduct multiple searches for these documents.  Microsoft also objects to this request to the

extent such documentation is not within its possession, custody, or control.  Microsoft further

objects to this Request as seeking information that is equally available to Philips from other sources that are more convenient, less expensive, and less burdensome.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged documents responsive to this Request which concern the features identified in Philips's disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c), to the extent such documents exist and are located by a reasonable search.  Microsoft anticipates that the first set of documents will be produced by May 31, 2017.

**DOCUMENT REQUEST NO. 60:**

All documents relating to Your accounting policies, procedures, manuals, and directives for the period from the Relevant Date to present, including but not limited to documents related to Your accounting system and structure, including Your chart of accounts.

**RESPONSE TO DOCUMENT REQUEST NO. 60:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "relating to," "accounting policies, procedures, manuals, and directives," and "Relevant Date."  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged documents responsive to this Request concerning Microsoft's tracking of sales, profits, and revenues for the products and features Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the

same operating system as the products charted, on a rolling basis, to the extent such documents exist and are located by a reasonable search.  Microsoft anticipates that the first set of documents will be produced by May 31, 2017.

**DOCUMENT REQUEST NO. 61:**

All royalty reports and data relating to any consideration paid for any patent license, settlement agreement, covenant not to sue or other agreement in any form between You and any other party relating to the Relevant Products.

**RESPONSE TO DOCUMENT REQUEST NO. 61:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the term "Relevant Functionalities." Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to information about products and functionality that Philips has not properly accused.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged licenses and agreements responsive to this Request which concern the features identified in Philips's disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c), to the extent such documents exist and are located by a reasonable search.  Microsoft anticipates that the first set of documents will be produced by May 31, 2017.

**DOCUMENT REQUEST NO. 62:**

All valuations or appraisals of the Asserted Patents, whether prepared internally or by a third party.

**RESPONSE TO DOCUMENT REQUEST NO. 62:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the term "Asserted Patents."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to information about products and functionality that Philips has not properly accused or claims that Philips has not asserted.

Subject to and without waiving its general and specific objections, Microsoft responds that it is not aware of any non-privileged responsive documents.

**DOCUMENT REQUEST NO. 63:**

All documents that reflect generally accepted licensing practices in the industry.

**RESPONSE TO DOCUMENT REQUEST NO. 63:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "all documents," "reflect," "generally accepted," and "the industry."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case.  Microsoft also objects to this request to the extent it seeks information that is not within Microsoft's possession, custody, or control.  Microsoft further objects to this Request as seeking information that is equally available to Philips from other sources that are more convenient, less expensive, and less burdensome.

Because this Request is overbroad and unduly burdensome, seeking documents not relevant to any claim or defense and imposing search requirements that are not proportional to the needs of the case, Microsoft will not search for documents responsive to this Request.  However, if Philips is willing to narrow the request, Microsoft will reconsider its position.

**DOCUMENT REQUEST NO. 64:**

All internal or third party analyses of the costs or benefits of licensing the Patent-in-Suit.

**RESPONSE TO DOCUMENT REQUEST NO. 64:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "all internal or third party analyses," "costs or benefits," "the Patent-in-Suit" (sic).  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded. Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case.

Subject to and without waiving its general and specific objections, Microsoft is not aware of any non-privileged documents responsive to this Request.

**DOCUMENT REQUEST NO. 65:**

All articles, reports, or product reviews that discuss the benefits, uses, prices, and advantages or disadvantages of any of the Relevant Products.

**RESPONSE TO DOCUMENT REQUEST NO. 65:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "all articles, reports, or products reviews," "discuss," and "Relevant Products."

Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case.  Microsoft also objects to this request to the extent it seeks information that is not within Microsoft's possession, custody, or control. Microsoft further objects to this Request as seeking information that is equally available to Philips from other sources that are more convenient, less expensive, and less burdensome, including those that are publicly available.

Because this Request is overbroad and unduly burdensome, seeking documents not relevant to any claim or defense and imposing search requirements that are not proportional to the needs of the case, Microsoft will not search for documents responsive to this Request.  However, if Philips is willing to narrow the request, Microsoft will reconsider its position.

