# APGAR EXHIBIT 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **KONINKLIJKE PHILIPS N.V.,**<br>**U.S. PHILIPS CORPORATION,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**ACER INC.,**<br>**ACER AMERICA CORPORATION,**<br><br>**Defendants.** | Case No.: 15-1170-GMS<br><br>JURY TRIAL DEMANDED |

### PLAINTIFFS' FIRST SET OF INTERROGATORIES TO THE ACER DEFENDANTS

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation (collectively, "Philips") hereby request that Defendants Acer Inc. and Acer America Corporation (collectively, "Acer") answer the following interrogatories in accordance with those rules and the Definitions and Instructions below.  The requested answers must be provided in writing and under oath within thirty (30) days of the service of this request.

## DEFINITIONS

1.      The terms "Acer," "Defendants," "You," and "Your," as used herein, mean Defendants Acer Inc. and Acer America Corporation collectively and/or individually, as appropriate, their predecessors and successors, parents, subsidiaries, divisions and affiliated companies, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys) of the foregoing.

2.      The terms "Philips" or "Plaintiffs," as used herein, mean Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation collectively and/or individually, as appropriate, their predecessors and successors, parents, subsidiaries, divisions and affiliated companies, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys) of the foregoing.

3.      "'913 Patent," as used herein, means U.S. Patent No. RE 44,913.

4.      "'387 Patent," as used herein, means U.S. Patent No. 6,690,387.

5.      "'064 Patent," as used herein, means U.S. Patent No. 7,184,064.

6.      "'806 Patent," as used herein, means U.S. Patent No. 7,529,806.

7.      "'797 Patent," as used herein, means U.S. Patent No. 5,910,797.

8.      "'695 Patent," as used herein, means U.S. Patent No. 6,522,695.

9.      "'006 Patent," as used herein, means U.S. Patent No. RE 44,006.

10.     "'819 Patent," as used herein, means U.S. Patent No. 8,543,819.

11.     "'114 Patent," as used herein, means U.S. Patent No. 6,772,114.

12.     "'564 Patent," as used herein, means U.S. Patent No. RE 43,564.

13.     "Asserted Patents" and "Patents-in-Suit," as used herein, mean the '913 Patent, '387 Patent, '064 Patent, '806 Patent, '797 Patent, '695 Patent, '006 Patent, '819 Patent, '114

Patent, and '564 Patent, and any other patent added to this litigation by amended pleading or complaint.

14.    "Relevant Products," as used herein, means the following:

(a)    "'913 Relevant Products," which as used herein, means Your smartphones, tablet computers, laptops, all-in-one PCs, 2-in-1 PCs, and Chromebooks, manufactured, sold, offered for sale, used, and/or imported by or for You by the Relevant Date, which:

(i)    include a touch screen and are pre-loaded or upgradeable to the "'913 Relevant OS," which as used herein means the Android Operating System version 2.1 or higher, or the Microsoft Windows Operating System version 8 or higher, or the Chrome Operating System; or

(ii)    are "'913 Accused Products," which as used herein means those products identified for the '913 Patent in Plaintiffs' First Amended Identification of the Acer Defendants' Accused Products, served on August 26, 2016;

(b)    "'387 Relevant Products," which as used herein, means Your smartphones, tablet computers, laptops, all-in-one PCs, 2-in-1 PCs, and Chromebooks, manufactured, sold, offered for sale, used, and/or imported by or for You by the Relevant Date, which:

(i)    include a touch screen and are pre-loaded or upgradeable to the "'387 Relevant OS," which as used herein means the Android Operating System version 2.1 or higher, or the Microsoft Windows Operating System version 7 or higher, or the Chrome Operating System; or

(ii)      are "'387 Accused Products," which as used herein means those products identified for the '387 Patent in Plaintiffs' First Amended Identification of the Acer Defendants' Accused Products, served on August 26, 2016;

(c)      "'064 Relevant Products," which as used herein, means Your smartphones, tablet computers, laptops, all-in-one PCs, 2-in-1 PCs, and Chromebooks, manufactured, sold, offered for sale, used, and/or imported by or for You by the Relevant Date, which:

