# **PICKENS EXHIBIT 22**



**ROBERT S. PICKENS**
RPickens@FCHS.COM
212-218-2333

www.fitzpatrickcella.com

**NEW YORK**
1290 Avenue of the Americas
New York, NY 10104-3800
T 212-218-2100
F 212-218-2200

January 22, 2018

**VIA E-MAIL**

Re:   *Koninklijke Philips N.V. matter* No. 15-1125

Counsel,

I write in response to Michael Lee's letter of January 4, 2018.

As an initial matter, we appreciate your willingness to provide appropriate discovery as to the majority of the products included on Philips' Third Amended Identification of Accused Products (served on October 23, 2017), as well as discovery as to the products ASUS has sold in the United States since 2009.

Based on our understanding of your letter, we look forward to receiving the following information:

**For products on Philips' Third Amended Identification of Accused Products (and which have not been deemed "Old Products" by ASUS)**

1) Each designation by which the product is known to you;
2) Each operating system version pre-loaded on the product and each update or upgrade that was provided by you to the product;
3) First and last sales dates for each product;
4) An indication of whether the product supports HDCP 2.x and, if so, over which interface;
5) An indication of whether each product has a touchscreen;
6) Sales data for each product; and
7) Any source code in your possession, custody or control, and an indication of whether you have source code for the product and if not, the entity that does.

**For all products ASUS has sold in the United States since 2009**

1) Each designation by which the product is known to you (including internal and external product names);
2) Each product type (including an identification of whether each product is a desktop, 2-in-1, all-in-one, laptop, tablet, phone, or Chromebook);
3) All relevant sales data for each product (including transaction dates); and

January 22, 2018
Page 2

> 4) The relevant specifications or bills of materials from which the operating system, HDCP 2.x, and touchscreen information can be derived.

Please confirm that our understanding is correct, and please also separately specify and confirm the dates on which we will receive the above listed discovery for (1) the products on Philips' Third Amended Identification of Accused Products (and which have not been deemed "Old Products" by ASUS), and (2) all products ASUS has sold in the United States since 2009.

While it is imperative that Philips receive all of the above outlined information on an expedited basis, to the extent it becomes necessary in the future Philips expressly reserves its rights to pursue the full scope of discovery for all ASUS products accused in this matter in accordance with ASUS's discovery obligations in this litigation.

With regard to the products you have deemed "Old Products," and for which you now refuse to provide discovery, Philips strenuously disagrees with ASUS's position. Federal Rule of Civil Procedure 16 is irrelevant under the present circumstances, and ASUS's supposed cutoff date of June 17, 2016 is arbitrary and inappropriate. Philips served its First Identification of Accused products on June 17, 2016 pursuant to Section 4(a) of the Delaware Default Standard for Discovery. Section 4 is titled "Initial Discovery in Patent Litigation" and has a footnote stating that "[a]s these disclosures are 'initial,' each party shall be permitted to supplement." Accordingly, June 17, 2016 was a non-binding initial deadline, and Philips does not need to modify the scheduling order under Rule 16 in order to further identify accused products in this litigation after that date.

Furthermore, even if Rule 16 were applicable, *St. Clair Intellectual Property* is plainly distinguishable from the present matter. That case pertained to the modification of infringement contentions not only after the final infringement contention deadline, but long after expert reports on infringement were submitted. Expert discovery has not even begun in this matter, and the prior rounds of contentions exchanged in this manner have been nonbinding.[1]

Please confirm that ASUS will retract its objection and provide the discovery discussed above for all products included on Philips' Third Amended Identification of Accused Products (served on October 23, 2017). Otherwise, we intend to raise this matter with the Court at the next available opportunity.

Finally, Philips flatly rejects ASUS's attempt to cutoff the further identification of additional ASUS products relevant to this matter. Philips is not aware of any support for such a cutoff

---

[1] *See* June 20, 2017 Discovery Conference Transcript at 35 ("MR. CARLIN: I am understanding that Your Honor has made clear that if we are going to take this approach, that each side is going to supplement their affirmative contentions on the issues they bear the burden of proof on, it will not be the final contentions, it is not binding, except to the extent somebody acts in bad faith. THE COURT: So ordered.")

January 22, 2018
Page 3

and Philips will continue to identify ASUS products that infringe the Asserted Patents in this litigation, as appropriate under the circumstances.  Philips will take action if ASUS refuses to provide discovery for any products identified as infringing one or more asserted patents in the future.


Best regards,

*/S/ Robert S. Pickens*

Robert S. Pickens