| | |
|---|---|
| 1 | Bruce R. Genderson (*pro hac vice*) |
| | Kevin Hardy (*pro hac vice*) |
| 2 | Aaron P. Maurer (*pro hac vice*) |
| | David M. Krinsky (*pro hac vice*) |
| 3 | Andrew Trask (*pro hac vice*) |
| | Kyle E.Thomason (*pro hac vice*) |
| 4 | Christopher A. Suarez (*pro hac vice*) |
| | **WILLIAMS & CONNOLLY LLP** |
| 5 | 725 Twelfth Street, N.W. |
| | Washington, D.C. 20005 |
| 6 | Telephone: (202) 434-5000 |
| | Facsimile: (202) 434-5029 |
| 7 | bgenderson@wc.com |
| | khardy@wc.com |
| 8 | amaurer@wc.com |
| | dkrinsky@wc.com |
| 9 | atrask@wc.com |
| | kthomason@wc.com |
| 10 | csuarez@wc.com |
| 11 | Matthew S. Warren (SBN 230565) |
| | Patrick M. Shields (SBN 204739) |
| 12 | Erika H. Warren (SBN 295570) |
| | Amy M. Bailey (SBN 313151) |
| 13 | **WARREN LEX LLP** |
| | 2261 Market Street, No. 606 |
| 14 | San Francisco, CA 94114 |
| | Telephone: (415) 895-2940 |
| 15 | Facsimile: (415) 895-2964 |
| | 18-1885@cases.warrenlex.com |
| 16 | |
| 17 | Kaiwen Tseng (SBN 193756) |
| | Craig R. Kaufman (SBN 159458) |
| | Hsiang ("James") H. Lin (SBN 241472) |
| 18 | **TECHKNOWLEDGE LAW GROUP LLP** |
| | 100 Marine Parkway, Suite 200 |
| 19 | Redwood Shores, CA 94065 |
| | Telephone: (650) 517-5200 |
| 20 | Facsimile: (650) 226-3133 |
| | ktseng@tklg-llp.com |
| 21 | ckaufman@tklg-llp.com |
| | jlin@tklg-llp.com |
| 22 | |
| | Attorneys for Defendants |
| 23 | ACER INC. AND ACER AMERICA |
| | CORPORATION |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE KONINKLIJKE PHILIPS PATENT LITIGATION | Case No. 4:18-cv-01885-HSG<br><br>**DECLARATION OF HSIANG "JAMES" H. LIN REGARDING [538] PHILIPS' CORRECTED ADMINISTRATIVE MOTION TO FILE UNDER SEAL REGARDING PHILIPS' MOTION TO AMEND ITS INFRINGEMENT CONTENTIONS**<br><br>Judge: Hon. Haywood S. Gilliam, Jr.<br><br>Courtroom: 2 |

I, Hsiang "James" H. Lin, hereby declare as follows:

1. I am a Partner at TechKnowledge Law Group, outside counsel for Defendants Acer Inc. and Acer America Corporation (together, "Acer") in the above referenced action. I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I could and would testify competently thereto.

2. This declaration is being filed pursuant to L.R. 79-5(d)(1)(A) and 79-5(e)(1).

3. Appendix K of Exhibit 3 to the Declaration of Daniel Apgar in Support of Philips' Motion for Leave to Amend Its Infringement Contentions (Dkt No. 538-20) contains information designated by Acer as "Highly Confidential – Outside Counsel Eyes Only" pursuant to the Protective Order entered in this case because it contains references to Acer's confidential business information. This information is not available to the public, and given the highly competitive nature of the computer industry, Acer would be harmed by the public disclosure of this proprietary information because it would give Acer's competitors a window into Acer's confidential business information.

4. The table on pages 12-13 of Exhibit 5, and Exhibit B thereto, to the Declaration of Daniel Apgar in Support of Philips' Motion for Leave to Amend Its Infringement Contentions (Dkt No. 538-21) contain information designated by Acer as "Highly Confidential – Outside

Counsel Eyes Only" pursuant to the Protective Order entered in this case because they contain references to Acer's confidential business information. This information is not available to the public, and given the highly competitive nature of the computer industry, Acer would be harmed by the public disclosure of this proprietary information because it would give Acer's competitors a window into Acer's confidential business information.

5. Appendix L of Exhibit 6 to the Declaration of Daniel Apgar in Support of Philips' Motion for Leave to Amend Its Infringement Contentions (Dkt No. 538-21) contains information designated by Acer as "Highly Confidential – Outside Counsel Eyes Only" pursuant to the Protective Order entered in this case because it contains references to Acer's confidential business information. This information is not available to the public, and given the highly competitive nature of the computer industry, Acer would be harmed by the public disclosure of this proprietary information because it would give Acer's competitors a window into Acer's confidential business information.

