# McBrayer
# Exhibit 2



June 16, 2017

**VIA CM/ECF & HAND DELIVERY**

The Honorable Gregory M. Sleet
The United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

Daniel M. Silver
Partner
T. 302-984-6331
F. 302-691-1260
dsilver@mccarter.com

RE: *Koninklijke Philips N.V. v. ASUSTEK Computer Inc.*, C.A. No. 15-1125-GMS;
*Koninklijke Philips N.V. v. HTC Corp.*, C.A. No. 15-1126-GMS;
*Koninklijke Philips N.V. v. Visual Land, Inc.*, C.A. No. 15-1127-GMS;
*Koninklijke Philips N.V. v. Southern Telecom*, C.A. No. 15-1128-GMS;
*Koninklijke Philips N.V. v. Double Power Tech. Inc.*, C.A. No. 15-1130-GMS;
*Koninklijke Philips N.V. v. YiFang USA, Inc. d/b/a E-Fun, Inc.*, C.A. No. 15-1131-GMS; and
*Koninklijke Philips N.V. v. Acer Inc.*, C.A. No. 15-1170-GMS

McCarter & English, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801-3717
T. 302.984.6300
F. 302.984.6399
www.mccarter.com

Dear Judge Sleet,

In anticipation of the continued conference scheduled for Tuesday, June 20 at 2 PM EDT, in the above-referenced related matters, the parties jointly submit this letter. The parties' respective positions on the remaining issues to be discussed at the conference are previewed in the enclosed Exhibit A (Philips' positions) and Exhibit B (Defendants' and Microsoft's positions).

Counsel are available at the Court's convenience should Your Honor have any questions in advance of the June 20, 2017 conference.

Respectfully submitted,

*/s/ Daniel M. Silver*

Daniel M. Silver (#4758)

cc: Counsel of record (via CM/ECF & electronic mail)

BOSTON
HARTFORD
STAMFORD
NEW YORK
NEWARK
EAST BRUNSWICK
PHILADELPHIA
WILMINGTON
WASHINGTON, DC

ME1 25056651v.1

# EXHIBIT A

**Plaintiffs' Position**

The parties have, unfortunately, made little progress since the June 8th status conference. Philips is most concerned about three issues: (1) ensuring a path forward with regard to contentions, which is complicated by Defendants' insistence that any supplementation have a preclusive effect, the failure of certain Defendants to produce source code, and a lack of clarity on whether Defendants will provide non-infringement contentions for all accused products; (2) ensuring that Defendants provide complete responses to Philips' interrogatories seeking technical and sales data for all accused products; and (3) an appropriate adjustment of the case schedule to allow for supplemental contentions but to otherwise keep these cases moving towards trial.

**Supplemental Contentions and Responses to Contention Interrogatories**

Philips agrees to provide supplemental infringement contentions. The critical issues are: (i) representative products (how the products should be grouped in presenting evidence of infringement) and (ii) what additional evidence Philips must point to at this stage before Defendants should be required to provide their non-infringement contentions for all accused products.[1] Without the Court's guidance on these issues, the parties will remain deadlocked. While Philips hopes the parties can reach agreement on representative product groupings, the parties do <u>not</u> agree on what additional evidence Philips must provide at this stage. Philips believes that where source code <u>has</u> been produced, one form of sufficient evidence is an analysis based on source code. But, where source code <u>has not</u> been produced, Philips believes it appropriate to provide an analysis based on operation of the product, its similarity to other products, and/or its similarity to publicly available open source code. Under either scenario, Philips respectfully submits that Defendants should provide meaningful, responsive contentions.

During the parties' meet and confer, Defendants insisted that these supplemental contentions must have a preclusive effect, preventing the introduction of additional theories and evidence. This negates the entire purpose of including a round of supplemental contentions before final contentions are due and Philips believes this is counter to Your Honor's guidance at the June 8 Discovery Conference.[2] The initial exchange of contentions was not as enlightening as either side envisioned at the outset and the idea behind supplemental contentions is to remedy this by providing further information to the other side and thereby receive meaningful, responsive contentions in return. Responding to the other side's non-infringement and validity contentions may necessitate the introduction of new theories or evidence in the final contentions. But, it is the final contentions and the close of fact discovery that provide the safeguard that Defendants seek; preclusion should occur when a party holds back its theories and evidence during fact discovery and saves them for expert reports, not at the supplementation stage.

