John Schnurer (Cal. Bar No. 185725)
PERKINS COIE LLP
11988 El Camino Real, Suite 350
San Diego, California, 92130
+1 (858) 720-5700
+1 (858) 720-5799 facsimile
htc-philipsperkinsservice@perkinscoie.com

Ryan McBrayer (*pro hac vice*)
Jonathan Putman (*pro hac vice*)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington, 98101
+1 (206) 359-8000
+1 (206) 359-9000 facsimile
htc-philipsperkinsservice@perkinscoie.com

*Attorneys for Defendants HTC Corp. and
HTC America, Inc.*

(additional counsel listed on signature page)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE KONINKLIJKE PHILIPS PATENT LITIGATION | Case No. 4:18-cv-01885-HSG<br><br>JURY TRIAL DEMANDED<br><br>**DEFENDANTS' UNOPPOSED MOTION FOR ISSUANCE OF LETTER ROGATORY**<br><br>**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**<br><br>Hearing Date: March 28, 2019<br>Hearing Time: 2:00 p.m. |

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:** NOTICE IS

HEREBY GIVEN that on March 28, 2019, at 2:00 p.m., or as soon as counsel may be heard,

Defendants HTC Corp. and HTC America, Inc. ("HTC") and Defendants Acer, Inc., Acer

America Corporation ("Acer"), ASUSTeK Computer Inc., and ASUS Computer International

("ASUS"), and YiFang USA, Inc. D/B/A E-Fun, Inc. ("YiFang") (collectively, "Defendants")

will and do move the Court consistent with 28 U.S.C. §1781(b)(2), to approve and sign a letter

rogatory (or "letter of request") to the ███████████████████████████ seeking

documents and a deposition from non-party ███████████████████████ as set

forth in Exhibit 1 to this Motion.  Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corp.

("Philips") recently produced copies of ████████████████████████████████

████████████████████████████████████████████

████████████████████, Philips did not produce these documents until December 14

and 19, 2018, respectively.  Accordingly, Defendants now seek discovery █████████

████████████████ critical to understanding the value Philips assigns to the patents

at issue in this case, which is relevant to Philips' damages theory seeking a reasonable royalty.

This Motion is based on this Notice of Motion, the following Memorandum of Points and

Authorities, the declarations and exhibits in support filed currently herewith, the pleadings and

papers on file herein, and any evidence and argument presented at the hearing.  Defendants

provided Philips with a copy of the proposed letter rogatory on Thursday, December 20, and

conferred with Philips' counsel about this issue on December 21, 2018.  Philips did not provide

its position on the letter rogatory at that conference.  After Defendants again requested Philips

position on December 26, on December 27 Philips indicated it did not oppose the issuance of the

letter rogatory attached hereto.  The remaining parties also indicated they do not oppose this

motion.

## STATEMENT OF RELIEF SOUGHT

Defendants ask the Court to issue the letter of request attached hereto as Exhibit 1.

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.     INTRODUCTION**

3    ███████████████████████████████████████████

4    ███████████████████████████████████████████

5    ███████████████████████████  The next day, December 20, Defendants requested

6    that Philips consent to ███████████████  and provided a copy of the draft letter

7    rogatory attached hereto as Exhibit 1.  Defendants conferred with Philips about the draft letter

8    rogatory on December 21, but Philips said it was not prepared to provide its position at that time.

9    On December 27, Philips confirmed that it did not oppose this request.  Having received notice

10   yesterday that Philips consents to the relief requested herein, Defendants now promptly file this

11   motion for issuance of letter rogatory and respectfully request that (1) the Court issue the letter

12   rogatory attached hereto as Exhibit 1 and (2) grant Defendants permission to pursue the letter

13   rogatory after the close of fact discovery on January 4, 2019.

14   **II.    FACTUAL BACKGROUND**

15           In this case, Philips has asserted 11 patents against Defendants (the "Asserted Patents").

16   Philips is seeking reasonable royalty damages against Defendants—*i.e.*, the amount of

17   compensation that Philips would have agreed to accept, and a willing licensee would have agreed

18   to pay, in a hypothetical negotiation.  Accordingly, Philips' patent licenses to others, and

19   particularly those licenses regarding the Asserted Patents, are central to the damages issues in

20   this case.

