Christina McCullough, Bar No. 245944
CMcCullough@perkinscoie.com
Theresa H. Nguyen, Bar No. 284581
RNguyen@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000

Chad S. Campbell, Bar No. 258723
CCampbell@perkinscoie.com
PERKINS COIE LLP
2901 N. Central Avenue, Suite 2000
Phoenix, AZ  85012-2788
Telephone: (602) 351-8000
Facsimile: (602) 648-7000

Patrick J. McKeever, Bar No. 268763
PMcKeever@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, CA 92130
Telephone: (858) 720-5700
Facsimile: (858) 720-5799

Tiffany P. Cunningham
TCunningham@perkinscoie.com
PERKINS COIE LLP
131 S. Dearborn Street, Suite 1700
Chicago, IL 60603
Telephone: (312) 324-8400
Facsimile: (312)324-9400

Sarah E. Stahnke, Bar No. 264838
SStahnke@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone: (650) 838-4300
Facsimile: (650) 838-4350

*Attorneys for Microsoft Corporation and Microsoft Mobile Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| In Re Koninklijke Philips Patent Litigation | Case No.: 4:18-cv-01885-HSG-EDL<br>(and related cases)<br><br>JURY TRIAL DEMANDED<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**<br><br>Date: April 11, 2019<br>Time: 2:00 p.m.<br>Judge: Hon. Haywood S. Gilliam, Jr.<br>Courtroom: 2 |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL: PLEASE TAKE NOTICE THAT on April 11, 2019 at 2:00 p.m. or as soon as counsel may be heard, Microsoft Corporation and Microsoft Mobile Inc. ("Microsoft"), Acer Inc. and Acer America Corporation ("Acer"), ASUSTek Computer, Inc. and ASUS Computer International ("ASUS"), YiFang USA, Inc. d/b/a/ E-Fun, Inc. ("YiFang"), HTC Corporation and HTC America, Inc. ("HTC") (collectively, "Defendants"), hereby move the Court for leave to amend their invalidity contentions pursuant to Patent L.R. 3-6(b). Defendants' motion is based on this Notice of Motion and Motion and the supporting Memorandum of Points and Authorities, the supporting Declaration of Patrick J. McKeever ("McKeever Decl.") and any additional evidence, authority, or argument the Court may consider on this matter.

## RELIEF REQUESTED

Defendants request leave to amend their invalidity contentions to address one additional prior art product. A claim chart comprising Defendants' proposed amendments is attached as Exhibit A to the McKeever Declaration.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.    INTRODUCTION

3
      Defendants seek leave to amend their invalidity contentions pursuant to Patent Local Rule

4
3-6(b) to address one additional prior art product.  This product is the Philips Velo 1, a handheld

5
computer released by Plaintiff Philips in 1997 that runs the Windows CE operating system, and

6
which is relevant prior art to the asserted U.S. Pat. No. RE43,564 ("the '564 patent").  Defendants

7
had previously charted other Windows CE devices that ran the Pocket Streets application, including

8
the Philips Nino, as invalidating prior art to the '564 patent.  Defendants learned recently that

9
Philips' earlier Velo device was sold with a CD-ROM that included a compatible version of Pocket

10
Streets.  Although the Velo is a Philips device, Philips did not provide Defendants with discovery

11
on the Velo showing that it had been sold with Pocket Streets.

12
      Defendants acted quickly to investigate and seek leave to amend their contentions to add

13
the Velo prior art, and Philips will not be prejudiced by this amendment because Philips knows

14
more than any entity about its own Velo 1 product and because the Velo/Pocket Streets obviousness

15
combination is similar to two other Pocket Streets-based obviousness combinations that have been

16
in the case for well over a year.

17

### II.    ISSUE TO BE DECIDED

18
      The sole issue to be decided by this Motion is whether Defendants have established good

19
cause for amending their invalidity contentions to add a claim chart based on the Philips Velo 1

20
prior art device.

