# EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **KONINKLIJKE PHILIPS N.V.,**<br>**U.S. PHILIPS CORPORATION,**<br><br>       **Plaintiffs,**<br><br>    **v.**<br><br>**ASUSTEK COMPUTER INC.,**<br>**ASUS COMPUTER INTERNATIONAL,**<br><br>      **Defendants.** | Case No.: 15-1125-GMS<br><br>JURY TRIAL DEMANDED |
| **MICROSOFT CORPORATION,**<br><br>       **Intervenor-Plaintiff,**<br><br>    **v.**<br><br>**KONINKLIJKE PHILIPS N.V.,**<br>**U.S. PHILIPS CORPORATION,**<br><br>       **Intervenor-Defendants.** | |
| **KONINKLIJKE PHILIPS N.V.,**<br>**U.S. PHILIPS CORPORATION,**<br><br>       **Intervenor-**<br>       **Defendants/Counterclaim**<br>       **Plaintiffs in Intervention**<br><br>    **v.**<br><br>**MICROSOFT CORPORATION**<br><br>       **Intervenor-**<br>       **Plaintiff/Counterclaim**<br>       **Defendant in**<br>       **Intervention**<br><br>  **AND** | |

**MICROSOFT MOBILE INC.**

        **Counterclaim Defendant in Intervention**

---

**KONINKLIJKE PHILIPS N.V., U.S. PHILIPS CORPORATION,**

        **Plaintiffs,**

    **v.**

**VISUAL LAND, INC.**

        **Defendant.**

**MICROSOFT CORPORATION,**

        **Intervenor-Plaintiff,**

    **v.**

**KONINKLIJKE PHILIPS N.V., U.S. PHILIPS CORPORATION,**

        **Intervenor-Defendants.**

**KONINKLIJKE PHILIPS N.V., U.S. PHILIPS CORPORATION,**

        **Intervenor-Defendants/Counterclaim Plaintiffs in Intervention**

    **v.**

**MICROSOFT CORPORATION**

        **Intervenor-**

Case No.: 15-1127-GMS

JURY TRIAL DEMANDED

**Plaintiff/Counterclaim Defendant in Intervention**

**AND**

**MICROSOFT MOBILE INC.**

**Counterclaim Defendant in Intervention**

---

**KONINKLIJKE PHILIPS N.V., U.S. PHILIPS CORPORATION,**

**Plaintiffs,**

**v.**

**DOUBLE POWER TECHNOLOGY, INC., ZOWEE MARKETING CO., LTD., SHENZEN ZOWEE TECHNOLOGY CO., LTD.**

**Defendants.**

**MICROSOFT CORPORATION,**

**Intervenor-Plaintiff,**

**v.**

**KONINKLIJKE PHILIPS N.V., U.S. PHILIPS CORPORATION,**

**Intervenor-Defendants.**

**KONINKLIJKE PHILIPS N.V., U.S. PHILIPS CORPORATION,**

**Intervenor-**

Case No.: 15-1130-GMS

JURY TRIAL DEMANDED

**Defendants/Counterclaim Plaintiffs in Intervention**

v.

**MICROSOFT CORPORATION**

**Intervenor-Plaintiff/Counterclaim Defendant in Intervention**

**AND**

**MICROSOFT MOBILE INC.**

**Counterclaim Defendant in Intervention**

---

**KONINKLIJKE PHILIPS N.V., U.S. PHILIPS CORPORATION,**

**Plaintiffs,**

v.

**YIFANG USA, INC. D/B/A E-FUN, INC.,**

**Defendant.**

**MICROSOFT CORPORATION,**

**Intervenor-Plaintiff,**

v.

