**WARREN LEX** LLP

2261 MARKET STREET  NO. 606          TEL  +1 (415) 895 2940
SAN FRANCISCO  CA  94114              FAX  +1 (415) 895 2964

January 11, 2019

**By Electronic Case Filing**

Judge Elizabeth D. Laporte
U.S. District Court for the Northern District of California
450 Golden Gate Avenue, Courtroom E – 15th Floor
San Francisco, California, 94102

Re:     *In re Koninklijke Philips Patent Litigation*, No. 18--cv-1885-HSG-EDL

Dear Judge Laporte:

Under Your Honor's Order Regarding Discovery Procedures, Docket No. 391, Procedure No. 2,
Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation ("Philips") and Defendants
Acer Inc., Acer America Corporation, ASUSTek Computer, Inc. and ASUS Computer
International ("Defendants") respectfully seek the Court's assistance regarding Philips' privilege
log served on December 7, 2018.  The parties have met and conferred regarding this issue,
including on January 10 with lead counsel participating, but were unable to resolve their dispute.

1.      **Defendants' Statement**

Defendants seek an order requiring Philips, within 14 days of the order, to produce a privilege
log compliant with the Court's rules in the Order Regarding Discovery Procedures, Docket No.
391 (the "Order") ¶ 6.  Philips admits that its December 7 log did not comply with the Order, but
now claims that Defendants agreed, two years ago while before the District of Delaware, that
should any *future* Court supervising this case (such as this one) enter a *future* order regarding
privilege logs (such as the Order), that hypothetical future order would not apply to hypothetical
future logs.  Philips' theory finds no support in the facts or in common sense.  This issue presents
the Court with an easy question:  does the Order (an order in these cases) apply to Philips (a
party to these cases)?  The answer is "yes," and the Court should require Philips to follow the
Order.

        A.      **Background**

Philips Seeks to Avoid Serving Privilege Logs Entirely; Defendants Decline, and the Parties
Serve Privilege Logs Before the District of Delaware.  On August 1, 2017, when these cases
were still before the District of Delaware, Philips suggested that "the parties forego the exchange
of privilege logs in these litigations."  Declaration of Amy M. Bailey ("Bailey Decl."), Ex. 1.  On
August 3, defendants declined this proposal:

        I write in response to your proposal that "the parties forego the exchange of privilege logs in
        these litigations."  We decline.  A privilege log is necessary to preserve an assertion of
        privilege, and we believe all parties should provide the logs required by the Federal Rules.

Judge Elizabeth D. Laporte
January 11, 2019 — Page 2

Bailey Decl., Ex. 2.  Unlike this Court, the District of Delaware provided no additional rules governing privilege logs beyond the Federal Rules.  The parties thus served their logs under the Federal Rules.  Defendants do not challenge those logs, to which the Order does not apply.

<u>The District of Delaware Transfers These Actions to This Court, Which Enters the Order Setting Forth Its Rules for Privilege Logs</u>.  On March 28, 2018, the District of Delaware transferred these actions to this Court.  Docket No. 366.  On June 29, 2018, the Court issued the Order, Docket No. 391, requiring, among other things, privilege logs including:

- The name and job title or capacity of the author, *id.* ¶ 6(a);
- The name and job title or capacity of each recipient, *id.* ¶ 6(b);
- The date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s), *id.* ¶ 6(c); and
- The title and description of the document, *id.* ¶ 6(d).

<u>Philips' December 7 Privilege Log Ignores the Court's Rules, and Philips Seeks to Avoid Meeting and Conferring on This Issue</u>.  On December 7, 2018, Philips served a voluminous, 695-page privilege log that failed to meet the requirements of the Order, including at least those listed above.  On December 12, Defendants asked Philips to comply with the Order.  Bailey Decl., Ex. 3.  On December 18, Philips replied that its log was "in compliance with all applicable rules and requirements," and required Defendants to explain "with particularity" why Philips' privilege log is not in compliance with the Order.  *Id.* Ex. 4.  Defendants did so that day.  *Id.* Ex. 5.  On January 3, Philips declined again to revise its log, leading to this dispute.  *Id.* Ex. 6.

## B.   Argument

The Court's Order applies to Philips' log, and the Court should require Philips to follow its Order.  Philips' contrary arguments serve only to show the importance of its enforcement.

