# Exhibit 5

# WARREN LEX LLP

2261 MARKET STREET  NO. 606    TEL  +1 (415) 895 2940
SAN FRANCISCO  CA  94114      FAX  +1 (415) 895 2964

December 18, 2018

**By Electronic Mail**

Robert Pickens
Venable LLP
1290 Avenue of the Americas
New York, New York 10104
philipsprosecutionbar@venable.com

**Re:     In re Koninklijke Philips Patent Litigation, No. 18-1885 (N.D. California)**

Dear Mr. Pickens:

I write in response to your email of earlier today and to follow up on my letter of December 12 regarding your service of Philips' voluminous privilege log on December 7.

In my letter of December 12, I wrote that we "have immediately noticed several deficiencies Philips must repair immediately to bring its log in compliance with the requirements of the Court." In response, you wrote "we understand Philips' December 7, 2018 privilege log to be in compliance with all applicable rules and requirements," and asked that we explain "with particularity" why your privilege log is not in compliance with the Court's requirements. We now do so.

First, the log entries do not have Bates numbers or other control numbers, making it extremely hard to tell them apart and rendering analysis and discussion of the log effectively impossible. This should be easy for Philips to fix; you can simply insert the unique identifiers already in use by your document review system.

Second, every page is "695." Again, this should be easy for Philips to fix.

Third, under, section 6(d) of Magistrate Judge Laporte's Discovery Order, Docket No. 391, Philips must include for each entry the "title and description of the document." Philips has appeared to include the latter, but not the former. Philips must correct its log to comply with the Court's order.

Fourth, under section 6(c) of the Discovery Order, Philips must include for each entry the "date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s)." Every entry on Philips' log includes only one date. It is just barely possible, although extremely unlikely, that every single document was prepared and transmitted the same day. If that is so, please so confirm. Otherwise, Philips must correct its log to comply with the Court's order.

Fifth, as you know, under section 6(a) and 6(b) of the Discovery Order, for each entry Philips must include the "job title or capacity of the author," and the "job title or capacity of each recipient." Philips has done neither. Instead, in an attachment, you have indicated only which which correspondents are

Robert Pickens
December 18, 2018
Page 2

counsel and failed to identify the job title or capacity of numerous other correspondents.  Philips must correct its log to comply with the Court's order.

Sixth and finally, the Discovery Order does not allow Philips to render its log more confusing by shifting some information to an appendix.  To the contrary, the Order requires all information to be contained within Philips' "privilege log," not incorporated in attachments or appendices.  The cross-referencing Philips contemplates not only would impose an undue burden on defendants, but also would contravene the Discovery Order's requirement that each entry contain the "job title or capacity of the author," and the "job title or capacity of each recipient," many of which have shifted over the years of documents set forth in Philips' log.  Again, Philips must correct its log to comply with the Court's order.

As you know, Philips committed to provide its privilege log by December 7, but has failed to do so under the Court's order.  We expect Philips to provide a compliant log no later than December 21.  If you are unable to do so, please provide a full explanation.  If we do not hear from you, we will look forward to receiving your compliant log on December 21.

Thank you for your time and courtesy in this matter.

Best,

Amy M. Bailey