Exhibit 6

# VENABLE | Fitzpatrick

VENABLE LLP | 1290 AVENUE OF THE AMERICAS
20TH FLOOR | NEW YORK, NY 10104
T +1 212.218.2100  F +1 212.218.2200  Venable.com

January 3, 2019

Robert Pickens

**T 212.218.2333**
**F 212.218.2200**
rspickens@venable.com

Amy M. Bailey
Warren Lex LLP
2261 Market Street, No. 606
San Francisco, CA 94114
amy@warrenlex.com

Re:     *In re Koninklijke Philips Patent Litigation*, No. 18-1885 (N.D. California)

Dear Amy,

I write in response to your letters of December 18, 2018 and December 31, 2018.

We continue to understand Philips' December 7, 2018 privilege log to be in compliance with all applicable rules and requirements.

You have asserted that there are a number of formatting and content changes that Acer and ASUS would like made to Philips supplemental log, including those described in the paragraphs enumerated in your December 18, 2018 letter.  But, the time to express preferences as to the formatting and content of Philips' privilege logs has long since passed.  Counsel for Philips and counsel for Acer and ASUS already conferred regarding the format for privilege logs served in this case back in 2017.  In particular, and as required under the Delaware Default Standard for Discovery, counsel for Philips reached out to counsel for Acer and ASUS on July 25, 2017 to "confer on the nature and scope of privilege logs for the case, including whether categories of information may be excluded from any logging requirements and whether alternatives to document-by-document logs can be exchanged."  Counsel for Acer and ASUS responded on August 3, 2017 stating simply that "we believe all parties should provide the logs required by the Federal Rules."

Thereafter, Philips complied with counsel for Acer and ASUS's request and provided an initial privilege log in compliance with the Federal Rules of Civil Procedure on August 25, 2017.  Acer and ASUS have not since complained about the format of Philips' initial privilege log, thereby conceding that it was in compliance with the Federal Rules of Civil Procedure.  Philips' supplemental privilege log has been provided in the same format as its initial privilege log and Acer and ASUS cannot not be heard to complain about an identically formatted privilege log now.

Furthermore, even if there were changes to be made to the previously discussed format for privilege logs, the time to have that discussion was prior to the service of Philips' supplemental privilege log, not after.  In fact, the opportunity for such a conversation was directly presented –

21938269_1

# VENABLE | Fitzpatrick

as counsel for Philips and counsel for Acer and ASUS conferred about the service of supplemental privilege logs in several written communications and oral meet and confers between August and November of this past year. Counsel for Acer and ASUS did not raise the subject of privilege log format or content then, and they cannot be heard to complain about it after Philips has already provided the supplemental privilege log that it promised to provide.

You also appear to assert that the transfer of this case from the District of Delaware to the Northern District of California, and the issuance of Magistrate Judge Laporte's Discovery Order, should supersede the parties' conferences on privilege logs. We disagree. Even if it could have had such an effect, that effect could not possibly apply to the requests for production that have resulted in the generation of Philips' supplemental privilege log, the vast majority of which were served while this case was in the District of Delaware, and all of which were responded to by Philips prior to the entry of Magistrate Judge Laporte's Discovery Order.

You also note that Philips' supplemental privilege log lacks page numbers, as well as Bates numbers or other control numbers. Philips is not aware of any requirement for the inclusion of such features, and you have pointed to none. Nonetheless, Philips is happy to provide an updated version of its supplemental privilege log with document identification numbers and page numbers as a courtesy.

Lastly, it is plainly incorrect that any of the supposed deficiencies in Philips' supplemental log have rendered "analysis and discussion of the log effectively impossible," as you assert. Philips' December 7, 2018 log provides more than enough detail for Acer and ASUS to have analyzed and discussed it in any capacity. Each logged item is individually identified by date, sender, recipient, and cc recipients, and is accompanied by a description. These entries could be readily analyzed and discussed on the basis of that information.

Best regards,

*/s/Robert S. Pickens*

Robert S. Pickens