WARREN LEX LLP

2261 MARKET STREET NO. 606
SAN FRANCISCO CA 94114

TEL +1 (415) 895 2940
FAX +1 (415) 895 2964

January 11, 2019

**By Electronic Court Filing**

The Honorable Elizabeth D. Laporte
United States District Court for the Northern District of California
San Francisco Courthouse, 15th Floor, Courtroom E
450 Golden Gate Avenue
San Francisco, California, 94102

Re:   In re Koninklijke Philips Patent Litigation, No. 18--1885 (N.D. California)

Dear Judge Laporte:

Under the Court's Order re Discovery Procedures (Docket No. 432), Defendants Acer Inc. and Acer America Corporation ("Acer"), ASUSTek Computer, Inc. and ASUS Computer International ("ASUS") and Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation ("Philips") respectfully seek the Court's assistance in resolving a discovery dispute regarding Philips' production of documents related to its patent licenses. The parties have met and conferred several times, including with lead counsel participating directly on December 13, 2018, and have resolved one issue but could not resolve the other issue.

1.   **Agreement Regarding Philips' Revenue From Its Licenses**

The parties have reached agreement regarding Philips' production of revenue regarding its licenses. Philips has offered to produce records from its accounting database that show revenue received for all of the licenses identified by Philips under Rule 3-2(f), (g) and (h), to the extent that they exist. This database is where Philips collects information regarding the revenue it has received from its intellectual property licensing activities in the ordinary course of Philips' business. Defendants have accepted this compromise, resolving this issue. The parties would appreciate an order from the Court appropriately extending the fact discovery period to allow for this discovery.

2.   **Philips' Agreements With Its Licensees**

   A.   **Acer and ASUS' Statement**

Philips contends that it may produce a license in this case, identify that license as relevant to damages in this case, and then decide not to produce any other documents regarding any other agreements it has with the licensee or its affiliates—even if those agreements materially affect the relationship between Philips and the licensee—and still argue that the jury should set damages using the rate in that license. Philips' position is nonsensical and incorrect under the law. Philips must produce all agreements with its licensees and their affiliates.

The Honorable Elizabeth D. Laporte
January 11, 2019 — Page 2

Although Philips seeks to support its damages case using its past licenses, it has repeatedly refused to provide documents showing any other agreements it has with its licensees or their affiliates.  The effect of these other agreements can be material:  for example, an unrelated agreement could provide for a discount to the licensee on other obligations that roughly equals the license payments, thus reducing the effective fee to zero.  Or an unrelated agreement— not necessarily referenced in the license itself—could show that Philips was a major customer of the licensee or an affiliate, with bargaining power sufficient to extract a license agreement unrelated to what an arms-length licensee would actually pay.

Acer and ASUS are plainly entitled to this discovery.  Philips bears the burden of proving that its proffered licenses are sufficiently comparable to support its damages calculation.  *See Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1332 (Fed. Cir. 2009).  One factor in the *Georgia-Pacific* analysis is "[t]he commercial relationship between the licensor and licensee"—precisely the information sought by Acer and ASUS here.  *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).  The cases Philips cites in response do not undermine the basic proposition that, for any given license, the "relationship between the licensor and licensee" bears on the license's probative value in a damages analysis.  Nonetheless, although Acer and ASUS are entitled to full discovery into the commercial relationships between Philips and any licensees of the patents-in-suit, to reduce the burden on Philips, Acer and ASUS are willing to limit their request for documents to agreements between Philips and its licensees and affiliates.  This compromise proposal is eminently workable:  it simply asks Philips to search for side agreements between it and its licensees, or their affiliates.

Philips briefly claims that this discovery is "irrelevant," but does not explain further—nor could it, for the reasons Defendants have already stated.  Philips next argues that the discovery is "disproportionate . . . considering the needs of this case," citing the burden of searching "a range of agreements with many licensees covering a variety of products, services, and other business considerations going back many years—the vast majority of which have no bearing or relevance to this case."  But Defendants do not seek information regarding licenses "which have no bearing or relevance to this case"; they seek only information regarding licenses which *Philips has already identified as relevant to this case* under Pat. L.R. 3-8.  Philips, not Defendants, has said these licenses are relevant; Philips, not Defendants, has put them at issue.  Once Philips has done so, it cannot avoid providing Defendants with discovery into "[t]he commercial relationship between the licensor and licensee," of which they seek the bare minimum here.  *Georgia-Pacific*, 318 F. Supp. at 1120.  Philips argues below that only the licenses it has identified as relevant are relevant, and not other agreements with a licensee or its affiliates, a position that Philips cannot square with the broader discovery envisioned by *Georgia-Pacific*.

Philips' burden arguments ring hollow.  Philips has repeatedly admitted during meet-and-confer calls that it keeps a detailed database of contracts, in keeping with the industry practice, mooting any claim of burden.  It now says otherwise, and claims that it must "individually contact every separate business unit within Philips" to obtain these agreements.  Even if so, Philips' individual businesses likely maintain their own contract databases from which the relevant side agreements can be pulled.  Philips has not suggested otherwise.  In any event, the party causing this burden is not defendants but Philips itself, by listing so many licenses as relevant to its damages under Pat. L.R. 3-8.

The Honorable Elizabeth D. Laporte
January 11, 2019 — Page 3

Finally, Philips' 'compromise' offer on this issue is transparently one-sided.  Philips offers to produce only the agreements it wants to produce—"any side agreements to the identified agreements as well as any additional intellectual property-related agreements between the parties, as long as the additional agreements directly reference the disclosed license(s) between those parties"—without producing the full set of agreements necessary to understand the full "commercial relationship between the licensor and licensee" under *Georgia-Pacific*.[1]  Tellingly, Philips' proposed 'compromise' offer would oblige it to produce neither example Defendants cited above:  an unrelated agreement providing a discount on other obligations that roughly equals the license payments, thus reducing the effective fee to zero, or an unrelated agreement showing that Philips was a major customer with bargaining power sufficient to extract a license on non-arms-length terms.  If those agreements exist, Defendants are entitled to them, which means Philips must search for them, along with any other agreements it has with its licensees or their affiliates.  Equally tellingly, Philips' 'compromise' would likely require *more work on Philips' behalf* than defendants' proposal, as Philips' lawyers would have to review each agreement in the database, and in each of Philips' businesses, to determine if it met Philips' cramped criteria.  Philips cannot both claim burden and seek a more burdensome alternative.  Philips again seeks to cherry-pick its production; the Court should not allow it to do so.

### B. Philips' Statement

Acer and ASUS seek to compel Philips to provide discovery in response to their RFP 27, which requests "[d]ocuments sufficient to show the commercial relationship between Philips and each licensee of the Asserted Patents."  Acer and ASUS's request should be denied.  Their request calls for irrelevant and disproportionate discovery considering the needs of this case.

As an initial matter, Philips is a large multinational company with a range of agreements with many licensees covering a variety of products, services, and other business considerations going back many years—the vast majority of which have no bearing or relevance to this case. And Defendants requests are unworkable even on their own terms.  Defendants have proposed no reasonable standard for assessing the relevance of the agreements they seek – instead they simply assert that they could all have an undefined but "material" relevance to this litigation, and suggest that Philips should be required to simply produce all discovered agreements.  This cannot be the case – FRCP 26 requires discovery to be "proportional to the needs of the case," and a baseless fishing expedition cannot justify the production of each and every agreement with a given third-party without any regard to whether such agreements have any ultimate relevance.

Acer and ASUS attempt to play down this overbreadth by falsely characterizing their request as "seek[ing] only information regarding licenses which Philips has already identified as relevant to this case."  But the very text of their demands disproves their assertion – they are seeking "**all agreements**" with Philips' licensees and their affiliates.  This demand is in no way cabined to ***relevant*** licenses.  Instead, to the extent that Philips has identified an agreement with another company, Acer and ASUS would have this Court order production of each and every other agreement Philips has ever entered into with that company (or any "affiliate" of that company),

---

[1] Philips states that its "compromise is not limited to the agreements in the 3-2(h) disclosures, but instead includes any agreements relied upon by Philips in support of its damages theories"—implying that Philips can rely on undisclosed agreements, which it cannot.

regardless of whether it has even passing relevance to this matter. To the extent that Philips has identified an agreement with another large multinational corporation, this is an untenably overbroad request, as it calls for the production of seemingly any written agreements no matter how insignificant or how divorced the subject matter may be from the agreement actually relied upon by Philips. Surprisingly, this is not even the end of Acer and ASUS's demand – they seek to expand the text of their request beyond even its as-written over-breadth, by now requesting agreements from an undefined set of "affiliates" of any identified company. Such plainly overbroad discovery is neither contemplated nor permitted by FRCP 26.

Indeed, the burden imposed by Defendants' requests far outweighs any possible benefit. But, Acer and ASUS counter that the burden of such a vast and unbounded search must be minimal simply because "Philips has repeatedly admitted during meet-and-confer calls that it keeps a detailed database of contracts." Counsel for Philips has stated no such thing. Philips does not maintain a comprehensive database that operates in the manner that Defendants seem to imagine. The only way to comply with their request would be to individually contact every separate business unit within Philips and request any agreements with the identified third parties regardless of whether those agreements have any relevance to this case. Philips should not be required to conduct such an investigation based on Defendants' mere hunch.

However, in the spirit of compromise, rather than deny Defendants' overbroad request outright, Philips has instead sought for months to reach a compromise with Defendants to reasonably narrow their request. Specifically, Philips has offered to produce any side agreements to the identified agreements as well as any additional intellectual property-related agreements between the parties, as long as the additional agreements directly reference the disclosed license(s) between those parties. Philips' compromise is not limited to the agreements in the 3-2(h) disclosures, but instead includes any agreements relied upon by Philips in support of its damages theories. Acer and ASUS have declined Philips' offer without providing any meaningful narrowing proposal of their own. Instead, they seek to attack Philips' compromise as supposedly "requir[ing] more work on Philips' behalf than defendants' proposal." Acer and ASUS's baseless speculation as to Philips' burden is as ill-informed as it is misplaced – a production of all of Philips' business agreements with an array of other companies without any regard or consideration given to relevance imposes a far steeper burden than Philips' offer. If Acer and ASUS cannot propose any reasonable tailoring, their request for this discovery should simply be denied.

The Honorable Elizabeth D. Laporte
January 11, 2019 — Page 5

                                                                            Respectfully submitted,

                                                                           /s/ Matthew S. Warren

| | |
|---|---|
| Bruce Genderson *(pro hac vice)* | Matthew S. Warren (Bar No. 230565) |
| Kevin Hardy *(pro hac vice)* | Patrick M. Shields (Bar No. 204739) |
| Aaron Maurer *(pro hac vice)* | Patrick A. Fitch (Bar No. 321493) |
| David Krinsky *(pro hac vice)* | Erika H. Warren (Bar No. 295570) |
| Andrew Trask *(pro hac vice)* | Amy M. Bailey (Bar No. 313151) |
| Kyle Thomason *(pro hac vice)* | WARREN LEX LLP |
| Christopher A. Suarez *(pro hac vice)* | 2261 Market Street, No. 606 |
| WILLIAMS & CONNOLLY LLP | San Francisco, California, 94114 |
| 725 Twelfth Street, N.W. | +1 (415) 895-2940 |
| Washington, D.C., 20005 | +1 (415) 895-2964 facsimile |
| +1 (202) 434-5000 | 18-1885@cases.warrenlex.com |
| +1 (202) 434-5029 facsimile | |
| viceroy@wc.com | |

*Attorneys for Defendants Acer, Inc., Acer America Corp.,
ASUSTeK Computer Inc., and ASUS Computer International*

| | |
|---|---|
| Kai Tseng (Bar No. 193756) | Michael J. Newton (Bar No. 156225) |
| Hsiang ("James") H. Lin (Bar No. 241472) | Sang (Michael) Lee  *(pro hac vice)* |
| Craig Kaufman (Bar No. 159458) | ALSTON & BIRD LLP |
| TECHKNOWLEDGE LAW GROUP LLP | 2200 Ross Avenue, Suite 2300 |
| 100 Marine Parkway, Suite 200 | Dallas, Texas, 75201 |
| Redwood Shores, California, 94065 | +1 (214) 922-3400 |
| +1 (650) 517-5200 | +1 (214) 922-3899 facsimile |
| +1 (650) 226-3133 facsimile | asus-philips@alston.com |
| acer.philips-tklgall@tklg-llp.com | |

*Attorneys for Defendants Acer, Inc.
America Corporation*

*Attorneys for Defendants ASUSTeK and
Computer Inc. and ASUS Computer  Acer
International*

The Honorable Elizabeth D. Laporte
January 11, 2019 — Page 6

Chris Holland (Bar No. 164053)
Lori L. Holland (Bar No. 202309)
HOLLAND LAW LLP
220 Montgomery Street, Suite 800
San Francisco, California, 94104
+1 (415) 200-4980
+1 (415) 200-4989 facsimile
cholland@hollandlawllp.com

Michael Sandonato (*pro hac vice*)
John Carlin (*pro hac vice*)
Christopher Gerson (*pro hac vice*)
Natalie Lieber (*pro hac vice*)
Jonathan M. Sharret (*pro hac vice*)
Daniel Apgar (*pro hac vice*)
Jaime Cardenas-Navia (*pro hac vice*)
Sean M. McCarthy (*pro hac vice*)
Robert Pickens (*pro hac vice*)
Caitlyn Bingaman (*pro hac vice*)
Joyce Nadipuram (*pro hac vice*)
VENABLE LLP
1290 Avenue of the Americas
New York, New York, 10104
+1 (212) 218-2100
+1 (212) 218-2200 facsimile
philipsprosecutionbar@venable.com

*Attorneys for Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation*