January 11, 2019

<u>VIA ECF</u>

Magistrate Judge Elizabeth D. Laporte
San Francisco Courthouse, Courtroom E – 15th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

Re:    <u>*In re Koninklijke Philips Patent Litigation,*</u> Case No. 4:18-01885-HSG (EDL)

Dear Judge Laporte:

Pursuant to Your Honor's *Order re Discovery Procedures*, Procedure No. 2, Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation ("Philips") and Defendants Acer Inc. and Acer America Corporation, ASUSTek Computer, Inc. and ASUS Computer International, YiFang USA, Inc. d/b/a/ E-Fun, Inc., HTC Corporation and HTC America, Inc., and Microsoft Corporation and Microsoft Mobile, Inc. (collectively, "Defendants") respectfully seek the Court's assistance regarding the material set forth in this letter.[1]  The parties have met and conferred multiple times, including with lead counsel participating directly on November 30, 2018, but have been unable to resolve these issues.

**Philips' Introduction.**  Philips respectfully seeks an order that: (1) extends the current 50-hour limit on third-party depositions to 70 hours; and (2) requires Defendants to provide Philips with the opportunity to depose - if required, even after the close of fact discovery - any party or third-party witness that Defendants rely on in expert reports or intend to rely on at trial who was not previously deposed.  This relief is necessary due to Defendants' unreasonable insistence on adherence to a now-obsolete 50-hour limit for third-party deposition, which combines with their over disclosure of witnesses to prejudice Philips' ability to conduct pre-trial discovery. Philips does not seek a modification of the current January 4, 2019 fact discovery deadline.

**Defendants' Introduction.**  Defendants oppose Philips' requests, which seek to obtain advantage from Philips' own strategic delay.  Philips knew all the facts it claims require relief by March 28, 2018, but waited *nine months*—far too long—to bring this motion.  During Philips' delay, the parties largely completed their third-party depositions, mooting Philips' request for more time.  Philips' second request, for unlimited depositions after fact discovery of both third-party and party witnesses, asserts that Defendants are somehow responsible for Philips' failure to depose sufficient witnesses (or move in a timely fashion to do so), and asks the Court to reward Philips for its delay by giving Philips preferential and significant extra discovery.  The Court should decline this invitation.

---

[1] Unfortunately, the parties could not agree on the structure of this letter.  Your Honor's discovery order requires that, "[i]ssue-by-issue, the joint letter shall describe each unresolved issue, summarize each party's position with appropriate legal authority, and provide each party's final proposed compromise before addressing the next issue." (Docket No. 432 at 2:24-26.) Defendants believe that this Order requires Philips to separate its two requests.  Philips believes that it presents a single issue for the Court.  So that the Court could hear and determine the substantive issue (or issues), Defendants yielded to Philips' view of how to structure the letter.

January 11, 2019
Page 2

**Philips' Position**

Factual Background.  On September 15, 2016, before this matter was transferred to this District, the Delaware Court entered a Joint Proposed Scheduling Order ("Scheduling Order"), wherein the parties agreed that "Plaintiffs and Defendants collectively shall each be permitted to take up to 50 hours of third-party depositions." Dkt. No. 49 at 12.  At that time, Microsoft had not yet intervened, and the other Defendants had only identified two total third-party witnesses as having potentially relevant testimony.

Thereafter, however, the range of discovery expanded dramatically, as Microsoft and the other Defendants identified an unreasonably large number of potential witnesses through multiple rounds of Supplemental Initial Disclosures.  Ultimately, Defendants collectively identified an additional 154 people, including 10 new witnesses of third-party Google and 78 new third-party witnesses that purportedly have information regarding over 183 alleged prior art references relied on by Defendants.

In view of those new developments, the parties discussed increasing the original 50-hour limit.  Specifically, on July 31, 2018, Defendants stated that they "are willing to compromise by increasing the total non-party depositions for each side to 70 hours, keeping our agreement otherwise the same." Dkt. No. 488 at 23.  Philips explained that 70 hours would be acceptable if the now 78 total third-party prior art witnesses identified in Defendants' supplemental disclosures were treated separately.  Defendants rejected that proposal and refused to narrow their lists of witnesses.  Defendants later stymied any hope of compromise by adding an unjustifiable 11th hour condition to their own 70 hour proposal which would have required Philips to waive all future rights to seek any additional increase in deposition time.

As a result, Philips was put in the untenable position of needing to guess which of those 78 witnesses it should spend its limited hours deposing.  Therefore, Philips requested that Defendants either: (1) identify those persons in their disclosures that they actually intend to bring to trial; or (2) simply agree to make available for deposition any witness they later identify as a trial witness if that witness was not previously deposed.  Defendants refused.

As of this writing, Defendants contend that Philips has used 44 hours and 32 minutes out of an allowed 50 hours of third-party deposition time.  Philips does not disagree with Defendants' mathematical accounting of time, but Defendants' calculation assumes that time spent cross-examining witnesses at depositions noticed by the Defendants should count against Philips.  This is not clear from the Scheduling Order, and Philips disagrees with Defendants' interpretation.

Good Cause Exists for Philips' Requests.  Philips has shown good cause to modify the third-party deposition hour limit to 70 hours.  *See, e.g., Woodard v. City of Menlo Park*, 2012 WL 2119278, at *1-2 (N.D. Cal. June 11, 2012) (in assessing good cause to modify a scheduling order, "the court primarily considers the diligence of the party seeking the amendment and the moving party's reasons for seeking modification") (internal citations omitted).

With regard to Diligence, Philips promptly flagged this issue in the June 19 and September 25, 2018 Joint Case Management Statements.  Dkt. Nos. 415 at 26-27, 488 at 21-22.  Further, this issue was the subject of several letters and telephone conferences beginning in July 2018.  Also,

January 11, 2019
Page 3

the modification is made necessary by matters that Philips could not have reasonably foreseen at the time of the original Scheduling Order, *e.g.*, Defendants recent over-designation of witnesses and their accompanying refusal to focus that list.

Defendants criticize Philips' reticence to press this issue during those prior conferences, but this issue was not yet ripe. Philips should not be penalized for seeking resolution between the parties while it was still possible. Philips is just now reaching the 50-hour limit under Defendants' calculations and this issue must now be resolved by the Court. Defendants' complaints about timeliness are particularly unavailing where Defendants themselves have noticed 10 additional third-party depositions since the last case management conference, only further accelerating Philips' advance towards the limit that they seek to impose.

The risk of undue prejudice also clearly supports allowing Philips to depose those witnesses that Defendants will ultimately rely on at trial or otherwise. Indeed, it would be fundamentally unfair to allow Defendants to obfuscate the importance of certain witnesses with their over-designation, and thereby to potentially sandbag Philips with new witness testimony after the close of fact discovery. FRCP 26 does not envision such lack of reasonable tailoring in Initial Disclosures, and this Court's Local Rules and practices clearly are geared toward the avoidance of surprise at trial, particularly when it arises from gamesmanship such as the "needle in a haystack" approach Defendants have taken here with their disclosures.

Moreover, Philips will clearly suffer undue prejudice if the hours limit is not extended because it opens the door for Defendants to call witnesses at trial that Philips was unable to previously depose within the original time limit. Indeed, Defendants' over-designation of witnesses works in tandem with their unreasonable insistence on a 50-hour limit to exacerbate the prejudice to Philips. Philips could not possibly depose all of the 80-plus third-party witnesses collectively designated by the Defendants, in addition to the third-party witnesses necessary to Philips' own case in just 50 hours. And, Defendants are hard-pressed to argue that 70 hours is an unreasonable or prejudicial limit, given that they previously agreed to that very limit.

To be clear, Philips is not demanding that Defendants actually prepare a final list of trial witnesses before the Court's deadline. However, under these circumstances, to the extent that Defendants decide later to call third-party witnesses at trial who were not previously deposed, Philips should be afforded the opportunity to depose those witnesses prior to trial.

Defendants contend that this issue is now mooted by virtue of the fact that Philips has not yet surpassed the current 50-hour limit, but this ignores the fact that Philips expects to take the deposition of at least two additional third-party witnesses in the coming weeks. Philips should not be prevented from fully taking these depositions due to Defendants' unreasonable position.

And Defendants have not identified any prejudice they would suffer as a result of these depositions moving forward. Consequently, Philips respectfully submits that its request for relief be granted, and this Court order that: (1) the prior 50-hour limit on third-party depositions is increased to 70 hours; and (2) Defendants must provide Philips with the opportunity to depose any party or third-party witness that Defendants rely on in expert reports or intend to rely on at trial who was not previously deposed, even if such deposition takes place after fact discovery.

January 11, 2019
Page 4

**Defendants' Statement**

Fact discovery closed this past Friday, January 4; Philips knew the facts underlying its motion nine months ago, on March 28, 2018. Philips' strategic delay in raising this issue is inexcusable and unexcused; the Court should not reward Philips for it by granting any relief. Philips' first request, for more hours to take third-party depositions, is moot, as Philips has sufficient time to complete the depositions remaining. Philips' second request, for an unfettered right to depose unlimited *additional* witnesses—not only third-party witnesses but *any witnesses*, after fact discovery and up until trial—is unprecedented by Philips' admission, unjustified by case law, and would reward Philips and prejudice Defendants by giving Philips relief it could never have obtained had it timely raised this issue. The Court should deny both of Philips' requests.

Background.  These cases involve ten patents from eight separate and distinct patent families; Philips alleges that they cover distinct technologies including touchscreen scrolling, soft keyboards, touchscreen zooming, video streaming, audio decoding (two different ways), screen reorientation animation, and hardware-level content protection. Philips accuses thousands of products, ranging from smartphones and tablets to laptop and desktop computers, built on three separate platforms:  Android and Chrome OS from Google, and Windows from Microsoft. Despite the breadth of its claims, and although both Microsoft and Google were third parties to these actions, Philips suggested a limit of 35 hours on third-party depositions. Defendants counter-proposed a 50-hour cap, and Philips agreed. On September 15, 2016, the Court set the third-party deposition cap at 50 hours for each side. Docket No. 49; Order of Sept. 15, 2016.

As these cases proceeded, first in Delaware and then before this Court, all parties served and amended disclosures as they identified witnesses, as required by Rule 26. Given the breadth of Philips' allegations in these cases, Defendants over time disclosed many party and non-party witnesses. Although Microsoft's witnesses were third parties when the parties agreed on the 50-hour cap, Microsoft subsequently intervened, giving its witnesses party status and easing the cap. Philips now complains about "10 new witnesses of third-party Google and 78 [other] new third-party witnesses"; Defendants identified the last of these witnesses *nine months ago*, on March 28, 2018. Throughout this time, Philips did not seek to raise the 50-hour cap.

In the joint Case Management Conference statement of June 19, 2018, Philips first suggested that "the discovery limitation on third party deposition hours needs to be modified in light of a number of developments during discovery." Docket No. 415 at 26:21-22. But Philips did not mention this issue at the conference, and then dropped it for another month. In a series of letters from July 24 through September 21, 2018, Philips asked Defendants to agree to various modifications to the 50-hour cap, Defendants consistently offered to compromise at 70 total hours, and Philips consistently declined to accept that compromise. The parties again briefed this issue to the District Court for the Case Management Conference of October 2, Docket No. 488, but Philips *again* failed to raise the issue during the conference itself—and, critically, when the Court proposed closing fact discovery on January 4, 2019, Philips responded that "we can live with that, with the timing," raising only one possible impediment, an unrelated issue which the Court resolved to Philips' satisfaction. October 2 Tr. at 19:4-5; *see id.* at 17:13 to 22:4.

Meanwhile, the 50-hour cap did its job, ensuring that both Philips and Defendants did not burden third parties with unnecessary deposition time. The parties have now completed 25 third-party

January 11, 2019
Page 5

depositions, during which Philips took 46 hours and 21 minutes, an average of 1 hour and 35 minutes per deposition, and Defendants took 34 hours and 2 minutes, an average of 1 hour and 10 minutes per deposition.  See Declaration of Amy M. Bailey ¶¶ 3–27.

Argument.  Philips' inexcusable delay in bringing this motion bars it from receiving any relief.  The parties have completed fact discovery after agreeing to a 50-hour cap; Defendants cannot go back in time and redo their strategy with more time to question third-party witnesses.  Philips' delay has mooted its request for more time:  Philips has 3 hours and 39 minutes left, sufficient to complete the remaining two depositions, given its average of 1 hour and 35 minutes, and it does not seriously argue otherwise.  Instead Philips focuses on its second, unrelated request for *unlimited future* depositions of *any* witnesses, parties or not, and asks the Court for an award so sweeping that Defendants could not find *any* case (in this District or anywhere else) awarding relief remotely close in breadth—and neither could Philips, since it has not cited any.  Although this failure should conclude the matter, in addition, Philips supports its request solely by arguing that it could not take enough *third-party* depositions under the agreed 50-hour cap—an argument which cannot support Philips' current request for unlimited *party and third-party* depositions.

Worse still for Philips, the current dispute is *Philips' own fault* for not seeking earlier to lift the cap.  There is no dispute over the facts:  defendants and third-party Google completed their disclosure of the "10 new witnesses of third-party Google and 78 [other] new third-party witnesses" by March 28; Philips first noted the issue in the Case Management Conference statement of June 19, but did not raise it to the District Court at either conference, and indeed agreed to the District Court's proposal to close discovery on January 4.[2]

Under these circumstances, granting Philips its requested relief would serve only to reward Philips for its improper delay.  Had Philips brought this issue in March, June, or even August of this year, the Court could have (for example) raised the 50-hour cap for all parties without changing the fact discovery cutoff, or entered other relief designed to assist Philips without disrupting the close of fact discovery or prejudicing Defendants.  By delaying this motion until fact discovery closed, however, Philips removed nearly every bolt from the Court's quiver, presumably to increase its chance of getting the one-sided and prejudicial relief it now seeks.  But this Court does not reward this kind of behavior; to the contrary, it expects litigants to raise issues promptly so that it can resolve them without undue disruption caused by delay.  *See, e.g., Cover v. Windsor Surry Co.*, No. 14-5262, 2016 WL 8231158 at *3-4 (N.D. Cal. Dec. 19, 2016); *Raymat Materials, Inc. v. A & C Catalysts, Inc.*, No. 13-567, 2014 WL 1647529 at *6 (N.D. Cal. Apr. 22, 2014).  At minimum, the Court should not reward Philips for its delay by granting relief beyond what it would have granted had Philips brought this issue in a timely fashion.  Since Philips seeks only such relief, the Court should deny its request.

---

[2] Philips seeks to excuse its inexcusable delay by arguing that "this issue was not yet ripe" until now because "Philips is just now reaching the 50-hour limit." According to *Philips' own brief*, however, by March 2018 Philips was already in "the untenable position of needing to guess which of those 78 witnesses it should spend its limited hours deposing." All summer and fall, Philips *did* ask for more hours from Defendants, unfortunately adding unreasonable conditions to which Defendants repeatedly told Philips they could not agree. If it wanted resolution from the Court, Philips could and should have proceeded then to seek it; it cannot excuse its failure to do so by retroactively, and incorrectly, declaring the issue unripe.

January 11, 2019
Page 6

| | |
|---|---|
| Date:   January 11, 2019 | Respectfully submitted, |
| | /s/ Michael Sandonato |
| Chris Holland (Bar No. 164053) | Michael Sandonato (*pro hac vice*) |
| Lori L. Holland (Bar No.  202309) | John Carlin (*pro hac vice*) |
| HOLLAND LAW LLP | Christopher Gerson (*pro hac vice*) |
| 220 Montgomery Street, Suite 800 | Natalie Lieber (*pro hac vice*) |
| San Francisco, California, 94104 | Jonathan M. Sharret (*pro hac vice*) |
| +1 (415) 200-4980 | Daniel Apgar (*pro hac vice*) |
| +1 (415) 200-4989 facsimile | Jaime Cardenas-Navia (*pro hac vice*) |
| cholland@hollandlawllp.com | Sean M. McCarthy (*pro hac vice*) |
| | Robert Pickens (*pro hac vice*) |
| | Caitlyn Bingaman (*pro hac vice*) |
| | Joyce Nadipuram (*pro hac vice*) |
| | VENABLE LLP |
| | 1290 Avenue of the Americas |
| | New York, New York, 10104 |
| | +1 (212) 218-2100 |
| | +1 (212) 218-2200 facsimile |
| | philipsprosecutionbar@venable.com |

*Attorneys for Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation*

January 11, 2019
Page 7

Bruce Genderson (*pro hac vice*)
Kevin Hardy (*pro hac vice*)
Aaron Maurer (*pro hac vice*)
David Krinsky (*pro hac vice*)
Andrew Trask (*pro hac vice*)
Kyle Thomason (*pro hac vice*)
Christopher A. Suarez (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C., 20005
+1 (202) 434-5000
+1 (202) 434-5029 facsimile
viceroy@wc.com

Matthew S. Warren (Bar No. 230565)
Patrick M. Shields (Bar No. 204739)
Patrick A. Fitch (Bar No. 321493)
Erika H. Warren (Bar No. 295570)
Amy M. Bailey (Bar No. 313151)
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94110
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
18-1885@cases.warrenlex.com

*Attorneys for Defendants Acer, Inc., Acer America Corp., ASUSTeK Computer Inc., and ASUS Computer International*

Kai Tseng (Bar No. 193756)
Hsiang ("James") H. Lin (Bar No. 241472)
Craig Kaufman (Bar No. 159458)
TECHKNOWLEDGE LAW GROUP LLP
100 Marine Parkway, Suite 200
Redwood Shores, California, 94065
+1 (650) 517-5200
+1 (650) 226-3133 facsimile
acer.philips-tklgall@tklg-llp.com

Michael J. Newton (Bar No. 156225)
Sang (Michael) Lee (*pro hac vice*)
ALSTON & BIRD LLP
2200 Ross Avenue, Suite 2300
Dallas, Texas, 75201
+1 (214) 922-3400
+1 (214) 922-3899 facsimile
asus-philips@alston.com

*Attorneys for Defendants ASUSTeK Computer Inc. and ASUS Computer International*

*Attorneys for Defendants Acer, Inc. and Acer America Corporation*

January 11, 2019
Page 8

<div style="display: flex;">

<div>

/s/ _____
John Schnurer (Bar No. 185725)
Kevin Patariu (Bar No. 256755)
Ryan Hawkins (Bar No. 256146)
Louise Lu (Bar No. 256146)
Vinay Sathe (Bar No. 256146)
PERKINS COIE LLP
11988 El Camino Real, Suite 350
San Diego, California, 92130
+1 (858) 720-5700
+1 (858) 720-5799 facsimile
htc-philipsperkinsservice@perkinscoie.com

</div>

<div>

Ryan McBrayer (*pro hac vice*)
Jonathan Putman (*pro hac vice*)
Antoine McNamara (Bar No. 261980)
Stevan Stark (*pro hac vice* to be filed)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington, 98101
+1 (206) 359-8000
+1 (206) 359-9000 facsimile

</div>

</div>

*Attorneys for Defendants HTC Corp. and HTC America, Inc.*

/s/ Christina McCullough
Judith Jennison (Bar No. 165929)
Christina McCullough (Bar No. 245944)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington, 98101
+1 (206) 359-8000
+1 (206) 359-9000 facsimile

Tiffany P. Cunningham (*pro hac vice*)
PERKINS COIE LLP
131 South Dearborn, Suite 1700
Chicago, Illinois, 60603
+1 (312) 324-8400
+1 (312) 324-9400 facsimile
msft-philipsteam@perkinscoie.com

Chad Campbell (Bar No. 258723)
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Phoenix, Arizona, 85012
+1 (602) 351-8000
+1 (602) 648-7000 facsimile

Patrick McKeever
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, California, 92130-2080
+1 (858) 720-5722
+1 (858) 720-5822 facsimile

*Attorneys for Intervenor-Plaintiff/Counterclaim Defendants-in-Intervention Microsoft Corp. and Microsoft Mobile, Inc.*

/s/ Lucian C Chen
Lucian C. Chen (*pro hac vice*)
Wing K. Chiu (*pro hac vice*)
LUCIAN C. CHEN, ESQ. PLLC
One Grand Central Place
60 East 42nd Street, Suite 4600
New York, New York, 10165
+1 (212) 710-3007
+1 (212) 501-2004 facsimile
lucianchen@lcclegal.com

Michael Song (Bar No. 243675)
LTL ATTORNEYS LLP
300 South Grand Avenue, 14th Floor
Los Angeles, California, 90071
+1 (213) 612-8900
+1 (213) 612-3773 facsimile
michael.song@ltlattorneys.com

*Attorneys for Defendant YiFang USA, Inc. D/B/A E-Fun, Inc.*

## **CIVIL L.R. 5-1(i) ATTESTATION**

I, Chris Holland, hereby attest that I have been authorized by counsel for Acer, Inc., Acer America Corp., ASUSTeK Computer Inc., ASUS Computer International, Microsoft Corp., Microsoft Mobile, Inc., and YiFang USA, Inc. D/B/A E-Fun, Inc. to execute this document on their behalf.  However, due to the late hour at which this letter was finalized, counsel for Philips has been unable to obtain authorization from HTC Corp. or HTC America, Inc. before filing but expects to follow up in a timely fashion with those signatures.

Dated:  January 11, 2019                                      /s/ Chris Holland            
                                                              Chris Holland