UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ACER INC., et al.,<br><br>Defendants. | Case No.18-cv-01885-HSG (EDL)<br><br>**ORDER ON DISCOVERY DISPUTES REGARDING PHILIPS' PRIVILEGE LOG AND THIRD-PARTY DEPOSITIONS**<br><br>Re: Dkt. Nos. 595, 597 |

On January 11, 2019, the parties filed three separate discovery disputes. This order addresses the disputes concerning Plaintiffs' Koninklijke Philips N.V. and U.S. Philips Corp. (collectively, "Philips") December 7, 2018 supplemental privilege log and Philips' request for additional time to take third-party depositions and leave to take additional depositions of any party or third-party witness that Defendants rely on in expert reports or intend to rely on at trial who was not previously deposed. The Court is scheduling a hearing regarding the parties' third dispute about Philips' production of agreements with its licensees.

**I. BACKGROUND**

In December 2015, Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corp. (collectively, "Philips" or "Plaintiff") filed separate patent infringement suits against six defendants in federal court in Delaware: Acer Inc. and Acer America Corp. ("Acer"), ASUSTeK Computer Inc. and ASUS Computer International ("ASUS"), HTC Corp and HTC America, Inc. ("HTC"), Visual Land, Inc. ("Visual Land"), Double Power Technology, Inc. ("Double Power"), and YiFang USA, Inc. d/b/a/ E-Fun Inc. ("YiFang"). Microsoft intervened in the actions against Acer, ASUS, Visual Land, Double Power, and YiFang in November 2016. Philips then counterclaimed against Microsoft for infringement. The cases were transferred to the Northern District of California on March 27, 2018. On September 24, 2018, Judge Gilliam consolidated all

six actions for pre-trial purposes.

**II.    DISCUSSION**

    **A.    Privilege Log**

Defendants Acer and ASUS (collectively, "Defendants") seek an order compelling Philips to produce a privilege log that is compliance with the Court's Order Regarding Discovery Procedures (the "Discovery Order"). The parties dispute whether Defendants' December 7, 2018 privilege log includes all of the information required by the Discovery Order. While the parties did not provide any portion of the disputed privilege log with their letter, the Court has sufficient information to rule.

The Discovery Order requires that privilege logs "set[ ] forth the privilege relied upon and specify[ ] separately for each document or for each category of similarly situated documents:"

    a. The name and job title or capacity of the author;

    b. The name and job title or capacity of each recipient;

    c. The date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s);

    d. The title and description of the document;

    e. The subject matter addressed in the document;

    f. The purpose(s) for which it was prepared or communicated; and

    g. The specific basis for the claim that it is privileged.

Discovery Order, ¶ 6. Defendants contend that the 695-page December 7 privilege log failed to include the information required by subsections (a)-(d) of Paragraph 6 of the Discovery Order. On December 12, 2018, Defendants asked Philips to revise the privilege log in accordance with the Discovery Order, and Philips declined to do so by letter dated January 3, 2018. Bailey Decl., ¶¶ 5-8, Exs. 3-6. The Court will address Philips' compliance with the Discovery Order for each subsection that Defendants contend is incomplete.

**Subsections a-b:** Philips provided an attachment that "lists the name of every single individual identified in Philips' supplemental log and which indicates, on a person-by-person basis, whether that individual is a "U.S. Attorney," "I.P. Counsel," or neither, as well [as] the

organization they are employed by (and an indication of whether that organization is a law firm)." Ltr. at 4. The Discovery Order requires this information to be *in* the log, not merely available to the opposing party. Moreover, the Discovery Order does not distinguish between attorneys and "other" when it comes to listing "job title or capacity" of the correspondents. Thus, Philips' failure to list the job title or capacity of each individual is insufficient.

**<u>Subsection c:</u>** Philips represents that the disputed privilege log "informed [Defendants] of the date that each withheld document was sent or drafted." Ltr. at 3. Defendants do not dispute that the log contains a single date for each document. However, the Discovery Order requires that it list both the date prepared and date transmitted, if those dates are different. If the dates of preparation and transmission are different, the privilege log must provide both dates. Accordingly, Philips must amend the log if the dates are different by adding separate columns for "date prepared" and "date sent/shared."

**<u>Subsection d:</u>** Philips does not dispute that its December 7 privilege log does not contain the title of the documents on the log, but instead only contains a "detailed description of Philips' claim of privilege identifying the specific basis of Philips' privilege claim, subject matter of the document and the purposes for which it was prepared or communicated." Ltr. at 4. This is not sufficient. The Discovery Order requires a title as well.

Philips provides numerous explanations for its failure to comply with the Discovery Order, none of which are persuasive. The Discovery Order was in place at the time Philips served the December 7 privilege log, so it was required to comply with its terms, regardless of when Philips responded to the underlying document requests. Any previous agreement of the parties or the failure of other parties to meet their obligations under the Discovery Order does not relieve Philips of the duty to comply. Moreover, Philips' purported substantial compliance with the Discovery Order, which confirms that compliance is only partial, is not enough. Philips must serve Defendants with an amended supplemental privilege log that complies with the Discovery Order within 14 days of this Order.

### B. Depositions

Philips requests an order that (1) extends the current 50-hour limit on third-party

depositions to 70 hours, and (2) requires all Defendants in the consolidated cases (Acer Inc., Acer America Corp., ASUSTek Computer, Inc., ASUS Computer International, YiFang USA, Inc., HTC Corporation, HTC America, Inc., Microsoft Corporation, and Microsoft Mobile, Inc.) to provide Philips with the opportunity to depose any party or third-party witness that Defendants rely on in expert reports or intend to rely on at trial who was not previously deposed. The 50-hour limit was set on September 15, 2016 when the Delaware court entered a joint proposed scheduling order (the "Scheduling Order") in which the parties agreed that "Plaintiffs and Defendants collectively shall each be permitted to take up to 50 hours of third-party depositions." Dkt. No. 49 at 12.

Philips must show that there is good cause to modify the agreement contained in the Scheduling Order. See Woodard v. City of Menlo Park, 2012 WL 2119278, at *1 (N.D. Cal. June 11, 2012); Fed. R. Civ. P. 16(b)(3)(B)(ii) (a scheduling order may "modify the extent of discovery" and changes to the scheduling order are only permitted upon a showing of good cause). "In assessing whether there is 'good cause' under Rule 16(b), the court 'primarily considers the diligence of the party seeking the amendment" and the "moving party's reasons for seeking modification." Woodard, 2012 WL 2119278, at *1 (internal citation omitted). "District courts have broad discretion to manage discovery and to control the course of litigation under Rule 16." Id. (citing Hunt v. Cnty. of Orange, 672 F.3d 606, 616 (9th Cir. 2012)).

Philips contends that its request for an additional 20 hours of non-party deposition time is necessary because, after the parties agreed to the 50-hour cap, Microsoft intervened in the case (in November 2016) and Defendants amended their initial disclosures to add 10 new witnesses from Google and 78 new third-party witnesses (all added by March 2018). Without the additional time requested, Philips argues that Defendants' extensive potential witness list places it in the difficult position of guessing which of those 78 potential non-party witnesses should be deposed. It argues that Defendants have created an unfair "needle in a haystack" situation that is unduly prejudice to Philips' attempts to effectively try this case. It is also for this reason that Philips argues it should be granted leave to depose any non-parties or parties that Defendants rely on in expert reports or intend to rely on at trial who was not previously deposed.

4

Philips does not grapple with the late timing of its request and whether it was diligently made, except to state that the deposition time limit was not ripe until the end of discovery because it is only now reaching the 50-hour limit. The parties dispute exactly how much time Philips has used. Defendants state that Philips has used 46 hours and 21 minutes, for an average of 1 hour and 35 minutes for each of the 25 non-party depositions taken so far. Philips represents that Defendants have claimed that Philips has used 44 hours and 32 minutes, although Philips disagrees with Defendants' inclusion of time spend cross-examining witnesses at depositions noticed by Defendants. Philips does not offer its own calculation of how much time it has exhausted of the 50 hours. Since the Court was not asked to rule on the exact amount of time Philips has used to date, it declines to do so. However, it will take this opportunity to clarify that the time Philips spent cross examining witnesses at depositions noticed by Defendants does not count toward the 50-hour limit.

Philips has not demonstrated diligence in obtaining resolution of this dispute. Philips had all of the facts about this potential issue at its disposal by March 2018, yet did not initiate meet and confer efforts with Defendants until July 2018. Both before and after July 2018, Philips abandoned at least two opportunities to raise this issue with the presiding judge during case management conferences. Philips also failed to avail itself of the procedures for bringing discovery disputes before the undersigned, who received the discovery referral for this case in June 2018. Instead, Philips only raises the issue after the close of fact discovery, seeking unilateral relief now that it is approaching the 50-hour cap. Philips was right to meet and confer with Defendants about the issue earlier this year, but once the parties reached an impasse it was incumbent upon Philips to seek relief from the Court in a timely manner. Philips has failed to do so by allowing nine months to pass from the time it learned of the issue to the time it brought its motion for relief.

Moreover, Philips does not make a persuasive case for the conclusion that it actually needs more time. It states that it needs the time because it has two non-party depositions in the near future, but it does not explain who the deponents are or why its remaining time under the 50-hour limit is insufficient. Presumably Philips also seeks the extra time to account for future depositions

5

of yet-identified non-parties that Defendants rely upon in their expert reports or intend to call at trial, but, as discussed below, the Court will not permit that relief, at least not on a blanket basis as requested. Philips also states that the 50 hours were not sufficient to depose all of the 78 non-party witnesses that Defendants identified, but the 50 hours it agreed to were likely not meant to accomplish the goal of deposing every potential non-party with information about this case. Therefore, Philips has not demonstrated diligence or good reasons for the modification on the time limit for non-party depositions.

Finally, Philips has requested leave to take depositions of any party or non-party witness that Defendants rely on in expert reports or intend to rely on at trial who was not previously deposed. Federal Rule 30 provides that "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) . . . if the parties have not stipulated to the deposition; and . . . the deposition would result in more than 10 depositions being taken . . . " Fed. R. Civ. P. 30(a)(2)(A)(i). Rule 26(b)(1) and (2) permit modifications of the discovery rules, so long as the modifications are in keeping with the Rules' requirement that discovery is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1) & (2). In most complex cases, the parties are compelled to make strategic choices about which individuals they will depose ahead of trial. Just as any other party, Philips has had the benefit of discovery to assist in identifying the individuals who it reasonably believes are material to Defendants' case. Philips offers no authority for its request or explains how the relief sought is proportional to the needs of the case and the Court denies the open-ended relief Philips seeks.

### C. Philips' Production of Revenue Information

Although the Court will resolve the parties' dispute over Acer and ASUS's motion to compel production of Philips' agreements with licensees at a hearing in the near future, the Court grants their request for an order permitting Philips to produce the agreed-upon revenue information past the January 4, 2019 fact discovery-off.

## III. CONCLUSION

For the reasons discussed above, the Court GRANTS ASUS and Acer's motion to compel Philips to produce a revised version of its December 7, 2018 supplemental privilege log. Within

6

14 days of this order, Philips shall serve an amended privilege log on ASUS and Acer that complies fully with the Discovery Order as set forth herein.

The Court DENIES Philips' request to extend the current 50-hour limit on non-party depositions, as well as Philips' blanket request for leave to take depositions of any non-parties or parties whom Defendants rely upon in their expert reports or intend to rely on at trial who have not been previously deposed.

The Court GRANTS the parties' request for leave allowing Philips to produce revenue information past the January 4, 2019 fact discovery cut-off.

**IT IS SO ORDERED.**

Dated: January 18, 2019

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge