# Exhibit 1

WARREN LEX LLP

2261 MARKET STREET NO. 606
SAN FRANCISCO CA 94114

TEL +1 (415) 895 2940
FAX +1 (415) 895 2964

January 23, 2019

**By Electronic Mail**

John Carlin
Venable LLP
1290 Avenue of the Americas
New York, New York, 10104-3800
philipsprosecutionbar@venable.com

**Re:    In re Koninklijke Philips Patent Litigation, No. 18-1885 (N.D. California)**

Dear Mr. Carlin:

I write to follow up on today's hearing before Judge Laporte regarding Philips' production of documents regarding its commercial relationships with its licensees.

As you know, Judge Laporte indicated that Philips' new proposal of today represented "a good start," but that the parties (or the Court) could not determine which production to agree on (or order) without more specific information regarding Philips' documents.  As a result, Judge Laporte ordered the parties to "make a plan" and "set the timing" for Philips to provide this information, and provide the Court with an update on "what it yields."

**1.     Licenses at Issue**

As an initial matter, there was some confusion at today's hearing regarding the precise set of licenses that Philips may argue to the jury in this matter.  At one point you referred to Philips' disclosure under Pat. L.R. 3-2, but at another point you indicated that Philips would argue to the jury licenses it had not disclosed under Pat. L.R. 3-2, including but apparently not limited to its recent license with Samsung, which Philips first produced in December 2018.

Reserving for now the question of whether we agree with Philips that its list is appropriate—a question we cannot answer until we have it—we should have a common understanding of Philips' view of that list.  Toward that end, Philips should provide by the end of the day tomorrow a list of the licenses that Philips may in its view argue to the jury, including for each the Bates range of the license as produced, the date of the agreement, and the licensee or licensees.  Since you are surely working on this information with your damages expert, we do not anticipate that this will present a problem for Philips; in the unlikely event that we are incorrect, please let us know why you believe you cannot provide this information.

John Carlin
January 23, 2019
Page 2

### 2. Philips' Databases

At today's hearing, you discussed for the first time two databases: the "IP&S Database," which you indicated includes only patent licenses, and the "Legal Contracts Sharepoint Database," which you indicated includes various other agreements, with a change affecting its contents that occurred in 2016. It was not totally clear at the hearing which documents Philips retains in the "Legal Contracts Sharepoint Database," and how that storage changed in 2016. We would therefore appreciate if you could provide, by the end of the day on Friday, an explanation of each of these databases including as detailed as possible an explanation of the documents Philips retained in each, as well as any variations over time in that retention.

### 3. Search Terms and Results

As you also recall, the Court at today's hearing suggested that Philips run initial searches across the two databases, so that the parties could understand the results of these searches and discuss how best to proceed in light of those results. Toward that end, we suggest that, by the end of the day on Monday in Europe, Philips provide its proposed search terms for each of the licenses it identified above, as well as the results output from each of the two databases in response to those search terms. Although that would not provide us with the documents indexed by those results, it would at least provide us additional information that we can use to further our efforts to meet and confer on this matter.

### 4. Meet-and-Confer Call

We suggest a call at 4:00 p.m. PST on Monday, January 28, 2019, to discuss these issues. During that call, we look forward to discussing the items above, as well as anything else you would like us to consider. Please let us know if you are not available at that time and, if so, propose an alternative time.

### 5. Report to the Court

Finally, as you know, the Court further suggested the parties provide an update next week regarding our mutual progress in this matter. In light of the schedule in this case, we do not think we can wait past Thursday, January 31 to provide that update. We look forward to working with you to provide an update no later than then.

We look forward to productive discussions on this issue, which we hope we can resolve without further intervention of the Court. Thank you for your continued time and courtesy in this matter.

Sincerely,

Erika Warren