# Exhibit 4

**WARREN LEX** LLP     2261 MARKET STREET NO. 606    TEL +1 (415) 895 2940
                       SAN FRANCISCO CA 94114        FAX +1 (415) 895 2964

January 29, 2019

**By Electronic Mail**

John Carlin
Robert Pickens
Venable LLP
1290 Avenue of the Americas
New York, New York, 10104-3800
philipsprosecutionbar@venable.com

**Re:    In re Koninklijke Philips Patent Litigation, No. 18-1885 (N.D. California)**

Dear Messrs. Carlin and Pickens:

I write to follow up on my letter of this past Wednesday, January 23, regarding Philips' production of documents regarding its commercial relationships with its licensees.

Following the Court's guidance that the parties continue to meet and confer with the benefit of further information from Philips, in my letter I requested that Philips provide various disclosures, starting last Thursday, January 24.  In an email on January 24, Mr. Pickens addressed only my first request, stating that, "While we cannot comply with your requested deadline, Philips expects to provide a disclosure that will satisfy your request tomorrow."  Since Friday, January 25 we've received numerous productions and "reproductions" of documents, as well as a purported "supplemental" disclosure under Pat. L.R. 3-2.  Unfortunately, Philips has yet to provide even the first, most basic, information that we requested:  the specific set of licenses that Philips intends to argue to the jury in this matter.

During the hearing, Philips stated that it had identified licenses with 22 counter-parties in its 3-2 disclosures, but that Philips intended to disclose other parties, regarding whom it claims it could not produce documents without authorization.  Setting aside our disagreement that this is a proper basis to withhold discovery, Philips said at the hearing that there are 27 (or, possibly, 28) additional licenses it intends to put at issue.  Again, setting aside whether Philips has properly disclosed these licenses in the course of discovery, we remain uncertain regarding the set of agreements Philips is even talking about, and grow concerned that Philips is itself uncertain which licenses it believes fall into this category.  Philips's various purported disclosures under Pat. L.R. 3-2 do not help; they identify only Bates ranges, many of which include more than one (or two, or three) licenses, some of which also appear to be duplicates.  Thus, while Philips represented at the hearing that it had previously identified licenses with 22 counter-parties, we cannot find documents from Philips' prior purported disclosures that match this number.  Nor does Philips' "supplemental" disclosure of this past Friday cure the confusion, as it again merely provides a list of Bates ranges that may or may not contain numerous, and in some cases duplicative, licenses.  By this stage of our discussions, Philips must know know what licenses it intends to rely on, and cannot keep hiding the ball.  Please provide us, by the end of the day today, a list of the

John Carlin
January 29, 2019
Page 2

licenses on which Philips asserts it can and will rely at trial, including for each the Bates range of the license as produced, the date of the agreement, and the licensee or licensees.

Philips has not provided any of the data requested in my letter of January 23, nor responded to our offer to meet and confer yesterday, Monday, January 28, nor otherwise responded to my letter at all.  This is deeply disappointing.  As you know, the Court has ordered ordered the parties to provide an update regarding our progress by tomorrow, Wednesday, January 30.  Docket No. 605.  Philips' delay in providing the requested information, and refusal to provide its availability to meet and confer, has crippled the parties' ability to meaningfully confer on these issues.

Please provide your availability to meet and confer today, Tuesday, January 29, so that we will at very least be able to provide the Court with an update in an orderly fashion.  Thank you for your continued time and courtesy in this matter.

Sincerely,

Erika Warren