Christina McCullough, Bar No. 245944
CMcCullough@perkinscoie.com
Theresa H. Nguyen, Bar No. 284581
RNguyen@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000

Chad S. Campbell, Bar No. 258723
CCampbell@perkinscoie.com
PERKINS COIE LLP
2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
Telephone: (602) 351-8000
Facsimile: (602) 648-7000

Patrick J. McKeever, Bar No. 268763
PMcKeever@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, CA 92130
Telephone: (858) 720-5700
Facsimile: (858) 720-5799

Tiffany P. Cunningham
TCunningham@perkinscoie.com
PERKINS COIE LLP
131 S. Dearborn Street, Suite 1700
Chicago, IL 60603
Telephone: (312) 324-8400
Facsimile: (312)324-9400

Sarah E. Stahnke, Bar No. 264838
SStahnke@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone: (650) 838-4300
Facsimile: (650) 838-4350

*Attorneys for Microsoft Corporation and Microsoft Mobile Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| In Re Koninklijke Philips Patent Litigation | Case No.: 4:18-cv-01885-HSG-EDL<br><br>JURY TRIAL DEMANDED<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**<br><br>Date: April 11, 2019<br>Time: 2:00 p.m.<br>Judge: Hon. Haywood S. Gilliam, Jr.<br>Courtroom: 2 |

Philips' opposition fails to rebut Defendants' showing that they diligently investigated Pocket Streets and Windows CE devices as prior art and that Philips will suffer no prejudice from Defendants' narrow proposed amendment. Philips argues that Defendants should have been looking for evidence specific to the Pocket Streets / Velo 1 combination from the outset. But that argument mistakenly assumes that Defendants knew that Pocket Streets was strong prior art when the case began, that an early version of Pocket Streets had been released in early 1997, or that Philips provided that version to its customers when they bought a Velo 1. Defendants learned those facts only by pursuing multiple investigative leads regarding Pocket Streets and compatible devices throughout the case and by purchasing Philips prior art products to obtain documents and information that Philips failed to produce in discovery. Given the narrow scope of Defendants' amendment and the fact that it relates to Philips' own product, Philips cannot credibly claim prejudice. Moreover, the Pocket Streets / Velo 1 combination is substantially similar to other Pocket Streets combinations that Defendants disclosed to Philips well over a year ago. Philips has already deposed Microsoft's fact witness about Pocket Streets 97 and inspected a Velo 1 running the program. The lengthy expert discovery phase of this case affords Philips more than enough time to analyze the minimal differences between the Velo 1 and the other Pocket Streets devices.

## I.  DEFENDANTS WERE DILIGENT

### A.  Defendants Diligently Investigated Pocket Streets and Windows CE Devices.

Defendants included claim charts for Pocket Streets and Windows CE devices in their original invalidity contentions served in September 2016. Dkt. No. 584 ("Mot.") at 1. Thereafter, Defendants thoroughly investigated the Pocket Streets prior art. Microsoft identified an employee, John-Michael Wiley, who had worked on Pocket Streets in the late 1990s. Microsoft amended its initial disclosures on Sept. 22, 2017 and identified Mr. Wiley as knowledgeable about Pocket Streets. McKeever Decl. ("McKeever-2 Decl.")[1] ¶ 2. On November 3, 2017, Microsoft produced a number of Pocket Streets-related documents including an early technical specification. *Id.* at ¶ 3.

---

[1] For clarity, Defendants will reference the earlier supporting declaration of Patrick J. McKeever (Dkt. No. 584-1) filed in support of the Motion as "McKeever-1" and the declaration filed in support of this Reply as "McKeever-2."

Defendants' investigation initially identified three versions of Pocket Streets that were released before the July 2000 priority date of the '564 patent: Pocket Streets 98, Pocket Streets 3.0, and Pocket Streets 2001. *Id.* at ¶ 4. These three versions were included with retail versions of Microsoft mapping applications for use with desktop and laptop PCs—Microsoft Expedia Streets 98, Microsoft Expedia Streets & Trips 2000, and Microsoft Streets & Trips 2001, respectively. *Id.* at ¶ 5. As discussed below, Defendants developed and charted obviousness combinations that included Pocket Streets 98 and Pocket Streets 2001.[2]

Defendants also diligently investigated prior art Windows CE devices. Dozens of Windows CE devices were released before the July 2000 priority date of the '564 patent. *Id.* at ¶ 7. There were two major categories of Windows CE devices: Handheld PCs and Palm-Size PCs. The devices within each category were quite similar even though they were made by different OEMs (*e.g.*, HP, Casio, LG, Philips). *See, e.g., id.*, Ex. N (describing "base product specification" for first generation Handheld PCs); *id.*, Ex. O (describing features common to Palm-Size PCs). Defendants investigated the Handheld PC category of devices and ultimately focused on a Hitachi device, the HPW-600ETM, on which Defendants successfully installed and ran Pocket Streets 2001. Defendants also investigated the Palm-Size PC devices and ultimately focused on the Philips Nino, on which Defendants successfully installed and ran Pocket Streets 98. Defendants amended their invalidity contentions on Nov. 3, 2017 and provided claim charts for the Pocket Streets / Hitachi and Pocket Streets / Nino combinations. McKeever-1 ¶¶ 28-29.

Although Defendants were diligent in investigating and testing Pocket Streets and the Windows CE devices, Defendants did not discover that a *fourth* prior art version of Pocket Streets had been released and packaged with the Philips Velo 1. But that was not for lack of inquiry or investigative effort. First, unlike the three versions mentioned above, Pocket Streets 97 was not included with the 1997 edition of Microsoft's desktop mapping software. McKeever-1 ¶ 19. Second, whereas Defendants were able to find archived Microsoft web pages discussing the later

---

[2] Defendants did successfully install and run Pocket Streets 3.0 on the Philips Nino. McKeever-2 ¶ 6. However, Defendants elected to use Pocket Streets 98 rather than Pocket Streets 3.0 in combination with the Nino because there did not appear to be any differences in the zoom functionality between the two versions. *Id.*

versions of Pocket Streets, no similar web pages referenced the 1997 version. *Id.* Third, although Microsoft located a file archive with several versions of Pocket Streets, the archive did not include the 1997 version. *Id.*

Defendants also encountered obstacles investigating the Philips Velo 1 device itself. First, Philips failed to provide substantive responses to Defendants' discovery requests. Mot. at 2. Philips did not even identify the Velo 1 as a product sold by Philips that included a touch screen or ran a version of the Windows operating system. McKeever-1 Decl., Ex. F (Dkt. 584-7) at pgs. 12-14 (responding to Interrogatory Nos. 5 & 6). Second, there was very little information about the Velo 1 available online. Philips' current website contains no information about the Velo 1 and no archived version of the site is available through the Internet Archive. McKeever-2 ¶ 10. Although Defendants managed to find one Velo-related manual online, which they used during a March 2017 deposition, that manual focused almost entirely on how to upgrade a Philips Velo 1 to Windows CE 2.0 and provides very little information about the Velo 1 device itself.[3] In contrast, the 200+ page "Velo 1 User's Guide" that describes all the features and capabilities of the device, including its support for cellular modems,[4] was only obtained recently through purchase of the actual Velo 1 device from a third party in late September 2018.

Philips faults Defendants for not acquiring a Philips Velo 1 earlier, but fails to explain how Defendants should have known to do so. Dkt. No. 607 ("Opp.") at 7. It would not have been practical to acquire every single Windows CE device released between 1996 and July 2000. Defendants investigated the Handheld PC category of devices and, based on the information available at the time, made a reasonable decision to focus on the Hitachi as representative. The Hitachi was a third generation Handheld PC that Defendants suspected and then confirmed was compatible with Pocket Streets. The Velo 1, on the other hand, was one of the earlier, first generation Handheld PCs that Defendants did not believe were compatible with Pocket Streets. Defendants investigated the early Handheld PCs and acquired one, an HP 320LX, back in October

---

[3] Although the manual does mention something about installing Pocket Streets in connection with the Windows CE Services 2.0 CD-ROM, that CD-ROM includes Pocket Streets 98, not Pocket Streets 97. McKeever-2 ¶ 11.

[4] *See* McKeever-2 Decl., Ex. R at pgs. iii - x (table of contents).

DEFENDANTS' REPLY ISO MOT. FOR LEAVE TO AMEND INV. CONTENTIONS     3     CASE NO. 18-CV-01885-HSG-EDL

2017. McKeever-2 ¶ 12. (Compared to the Velo 1, the HP device was easier to purchase, had more information available online about its design and operation, and had a PC card slot that would fit a wireless PC card.[5] *Id.*) The HP device did not come with a copy of Pocket Streets, however, and Defendants were unable to install the later versions of Pocket Streets on the device. *Id.* at ¶ 13. Given the number of patents-in-suit in this case and the fact that Defendants had Pocket Streets running on a different Handheld PC (the Hitachi), there was no reason to prioritize further investigation of additional first generation Handheld PCs such as the Velo 1. *See, e.g., Karl-Storz Endoscopy-America, Inc. v. Stryker Corp.*, No. 14-cv-00776-RS (JSC), 2016 WL 2855260, at *5 (N.D. Cal. May 13, 2016) ("[G]iven the scope of the prior art search that [plaintiff's] infringement contentions required, [defendant] cannot reasonably have been expected to pick up every last crumb dropped by the more than 500 references it cited.").

### B. Philips' Cited Documents Do Not Demonstrate a Lack of Diligence.

Mixing hindsight with mischaracterization, Philips claims that Defendants could not have been diligent because Microsoft had in its possession a few old documents that indicate Pocket Streets 97 was compatible with the Velo 1. But none of these documents even mentions Pocket Streets 97.

First, Philips references a 1997 press release it claims "tout[s] the ability to use Pocket Streets 1997 on a Velo 1." Opp. at 6. The press release, titled "Handheld PC Users Stay Connected," describes various ways in which four individuals are using their Handheld PCs. Dkt. 607-3. It mentions that one Velo 1 user "downloaded Microsoft Pocket Streets from the Microsoft Windows CE Web site." *Id*. Contrary to Philips' characterization, the press release does not mention "Pocket Streets 97" and was issued months after the release of Pocket Streets 98. *See* McKeever-2 Decl., Ex. P.

Second, Philips cites a February 1997 press release that refers to "Pocket *Automap* Streets." Dkt. 607-4 ("Starting today, Microsoft Corp. will offer its new Microsoft Pocket Automap Streets

---

[5] The Velo 1, on the other hand, did not *appear* to have a PC card slot. Later, however, Defendants would learn that the Velo 1 did support PC cards via a snap-on accessory. *See, e.g.*, McKeever-1 Decl., Ex. K at pg. 183 (describing accessory for use with PC cards).

travel series software free for downloading to anyone using the new Windows CE operating system (connect-time charges apply)."). Defendants' and Microsoft's "Pocket Streets" searches did not return this document because it refers to the program under a different name. Microsoft only found this document in December by searching for "Pocket Automap Streets" after seeing that name was used on the version of Pocket Streets that came with the Velo 1. McKeever-2 ¶ 15.

Third, Philips cites purported "user feedback studies related to Pocket Streets 1997 on the Velo 1" (Opp. at 6), but the cited document contains nothing of the sort. It collects market research in the wake of the 1998 launch of *Palm-Size PC* devices. Dkt. Nos. 610-4, 610-5. As discussed above, Handheld PCs and Palm-Size PCs were different categories of Windows CE devices. *See, e.g.,* McKeever-2 Decl., Ex. Q at pgs. xiii - xv. The Velo 1 was not a Palm-Size PC launched in 1998; it was a Handheld PC released in early 1997. *See, e.g., id.*, Ex. R (Velo 1 User's Guide) at pg. xi ("The Philips Velo 1 is a handheld PC (HPC), a new kind of computer that you can carry with you and use almost anywhere."). Accordingly, the statement that Palm-Size PCs came with Pocket Streets does not establish the same to be true for the Velo 1. Philips is also mistaken in suggesting that the document mentions "Pocket Streets 1997" or mentions any version of Pocket Streets running on a Velo 1.

Further, even if the cited documents were as relevant as Philips touts, "perfect diligence" is not the standard. *Karl-Storz*, 2016 WL 2855260 at *5 ("Ultimately, the 'good cause requirement' does not require perfect diligence.'") (quoting *Fujifilm Corp. v. Motorola Mobility, LLC*, No. 12-cv-03587-WHO, 2014 WL 491745, at *4 (N.D. Cal. Feb. 5, 2014)). "Although hindsight is often '20/20,' identifying and evaluating prior art can be difficult, and new information learned in discovery can lead a party to understandably reevaluate evidence found earlier." *Karl-Storz*, 2016 WL 2855260 at *5 (quoting *Fujifilm*, 2014 WL 491745 at *4). Microsoft's technical "possession" of a few relevant documents does not negate Defendants' diligent investigation. In *Netflix, Inc. v. Rovi Corp.*, for example, a court in this District allowed Netflix to supplement its invalidity contentions to add its own prior art source code. No. 11-cv-06591-PJM (DMR), 2015 WL 3504969, *2 (June 2, 2015) (The supplement "includes citations to Netflix's source code from 2004."). Just as with Pocket Streets here, Netflix had identified the Netflix website as prior art

early in the case but then encountered challenges obtaining details and evidence given the passage of time and departures of employees who had worked on it. *Id.* at *2-3. Despite Netflix having its old source code in its possession from the start of the case, the court found Netflix was diligent in view of the challenges investigating and tracking down the old source code. *Id.* at *4 ("[I]n this case Netflix has provided a detailed account of its difficulties in finding evidence that illustrates how a currently-active website functioned a decade ago."). Similarly here, Microsoft's possession of a few documents should not negate its diligent investigation of Pocket Streets and Windows CE devices. Indeed, Microsoft had to overcome greater challenges here since it never located a copy of Pocket Streets 1997 in its own possession and Defendants obtained a copy only by acquiring old Philips Velo 1 devices.

## II. THE RELEVANCE OF THE PRIOR ART, THE MASSIVE SCOPE OF THE CASE, AND PHILIPS FAILURE TO PRODUCE RESPONSIVE DISCOVERY FURTHER SUPPORT A FINDING OF GOOD CAUSE

Philips claims that Defendants failed to make an affirmative showing that the Pocket Streets / Velo 1 combination is uniquely strong. Opp. at 11. Philips is wrong. The Motion highlighted two specific ways in which the Pocket Streets / Velo 1 combination is especially relevant even in comparison with the other Pocket Streets combinations. Mot. at 6. First, for the Nino and Hitachi combinations, Philips disputes whether it would have been obvious to run Pocket Streets on the devices.[6] But Philips will be hard pressed to take that position on the Velo 1 combination given Philips itself packaged Pocket Streets with, and promoted its use on the Velo 1. Second, that Philips itself promoted use of the Velo 1 with a "cellular modem" undercuts its' ability to dispute the "wireless modem" limitation for the Velo 1 combination in the way it does for the Nino and Hitachi combinations.[7]

Courts in this District have further cited the size and complexity of a case as a factor to consider in determining whether a party was diligent in searching for prior art. *See, e.g.*, *Karl-*

---

[6] *See* McKeever-2 Decl., Ex. S at pg. 493 (disputing that POSA would have combined Pocket Streets 98 with the Nino); *id.* at pg. 497 (disputing that POSA would have combined Pocket Streets 2001 with the Hitachi).

[7] *See* McKeever-2 Decl., Ex. S at pg. 491-492 (repeatedly arguing that Nino includes "at most an infrared communications port, which is not a wireless modem"); *id.* at pg. 495-496 (repeating same arguments with respect to Hitachi).

*Storz*, 2016 WL 2855260 at *5 (five patent case).  Without citing any authority, Philips suggests that the Court should disregard that 11 patents are asserted in this case because Defendants have many attorneys and can pool attorney resources and share the invalidity workload.  Opp. at 10.  Among other flaws, this argument ignores that different Defendants in this case will prioritize different invalidity defenses—the estoppel landscape, for example, is different for each Defendant—and it further ignores that each Defendant party has the right to rely on the attorneys they retained, and that will represent them at trial, to develop their distinct invalidity defenses.

      Philips also argues that the massive scope of this case is irrelevant because Defendants failed to describe in their Motion all the prior art searching they performed.  Opp. at 10-11.  Given the very narrow scope of the proposed amendment, it was unnecessary to catalog and present evidence regarding all the prior art searching performed across the 11 patents-in-suit.  Rather, Defendants have focused on the prior art searching that was relevant to the Pocket Streets / Velo combination at issue for this Motion.  Regardless, Philips' own opposition estimates that Defendants have "charted 180 different alleged prior art references." *Id.* at 13.  Clearly, Defendants have devoted extraordinary time and effort to prior art searching in this case.

      Defendants' Motion noted that Philips did not provide meaningful discovery on the Velo 1.  Philips argues that Defendants' discovery requests are irrelevant because they were not specifically directed to whether Pocket Streets 97 was provided with the Velo 1.  Opp. at 8-9.  Philips' argument does not withstand scrutiny.  Had Philips simply produced the Velo 1 User's Guide or Accessories Catalog, both of which tout use of the device with a cellular modem, Defendants would have known to pursue the Velo 1 sooner.  Philips also makes the dubious claim that it simply has no information about the Velo to produce because the product is old.  Yet Philips consistently highlights the Velo to show it was an "Innovator in Portable Devices" in its licensing-related presentations:



McKeever-2 Decl.,¶ 19, Ex. T. It appears that Philips is simply trying to make it difficult for Defendants to use Philips' own devices as prior art.

### III. DEFENDANTS' NARROW AMENDMENT WILL NOT PREJUDICE PHILIPS

Defendants' proposed amendment introduces only one new reference, the Philips Velo 1, and one quasi-new reference, Pocket Streets 1997, to a case that involves legions of prior art references across 11 patents-in-suit. Moreover, the Velo 1 / Pocket Streets combination is substantially similar to the other Pocket Streets device combinations. The touch-to-zoom functionality at the heart of the '564 patent claims is no different in the Pocket Streets / Velo combination than it is in the other Pocket Streets combinations. The primary difference between the Velo 1 and the other Pocket Streets devices is that Philips is already on record touting use of the Velo 1 with a cellular modem.

Exaggerating the scope of the proposed amendment, Philips' asserts that it includes "six brand new obviousness theories involving five new references." Opp. at 2; *see also id.* at 13. To the contrary, the only references in the claim chart that are arguably "new" are the Velo 1 and Pocket Streets 97. Although the claim chart does include additional secondary references for some of the dependent claims (*e.g.*, Brooks, Priestman), none of those references are new or used differently here than they were used in other Pocket Streets combinations.

     The addition of the Velo 1 will not require Philips to take "significant fact discovery." Defendants have already obtained and produced the Velo 1 product literature. Defendants also obtained a working Velo 1 device that Philips has already inspected. And the Velo 1 is a *Philips device*. Notably, Philips chose not to take any fact discovery at all about two other Philips products Defendants charted as prior art to the '564 patent: (1) the Philips Nino, and (2) the Philips Pronto, despite having more than a year to do so.

     The only fact discovery Philips specifically mentions is a possible deposition of a Microsoft employee, Ken Kiesow. Opp. at 12-13. But Mr. Kiesow has nothing to do with the Pocket Streets / Velo 1 combination. Microsoft identified Mr. Kiesow as knowledgeable regarding "Windows CE Services," a suite of software that was provided with devices running Windows CE 2.0 and above, *e.g.*, the Philips Nino and Hitachi devices. First generation Handheld PC products such as the Velo 1 predated Windows CE Services. Philips provided Pocket Streets 97 on a *Philips-branded CD-ROM*, not as a component of Windows CE Services. McKeever-1 Decl., ¶¶ 15-19. Accordingly, no deposition of Mr. Kiesow would be relevant for the Pocket Streets / Velo 1 combination.

     Philips also claims it will be required to investigate differences between Pocket Streets 97 and the later versions and differences between Windows CE 1.0 and later versions. But Defendants provided Philips with a claim chart for the Pocket Streets / Velo 1 combination in December. If there were significant differences based on the Pocket Streets version or Windows CE version, Philips surely would have called those out in its opposition. Clearly determined to identify some distinction, Philips mentions that Pocket Streets 97 does not support the "pushpins" feature found in the later versions. Opp. at 13. But this distinction makes analyzing the Pocket Streets / Velo 1 combination *easier*, *not harder*. Whereas Defendants rely both on (i) predefined points of interest (*e.g.*, restaurants, hotels) and (ii) user-created "pushpins" for the other Pocket Streets combinations,[8] Defendants rely only on the former for the Pocket Streets / Velo 1 combination.

     Philips also claims it will need to test and investigate the modem capabilities of the Velo 1. But Philips neither explains what modem capabilities it will need to investigate nor why. Its own

---

[8] *See, e.g.*, McKeever-1 Ex. M (Dkt. 584-14) at pg. 31 ("Once zoomed in, the user can select a feature (*e.g.*, a point of interest or a pushpin).").

1  product literature states repeatedly that the Velo 1 can be used with PC card-based cellular modems:



12  McKeever-1 Ex. K (Dkt. 584-12) at pg. 183 (top left), pg. 187 (bottom left); McKeever-2 Ex. U (right). Nor can it be said that PC card modems are new to the case. In the other Pocket Streets charts, Defendants argued that PC card wireless modems were well known. *See, e.g.*, McKeever-1 Ex. M (Dkt. 584-14) at pgs. 8-16 (discussing PC card-based wireless modems). Moreover, although Philips inspected the Nino and Hitachi devices, it never requested an opportunity to perform testing of the wireless modem capabilities of those devices. McKeever-2 ¶ 21.

Philips and its technical expert have plenty of time to investigate any minor distinctions between the Pocket Streets / Velo 1 combination and the other Pocket Streets device combinations. Opening expert reports are due on March 14, 2019 and rebuttal expert reports are not due until May 16, 2019. Thus, Philips will have two full months even after receiving Defendants' opening expert report to perform testing and analysis on the Velo 1.

### IV. CONCLUSION

For the reasons discussed in their Motion and in this Reply, Defendants respectfully request that the Court grant their Motion for leave to amend their invalidity contentions.

DATED: February 8, 2019

| /s/ Patrick J. McKeever | /s/ Aaron Mauer |
|---|---|
| Christina McCullough, Bar No. 245944<br>CMcCullough@perkinscoie.com<br>Theresa H. Nguyen, Bar No. 284581<br>RNguyen@perkinscoie.com<br>Perkins Coie LLP<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101-3099<br>Telephone: (206) 359-8000<br>Facsimile: (206) 359-9000<br><br>Chad S. Campbell, Bar No. 258723<br>CCampbell@perkinscoie.com<br>PERKINS COIE LLP<br>2901 N. Central Avenue, Suite 2000<br>Phoenix, AZ 85012-2788<br>Telephone: (602) 351-8000<br>Facsimile: (602) 648-7000<br><br>Patrick J. McKeever, Bar No. 268763<br>PMcKeever@perkinscoie.com<br>PERKINS COIE LLP<br>11452 El Camino Real, Suite 300<br>San Diego, CA 92130<br>Telephone: (858) 720-5700<br>Facsimile: (858) 720-5799<br><br>Tiffany P. Cunningham<br>TCunningham@perkinscoie.com<br>PERKINS COIE LLP<br>131 S. Dearborn Street, Suite 1700<br>Chicago, IL 60603<br>Telephone: (312) 324-8400<br>Facsimile: (312)324-9400<br><br>Sarah E. Stahnke, Bar No. 264838<br>SStahnke@perkinscoie.com<br>PERKINS COIE LLP<br>3150 Porter Drive<br>Palo Alto, CA 94304<br>Telephone: (650) 838-4300<br>Facsimile: (650) 838-4350<br><br>*Attorneys for Microsoft Corporation and Microsoft Mobile Inc.* | Matthew S. Warren (Bar No. 230565)<br>Patrick M. Shields (Bar No. 204739)<br>Erika H. Warren (Bar No. 295570)<br>Amy M. Bailey (Bar No. 313151)<br>WARREN LEX LLP<br>San Francisco, California, 94110<br>+1 (415) 895-2940<br>+1 (415) 895-2964 facsimile<br>18-1885@cases.warrenlex.com<br><br>Bruce Genderson *(pro hac vice)*<br>Kevin Hardy *(pro hac vice)*<br>Aaron Maurer *(pro hac vice)*<br>David Krinsky *(pro hac vice)*<br>Andrew Trask *(pro hac vice)*<br>Kyle Thomason *(pro hac vice)*<br>Christopher A. Suarez *(pro hac vice)*<br>WILLIAMS & CONNOLLY LLP<br>725 TWELFTH STREET, N.W.<br>Washington, D.C., 20005<br>+1 (202) 434-5000<br>+1 (202) 434-5029 facsimile<br>viceroy@wc.com<br><br>*Attorneys for Defendants Acer, Inc., Acer America Corp., ASUSTeK Computer Inc., and ASUS Computer International*<br><br>Kai Tseng (Bar No. 193756)<br>Hsiang ("James") H. Lin (Bar No. 241472)<br>*Attorneys for Defendants Acer, Inc. and Acer America Corporation*<br><br><br>Michael J. Newton (Bar No. 156225)<br>Sang (Michael) Lee *(pro hac vice)*<br>ALSTON & BIRD LLP<br>2200 Ross Avenue, Suite 2300<br>Dallas, Texas, 75201<br>+1 (214) 922-3400<br>+1 (214) 922-3899 facsimile<br>asus-philips@alston.com |

DEFENDANTS' REPLY ISO MOT. FOR LEAVE TO AMEND INV. CONTENTIONS — 11 — CASE NO. 18-CV-01885-HSG-EDL

| | |
|---|---|
| /s/ Ryan McBrayer<br>John Schnurer (Bar No. 185725)<br>Kevin Patariu (Bar No. 256755)<br>Ryan Hawkins (Bar No. 256146)<br>Louise Lu (Bar No. 256146)<br>Vinay Sathe (Bar No. 256146)<br>PERKINS COIE LLP<br>11425 El Camino Real, Suite 350<br>San Diego, California, 92130<br>+1 (858) 720-5700<br>+1 (858) 720-5799 facsimile<br><br>Ryan McBrayer (*pro hac vice*)<br>Jonathan Putman (*pro hac vice*)<br>Antoine McNamara (Bar No. 261980)<br>Stevan Stark (*pro hac vice* to be filed)<br>PERKINS COIE LLP 1201 Third Avenue,<br>Suite 4900 Seattle, Washington, 98101<br>+1 (206) 359-8000<br>+1 (206) 359-9000 facsimile<br>htc-philipsperkinsservice@perkinscoie.com<br><br>*Attorneys for Defendants HTC Corp. and HTC America, Inc.* | *Attorneys for Defendants ASUSTeK Computer Inc. and ASUS Computer International*<br><br>/s/ Lucian C. Chen<br>Lucian C. Chen (*pro hac vice*)<br>Wing K. Chiu (*pro hac vice*)<br>LUCIAN C. CHEN, ESQ. PLLC<br>One Grand Central Place<br>60 East 42nd Street, Suite 4600<br>New York, New York, 10165<br>+1 (212) 710-3007<br>+1 (212) 501-2004 facsimile<br>lucianchen@lcclegal.com<br><br>Michael Song (Bar No. 243675)<br>LTL ATTORNEYS LLP<br>300 South Grand Avenue, 14th Floor<br>Los Angeles, California, 90071<br>+1 (213) 612-8900<br>+1 (213) 612-3773 facsimile<br>michael.song@ltlattorneys.com<br><br>*Attorneys for Defendant YiFang USA, Inc. D/B/A E-Fun, Inc.* |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 8, 2019, a true and correct copy of the foregoing was served on all interested parties via electronic mail pursuant to Civil Local Rule 5-1(h).

           */s/ Patrick J. McKeever*
           Patrick J. McKeever

**ATTESTATION UNDER CIVIL L.R. 5-1(i)(3)**

The signing counsel above have authorized me to execute this document on their behalf,.

           */s/ Patrick J. McKeever*
           Patrick J. McKeever