UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ACER INC., et al.,<br><br>Defendants. | Case No. 18-cv-01885-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS**<br><br>Re: Dkt. No. 542 |

Pending before the Court is Plaintiffs' motion for leave to amend their infringement contentions. Dkt. No. 542[1] ("Mot."). The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the following reasons, the Court GRANTS IN PART and DENIES IN PART the motion.

## I.    BACKGROUND

In December 2015, Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corp. sued defendants Acer Inc. and Acer America Corp. ("Acer"), ASUSTeK Computer Inc. and ASUS Computer International ("ASUS"), HTC Corp and HTC America, Inc. ("HTC"), Visual Land, Inc. ("Visual Land"), Double Power Technology, Inc. ("Double Power"), and YiFang USA, Inc. d/b/a/ E-Fun Inc. ("YiFang"), alleging patent infringement involving eleven patents in the District of Delaware. Dkt. No. 1. In November 2016, Microsoft intervened in the actions against Acer, ASUS, Visual Land, Double Power[2], and YiFang. Dkt. No. 69. Philips then counterclaimed against Microsoft for infringement of nine of the patents-in-suit. Dkt. No. 86.

All cases were transferred to this district on March 27, 2018. Dkt. No. 367. On September

---

[1] Plaintiffs filed an unredacted version of the motion under seal, located at Docket Number 538-4.
[2] Double Power and all other defendants in the Double Power action other than Microsoft were voluntarily dismissed on June 19, 2018.

24, 2018, the Court consolidated the actions for all pre-trial purposes. Dkt. No. 487. At the subsequent case management conference on October 2, 2018, the parties discussed conforming the infringement and invalidity contentions originally served in Delaware to the Northern District of California Patent Local Rules. *See* Dkt. No. 520. The Court directed the parties to submit a proposed schedule including dates in November 2018 to file conformed contentions. *Id.* On October 31, 2018, the parties stipulated to a briefing schedule for Plaintiffs' motion for leave to amend their infringement contentions, filed concurrently with Plaintiffs' currently-pending motion. Dkt. No. 524.

## II. LEGAL STANDARD

The Patent Local Rules seek to "balance the right to develop new information in discovery with the need for certainty as to the legal theories." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). Accordingly, under Patent Local Rule 3-6, amendment to infringement contentions "may be made only by order of the Court upon a timely showing of good cause." In determining whether good cause exists, the Court considers (1) whether the moving party was diligent in moving to amend its contentions and (2) whether the non-moving party would suffer prejudice if leave to amend were granted. *Vasudevan Software, Inc. v. Int'l Bus. Machines Corp.*, No. C09-05897 RS HRL, 2011 WL 940263, at *1 (N.D. Cal. Feb. 18, 2011).

"The party seeking to amend its contentions bears the burden of establishing diligence." *Vasudevan Software, Inc.*, 2011 WL 940263, at *1 (quotations and citations omitted). The moving party must establish diligence in two distinct phases: "(1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered." *Positive Techs., Inc. v. Sony Elecs., Inc.*, No. C 11-2226 SI, 2013 WL 322556, at *2 (N.D. Cal. Jan. 28, 2013). However, good cause "does not require perfect diligence." *Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-CV-03587-WHO, 2014 WL 491745, at *4 (N.D. Cal. Feb. 5, 2014).

## III. DISCUSSION

The parties disagree repeatedly, and vehemently, about the basic facts of what happened in

this case prior to its transfer from Delaware. The Court is surprised to be confronted with these sorts of disputes, and reiterates that it has no interest in perpetual relitigation of the pre-transfer proceedings. The Court's focus is on bringing this matter to a prompt conclusion, by trial or settlement, going forward.

### A. February 2, 2018 Contentions

On June 20, 2017, Judge Sleet presided over a hearing in which the parties addressed future amendments to infringement and invalidity contentions. Dkt. No. 535-2. During that hearing, Judge Sleet established the standard under which he would evaluate supplemental contentions made by either party prior to final contentions:

> MR. CARLIN: I am understanding that Your Honor has made clear that if we are going to take this approach, that each side is going to supplement their affirmative contentions on the issues they bear the burden of proof on, it will not be the final contentions, it is not binding, except to the extent somebody acts in bad faith.
> THE COURT: So ordered.

Dkt. No. 535-2 at 35:1–7. Later, when counsel for Defendant Acer asked about the difference between bad faith and lack of diligence, the Judge Sleet clarified:

> THE COURT: I accepted from the amendment that diligence should be a part of the calculus for the Court.

*Id.* at 41:17–18. Later in the hearing, the following exchange took place:

> I think Your Honor has said we are bound by diligence and we are bound by good faith. So I accept that completely. But I want to make sure that it is a hundred-percent clear that the rules of diligence and good faith apply equally to the infringement contentions, the invalidity contentions, the noninfringement contentions, and the validity contentions.
> THE COURT: It applies over the dam and under the bridge, absolutely.

*Id.* at 56:25–57:9. On December 11, 2017, Judge Sleet ordered that final binding infringement contentions be served on or before February 2, 2018. Dkt. No. 303.

Defendant contends that the final contentions Plaintiffs served improperly added accused

products. Dkt. No. 559[3] ("Opp.") at 1–4. Defendant contends that Plaintiffs were not diligent in adding hundreds of "publicly-known and available" products to the list of accused products prior to serving their final contentions. *Id.* at 4.

At the June 2017 hearing, Judge Sleet clearly set a "bad faith" standard for supplemental amendments. Dkt. No. 535-2 at 35:1–7. Judge Sleet also decided to take into account diligence in his bad faith analysis. *Id.* at 41:17–18.

Defendants do not allege that Plaintiffs have acted in bad faith in their amendments prior to and including their final contentions, and the Court finds no evidence of bad faith in Plaintiffs' amendments up to and including the February 2018 final contentions. Defendants object to these amendments to the extent that Plaintiffs added accused products to the case. Opp. at 4. But Defendants were made aware of the potential scope of the case years prior to Plaintiffs' amendments. Plaintiffs originally requested the model number of each accused product from Defendants in an October 2016 interrogatory. *See, e.g.,* Dkt. No. 538-6 ¶ 9 (HTC); Dkt. No. 531 ¶ 9 (Acer); Mot. at 5–6. To the extent Plaintiffs arguably could have been more diligent in their search for accused products, that lack of diligence does not rise to the level of bad faith. Therefore, the Court finds that the final contentions served on Feb. 2, 2018 prior to the transfer to this district were proper, and evaluates the remaining amendments under the Northern District standard articulated above in Section II.

**B. Proposed Amendments**

Plaintiffs request leave to make the following amendments to their final infringement contentions:

> 1. To amend the Pat. L.R. Rule 3-1(b) list of accused products as follows:
>
>> a. For Microsoft, to include four recently released Surface products
>> b. For ASUS and Acer, to provide updated accused products lists that have the same level of detail as the sales spreadsheets that these parties produced between January and June 2018 and that include all products identified in those sales spreadsheets or from other sources to the extent not already individually listed by name.

---

[3] Plaintiffs filed an unredacted version of the motion under seal, located at Docket Number 558-2.

2. For HTC, Acer and ASUS to amend the Pat. L.R. 3-1(c) claim charts to include additional details culled from a large volume of confidential information (including source code) produced both by Defendants and by relevant third parties either very shortly before Philips served its February ICs in Delaware or in the time since.

3. For HTC, Acer, and ASUS, to modify the description of one Pat. L.R. 3-1(c) infringement theory for one of the patents-in-suit (U.S. Patent No. 7,529,806) in light of source code and deposition testimony recently provided by Google, a non-party to this case.

4. For Microsoft, to amend the Pat. L.R. 3-1(c) claim charts to include what the local rules require and in light of late-produced source code and depositions.

5. For Microsoft, to amend the Pat. L.R. 3-1(e) disclosures to include additional doctrine of equivalents ("DOE") disclosures that were not included in Philips' Delaware ICs, recognizing that Pat. L.R. 3-1(e) explicitly requires an identification of the terms Philips contends infringe under DOE.

Mot. at 1–2.[4]

### i. Recently Released Products

Defendants do not object to the inclusion of recently released products. *See* Opp. at 2. "Courts of the Northern District of California have found good cause for leave to amend when the defendant released new products, so long as the plaintiff acted diligently in seeking leave to amend." *Apple Inc. v. Samsung Elecs. Co.*, No. CV 12-00630 LHK, 2012 WL 5632618, at *2 (N.D. Cal. Nov. 15, 2012). The Court finds that Plaintiffs have shown good cause and GRANTS the unopposed request to amend and add recently released products.

### ii. Amendments Due to Error

Plaintiffs seek to amend their infringement contentions as to Microsoft products in order to allege that certain claim limitations in the '913, '387, '064, and '806 patents are infringed under the doctrine of equivalents. *See* Mot. at 19–20. Plaintiffs concede that these amendments are requested to correct a "copy/paste error." *Id.* At 19 n.19. Defendants contend that Plaintiffs have not demonstrated diligence in finding and correcting this error. Opp. at 16–18.

Generally, "[c]arelessness or mere errors . . . are insufficient to establish good cause." *See*

---

[4] Defendants do not address in their papers several categories of proposed amendments. The Court deems any opposition to proposed amendments not addressed in Defendants' papers to be waived. *See Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1020 (9th Cir. 2011).

*Berger v. Rossignol Ski Co.*, No. C 05-02523 CRB, 2006 WL 1095914, at *5 (N.D. Cal. Apr. 25, 2006), *aff'd*, 214 F. App'x 981 (Fed. Cir. 2007) (citing *Johnson v. Mammoth Recreations,* 975 F.2d 604, 609 (9th Cir.1992)). However, "even if the movant was arguably not diligent, the court may still grant leave to amend. Courts have allowed amendments when the movant made an honest mistake, the request to amend did not appear to be motivated by gamesmanship, or where there was still ample time left in discovery." *Apple v. Samsung*, 2012 WL 5632618 at *5. "When the parties are not shifting their theories or acting late in discovery, the Patent Local Rules do not stand for the proposition that a party must inevitably be punished, by loss of a claim, for a genuine mistake at an early stage of litigation which can be remedied without prejudice to any party." *WhatsApp Inc. v. Intercarrier Commc'ns, LLC*, No. 13-cv-04272-JST, Dkt. No. 81 (N.D. Cal. Sept. 3, 2014) at 5.

Here, Plaintiffs moved to amend and correct their error based on the schedule stipulated by the parties after the case was transferred. On March 28, 2018, one day after transfer to this district, Defendants corresponded with Plaintiffs and requested to "pause all proceedings until the new Court can hold a case management conference." Dkt. No. 544-16. On June 26, 2018, at the first case management conference following transfer, the Court advised Plaintiffs that a motion for leave would need to be filed and approved before Plaintiffs could make substantive changes to their contentions. Dkt. No. 430.

Given that Defendants requested a pause in proceedings and eventually stipulated to the filing date for amended contentions, the Court finds that Plaintiffs have demonstrated good cause to amend and correct their doctrine of equivalents arguments with respect to Microsoft.

### iii.    Additional Accused Products

Plaintiffs seek to amend their contentions to add a number of accused products to those identified in their February 2018 final contentions. Defendants contend that information about each of these products and their technical specifications was publicly available for years prior to Plaintiffs' original complaint. Opp. at 7–11.

Plaintiffs contend that some of the public sources of information cited by Defendants are unreliable and/or do not relate to products sold within the United States. Dkt. No. 569 at 5–8.

However, Plaintiffs have not established that they were unable to identify the products accused in their subsequent amendments without the non-public information produced by Defendants after February 2, 2018. Plaintiffs therefore have not demonstrated diligence in discovering these additional products, and the Court DENIES Plaintiffs' request for leave to amend with respect to accused products not included in its final infringement contentions.

### iv. '806 Patent Theory

Plaintiffs seek to amend their contentions as to the '806 patent in light of source code and deposition testimony provided by Google on February 15, 2018. *See* Dkt. No. 538-48 (filed under seal). Defendants contend that Plaintiffs have not demonstrated diligence in amending with respect to these requested amendments because of the amount of time that passed between the February 15 source code production and the currently-pending motion for leave to amend. Opp. at 21–23.

As discussed above in Section III(B)(iii), due to the transfer, Defendants' request to pause proceedings, and Defendants' stipulation to the briefing schedule that Plaintiffs have adhered to, the Court finds that Plaintiffs have demonstrated good cause to amend with respect to their '806 patent theories based on source code produced after final contentions were served.

### v. Microsoft Source Code Amendments

Plaintiffs seek to update their contentions as to Microsoft in light of source code produced by Microsoft in November 2017. *See* Mot. at 18–19; Dkt. No. 538-50 (correspondence indicating disclosure of source code by November 14, 2017). Plaintiffs note that they were unable to review all of the Microsoft source code prior to the February 2018 deadline for final contentions. *See* Dkt. No. 569 at 12.

Plaintiffs have not established diligence with respect to these requested amendments. To the extent that Plaintiffs were unable to review all Microsoft source code, a request for extension should have been made prior to the deadline for final contentions. The Court therefore DENIES Plaintiffs' request to amend and update their contentions based on Microsoft source code produced prior to the February 2018 final contentions.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' request for leave to amend their infringement contentions with respect to updates based on Microsoft source code produced on or before the February 2, 2018 and with respect to accused products not included in Plaintiffs' final infringement contentions. The Court otherwise **GRANTS** Plaintiffs' request for leave to amend. Any amended contentions must be served within 21 days of the date of this order.

**IT IS SO ORDERED.**

Dated:   2/15/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge