UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ACER INC., et al.,<br><br>Defendants. | Case No. 18-cv-01885-HSG<br><br>**ORDER DENYING DEFENDANT'S AND INTERVENOR-PLAINTIFF'S MOTIONS FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. Nos. 94, 105 |

Pending before the Court are two motions for judgment on the pleadings, one filed by Defendants Acer Inc. and Acer America Corporation (collectively, "Acer"), Dkt. No. 94, and one filed by intervenor Microsoft Corporation ("Microsoft"), Dkt. No. 105. For the reasons articulated below, the Court DENIES both motions.[1]

## I. PROCEDURAL BACKGROUND

On December 18, 2015, Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation (collectively, "Philips") originally brought this patent infringement action against Acer in the District of Delaware. *See* Dkt. No. 1. The operative complaint asserts infringement of eleven patents, including the three at issue here: United States Patent No. RE43,564 ("the '564 patent"), No. 5,910,797 ("the '797 patent"), and No. 7,184,064 ("the '064 patent"). Dkt. No. 82 ("SAC").

On December 23, 2016, Acer moved for judgment on the pleadings, contending that the asserted claims in the '564 patent are unenforceable because they were improperly broadened upon reissue, and that the asserted claims in the '797 patent are unenforceable because they were issued in error. Dkt. Nos. 94, 95 ("Mot."). On January 18, 2017, Philips responded. Dkt. No. 108

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

1  ("Opp."). Acer replied on February 6, 2017. Dkt. No. 119 ("Reply").

On November 10, 2016, Microsoft filed a complaint in intervention, seeking declaratory judgment of non-infringement. Dkt. No. 74. On January 12, 2017, Microsoft moved for partial judgment on the pleadings, contending that the asserted claims of the '064 patent are indefinite. Dkt. Nos. 105, 106 ("Int. Mot."). On February 9, 2017, Philips responded. Dkt. No. 122 ("Opp. to Int."). Microsoft replied on February 16, 2017. Dkt. No. 127 ("Int. Reply").

On May 3, 2017, the judge to whom the case was then assigned, the Honorable Gregory M. Sleet, held a *Markman* hearing, and Judge Sleet then issued a claim construction order on July 11, 2017. Dkt. No. 241 ("Claim Constr.").

The case was transferred to this district on March 27, 2018. Dkt. Nos. 366, 367.

## II. RULE 12(C) LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Granting a judgment on the pleadings is proper when, "taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Gregg v. Haw., Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (quoting *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998)). "Because a Rule 12(c) motion is functionally identical to a Rule 12(b)(6) motion, the same standard of review applies to motions brought under either rule." *Id.* (quoting *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011)) (internal quotation marks omitted).

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008); *see also* Fed. R. Civ. P. 8(a) (requiring that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual

allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

**III. DISCUSSION**

**A. Acer's Motion for Judgment on the Pleadings**

Acer first contends that the asserted claims in the '564 patent are invalid under 35 U.S.C. Section 251 because they were improperly broadened upon reissue. Mot. at 2–3. Acer then argues that the asserted claims in the '797 patent are unenforceable because they were issued in error. *Id.* The Court addresses each argument in turn.

**i. The Asserted Claims of the '564 Patent Are Not Invalid under Section 251**

Acer contends that Philips improperly broadened the claims of the '564 patent on reissue in violation of Section 251(d) of the Patent Act by changing a claim limitation from a zoom "substantially centered around the touch *screen*" to a zoom "substantially centered around the touch *location*." Mot. at 9.

a. '564 Patent Background

The '564 patent is a reissue of U.S. Patent No. 6,466,203 (the "'203 patent"), which is directed to a system for zooming in on a portion of a touchscreen display to assist the user in selecting a feature on the screen. *See* Dkt. No. 92, Ex. 1 at PHILIPS00004672 ("'203 Patent, Abstract").[2] As initially filed, the patent application for the '203 patent contained eight claims, none of which specified the location of the zooming feature. Dkt. No. 92, Ex. 1 at PHILIPS00004570–71. Claim 1 in the original application reads:

> An information processing apparatus comprising . . . a data processing system . . . operative to enable the user to select via the touch screen a portion of the image, when displayed at a first scale, for rendering the selected portion on the display at a second scale larger than the first scale.

---

[2] The prosecution history is attached in its entirety as an exhibit to Acer's Answer to Philips' SAC. *See* Dkt. No. 92, Ex. 1–10.

3

United States District Court
Northern District of California

Dkt. No. 92, Ex. 1 at PHILIPS00004570–71; *see* Mot. at 3.

The examiner rejected all eight claims as obvious in light of the prior art, including the Tanimoto reference, which "teaches a touch panel that when displayed at a first scale, for rendering the selected portion on the display at a second scale larger than the first scale." Dkt. No. 92, Ex. 1 at PHILIPS00004580–84. After a series of subsequent non-final rejections from the examiner and responses from Philips, the examiner issued a final rejection of claims 1–8, explaining that "it would have been obvious to one with ordinary skill in the art at the time the invention was made to incorporate Tanimoto's touch panel device having zoom-in and zoom-out operation into Hirayama's input device so as to provide a user interface appropriate for conveying the user's intention more directly." Dkt. No. 92, Ex. 1 at PHILIPS00004595–99.

Philips then filed a preliminary amendment, disclaiming claims 1–8 in their entirety and adding claims 9–14. Claims 9 and 14 both recited the same claim limitation:

> wherein . . . the selected portion when rendered at the **second scale** is a zoomed-in version of part of the image at the first scale substantially centered around the **touch location**.

Mot. at 4, Dkt. No. 92, Ex. 1 at PHILIPS00004618–20 (emphasis added).

The examiner rejected the new claims as obvious, again citing the Tanimoto reference as teaching that "the second scale is a zoomed-in version of part of the image at the first scale substantially centered around the touch location." Dkt. No. 92, Ex. 1 at PHILIPS00004628. Philips traversed the rejection, contending that the examiner "did not show a teaching, suggestion or incentive for the skilled person to combine the teachings of the references." Dkt. No. 92, Ex. 1 at PHILIPS00004645. Philips also contended that "combining the references of Hirayama and Tanimoto destroys the intent [of the references]." Dkt. No. 92, Ex. 1 at PHILIPS00004646. Philips therefore submitted "that the rejection under § 103 is incorrect" and requested "that the rejections be withdrawn." Dkt. No. 92, Ex. 1 at PHILIPS00004647.

In the same filing, Philips submitted a proposed amendment to claims 9 and 14, including among others the following amendment:

> wherein . . . the selected portion when rendered at the **first scale** is a zoomed-in version of part of the image at the first scale substantially centered around the **touch screen**.

4

Opp. at 4–5 (emphasis added); Dkt. No. 92, Ex. 1 at PHILIPS00004643–44. Notably, in the exhibit to the amendment (see image below), the markup version of the claims purported to "show changes made to the claims," but did not show any changes to the terms "first scale" and "touch screen"—even though those terms had been changed in the proposed amendment. Opp. at 4–5; Dkt. No. 92, Ex. 1 at PHILIPS00004649–50.

```
9. (AMENDED)    A handheld communication device comprising:
    - a wireless modem [an input] for receiving data [via a
      wireless connection];
    - a display that has a substantially small size suitable
      for the handheld communication device;
    - a data processing system connected to the modem
      [input] and to the display for processing the received
      data and for rendering an image corresponding to the
      data received;
    [wherein:]
    - [the device has] a touch screen for enabling a user to
      interact with the device;
    wherein:
    - the system is operative to enable the user to select
      through a touch location on the touch screen a portion
      of the image, when displayed at a first scale, for
      rendering the selected portion on the display at a
      second scale larger than the first scale;
    - the selected portion when rendered at the first scale
      is a zoomed-in version of part of the image at the
      first scale substantially centered around the touch
      screen.
```

Dkt. No. 92, Ex. 1 at PHILIPS00004649.

In response to Philips' filing, the examiner issued a Notice of Allowability. Dkt. No. 92, Ex. 1 at PHILIPS00004654–59. After briefly summarizing the Hirayama and Tanimoto references which had been used previously to demonstrate obviousness, the notice of allowability stated:

> However, both references fail to disclose the claimed limitations such as the system is operative to enable the user to select through a touch location on the touch screen a portion of the image, when displayed at a first scale, for rendering the selected portion on the display at a second scale larger than the first scale, thereby facilitating a selection of a feature; and the selected portion when rendered at the first scale is a zoomed-in version of part of the image at the first scale

5

substantially centered around the touch screen.

Dkt. No. 92, Ex. 1 at PHILIPS00004657–58.

As proposed by the amendment, the claim limitation in claims 9 and 14 (claims 1 and 6, respectively, in the issued '203 patent) issued as:

> wherein . . . the selected portion when rendered at the **first scale** is a zoomed-in version of part of the image at the first scale substantially centered around the **touch screen**.

Opp. at 4–5; Dkt. No. 92, Ex. 2 at PHILIPS00004557 (emphasis added).

Eight years after the '203 patent issued, Philips filed U.S. Reissue Patent Application 12/980,454. Opp. at 5; Dkt. No. 92, Ex. 3 at PHILIPS00002702. The reissue application sought to amend the claim limitation as follows:

> wherein . . . the selected portion when rendered at the **first scale**[3] is a zoomed-in version of part of the image at the first scale substantially centered around the **touch location**.

Dkt. No. 92, Ex. 3 at PHILIPS00002705, 2707 (emphasis added).

In the remarks accompanying the initial reissue application, Philips explained that the change from "touch screen" to "touch location" was intended "to more clearly define the subject invention as disclosed in the written description" because the initial use of "touch screen" was "a typographical error" made during the prosecution of the '203 patent. Opp. at 5; Dkt. No. 92, Ex. 3 at PHILIPS00002708. The Examiner sent a Notice of Allowability, granting the proposed amendments to claims 1 and 6. Opp. at 6; Dkt. No. 92, Ex. 3 at PHILIPS00002804.

### b. Section 251 of the Patent Act

Section 251 of the Patent Act provides a mechanism for patentees to remedy defective patents by reissue. *See* 35 U.S.C. § 251(a) (providing for "Reissue of defective patents" "[w]henever any patent is, through error, deemed wholly or partly inoperative or invalid, by reason of a defective specification or drawing, or by reason of the patentee claiming more or less than he had a right to claim in the patent"). Section 251 also provides, however, that "[n]o reissued patent shall be granted enlarging the scope of the claims of the original patent unless

---

[3] Although the initial reissue application did not include an amendment to the term "first scale," the term was later amended to "second scale" to fix a "typographical error." Dkt. No. 92, Ex. 3 at PHILIPS00002824–28.

6

applied for within two years from the grant of the original patent." 35 U.S.C. § 251(d). "[T]he claims of a reissue patent filed after that date are invalid if they enlarge the scope of the original claims." *Forest Labs., Inc. v. Ivax Pharms., Inc.*, 501 F.3d 1273, 1270 (Fed. Cir. 2007).[4]

"Challenges to the validity of claims, whether regularly issued, . . . or issued after a reissue pursuant to 35 U.SC. §§ 251–252, must meet the clear and convincing standard of persuasion." *Superior Fireplace Co. v. Majestic Prod. Co.*, 270 F.3d 1358, 1367 (Fed. Cir. 2001). "[T]his requirement is based on the presumption of validity." *Id.*; *see* 35 U.S.C. § 282 ("A patent shall be presumed valid.").

"Determining whether the claims of a reissue patent violate 35 U.S.C. § 251 is a question of law." *AIA Eng'g Ltd. V. Magotteaux Int'l*, 657 F.3d 1264, 1271 (Fed. Cir. 2011). Comparing the scope of the reissue claims with the claims of the original patent "is a matter of claim construction, and it is performed from the perspective of one having ordinary skill in the art." *Forest Labs.,* 501 F.3d at 1270. A court may look to the patent specification in determining whether a reissued claim represents "a change of claim scope" or "merely a correction of the claim to be consistent with the specification." *See id.* at 1270–71.

      c. Acer has Failed to Show by Clear and Convincing Evidence that the Reissued Claims are Broader than the Original Claims

Acer contends that the reissued claims in the '564 patent are invalid and cannot be enforced because they improperly broaden the scope of the original claims in the '203 patent. Philips contends that a person of ordinary skill in the art would have recognized that the amendment from "substantially centered around the *touch location*" to "substantially centered around the *touch screen*" was a clerical error and thereby conclude that the reissued claims are not broader in scope. Opp. at 12 (emphasis added). The Court finds that Acer has failed to meet its burden to show, by clear and convincing evidence, that the scope of the claims in the '564 reissue patent are broader than the scope of the claims in the original '203 patent.

Acer contends that the prosecution history proves that the reissue claims are broader than

---

[4] The parties do not dispute that the reissue application for the '564 patent was filed more than two years after the grant of the original '203 patent. *See* Mot. at 5; Opp. at 5.

7

the original claims. For support, Acer points out that after multiple rounds of non-final rejections, the examiner allowed the claims only after Philips "narrowed" the claims from zooming centered around "the touch location" to zooming centered around "the touch screen." Mot. at 4; Reply at 1. Therefore, according to Acer, the reissue claims must be broader because they reinstate language from the claims before they were "narrowed." Reply at 1–2.

Acer fails to show by clear and convincing evidence that the patent examiner allowed the reissue claims because she viewed the change from "touch location" to "touch screen" as a narrowing amendment necessary to overcome the prior art. For one, the lack of markings in the amendment exhibit intended to "show changes made to the claims" could indicate that the change from "touch location" to "touch screen" was a mistake. *See* Opp. at 4–5; Dkt. No. 92, Ex. 1 at PHILIPS00004650. Additionally, the prosecution history shows that the examiner could plausibly have been persuaded by Philips' arguments challenging her prior obviousness rejection. *See* Opp. at 14. The textual amendment and Philips' arguments asking the examiner to withdraw the obviousness rejections were filed in the same pleading—the one that directly preceded the Notice of Allowance. Dkt. No. 92, Ex. 1 at PHILIPS00004647. The Notice of Allowance conceded the following statement about prior art cited in the previous non-final rejections for obviousness:

> However, both references fail to disclose the claimed limitations such as the system is operative to enable the user to select through a touch location on the touch screen a portion of the image, when displayed at a first scale, for rendering the selected portion on the display at a second scale larger than the first scale, thereby facilitating a selection of a feature; and the selected portion when rendered at the first scale is a zoomed-in version of part of the image at the first scale substantially centered around the touch screen.

Dkt. No. 92, Ex. 1 at 4657–58. Although the final clause does specify zooming "substantially centered around the touch screen" (*see* Mot. at 4), the full quote includes a broad concession that the prior art did not encompass zooming that "enable[s] the user to select through a touch location on the touch screen a portion of the image . . . for rendering the selected portion on the display . . . thereby facilitating a selection of a feature." Dkt. No. 92, Ex. 1 at 4657–58. This—rather than the textual amendment from "touch location" to "touch screen"—could plausibly indicate the reason for the allowance. Thus, the Court cannot find as a matter of law that the examiner would not

8

have allowed the amendment without the change from "touch location" to "touch screen."

Acer cites *Brady Construction Innovations, Inc. v. Perfect Wall, Inc.* for the proposition that "a claim of a reissue application is broader in scope than the original claims if it contains within its scope any conceivable apparatus or process which would not have infringed the original patent." 290 F. App'x 358, 363 (Fed. Cir. 2008). Acer points to an embodiment from the '564 patent specification added during reexamination as an implementation that would fall within the scope of the reissued claims, but not within the scope of the original claims as written. Mot. at 10 (citing Figures 2A and 2B of the '564 patent). In that embodiment, illustrated below, a portion of an alphabetic keyboard is displayed on the touchscreen:



*Id.* Figure 2B shows the screen after the user "touches near the letter 'A,' invoking the zooming function at that touch location." *Id.* Acer contends that the magnified letter 'A' is centered around the touch location, but not centered around the touch screen. But notably, the specification of the predecessor '203 patent describes a similar embodiment:

> For example, the device has a Virtual alphanumeric keyboard. The softkeys displayed are too small for the user to select an individual one of them. Now, when the user touches the keyboard in a specific section that accommodates the desired key, the device's GUI magnifies that specific section so that the intended key re-appears at a larger scale and can be selected.

*See* '203 patent at 2:8–14. Acer does not explain in what way, if any, the embodiment illustrated in Figures 2A and 2B differs from the embodiment described in the allegedly narrower predecessor patent.

The Federal Circuit has repeatedly held that claim terms should not be interpreted "in a way that excludes embodiments disclosed in the specification," if those embodiments have not been "clearly disclaimed" in the specification or prosecution history. *Oatey Co. v. IPS Corp.*, 514

F.3d 1276–77 (Fed. Cir. 2008); *see also Invitrogen Corp. v. Biocrest Mfg., L.P.*, 327 F.3d 1364, 1369 (Fed. Cir. 2003) (finding district court's claim construction erroneously excluded an embodiment described in an example in the specification, where the prosecution history showed no such disavowal of claim scope). Acer has not shown through clear and convincing evidence that any embodiments in the specification were clearly disclaimed in the prosecution history of the '564 patent, or that the pre-amendment claim, reciting "centered around the touch screen," would not encompass the embodiment described in column two and the similar embodiment in Figures 2A and 2B. Acer's example therefore does not clearly illustrate an "apparatus or process which would not have infringed the original patent." *Brady*, 290 F. App'x at 363.

Further, the embodiments of the predecessor '203 patent repeatedly emphasize zooming centered around points other than the center of the touch screen. For instance, the description of the embodiments explains, "When the user touches the screen, *the portion of the image underneath the touched location is enlarged* and displayed so that hyperlinks can be individually be [sic] selected, possibly after a next, similar zoom-in process." '203 patent at 3:39–43 (emphasis added). The specification continues:

> "Assume that the portion is the upper right hand corner of the page. When the user now touches screen 104 in the associated location or area, this action gets translated . . . into **a zooming-in on that part of the page image that is centered around the touch location.** This can be implemented, e.g., by a predetermined segmentation of the display area into, say, four areas **that each can be selected for the zooming-in**. Alternatively, that part of the original image gets magnified that **has a center coinciding with the touch location**."

'203 patent at 4:9–19 (emphasis added); *see also* '203 Patent, Abstract ("When the user touches a particular location on the touch screen that corresponds to a portion of the page's image, the portion gets displayed so as to fill the display's area. Thus, the user can browse the Web with a display of limited size"); *id.* at 2:45–49 ("Upon the portion being selected the system renders the selected portion on the display at a second scale larger than the first scale (zoom-in). The portion selected corresponds to a location on the touch screen."). Because the record does not contain clear and convincing evidence that the applicant disclaimed these embodiments directed towards zooming centered around the touch location, the Court cannot interpret the pre-amendment claims

10

to exclude them. *See Oatey*, 514 F.3d at 1276–77. Acer has thus failed to meet its burden of proof, and the Court cannot find as a matter of law that the reissued claims are broader.

Acer also proffers that the term "substantially centered around" should be construed as "has a center coinciding with," a phrase used in the specification. Reply at 3 (citing '564 patent at 4:19). But Acer provides no evidence that a person of skill in the art would interpret the claim language this way. *Cf. Forest Labs.*, 501 F.3d at 1270 (holding that comparing the scope of the reissue claims with the claims of the original patent "is a matter of claim construction, and it is performed from the perspective of one having ordinary skill in the art"); *Thorner v. Sony Computer Entm't Am. LLC*, 669 F.3d 1362, 1365 (Fed. Cir. 2012) ("The words of a claim are generally given their ordinary and customary meaning as understood by a person of ordinary skill in the art when read in context of the specification and prosecution history."). Although the specification does describe one embodiment of zooming "centered around the touch location" as magnification where "th[e selected] part of the original image gets magnified that *has a center coinciding with* the touch location," it also describes an alternative implementation by a "predetermined segmentation of the display into, say, four areas that each can be selected for the zooming-in." '203 Patent 4:15–19 (emphasis added). Without clear and convincing evidence supporting a construction limited to the former embodiment, the Court cannot find as a matter of law that a person of ordinary skill in the art would have interpreted the claim language in that way. *See Verizon Servs. Corp. v. Vonage Holdings Corp.*, 503 F.3d 1295, 1305 (Fed. Cir. 2007) (rejecting proposed claim construction that would exclude disclosed examples in the specification).

Finally, the Court finds persuasive Philips' argument that, "[a]t no point during prosecution[] did the Examiner question whether any of the amendments would effect a substantive change in claim scope or result in an improper broadening reissue." Opp. at 6–7. Acer does not dispute this argument in its reply brief. *See* Reply at 1–5. Patent Examiners have an obligation to determine whether amendments in a reissue application would enlarge the scope of the originally issued claims. *See* MPEP 1412.03.IV; 35 U.S.C. § 251. Other courts have noted that the conclusion "that the reissued patent did not impermissibly broaden the original claims is

11

further supported by the fact that the examiner allowed the reissued patent more than two years after the issue date of the original patent." *Forest Labs., Inc. v. Ivax Pharms., Inc.*, 438 F. Supp. 2d 479, 499 (D. Del. 2006), *aff'd*, 501 F.3d 1263 (Fed. Cir. 2007); *see also Sentius International, LLC v. Microsoft Corporation*, No. 5:13-CV-00825-PSG, 2014 WL 4062741 (N.D. Cal. Aug. 15, 2014) ("Here, the court must respect that four examiners from the PTO have already considered whether or not the reissue application complied with Section 251. Each of these examiners ultimately concluded that the reissue application complied with Section 251."). Here, because Acer has failed to provide clear and convincing evidence to refute the presumption of validity, the Court cannot find as a matter of law that the examiner's conclusion that the reissue application was proper under Section 251 was erroneous.[5]

In sum, in light of the prosecution history, the specification and embodiments, and the examiner's determination that there was no improper broadening, the Court finds that Acer has failed to meet its burden to provide clear and convincing evidence that the textual amendment improperly broadened the scope of the original claims. The Court therefore **DENIES** Acer's motion for judgment on the pleadings with respect to the '564 patent.

### ii. The Asserted Claims in the '797 Patent are Not Unenforceable

The '797 patent is entitled "Portable data processing apparatus provided with a screen and a gravitation-controlled sensor for screen orientation." Dkt. 92, Ex. 6 at PHILIPS00004054. It claims an invention for using the tilt of an electronic device to control the movement of objects on the screen. *Id*. Acer contends that Philips cannot enforce the '797 patent because Philips filed an amendment to narrow the asserted claim language from "gravitation-controlled sensor" to "gravitation-controlled sensor *means*," but the issued patent does not include the amended language. Mot. at 2–3 (emphasis added). Therefore, Acer contends, the Patent Office "issued the

---

[5] Philips proffers an expert declaration in support of its opposition. Greenspun Declaration, Dkt. No. 109. Under Rule 12(d), "If, on a motion under 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The Court finds sufficient support within the pleadings to deny Acer's motion for judgment on the pleadings. The Court therefore excludes the proffered Greenspun Declaration and declines to convert Acer's Rule 12(c) motion into a motion for summary judgment.

asserted claims in error," and the claim cannot be asserted until the material error is corrected by the Patent Office. *See* Mot. at 2, 13.

Whether the Court can correct an error in a patent depends on the materiality of the error. The Federal Circuit has held that when a claim issues "that omits a material limitation, and such omission is not evident on the face of the patent, the patentee cannot assert that claim until it has been corrected by the PTO." *H-W Tech., L.C. v. Overstock.com, Inc.*, 758 F.3d 1329, 1335 (Fed. Cir. 2014). But "if the correction is not subject to reasonable debate to one of ordinary skill in the art, namely, through claim language and the specification, and the prosecution history does not suggest a different interpretation, then a court can correct an obvious typographical error." *Ultimax Cement Mfg. Corp. v. CTS Cement Mfg. Corp.*, 587 F.3d 1339, 1353 (Fed. Cir. 2009).

The claim construction order resolves this issue. Claim Constr. at 11 n.16. In the *Markman* hearing, Judge Sleet held that the omission of the word "means" in the disputed language was not "a material error" and "agree[d], as Plantiffs urge[d], that the informalities in claim 1 of the '797 patent are evident on the face of the patent." *Id.* The Court then held that it "can and will correct 'gravitation-controlled sensor' to read 'gravitation-controlled sensor means.'" *Id.*

As the Court has informed the parties on multiple occasions, the issues adjudicated prior to transfer will not be relitigated. The Court therefore **DENIES** Acer's motion for judgment on the pleadings with respect to the '797 patent.

**B.    The Court Denies Microsoft's Motion for Partial Judgment on the Pleadings**

The '064 patent claims "finger touch program instructions associated with said microprocessor for sensing speed, direction, and time duration of a finger touch contact with said display screen." Int Opp., Ex. 1 ("the '064 patent") at 6:12–15. Microsoft asserts that the claim is subject to 35 U.S.C. § 112, ¶ 6 because "it recites the functions of sensing the speed, direction, and duration of a finger touch but does not recite structure for performing those functions." Int. Mot. at 2. Microsoft therefore contends that the asserted claim is indefinite as a matter of law because it includes "a software means-plus-function limitation that has no corresponding structure in the specification." *Id.*

13

The claim construction order wholly rejected this argument. Judge Sleet held that "[b]ecause Defendants failed to establish clear and convincing evidence that the limitation does not provide sufficient structure, they cannot overcome the presumption that the claim is not subject to § 112, ¶ 6." Claim Constr. at 6 n.8.

The Court thus **DENIES** Microsoft's motion for partial judgment on the pleadings.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Acer's motion for judgment on the pleadings and also **DENIES** Microsoft's motion for partial judgment on the pleadings. *See* Dkt. Nos. 94, 105.

**IT IS SO ORDERED.**

Dated: 3/4/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

14