UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE KONINKLIJKE PHILIPS PATENT LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 18-cv-01885-HSG<br><br>**ORDER ON DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS AND PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 584, 610 |

Pending before the Court is Defendants' motion for leave to amend their invalidity contentions. Dkt. No. 584 ("Mot."). The Court held a hearing on Defendants' motion on April 11, 2019. Dkt. No. 639. Plaintiffs have also filed an administrative motion to file under seal unredacted exhibits attached to their opposition of Defendants' Motion. Dkt. No. 610. For the following reasons, the Court **DENIES** Defendants' motion for leave to amend invalidity contentions and **GRANTS** Plaintiffs' administrative motion to file under seal.

## I. BACKGROUND

In December 2015, Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corp. (collectively, "Philips") sued Defendants Acer Inc. and Acer America Corp. ("Acer"), ASUSTeK Computer Inc. and ASUS Computer International, Inc. ("ASUS"), HTC Corporation and HTC America, Inc. ("HTC"), Visual Land, Inc. ("Visual Land"), Double Power Technology, Inc. ("Double Power"), and YiFang USA, Inc. d/b/a/ E-Fun Inc. ("YiFang"), alleging patent infringement involving eleven patents in the District of Delaware. Dkt. No. 1. In November 2016, Microsoft intervened in the actions against Acer, ASUS, Visual Land, Double Power, and YiFang. Dkt. No. 69. Philips then counterclaimed against Microsoft for infringement of nine of the patents-in-suit. Dkt. No. 86. The District of Delaware set the deadline for final invalidity

contentions as March 16, 2018. Dkt. No. 303 at 6. All cases were transferred to this district on March 27, 2018, Dkt. No. 367, and the Court consolidated the actions for all pre-trial purposes, Dkt. No. 487.[1] Fact discovery closed on January 4, 2019, with the exception of a limited extension to which the parties stipulated with the Court's permission. *See* Dkt. Nos. 573, 593–94.

On January 4, 2019, Defendants filed this motion for leave to amend their invalidity contentions. Specifically, Defendants seek to add the Philips Velo 1 as additional invalidating prior art for United States Patent No. RE43,564 (the "'564 patent"), one of the eleven patents-in-suit. Mot. at 1. The Philips Velo 1 is a handheld computer released by Philips in 1997 that runs the Windows CE operating system. *Id*. Defendants allege that it is relevant prior art to the '564 patent because the Velo 1 was sold as a package with a CD-ROM that had a compatible version of Pocket Streets. *Id*. at 1, 5. Pocket Streets is a mapping program developed by Microsoft that utilizes a functionality claimed by the '564 patent: directing a system to zoom in on a portion of the display to assist the user in selecting a feature within the screen. *Id*. at 1–2. It was not until September 2018 that Defendants ordered a Velo 1 and discovered the Velo 1 included a copy of the Pocket Streets program. *Id*. at 3. According to Defendants, it took them two months to install and test Pocket Streets on the Velo 1, given "how old" the software is. *Id*. at 3. Defendants then filed this motion, seeking to add obviousness combinations based on the Velo 1 devices that ran Pocket Streets.

## II.  MOTION FOR LEAVE TO AMEND

### A. Legal Standard

The Patent Local Rules seek to "balance the right to develop new information in discovery with the need for certainty as to the legal theories." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). Accordingly, under Patent Local Rule 3-6, amendment to invalidity contentions "may be made only by order of the Court upon a timely showing of good cause." Patent L.R. 3-6. In determining whether good cause exists, the Court

---

[1] Double Power (and all other Defendants in the Double Power action other than Microsoft) and Visual Land were voluntarily dismissed on June 19, 2018 and August 21, 2018, respectively. Case No. 18-cv-1889-HSG, Dkt. No. 326 (Double Power); Case No. 18-cv-1888-HSG, Dkt. No. 396 (Visual Land).

considers (1) whether the moving party was diligent in moving to amend its contentions, and (2) whether the non-moving party would suffer prejudice if leave to amend were granted. *Vasudevan Software, Inc. v. Int'l Bus. Machines Corp.*, No. C09-05897 RS HRL, 2011 WL 940263, at *1 (N.D. Cal. Feb. 18, 2011). "The party seeking to amend its contentions bears the burden of establishing diligence." *Id*. The moving party must establish diligence in two distinct phases: "(1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered." *Positive Techs., Inc. v. Sony Elecs., Inc.*, No. C 11-2226 SI, 2013 WL 322556, at *2 (N.D. Cal. Jan. 28, 2013). However, good cause "does not require perfect diligence." *Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-CV-03587-WHO, 2014 WL 491745, at *4 (N.D. Cal. Feb. 5, 2014). Absent undue prejudice to the non-moving party, good cause may be supported by "[r]ecent discovery of material, prior art despite earlier diligent search." Patent L.R. 3-6(b).

### B. Discussion

Defendants contend that they were diligent in discovering that Velo 1 was compatible with the Pocket Streets program and in seeking leave to amend their invalidity contentions. Mot. at 5. According to Defendants, the amendment will not prejudice Philips because Philips has always been in possession of the Velo 1 and has notice of the invalidity issues raised by the proposed Velo 1 and Pocket Streets combination. *Id*. at 8. Philips asserts that Defendants were not diligent, because Microsoft knew, or should have known, about the Velo 1 and Pocket Streets combination "long before the March 18, 2018 due date for final Delaware invalidity contentions." Dkt. No. 607 ("Opp.") at 2. The Court agrees with Philips and finds that Defendants were not diligent, because they were on at least inquiry notice before the deadline for invalidity contentions.

#### i. Defendants Were Not Diligent in Discovering the Velo 1 and Pocket Streets Combination

The Court must first determine whether Defendants have established diligence in (1) discovering the basis for amendment, and (2) seeking leave from this Court to amend its invalidity contentions once the basis for amendment was discovered. *See Positive Techs., Inc.*, 2013 WL 322556, at *2.

Defendants allege that during discovery, they sought information about any Philips' devices that ran Windows CE, including information about Philips' Velo devices. Mot. at 2. According to Defendants, because Philips failed to provide any documents specific to Velo 1, Defendants had to investigate Philips' prior art devices on their own, which allegedly led to their delay in discovering that the Velo 1 device was packaged with Pocket Streets 1997 software. *Id*. However, Defendants' own documents demonstrate that at a minimum they had information in their custody about the Velo 1 and Pocket Streets combination prior to ordering the Velo 1 device in September 2018.

A party's failure to discover materials in its own possession sooner leans in favor of finding that it was not diligent. *See, e.g.*, *Synopsys Inc. v. Mentor Graphics, Inc.*, No. 12–cv–6467–MMC (DMR), 2014 WL 1477917 at *4 (denying motion for leave to amend invalidity contentions because the product was developed by the moving party's subsidiary, the product was in the moving party's possession, and the moving party failed to give a persuasive explanation for delay). Significantly, during the March 2017 deposition of Jan Van Ee, the inventor of the '564 patent and a former Philips employee, Defendants questioned Mr. Van Ee about the Velo 1 and presented him with the Velo 1 user guide. Dkt. No. 607-9, Ex. 8[2] at 114:21–117:2 (Mr. Van Ee acknowledging that "[Defendants' Exhibit 7] appears to be a user guide of the Velo."). The Velo 1 user guide expressly discloses that Pocket Streets could be downloaded on the Velo 1. Dkt. No. 607-10, Ex. 9 ("The installation program will check for and install these components as necessary to ensure that you can set up and run Windows CE Services 2.0, as well as applications including Pocket PowerPoint and Pocket Streets."). Philips also points to other documents in Defendants' possession that reveal Defendants were on notice about the combination. *See, e.g.*, Dkt. No. 584-3, Ex. B (Defendants' September 30, 2016 invalidity claim chart for the '564 patent based on Pocket Streets, with a citation to the Velo 1 as an example of a handheld PC that used Microsoft Windows CE); Dkt. No. 607-3, Ex. 2 (October 7, 1997 Microsoft Press Release describing the

---

[2] All references to numbered exhibits are attached to the Declaration of Jaime F. Cardenas-Navia, Dkt. No. 607-1, and all references to lettered exhibits are attached to the Declaration of Patrick J. McKeever, Dkt. No. 584-1.

benefits of using a handheld PC with a Microsoft Windows CE operating system and highlighting a user who bought Velo 1 and used Pocket Streets); Dkt. No. 607-4, Ex. 3 (February 25, 1997 Microsoft Press Release announcing "Pocket Automap Streets" travel series for handheld PCs, to be included in handheld units from "Philips Mobile Computing Group").

Defendants contend that the documents are inapposite because they do not specifically mention "Pocket Streets 97," and refer instead to "Pocket Streets 98." Dkt. No. 617 ("Reply") at 4. As to the February 1997 press release, Defendants maintain that because the press release used "Pocket *Automap* Streets" instead of "Pocket Streets," that specific press release did not come up in Microsoft's searches. *Id*. at 4–5 (emphasis added). But Defendants do not provide any details about the process for their searches, such as their search terms, date ranges, and the databases they searched. More importantly, Pocket Streets is a Microsoft program, and Defendants' own invalidity chart, citing Velo 1 as an example of a handheld PC that utilized the Microsoft CE operating system, evidences that Defendants knew Pocket Streets "was launched in 1997," with the conception occurring "at least as early as May 5, 1997." *See* Dkt. No. 584-3, Ex. B. And Defendants cannot dispute that the Velo 1 user guide, which disclosed that Pocket Streets could be downloaded on Velo 1, was clearly in their possession. These documents were enough to put Defendants on inquiry notice that there was a Velo 1 and Pocket Streets 1997 combination, and Defendants were not diligent in discovering that fact.

Nevertheless, Defendants contend that "perfect diligence" is not the standard, and the documents "do not negate Defendants' diligent investigation" despite their "possession of a few documents." Reply at 5–6, 8. As support for their position, Defendants cite to *Netflix, Inc. v. Rovi Corp*, No. 11CV06591PJHDMR, 2015 WL 3504969 (N.D. Cal. June 2, 2015). But the facts of *Netflix* are distinguishable from this case. Netflix provided a detailed account of the steps it undertook to discover the basis for its proposed amendment, including conducting interviews with approximately seven Netflix employees. *Netflix*, 2015 WL 3504969, at *4. In contrast, Defendants do not adequately establish what steps they took to actively identify prior art, instead arguing that it was Philips' burden to disclose that the Velo 1 device was packaged with Pocket

5

Streets 1997.[3] Mot. at 2–5; *see West v. Jewelry Innovations, Inc.*, No. C071812JFHRL, 2008 WL 4532558, at *3 (N.D. Cal. Oct. 8, 2008) ("conclusory declarations" that the moving party took "diligent inquiries" without providing any information about when it began the inquiries, how it made the inquiries, or who its contacts were are insufficient to establish diligence).

Under the totality of circumstances, the Court finds that Defendants have not shown good cause to grant their leave to amend invalidity contentions. Since the Court finds that Defendants were not diligent in discovering the basis for their amendment, the Court need not consider whether Philips would be prejudiced. *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1368 (Fed. Cir. 2006).

## III. PHILIPS' MOTION TO FILE UNDER SEAL

Also pending before the Court is Philips' motion to file under seal records attached to their opposition to Defendants' motion for leave to amend invalidity contentions. Dkt. No. 610. For the reasons articulated below, the Court **GRANTS** Philips' motion.

### A. Legal Standard

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted).

---

[3] Philips avers that the Velo was discontinued shortly after it was introduced in 1998, *see* Dkt. No. 607-11, Ex. 10, and thus Philips had limited information when responding to Defendants' written discovery requests. Opp. at 9. The Court finds that Philips' responses to these discovery requests do not diminish Defendants' own burden of diligently discovering prior art in their possession.

6

1    Records attached to nondispositive motions, however, are not subject to the strong
2 presumption of access. *See Kamakana*, 447 F.3d at 1179. Because such records "are often
3 unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal
4 must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure.
5 *Id.* at 1179–80 (quotation omitted). This requires only a "particularized showing" that "specific
6 prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v.*
7 *Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c).
8 "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will
9 not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation
10 omitted).

### B. Discussion

Because these records are attached to a nondispositive motion, the Court will apply the good cause standard. Philips seeks to file under seal the unredacted versions of Exhibits 4 and 7, Microsoft documents designated as "Highly Confidential—Outside Counsel Only." Dkt. No. 610; *see* Dkt. Nos. 610-1, 610-3, 610-6. As the designating party, Microsoft complied with Civil Local Rule 79-5(e)(1) and timely filed a declaration proclaiming that the exhibits were sealable. *See* Civ. L.R. 79-5(e)(1).

There is good cause to seal the unredacted versions of Exhibits 4 and 7. Exhibit 4 has been redacted to conceal confidential and non-public information from meetings Microsoft had with its enterprise customers about their business operations and technology. Dkt. No. 611 ¶ 4. Courts have found this type of information to be sealable. *See, e.g.*, *FTC v. Qualcomm Inc.,* No. 17-CV-220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (granting motion to seal as information may "divulge[] terms of confidential contracts, contract negotiations, or trade secrets"); *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015); *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. Jun. 25, 2011) (information regarding party's "long-term financial projections, discussions of business strategy, and competitive analyses" sealable). Exhibit 7 is Microsoft's Fifth Supplemental Initial Disclosures with witnesses' addresses and phone numbers redacted,

information that courts have found should be kept confidential to protect an individual's privacy interests and "prevent exposure to harm or identify theft." Dkt. No. 611 ¶ 6; *see Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007); *see also Benedict v. Hewlett-Packard Co.*, No. 13-CV-00119-LHK, 2014 WL 233827, at *3 (N.D. Cal. Jan. 21, 2014) (granting motion to seal customer information, including address, phone number, and email address). Philips' opposition does not cite to anything within the redacted portions of Exhibits 4 and 7. Further, the redactions appear narrowly tailored to seal only sealable material, as required by Civil Local Rule 79-5. Therefore, the Court finds that there is good cause to grant the motion to file under seal.

## IV. CONCLUSION

The Court **DENIES** Defendants' motion for leave to amend invalidity contentions, Dkt. No. 584, and **GRANTS** Philips' administrative motion to file under seal, Dkt. No. 610. Pursuant to Civil Local Rule 79-5(f)(1), documents filed under seal as to which the administrative motion is granted will remain under seal and the public will have access only to the redacted version.

**IT IS SO ORDERED.**

Dated: 6/4/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge