UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE KONINKLIJKE PHILIPS PATENT LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 18-cv-01885-HSG<br><br>**ORDER DENYING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 666, 672, 679 |

Pending before the Court are administrative motions to file documents under seal in connection with the parties' briefing on Defendants' motion for leave to serve subpoena after the discovery deadline. *See* Dkt. Nos. 666, 672, 679. Having carefully considered the parties' motions and supporting declarations, the Court **DENIES** the administrative motions to seal.

## I. LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted).

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *Id.* at 1179–80 (quotation omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

## II. DISCUSSION

The parties filed three administrative motions to file under seal excerpts of their briefs on Defendants' motion for leave to serve subpoena and portions of declarations and exhibits in support of their briefs. *See* Dkt. Nos. 666, 672, 679. Philips seeks to conceal the general nature of its settlement agreement with Acer, proffering that the redacted material is "sensitive, proprietary, and/or confidential" because it discusses the parties' "confidential settlement discussions, details regarding the status of those discussions, and the terms of the settlement agreement between the parties." Dkt. Nos. 671, 672, 682.

The Court finds that this cursory justification does not adequately plead a "particularized showing" of "specific prejudice or harm." *See Phillips*, 307 F.3d at 1210–11 (citation and quotations omitted); *see also* Fed. R. Civ. P. 26(c). While the Court understands why Philips may wish to seal such information, Philips has not provided any authority establishing that the general nature of a settlement agreement has been deemed so sensitive, proprietary, or confidential that disclosure of such information would lead to a specific prejudice or harm. The Court also finds that the sealing requests are substantially overbroad, as Philips does not thoroughly articulate how disclosure of the material in each proposed redaction would lead to a specific harm or prejudice. For example, Philips seeks to redact its summary of court holdings, but court holdings themselves are public. Philips does not articulate why and how disclosure of this publicly available information would lead to specific prejudice or harm.

## III. CONCLUSION

Because the parties fail to make the required particularized showing that specific prejudice or harm will result from public disclosure of these documents, the Court **DENIES** the administrative motions to file under seal. Pursuant to Civil Local Rule 79-5(f), the parties may file unredacted versions of all briefs and their attachments within seven (7) days of an order denying the administrative motion to file under seal. The parties may also file renewed motions to seal within seven (7) days according to the requirements discussed above.

If the parties wish to file renewed motions to seal, the parties are directed to meet and confer before the submissions, coordinate redactions, and submit joint motions for any given filing the parties wish to keep partially redacted, which include all corresponding Civil Local Rule 79-5 declarations as attachments. The sealing requests should be narrowly tailored and thoroughly articulate the specific basis for each proposed redaction, including citations to caselaw establishing that such information is sealable.

The Court expects the parties will use their best objective judgment to file motions that are narrowly tailored and that satisfy the above standards. [1]

**IT IS SO ORDERED.**

Dated: 7/18/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] For any future administrative motions to seal, the Court notes that Defendants are not relieved of their obligations to comply with Civil Local Rule 79-5 just because the information is designated confidential by the other party. It is clear to the Court that Defendants made no effort to narrowly tailor their sealing request, as Defendants simply filed all the materials, including their entire motion and reply brief, under seal. It is obvious that not all the information contained within their motion is sealable.

3