| | |
|---|---|
| John P. Schnurer (CA Bar No. 185725)<br>PERKINS COIE LLP<br>11988 El Camino Road, Suite 350<br>San Diego, CA 92130<br>Telephone: (858) 720-5700<br>Facsimile: (858) 720-5799<br><br>Ryan J. McBrayer (*pro hac vice*)<br>Jonathan R. Putman (*pro hac vice*)<br>PERKINS COIE LLP<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101<br>Telephone: (206) 359-8000<br>Facsimile: (206) 359-9000<br><br>Attorneys for Defendants<br>HTC CORP.<br>HTC AMERICA, INC. | Judith Jennison (CA Bar No. 165929)<br>Christina McCullough (CA Bar No. 245944)<br>PERKINS COIE LLP<br>1201 Third Avenue, Suite 4900<br>Seattle, Washington, 98101<br>Telephone: (206) 359-8000<br>Facsimile: (206) 359-9000<br><br>Chad Campbell (CA Bar No. 258723)<br>PERKINS COIE LLP<br>2901 North Central Avenue, Suite 2000<br>Phoenix, Arizona, 85012<br>Telephone: (602) 351-8000<br>Facsimile: (602) 648-7000<br><br>Tiffany P. Cunningham (*pro hac vice*)<br>PERKINS COIE LLP<br>131 South Dearborn, Suite 1700<br>Chicago, Illinois 60603<br>Telephone: (312) 324-8400<br>Facsimile: (312) 324-9400<br><br>Attorneys for Intervenor-<br>Plaintiff/Counterclaim Defendants<br>MICROSOFT CORPORATION<br>MICROSOFT MOBILE INC. |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE KONINKLIJKE PHILIPS PATENT LITIGATION. | Case No. 4:18-cv-01885-HSG-EDL<br><br>JURY TRIAL DEMANDED<br><br>**HTC'S AND MICROSOFT'S MOTION FOR LEAVE TO SERVE SUBPOENA AFTER DISCOVERY DEADLINE**<br><br>Hearing Date: October 10, 2019<br><br>Hearing Time: 2:00 p.m. |

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

NOTICE IS HEREBY GIVEN that on October 10, 2019, at 2:00 p.m., or as soon as counsel may be heard, Defendants HTC Corp. and HTC America, Inc. ("HTC") and Microsoft Corporation and Microsoft Mobile, Inc. ("Microsoft") will and do move the Court for leave to serve a subpoena on Defendant Acer after the discovery deadline. This Motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the declarations and/or exhibits in support filed currently herewith, the pleadings and papers on file herein, and any evidence and argument presented at the hearing. The parties met and conferred on this issue on May 30, 2019 but were unable to reach resolution.

## STATEMENT OF RELIEF SOUGHT

HTC and Microsoft ask the Court to grant them leave to serve a subpoena on Defendant Acer after the discovery deadline in this case.

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants HTC and Microsoft ("Defendants") respectfully request that the Court reopen discovery, so they may issue a subpoena to co-defendant Acer to obtain a single sales report from Acer that became relevant only after Acer agreed in a settlement to license the same patents in suit in this case.

Good cause exists because Philips' recent settlement and license with Acer was not announced to the Court until several months after the close of fact discovery. *See* Dkt. 646. Acer's sales information was not relevant to Defendants' defenses before that moment. Defendants immediately sought a copy of the new Acer license and related negotiation and background materials and have pressed Philips for nearly a month to produce the materials. *See* Ex. 1 to McBrayer Decl. (correspondence seeking production within days of Acer's settlement announcement). Philips has not yet produced it or the background materials.[1]

Defendants understand from Acer and Philips that the Acer license covers the patents at issue in this case. It is therefore relevant to the determination of damages. *See, e.g., See, e.g., Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1227 (Fed. Cir. 2014) ("licenses may be presented to the jury to help the jury decide an appropriate royalty award); *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1317–18 (Fed. Cir. 2011) ("royalties paid or received in licenses for the patent in suit . . . remain valid and important factors in the determination of a reasonable royalty rate"); *West v. Jewelry Innovations, Inc.*, C07-01812 JF (HRL), 2009 WL 668695, at *1 (N.D. Cal. Mar. 13, 2009) (ordering patentee to produce all license or settlement agreements relating to the patents-in-suit). Indeed, Philips' own damages expert relies on Philips' settlements with other past defendants in this case to calculate his reasonable royalty. So, as a threshold matter, the Acer license and related materials would be discoverable, if discovery were still open.

But Defendants need a sales report from Acer regarding the number of accused units that

---

[1] Philips and Acer confirmed the final license agreement was signed on May 23, 2019. Philips has agreed in principle to produce the license and related background materials once the parties reach a stipulation about when and how the damages experts will supplement their reports. Defendants are confident the parties will resolve this issue such that the only issue that remains will be the one presented here: whether Defendants may seek a sales report from fellow-defendant Acer that will allow us to interpret the Acer license.

are covered by Acer's license to better compare the license to facts applicable for each defendant (e.g., our own relative sales levels) and to test Philips' own damages expert. Acer agreed to pay Philips an amount of money in exchange for their license. Philips' damages expert, meanwhile, measured damages as a ***per-unit*** rate in his report. Defendants would accordingly like to analyze the effective per-unit royalty rate of the Acer license by, for instance dividing the amount of money Acer paid for its license by the number of licensed products Acer sold. This effective per-unit royalty rate of the Acer license may be relevant to rebutting the opinions of Philips' damages expert regarding the appropriate damages, if any, for the remaining Defendants.

But this analysis—which was not relevant before Acer agreed to settle and pay Philips an amount of money—requires a reasonable accounting of the Acer units covered under the license. Defendants hope to glean some of this from material that is in Philips' control, such as Philips' own damages contentions to Acer, which include Philips' own calculation of the number of accused Acer units from earlier in this case. *See* Ex. 2 to McBrayer Decl. (Philips email). But those contentions are among the background materials that Philips has thus far refused to produce, and which Defendants have been pursuing separately. *See id.* And in any event, Philips recently claimed while conferring on these issues that the Acer damages contentions "do not contain an accurate accounting of the Acer accused products at the time of service" including because the Court later allowed Philips to amend its contentions to add Acer devices to the case and because Acer sold additional accused units for nearly a year before licensing the asserted patents. *Id.*

Defendants cannot evaluate the truth of Philips' assertions because (as noted above) Philips has not yet produced the Philips/Acer agreement or its damages contentions against Acer. But taking Philips' representations at face value, good cause already exists to supplement the record with an *updated* sales report from Acer that will confirm the number of accused Acer units sold. Acer produced such a report before and confirmed that the data exists for an updated report. But since the original report, Philips was allowed by the Court to accuse additional products (*see* Dkt. 627) for which sales data was not included in the earlier report. Acer also sold additional units in the year leading to its settlement. Defendants thus need to subpoena Acer for an updated

sales report sufficient to discern the number of units Acer sold that were subject to the new license agreement.

Defendants accordingly request that the Court allow the limited reopening of discovery for Defendants to subpoena Acer for an updated sales report and to conduct a brief deposition, if necessary, to ensure the parties can understand the sales report. Good cause exists to reopen discovery in this limited manner. A copy of the proposed subpoena is attached. *See* Ex. 3 to McBrayer Decl.

Respectfully submitted May 31, 2019.

| /s/ Ryan J. McBrayer | /s/ Tiffany P. Cunningham |
|---|---|
| Ryan McBrayer (*pro hac vice*) | Tiffany P. Cunningham (*pro hac vice*) |
| Jonathan Putman (*pro hac vice*) | PERKINS COIE LLP |
| PERKINS COIE LLP | 131 South Dearborn, Suite 1700 |
| 1201 Third Avenue, Suite 4900 | Chicago, Illinois 60603 |
| Seattle, Washington, 98101 | Telephone: (312) 324-8400 |
| +1 (206) 359-8000 | Facsimile: (312) 324-9400 |
| +1 (206) 359-9000 facsimile | msft-philipsteam@perkinscoie.com |
| htc-philipsperkinsservice@perkinscoie.com | |
| | Judith Jennison (CA Bar No. 165929) |
| | Christina McCullough (CA Bar No. 245944) |
| John P. Schnurer (Cal. Bar No. 185725) | PERKINS COIE LLP |
| PERKINS COIE LLP | 1201 Third Avenue, Suite 4900 |
| 11988 El Camino Real, Suite 350 | Seattle, Washington, 98101 |
| San Diego, California, 92130 | Telephone: (206) 359-8000 |
| +1 (858) 720-5700 | Facsimile: (206) 359-9000 |
| +1 (858) 720-5799 facsimile | |
| htc-philipsperkinsservice@perkinscoie.com | Chad Campbell (CA Bar No. 258723) |
| | PERKINS COIE LLP |
| *Attorneys for Defendants HTC Corp. and HTC America, Inc.* | 2901 North Central Avenue, Suite 2000 |
| | Phoenix, Arizona, 85012 |
| | Telephone: (602) 351-8000 |
| | Facsimile: (602) 648-7000 |
| | |
| | *Attorneys for Intervenor-Plaintiff/Counterclaim Defendants Microsoft Corporation and Microsoft Mobile Inc.* |

ATTESTATION UNDER CIVIL L.R. 5-1(i)(3)

The signing counsel above have authorized me to execute this document on their behalf, and I have on file holographic signatures corresponding to any conformed signatures.

Dated May 31, 2019.         */s/ Ryan J. McBrayer*
                            Ryan J. McBrayer