# EXHIBIT 3

# Unredacted Version of Document Sought to Be Sealed

**From:** Pickens, Robert S. <RSPickens@Venable.com>
**Sent:** Wednesday, June 12, 2019 6:07 PM
**To:** McBrayer, Ryan J. (SEA) <RMcBrayer@perkinscoie.com>; Putman, Jonathan R. (Jon) (SEA) <JPutman@perkinscoie.com>; Philips Prosecution Bar <PhilipsProsecutionBar@venable.com>; Kaufman, C. <ckaufman@tklg-llp.com>
**Cc:** Roy Vice <viceroy@wc.com>; *MSFT - Philips Team <MSFT-PhilipsTeam@perkinscoie.com>; *HTC-Philips Perkins Service <HTC-PhilipsPerkinsService@perkinscoie.com>; Vice, Roy <viceroy@matters.warrenlex.com>; Christopher Holland <cholland@hollandlawllp.com>; 'Lori Holland (lholland@hollandlawllp.com)' <lholland@hollandlawllp.com>
**Subject:** RE: Philips cases: Dispute re: Acer Subpoena

Ryan,

In the interest of compromise, without waiver of any relevant objections made by Philips in response to any underlying Requests for Production, and to avoid burdening the Court, Philips agrees to your proposal. We will produce the requested materials shortly (including those indicated in the first bullet of your June 5, 2019 email).

Philips' acceptance of your offer should not be construed as a waiver of any otherwise existing right to address new material raised for the first time in Defendants' supplemental damages reports that Philips is not sufficiently on notice of prior to the service of Philips' own supplemental damages reports, and Philips reserves all such rights.

Best,

Robert S. Pickens, Esq. | Venable LLP
t 212.218.2333 | f 212.218.2200
1290 Avenue of the Americas, 20th Floor, New York, NY 10104

RSPickens@Venable.com | www.Venable.com

**From:** McBrayer, Ryan J. (Perkins Coie) [mailto:RMcBrayer@perkinscoie.com]
**Sent:** Wednesday, June 12, 2019 4:30 PM
**To:** Pickens, Robert S. <RSPickens@Venable.com>; Putman, J. <JPutman@perkinscoie.com>; Philips Prosecution Bar <PhilipsProsecutionBar@venable.com>; Kaufman, C. <ckaufman@tklg-llp.com>
**Cc:** Roy Vice <viceroy@wc.com>; MSFT-PhilipsTeam <MSFT-PhilipsTeam@perkinscoie.com>; HTC-PhilipsPerkinsService <HTC-PhilipsPerkinsService@perkinscoie.com>; Vice, Roy <viceroy@matters.warrenlex.com>; Christopher Holland <cholland@hollandlawllp.com>; 'Lori Holland (lholland@hollandlawllp.com)' <lholland@hollandlawllp.com>
**Subject:** RE: Philips cases: Dispute re: Acer Subpoena

Philips Counsel:
After speaking with Natalie on the phone, I understand there is interest still in the below proposal. It is still on the table if Philips wants to agree to this solution to avoid motion practice.

Best,
Ryan

**From:** McBrayer, Ryan J. (SEA)
**Sent:** Wednesday, June 5, 2019 1:23 PM
**To:** Pickens, Robert S. <RSPickens@Venable.com>; Putman, Jonathan R. (Jon) (SEA) <JPutman@perkinscoie.com>; Philips Prosecution Bar <PhilipsProsecutionBar@venable.com>; Kaufman, C. <ckaufman@tklg-llp.com>
**Cc:** Roy Vice <viceroy@wc.com>; *MSFT - Philips Team <MSFT-PhilipsTeam@perkinscoie.com>; *HTC-Philips Perkins

Service <HTC-PhilipsPerkinsService@perkinscoie.com>; Vice, Roy <viceroy@matters.warrenlex.com>; Christopher Holland <cholland@hollandlawllp.com>; 'Lori Holland (lholland@hollandlawllp.com)' <lholland@hollandlawllp.com>
**Subject:** RE: Philips cases: Dispute re: Acer Subpoena

Robert,
Following our conference on this matter, Defendants were able to assemble a proposal based on what the parties discussed. Please let us know if Philips will agree to this:

- Philips produces all of the withheld materials immediately, no later than June 7. This includes the Acer license, Philips' damages contentions against Acer, the Acer witness transcript that Philips contends is relevant to interpreting the contentions, and all negotiation communications and documents exchanged with Acer relating or leading to the license.
- After the Court resolves the motion to serve the subpoena on Acer, within 14 days of the Court's decision denying the motion or 14 days of Acer producing responsive documents and any deposition, Philips may serve a supplemental damages expert report solely to address the Acer settlement.
- Defendants (HTC, Microsoft, ASUS) may serve a supplemental damages expert report 14 days after they receive Philips' supplemental report or after Philips notifies Defendants they will not be serving a supplemental report.
- Within 30 days of service of Defendants' responsive reports, each party may take up to a 1-hour deposition of each expert that served a supplemental report on them (e.g., HTC, Microsoft, and ASUS each get 1 hour with Philips' damages expert; Philips gets 1 hour with each of HTC, Microsoft, and ASUS's damages expert), with each deposition limited to topics addressed in the supplemental reports.

We note that Philips continues to withhold relevant and responsive materials on the eve of expert reports. By its own admission, Philips has possessed the signed Acer license for two weeks and the supporting materials listed above for months. We urge Philips to produce these documents promptly so that further delay and supplementation of damages expert reports can be avoided.

Best Regards,
Ryan

---

**From:** Pickens, Robert S. <RSPickens@Venable.com>
**Sent:** Thursday, May 30, 2019 8:05 AM
**To:** Putman, Jonathan R. (Jon) (SEA) <JPutman@perkinscoie.com>; McBrayer, Ryan J. (SEA) <RMcBrayer@perkinscoie.com>; Philips Prosecution Bar <PhilipsProsecutionBar@venable.com>; Kaufman, C. <ckaufman@tklg-llp.com>
**Cc:** Roy Vice <viceroy@wc.com>; *MSFT - Philips Team <MSFT-PhilipsTeam@perkinscoie.com>; *HTC-Philips Perkins Service <HTC-PhilipsPerkinsService@perkinscoie.com>; Vice, Roy <viceroy@matters.warrenlex.com>; Christopher Holland <cholland@hollandlawllp.com>; 'Lori Holland (lholland@hollandlawllp.com)' <lholland@hollandlawllp.com>
**Subject:** RE: Philips cases: Dispute re: Acer Subpoena

Jonathan,

I write in response to your email below regarding the recent settlement agreement between Acer and Philips.

Contrary to your assertion, we have not promised to provide you with the materials you have requested, let alone on a particular timeline. Throughout our discussions we have made numerous proposed compromise offers in an effort to resolve this matter without involving the Court, but each has been premised on your acceptance and your agreement that such offers will resolve this matter between the parties (*see, e.g.*, our May 13, 2019 offer, which was made "to the extent that it resolves your request"). Such offers are called for by Magistrate Judge Laporte's Order Regarding Discovery Procedures in connection with discovery disputes (*see* Dkt. No. 343 at p. 2). You have not accepted any of these offers, and instead have expanded the scope of your request following each such offer. If the parties cannot reach agreement regarding this matter without the involvement of the Court, Philips reserves its right to contest Defendants

right to receive any of your requested materials. Nevertheless, Philips remains willing to agree to the proposed compromise offer made in my May 24, 2019 email.

Furthermore, our communications regarding the appropriate procedure for your request to reopen fact discovery to subpoena Acer have not been made in an attempt to delay, as you allege, nor could they be. If you would like to submit a discovery dispute letter to Magistrate Judge Laporte regarding this issue, we will provide you with our portion of that letter. Our response will note that we do not agree that such a letter is the appropriate procedural mechanism for your request. However, even without such a statement, we expect that the Court is unlikely to grant such a request, and therefore we have provided you with our forewarning of that expectation in an effort to avoid unnecessary delay.

We are available to meet and confer regarding these matters at 12:30PM PT/3:30PM ET. Please circulate a dial-in.

Best,

Rob

Robert S. Pickens, Esq. | Venable LLP
t 212.218.2333 | f 212.218.2200
1290 Avenue of the Americas, 20th Floor, New York, NY 10104

RSPickens@Venable.com | www.Venable.com

---

**From:** Putman, Jonathan R. (Jon) (Perkins Coie) [mailto:JPutman@perkinscoie.com]
**Sent:** Wednesday, May 29, 2019 5:35 PM
**To:** Pickens, Robert S. <RSPickens@Venable.com>; McBrayer, R. <RMcBrayer@perkinscoie.com>; Philips Prosecution Bar <PhilipsProsecutionBar@venable.com>; Kaufman, C. <ckaufman@tklg-llp.com>
**Cc:** Roy Vice <viceroy@wc.com>; MSFT-PhilipsTeam <MSFT-PhilipsTeam@perkinscoie.com>; HTC-PhilipsPerkinsService <HTC-PhilipsPerkinsService@perkinscoie.com>; Vice, Roy <viceroy@matters.warrenlex.com>; Christopher Holland <cholland@hollandlawllp.com>; 'Lori Holland (lholland@hollandlawllp.com)' <lholland@hollandlawllp.com>
**Subject:** RE: Philips cases: Dispute re: Acer Subpoena

Robert,

We propose to meet and confer at 10am or 12:30pm Pacific tomorrow (Thursday). We do not necessarily agree that this issue should go to Judge Gilliam (and view this as just another attempt at delay). But if that is your position, please be prepared on the call to confer in advance of such a filing. Please let us know which time works for you, or else propose some alternatives for tomorrow.

Also, your letter of May 24, 2019 acknowledged that the Acer agreement was signed last week, and promised to produce certain Acer-related materials today (May 29, 2019). However, you also indicated that you will withhold production unless we agree not to preclude your damages expert from opining on “any issues raised by the Acer-Philips settlement agreement.” As Mr. McBrayer said in his letter on May 23, 2019, this is inappropriate. Philips’ obligation under the Rules to produce these materials is unrelated to how (if at all) the parties’ experts may opine upon it. Once Philips complies with its fact discovery obligations, we can discuss expert discovery, and we expect to be reasonable and cooperative in that discussion. But you are not entitled to withhold this discovery pending the outcome of that discussion. This appears to be yet another attempt to delay a production that you promised weeks ago. If you intend to stand on this position, and will not produce the Acer materials today, please let us know immediately.

Jon

---

**From:** Pickens, Robert S. <RSPickens@Venable.com>
**Sent:** Wednesday, May 29, 2019 12:35 PM

**To:** McBrayer, Ryan J. (SEA) <RMcBrayer@perkinscoie.com>; Philips Prosecution Bar <PhilipsProsecutionBar@venable.com>; Kaufman, C. <ckaufman@tklg-llp.com>
**Cc:** Roy Vice <viceroy@wc.com>; *MSFT - Philips Team <MSFT-PhilipsTeam@perkinscoie.com>; *HTC-Philips Perkins Service <HTC-PhilipsPerkinsService@perkinscoie.com>; Vice, Roy <viceroy@matters.warrenlex.com>; Christopher Holland <cholland@hollandlawllp.com>; 'Lori Holland (lholland@hollandlawllp.com)' <lholland@hollandlawllp.com>
**Subject:** RE: Philips cases: Dispute re: Acer Subpoena

HTC and Microsoft Counsel,

I write to follow up on the below correspondence, as well as the voicemail Jonathan Putman left for our local counsel this morning regarding the proper procedural mechanism for your request to subpoena sales data from Acer.

To expand on my email below, your request would necessitate reopening fact discovery (which closed months ago), and would therefore require an amendment to the Scheduling Order.

Any such amendment should be sought through a properly-noticed motion under Local Rule 6-3, and set for hearing before Judge Gilliam.  Indeed, both HTC and Microsoft have previously moved the Court in this manner to seek a modification to the fact discovery deadline to allow for discovery into a license agreement.  *See, e.g.*, Dkt. No. 588.

If you have a different view, please let us know.  We are available to meet and confer tomorrow (Thursday) afternoon, to the extent that you would like to speak further.

Best,

Rob

Robert S. Pickens, Esq. | Venable LLP
t 212.218.2333 | f 212.218.2200
1290 Avenue of the Americas, 20th Floor, New York, NY 10104

RSPickens@Venable.com | www.Venable.com

**From:** Pickens, Robert S.
**Sent:** Tuesday, May 28, 2019 6:08 PM
**To:** 'McBrayer, Ryan J. (Perkins Coie)' <RMcBrayer@perkinscoie.com>; Philips Prosecution Bar <PhilipsProsecutionBar@venable.com>; Kaufman, C. <ckaufman@tklg-llp.com>
**Cc:** Roy Vice <viceroy@wc.com>; MSFT-PhilipsTeam <MSFT-PhilipsTeam@perkinscoie.com>; HTC-PhilipsPerkinsService <HTC-PhilipsPerkinsService@perkinscoie.com>; Vice, Roy <viceroy@matters.warrenlex.com>; Christopher Holland <cholland@hollandlawllp.com>; 'Lori Holland (lholland@hollandlawllp.com)' <lholland@hollandlawllp.com>
**Subject:** RE: Philips cases: Dispute re: Acer Subpoena

HTC and Microsoft Counsel,

We are considering your request to reopen fact discovery, as well as your draft letter and your draft subpoena now.  However, your request to meet and confer regarding this matter within one business day of your email is not reasonable, nor is your request to submit a joint filing to the Court within two business days (especially in view of the multiple other filings Philips has due in this matter today, and in view of the holiday weekend).  We expect to get back to you with our position shortly, but Philips must be afforded time to fairly consider your request and your proposed filing.

As a preliminary matter, and regardless of Philips' position regarding your request, your proposal to seek relief from the Court through Magistrate Judge Laporte's discovery dispute procedure is improper.  A motion to reopen fact discovery is not a discovery dispute, and the deadline for such disputes passed months ago in any event.  *See* L.R. 37-3.

Best,

Rob

Robert S. Pickens, Esq. | Venable LLP
t 212.218.2333 | f 212.218.2200
1290 Avenue of the Americas, 20th Floor, New York, NY 10104

RSPickens@Venable.com | www.Venable.com

**From:** McBrayer, Ryan J. (Perkins Coie) [mailto:RMcBrayer@perkinscoie.com]
**Sent:** Friday, May 24, 2019 2:30 PM
**To:** Philips Prosecution Bar <PhilipsProsecutionBar@venable.com>; Kaufman, C. <ckaufman@tklg-llp.com>
**Cc:** Roy Vice <viceroy@wc.com>; MSFT-PhilipsTeam <MSFT-PhilipsTeam@perkinscoie.com>; HTC-PhilipsPerkinsService <HTC-PhilipsPerkinsService@perkinscoie.com>; Pickens, Robert S. <RSPickens@Venable.com>; Vice, Roy <viceroy@matters.warrenlex.com>; Christopher Holland <cholland@hollandlawllp.com>
**Subject:** Philips cases: Dispute re: Acer Subpoena

Dear Philips and Acer Counsel:

As I have discussed with both parties in recent days, HTC and Microsoft intend to move the court for permission to serve a subpoena with the attached topics on Acer. As you can see, there is a single topic that is narrowly tailored to seek only sales information for the products accused in the case and licensed under the terms the parties informed the court about and single topic for testimony to make sure this round of Acer sales information is clear. We hope that such testimony is not required if Philips will stipulate to the authenticity and accuracy of the sales report Acer eventually produces.

Please fill out your respective portions of the attached letter. If you would like to confer as a group beyond what we have discussed on the phone individually, we would be happy to do so today at 1-3pm PDT or Tuesday during any business hour PDT. We intend to file the letter to Judge Laporte next Wednesday so that a decision may be made in time for Acer to comply with the subpoena before related expert report are due.

Best Regards,
Ryan

**Ryan McBrayer**
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
PHONE: 206.359.3073
FAX: 206.359.4073
E-MAIL: RMcBrayer@perkinscoie.com

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

**********************************************************************
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
**********************************************************************

---

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

**********************************************************************
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
**********************************************************************

---

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

**********************************************************************
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
**********************************************************************