United States District Court
Northern District of California

1

2

3

4 UNITED STATES DISTRICT COURT

5 NORTHERN DISTRICT OF CALIFORNIA

6

7 IN RE KONINKLIJKE PHILIPS PATENT LITIGATION

Case No. 18-cv-01885-HSG

8

9 This Document Relates To:

**ORDER GRANTING DEFENDANTS'
MOTION FOR LEAVE TO SERVE
SUBPOENA AFTER DISCOVERY
DEADLINE**

10

ALL ACTIONS

Re: Dkt. No. 663

11

12

13    Defendants HTC and Microsoft moved to reopen discovery for the limited purpose of

14 issuing a subpoena on co-defendant Acer to obtain a sales report for products that Plaintiff Philips

15 has accused of infringing. Dkt. Nos. 663, 691-1[1] ("Mot."). For the reasons articulated below, the

16 Court **GRANTS** Defendants' motion for leave to serve subpoena after discovery deadline.

17 **I.    BACKGROUND**

18    Fact discovery concluded in January 2019 (with limited exceptions to which the parties

19 stipulated with the Court's permission) and expert discovery is scheduled to close in August 2019.

20 Defendants now seek to reopen discovery for the limited purpose of issuing a subpoena to Acer

21 for a sales report. *See generally* Mot. Philips and Acer executed a settlement agreement at the end

22 of May 2019, which Phillips produced to Defendants. Dkt. Nos. 679-2, 691-5 ("Reply") at 5–6.

23 Under the settlement, Acer paid Philips a lump sum of money in exchange for a license agreement.

24 Mot. at 4. Defendants assert that Acer's sales report for the accused infringing products may be

25

26    [1] The Court denied the parties' administrative motions to file under seal excerpts of their briefs on

27 Defendants' motion for leave to serve subpoena and portions of declarations and exhibits in
support of their briefs. Dkt. No. 689. Instead of filing renewed administrative motions to file
under seal, the parties decided to file unredacted versions of all documents at issue. The

28 unredacted version of Defendants' motion is at Dkt. No. 691-1.

1  relevant to rebut the opinions of Philips' expert on royalty damages. *Id.* Because the damages

2  expert calculated royalty damages on a per-unit basis, Defendants argue that they can use Acer's

3  sales report to extrapolate the per-unit royalty rate of the accused products under the Acer license

4  to more properly evaluate the expert's calculation (*i.e.* Defendants would like to take the

5  settlement amount and divide the quantities from the sales report to determine the per-unit value).

6  *Id.*

7  **II.   LEGAL STANDARD**

8        Federal Rule of Civil Procedure 16 provides that "[a] schedule may be modified only for

9  good cause and with the judge's consent." Fed. R. Civ. P. 16. "Rule 16(b)'s 'good cause'

10  standard primarily considers the diligence of the party seeking the amendment." *Johnson v.*

11  *Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992); *see also* Fed. R. Civ. P. 16

12  Advisory Committee's Notes (1983 amendment) (noting court may modify schedule "if it cannot

13  reasonably be met despite the diligence of the party seeking the extension"). Thus, "Rule 16(b)'s

14  'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.*;

15  *see also Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1294 (9th Cir. 2000). Where the moving

16  party has not been diligent, the inquiry ends, and the motion should be denied. *Zivkovic v. S. Cal.*

17  *Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson,* 975 F.2d at 609. Whether or not to

18  reopen discovery is in the discretion of the district court: the district court has "wide latitude in

19  controlling discovery." *United States v. Reliance Ins. Co.*, 799 F.2d 1382, 1387 (9th Cir. 1986).

20  **III.   DISCUSSION**

21        The Court finds that Defendants have established good cause to reopen discovery for the

22  limited purpose of issuing a subpoena to Acer for its sales report. Philips' main opposition is that

23  Defendants' discovery request will not lead to relevant evidence, as using a settlement agreement

24  to calculate a reasonable royalty may yield misleading results. Dkt. Nos. 672-4, 691-3 ("Opp.") at

25  4–7. The Court recognizes the potential unreliability of extrapolating royalty damages based on a

26  settlement agreement, given that the settlement amount may have been highly influenced by the

27  desire to avoid litigation costs. *See Rude v. Westcott*, 130 U.S. 152, 164 (1889) ("Many

28  considerations other than the value of the improvements patented may induce the payment in such

1    cases. The avoidance of the risk and expense of litigation will always be a potential motive for a

2    settlement."). But at this juncture, the Court need not evaluate the reliability of an expert's

3    methodology or whether evidence of royalty damages calculated through a settlement agreement

4    and sales report is admissible. Rather, the court must consider "the likelihood that the discovery

5    will lead to relevant evidence." *U.S. ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526

6    (9th Cir. 1995), *vacated on other grounds*, 520 U.S. 939 (1997). The Court finds that at this stage,

7    Defendants' limited request may lead to evidence relevant to determining royalty damages, as the

8    Federal Circuit has held that settlement agreements may in limited circumstances be used to

9    establish reasonable royalty damages. *See LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694

10   F.3d 51, 77 (Fed. Cir. 2012) ("Despite the longstanding disapproval of relying on settlement

11   agreements to establish reasonable royalty damages, we recently permitted such reliance under

12   certain limited circumstances."); *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 872 (Fed. Cir.

13   2010) ("This court observes as well that the most reliable license in this record arose out of

14   litigation."). The *admissibility* of this evidence is a different question to be addressed at a later

15   stage.

16       Having found that Defendants' requested discovery is relevant, the Court next considers

17   whether Defendants were diligent in seeking to reopen discovery. Defendants requested

18   documents from Philips shortly after Philips and Acer began settlement discussions. *See* Dkt. No.

19   646; Dkt. Nos. 666-6, 691-2, Ex. 2. Defendants filed their motion to reopen discovery on May 31,

20   2019, soon after Philips and Acer executed their settlement agreement. Therefore, the Court finds

21   that Defendants were diligent in bringing this motion.

22       Philips would not be unduly prejudiced by any supplemental damages expert reports, as

23   Philips has apparently agreed to serve limited supplemental damages reports to address the Acer

24   settlement. *See* Opp. at 3. The Court does not find that adding this limited discovery request

25   would disproportionately "stretch" the scope of the supplemental reports beyond reason. *See id.*

26   Defendants represent that the case schedule would not be substantively impacted, as the hearing

27   for any dispositive and *Daubert* motions is not until November 14, 2019. Dkt. No. 631. Any

28   extensions for expert discovery and motions deadlines (if warranted) may still be accommodated

3

without affecting the hearing deadline.  Further, trial is not imminent, as the case against Microsoft is not set for trial until February 2020.  *See* Dkt. No. 573.

**IV.    CONCLUSION**

Accordingly, the Court **GRANTS** Defendants' motion and will reopen discovery for the limited purpose of allowing Defendants to serve a subpoena on Acer for the sales report.  If the parties believe any extensions to the expert discovery deadline and dispositive and *Daubert* motions briefing schedule are necessary, they must meet and confer and submit a stipulation with their proposed schedule by August 5, 2019.  The dispositive and *Daubert* motions hearing date of November 14, 2019 must remain unchanged in any proposed modifications.

**IT IS SO ORDERED.**

Dated:  7/30/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

4