Michael P. Sandonato (admitted *pro hac vice*)
msandonato@venable.com
John D. Carlin (admitted *pro hac vice*)
jcarlin@venable.com
Natalie Lieber (admitted *pro hac vice*)
ndlieber@venable.com
Christopher M. Gerson (admitted *pro hac vice*)
cgerson@venable.com
Jason M. Dorsky (admitted *pro hac vice*)
jmdorsky@venable.com
Stephen Yam (admitted *pro hac vice*)
jsharret@venable.com
Daniel A. Apgar (admitted *pro hac vice*)
dapgar@venable.com

Jonathan M. Sharret (admitted *pro hac vice*)
jsharret@venable.com
Daniel A. Apgar (admitted *pro hac vice*)
dapgar@venable.com
Robert S. Pickens (admitted *pro hac vice*)
rspickens@venable.com
Sean M. McCarthy (admitted *pro hac vice*)
smccarthy@venable.com
Joshua D. Calabro (admitted *pro hac vice*)
jdcalabro@venable.com
Stephen Yam (admitted *pro hac vice*)
syam@venable.com
Caitlyn N. Bingaman (admitted *pro hac vice*)
cnbingaman@venable.com

VENABLE LLP
1290 Avenue of the Americas
New York, New York 10104-3800
Tel: (212) 218-2100
Fax: (212) 218-2200

Chris Holland (SBN 164053)
cholland@hollandlawllp.com
Lori L. Holland (SBN 202309)
lholland@hollandlawllp.com
Ethan Jacobs (SBN 291838)
ejacobs@hollandlawllp.com
HOLLAND LAW LLP
220 Montgomery Street, Suite 800
San Francisco, CA  94104
Tel: (415) 200-4980
Fax: (415) 200-4989

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| In Re Koninklijke Philips Patent Litigation | Case No. 4:18-CV-01885-HSG<br><br>JURY TRIAL DEMANDED<br><br>Date: November 14, 2019<br>Time: 2 p.m.<br>Judge: Hon. Haywood S. Gilliam, Jr.<br>Courtroom: 2 |

**NOTICE OF MOTION AND MOTION TO EXCLUDE CERTAIN OPINIONS IN DR. NIELSON'S OPENING EXPERT REPORT SERVED ON BEHALF OF HTC CONCERNING U.S. PATENT NO. 9,436,809**

**TABLE OF CONTENTS**

I. Introduction ........................................................................................................................ 1

II. Statement of Facts ............................................................................................................. 2

III. Applicable Law ................................................................................................................. 3

IV. Argument .......................................................................................................................... 4

    A. DTCP 1.2 ..................................................................................................................... 4

    B. Remaining DTCP Revisions (including DTCP 1.2a) ................................................. 6

V. Conclusion ......................................................................................................................... 6

# TABLE OF AUTHORITIES

CASES

CASES

*Allergan, Inc. v. Apotex Inc.*,
 754 F.3d 952 (Fed. Cir. 2014) ............................................................................................. 4

*CNET Networks, Inc. v. Etilize, Inc.*,
 584 F.Supp.2d 1260 (N.D. Cal. 2008) ................................................................................. 4

*In re Bayer*,
 568 F.2d 1357 (CCPA 1978) ............................................................................................... 4

*Mahurkar v. C.R. Bard, Inc.*,
 79 F.3d 1572 (Fed. Cir. 1996) ............................................................................................. 4

*Open Text S.A. v. Box, Inc.*,
 No. 13-cv-04910-JD, 2015 WL 4940798 (N.D. Cal. Aug. 19, 2015) ................................. 4

*Oxford Gene Tech. Ltd. v. Mergen Ltd.*,
 345 F.Supp.2d 431 (D. Del. 2004) ...................................................................................... 4

*SRI Int'l, Inc. v. Internet Sec. Sys.*,
 511 F.3d 1186 (Fed. Cir. 2008) ........................................................................................... 4

TREATISES

1 W. Robinson, The Law of Patents 327 (1890) ......................................................................... 4

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR COUNSEL: PLEASE TAKE NOTICE THAT on November 14, 2019, at 2 p.m., Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation (collectively, "Philips") hereby move the Court to exclude certain opinions proffered in Dr. Seth Nielson's April 25, 2019 opening expert report ("Opening Report") served on behalf of HTC concerning U.S. Patent No. 9,436,809 ("the '809 patent").

## RELIEF SOUGHT

Philips respectfully requests that the Court issue an Order excluding (i) any testimony or opinions proffered by HTC pertaining to the "DTCP 1.2" obviousness theories presented in Dr. Seth Nielson's April 25, 2019 Opening Report (Opening Report at ¶¶ 217-221 (section IX.B.3.), 288-509 (sections IX.D.2.a. and IX.D.2.b), 802-1026 (sections IX.D.2.e and IX.D.2.f.)), and (ii) any testimony or opinions that Dr. Nielson may offer at trial pertaining to invalidity theories based on other revisions of DTCP.

## I.  INTRODUCTION

The Court should exclude Dr. Nielson's "DTCP" obviousness opinions because they are not supported by any reliable evidence. In his Opening Report, Dr. Nielson presents various invalidity theories that rely on a document known as Digital Transmission Content Protection Specification, Revision 1.2 ("DTCP 1.2"). (Ex. 1 at ¶¶ 217-221, 288-509, 802-1026.)[1] In his Opening Report, Dr. Nielson theorizes, without any basis, that DTCP 1.2 was published as of the

---

[1] Unless otherwise indicated, citations to "Ex." herein refer to exhibits to the Declaration of Caitlyn N. Bingaman, submitted herewith.

date printed on the document. (*Id*. at ¶¶ 217-221). But such a printing date by itself is insufficient to establish that the document was actually published (*i.e.*, publicly available). Moreover, the document itself is replete with "DRAFT VERSION" annotations, indicating it was not intended for public dissemination. And, a printing history provided within the current revision of the DTCP specification makes no mention of a "revision 1.2" or the date listed on the DTCP 1.2 document.

As for any other revision of DTCP, the invalidity theories in Dr. Nielson's Opening Report are not based on any DTCP revision other than revision 1.2, and he testified that his invalidity theories in his Opening Report are based specifically on DTCP 1.2.

Since Dr. Nielson has failed to establish that DTCP 1.2 qualifies as prior art to the '809 patent and he has not proffered any invalidity theories relying on any other revision of DTCP, Dr. Nielson should not be permitted to offer testimony on any "DTCP" theories at trial.

## II.   STATEMENT OF FACTS

On April 25, 2019, HTC served an opening report of its expert, Dr. Seth J. Nielson, in which Dr. Nielson opined that the '809 patent claims are obvious over revision 1.2 of the Digital Transmission Content Protection Specification Volume 1 (the "DTCP 1.2" reference) in combination with various other references. Dr. Nielson asserted, without explanation or evidence[2], that DTCP 1.2 "was published on July 11, 2001." (Ex. 1 at ¶ 221). DTCP 1.2 does bear a date of July 11, 2001. (Ex. 3 at 1). But, there is no evidence that DTCP 1.2 was published, or otherwise made publically accessible, on that date, or any other date prior to the

---

[2] Dr. Nielson also confirmed that his Opening Report includes all the facts and data that he used to reach the conclusions in the report. (Nielson Dep. Tr. at 26:5-27:4).

2
NOTICE OF MOTION AND MOTION TO EXCLUDE CERTAIN OPINIONS IN
DR. NIELSON'S OPENING EXPERT REPORT SERVED ON
BEHALF OF HTC CONCERNING U.S. PATENT NO. 9,436,809
CASE NUMBER 4:18-CV-01885-HSG

'809 patent priority date. At his deposition, Dr. Nielson conceded that he "did not do any additional kind of analysis" into whether DTCP 1.2 was actually published. (Ex. 2 at 86:10-22). Instead, Dr. Nielson merely "accepted this date that is on [page 1 of DTCP 1.2] as the date that it was published." (Ex. 2 at 85:12-86:17).

HTC has not in any of its discovery responses or elsewhere pointed to any evidence that DTCP 1.2 was published prior to the '809 patent priority date. In fact, HTC did not even disclose DTCP 1.2 (which bears bates-stamps HTC-PHIL-EXP-SN-0910 through -0980) in its Patent Local Rule 3-3 and 3-4 disclosures as a reference it might rely on to contest the validity of the '809 patent. (*See* Ex. 4 at 69-71; Ex. 5 (no identification of bates-stamps HTC-PHIL-EXP-SN-0910 through -0980)). Rather, HTC's Patent Local Rule 3-3 and 3-4 disclosures refer to a different revision of the DTCP Specification ("DTCP 1.2a"), which was allegedly published in 2002. (Ex. 6 (DTCP 1.2a, bates-stamped PRIORART044427 through -493); Ex. 4 at 69-71 and Exhibits K-1 through K-13; Ex. 5 at 12 (identifying bates-stamps PRIORART044427 through -493)).

When deposed, Dr. Nielson confirmed that the document he relied upon in his opening report was DTCP 1.2 (*e.g.*, not DTCP 1.2a). (Ex. 2 at 82:15-10, 84:20-85:25).

### III. APPLICABLE LAW

A party asserting invalidity bears the burden of persuasion to show, by clear and convincing evidence, that a reference qualifies as prior art to the patent-in-suit. *Allergan, Inc. v. Apotex Inc.*, 754 F.3d 952, 967 (Fed. Cir. 2014); *see also Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1578 (Fed. Cir. 1996). To constitute prior art, a printed publication must have been "publicly accessible" prior to the priority date of the asserted claims of the patent-in-suit. *SRI*

*Int'l, Inc. v. Internet Sec. Sys.*, 511 F.3d 1186, 1194-95 (Fed. Cir. 2008).  To show public accessibility, the party asserting invalidity must establish that the document "has been disseminated or otherwise made available to the extent that persons interested and ordinarily skilled in the subject matter or art exercising reasonable diligence, can locate it."  *Id.* at 1194. Limited distribution, even to those skilled in the art, may not amount to "publication" unless the material is otherwise so situated that "anyone who chooses may avail himself of the information it contains."  *In re Bayer*, 568 F.2d 1357, 1360, 1362 (CCPA 1978) (quoting 1 W. Robinson, The Law of Patents 327 at 448 (1890)).

When an expert relies on references that "are not prior art," excluding the expert's opinions as "unreliable under *Daubert*" is proper.  *See*, *e.g.*, *Oxford Gene Tech. Ltd. v. Mergen Ltd.*, 345 F.Supp.2d 431, 440-41 (D. Del. 2004).

## IV.  ARGUMENT

### A.  DTCP 1.2

Dr. Nielson has failed to present sufficient evidence to establish that DTCP 1.2 was publicly accessible prior to the '809 patent priority date.  Courts in this district have previously held the mere fact that a document bears a date is insufficient to establish public accessibility.  *Open Text S.A. v. Box, Inc.*, No. 13-cv-04910-JD, 2015 WL 4940798, at *6 (N.D. Cal. Aug. 19, 2015) (citing *SRI Int'l,* 511 F.3d at 1194; *CNET Networks, Inc. v. Etilize, Inc.*, 584 F.Supp.2d 1260, 1273-74 (N.D. Cal. 2008)) ("[P]rinting dates may indicate when the document was created, but they do not prove the necessary predicate to establishing 'public accessibility'—that the document was 'disseminated or otherwise made available to the extent that persons interested and ordinarily skilled in the subject matter or art exercising reasonable diligence, can locate

it.'"). Dr. Nielson's assumption that the date on DTCP 1.2 reflects actual publication is pure speculation and no evidence of public accessibility.

In fact, the available evidence indicates that DTCP 1.2 was actually <u>not</u> published.  <u>First</u>, several sections of DTCP 1.2 are labeled "[Draft Version 0.9]". (Ex. 3 at 47, 63 (3 instances of draft label), 66 (3 instances of draft label), 70). The "[Draft Version 0.9]" labels within DTCP 1.2 indicate that as of the July 11, 2001 date, it was not a finished document, and likely had at most been circulated amongst individuals involved in its preparation, rather than made public.

<u>Second</u>, DTCP's web site lists the current publically available revision 1.71 of DTCP ("DTCP 1.71"), and DTCP 1.71 includes a "Printing History" that identifies prior versions of DTCP. (Ex. 7 (containing a link entitled "DTCP Specification Volume 1 Revision 1.71 (Informational Version)"); Ex. 8 at 2).[3] Neither "revision 1.2" nor the July 11, 2001 date (that Dr. Nielson associated with DTCP 1.2) even appear within the Printing History provided in DTCP 1.71. Instead, the DTCP 1.71 Printing History transitions directly from revision 1.<u>1</u> (associated with a July 14, 2000 date) to revision 1.<u>2a</u> (associated with a February 25, 2002 date). (Ex. 8 at 2; Ex. 2 at 92:5-96:9). The Printing History in DTCP 1.71 further undermines any suggestion that DTCP 1.2 was disseminated or made available to the public prior to the '809 priority date.

<u>Third</u>, HTC failed to present any other theories indicating public accessibility of DTCP 1.2, let alone even identify DTCP 1.2 in its Patent Local Rule 3-3 and 3-4 disclosures.

---

[3] The DTCP web site and DTCP 1.71 were presented to Dr. Nielson during his deposition as Exhibits 9 and 10, respectively.

Since neither HTC nor Dr. Nielson advanced any evidence to establish that DTCP 1.2 was published prior to the priority date of the '809 patent, Dr. Nielson cannot establish that DTCP 1.2 qualifies as prior art to the '809 patent. Dr. Nielson should therefore be precluded from presenting any testimony that the '809 patent claims are obvious over DTCP 1.2.

### B.    Remaining DTCP Revisions (including DTCP 1.2a)

Dr. Nielson acknowledged that the invalidity grounds presented in his Opening Report are based on DTCP 1.2, rather than DTCP 1.2a or any other DTCP revision. (Ex. 2 at 82:15-10, 84:20-85:25). And, Dr. Nielson has not presented any invalidity opinions to date based on any DTCP revision other than revision 1.2.

Accordingly, Dr. Nielson should also be precluded from presenting any testimony at trial that the '809 patent claims are obvious over any other revision of DTCP (including DTCP 1.2a).

## V.    CONCLUSION

For the reasons set forth herein, Philips respectfully requests that the Court exclude (i) the invalidity theories relying on DTCP 1.2 presented in Dr. Seth Nielson's April 25, 2019 opening expert report served on behalf of HTC and concerning the '809 patent, and (ii) any invalidity theories that Dr. Nielson may present at trial based on other revisions of DTCP beyond revision 1.2.

Dated: August 29, 2019

|   |   |
|---|---|
| | Respectfully submitted, |
| Chris Holland (SBN 164053) | /s/ Stephen Yam |
| Lori L. Holland (SBN 202309) | |
| HOLLAND LAW LLP | Michael Sandonato (admitted *pro hac vice*) |
| 220 Montgomery Street, Suite 800 | John Carlin (admitted *pro hac vice*) |
| San Francisco, CA 94104 | Christopher Gerson (admitted *pro hac vice*) |
| Telephone: (415) 200-4980 | Natalie Lieber (admitted *pro hac vice*) |
| Fax: (415) 200-4989 | Jason M. Dorsky (admitted *pro hac vice*) |
| cholland@hollandlawllp.com | Jonathan M. Sharret (admitted *pro hac vice*) |
| lholland@hollandlawllp.com | Daniel Apgar (admitted *pro hac vice*) |
| | Sean M. McCarthy (admitted *pro hac vice*) |
| | Robert Pickens (admitted *pro hac vice*) |
| | Joshua D. Calabro (admitted *pro hac vice*) |
| | Stephen Yam (admitted *pro hac vice*) |
| | Caitlyn Bingaman (admitted *pro hac vice*) |

VENABLE LLP
1290 Avenue of the Americas
New York, New York, 10104
+1 (212) 218-2100
+1 (212) 218-2200 facsimile
philipsprosecutionbar@venable.com

*Attorneys for Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation*