[All counsel listed on signature page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE KONINKLIJKE PHILIPS PATENT LITIGATION | Case No. 4:18-cv-01885-HSG-EDL |
| | Honorable Judge Hayward S. Gilliam |
| | JURY TRIAL DEMANDED |
| | **[REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED]** |
| | **MICROSOFT AND ASUS'S *DAUBERT* MOTION TO EXCLUDE EXPERT OPINIONS OF MICHAEL E. TATE (DAMAGES)** |
| | Hearing Date: November 14, 2019<br>Hearing Time: 2:00 p.m.<br>Judge: Hon. Haywood S. Gilliam, Jr.<br>Courtroom: 2 |

1

**TABLE OF CONTENTS**

2

Page

3

I.      INTRODUCTION ................................................................................................ 1

4

II.     BACKGROUND .................................................................................................. 2

5

     A.      The Accused Products and Asserted Patents ................................................ 2

6

     B.      Philips' Portfolio-Based Licensing Program ............................................... 3

7

          1.      Philips Creates its Portable Features Patent Portfolio................................. 4

          2.      Philips' Advertised Rates for its Portable Features Portfolio ..................... 6

8

          3.      Philips Licenses its Portable Features Portfolio.......................................... 8

9

     C.      ███████████████████████████████ ................................................ 8

10

     D.      ██████████████████████████████████ ............... 11

11

III.    LEGAL STANDARDS........................................................................................ 12

IV.     MR. TATE'S OPINIONS SHOULD BE EXCLUDED ...................................... 13

12

13

     A.      ████████████████████████████████████████ ................................................ 13

14

     B.      ███████████████████████████████ .............. 16

15

     C.      ██████████████████████████████ ..................... 20

16

     D.      ████████████████████████████████ .......... 22

17

     E.      ██████████████████████████████ .......... 23

18

V.      PRECLUSION IS THE APPROPRIATE REMEDY .......................................... 24

19

VI.     CONCLUSION ................................................................................................... 25

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

Page(s)

CASES

*American Key Corp. v. Cole Nat'l Corp.*,
    762 F.2d 1569 (11th Cir. 1985)........................................................................15

*Commonwealth Sci. & Indus. Research Org. v. Cisco Sys., Inc.*,
    809 F.3d 1295 (Fed. Cir. 2015)................................................................12, 17

*DataQuill Ltd. v. High Tech Computer Corp.*,
    887 F. Supp. 2d 1023 ......................................................................17, 20, 21

*Daubert v. Merrell Dow Pharms., Inc.*,
    509 U.S. 579 (1993)................................................................................ passim

*DSU Med. Corp. v. JMS Co.*,
    296 F. Supp. 2d 1140 (N.D. Cal. 2003) (Jensen, J.) ...............................12

*Elsayed Mukhtar v. Cal. State Univ., Hayward*,
    299 F.3d 1053 (9th Cir. 2002).......................................................................11

*Ericsson, Inc. v. D-Link Sys. Inc.*,
    773 F.3d 1201 (Fed. Cir. 2014)....................................................................17

*Gen. Elec. Co. v. Joiner*,
    522 U.S. 136 (1997)......................................................................................14

*Georgia Pacific Corp. v. United States Plywood Corp.*,
    318 F. Supp. 1116 (S.D.N.Y. 1970).............................................................8

*Golden Bridge Tech. v. Apple Inc.*,
    No. 5:12-CV-04882-PSG, 2014 WL 4057187 (N.D. Cal. June 1, 2014)
    (Grewal, J.)................................................................................17, 19

*Good Tech. Corp. v. Mobileiron, Inc.*,
    No. 5:12-CV-05826-PSG, 2015 WL 4090431 (N.D. Cal. July 5, 2015)
    (Grewal, J.)................................................................................24

*GPNE Corp. v. Apple, Inc.*,
    12–cv–02885–LHK, 2014 WL 1494247 (N.D. Cal. Apr. 16, 2014) (Koh, J.) .................15, 24

*Hangarter v. Provident Life & Acc. Ins. Co.*,
    373 F.3d 998 (9th Cir. 2004)........................................................................11

*In re Paoli R.R. Yard PCB Litig.*,
   35 F.3d 717 (3d Cir. 1994)...................................................................................14

*In re TMI Litig.*,
   193 F.3d 613 (3d Cir. 1999)..................................................................................15

*Kumho Tire Co. v. Carmichael*,
   526 U.S. 137 (1999) ...............................................................................................11

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
   No. 2:6-CV-348-TJW, 2011 WL 7563818 (E.D. Tex. Jan. 7, 2011).....................20

*Lucent Techs., Inc. v. Gateway, Inc.*,
   580 F.3d 1301 (Fed. Cir. 2009)........................................................................20, 22

*Lust v. Merrell Dow Pharms., Inc.*,
   89 F.3d 594 (9th Cir. 1996)...................................................................................12

*M2M Solutions LLC v. Enfora, Inc.*,
   167 F. Supp. 3d 665 (D. Del. 2016)...................................................................21, 23

*Micro Chem., Inc. v. Lextron, Inc.*,
   317 F.3d 1387 (Fed. Cir. 2003)..............................................................................12

*Montgomery Cnty. v. Microvote Corp.*,
   320 F.3d 440 (3d Cir. 2003)...................................................................................16

*Moses v. Payne*,
   555 F.3d 742 (9th Cir. 2009)..................................................................................12

*Network Protection Sciences LLC v. Fortinet, Inc.*,
   No. 12-CB01106-WHA, 2013 WL 5402089 (N.D. Cal. Sept. 26, 2013) (Alsup,
   J.)...........................................................................................................................24

*Open Text S.A. v. Box, Inc.*,
   No. 13-CV-04910-JD, 2015 WL 349197 (N.D. Cal. Jan. 23, 2015) (Donato, J.) ...................14

*Oracle Am., Inc. v. Google Inc.*,
   798 F. Supp. 2d 111 (N.D. Cal. 2011) (Alsup, J.) ................................................24

*Oracle Am., Inc. v. Google, Inc.*,
   No. 10-CV-03561-WHA, 2012 WL 4017808 (N.D. Cal. Apr. 10, 2012)
   (Alsup, J.)...........................................................................................11, 17, 18, 19

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
   711 F.3d 1348 (Fed. Cir. 2013), *cert. denied*, 134 S. Ct. 900 (2014) ...................16

*ResQNet.com, Inc. v. Lansa, Inc.*,
   594 F.3d 860 (Fed. Cir. 2010)................................................................................16

*Riles v. Shell Exploration & Production Co.*,
  298 F.3d 1302 (Fed. Cir. 2002)...........................................................................12

*Robocast, Inc. v. Apple Inc.*,
  No. 11-cv-235-RGA, 2014 WL 334183 (D. Del. Jan. 28, 2014)..........................16

*Sonos, Inc. v. D&M Holdings Inc.*,
  297 F. Supp. 3d 501 (D. Del. 2017) (Bryson J.) ..................................................2

*TK-7 Corp. v. Estate of Barbouti*,
  993 F.2d 722 (10th Cir. 1993)..............................................................................15

*TV Interactive Data Corp. v. Sony Corp.*,
  929 F. Supp. 2d 1006 (N.D. Cal Mar. 11, 2013) (Spero, J.) ...............................23

*Uniloc USA, Inc. v. Microsoft Corp.*,
  632 F.3d 1292 (Fed. Cir. 2011)...........................................................12, 20, 22, 24

*VirnetX v. Cisco Systems, Inc.*,
  767 F.3d 1308 (Fed. Cir. 2014).............................................................................19

*Whitserve v. Computer Packages*,
  694 F.3d 10 (Fed. Cir. 2012).................................................................................22

*Wordtech Sys. v. Integrated Networks Solutions, Inc.*,
  609 F.3d 1308 (Fed. Cir. 2010).............................................................................20

**OTHER AUTHORITIES**

Fed. R. Evid. 702 ..........................................................................................................11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**: PLEASE TAKE NOTICE that on November 14, 2019, at 2:00 p.m., or as soon as the matter may be heard, in the courtroom of the Honorable Haywood S. Gilliam, Jr., located at 1301 Clay Street, Oakland, California, Defendants Microsoft Corporation and Microsoft Mobile Inc. (collectively, "Microsoft"); and ASUSTek Computer Inc. and ASUS Computer International (collectively, "ASUS") will and do move the Court to exclude the opinions and testimony of Michael E. Tate, a damages expert retained by Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corp. (collectively, "Philips"). This Motion is based on the following memorandum of points and authorities in support, the Declaration of Tiffany Cunningham and accompanying exhibits, the entire record in this matter, and on any such evidence as may be presented at the hearing of this motion.

## RELIEF REQUESTED

Microsoft and ASUS respectfully request that the Court issue an order excluding in their entirety the opinions of Mr. Tate as set forth in the Expert Report of Michael E. Tate – Microsoft Defendants (dated April 25, 2019) and the Expert Report of Michael E. Tate – ASUS Defendants (dated April 25, 2019).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

This Court should exclude the unreliable and results-oriented opinions and testimony of Philips' damages expert Mr. Tate.

Mr. Tate's legal errors are fundamental and disqualifying.

1

2

3

4

5

6

7          This is not the first time that Mr. Tate has deployed a flawed methodology.  His reasonable

8    royalty opinions have been excluded before for being "methodologically unsound."  *Sonos, Inc. v.*

9    *D&M Holdings Inc.*, 297 F. Supp. 3d 501, 516–517 (D. Del. 2017) (Bryson J.).  They should be

10   excluded here, too.  For the reasons discussed herein, Defendants respectfully request that the Court

11   exclude Mr. Tate's opinions and testimony in their entirety.

12   **II.      BACKGROUND**

13

14

15

16

17          **A.      The Accused Products and Asserted Patents**

18

19

20

21

22

23

24   ───────────────
[1] Defendants deny that the Asserted Patents are valid or infringed; however, this motion concerns

25   damages and therefore requires an assumption of validity and infringement.

     [2] All cited exhibits are attached to the Declaration of Tiffany Cunningham.

26
     [3] Mr. Tate's expert reports as to Microsoft and ASUS are attached as Exhibits 1 and 2, respectively.

27   Mr. Tate's expert report in the HTC case, which used the same methodology, is attached to HTC's
     submission.  For ease of reference, all citations to Mr. Tate's reports are to the Microsoft report

28   unless otherwise stated.



**B.**     **Philips' Portfolio-Based Licensing Program**

Mr. Tate's reasonable royalty opinions are inextricably intertwined with Philips'

---

[4] Philips does *not* assert that every accused product infringes all of the Asserted Patents. Philips alleges that some of the accused products infringe only a subset of the Asserted Patents.

1  unsuccessful attempt to establish a patent licensing program known as the "Portable Features"

2  program.  The following overview of the creation, implementation, and results of Philips' Portable

3  Features licensing program provides critical context for Mr. Tate's damages "methodology."

4           **1.      Philips Creates its Portable Features Patent Portfolio**



Each of Philips' Portable Features portfolio "Feature Sets" is listed, in all capital letters, in Columns A-K of the chart below,

Ex. 7 (Wieghaus Tr. Ex. 9) at PHILIPS00022991.





2.        **Philips' Advertised Rates for its Portable Features Portfolio**



### 3. Philips Licenses its Portable Features Portfolio









[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

1   **III.    LEGAL STANDARDS**

2           Trial judges serve as gatekeepers for both relevance and reliability of expert testimony.

3   *Elsayed Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1063 (9th Cir. 2002); *see Kumho*

4   *Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S.

5   579, 597 (1993). Federal Rule of Evidence 702 permits a trial court to admit only expert testimony

6   that is "(1) based upon sufficient facts or data, (2) the product of reliable principles and methods,

7   and (3) delivered by a witness who has applied the principles and methods reliably to the facts of

8   the case." *Oracle Am. v. Google Inc.*, No. 10-cv-03561-WHA, 2012 WL 4017808, at *1 (N.D. Cal.

9   Apr. 10, 2012) (Alsup, J.) (citing Fed. R. Evid. 702). In other words, the expert must be qualified,

10  *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1015 (9th Cir. 2004), and the expert

11  testimony must "both rest[] on a reliable foundation and [be] relevant to the task at hand." *Daubert*,

12  509 U.S. at 597. Further, to be "helpful to the jury" expert testimony must "concern[] matters

13  beyond the common knowledge of the average layperson" and be "not misleading." *Moses v.*

14  *Payne*, 555 F.3d 742, 756 (9th Cir. 2009). The party offering expert opinion bears the burden of

15  demonstrating its admissibility. *Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir.

16  1996).

17          The Federal Circuit has emphasized the need to scrutinize opinions presented by patent

18  damages experts: "[G]iven the great financial incentive parties have to exploit the inherent

19  imprecision in patent valuation, courts must be proactive to ensure that the testimony presented—

20  using whatever methodology—is sufficiently reliable to support a damages award."

21  *Commonwealth Sci. & Indus. Research Org. v. Cisco Sys., Inc.*, 809 F.3d 1295, 1301 (Fed. Cir.

22  2015). Where an expert has opined on patent damages, the *Daubert* analysis necessarily implicates

23  the underlying legal principles of patent damages law and the frameworks and methods the Federal

24  Circuit has endorsed as appropriate (or required) to establish such damages. *DSU Med. Corp. v.*

25  *JMS Co.*, 296 F. Supp. 2d 1140, 1148 (N.D. Cal. 2003) (*citing Micro Chem., Inc. v. Lextron, Inc.*,

26  317 F.3d 1387, 1393 (Fed. Cir. 2003)). In other words, "[r]eliable methodology requires that the

27  legal grounds used by an expert to calculate damages be legally acceptable." *Id.*

28          Here, Mr. Tate claims to have calculated damages by employing the commonly used

1  "hypothetical negotiation" approach to determining a reasonable royalty.  That approach attempts

2  to determine what a willing licensor and a willing licensee would have agreed "just before

3  infringement began."  *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292 (Fed. Cir. 2011).  The

4  hypothetical negotiation must be based in "sound economic and factual predicates."  *Riles v. Shell*

5  *Exploration & Production Co.*, 298 F.3d 1302, 1311 (Fed. Cir. 2002).

6  **IV.     MR. TATE'S OPINIONS SHOULD BE EXCLUDED**

7        Mr. Tate's opinions are devoid of analysis and riddled with disqualifying flaws.  His

8  approach strays from foundational damages principles established by the Federal Circuit and falls

9  well short of the reliability standards set by *Daubert*.



18                             Mr. Tate's opinions are not expert opinions, much less expert opinions based on

19  reliable methodology under settled patent damages principles, and thus should be excluded.



Because Mr. Tate's purported methodology is conclusory and unreliable at this first and most critical step, his opinions must be barred. *See In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 745 (3d Cir. 1994) ("[A]ny step that renders the analysis unreliable . . . renders the expert's testimony inadmissible.").

1

2

3

4

Courts in this District have repeatedly rejected the

notion that an expert's general "experience" can constitute reliable methodology.  *See, e.g. Open*

*Text S.A. v. Box, Inc.*, No. 13-CV-04910-JD, 2015 WL 349197, at *6 (N.D. Cal. Jan. 23, 2015)

(Donato, J.) ("Exclusion is required because the link, if any, between those inputs and Holt's final

royalty is written in invisible ink.  Rather than spelling out the steps she took to go from the data to

the royalty rate opinion, Holt cites her 'experience'—an abstraction not visible to the eyes of the

Court, the jury, and opposing counsel, or testable in the crucible of cross-examination.") (citing

*Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either *Daubert* or the Federal

Rules of Evidence requires a district court to admit opinion evidence that is connected to existing

data only by the ipse dixit of the expert.")); *GPNE Corp. v. Apple, Inc.*, 12–cv–02885–LHK, 2014

WL 1494247, at *4 (N.D. Cal. Apr. 16, 2014) (Koh, J.) ("Apple cannot cross-examine Mr. Dansky

on his assertions, all of which fundamentally reduce to taking his opinion based on 30 years of

experience for granted.").

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4    That is not proper expert testimony. An expert may not parrot or blindly adopt the opinions

5    of another witness without independently assessing or validating their work. *See American Key*

6    *Corp. v. Cole Nat'l Corp.*, 762 F.2d 1569, 1580 (11th Cir. 1985) ("Expert opinions ordinarily

7    cannot be based upon the opinions of others whether those opinions are in evidence or not."); *see*

8    *also In re TMI Litig.*, 193 F.3d 613, 715–16 (3d Cir. 1999) (concluding that blind reliance by an

9    expert upon another expert's opinion shows flawed methodology under *Daubert*); *TK-7 Corp. v.*

10   *Estate of Barbouti*, 993 F.2d 722, 732–33 (10th Cir. 1993) (excluding expert opinion that relied on

11   another expert's report because witness failed to show a basis for concluding that report was

12   reliable). It goes without saying that an expert may not parrot or blindly adopt the opinions of *a*

13   *party* without independently assessing or validating their conclusions. "*Daubert* requires reliable

14   inputs reliably applied." *Robocast, Inc. v. Apple Inc.*, No. 11-cv-235-RGA, 2014 WL 334183, at

15   *2 (D. Del. Jan. 28, 2014); *see Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 711

16   F.3d 1348, 1373–74 (Fed. Cir. 2013), *cert. denied*, 134 S. Ct. 900 (2014) (holding that district court

17   abused its discretion in admitting expert testimony based on unreliable data); *Montgomery Cnty. v.*

18   *Microvote Corp.*, 320 F.3d 440, 448–449 (3d Cir. 2003) (stating that "the testimony of a witness,

19   who is well-qualified by experience, still may be barred if it is not based on sound data" and

20   affirming exclusion of evidence).

21

22   Beginning with such a flawed premise necessarily yields

23   a flawed conclusion, and this mandates exclusion of Mr. Tate's opinions. The flaws in Mr. Tate's

24   analysis do not stop there, however.

25

26

27   The very next step in Mr. Tate's analysis provides an additional, independent ground for

     exclusion of his opinion;

28



1

2

3

4

5

6

7

8

9           This is a necessary step to ensure that "the damages inquiry … concentrate[s] on

10   compensation for the economic harm caused by infringement *of the claimed invention*,"

11   *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 869 (Fed. Cir. 2010) (emphasis added), and that

12   the reasonable royalty award is "based on the incremental value that the *patented invention* adds

13   to the end product." *Commonwealth Sci. & Indus. Research Organisation v. Cisco Sys. Inc.*, 809

14   F.3d 1295, 1301 (Fed. Cir. 2015) (hereinafter "*CSIRO*") (quoting *Ericsson, Inc. v. D-Link Sys. Inc.*,

15   773 F.3d 1201, 1226 (Fed. Cir. 2014)) (emphasis added).  As courts in this District have routinely

16   found, an expert's failure to separate the value of the patents-in-suit from that of a broader patent

17   portfolio containing non-asserted intellectual property warrants exclusion of that expert's opinions.

18   *See, e.g., Golden Bridge Tech. v. Apple Inc.*, No. 5:12-CV-04882-PSG, 2014 WL 4057187, at *2

19   (N.D. Cal. June 1, 2014) (Grewal, J.) (excluding damages expert's testimony for allocating the

20   entire value of certain portfolio licenses to a subset of the patents in those portfolios); *Oracle Am.,*

21   *Inc. v. Google, Inc.*, No. 10-CV-03561-WHA, 2012 WL 4017808, at *1–2 (N.D. Cal. Apr. 10,

22   2012) (Alsup, J.) (striking expert opinion that "the value of the intellectual property in suit would

23   have been the value of [the patentee's] entire portfolio"); *see also DataQuill Ltd. v. High Tech*

24   *Computer Corp.*, 887 F. Supp. 2d at 1023 (excluding expert's testimony in part because he relied

25   on patent licenses for entire portfolios of patents without accounting for the economic differences

26   between those portfolios and the two patents-in-suit).

27           The following chart shows the count of asserted and unasserted issued U.S. patents within

28

each Feature Set:[7]

| Feature Set Portfolio | # Asserted Patents | # Unasserted Patents (Jan. 2015) | |
|---|---|---|---|
| Authentication/DRM | 1 ('809) | 8 | |
| Streaming & Services | 1 ('806) | 6 | |
| Touch Screen Interfaces | 3 ('064, '564, '913) | 5 | |
| Graphical User Interfaces | 1 ('797) | 11 | |

Ex. 7 (PHILIPS00022962) (January 2015 Portable Features Program patent list);



---

[7] The Feature Sets also include dozens of foreign patents and patent applications, which for the sake of simplicity are not included here.

1

2

3

4      *See Oracle,* 2012 WL 4017808, at *2 (striking portions of

5 patentee's expert's report where the expert opined that there were "good reasons to not apportion"

6 certain rates discussed during negotiations that involved "an entire intellectual property portfolio,

7 which would have included licenses to many patents and copyrights in addition to the IP in suit"

8 because the expert "fail[ed] to take into account that at the end of the hypothetical negotiation, [the

9 defendant] gets a license to the IP in suit, *nothing more*."). Either assumption is fatally flawed.

10

11

12

13

14

15

16      *See VirnetX v. Cisco Systems, Inc.*, 767 F.3d 1308, 1329 (Fed. Cir. 2014) ("VirnetX

17 cannot simply hide behind Apple's sales model to avoid the task of apportionment.").

18

19      *See Golden Bridge*, 2014

20 WL 4057187, at *2 (excluding expert's opinion as "fundamentally unsound" because the expert

21 "did not account in any way at all" for the value of the other patents covered by the licenses and

22 did "not even attempt to justify" the assumption that the entire portfolio license's value should be

23 attributable to the asserted patent); *see also Oracle*, 2012 WL 4017808, at *2 (precluding expert

24 from avoiding apportionment by analogizing a broad portfolio licensing negotiation to "a person

25 who subscribes to a 100-page magazine knowing that he intends to read only one page").[8]

26 ─────────────────

27

28



"[L]icenses relied on by the patentee in proving damages [must be] sufficiently comparable to the hypothetical license at issue in suit." *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1325 (Fed. Cir. 2009). A patentee may not rely on license agreements that are "radically different from the hypothetical agreement under consideration to determine a reasonable royalty." *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1316 (Fed. Cir. 2011) (quoting *Lucent*, 580 F.3d at 1328). "The testimony of a damages expert who relies on non-comparable licenses in reaching his royalty rate should be excluded." *DataQuill*, 887 F. Supp. 2d at 1022.

*See DataQuill*, 887 F. Supp. 2d at 1023 (citing *Wordtech Sys. v. Integrated Networks Solutions, Inc.*, 609 F.3d 1308, 1320 (Fed. Cir. 2010)).



1

2                                                                                                    *See, e.g.,*

3   *DataQuill*, 887 F. Supp. 2d at 1024 (striking damages expert's opinion for failing to "provide[] any

4   evidence or analysis showing that the [patent portfolio license agreements] are economically

5   comparable to the license that would be reached at the hypothetical negotiation"); *see also M2M*

6   *Solutions LLC v. Enfora, Inc.*, 167 F. Supp. 3d 665, 678 (D. Del. 2016) (excluding damages expert's

7   reference to certain license agreements because his "unsubstantiated conclusions about economic

8   comparability, lacking in analysis" provided "no showing that the Company A and Company B

9   license are economically comparable to the '010 patent").

10

11

12

13

14

15

16

17

18

19

20                                                              To be admissible, expert opinions must "sufficiently

21   [tie the expert testimony on damages] to the facts of the case." *Uniloc USA, Inc. v. Microsoft Corp.*,

22   632 F.3d 1292, 1315 (Fed. Cir. 2011) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579,

     591 (1993)) (alteration in original).   Mr. Tate's analysis fails this baseline requirement.

23

24

25

26

27

28

*See Whitserve v. Computer Packages*, 694 F.3d 10, 31 (Fed. Cir. 2012) (expert's "superficial recitation of the *Georgia–Pacific* factors, followed by conclusory remarks" could not support the jury's damages verdict); *Lucent*, 580 F.3d at 1329 (explaining that a "damages award cannot stand solely on evidence which amounts to little more than a recitation of royalty numbers" and jurors cannot rely on 'superficial testimony' with 'no analysis').

1

2

3

4

5

6                                                              *See TV Interactive Data*

7   *Corp. v. Sony Corp.*, 929 F. Supp. 2d 1006, 1016 (N.D. Cal 2013) (Spero, J.) ("Sony argues that

8   Mr. Hoffman should be permitted to opine on the Sony licenses because Mr. Hoffman only uses

9   the Sony licenses for the limited purpose of noting that they 'support' his royalty rate and do not

10  support TVI's expert Mr. Wagner's royalty rate. This argument is without merit. The purpose of

11  the *Georgia-Pacific* factors is to 'support' an expert's proposed royalty rate, and the Federal Circuit

12  has clearly prohibited the use of noncomparable licenses to do so."); *M2M Solutions*, 167 F. Supp.

13  3d at 678 ("Lastly, I find little merit in Defendants' argument that Dr. Choi can use incomparable

14  licenses in his reasonably royalty analysis if he only uses them as a 'sanity check,' rather than using

15  them to drive the analysis. Federal Circuit precedent requires that for a license to be used in a

16  damages analysis, the license must be proven comparable to the hypothetical negotiation.").

17

18                                              *See Uniloc USA, Inc. v. Microsoft Corp.*, 632

19  F.3d 1292, 1320 (Fed. Cir. 2011).

20  **V.   PRECLUSION IS THE APPROPRIATE REMEDY**

21       Mr. Tate's reasonable royalty analysis fails Daubert's standard at several steps, and

22  therefore, his opinions should be excluded. *See Good Tech. Corp. v. Mobileiron, Inc.,* No. 5:12-

23  CV-05826-PSG, 2015 WL 4090431, at *5 (N.D. Cal. July 5, 2015) (Grewal, J.); *Network

24  Protection Sciences LLC v. Fortinet, Inc.*, No. 12-CB01106-WHA, 2013 WL 5402089, at *6 (N.D.

25  Cal. Sept. 26, 2013) (Alsup, J.); *Oracle Am., Inc. v. Google Inc.*, 798 F. Supp. 2d 111, 1115–16

26  (N.D. Cal. July 22, 2011) (Alsup, J.). The methodological flaws are central to Mr. Tate's damages

27  analysis such that it "cannot be salvaged with minimal disruption;" he would need to prepare an

28  entirely new analysis. *Fortinet*, 2013 WL 5402089, at *8. Nor can the methodological flaws—in

1  particular, █████████████████████████████████████████████

2  ██████████████████████████████████████████████—be sufficiently addressed

3  through cross-examination. *See GPNE*, 2014 WL 1494247, at *6 (excluding expert for failure to

4  apportion because the absence of any explicit apportionment analysis made cross-examination

5  "futile").  These failings are a "problem clearly of [Philips'] own overreaching," and to allow Mr.

6  Tate to try to resuscitate all of the deficiencies in his opinions at this late stage would be unfair and

7  highly prejudicial to Defendants. *Fortinet*, 2013 WL 5402089 at *8.  Mr. Tate's opinions should

8  thus be excluded.

9  **VI.    CONCLUSION**

10        For the foregoing reasons, the Court should exclude Mr. Tate's damages opinions in their

11  entirety.

12

13  Respectfully submitted August 29, 2019.

14  PERKINS COIE LLP

15

16  By  /s/ *Theresa H. Nguyen*
    Christina McCullough, Bar No. 245944
    CMcCullough@perkinscoie.com
17  Theresa H. Nguyen, Bar No. 284581
    RNguyen@perkinscoie.com
18  PERKINS COIE LLP
    1201 Third Avenue, Suite 4900
19  Seattle, WA  98101-3099
    (206) 359-8000
20  (206) 359-9000

21  Chad S. Campbell, Bar No. 258723
    CCampbell@perkinscoie.com
22  PERKINS COIE LLP
    2901 N. Central Avenue, Suite 2000
23  Phoenix, AZ  85012-2788
    (602) 351-8000
24  (602) 648-7000

25  Patrick J. McKeever, Bar No. 268763
    PMcKeever@perkinscoie.com
26  PERKINS COIE LLP
    11988 El Camino Real, Suite 350
27  San Diego, CA 92130
    (858) 720-5700
28  (858) 720-5799

Tiffany P. Cunningham (*pro hac vice*)
TCunningham@perkinscoie.com
PERKINS COIE LLP
131 S. Dearborn Street, Suite 1700
Chicago, IL 60603
(312) 324-8400
(312)324-9400

Sarah E. Fowler, Bar No. 264838
SFowler@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
(650) 838-4300
(650) 838-4350

*Attorneys for Intervenor-Plaintiffs*
*Microsoft Corporation and Microsoft*
*Mobile Inc.*

1

WILLIAMS & CONNOLLY LLP

2

3    By /s/ Kyle Thomason
       Bruce Genderson (pro hac vice)                    Michael J. Newton (No. 156225)
4      Kevin Hardy (pro hac vice)                        Sang (Michael) Lee (pro hac vice)
       Aaron Maurer (pro hac vice)                       Derek Neilson (pro hac vice)
       David Krinsky (pro hac vice)                      ALSTON & BIRD LLP
5      Andrew Trask (pro hac vice)                       2200 Ross Avenue, Ste. 2300
       Kyle Thomason (pro hac vice)                      Dallas, Texas  75201
6      WILLIAMS & CONNOLLY LLP                            (214) 922-3400
       725 Twelfth Street, N.W.                           asus-philips@alston.com
7      Washington, D.C.  20005
       (202) 434-5000                                    *Attorneys for Defendants ASUSTeK*
8      viceroy@wc.com                                    *Computer Inc. and ASUS Computer*
                                                         *International*
9      Matthew S. Warren (No. 230565)
       Erika H. Warren (No. 204739)
10     WARREN LEX LLP
       San Francisco, California  94110
11     (415) 895-2940
       18-1885@cases.warrenlex.com
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CIVIL L.R. 5-1(i) ATTESTATION**

2      I, Theresa H. Nguyen, hereby attest that I have been authorized by counsel for the party

3  listed above to execute this document on its behalf.

4

5  Dated: August 29, 2019

6                               /s/ Theresa H. Nguyen

7                               Theresa H. Nguyen

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28