Bruce Genderson *(pro hac vice)*
Kevin Hardy *(pro hac vice)*
Aaron Maurer *(pro hac vice)*
David Krinsky *(pro hac vice)*
Andrew Trask *(pro hac vice)*
Kyle Thomason *(pro hac vice)*
Christopher A. Suarez *(pro hac vice)*
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C., 20005
+1 (202) 434-5000
+1 (202) 434-5029 facsimile
viceroy@wc.com

Matthew S. Warren (Bar No. 230565)
Erika H. Warren (Bar No. 295570)
Angela M. He (Bar No. 319351)
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
18-1885@cases.warrenlex.com

*Attorneys for Non-Party Google LLC*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

IN RE KONINKLIJKE PHILIPS PATENT LITIGATION

Case No. 4:18-cv-1885-HSG-EDL

JURY TRIAL DEMANDED

**DECLARATION OF MATTHEW S. WARREN REGARDING [710, 712, 714, 721, 722, 726, 728, 732] ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL PAPERS IN SUPPORT OF ASUS'S AND PHILIPS' MOTIONS FOR SUMMARY JUDGMENT, AND HTC'S AND PHILIPS' MOTIONS TO EXCLUDE OPINIONS OF EXPERT WITNESSES**

Judge: Hon. Haywood S. Gilliam, Jr.

I, Matthew S. Warren, declare under 28 U.S.C. § 1746:

1. I am an attorney licensed to practice in the State of California and admitted to practice in this District, and a partner at the law firm of Warren Lex LLP, counsel for non-party Google LLC ("Google") in this action. I have personal knowledge of the matters set forth herein and, if called as a witness, could and would testify competently thereto.

2. I submit this declaration under Civil Local Rules 79-5(d)(1)(A) and 79-5(e)(1) in support of the following motions:

- Philips' Administrative Motion to File Under Seal Regarding Its Motion to Exclude Untimely Theories in Dr. Dunlop's Rebuttal Expert Report Served on Behalf of ASUS Concerning U.S. Patent No. RE44,913, Docket No. 710, regarding confidential information contained within the Declaration of Caitlyn N. Bingaman in Support of Philips' Administrative Motion to File Under Seal Regarding Its Motion to Exclude Untimely Theories in Dr. Dunlop's Rebuttal Expert Report Served on Behalf of ASUS Concerning U.S. Patent No. RE44,913 (the "Bingaman Declaration, Docket No. 710-1") and its exhibits;
- Philips' Administrative Motion to File Under Seal Regarding its Motion to Exclude Certain Opinions in Dr. Jakobsson's Opening and Rebuttal Expert Reports Served on Behalf of ASUS Concerning U.S. Patent No. 9,436,809, Docket No. 712, regarding confidential information contained within the Declaration of Caitlyn N. Bingaman in Support of Philips' Administrative Motion to File Under Seal Regarding its Motion to Exclude Certain Opinions in Dr. Jakobsson's Opening and Rebuttal Expert Reports Served on Behalf of ASUS Concerning U.S. Patent No. 9,436,809 (the "Bingaman Declaration, Docket No. 712-1") and its exhibits;
- Administrative Motion to Seal HTC's Motion for Partial Summary Judgment, Docket No. 714, regarding confidential information contained within the Declaration of Ryan McBrayer in Support of HTC's Administrative Motion to File Under Seal HTC's Motion For Partial Summary Judgment (the "McBrayer Declaration, Docket No. 714-1") and its exhibits;

- Philips' Administrative Motion to File Under Seal Regarding Its Motion to Exclude Untimely Theories in Dr. MacKenzie's Rebuttal Expert Report Served on Behalf of HTC Concerning U.S. Patent No. RE44,913, Docket No. 721, regarding confidential information contained within the Declaration of Caitlyn N. Bingaman in Support of Philips' Administrative Motion to File Under Seal Regarding Its Motion to Exclude Untimely Theories in Dr. MacKenzie's Rebuttal Expert Report Served on Behalf of HTC Concerning U.S. Patent No. RE44,913 (the "Bingaman Declaration, Docket No. 721-1") and its exhibits;
- ASUS's Administrative Motion to File Under Seal Documents in Support of its Motion for Summary Judgment, Docket No. 722, regarding confidential information contained within the Declaration of Nicholas Sethi in Support of ASUS's Administrative Motion to File Under Seal Documents in Support of its Motion for Summary Judgment (the "Sethi Declaration, Docket No. 722-1") and its exhibits;
- Philips' Administrative Motion to File Under Seal Regarding Its Motion to Exclude Certain Opinions in Dr. Bulterman's Rebuttal Expert Reports Served on Behalf of ASUS Concerning U.S. Patent No. 7,529,806, Docket No. 726, regarding confidential information contained within the Declaration of Caitlyn N. Bingaman in Support of Philips' Administrative Motion to File Under Seal Regarding Its Motion to Exclude Certain Opinions in Dr. Bulterman's Rebuttal Expert Reports Served on Behalf of ASUS Concerning U.S. Patent No. 7,529,806 (the "Bingaman Declaration, Docket No. 726-1") and its exhibits;
- Philips' Administrative Motion to File Under Seal Regarding Its Motion to Exclude Certain Opinions in Dr. Jeffay's Rebuttal Expert Report Served on Behalf of HTC Concerning U.S. Patent No. 7,529,806, Docket No. 728, regarding confidential information contained within the Declaration of Caitlyn N. Bingaman in Support of Philips' Administrative Motion to File Under Seal Regarding Its Motion to Exclude Certain Opinions in Dr. Jeffay's Rebuttal Expert Report Served on Behalf of HTC Concerning U.S.

Patent No. 7,529,806 (the "Bingaman Declaration, Docket No. 728-1") and its exhibits; and

- Philips' Administrative Motion to File Under Seal Regarding its Motion for Partial Summary Judgment on Certain Affirmative Defenses Raised by the HTC Defendants, Docket No. 732, regarding confidential information contained within the Declaration of Robert S. Pickens in Support of Philips' Administrative Motion to File Under Seal Regarding its Motion For Partial Summary Judgment on Certain Affirmative Defenses Raised by the HTC Defendants (the "Pickens Declaration, Docket No. 732-1") and its exhibits.

3. On August 29, 2019, Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation ("Philips"), Defendants ASUSTek Computer Inc. and ASUS Computer International ("ASUS"), and Defendants HTC Corp. and HTC America, Inc. ("HTC") filed the above listed administrative motions to file documents under seal, which sought among other things to protect information confidential to non-party Google. Google submits this declaration in support of these administrative motions to the extent the documents filed conditionally under seal reference non-party Google's highly confidential or proprietary business information. ASUS, HTC, Philips, and other non-parties may separately file declarations regarding their confidential information within these motions and exhibits.

4. Exhibit 2 to the Bingaman Declaration, Docket No. 710-1, is an unredacted copy of excerpts of ASUS's Fifth Supplemental Responses to Philips' Interrogatory No. 4 regarding U.S. Patent No. RE44,913. This document contains detailed discussion and excerpts of Google's highly confidential and proprietary source code produced under the protective order governing confidentiality in this action, and Google would suffer harm should the Court deny these portions of Exhibit 2. Specifically, Exhibit 2 contains information regarding the structure and operation of Google's highly confidential source code. Google accordingly requests that Exhibit 2 to the Bingaman Declaration, Docket No. 710-1, be sealed in its entirety.

5. Exhibit 6 to the Bingaman Declaration, Docket No. 710-1, is an unredacted copy of excerpts of the Rebuttal Expert Report of Dr. Mark Dunlop. Selected portions of this exhibit contain specific pathnames located within Google's highly confidential source code production, as well as

specifics regarding the codenames for and location and storage of Google's highly confidential source code. This information is proprietary and confidential to non-party Google, and Google would suffer harm should the Court deny these portions of Exhibit 6. Google accordingly requests the Court seal those portions of Exhibit 6 which contain discussion and excerpts of Google's highly confidential and proprietary source code produced under the protective order governing confidentiality in this action. Attached as Exhibit A is a redacted version of this exhibit, with Google's confidential information removed.

6. Exhibit 7 to the Bingaman Declaration, Docket No. 710-1, Exhibit 8 of the Bingaman Declaration, Docket No. 726-1, and Exhibit 12 to the Bingaman Declaration, Docket No. 712-1, are unredacted copies of a letter of July 3, 2019, from Philips' counsel to ASUS's counsel regarding the scope of ASUS's expert reports. Selected portions of these exhibits contain proprietary information that is confidential to non-party Google, and Google would suffer harm should the Court deny these portions of Exhibit 7, 8, and 12. Specifically, Exhibits 7, 8, and 12 contain information regarding the operation of confidential functionalities in the accused products. Philips failed to identify Google as a designating party under Civil Local Rule 79-5(e) of confidential information in Exhibit 7 to the Bingaman Declaration, Docket No. 710-1, and Exhibit 12 to the Bingaman Declaration, Docket No. 712-1. Nevertheless, Google requests the Court seal those portions of Exhibits 7, 8, and 12, which contain discussion of Google's highly confidential and proprietary source code produced under the protective order governing confidentiality in this action. Attached as Exhibit B is a redacted version of these exhibits, with Google's confidential information removed.

7. Exhibit 8 to the Bingaman Declaration, Docket No. 710-1, Exhibit 9 to the Bingaman Declaration, Docket No. 726-1, and Exhibit 13 to the Bingaman Declaration, Docket No. 712-1, are unredacted copies of a letter of July 11, 2019 from ASUS's counsel to Philips' counsel regarding the scope of ASUS's expert reports. Selected portions of these exhibits contain proprietary information that is confidential to non-party Google, and Google would suffer harm should the Court deny these portions of Exhibit 8, 9, and 13. Specifically, Exhibits 8, 9, and 13 contain information regarding the operation of confidential functionalities in the accused products. Philips failed to identify Google as a designating party under Civil Local Rule 79-5(e) of confidential information in Exhibit 8 to the Bingaman

Declaration, Docket No. 710-1, and Exhibit 13 to the Bingaman Declaration, Docket No. 712-1. Nevertheless, Google requests the Court seal those portions of Exhibits 8, 9, and 13, which contain discussion of Google's highly confidential and proprietary source code produced under the protective order governing confidentiality in this action. Attached as Exhibit C is a redacted version of these exhibits, with Google's confidential information removed.

8. Exhibit 11 to the Bingaman Declaration, Docket No. 712-1, is an unredacted copy of Philips' Amended Disclosure of Asserted Claims and Infringement Contentions Against ASUS and excerpts of the attached appendices. A select portion of this exhibit contains proprietary information that is confidential to non-party Google, and Google would suffer harm should the Court deny these portions of Exhibit 11. Specifically, Exhibit 1 contains information regarding the operation of confidential functionalities in the accused products. Philips failed to identify Google as a designating party under Civil Local Rule 79-5(e) of confidential information in Exhibit 11. Nevertheless, Google requests the Court seal this portion of Exhibit 11 which contains discussion of Google's highly confidential and proprietary source code produced under the protective order governing confidentiality in this action. Attached as Exhibit D is a redacted version of this exhibit, with Google's confidential information removed.

9. Exhibit 3 to the McBrayer Declaration, Docket No. 714-1, is an unredacted copy of excerpts of the Opening Expert Report of Douglas Schmidt, Ph.D., Regarding Infringement by the HTC Defendants of U.S. Patent No. 7,184,064. Selected portions of this exhibit contain specific pathnames located within Google's highly confidential source code production, as well as specifics regarding the codenames for and location and storage of Google's highly confidential source code. Exhibit 3 also contains detailed discussion of Google's confidential business information produced under the protective order governing confidentiality in this action. This information is proprietary and confidential to non-party Google, and Google would suffer harm should the Court deny these portions of Exhibit 3. Google accordingly requests the Court seal those portions of Exhibit 3, which contain discussion and excerpts of Google's highly confidential and proprietary source code, as well as confidential business information, produced under the protective order governing confidentiality in this action. Attached as Exhibit E is a redacted version of this exhibit, with Google's confidential information removed.

10. Exhibit 5 to the McBrayer Declaration, Docket No. 714-1, is an unredacted copy of excerpts of the Expert Report of Benjamin B. Bederson, Ph.D., on Behalf of HTC Regarding Lack of Infringement by HTC of U.S. Patent No. 7,184,064. Selected portions of this exhibit contain specific pathnames located within Google's highly confidential source code production, as well as specifics regarding the codenames for and location and storage of Google's highly confidential source code. This information is proprietary and confidential to non-party Google, and Google would suffer harm should the Court deny these portions of Exhibit 5. Google accordingly requests the Court seal those portions of Exhibit 5, which contain discussion and excerpts of Google's highly confidential and proprietary source code produced under the protective order governing confidentiality in this action. Attached as Exhibit F is a redacted version of this exhibit, with Google's confidential information removed.

11. Exhibit 22 to the McBrayer Declaration, Docket No. 714-1, is an unredacted copy of excerpts of the Excerpt of Expert Report of Nathaniel Polish, Ph.D., Regarding Infringement by HTC of U.S. Patent No. 7,529,806. Selected portions of this exhibit contain information that is proprietary and confidential to non-party Google, and Google would suffer harm should the Court deny these portions of Exhibit 22. Specifically, Exhibit 22 contains information regarding the structure and operation of Google's highly confidential source code. Google accordingly requests the Court seal those portions of Exhibit 22, which contain discussion of Google's highly confidential and proprietary source code produced under the protective order governing confidentiality in this action. Attached as Exhibit G is a redacted version of this exhibit, with Google's confidential information removed.

12. Exhibit 2 to the Bingaman Declaration, Docket No. 721-1, is an unredacted copy of HTC's Fifth Supplemental Response to Plaintiff's Interrogatory No. 4. This document contains detailed discussion and excerpts of Google's highly confidential and proprietary source code produced under the protective order governing confidentiality in this action, and Google would suffer harm should the Court deny these portions of Exhibit 2. Specifically, Exhibit 2 contains information regarding the structure and operation of Google's highly confidential source code. Google accordingly requests that Exhibit 2 to the Bingaman Declaration, Docket No. 721-1, be sealed in its entirety.

13. Exhibit 7 to the Bingaman Declaration, Docket No. 721-1, and Exhibit 8 to the Bingaman Declaration, Docket No. 728-1, are unredacted copies of a letter of July 3, 2019, from Philips' counsel to

HTC's counsel regarding the scope of HTC's expert reports. Selected portions of these exhibits contain proprietary information that is confidential to non-party Google, and Google would suffer harm should the Court deny these portions of Exhibits 7 and 8. Specifically, Exhibits 7 and 8 contain information regarding the operation of confidential functionalities in the accused products. Philips failed to identify Google as a designating party under Civil Local Rule 79-5(e) of confidential information in Exhibit 7 to the Bingaman Declaration, Docket No. 721-1. Nevertheless, Google requests the Court seal those portions of Exhibits 7 and 8, which contain discussion of Google's highly confidential and proprietary source code produced under the protective order governing confidentiality in this action. Attached as Exhibit H is a redacted version of these exhibits, with Google's confidential information removed.

14. Exhibit 8 to the Bingaman Declaration, Docket No. 721-1, and Exhibit 9 to the Bingaman Declaration, Docket No. 728-1, are unredacted copies of a letter of July 11, 2019, from HTC's counsel to Philips' counsel regarding the scope of HTC's expert reports. Selected portions of these exhibits contain proprietary information that is confidential to non-party Google, and Google would suffer harm should the Court deny these portions of Exhibits 8 and 9. Specifically, Exhibits 8 and 9 contain information regarding the operation of confidential functionalities in the accused products. Google accordingly requests the Court seal those portions of Exhibits 8 and 9, which contain discussion of Google's highly confidential and proprietary source code produced under the protective order governing confidentiality in this action. Attached as Exhibit I is a redacted version of these exhibits, with Google's confidential information removed.

15. Selected portions of ASUS's Notice of Motion and Motion for Summary Judgment, Docket No. 722, contain specific pathnames located within Google's highly confidential source code production, as well as specifics regarding the codenames for and location and storage of Google's highly confidential source code. This information is proprietary and confidential to non-party Google, and Google would suffer harm should the Court deny these portions of the motion. Google accordingly requests the Court seal those portions of this motion, which contain discussion and excerpts of Google's highly confidential and proprietary source code produced under the protective order governing confidentiality in this action. Attached as Exhibit J is a redacted version of this motion, with Google's confidential information removed.

16. Exhibit 5 to the Sethi Declaration, Docket No. 722-1, is an unredacted copy of excerpts of the Rebuttal Expert Report of Andrew Cockburn, Ph.D. Selected portions of this exhibit contain specific pathnames located within Google's highly confidential source code production, as well as specifics regarding the codenames for and location and storage of Google's highly confidential source code. This information is proprietary and confidential to non-party Google, and Google would suffer harm should the Court deny these portions of Exhibit 5. Google accordingly requests the Court seal those portions of Exhibit 5, which contain discussion and excerpts of Google's highly confidential and proprietary source code produced under the protective order governing confidentiality in this action. Attached as Exhibit K is a redacted version of this exhibit, with Google's confidential information removed.

17. Exhibit 8 to the Sethi Declaration, Docket No. 722-1, is an unredacted copy of excerpts of the Opening Expert Report of Douglas Schmidt, Ph.D. Selected portions of this exhibit contain specific pathnames located within Google's highly confidential source code production, as well as specifics regarding the codenames for and location and storage of Google's highly confidential source code. This information is proprietary and confidential to non-party Google, and Google would suffer harm should the Court deny these portions of Exhibit 8. Google accordingly requests the Court seal those portions of Exhibit 8, which contain discussion and excerpts of Google's highly confidential and proprietary source code produced under the protective order governing confidentiality in this action. Attached as Exhibit L is a redacted version of this exhibit, with Google's confidential information removed.

18. Selected portions of Philips' Motion to Exclude Untimely Theories in Dr. Bulterman's Rebuttal Expert Report Served on Behalf of ASUS Concerning U.S. Patent No. 7,529,806, Docket No. 726, contain proprietary information that is confidential to non-party Google, and Google would suffer harm should the Court deny these portions of this motion. Specifically, this motion contains information regarding the operation of confidential functionalities in the accused products. Google accordingly requests the Court seal those portions of this motion which contain discussion of Google's highly confidential and proprietary source code produced under the protective order governing confidentiality in this action. Attached as Exhibit M is a redacted version of this motion, with Google's confidential information removed.

19. Exhibit 1 to the Bingaman Declaration, Docket No. 726-1, is an unredacted copy of excerpts of the Noninfringement Report on U.S. Patent 7,529,806 by Dr. Dick C.A. Bulterman. Selected portions of this exhibit contain proprietary information that is confidential to non-party Google, and Google would suffer harm should the Court deny these portions of Exhibit 1. Specifically, Exhibit 1 contains information regarding the operation of confidential functionalities in the accused products. Google accordingly requests the Court seal those portions of Exhibit 1 which contain discussion of Google's highly confidential and proprietary source code produced under the protective order governing confidentiality in this action. Attached as Exhibit N is a redacted version of this exhibit, with Google's confidential information removed.

20. Exhibit 2 to the Bingaman Declaration, Docket No. 726-1, is an unredacted copy of excerpts of ASUS's corrected fifth supplemental responses to Philips' interrogatory No. 4 regarding U.S. Patent No. 7,529,806. This document contains detailed discussion and excerpts of Google's highly confidential and proprietary source code produced under the protective order governing confidentiality in this action, and Google would suffer harm should the Court deny these portions of Exhibit 2. Specifically, Exhibit 2 contains information regarding the structure and operation of Google's highly confidential source code. Google accordingly requests that Exhibit 2 to the Bingaman Declaration, Docket No. 726-1, be sealed in its entirety.

21. Exhibit 5 to the Bingaman Declaration, Docket No. 726-1, and Exhibit 5 to the Bingaman Declaration, Docket No. 728-1, are unredacted copies of excerpts of the deposition transcript of Matt Doucleff, dated November 28, 2018. Selected portions of these exhibits contain proprietary information that is confidential to non-party Google, and Google would suffer harm should the Court deny these portions of Exhibit 5. Specifically, Exhibit 5 contains information regarding the operation of confidential functionalities in the accused products. Google accordingly requests the Court seal those portions of Exhibit 5 which contain discussion of Google's highly confidential and proprietary source code produced under the protective order governing confidentiality in this action. Attached as Exhibit O is a redacted version of these exhibits, with Google's confidential information removed.

22. Selected portions of Philips' Notice of Motion and Motion to Exclude Untimely Theories in Dr. Jeffay's Rebuttal Expert Report Served on Behalf of HTC Concerning U.S. Patent No. 7,529,806,

Docket No. 728, contain proprietary information that is confidential to non-party Google, and Google would suffer harm should the Court deny these portions of this motion. Specifically, this motion contains information regarding the operation of confidential functionalities in the accused products. Google accordingly requests the Court seal those portions of this motion which contain discussion of Google's highly confidential and proprietary source code produced under the protective order governing confidentiality in this action. Attached as Exhibit P is a redacted version of this motion, with Google's confidential information removed.

23. Exhibit 1 to the Bingaman Declaration, Docket No. 728-1, is an unredacted copy of excerpts of the Expert Rebuttal Report of Kevin Jeffay, Ph.D. Regarding Noninfringement of U.S. Patent No. 7,529,806. Selected portions of this exhibit contain specific pathnames located within Google's highly confidential source code production, as well as specifics regarding the codenames for and location and storage of Google's highly confidential source code. This information is proprietary and confidential to non-party Google, and Google would suffer harm should the Court deny these portions of Exhibit 1. Google accordingly requests the Court seal those portions of Exhibit 1, which contain discussion and excerpts of Google's highly confidential and proprietary source code produced under the protective order governing confidentiality in this action. Attached as Exhibit Q is a redacted version of this exhibit, with Google's confidential information removed.

24. Exhibit 2 to the Bingaman Declaration, Docket No. 728-1, is an unredacted copy of HTC Corp. and HTC America, Inc.'s Fifth Supplemental Response to Plaintiffs' Interrogatory No. 4. This document contains detailed discussion and excerpts of Google's highly confidential and proprietary source code produced under the protective order governing confidentiality in this action, and Google would suffer harm should the Court deny these portions of Exhibit 2. Specifically, Exhibit 2 contains information regarding the structure and operation of Google's highly confidential source code. Google accordingly requests that Exhibit 2 to the Bingaman Declaration, Docket No. 728-1, be sealed in its entirety.

25. Selected portions of Philips' Motion for Partial Summary Judgment on Certain Affirmative Defenses Raised by the HTC Defendants, Docket No. 732, contains detailed discussions and excerpts of the highly confidential agreement and addenda between HTC and Google, filed as Exhibits 6, 11-15, 19,

and 22 to the Pickens Declaration, Docket No. 732-1, as discussed below. This information is proprietary and confidential to non-party Google, and Google would suffer harm should the Court deny these portions of the motion. Philips failed to identify Google as a designating party under Civil Local Rule 79-5(e) of confidential information in this motion. Nevertheless, Google requests the Court seal these portions, which contain confidential business information produced under the protective order governing confidentiality in this action. Attached as Exhibit R is a redacted version of this motion, with Google's confidential information removed.

26. Exhibits 6, 11-15, 19 to the Pickens Declaration, Docket No. 732-1, are unredacted copies of a highly confidential agreement and addenda between HTC and Google. These documents contain detailed discussion and excerpts of Google's confidential business information produced under the protective order governing confidentiality in this action, and Google would suffer harm should the Court deny the portions of these exhibits. Philips failed to identify Google as a designating party under Civil Local Rule 79-5(e) of confidential information in Exhibits 6, 11-15, 19. Nevertheless, Google requests that Exhibits 6, 11-15, 19 to the Pickens Declaration, Docket No. 732-1, be sealed in their entirety.

27. Exhibit 22 to the Pickens Declaration, Docket No. 732-1, is an unredacted copy of excerpts from HTC's privilege log. These documents contain discussion of confidential and privileged written communication between HTC and Google, and Google would suffer harm should the Court deny these portions of this exhibit. Philips failed to identify Google as a designating party under Civil Local Rule 79-5(e) of confidential information in Exhibit 22. Nevertheless, Google requests that Exhibit 22 to the Pickens Declaration, Docket No. 732-1, be sealed in its entirety.

I declare under penalty of perjury that the foregoing is true and correct. Executed in San Francisco, California on September 10, 2019.

Respectfully submitted,

Matthew S. Warren