**DOCUMENT REQUEST NO. 66:**

All articles, reports, or product reviews that discuss any benefits, uses, and advantages or disadvantages of any of the Relevant Functionalities included in the Relevant Products.

**RESPONSE TO DOCUMENT REQUEST NO. 66:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "all articles, reports, or products reviews," "discuss," and "Relevant Functionalities," and "Relevant Products."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or

geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case.  Microsoft also objects to this request to the extent it seeks information that is not within Microsoft's possession, custody, or control.  Microsoft further objects to this Request as seeking information that is equally available to Philips from other sources that are more convenient, less expensive, and less burdensome, including those that are publicly available.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged documents responsive to this Request concerning the products and features Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted, on a rolling basis, to the extent such documents exist and are located by a reasonable search.  Microsoft anticipates that the first set of documents will be produced by May 31, 2017.

**DOCUMENT REQUEST NO. 67:**

Documents sufficient to show any additions, changes, modifications, or alterations, made by You or on Your behalf to any of the Relevant Functionalities included in each version of the Operating System that was ever pre-loaded on or made available by update or upgrade to each of the Relevant Hardware Products, as compared to the comparable version of the Operating System pre-loaded on or made available by update or upgrade to the other Relevant Hardware Products.

**RESPONSE TO DOCUMENT REQUEST NO. 67:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with

respect to the terms "any additions, changes, modifications, or alterations," "Relevant functionalities," "included in each version of the Operating System," "that was ever pre-loaded on or made available by update or upgrade to," "Relevant Hardware Products," "sufficient to show any additions, changes, modifications, or alterations," and "Relevant Functionalities." Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded. Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused. Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted. Microsoft also objects to this Request as duplicative of other Requests served by Philips. Microsoft will not conduct multiple searches for these documents. Microsoft further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon Microsoft that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and this Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") order.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged documents responsive to this Request, if any, maintained by the product teams that developed the features Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as the same features in Microsoft products that run the same operating system as the products charted, on a rolling basis, to the extent such documents exist and are located by a reasonable search. Microsoft will not produce documents that are not related to the charted features or that concern products that are not charted and/or do no run the same operating system. Microsoft anticipates that the first set of documents will be produced by May 31, 2017.

Microsoft will make available for inspection portions of source code for the products and features Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as products that run the same operating system as the products charted.  Microsoft will not make available source code that is not related to the charted features or that is for products that are not charted and/or do no run the same operating system.   Microsoft anticipates that code will be available for reviewing beginning on or before May 15, 2017.

**DOCUMENT REQUEST NO.118:**

Documents sufficient to describe the process by which any additions, changes, modifications, or alterations are made to each version of the Operating System that was ever preloaded on or made available by update or upgrade to each of the Relevant Hardware Products as compared to the comparable version of the Operating System pre-loaded on or made available by update or upgrade to the other Relevant Hardware Products.

**RESPONSE TO DOCUMENT REQUEST NO. 68:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects on the grounds that this Request seeks confidential, sensitive, or proprietary information of third parties.  Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "describe the process," "any additions, changes, modifications, or alterations," "each version of the Operating System," "that was  ever pre-loaded on or made available by update or upgrade to," "Relevant Hardware Products," "sufficient to show any additions, changes, modifications, or alterations," and "Relevant Functionalities."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as

149

unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused. Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon Microsoft that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and this Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") order.

Because this Request is overbroad and unduly burdensome, seeking documents not relevant to any claim or defense and imposing search requirements that are not proportional to the needs of the case, Microsoft will not search for documents responsive to this Request.  However, if Philips is willing to narrow the request, Microsoft will reconsider its position.

**DOCUMENT REQUEST NO. 119:**

Documents sufficient to show any additions, changes, modifications, or alterations, made by You or on Your behalf to any of the Relevant Functionalities included in each version of the Relevant Software Products based in whole, or in part, on the type of device on which the Relevant Software Product was loaded or made available including but not limited to a smartphone, tablet computer, desktop, laptop, studio, hub, and video game console.

**RESPONSE TO DOCUMENT REQUEST NO. 69:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein.  In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges.

Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "any additions, changes, modifications, or alterations," "Relevant Functionalities," "Relevant Software Products," "included in each version of the Relevant Software Products based in whole, or in part, on the type of device on which the Relevant Software Product was loaded or made available," "including . . . a smartphone, tablet computer, desktop, laptop, studio, hub, and video game console."  Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded.  Microsoft further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted.  Microsoft also objects to this Request as duplicative of other Requests served by Philips.  Microsoft will not conduct multiple searches for these documents.  Microsoft further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon Microsoft that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and this Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") order.

Subject to and without waiving its general and specific objections, Microsoft will produce relevant non-privileged documents responsive to this Request, if any, maintained by the product teams that developed the features Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as the same features in Microsoft products that run the same operating system as the products charted, on a rolling basis, to the extent such documents exist and are located by a reasonable search.  Microsoft will not produce documents that are not related to the

charted features or that concern products that are not charted and/or do no run the same operating system. Microsoft anticipates that the first set of documents will be produced by May 31, 2017. Microsoft will make available for inspection portions of source code for the products and features Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as products that run the same operating system as the products charted. Microsoft will not make available source code that is not related to the charted features or that is for products that are not charted and/or do no run the same operating system. Microsoft anticipates that code will be available for reviewing beginning on or before May 15, 2017.

**DOCUMENT REQUEST NO. 120:**

Documents sufficient to show the process by which any additions, changes, modifications, or alterations are made to each version of the Relevant Software Products based in whole, or in part, on the type of device on which the Relevant Software Product was loaded or made available including but not limited to a smartphone, tablet computer, desktop, laptop, studio, hub, and video game console.

**RESPONSE TO DOCUMENT REQUEST NO. 70:**

Microsoft incorporates by reference each of the General Objections as though fully set forth herein. In addition, Microsoft objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including the common interest or joint defense privileges. Microsoft further objects to this Request as vague, ambiguous, and overbroad, particularly with respect to the terms "any additions, changes, modifications, or alterations, "Relevant Software Products," "based in whole, or in part, on the type of device on which the Relevant Software Product was loaded or made available," "including . . . a smartphone, tablet computer, desktop, laptop, studio, hub, and video game console." Microsoft further objects to this Request as vague, ambiguous, and overbroad because it is not temporally or geographically bounded. Microsoft

further objects to this request as unduly burdensome, to the extent this Request seeks information that is irrelevant to any claims or defenses in this action and/or not proportional to the needs of the case, particularly with respect to products that Philips has not properly accused and/or features of the products that are not accused.  Microsoft bases its responses and document production on the products Philips charted in its disclosures under Delaware Default Standard for Discovery ¶¶ 4(a) and 4(c) as well as Microsoft products that run the same operating system as the products charted. Microsoft further objects on the ground that this Request is unduly broad and purports to impose burdens or requirements upon Microsoft that exceed or differ from those permitted by Federal Rule of Civil Procedure 26 and this Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") order.

Because this Request is overbroad and unduly burdensome, seeking documents not relevant to any claim or defense and imposing search requirements that are not proportional to the needs of the case, Microsoft will not search for documents responsive to this Request.  However, if Philips is willing to narrow the request, Microsoft will reconsider its position.

ASHBY & GEDDES

*/s/ Andrew C. Mayo*

_____

Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
amayo@ashby-geddes.com

*Of Counsel:*

Chad S. Campbell
Jared W. Crop
PERKINS COIE LLP
2901 N. Central Avenue, Suite 2000
Phoenix, AZ  85012-2788
(602) 351-8000

Judith Jennison
Christina McCullough
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
(206) 359-8000

Michelle Berger
PERKINS COIE LLP
11988 El Camino Road, Suite 350
San Diego, CA 92130
(858) 720-5700

Dated:  May 1, 2017

*Attorneys For Intervenor-Plaintiff Microsoft Corporation*