(i)      include a touch screen and are pre-loaded or upgradeable to the "'064 Relevant OS," which as used herein means the Android Operating System version 2.1 or higher, or the Microsoft Windows Operating System version 7 or higher, or the Chrome Operating System; or

(ii)      are "'064 Accused Products," which as used herein means those products identified for the '064 Patent in Plaintiffs' First Amended Identification of the Acer Defendants' Accused Products, served on August 26, 2016;

(d)      "'806 Relevant Products," which as used herein, means Your smartphones, tablet computers, laptops, all-in-one PCs, and 2-in-1 PCs,  manufactured, sold, offered for sale, used, and/or imported by or for You by the Relevant Date, which:

(i)      are pre-loaded or upgradeable to the "'806 Relevant OS," which as used herein means the Android Operating System version 3.0 or higher or the Microsoft Windows Operating System version 8.1 or higher;

(ii)      include the capability to support the HTTP Live Streaming ("HLS") media streaming technology (*e.g.*, through playback in a browser such as Google Chrome, the Android Browser, Microsoft Internet Explorer, or Microsoft Edge), or the MPEG-

DASH (Dynamic Adaptive Streaming over HTTP) media streaming technology (*e.g.*, through playback in a media player such as ExoPlayer or the YouTube application, or in a browser such as Google Chrome, the Android Browser, Microsoft Internet Explorer, or Microsoft Edge); or

      (iii)    are "'806 Accused Products," which as used herein means those products identified for the '806 Patent in Plaintiffs' First Amended Identification of the Acer Defendants' Accused Products, served on August 26, 2016;

      (e)    "'797 Relevant Products," which as used herein, means Your smartphones, tablet computers, 2-in-1 PCs, and Chromebooks, manufactured, sold, offered for sale, used, and/or imported by or for You by the Relevant Date, which:

      (i)    include an acceleration sensor and are pre-loaded or upgradeable to the "'797 Relevant OS," which as used herein means the Android Operating System version 3.2 or higher or the Chrome Operating System; or

      (ii)    are "'797 Accused Products," which as used herein means those products identified for the '797 Patent in Plaintiffs' First Amended Identification of the Acer Defendants' Accused Products, served on August 26, 2016;

      (f)    "'695 Relevant Products," which as used herein, means Your smartphones, tablet computers, laptops, all-in-one PCs, 2-in-1 PCs, and Chromebooks, manufactured, sold, offered for sale, used, and/or imported by or for You by the Relevant Date, which:

      (i)    are pre-loaded or upgradeable to the "'695 Relevant OS," which as used herein means the Android Operating System version 3.1 or higher, or the Microsoft Windows Operating System version 10 or higher, or the Chrome Operating System;

- 5 -

(ii)     include the capability to support playback of a FLAC (Free Lossless Audio Codec) audio signal (*e.g.*, through playback in a media player such as Google Play Music or Microsoft Groove); or

(iii)    are "'695 Accused Products," which as used herein means those products identified for the '695 Patent in Plaintiffs' First Amended Identification of the Acer Defendants' Accused Products, served on August 26, 2016;

(g)     "'006 Relevant Products," which as used herein, means Your smartphones, tablet computers, laptops, all-in-one PCs, and 2-in-1 PCs, manufactured, sold, offered for sale, used, and/or imported by or for You by the Relevant Date, which:

(i)     are pre-loaded or upgradeable to the "'006 Relevant OS," which as used herein means the Android Operating System version 5.0 or higher; or

(ii)     are "'006 Accused Products," which as used herein means those products identified for the '006 Patent in Plaintiffs' First Amended Identification of the Acer Defendants' Accused Products, served on August 26, 2016;

(h)     "'819 Relevant Products," which as used herein, means Your smartphones, tablet computers, laptops, all-in-one PCs, 2-in-1 PCs, and Chromebooks, manufactured, sold, offered for sale, used, and/or imported by or for You by the Relevant Date, which:

(i)     include the capability to support the High-bandwidth Digital Content Protection ("HDCP") System revision 2.x (*e.g.*, HDCP System Interface Independent Adaptation Revision 2.2, HDCP System Mapping HDCP to HDMI Revision 2.2, or HDCP System Mapping HDCP to MHL Revision 2.2); or

- 6 -

(ii)     are "'819 Accused Products," which as used herein means those products identified for the '819 Patent in Plaintiffs' First Amended Identification of the Acer Defendants' Accused Products, served on August 26, 2016;

(i)     "'114 Relevant Products," which as used herein, means Your smartphones, tablet computers, laptops, all-in-one PCs, 2-in-1 PCs, and Chromebooks, manufactured, sold, offered for sale, used, and/or imported by or for You by the Relevant Date, which:

(i)     are pre-loaded or upgradeable to the "'114 Relevant OS," which as used herein means the Android Operating System version 2.1 or higher or the Chrome Operating System;

(ii)     include the capability to support playback of an AMR-WB (Adaptive Multi-Rate Wideband) audio signal that has been encoded in 23.85 kbit/s mode (*e.g.*, through playback in a media player such as Google Play Music); or

(iii)     are "'114 Accused Products," which as used herein means those products identified for the '114 Patent in Plaintiffs' First Amended Identification of the Acer Defendants' Accused Products, served on August 26, 2016; and

(j)     "'564 Relevant Products," which as used herein, means Your smartphones, tablet computers, laptops, and 2-in-1 PCs, manufactured, sold, offered for sale, used, and/or imported by or for You by the Relevant Date, which:

(i)     include a touch screen and are pre-loaded or upgradeable to the "'564 Relevant OS," which as used herein means the Android Operating System version 4.2 or higher or the Microsoft Windows Operating System version 7 or higher; or

(ii)     are "'564 Accused Products," which as used herein means those products identified for the '564 Patent in Plaintiffs' First Amended Identification of the Acer Defendants' Accused Products, served on August 26, 2016.

15.     "Relevant Operating Systems," as used herein, means the '913 Relevant OS, '387 Relevant OS, '064 Relevant OS, '806 Relevant OS, '797 Relevant OS, '695 Relevant OS, '006 Relevant OS, '114 Relevant OS, and '564 Relevant OS.

16.     "Operating System," as used herein, means: the Android Operating System, irrespective of version; the Microsoft Windows Operating System, irrespective of version; or the Chrome Operating System, irrespective of version.

17.     "Relevant Date," as used herein, means the date six years prior to the filing of the original complaint in this litigation.

18.     "Representative Products," as used herein, means the following:

(a)     "'913 Representative Products," which as used herein, means the Acer Iconia Tab 10 A3-A30 which runs the Android Operating System version 5.0, the Acer Aspire Switch 10 E SW3-013-1566 which runs the Microsoft Windows Operating System version 10, and the Acer Chromebook R 11 CB5-132T-C32M which runs the Chrome Operating System;

(b)     "'387 Representative Products," which as used herein, means the Acer Iconia Tab 10 A3-A30 which runs the Android Operating System version 5.0, the Acer Aspire Switch 10 E SW3-013-1566 which runs the Microsoft Windows Operating System version 10, and the Acer Chromebook R 11 CB5-132T-C32M which runs the Chrome Operating System;

(c)     "'064 Representative Products," which as used herein, means the Acer Iconia Tab 10 A3-A30 which runs the Android Operating System version 5.0, the Acer Aspire

- 8 -

Switch 10 E SW3-013-1566 which runs the Microsoft Windows Operating System version 10, and the Acer Chromebook R 11 CB5-132T-C32M which runs the Chrome Operating System;

(d)     "'806 Representative Products," which as used herein, means the Acer Iconia Tab 10 A3-A30 which runs the Android Operating System version 5.0, and the Acer Aspire Switch 10 E SW3-013-1566 which runs the Microsoft Windows Operating System version 10;

(e)     "'797 Representative Products," which as used herein, means the Acer Iconia Tab 10 A3-A30 which runs the Android Operating System version 5.0, and the Acer Chromebook R 11 CB5-132T-C32M which runs the Chrome Operating System;

(f)     "'695 Representative Products," which as used herein, means the Acer Iconia Tab 10 A3-A30 which runs the Android Operating System version 5.0, the Acer Aspire Switch 10 E SW3-013-1566 which runs the Microsoft Windows Operating System version 10, and the Acer Chromebook R 11 CB5-132T-C32M which runs the Chrome Operating System;

(g)     "'006 Representative Products," which as used herein, means the Acer Iconia Tab 10 A3-A30 which runs the Android Operating System version 5.0;

(h)     "'819 Representative Products," which as used herein, means the Acer Iconia Tab 10 A3-A30 which runs the Android Operating System version 5.0, the Acer Aspire Switch 10 E SW3-013-1566 which runs the Microsoft Windows Operating System version 10, and the Acer Chromebook CB5-311P which runs the Chrome Operating System;

(i)     "'114 Representative Products," which as used herein, means the Acer Iconia Tab 10 A3-A30 which runs the Android Operating System version 5.0, and the Acer Chromebook R 11 CB5-132T-C32M which runs the Chrome Operating System; and

(j)      "'564 Representative Products," which as used herein, means the Acer Iconia Tab 10 A3-A30 which runs the Android Operating System version 5.0, and the Acer Aspire Switch 10 E SW3-013-1566 which runs the Microsoft Windows Operating System version 10.

19.      "Material Difference" between a Relevant Product and a Representative Product, as used herein, means any difference or variation that You contend is relevant to the question of whether any Relevant Product (or the use thereof) meets any limitation of any asserted claim.

20.      "Any" and "all," as used herein, shall include "each and every."

21.      "And" or "or," as used herein, shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

22.      "Relate to," "related to" or "relating to," as used herein, means embodying, pertaining, concerning, involving, constituting, commenting upon, comprising, reflecting, discussing, evidencing, mentioning, referring to, consisting of, responding to, or having any logical or factual connection whatsoever with the subject matter in question.

23.      "Identify," when used herein with reference to a natural person, means to specify his/her full name, present and last known business address or residence address, and his/her present and last known employment position, including a description of his/her duties and responsibilities.  If a person is employed by or holds titles or positions at more than one entity, all such employment relationships, titles, or positions and associated entities should be fully detailed.

24.      "Identify," when used herein with reference to a date, means to specify the month, day, and year.

25.    "Identify," when used herein with reference to a Document, means to specify the title and general subject matter of the Document, the month, day, and year the Document was created, the author(s) of the Document, any recipient(s) of the Document including when the Document was distributed and the name of each person that has or had possession, custody, or control of the Document, and the production number(s) and the location of all copies of the Document.

26.    "Person," as used herein, means any natural person or any business, legal or governmental entity or association, including, but not limited to, any individual, company, corporation, division, joint venture, partnership, unincorporated association or other entity.

27.    "Document," as used herein, means all documents or electronically stored information, whether an original, a draft, or a copy, however reproduced – including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained, and is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34, including but not limited to the examples set forth in Federal Rules of Evidence 1001.  Any document with any marks such as initials, comments, or notations of any kind is not deemed to be identical to one without such marks and is to be identified and/or produced as a separate document.

28.    "Thing," as used herein, has the meaning prescribed in Federal Rule of Civil Procedure 34, and includes every kind of physical specimen or tangible item, other than a document, in the possession, custody or control of You.

29.     "Communication," as used herein, means every manner of disclosure, transfer, or exchange of information whether orally or by document or whether face-to-face, by telephone, mail, e-mail, telegram, telex, or telefax, personal delivery or otherwise.

30.     "Concerning," as used herein, means relating to, referring to, describing, evidencing or constituting.

31.     "Product," as used herein, means a machine, apparatus, device, instrument, mechanism, appliance, assembly, algorithm, software, system, program, or assemblage of components/parts (either individually or collectively), which are designed to function together electrically, mechanically, electronically (including the method of use or operation of such product or equipment) or otherwise, to achieve a particular function or purpose.

32.     "Related Patents" and "Related Applications," as used herein, respectively mean all patents and patent applications that are cross-referenced in any of the Patents-in-Suit as being related or that are related to the Patents-in-Suit in any way, including, without limitation, any parent, continuation, continuation-in-part, divisional, reexamination, reissue, or foreign counterpart patent or patent application, or any patent or patent application claiming priority to any of the foregoing.

33.     "Infringe" and "infringement," as used herein, refer to direct infringement, contributory infringement, inducement of infringement, literal infringement, and/or infringement under the doctrine of equivalents or any other infringement actionable under United States law.

34.     "Prior art" is used herein in the same sense that it is used in 35 U.S.C. §§ 102 and 103, and includes any patent, printed publication, prior knowledge, prior use, prior sale or offer for sale, or other act or event as defined in 35 U.S.C. §102, taken singly or in combination.

35.     "Transfer of Rights," as used herein, means an assignment, license, sublicense, cross-license, release, covenant not to sue, grant of manufacturing rights, or grant of any other rights in a patent or patent application, domestic or foreign, whether alone or in combination with other consideration.

36.     "Related Litigations," as used herein, means all litigations (past or present), or other legal proceedings in which anyone has asserted claims relating to the Patent-in-Suit or any Related Patents or Related Applications, including but not limited to:  *Koninklijke Philips N.V. v. ASUSTEK Computer Inc.*, C.A. No. 15-1125-GMS; *Koninklijke Philips N.V. v. HTC Corp.*, C.A. No. 15-1126-GMS; *Koninklijke Philips N.V. v. Visual Land, Inc.*, C.A. No. 15-1127-GMS; *Koninklijke Philips N.V. v. Southern Telecom*, C.A. No. 15-1128-GMS; *Koninklijke Philips N.V. v. Double Power Technology, Inc.*, C.A. No. 15-1130-GMS; *Koninklijke Philips N.V. v. YiFang USA, Inc. d/b/a E-Fun, Inc.*, C.A. No. 15-1131-GMS; *Koninklijke Philips N.V. v. Acer Inc.*, C.A. No. 15-1170-GMS.

## INSTRUCTIONS

1.      If any interrogatory cannot be answered in full, it must be answered to the extent possible, with a specification of the reasons for Your inability to answer the remainder.

2.      In the event You object to any interrogatory herein or any part thereof, You shall state with specificity the grounds of objection and respond to the fullest extent that such interrogatory is not subject to objection.

3.      If a document required to be identified has been destroyed, lost, discarded, or is otherwise no longer in Your possession, custody, or control, You shall identify such document as completely as possible, including, without limitation, the following information: (i) date of disposal; (ii) manner of disposal; (iii) reason for disposal; (iv) person authorizing the disposal; and (v) person disposing of the document.

4.      In the event You object to any interrogatory in whole or in part on the ground that the information sought is protected from discovery under the attorney-client privilege, work product immunity, or is otherwise not discoverable, You shall state in detail the basis for the claim that such information is privileged or otherwise not discoverable.

5.      These discovery requests are deemed to be continuing in nature so as to require amended and supplemental responses to the extent called for by Rule 26(e) of the Federal Rules of Civil Procedure.  If You acquire additional knowledge or information with respect to any of these requests after service of Your responses, You shall serve a supplemental and/or amended response to each such discovery request no later than thirty (30) days after acquiring the additional knowledge or information.

6.      References to companies, corporations, partnerships, unincorporated associations, or other entities include each director, officer, employee, agent, attorney, representative,

instrumentality, parent, subsidiary, division, subdivision, affiliate, joint venture, component, or unit thereof.

7.     The singular form of a word should be interpreted in the plural as well.  Any pronoun shall be construed to refer to the masculine, feminine or neuter gender as is most appropriate in each case.

8.     These interrogatories seek all information that is known to You, Your representatives, agents, employees, investigators, consultants, and, unless privileged, their counsel.

9.     Use of the past tense includes the present tense unless otherwise explicitly delimited.

10.    Unless otherwise indicated in a particular request, the request is not date or time limited.

11.    Definitions or usages or words or phrases in these request are not intended to be, and shall not be, construed as admissions as to the meaning of words or phrases at issue in the action, and shall have no binding effect on Philips in this or any other proceeding.

## INTERROGATORIES

## COMMON INTERROGATORY NUMBER 1

Identify all Relevant Products, and for each such Relevant Product, indicate: the date that

Relevant Product was first offered for sale in the United States, and if no longer offered for sale

in the United States, the last date on which that Relevant Product was offered for sale in the

United States; each designation ever known or used by You in connection with that Relevant

Product (*e.g.*, by model number, sub-model number, part number, trade name, catalog number,

SKU, code name, internal project name, etc.); each Operating System version ever pre-loaded on

or offered as an update or upgrade to that Relevant Product, as well as the date each such

Operating System version became available for that Relevant Product; each sensor included in

that Relevant Product that directly or indirectly measures acceleration and is used in connection

with determining screen orientation and/or rotation; and each interface included in that Relevant

Product that supports High-bandwidth Digital Content Protection ("HDCP") System revision 2.x

(*e.g.*, HDCP System Interface Independent Adaptation Revision 2.2; HDCP System Mapping

HDCP to HDMI Revision 2.2; or HDCP System Mapping HDCP to MHL Revision 2.2) as well

as the HDCP specification supported by that interface.

## COMMON INTERROGATORY NUMBER 2

For each version of each Relevant Product, state in detail on a month-by-month basis from the

Relevant Date (and by customer to the extent such information exists): all revenues, income,

sales, and profits generated or realized for licensing, sales, and/or distribution of such items,

including but not limited to: the number of units made in the United States by You or on Your

behalf, the number of units used in the United States by You or on Your behalf, the number of

units sold, leased, licensed, or distributed in the United States by You or on Your behalf, the

- 16 -

number of units imported into the United States by You or on Your behalf, and the number of units exported from the United States by You or on Your behalf, as well as all revenues, costs, profits (gross and net), margins (gross and net), and any other financial benefit You have realized associated with the categories above; identify the three persons most knowledgeable about the foregoing information and the subject matter(s) known by them; identify any documents setting forth or otherwise reflecting the foregoing information; and, on a unit basis, identify the entity (You or third party) responsible for those manufactures, uses, sales, leases, licenses, distributions, imports, and/or exports in, into or from the United States.

## COMMON INTERROGATORY NUMBER 3

Identify the three persons most knowledgeable regarding each of the following: conception, design, development, operation, use, manufacture, testing, advertising, marketing, promotion, distribution, and sales of each Relevant Product, as well as Your strategy, decision, or rationale for developing and marketing the Relevant Products.

## COMMON INTERROGATORY NUMBER 4

Separately, for each version of each Relevant Product, describe with particularity, and identify all documents and persons with information concerning, all factual and legal bases for Your contention (if any) that the manufacture, sale, offer for sale, use, and/or importation of that Relevant Product by or for You does not infringe each claim of the Patents-in-Suit directly (either literally or under the doctrine of equivalents) or indirectly (either by inducement or contributory infringement).  Include in the response an identification of each limitation of each claim that You contend is not present in each Relevant Product, an explanation of why each such limitation is not present, and an identification of any documents, things, and/or witnesses that You intend to rely upon to support such contentions.

- 17 -

**COMMON INTERROGATORY NUMBER 5**

Separately, for each version or model of each Relevant Product offered for sale in the United
States, identify by production number (or file name for any documents produced in the native
format), the final version of all system, component, functional, and/or operational specifications
and data sheets for the Relevant Product that was offered for sale.  To the extent that there were
changes made to the Relevant Product while it was offered for sale, identify the final versions of
the system, component, functional, and/or operational specifications and data sheets reflecting
those changes, as well as the dates of such changes.

**COMMON INTERROGATORY NUMBER 6**

For each asserted claim of each of the Patents-in-Suit, state whether You contend there is a
Material Difference between each version of each Relevant Product for such claim and the
Representative Product running that same Operating System for such claim and, if so, identify
for each Relevant Product each such Material Difference and describe with specificity, on a
limitation-by-limitation basis, the complete factual and legal basis for such contention, including
without limitation, all facts, bases, documents and evidence in support of such Material
Difference.

DATED: October 19, 2016

MCCARTER & ENGLISH, LLP

/s/ Daniel M. Silver
Michael P. Kelly (#2295)
Daniel M. Silver (#4758)
Benjamin A. Smyth (#5528)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
*mkelly@mccarter.com*
*dsilver@mccarter.com*
*bsmyth@mccarter.com*

*Attorneys for Plaintiffs*

OF COUNSEL:

Michael P. Sandonato
John D. Carlin
Jonathan M. Sharret
Daniel A. Apgar
Robert S. Pickens
FITZPATRICK, CELLA, HARPER &
SCINTO
1290 Avenue of the Americas
New York, New York 10104-3800
Tel: (212) 218-2100
Fax: (212) 218-2200
*msandonato@fchs.com*
*jcarlin@fchs.com*
*jsharret@fchs.com*
*dapgar@fchs.com*
*rpickens@fchs.com*