6. Exhibits 12, 13, 14, and 15 to the Declaration of Daniel Apgar in Support of Philips' Motion for Leave to Amend Its Infringement Contentions (Dkt No. 538-22) contain information designated by Acer as "Highly Confidential – Outside Counsel Eyes Only" pursuant to the Protective Order entered in this case because they contain references to Acer's confidential business information. This information is not available to the public, and given the highly competitive nature of the computer industry, Acer would be harmed by the public disclosure of this proprietary information because it would give Acer's competitors a window into Acer's confidential business information.

7. The table on pages 13-14 of Exhibit 16, and Exhibit B thereto, to the Declaration of Daniel Apgar in Support of Philips' Motion for Leave to Amend Its Infringement Contentions (Dkt No. 538-22) contain information designated by Acer as "Highly Confidential – Outside Counsel Eyes Only" pursuant to the Protective Order entered in this case because they contain references to Acer's confidential business information. This information is not available to the public, and given the highly competitive nature of the computer industry, Acer would be harmed by the public disclosure of this proprietary information because it would give Acer's competitors

1     a window into Acer's confidential business information.

2     8.     Exhibit B of Exhibit 18 to the Declaration of Daniel Apgar in Support of Philips'
3 Motion for Leave to Amend Its Infringement Contentions (Dkt No. 538-22) contains information
4 designated by Acer as "Highly Confidential – Outside Counsel Eyes Only" pursuant to the
5 Protective Order entered in this case because it contains references to Acer's confidential business
6 information. This information is not available to the public, and given the highly competitive
7 nature of the computer industry, Acer would be harmed by the public disclosure of this
8 proprietary information because it would give Acer's competitors a window into Acer's
9 confidential business information.

10     9.     Appendix AD of Exhibit 19 to the Declaration of Daniel Apgar in Support of
11 Philips' Motion for Leave to Amend Its Infringement Contentions (Dkt No. 538-22) contains
12 information designated by Acer as "Highly Confidential – Outside Counsel Eyes Only" pursuant
13 to the Protective Order entered in this case because it contains references to Acer's confidential
14 business information. This information is not available to the public, and given the highly
15 competitive nature of the computer industry, Acer would be harmed by the public disclosure of
16 this proprietary information because it would give Acer's competitors a window into Acer's
17 confidential business information.

18     10.     Appendix AD (PDF pages 66-118) of Exhibit 28 to the Declaration of Daniel
19 Apgar in Support of Philips' Motion for Leave to Amend Its Infringement Contentions (Dkt No.
20 538-23) contains information designated by Acer as "Highly Confidential – Outside Counsel
21 Eyes Only" pursuant to the Protective Order entered in this case because it contains references to
22 Acer's confidential business information. This information is not available to the public, and
23 given the highly competitive nature of the computer industry, Acer would be harmed by the
24 public disclosure of this proprietary information because it would give Acer's competitors a
25 window into Acer's confidential business information.

26     11.     Exhibit 36 to the Declaration of Daniel Apgar in Support of Philips' Motion for
27 Leave to Amend Its Infringement Contentions (Dkt No. 538-24) contains information designated
28 by Acer as "Highly Confidential – Outside Counsel Eyes Only" pursuant to the Protective Order

1  entered in this case because it contains references to Acer's confidential business information.

2  This information is not available to the public, and given the highly competitive nature of the

3  computer industry, Acer would be harmed by the public disclosure of this proprietary

4  information because it would give Acer's competitors a window into Acer's confidential

5  business information.

6      12. Acer Source Code Appendices (PDF pages 1101-1340) of Exhibit 3 to the Declaration of Jonathan M. Sharret Re: Source Code in Support of Philips' Motion for Leave to Amend Its Infringement Contentions (Dkt No. 538-40) contain information designated by Acer as "Highly Confidential – Source Code" pursuant to the Protective Order entered in this case because they contain references to Acer's source code. This information is not available to the public, and given the highly competitive nature of the computer industry, Acer would be harmed by the public disclosure of this proprietary information because it would give Acer's competitors a window into Acer's source code.

14      13. Appendix AD (PDF pages 1341-1810) of Exhibit 3 to the Declaration of Jonathan M. Sharret Re: Source Code in Support of Philips' Motion for Leave to Amend Its Infringement Contentions (Dkt No. 538-40) contains information designated by Acer as "Highly Confidential – Outside Counsel Eyes Only" pursuant to the Protective Order entered in this case because it contains references to Acer's confidential information. This information is not available to the public, and given the highly competitive nature of the computer industry, Acer would be harmed by the public disclosure of this proprietary information because it would give Acer's competitors a window into Acer's confidential business information.

I declare penalty of perjury under the laws of the United States of America that, to the best of my knowledge and belief, the foregoing is true and correct.

Executed in Redwood Shores, California, this 5th day of November 2018.

*/s/ Hsiang "James" H. Lin*
Hsiang "James" H. Lin

13325-2116\00011189.000