Further, to place this limit at the supplemental contention stage would unfairly prejudice Philips. Defendants need nothing from Philips to provide their invalidity contentions. But, Philips cannot put forward all of its evidence of infringement at the supplementation stage if Defendants do not

---

[1] For all Defendants this includes Philips' Interrogatory Nos. 4 and 6. Additionally, for Acer, ASUS, HTC, YiFang, and Visual Land this includes Interrogatory Nos. 7-8; for Microsoft and Southern Telecom, Interrogatory No. 7; and for Double Power, Interrogatory Nos. 10-11.

[2] *See* Transcript at 50:3-5 (THE COURT: How about not characterizing it as a final infringement contention. You seem to be locked into terminology that may need to be adjusted.").

**Plaintiffs' Position**

make a timely and full production to Philips.  As one example, Philips requested source code in October 2016 but has yet to receive a full production from any party.  A brief summary follows:
- YiFang has indicated it has source code, but has yet to produce it.
- Microsoft, HTC, Acer, and ASUS have yet to provide all source code Philips has informed them is missing.
- Southern Telecom, Visual Land, and Double Power refuse to produce any code.

Finally, Defendants have not provided proper invalidity contentions for obviousness or §112 and should supplement to do so.  Philips agrees to supplement its validity contentions thereafter.

**Responses to Non-Contention Interrogatories**
No Defendant has properly responded to Philips' Interrogatory Nos. 1 and 5 seeking technical information relating to the accused products or Interrogatory No. 2 seeking sales data for the accused products.  These interrogatories were served in October 2016.  Philips believes a firm deadline for a response is necessary given that Defendants have repeatedly indicated they would respond but have yet to do so in full.  A brief summary of some of the deficiencies follows:
- Acer has not provided first or last sales information, information on HDCP interfaces, or complete sales data (*e.g.*, total invoice provided, but not income or cost).
- ASUS has not provided first or last sales information or complete sales data (*e.g.*, no cost).
- HTC has identified over 3800 pages pursuant to 33(d) for its technical information which is unduly burdensome and regardless is incomplete.  Sales data appears to be incomplete.
- Microsoft has responded for both the requested technical information and sales data it will produce documents pursuant to 33(d), but has not identified those documents.
- Southern Telecom has provided only aggregate sales data, but no cost data.
- Visual Land has not provided first or last sales information or any sales data.
- YiFang has identified its entire production pursuant to 33(d) for its technical information which is unduly burdensome and regardless is incomplete.  No sales data provided.
- Double Power has provided incomplete sales data (*e.g.*, no revenue or cost data).

Philips agrees to respond to Defendants' Common Interrogatory Nos. 8-9.  Philips has requested clarification on the scope of response Defendants are seeking but has received no response.

**Proposed Modifications to the Schedule**
In order to accommodate supplemental contentions and avoid prejudice to any party, Philips believes the case schedule should be modified.  Defendants indicated they would not provide proposed dates to the Court.  Philips can provide the Court with a complete proposed schedule at the Conference if the Court so desires.  Philips proposes:
- All source code produced and all non-contention interrogatories answered (6/30/2017).
- Supplemental contentions (8/18/2017); Responsive contentions (9/15/2017).
- Final infringement contentions (10/27/2017); Final invalidity contentions (11/27/2017).
- Fact discovery closes (12/29/2017).
- Opening expert reports (2/16/2018); Rebuttal expert reports (3/30/2018); Expert discovery closes (5/25/2018).
- Trial planning conf. (7/__/2018); First pretrial conf. (9/__/2018); First trial (9/__/2018).

# EXHIBIT B

Defendants and intervenor-plaintiff/counterclaim defendant in intervention, Microsoft Corporation (collectively "Defendants") submit this statement in response to the Court's Order and to assist the Court in preparing for the upcoming discovery conference on Tuesday, June 20, at 2:00 p.m. EDT.

Following the previous discovery conference before the Court on June 8, 2016, the parties to these seven actions met and conferred to seek to resolve or minimize the differences between them. The parties agree on many items, and can likely reach agreement on many more with guidance from the Court, if the Court can resolve one primary dispute between them.

The primary dispute between the parties concerns whether the next round of contentions will serve to narrow the case. The parties agree that they should exchange updated and refined contentions regarding infringement and validity (by Philips) and invalidity and non-infringement (by Defendants), and agree that these contentions should be divided by versions of products (although they are still working out the details)—but, importantly, disagree over the import these contentions will have. Defendants propose that these contentions should be scope-limiting, that is, final contentions can narrow the arguments listed in the refined contentions, but not broaden them, and further propose that, with the exception of deposition testimony gathered after these contentions, these contentions would also be evidence-limiting, that is, final contentions can narrow the evidence used in the refined contentions, but not broaden it. Philips proposes that these contentions not be limiting, that is, that the parties can later expand their allegations and evidence beyond what is set forth in the next round of contentions.

Defendants respectfully submit that their proposal will advance these actions and narrow the issues before the Court, while Philips' proposal will serve only to slow the progress of the case. Under Defendants' proposal, all parties to these actions have a strong incentive to put their cards on the table—the strongest possible incentive, in fact, of "use them or lose them." Defendants' proposal would thus serve all parties and the Court by narrowing and clarifying the issues in dispute. Defendants' proposal would benefit Philips as well. Philips has complained, for example, that Defendants have improperly withheld non-infringement arguments based on differences between various devices. Setting aside the merits—and suffice it to say that Defendants strongly disagree—Defendants' proposal will automatically resolve this dispute, because under Defendants' proposal they (like Philips) would be limited to the arguments they disclosed in the next round of contentions. Defendants' proposal will similarly resolve most other disputes between the parties, which concern the level of disclosure of various arguments in various contention responses: on pain of preclusion, everyone must show their cards.

In response, Philips argues that it does not have time (using its proposed schedule) to complete the discovery required to prepare contentions that will limit its later arguments. But that is not an argument against limiting contentions: it is an argument against Philips' proposed schedule. The solution is to adopt Defendants' proposed schedule, which calls for limiting contentions at the end of September, giving all parties more than three months to complete their obligations and obtain any necessary discovery from non-parties to these actions. Defendants' proposal and proposed schedule will thus manage the case now without materially slowing it later: Philips proposes a first trial date in September 2018, while Defendants propose a first trial date in November 2018, only two months later. For the Court's reference, Defendants' schedule proposal is as follows:

| Event | Original Date | Proposed Date |
|---|---|---|
| Refined Infringement Contentions | n/a | September 29, 2017 |
| Refined Invalidity Contentions | n/a | November 10, 2017 |
| Refined Non-Infringement Contentions | n/a | November 10, 2017 |
| Refined Validity Contentions | n/a | December 8, 2017 |
| Final Infringement Contentions | July 21, 2017 | December 8, 2017 |
| Final Invalidity Contentions | August 25, 2017 | January 12, 2018 |
| Final Non-Infringement Contentions | n/a | January 12, 2018 |
| Final Validity Contentions | n/a | February 9, 2018 |
| Fact Discovery Complete | September 25, 2017 | February 12, 2018 |
| Opening Expert Reports | October 20, 2017 | March 9, 2018 |
| Rebuttal Expert Reports | November 30, 2017 | April 27, 2018 |
| Expert Discovery Complete | January 26, 2018 | June 22, 2018 |
| Summary Judgment Letters | February 2, 2018 | June 29, 2018 |
| Answering Letters | February 16, 2018 | July 13, 2018 |
| Reply Letters | February 23, 2018 | July 20, 2018 |
| Trial Planning Conference | April 10, 2018 | September 7, 2018 |
| Proposed Pretrial Order | May 11, 2018 | October 5, 2018 |
| Final Pretrial Conference | June 4, 2018 | November 2, 2018 |
| First Trial (10-day) | June 18, 2018 | November 12, 2018 |

By requiring contentions that limit all parties' future arguments, Defendants' proposal would automatically resolve disputes currently before the Court, including for example Philips' demand for defendants to respond to interrogatories about non-infringement and product differences. It is also a good first step toward reducing the case. It will sharpen and narrow the issues in dispute, and give all parties an incentive to complete their offensive and defensive discovery obligations by the Court's clear deadline. Philips' proposal, in contrast, would serve none of these purposes: the parties would waste their time and the Court's time preparing and exchanging non-binding contentions that would not resolve issues between the parties or narrow the issues in dispute before the Court. For the reasons above and which Defendants will explain at the upcoming conference on June 20, 2017, Defendants respectfully request that the Court adopt their proposal for case management.

2