21   ████████████████████████████████████

22   █████████████████████████████████████

23   ████████████████████████████████████████

24   █████████████████████████████████████████

25   █████████████████████████████████████████

26   ████████████████████████████████████████

27   ███████████████████

28   ███████████████████████████████████

1   ███████████████████████████████████████████████████

2   ████████████████████████████████████████████

3   ████████████████████████████████████████████

4   ███████████████████████████████████████████████████

5   ███████████████████████████████████████████████████

6   ███████████████████████████████████████████████████

7   █████████████████████████████████████████████████

8   ████████████████████████████████████ Of course,

9   Philips cannot simply state that this is the case; Defendants are entitled to test Philips' assertion.

10  And Philips' witness admitted that ███████████████████████████

11  ███████████████████████████████████████████████████████

12  ██████████████████████████████████████ Furthermore,

13  Philips' witness recently testified ████████████████████████████

14  █████████████████████████ meaning that document discovery alone from Philips

15  will not be sufficient here. ████████████

16      Given ████████████████████████████████, it will not be

17  possible for Defendants to understand ██████████████████ attributed to the Asserted

18  Patents without additional discovery ████████████████. This discovery is crucial

19  for Defendants to understand this key evidence related to Philips' damages contentions.

20      Although ███████████████████████, Philips delayed production

21  of the license (and related drafts) until December 14 and 19, 2018. McBrayer Decl., ¶ 3.

22  Because of this delay, now on the eve of the close of discovery and the holidays, Defendants

23  must scramble to obtain material discovery about ███████████████████

24  ███████████████████████ Although Defendants

25  promptly issued a subpoena to █████████████ on December 18, 2018,

26  Defendants anticipates that the subsidiary is likely to point Defendants to its parent company to

27  seek this discovery. *See* McBrayer Decl., ¶ 5. Given that discovery is closing soon on January

28  4th, Defendants now request that the Court issue the attached ██████████████

1  (Defendants are also simultaneously seeking additional and supplementary discovery from

2  Philips regarding this license, and if the parties are unable to resolve this issue, will raise that

3  issue with Judge Laporte.)

4  **III.    LEGAL STANDARD**

5  "A letter rogatory is a formal written request sent by a court to a foreign court" seeking

6  testimony or documents.  *Barnes and Noble, Inc. v. LSI Corp.*, C 11-02709 EMC LB, 2012 WL

7  1808849, at *1 (N.D. Cal. May 17, 2012); *see S.E.C. v. Leslie*, C 07-03444 JF (PVT), 2009 WL

8  688836, at *2 (N.D. Cal. Mar. 16, 2009) (granting letters rogatory seeking testimony).  The

9  Court has "inherent authority" to issue these requests, which is consistent with Federal Rule of

10  Civil Procedure 28(b) and 28 U.S.C. § 1781(b)(2).  *Barnes and Noble, Inc.*, 2012 WL 1808849,

11  at *1.  Whether to issue letters rogatory is a matter of discretion for the Court.  *Id.* at *2.  "When

12  determining whether to exercise its discretion, a court will generally not weigh the evidence

13  sought from the discovery request nor will it attempt to predict whether that evidence will

14  actually be obtained."  *Id.*

15  "Courts routinely issue letters rogatory where the movant makes a reasonable showing

16  that the evidence sought may be material, or may lead to the discovery of material evidence."

17  *Viasat, Inc. v. Space Sys./loral, Inc.,* 12-CV-0260-H (WVG), 2013 WL 12061801, at *3 (S.D.

18  Cal. Jan. 14, 2013) (citations omitted).  "A party that opposes an application for a letter rogatory

19  must show good cause for the court to deny the application."  *MicroTechnologies, LLC v.*

20  *Autonomy, Inc.*, No. 15-CV-02220-RMW-HRL, 2016 WL 1273266, at *1 (N.D. Cal. Mar. 14,

21  2016).

22  The United States Supreme Court has identified a five-factor comity analysis for courts to

23  consider when determining whether to grant a request for issuance of a letter rogatory.  "A court

24  should determine both whether the discovery sought falls within the scope of discovery

25  authorized by the Federal Rules, as well as whether considerations of comity warrant the

26  requested discovery."  *Viasat*, 2013 WL 12061801, at *4.  The following factors are relevant to

27  any comity analysis: (1) the importance to the ... litigation of the of the documents or other

28  information requested," (2) the degree of specificity of the request; (3) whether the information

1  originated in the United States; (4) the availability of alternative means of securing the

2  information; (5) the extent to which noncompliance with the request would undermine important

3  interests of the United States or to which compliance with the request would undermine

4  important interests of the state where the information is located.  *Id.; see also Fenerjian v. Nong*

5  *Shim Co., Ltd,* 13CV04115WHODMR, 2016 WL 245263, at *3 (N.D. Cal. Jan. 21, 2016).

6  **IV.    ARGUMENT**

7         As set forth in Exhibit 1, Defendants seek a narrow set of information ███████████

8  ███████████████       First, they seek information about ████████████████████

9  ████████████████       This is necessary to allow Defendants to determine ██████████

10  ████████████████████████████████████.  Second,

11  Defendants seek information about ████████████████████████████████████

12  ████████████████   which is necessary to determine the full amount of █████████████

13  ████████████████████████.  Without that information, Defendants cannot calculate

14  ████████████████████████

15         Given the material nature of the documents, and the additional information necessary for

16  Defendants to understand and respond to Philips' damages contentions, the Court should issue

17  the narrowly tailored letter rogatory attached as Exhibit 1.  Each of the comity factors weighs in

18  favor of granting this application.  The discovery sought is of central importance to allow

19  Defendants to understand and respond to Philips' damages contentions.  The requests here are

20  highly specific—only 7 document requests and 10 deposition topics.  On their face, the

21  documents Philips produced indicate that relevant information is outside of the United States, as

22  ████████████████████████████████████████████████████

23  ████████████████.  *See* Ex. 2.  Moreover, Defendants cannot obtain information about

24  ████████████████████████ from Philips or any party to this litigation.  And

25  although Defendants are attempting to secure any information in the U.S. through a U.S.

26  subpoena ████████████████████████████████████████

27  ████ and is undisputedly a direct source of this information.  Finally, this is a private dispute

28  between Philips and Defendants, and does not implicate any important interests of state.

## V.    CONCLUSION

For the above reasons, Defendants respectfully requests that (1) the Court approve and sign the letter of request, attached hereto as Exhibit 1, (2) the Clerk of Court authenticate the Court's signature under the seal of this Court, (3) Exhibit 1 be returned by the Clerk to counsel for Defendants, who will ensure that the appropriate steps are taken to translate and transmit the letter, and (4) the Court order that Defendants may pursue this letter rogatory discovery after the close of discovery on January 4, 2019.

Dated: December 28, 2018

Respectfully submitted,

 _/s/ Ryan J. McBrayer_____
John P. Schnurer (Cal. Bar No. 185725)
PERKINS COIE LLP
11988 El Camino Real, Suite 350
San Diego, California, 92130
+1 (858) 720-5700
+1 (858) 720-5799 facsimile
htc-philipsperkinsservice@perkinscoie.com

Ryan McBrayer (*pro hac vice*)
Jonathan Putman (*pro hac vice*)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington, 98101
+1 (206) 359-8000
+1 (206) 359-9000 facsimile
htc-philipsperkinsservice@perkinscoie.com

*Attorneys for Defendants HTC Corp. and HTC America, Inc.*

*/s/ Craig Kaufman (with permission)*_____
Kai Tseng (Cal. Bar No. 193756)
Hsiang ("James") H. Lin (Cal. Bar No. 241472)
Craig Kaufman (Cal. Bar No. 159458)
TECHKNOWLEDGE LAW GROUP LLP
100 Marine Parkway, Suite 200
Redwood Shores, California, 94065
+1 (650) 517-5200
+1 (650) 226-3133 facsimile
acer.philips-tklgall@tklg-llp.com

*Attorneys for Defendants Acer, Inc. and Acer America Corporation*

*/s Michael J. Newton (with permission)___*
Michael J. Newton (Cal. Bar No. 156225)
ALSTON & BIRD LLP
2200 Ross Avenue, Suite 2300
Dallas, Texas, 75201
+1 (214) 922-3400
+1 (214) 922-3899 facsimile
asus-philips@alston.com

*Attorneys for Defendants ASUSTeK*
*Computer Inc. and ASUS Computer*

*/s/ Patrick A. Fitch (with permission)_____*
Matthew S. Warren (Cal. Bar No. 230565)
Patrick M. Shields (Cal. Bar No. 204739)
Patrick A. Fitch (Cal. Bar No. 321493)
Erika H. Warren (Cal. Bar No. 230565)
Amy M. Bailey (Cal. Bar No. 313151)
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94110
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
18-1885@cases.warrenlex.com
18-1886@cases.warrenlex.com

*Attorneys for Defendants Acer, Inc., Acer America Corporation, ASUSTeK Computer Inc. and*
*ASUS Computer International*

*/s/ Lucian C. Chen (with permission)____*
Lucian C. Chen (*pro hac vice*)
Wing K. Chiu (*pro hac vice*)
LUCIAN C. CHEN, ESQ. PLLC
One Grand Central Place
60 East 42nd Street, Suite 4600
New York, New York, 10165
+1 (212) 710-3007
+1 (212) 501-2004 facsimile
lucianchen@lcclegal.com

Michael Song (Cal. Bar No. 243675)
LTL ATTORNEYS LLP
300 South Grand Avenue, 14th Floor
Los Angeles, California, 90071
+1 (213) 612-8900
+1 (213) 612-3773 facsimile

michael.song@ltlattorneys.com

*Attorneys for Defendant YiFang USA, Inc. D/B/A E-Fun, Inc.*

## ATTESTATION UNDER CIVIL L.R. 5-1(i)(3)

The signing counsel above have authorized me to execute this document on their behalf.


Date:  December 28, 2018                    */s/ Ryan J. McBrayer*_____
                                                        Ryan J. McBrayer