21

### III.    FACTUAL BACKGROUND

22
      Defendants served initial invalidity contentions on Philips in September 2016.  These

23
contentions included separate invalidity claim charts for the '564 patent based on a Windows CE

24
device and on a Windows CE device running the Pocket Streets application.  McKeever Decl.,

25
Exhibits ("Ex.") B and C.  The Windows CE chart identified Philips' Velo 1 as an example of a

26
Windows CE device.  *Id.*, Ex. C at 27.

27
      Pocket Streets was a mapping program released in the late 1990s for handheld computers

28
running the Windows CE operating system.  Pocket Streets allowed users to select a portion of the

      1      

map to zoom in on that portion, and then select features (*e.g.,* restaurants, roads) within the zoomed-in area—the same functionality claimed by the '564 patent:



McKeever Decl., Ex. D at 37, 39; *see also, e.g.,* Dkt. 86 at ¶ 211 (Philips' description of patented device of the '564 patent).  Defendants' invalidity contentions have charted Windows CE devices running Pocket Streets because the asserted '564 patent claims include hardware-related limitations (*e.g.*, "touch screen," "wireless modem").

During discovery, Defendants sought information from Philips about Philips' prior art Windows CE-based devices, including specifically Philips' Velo and Nino devices.  McKeever Decl., Ex. E at 7-8 (Interrogatory Nos. 5 and 6).  Philips did not provide substantive information about these devices in its responses.  *Id.*, Ex. F at 12-14.  Defendants also requested documents identifying Philips' products that ran any version of Windows.  *Id.*, Ex. G at 18 (Request for Production No. 80).  Philips produced a few press releases regarding the Nino devices but no

1   documents specific to the Velo.  McKeever Decl. ¶ 9.

2        Defendants continued to investigate Philips' prior art devices, including by acquiring and

3   testing prior art devices themselves.  In early November 2017, soon after successfully installing a

4   version of Pocket Streets on a Philips Nino 300, Defendants supplemented their invalidity

5   contentions to include a claim chart based on a combination of the Philips Nino and Pocket Streets

6   98.  *Id.*, Ex. H.  On September 18, 2018, Defendants ordered an additional Philips Nino 300 unit

7   because it included the original packaging, manuals, and CD-ROMs (none of which Philips had

8   produced in discovery).  *Id.* ¶ 11.  One of the CD-ROMs that came packaged with the Nino 300

9   unit included the Pocket Streets application.  *Id.* ¶ 12.  Previously, Defendants had not been aware

10  that Philips had packaged Pocket Streets with any of its Windows CE products.  *Id.* ¶ 13.

11  Additionally, a "readme" file on the CD-ROM packaged with the Nino provided Pocket Streets

12  version history information suggesting an earlier version of Pocket Streets that may have been

13  compatible with the Velo 1 had in fact been released.  *Id.*, Ex. I.

14       On September 27, 2018, Defendants ordered a Philips Velo 1 to investigate whether it had

15  also included a copy of Pocket Streets.  McKeever Decl. ¶ 15.  The unit arrived with a CD-ROM

16  that did in fact include an earlier version of Pocket Streets that was compatible with the Velo 1.  *Id.*

17  ¶¶ 16-18.  The splash screen for the Velo 1's CD-ROM featured an icon prompting a user to install

18  Pocket Streets:



1  *Id.*, Ex. J (red annotations added).  Prior to this point, Defendants had not obtained this earlier,

2  Velo-compatible version of Pocket Streets or confirmed that such a version had actually been

3  released.  *Id.* ¶ 19.

4        In October and November 2018, Defendants installed and tested Pocket Streets on the Velo.

5  McKeever Decl. ¶ 20.  Given how old both the Velo 1 and the Pocket Streets software are, this was

6  a challenging and time-consuming process that required configuring and experimenting with

7  computers running legacy versions of Windows and other legacy software to communicate with

8  the Velo.  *Id*. ¶ 21.  On October 26, 2018, Microsoft produced pictures of the Velo software CD-

9  ROM and pictures of the Velo running Pocket Streets.  *Id.* ¶ 22.  In November, Defendants acquired

10  an additional Velo 1 unit that included original packaging, manuals, and other product literature.

11  *Id.* ¶ 23.  Microsoft produced those documents on December 5, 2018.  *Id.* ¶ 24.  Philips' counsel

12  inspected the Velo 1 unit running Pocket Streets on December 13, 2018, and examined a Pocket

13  Streets witness regarding the Velo version of Pocket Streets the next day.  *Id.* ¶¶ 26-27.

14  ## IV.    ARGUMENT

15        Patent Local Rule 3-6(b) permits a party to amend its contentions "by order of the Court

16  upon a timely showing of good cause," particularly where a party has made "[r]ecent discovery of

17  material, prior art despite earlier diligent search."  In evaluating good cause, courts in this District

18  consider two main factors: (1) whether the movant was diligent in amending its contentions; and

19  (2) whether the proposed amendment would prejudice the non-movant.  *Apple Inc. v. Samsung*

20  *Elecs. Co.*, No. 12-cv-00630-LHK (PSG), 2013 WL 3246094, at *1 (N.D. Cal. June 26, 2013).

21  "Other factors relevant to good cause include 'the relevance of the newly-discovered prior art,

22  whether the request to amend is motivated by gamesmanship, [and] the difficulty of locating the

23  prior art[.]'"  *THX, Ltd. v. Apple, Inc.*, No. 13-cv-01161-HSG, 2016 WL 1718137, at *2 (N.D. Cal.

24  Apr. 29, 2016) (citation omitted, alterations in original).

25        Defendants, as the movants, must establish diligence in two phases: "(1) diligence in

26  discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for

27  amendment has been discovered."  *Positive Techs., Inc. v. Sony Elecs., Inc.*, No. 11-cv-02226-SI,

28  2013 WL 322556, at *2 (N.D. Cal. Jan. 28, 2013).  Good cause, however, "does not require perfect

1  diligence." *Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-cv-03587-WHO, 2014 WL 491745,

2  at *4 (N.D. Cal. Feb. 5, 2014).  As discussed below, Defendants' proposed amendments are based

3  on its recent discovery of material prior art information, and Defendants have been diligent in

4  investigating the prior art and in promptly pursuing leave to amend its invalidity contentions upon

5  completing its analysis.  Because Defendants have been diligent, and because Philips will not be

6  prejudiced by the amendments, Defendants submit that they have established good cause under

7  Patent L.R. 3-6(b).

8       A.    **Defendants Acted Diligently in Discovering that Philips' Velo 1 Device Was
             Compatible with Pocket Streets and Seeking Leave to Amend its Contentions
9             Accordingly.**

10          Defendants have been diligent in discovering that the Velo 1 prior art device came with and

11  ran a compatible version of Pocket Streets and in seeking to amend its invalidity contentions to add

12  obviousness combinations based on a Velo 1 device that ran Pocket Streets.  As discussed in Section

13  III(A), Defendants did not discover that a version of Pocket Streets existed for and was packaged

14  with the Velo 1 until early October 2018.  These critical facts were not easy to discover: Defendants

15  did not have information regarding the software Philips provided with its prior art devices, and

16  Philips did not provide discovery on the Velo despite Defendants' requests.  Thus, to determine

17  which Windows CE devices had been compatible with Pocket Streets, Defendants were required to

18  obtain individual 20-year-old prior art devices and attempt to manually install the Pocket Streets

19  application on the devices.  Until recently, the earliest version of Pocket Streets Defendants were

20  able to locate was Pocket Streets 98, which was not compatible with Windows CE 1.0 devices like

21  the Velo 1.  Defendants had no way to know that Philips had included Pocket Streets with its

22  Windows CE devices on in-box CD-ROMs until they acquired units that came with the original,

23  20-year-old packaging and in-box materials.  Defendants discovered this first for the Philips Nino

24  300 in late September 2018, which in turn caused Defendants to investigate the Velo 1 more fully

25  and discover the earlier Velo 1-compatible version of Pocket Streets that Philips had packaged with

26  the device.  *Cf. Fujifilm*, 2014 WL 491745 at *4 ("identifying and evaluating prior art can be

27  difficult, and new information learned in discovery can lead a party to understandably reevaluate

28  evidence found earlier.").

DEFENDANTS' NOT. OF MOT. AND MOT.          5          CASE NO. 18-CV-01885-HSG-EDL
FOR LEAVE TO AMEND INVALIDITY
CONTENTIONS

Courts have recognized that prior art products are particularly difficult to locate and evaluate, especially where the products are long-outdated. For example, in *Peregrine Semiconductor Corp. v. RF Micro Devices, Inc.*, the court found that a defendant was diligent where, as here, the defendant had to acquire and analyze a prior art product to discover its relevance. 2014 WL 12781782, at *2 (S.D. Cal. Jul. 21, 2014); *see also, e.g.*, *THX*, 2016 WL 1718137 at *2 (rejecting as hindsight patentee's argument that defendant should have easily identified a prior art speaker product). Courts have also recognized the difficulty in locating prior art for systems "that are long-outdated, such as the ones at issue here." *GeoTag, Inc. v. Zoosk, Inc.*, No. 13-cv-00217-EMC-MEJ, 2013 WL 4427430, at *2 (N.D. Cal. Aug. 15, 2013). As in *GeoTag*, the Velo/Pocket Streets combination is "long-outdated": Philips sold its Velo in and around 1997. Additionally, courts have found diligence where the movant provides a reasonable explanation as to how the additional art was identified and pursued. For example, in *Fujifilm*, the court relied on the fact that Motorola's motion "explain[ed] in detail its efforts to discover the additional prior art references and the impediments it faced." 2014 WL 491745 at *4; *see also id.* at *2-3 and *4-5 (recounting Motorola's investigative efforts). The same is true here: as discussed above, the critical information about the Velo 1 art was difficult to locate and the product of intensive efforts by Defendants following their discovery and analysis of the Philips Nino device.

Courts also consider "the relevance of the newly-discovered prior art" when considering requests to amend invalidity contentions. *THX*, 2016 WL 1718137 at *2. The Velo/Pocket Streets combination is even more relevant to invalidity than the Windows CE devices that were charted previously for at least two independent reasons. First, the software CD-ROM included with the Velo 1 included and promoted the use and installation of the Pocket Streets application, strengthening the motivation to combine Pocket Streets with the Velo 1 so as to render the '564 patent obvious. Second, Philips' manual for the Velo 1 states that the device supports a "cellular modem," which unquestionably satisfies the "wireless modem" limitation of the '564 patent claims. *See* McKeever Decl., Ex. K at 183, 187. Thus, in addition to Microsoft's diligence in identifying the Velo/Pocket Streets combination, the "relevance of the newly-discovered prior art" supports a finding of good cause.

Additionally, courts in this District have found good cause for amending invalidity contentions when the scope of the patentee's case imposes a substantial burden on the defendants. *See, e.g.*, *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-cv-00876-RS-JSC, 2016 WL 2855260, at *5 (N.D. Cal. May 13, 2016). In the *Karl Storz* case, for example, the patentee had asserted 93 patent claims across five patents. *Id.* The court noted that "courts in this District have found good cause to amend invalidity contentions due to the large scope of the initial prior art search when it involved nearly half as many claims" as the 93 claims at issue in that case. *Id.* The court granted leave for the defendants to add late-discovered patents and publications to the invalidity contentions because the "scope of the prior art search [the defendants] need to undertake…was so large that it imposed an unreasonable burden." *Id.*; *see also Network Prot. Scis.*, *LLC v. Fortinet, Inc.*, No. 12-cv-01106-WHA, 2013 WL 1949051, at *2 (N.D. Cal. May 9, 2013) (granting leave to amend where the patentee had imposed upon defendant "a bone-crushing burden of conducting a prior art search for more than fifty patent claims. This was an unreasonable burden … to place on its adversary, especially since [the patentee] should have been more selective in choosing claims to assert"). Here, as in *Karl Storz*, the patentee has imposed an "unreasonable burden" on Defendants by asserting 70 claims across 11 different patents. And like the *Karl Storz* defendants, Defendants here have served dozens of claim charts—over 9,000 pages' worth— demonstrating their diligence in pursuing relevant prior art. *Id.* at *4 (finding, where the invalidity contentions included 31 claim charts and 400 pages of analysis, the "contentions themselves belie a finding that [the] search was not diligent …  It strains credulity to imagine that [the defendant] was not diligent in uncovering and evaluating this many references"). This weighs further in favor of a finding of diligence.

Finally, Defendants were diligent in seeking leave to amend their contentions after discovering the Velo/Pocket Streets combination. Counsel for Microsoft informed Philips that it intended to seek leave to amend its contentions to add the Velo on December 14, 2018, within two and a half months of when Defendants first received information about the Velo software CD-ROM with the compatible version of Pocket Streets. McKeever Decl. ¶ 27; *Fujifilm*, 2014 WL 491745 at *3 (finding diligence where motion for leave to amend was filed eight months after locating the

1    additional prior art).  Moreover, counsel for Microsoft made the Velo 1 running Pocket Streets

2    available for inspection on December 13, 2018 and provided Philips with a draft claim chart for the

3    Velo/Pocket Streets combination on December 26, 2018.  McKeever Decl. ¶¶ 26, 28.  At Philips'

4    request, Microsoft also provided details about the good cause that supported the proposed

5    amendment on December 31, 2018.  *Id.* ¶ 32.  After considering that information, however, Philips

6    confirmed on January 3, 2019, that it would oppose the motion.  *Id.* ¶¶ 31-34.  Notably, in indicating

7    its opposition Philips neither asserted that Defendants has not been diligent with respect to the Velo

8    1 nor that Philips would be prejudiced by the proposed amendment.  *Id.* ¶ 34.

9           **B.     Philips Will Not be Prejudiced by Defendants' Amendment.**

10          Philips will not be prejudiced if the Court permits Defendants to add the Velo/Pocket Streets

11   combination.  Information about the Velo is and has been uniquely within Philips' possession.

12   Indeed, but for Philips' refusal to provide the requested discovery on the Velo device, Defendants

13   would likely have discovered the device's relevance as prior art much earlier.  And Philips needs

14   no additional discovery on the Velo 1.  Philips has already inspected a Velo 1 running Pocket Streets

15   and has deposed a Microsoft witness about the version of Pocket Streets that ran on the Velo.

16          Further, Philips has long been on notice of the substantive invalidity issues raised by the

17   proposed Velo 1/Pocket Streets combination.  Pocket Streets and Windows CE devices have been

18   at issue since the original invalidity contentions were served in 2016, and the specific Velo 1/Pocket

19   Streets combination is substantially similar to both the Philips Nino/Pocket Streets and Hitachi

20   HPW-600ETM/Pocket Streets combinations that have been in the case for well over a year.  *See*

21   McKeever Decl., Exs. L and M.  For the core limitations of the asserted '564 claims, Microsoft

22   relies on the Pocket Streets software as opposed to the handheld device running the software.  And

23   there are no meaningful differences between how the zoom-and-select features work on the Velo

24   as compared to the Philips Nino or the Hitachi device.  *See, e.g., Golden Hour Data Sys., Inc. v.*

25   *Health Servs. Integration, Inc.*, No. C 06-7477 SI, 2008 WL 2622794, at *4 (N.D. Cal. July 1,

26   2008) (no undue prejudice where plaintiff was already on notice of substance of proposed

27   amendments).

28          Fact discovery is set to close in early January.  However, Philips has been on notice of

DEFENDANTS' NOT. OF MOT. AND MOT.                8              CASE NO. 18-CV-01885-HSG-EDL
FOR LEAVE TO AMEND INVALIDITY
CONTENTIONS

Microsoft's interest in the Velo device at least since January 2018 and has been in possession of information relevant to that device. *Cf. THX*, 2016 WL 4674380, at *2 (no prejudice in amending invalidity contentions to add information about contributions to conception and reduction to practice where "[patentee] has been on notice of [defendant's] interest in the individuals who contributed to the patents-in-suit since at least August 11, 2015" and "[patentee] has had sole possession of the relevant information").

Leave to amend may be granted after the close of fact discovery where the amendments are limited in scope. For example, in *Synchronoss Techs., Inc. v. Dropbox Inc.*, the court commented on "the limited nature of the amendment itself" and held that the proposed amendments "do not appear to disrupt the case schedule or other court orders, and are therefore not prejudicial to [the plaintiff], as far as the timing of the case goes. No. 4:16-cv-00119-HSG-KAW, 2018 WL 5619743, at *5-6 (N.D. Cal. Oct. 29, 2018). Responding to the amended invalidity contentions did not constitute prejudice, because "the issue is not whether the defendant would be required to engage in additional work in response to new amendments, but what incremental prejudice results from the deal in asserting those amendments…." *Id.* at *6 (citing *TransVideo Elecs., Ltd., v. Sony Elecs.*, 278 F.R.D. 505, 509 n.2 (N.D. Cal. 2011)). In *Synchronoss*, there was no prejudice to the plaintiff because, although fact discovery had already closed, the plaintiff could respond to the new allegations in its expert report. *Id.* at *6-7. The same is true here. Philips will not be prejudiced by the amendments, which are minor in scope and can be adequately addressed through expert discovery. Philips has more than four months before it would likely need to address the Velo 1 in a rebuttal expert report.

**V.   CONCLUSION**

For the reasons discussed above, Defendants respectfully request that the Court grant their motion for leave to amend their invalidity contentions, as reflected in Exhibit A to the McKeever Declaration in support of this motion.

1

2

DATED:  January 4, 2019

3

/s/ Patrick J. McKeever

/s/ Aaron Maurer

4

Christina McCullough, Bar No. 245944
CMcCullough@perkinscoie.com
Theresa H. Nguyen, Bar No. 284581
RNguyen@perkinscoie.com
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000

Matthew S. Warren (Bar No. 230565)
Patrick M. Shields (Bar No. 204739)
Erika H. Warren (Bar No. 295570)
Amy M. Bailey (Bar No. 313151)
WARREN LEX LLP
San Francisco, California, 94110
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
18-1885@cases.warrenlex.com

5

6

7

8

9

Chad S. Campbell, Bar No. 258723
CCampbell@perkinscoie.com
PERKINS COIE LLP
2901 N. Central Avenue, Suite 2000
Phoenix, AZ  85012-2788
Telephone: (602) 351-8000
Facsimile: (602) 648-7000

Bruce Genderson (pro hac vice)
Kevin Hardy (pro hac vice)
Aaron Maurer (pro hac vice)
David Krinsky (pro hac vice)
Andrew Trask (pro hac vice)
Kyle Thomason (pro hac vice)
Christopher A. Suarez (pro hac vice)
WILLIAMS & CONNOLLY LLP
725 TWELFTH STREET, N.W.
Washington, D.C., 20005
+1 (202) 434-5000
+1 (202) 434-5029 facsimile
viceroy@wc.com

10

11

12

13

Patrick J. McKeever, Bar No. 268763
PMcKeever@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, CA 92130
Telephone: (858) 720-5700
Facsimile: (858) 720-5799

14

15

16

17

Tiffany P. Cunningham
TCunningham@perkinscoie.com
PERKINS COIE LLP
131 S. Dearborn Street, Suite 1700
Chicago, IL 60603
Telephone: (312) 324-8400
Facsimile: (312)324-9400

Attorneys for Defendants Acer, Inc., Acer
America Corp., ASUSTeK Computer Inc., and
ASUS Computer International

18

19

20

21

Kai Tseng (Bar No. 193756)
Hsiang ("James") H. Lin (Bar No. 241472)
Attorneys for Defendants Acer, Inc.
and Acer America Corporation

Sarah E. Stahnke, Bar No. 264838
SStahnke@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone: (650) 838-4300
Facsimile: (650) 838-4350

22

23

24

Michael J. Newton (Bar No. 156225)
Sang (Michael) Lee (pro hac vice)
ALSTON & BIRD LLP
2200 Ross Avenue, Suite 2300
Dallas, Texas, 75201
+1 (214) 922-3400
+1 (214) 922-3899 facsimile
asus-philips@alston.com

Attorneys for Microsoft Corporation and
Microsoft Mobile Inc.

25

26

27

28

DEFENDANTS' NOT. OF MOT. AND MOT.
FOR LEAVE TO AMEND INVALIDITY
CONTENTIONS

10

CASE NO. 18-CV-01885-HSG-EDL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

 */s/ Ryan McBrayer*
John Schnurer (Bar No. 185725)
Kevin Patariu (Bar No. 256755)
Ryan Hawkins (Bar No. 256146)
Louise Lu (Bar No. 256146)
Vinay Sathe (Bar No. 256146)
PERKINS COIE LLP
11425 El Camino Real, Suite 350
San Diego, California, 92130
+1 (858) 720-5700
+1 (858) 720-5799 facsimile

Ryan McBrayer (*pro hac vice*)
Jonathan Putman (*pro hac vice*)
Antoine McNamara (Bar No. 261980)
Stevan Stark (*pro hac vice* to be filed)
PERKINS COIE LLP 1201 Third Avenue,
Suite 4900 Seattle, Washington, 98101
+1 (206) 359-8000
+1 (206) 359-9000 facsimile
htc-philipsperkinsservice@perkinscoie.com

*Attorneys for Defendants HTC Corp. and HTC
America, Inc.*

*Attorneys for Defendants ASUSTeK Computer
Inc. and ASUS Computer International*

 */s/ Lucian C. Chen*
Lucian C. Chen (*pro hac vice*)
Wing K. Chiu (*pro hac vice*)
LUCIAN C. CHEN, ESQ. PLLC
One Grand Central Place
60 East 42nd Street, Suite 4600
New York, New York, 10165
+1 (212) 710-3007
+1 (212) 501-2004 facsimile
lucianchen@lcclegal.com

Michael Song (Bar No. 243675)
LTL ATTORNEYS LLP
300 South Grand Avenue, 14th Floor
Los Angeles, California, 90071
+1 (213) 612-8900
+1 (213) 612-3773 facsimile
michael.song@ltlattorneys.com

*Attorneys for Defendant YiFang USA, Inc.
D/B/A E-Fun, Inc.*

DEFENDANTS' NOT. OF MOT. AND MOT.
FOR LEAVE TO AMEND INVALIDITY
CONTENTIONS

11

CASE NO. 18-CV-01885-HSG-EDL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 4, 2019, a true and correct copy of the foregoing was served on all interested parties via electronic mail pursuant to Civil Local Rule 5-1(h).

*/s/ Patrick J. McKeever*
Patrick J. McKeever


### ATTESTATION UNDER CIVIL L.R. 5-1(i)(3)

The signing counsel above have authorized me to execute this document on their behalf,.

*/s/ Patrick J. McKeever*
Patrick J. McKeever