**KONINKLIJKE PHILIPS N.V., U.S. PHILIPS CORPORATION,**

**Intervenor-Defendants.**

Case No.: 15-1131-GMS

JURY TRIAL DEMANDED

**KONINKLIJKE PHILIPS N.V.,**
**U.S. PHILIPS CORPORATION,**

> **Intervenor-**
> **Defendants/Counterclaim**
> **Plaintiffs in Intervention**

> **v.**

**MICROSOFT CORPORATION**

> **Intervenor-**
> **Plaintiff/Counterclaim**
> **Defendant in**
> **Intervention**

**AND**

**MICROSOFT MOBILE INC.**

> **Counterclaim Defendant**
> **in Intervention**

**KONINKLIJKE PHILIPS N.V.,**
**U.S. PHILIPS CORPORATION,**

> **Plaintiffs,**

> **v.**

**ACER INC.,**
**ACER AMERICA CORPORATION,**

> **Defendants.**

**MICROSOFT CORPORATION,**

> **Intervenor-Plaintiff,**

Case No.: 15-1170-GMS

JURY TRIAL DEMANDED

v.

**KONINKLIJKE PHILIPS N.V.,**
**U.S. PHILIPS CORPORATION,**

**Intervenor-Defendants.**

**KONINKLIJKE PHILIPS N.V.,**
**U.S. PHILIPS CORPORATION,**

**Intervenor-**
**Defendants/Counterclaim**
**Plaintiffs in Intervention**

v.

**MICROSOFT CORPORATION**

**Intervenor-**
**Plaintiff/Counterclaim**
**Defendant in**
**Intervention**

**AND**

**MICROSOFT MOBILE INC.**

**Counterclaim Defendant**
**in Intervention**

## PHILIPS' RESPONSES TO MICROSOFT'S
## SECOND SET OF INTERROGATORIES (NOS. 5-7)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 26.1 of the

Local Rules of Civil Practice and Procedure for the District of Delaware, Plaintiffs Koninklijke

Philips N.V. and U.S. Philips Corporation (collectively "Philips" or "Plaintiffs") hereby respond

to the Second Set of Interrogatories ("Interrogatories") of Microsoft Corporation and Microsoft

Mobile Inc. (collectively "Microsoft" or "Defendants") as follows.

## PRELIMINARY STATEMENTS

1.      Philips' responses are based on information obtained to date and currently available to Philips.  Philips qualifies its responses by stating that discovery is ongoing in this matter, and Philips has not yet completed its investigation of the facts related to this matter and has not completed its preparations for trial.  Philips reserves the right to amend, supplement and/or correct its responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure and the Scheduling Order entered in this case.  Philips specifically reserves the rights to amend and/or supplement these responses, if necessary, based on information produced by Microsoft during discovery, including but not limited to information provided by Microsoft in response to the Interrogatories and Requests for the Production of Documents and Things that have been and will be served on Microsoft.

2.      Philips' responses are premised on Philips' understanding that Microsoft seeks only information within the possession, custody, and/or control of Philips.

3.      By responding to Microsoft's Interrogatories, Philips does not waive any objection that may be applicable to: (a) the use, for any purpose, by Microsoft of any information or documents given in response to Microsoft's Interrogatories; or (b) the admissibility, relevancy, and/or materiality of any of the information or documents given in response to Microsoft's Interrogatories.

4.      Philips' partial response to any Interrogatory is not a waiver of any of its objections to any Interrogatory, in whole or in part, but instead is offered in the spirit of cooperation and in an effort to avoid discovery disputes and/or delays.

ME1 26647007v.1

5.      To the extent the response to any Interrogatory calls for confidential information, Philips will provide such information only in accordance with the terms of the Stipulated Protective Order entered into in this litigation and subject to any other objections by Philips.

6.      Philips makes the following General Objections which are applicable to and incorporated into each of Philips' responses.  Philips does not waive any of its General Objections by stating specific objections to any particular Interrogatory.

## GENERAL OBJECTIONS

1.      Philips objects to the Interrogatories to the extent they seek to impose discovery obligations on Philips which are inconsistent with, are not found in, or exceed the requirements of the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the District of Delaware ("Local Rules"), or the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information, which is applicable pursuant to the Stipulation and Order Regarding Discovery of Electronically Stored Information entered on October 12, 2016 (the "Court's Default Standard for Discovery").

2.      Philips objects to the Interrogatories to the extent they seek information protected by the attorney-client privilege, attorney work product immunity, or any other applicable privilege or immunity from discovery.  Philips' responses shall not be deemed as a waiver of any attorney-client privilege, attorney work product immunity, or any other applicable privilege or immunity from discovery, protection, immunity claim, defense or objection to which Philips may be entitled.

3.      Philips objects to the Interrogatories to the extent they seek irrelevant information or information not reasonably calculated to lead to the discovery of admissible evidence.

2

4.    Philips objects to the Interrogatories to the extent they are overly broad and create undue burden for Philips, in particular to the extent they seek the identification and/or production of "all," "every," "each" or "any" person, document or communication.

5.    Philips objects to the Interrogatories to the extent they seek information that is not within the possession, custody, or control of Philips.

6.    Philips objects to the Interrogatories to the extent they seek information that is not readily obtainable after a reasonable search.

7.    Philips objects to the Interrogatories to the extent they seek information that is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

8.    Philips objects to the Interrogatories to the extent they seek information that Philips is not permitted to disclose pursuant to confidentiality obligations to, or agreements with, third parties.

9.    Philips objects to the Interrogatories to the extent they call for the disclosure of confidential, private, and/or personal information that is prohibited by any applicable foreign or domestic law.

10.   Philips objects to the Interrogatories to the extent they are vague, ambiguous, or unintelligible.

11.   Philips objects to the Interrogatories to the extent they are unreasonably cumulative or duplicative.

12.     Philips objects to the Interrogatories to the extent that they seek information previously provided to Microsoft in this action.

13.     Philips objects to the Interrogatories to the extent they require Philips to provide a legal determination, opinion, or conclusion.

14.     Philips objects to the Interrogatories to the extent they seek information and/or documents that have not been generated by or provided to Philips at the time of the response.

15.     Philips objects to the Interrogatories to the extent they seek information and/or documents that Philips has not had a full or fair opportunity to collect and review prior to responding.

16.     Philips objects to the Interrogatories as premature to the extent the subject matter of the Interrogatories is more properly addressed by other forms of discovery, including expert discovery.

17.     Philips objects to the Interrogatories to the extent they request a response without regard to a logical start date.  Unless otherwise noted, Philips will use the date six years before the filing of the complaint as the appropriate start date, consistent with Section 4.e. of the Court's Default Standard for Discovery.

18.     Philips objects to the Interrogatories to the extent they request a response without regard to a logical cut-off date.  Philips will use the earliest filing date of any of these actions as the appropriate cutoff date.

## OBJECTIONS TO MICROSOFT'S DEFINITIONS AND INSTRUCTIONS

1.     Philips objects to Microsoft's definitions of "Philips," "You," and "Your" as vague, overly broad, unduly burdensome, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the

4

parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  In particular, Philips objects as vague, overly broad, and unduly burdensome to the inclusion of persons or entities other than Koninklijke Philips N.V. and U.S. Philips Corporation.

2.     Philips objects to Microsoft's definition of "Prior Patent Owner" as vague, overly broad, unduly burdensome, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  In particular, Philips objects as vague, overly broad, and unduly burdensome to the inclusion of the term "any Person that owned any interest."  However, because the term "Prior Patent Owner" is not used in the Interrogatories, Philips need not provide its interpretation of this term.

3.     Philips objects to Microsoft's definitions of "Related Patent" or "Related Patents" as vague, overly broad, unduly burdensome, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. In particular, Philips objects to the inclusion of "foreign counterpart patents," "any patents which may have been opposed, contested or subjected to any nullity proceedings," "Related Application," and "Related Applications" as being overly broad, unduly burdensome, and irrelevant.  Philips also objects as vague to the inclusion of the undefined terms

5

"Related Application" and "Related Applications."  However, because the terms "Related Patent" and "Related Patents" are not used in the Interrogatories, Philips need not provide its interpretation of these terms.

4.     Philips objects to Microsoft's definition of "Accused Product(s)" as vague, overly broad, unduly burdensome, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  In particular, Philips objects to the inclusion of "any item, device or product" and "sold for importation" as being overly broad, unduly burdensome, and irrelevant.  However, because the term "Accused Product(s)" is not used in the Interrogatories, Philips need not provide its interpretation of this term.

5.     Philips objects to Microsoft's definition of "Philips Products" as vague, overly broad, unduly burdensome, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  In particular, Philips objects to the inclusion of "all products or systems made, sold, or used" and "all products or systems bearing the Philips brand name in a manner authorized by Philips through Philips' Global Brand Licensing Program or any other arrangement between Philips and a third party," and to the lack of a starting time period, as being overly broad, unduly burdensome, and irrelevant.  Philips interprets "Philips Products" as the smartphones, tablets, and laptops sold in the United States by "Philips"—as that term is

6

interpreted by Philips (see above)—during the time period beginning six years before

Microsoft's intervention and ending with Microsoft's intervention.

6.      Philips objects to Microsoft's definition of "person(s)" as vague, overly broad,

unduly burdensome, and not proportional to the needs of the case, considering the importance of

the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

information, the parties' resources, the importance of the discovery in resolving the issues, and

whether the burden or expense of the proposed discovery outweighs its likely benefit. In

particular, Philips objects as vague, overly broad, and unduly burdensome to the inclusion of

more than a natural person, corporation, or legally established business entity.

7.      Philips objects to Microsoft's definitions of "document" and "communication(s)"

as not in compliance with the Court's Default Standard for Discovery, vague, overly broad,

unduly burdensome, and not proportional to the needs of the case, considering the importance of

the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

information, the parties' resources, the importance of the discovery in resolving the issues, and

whether the burden or expense of the proposed discovery outweighs its likely benefit. In

particular, Philips objects to the inclusion of the categories of communications, documents, and

things which are listed in Schedule A of the Court's Default Standard for Discovery, or that are

otherwise inconsistent with the requirements of the Court's Default Standard for Discovery.

Philips will thus interpret these terms in the context of the Interrogatories and in accordance with

the Federal Rules of Civil Procedure, the Local Rules, and the Court's Default Standard for

Discovery.

8.      Philips objects to Microsoft's instructions contained in Paragraph 25 as overly

broad, unduly burdensome, and not proportional to the needs of the case, considering the

7

importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, to the extent they are not in accordance with Philips' interpretation of the term "Philips," as stated above.

9.      Philips objects to Microsoft's instructions contained in Paragraph 26 as improperly seeking information not required by the Federal Rules of Civil Procedure, the Local Rules, or the Court's Default Standard for Discovery. In particular, Philips objects to Microsoft's instruction to "specify the portion of each interrogatory that you claim to be unable to answer fully and completely, state the facts upon which you rely to support your contention that you are unable to answer the interrogatory fully and completely, and state what knowledge, information, or belief you have concerning the unanswered portion of each such interrogatory."

10.     Philips objects to Microsoft's instructions contained in Paragraph 27 as overly broad, unduly burdensome, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. In particular, Philips objects as overly broad and unduly burdensome to the inclusion of "all prior years." Philips will use the date six years before Microsoft's intervention as the appropriate start date, consistent with Section 4.e. of the Court's Default Standard for Discovery.

11.     Philips objects to Microsoft's instructions contained in Paragraph 28 as overly broad, unduly burdensome, and not proportional to the needs of the case, considering the

8

importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

likely benefit. In particular, Philips objects as vague, overly broad, and unduly burdensome to the

reference to persons or entities other than Koninklijke Philips N.V. and U.S. Philips Corporation.

      12.   Philips objects to Microsoft's instructions contained in Paragraph 29 as vague,

ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case,

considering the importance of the issues at stake in the action, the amount in controversy, the

parties' relative access to relevant information, the parties' resources, the importance of the

discovery in resolving the issues, and whether the burden or expense of the proposed discovery

outweighs its likely benefit, in particular as to the requested "carefully prepared estimates,

designated as such and attached explanations of any estimate used and how the estimate was

prepared."

      13.   Philips objects to Microsoft's instructions contained in Paragraph 30 as

improperly seeking information not required by the Federal Rules of Civil Procedure, the Local

Rules, or the Court's Default Standard for Discovery. In particular, Philips objects to Microsoft's

instruction to:

> [S]et forth the privilege claimed, the facts upon which you rely to
> support the claim or privilege and furnish a list identifying each
> item of information for which privilege is claimed, containing at
> least the following information: (i) the date that the document was
> created; (ii) the author(s)/sender(s); (iii) the recipient(s), including
> copy recipients; (iv) the general subject matter of the document;
> and (v) the portion(s) of the document as to which privilege is
> claimed. The sender(s) and recipient(s) shall be identified by
> position and entity (corporation or firm, etc.) with which they are
> employed or associated. If the sender or recipient is an attorney or
> foreign patent agent, he or she should be so identified. In the case
> of a foreign patent agent, there should be a statement of whether

9

the laws of the agent's country grant privileged status to a patent agent's communication. The type of privilege claimed must also be stated, together with certification that all elements of the claimed privilege have been met and not waived with respect to each document.

Philips further objects to Microsoft's instructions contained in Paragraph 30 to the extent that they purport to require the inclusion of any information generated after the filing of the complaint in any privilege log, as such information is exempted from inclusion by Section 1.d.ii. of the Court's Default Standard for Discovery.

14.   Philips objects to Microsoft's instructions contained in Paragraph 31 as vague, unduly burdensome, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. In particular, Philips objects as vague to the words "normal technical meaning," "unclear," "reasonable meaning," "it," and "its." Philips further objects to Microsoft's instructions contained in Paragraph 30 as improperly seeking information not required by the Federal Rules of Civil Procedure, the Local Rules, or the Court's Default Standard for Discovery. In particular, Philips objects to Microsoft's instruction to "state what the assumed meaning is."

15.   Philips objects to Microsoft's instructions contained in Paragraphs 32-36 as overly broad, unduly burdensome, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, in particular to the extent that they seek to impose on Philips any obligation to identify categories of information that are not available to, or not already known by, Philips.

10

Philips further objects to Microsoft's instructions contained in Paragraphs 32-36 to the extent that they seek to impose discovery obligations on Philips which are inconsistent with, are not found in, or exceed the requirements of the Federal Rules of Civil Procedure, the Local Rules, or the Court's Default Standard for Discovery.

16.     Philips objects to Microsoft's instructions contained in Paragraph 38 as improperly seeking information not required by the Federal Rules of Civil Procedure, the Local Rules, or the Court's Default Standard for Discovery. In particular, Philips objects to Microsoft's instruction that "Philips is directed to identify such documents in a manner sufficient to describe such documents for the purpose of preparing and serving a proper subpoena and to give the name, telephone number, address, and e-mail address of the person last known by Philips to have been in possession, custody, or control of such documents."

17.     Philips objects to each of Microsoft's Definitions and Instructions to the extent they seek to impose discovery obligations on Philips which are inconsistent with, are not found in, or exceed the requirements of the Federal Rules of Civil Procedure, the Local Rules, or the Court's Default Standard for Discovery.

## **RESPONSES TO INTERROGATORIES (NOS. 5-7)**

## **INTERROGATORY NO. 5:**

Identify and describe each Philips Product that has included a touchscreen.  The identification and description must include the product name and model number, the product's function and purpose, the dates when the product was available to purchase, and the entity or entities responsible for manufacturing, promoting and selling the product. Along with all other products within the scope of this Interrogatory, the response should cover the Philips IntelliVue MP30, Philips Nino devices, Philips Velo devices, and any Philips touchscreen smartphones (e.g., the Philips S337, Philips V787, Philips I928, Philips W6610, Philips D833, Philips T3566, Philips 699 Dual SIM, etc.).

11

**RESPONSE TO INTERROGATORY NO. 5:**

Philips objects to this Interrogatory on the grounds set forth in its General Objections and Objections to Microsoft's Definitions and Instructions, including Philips' objections to the terms "Philips Products" and "Philips." Philips objects as vague, ambiguous, overly broad, and unduly burdensome to the request for "the product's function and purpose" and "the entity or entities responsible for manufacturing, promoting and selling the product." Philips further objects to this interrogatory as seeking information duplicative of Microsoft's Interrogatory No. 4. Philips further objects to this interrogatory as seeking information that is equally available to Microsoft. To the extent Philips has the information, Philips will identify the product name, model number, and dates available for purchase with respect to the smartphones, tablets, and laptops that have a touchscreen and were sold by Philips in the United States during the time period beginning six years before Microsoft's intervention and ending with Microsoft's intervention.

Philips further objects to this Interrogatory as seeking information which is protected from discovery by the attorney-client privilege, attorney work product immunity, or any other privilege or immunity from discovery. Philips further objects to this Interrogatory to the extent it seeks legal conclusions. Philips further objects to this Interrogatory to the extent it seeks information not in Philips' custody, possession, or control. Philips further objects to this Interrogatory to the extent it seeks to impose discovery obligations on Philips which are inconsistent with, are not found in, or exceed the requirements of the Federal Rules of Civil Procedure, the Local Rules, or the Court's Default Standard for Discovery. Philips further objects to this Interrogatory as containing multiple subparts requesting several distinct categories of information. For purposes of the limits on the number of Interrogatories in these actions, Philips considers each individual subpart to this individual Interrogatory as separate individual Interrogatories pursuant to Local Rule 26.1.

ME1 26647007v.1

Subject to and without waiving any of Philips' objections, Philips responds as follows:

Philips is not currently aware of having sold in the United States during the relevant time period any smartphones, tablets, or laptops that have a touchscreen.

Philips' investigation is ongoing and Philips reserves the right to supplement, amend, or correct its response to this Interrogatory pursuant to FRCP 26(e).  Philips further reserves the right to identify, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, additional documents from which the requested information can be ascertained by Microsoft.

## INTERROGATORY NO. 6:

Identify and describe each Philips Product that has run or required any version of the Windows operating system. The identification and description must include the product name and model number, the dates when the product was available to purchase, the entity or entities responsible for manufacturing, promoting, and selling the product, and the entity or entities responsible for incorporating and testing Windows into the product. Along with all other products within the scope of this Interrogatory, the response should cover the Philips Mobile Server, Philips Nino devices, Philips Velo devices, Philips Xper Information Management Connect system, and Philips Xper Information Management servers and workstations.

## RESPONSE TO INTERROGATORY NO. 6:

Philips objects to this Interrogatory on the grounds set forth in its General Objections and Objections to Microsoft's Definitions and Instructions, including Philips' objections to the terms "Philips Products" and "Philips."  Philips objects to this interrogatory on the grounds that whether any Philips Product "has run or required any version of the Windows operating system" is not relevant to any issue in this litigation.  Philips further objects as vague, ambiguous, overly broad, unduly burdensome, and irrelevant to the request for "the entity or entities responsible for manufacturing, promoting, and selling the product, and the entity or entities responsible for incorporating and testing Windows into the product."  Philips further objects to this interrogatory as vague, ambiguous, overly broad, unduly burdensome, irrelevant, and seeking information that is equally available to Microsoft.  To the extent Philips has the information, Philips will identify

13

the product name, model number, and dates available for purchase with respect to the

smartphones, tablets, and laptops that run an accused version of the Windows operating system

and were sold in the United States by Philips during the time period beginning six years before

Microsoft's intervention and ending with Microsoft's intervention.

Philips further objects to this Interrogatory as seeking information which is protected

from discovery by the attorney-client privilege, attorney work product immunity, or any other

privilege or immunity from discovery.  Philips further objects to this Interrogatory to the extent it

seeks information not in Philips' custody, possession, or control.  Philips further objects to this

Interrogatory to the extent it seeks to impose discovery obligations on Philips which are

inconsistent with, are not found in, or exceed the requirements of the Federal Rules of Civil

Procedure, the Local Rules, or the Court's Default Standard for Discovery.  Philips further

objects to this Interrogatory as containing multiple subparts requesting several distinct categories

of information.  For purposes of the limits on the number of Interrogatories in these actions,

Philips considers each individual subpart to this individual Interrogatory as separate individual

Interrogatories pursuant to Local Rule 26.1.

Subject to and without waiving any of Philips' objections, Philips responds as follows:

Philips is not currently aware of having sold in the United States during the relevant time

period any smartphones, tablets, or laptops that run an accused version of the Windows operating

system.

Philips' investigation is ongoing and Philips reserves the right to supplement, amend, or

correct its response to this Interrogatory pursuant to FRCP 26(e). Philips further reserves the

right to identify, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, additional

documents from which the requested information can be ascertained by Microsoft.

14

**INTERROGATORY NO. 7:**

Claim 12 of the '806 patent, recites a "means for parsing a control information file." Defendants maintain that the software for performing the claimed function of "parsing a control information file" is limited to "the XML interpreter available at www.ibm.com/xml" and its equivalents.  If You disagree, identify the precise wording for the software that You contend is correct, including the precise wording for the software which You intend to present to the Court and/or jury.

**RESPONSE TO INTERROGATORY NO. 7:**

Philips objects to this Interrogatory on the grounds set forth in its General Objections and

Objections to Microsoft's Definitions and Instructions, including Philips' objections to the term

"You."  Philips objects as vague, ambiguous, overly broad, unduly burdensome, and irrelevant to

the request that Philips "identify the precise wording for the software that You contend is

correct, including the precise wording for the software which You intend to present to the Court

and/or jury."  Philips further objects to this interrogatory as premature to the extent it seeks

expert discovery.  Philips has identified the Microsoft software that it contends falls within the

scope of claim 12 of the '806 patent.  *See* Philips' Infringement Contentions, Appendix D,

Source Code Appendix D.

Philips further objects to this Interrogatory as seeking information which is protected

from discovery by the attorney-client privilege, attorney work product immunity, or any other

privilege or immunity from discovery.  Philips further objects to this Interrogatory to the extent it

seeks information not in Philips' custody, possession, or control.  Philips further objects to this

Interrogatory to the extent it seeks to impose discovery obligations on Philips which are

inconsistent with, are not found in, or exceed the requirements of the Federal Rules of Civil

Procedure, the Local Rules, or the Court's Default Standard for Discovery.  Philips further

objects to this Interrogatory as containing multiple subparts requesting several distinct categories

of information.  For purposes of the limits on the number of Interrogatories in these actions,

Philips considers each individual subpart to this individual Interrogatory as separate individual Interrogatories pursuant to Local Rule 26.1.

Subject to and without waiving any of Philips' objections, Philips responds as follows:

The Court construed the claim term "means for parsing a control information file" in its Markman Order.  *See* Markman Order, Case No. 15-1125, D.I. 212 at p. 9.  As explained in Philips' infringement contentions, Philips contends that that accused products infringe claim 12 of the '806 patent, consistent with the Court's Markman Order.  *See* Philips' Infringement Contentions, Appendix D, Source Code Appendix D.  Philips may provide further analysis during expert discovery.  *See* Stipulation to Extend Time, Case No. 15-1125, D.I. 267 at p. 6.

Philips' investigation is ongoing and Philips reserves the right to supplement, amend, or correct its response to this Interrogatory pursuant to FRCP 26(e). Philips further reserves the right to identify, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, additional documents from which the requested information can be ascertained by Microsoft.

ME1 26647007v.1

Dated: February 15, 2018

/s/ Daniel M. Silver
MCCARTER & ENGLISH, LLP
Michael P. Kelly (#2295)
Daniel M. Silver (#4758)

Michael P. Sandonato
John D. Carlin
Christopher M. Gerson
Jonathan M. Sharret
Daniel A. Apgar
Robert S. Pickens
Sean M. McCarthy
Jaime F. Cardenas-Navia
Joyce L. Nadipuram
FITZPATRICK, CELLA, HARPER &
SCINTO
1290 Avenue of the Americas
New York, New York 10104-3800
Tel: (212) 218-2100
Fax: (212) 218-2200
msandonato@fchs.com
jcarlin@fchs.com
cgerson@fchs.com
jsharret@fchs.com
dapgar@fchs.com
rpickens@fchs.com
smccarthy@fchs.com
jcardenas-navia@fchs.com
jnadipuram@fchs.com

Benjamin A. Smyth (#5528)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
mkelly@mccarter.com
dsilver@mccarter.com
bsmyth@mccarter.com

Attorneys for Plaintiffs

17