Philips states that its log "complies in substance with Your Honor's Order."  Even if undefined "substantial" compliance were sufficient—it is not—Philips is incorrect.  At Philips' request, Defendants identified "with particularity" the deficiencies in Philips' privilege log.  Bailey Decl., Ex. 5.  These deficiencies matter.  For example, the Order requires a "title *and* description" for each document (emphasis added); Philips provides only the latter, rendering the log much harder to understand.  Similarly, the Order requires for each document "the date(s) on which it was sent to or shared with persons other than its author(s)," memorializing additional assertedly privileged conversations; Philips withheld this information.  Philips can argue that their log "complies in substance" with the Order only by misunderstanding its substance.

Philips argues that Defendants "acquiesced to this format" because they did not affirmatively remind Philips, during what Philips admits was a discussion of "the timing of exchanging supplemental logs" and not their substance, that the Court's Order would govern the format of any future logs.  But the Court's Orders *always* govern; that is the nature of orders, and all parties must follow them whether reminded by other parties of their obligations or not.

Philips argues that Microsoft has served on Philips a log similar to Philips' log here.  That may be so (Defendants did not receive it) but two wrongs don't make a right, and Philips cannot shirk

Judge Elizabeth D. Laporte
January 11, 2019 — Page 3

its own responsibilities simply because another party (in its view) has done so.  If alleging failure by other were sufficient to avoid a Court Order, no litigant would ever follow any Court Order.

Philips complains about the "timing of this dispute," which it claims casts doubt on Defendants' motives.  As Defendants have already explained, Philips served its privilege log on December 7; Defendants promptly complained, and Philips on January 3 finally declined to meet the Court's Order.  Defendants do not see why the timing matters, but if it does, it does to Philips' detriment.

Stretching the truth to the breaking point, Philips argues that Defendants "argued for that format before this matter was transferred to this Court."  Philips' *post hoc* interpretation of this exchange is neither correct nor reasonable.  More than two years ago, Philips suggested having no privilege log at all; Defendants responded that *the parties should follow the applicable rules*—the District of Delaware had no local rules on privilege, so the Federal Rules were it.  Philips now argues that, by making this utterly unremarkable statement, Defendants knowingly waived a future Order that did not then exist.  To state this claim is to refute it.

Finally, Philips argues that the Order does not apply because some (although admittedly not all) of "the requests for production that have resulted in the generation of Philips' supplemental privilege log" were "served while this case was in the District of Delaware."  Bailey Decl., Ex. 6 at 3.  This is a red herring; the Order does not so limit itself, and the relevant question is therefore not which Court the case was in Defendants requested the documents, but which Court the case was in when Defendants served the disputed log entries.  The Order governs service of privilege logs in this Court, and, having served privilege logs in this Court, Philips must obey it.

### C.     Relief Requested

For the foregoing reasons, Defendants respectfully request an Order requiring that Philips, within two weeks, serve a revised version of its privilege log dated December 7, 2018, which meets the requirements of the Order, as set forth with particularity in Defendants' letter of December 18, 2018.  Bailey Decl., Ex. 5.

## 2.     Philips' Statement

To be absolutely clear, Philips' December 7 supplemental privilege log complies in substance with Your Honor's Order.  Acer's and ASUS's suggestion otherwise (or that Philips has admitted such) is disingenuous and is nothing more than an attempt to hide the fact that this dispute is over form rather than substance.  Acer and ASUS are asking for a wholesale redrafting of Philips' log because of the format of Philips' log.  But all of the parties in this case—including Acer and ASUS—acquiesced to this format.  Philips' log is in virtually the same format as every other privilege log served by every other party in this case, including all logs served after entry of the Order.[1]

Philips' supplemental log fully informed Acer and ASUS of the date that each withheld document was sent or drafted (required by ¶ 6(c) of your Order), the author(s) and/or recipients

---

[1] The only difference identified by Acer and ASUS is the inclusion of page numbers and item numbers – Philips has informed counsel for Acer and ASUS that it is willing to add such information and Philips remains willing to do so.

Judge Elizabeth D. Laporte
January 11, 2019 — Page 4

of each document (¶¶ 6(a) and (b)), and provided a detailed description of Philips' claim of privilege identifying the specific basis of Philips privilege claim, subject matter of the document and the purposes for which it was prepared or communicated (¶¶ 6(e)-(f)).

Furthermore, and in compliance with ¶¶ 6(a) and (b) of the Order, Philips provided Acer and ASUS with a complete table that lists the name of every single individual identified in Philips' supplemental log and which indicates, on a person-by-person basis, whether that individual is a "U.S. Attorney," "I.P. Counsel," or neither, as well the organization they are employed by (and an indication of whether that organization is a law firm). Acer's and ASUS's complaint that the format of Philips' log does not comply with the strict letter of the Order is a wholly pedantic one.

Acer and ASUS instead argue that this dispute is about more than format, and that Philips' supposed deficiencies impair their ability to understand Philips' privilege log. This assertion strains credulity. Acer, ASUS, and all other defendants in these cases acquiesced to and *themselves used* this very same privilege log format when the case was in Delaware, and neither Acer and ASUS nor any other defendant ever raised an issue with the form or substance of the information provided by Philips' privilege log in Delaware (or, for that matter, ever challenged any of the privilege claims that Philips made there). If the format used by Philips actually causes them some difficulty now, they clearly would have raised that issue then.

Furthermore, the timing of this dispute, and the request to draft this joint letter which was made only yesterday, confirms that there is no material issue at play here. Acer and ASUS assert that they could not have been expected to raise this dispute earlier, but that is plainly false, and their retelling of the procedural history contains numerous relevant omissions. The numerous posture of this matter reveals that they had long been on notice of the format of Philips' privilege logs, that they acquiesced to the propriety of that format, and they had every reason to expect that Philips would be providing its supplemental log in that exact same format. If Acer and ASUS really needed Philips to provide its privilege log in a different format, the time to raise this was long ago when the parties were discussing the timing of exchanging supplemental logs, not in the 11th hour, and not after Philips expended considerable effort to create its supplemental log.

Indeed, Acer and ASUS are themselves responsible for the format Philips' privilege logs took, and argued for that format before this matter was transferred to this Court. While in Delaware, the parties conducted discovery under the Delaware Default Standard for Discovery, Including Discovery of Electronically Stored Information (see Dkt. No. 58, so ordered on October 12, 2016). Section 1.d. of that standard required the parties to "confer on the nature and scope of privilege logs for *the case*." Declaration of Robert S. Pickens ("Pickens Decl."), Ex. 1 at 1.d. That conference ensued, and Acer and Asus took the position that "all parties should provide the logs required by the Federal Rules." Bailey Decl., Ex. 2 at 1. Defendants now argue that this was simply some "unremarkable statement," and that nothing beyond the Federal Rules governed privilege in Delaware in any event. This is plainly false. The Delaware Default Standard expressly required that the parties meet and confer on privilege log format. Pickens Decl., Ex. 1 at 1.d. Philips pressed for this meet and confer several times. Pickens Decl., Ex. 2 at 3-4. Counsel for parties to this litigation met and conferred on July 28, 2017. *Id.* at 2-3. Philips followed up on August 1 and 3, 2017 seeking Defendants' position. *Id.* at 1-2. Counsel for Acer and ASUS then provided Defendants' position that logs should be served in compliance with the Federal Rules in their August 3, 2017 email. Bailey Decl., Ex. 2 at 1.

Judge Elizabeth D. Laporte
January 11, 2019 — Page 5

Thereafter, and consistent with Acer's and ASUS's position, all parties to these litigations served privilege logs that complied with the Federal Rules, with a first exchange occurring on August 25, 2017.  All parties followed the agreed-upon format, and no party raised any complaint with regard to the format or substance of any privilege log.  Acer and ASUS can hardly claim surprise that Philips continued to follow this prior format now.  This is especially true given that the vast majority of discovery in this case was conducted during its pendency in Delaware, and that the privilege log they now complain about is a log of documents withheld largely as a result of this Delaware discovery.

Acer and ASUS also had numerous opportunities to raise any issues they had with the format of privilege logs long before Philips served its supplemental log.  Shortly after the transfer of these cases to this Court in March, 2018, the parties to this very dispute negotiated service of supplemental logs over a period of several months.  During this discussion Philips, Acer, and ASUS agreed to update their privilege logs, but at no point did Acer and Asus assert that the format of this supplemental log must be changed.[2]   Acer and ASUS certainly should not be heard to complain at this late hour, when they had every ability to raise earlier their requested relief.  Notably, no party in any of these cases has served a privilege log in the format that Acer and ASUS now request.  What is more, Acer and ASUS's co-defendant Microsoft served a supplemental privilege log after Your Honor's Order, and they too served this log in the same format they used in Delaware (and the same format that Philips used), rather than the format now sought by Acer and ASUS.  Microsoft's use of this very same format underscores the reasonableness of Philips' approach.

Philips' position with respect to its December 7 supplemental privilege log stems from the unique circumstances of this case, including the late date of transfer, Acer and ASUS's historical acquiescence in Philips' formatting, and the fact that the supplemental log is a record of documents withheld in response to requests served long ago.  Philips has no quarrel with producing privilege logs that strictly and literally comply with the requirements of the Court's Order for newly served discovery (and after Acer and ASUS have made their formatting preference clear to Philips).  In fact, Philips is expecting to produce a further supplemental log in precisely that format, to the extent it is necessary, based on document requests that were just served by Acer and ASUS last week (which are the subject of a limited stipulated extension to fact discovery in this matter).

Accordingly, Philips requests that Acer and ASUS's requested relief be denied.

---

[2] Despite that agreement, Acer and ASUS never served supplemental logs because, according to their counsel, they had no additional privileged documents to log.

Judge Elizabeth D. Laporte
January 11, 2019 — Page 6

Respectfully submitted,

_____

| | |
|---|---|
| Bruce Genderson *(pro hac vice)* | Matthew S. Warren (Bar No. 230565) |
| Kevin Hardy *(pro hac vice)* | Patrick M. Shields (Bar No. 204739) |
| Aaron Maurer *(pro hac vice)* | Patrick A. Fitch (Bar No. 321493) |
| David Krinsky *(pro hac vice)* | Erika H. Warren (Bar No. 295570) |
| Andrew Trask *(pro hac vice)* | Amy M. Bailey (Bar No. 313151) |
| Kyle Thomason *(pro hac vice)* | WARREN LEX LLP |
| Christopher A. Suarez *(pro hac vice)* | 2261 Market Street, No. 606 |
| WILLIAMS & CONNOLLY LLP | San Francisco, California, 94114 |
| 725 Twelfth Street, N.W. | +1 (415) 895-2940 |
| Washington, D.C., 20005 | +1 (415) 895-2964 facsimile |
| +1 (202) 434-5000 | 18-1885@cases.warrenlex.com |
| +1 (202) 434-5029 facsimile | |
| viceroy@wc.com | |

*Attorneys for Defendants Acer, Inc., Acer America Corp.,
ASUSTeK Computer Inc., and ASUS Computer International*

| | |
|---|---|
| Kai Tseng (Bar No. 193756) | Michael J. Newton (Bar No. 156225) |
| Hsiang ("James") H. Lin (Bar No. 241472) | Sang (Michael) Lee *(pro hac vice)* |
| Craig Kaufman (Bar No. 159458) | ALSTON & BIRD LLP |
| TECHKNOWLEDGE LAW GROUP LLP | 2200 Ross Avenue, Suite 2300 |
| 100 Marine Parkway, Suite 200 | Dallas, Texas, 75201 |
| Redwood Shores, California, 94065 | +1 (214) 922-3400 |
| +1 (650) 517-5200 | +1 (214) 922-3899 facsimile |
| +1 (650) 226-3133 facsimile | asus-philips@alston.com |
| acer.philips-tklgall@tklg-llp.com | |

*Attorneys for Defendants Acer, Inc.
America Corporation*

*Attorneys for Defendants ASUSTeK and
Computer Inc. and ASUS Computer  Acer
International*

Judge Elizabeth D. Laporte
January 11, 2019 —— Page 7

Chris Holland (Bar No. 164053)
Lori L. Holland (Bar No.  202309)
HOLLAND LAW LLP
220 Montgomery Street, Suite 800
San Francisco, California, 94104
+1 (415) 200-4980
+1 (415) 200-4989 facsimile
cholland@hollandlawllp.com

Michael Sandonato (*pro hac vice*)
John Carlin (*pro hac vice*)
Christopher Gerson (*pro hac vice*)
Natalie Lieber (*pro hac vice*)
Jonathan M. Sharret (*pro hac vice*)
Daniel Apgar (*pro hac vice*)
Jaime Cardenas-Navia (*pro hac vice*)
Sean M. McCarthy (*pro hac vice*)
Robert Pickens (*pro hac vice*)
Caitlyn Bingaman (*pro hac vice*)
Joyce Nadipuram (*pro hac vice*)
VENABLE LLP
1290 Avenue of the Americas
New York, New York, 10104
+1 (212) 218-2100
+1 (212) 218-2200 facsimile
philipsprosecutionbar@venable.com

*Attorneys for Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation*