UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE KONINKLIJKE PHILIPS PATENT LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 18-cv-01885-HSG<br><br>**ORDER ON ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 500, 538, 558, 568 |

Pending before the Court are the parties' administrative motions to file under seal. Three of these motions are in connection to the parties' briefing on Philips' motion for leave to amend infringement contentions, Dkt. Nos. 538, 558, 568, and one is in connection with ASUS' motion to strike, Dkt. No. 500.[1] The Court **GRANTS IN PART** and **DENIES IN PART** the motions to file under seal, as described below.

## I. LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in

---

[1] ASUS later withdrew its motion to strike, Dkt. No. 491. Dkt. No. 520.

understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *Id.* at 1179–80 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

**II.      DISCUSSION**

Because the parties move to file documents related to nondispositive motions, the Court will apply the lower good cause standard.

The parties have provided good cause for sealing portions of the various documents listed below because they contain confidential business and proprietary information relating to the operations of Defendants. *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 6115623 (N.D. Cal. Dec. 10, 2012); *see also Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011); *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C 13-159 CW, 2014 WL 6901744 (N.D. Cal. Dec. 8, 2014). The parties have identified portions of the unredacted versions of motions and exhibits as containing confidential and proprietary business information, and the Court finds good cause to grant the motions to file the below-indicated portions under seal.

However, for a number of the documents listed below, the parties have failed to narrowly tailor the redactions to confidential and proprietary business information. For example, many of the documents the parties seek to seal in their entirety are Philips' infringement contentions, discovery responses, and excerpts of deposition transcripts. But boilerplate objections in discovery responses do not create confidential and proprietary business information. The parties also do not explain how all the materials in Philips' infringement contentions, such as the cover sheets and claim charts, contain confidential business information. Further, some of the information is unredacted elsewhere and thus publicly available. Sealing these documents in their entirety is substantially overbroad, and the parties do not thoroughly articulate how disclosure of the material in each proposed redaction would lead to specific harm or prejudice.

Many of the parties' sealing requests indicate that they are contingent on a different party filing a declaration in support of those portions sought to be redacted. *See* Civ. L. R. 79-5(d)(1)(A). For some of these sealing requests, the designating party failed to file the required supporting declaration or the designating party did not believe the material was confidential. *See* Civ. L. R. 79-5(e)(1). The Court denies the sealing of documents relating to material designated "Confidential" for which the designating party failed to provide support.

Accordingly, the Court **ORDERS** as follows:

| Docket Number Public/(Sealed) | Document | Portions Sought to be Sealed | Ruling |
|---|---|---|---|
| *ASUS' Admin. Motion to Seal, Dkt. No. 500* | | | |
| Entire documents sealed/(500-2) | Exhibits 8 and 9 to the Declaration of Derek Neilson ISO Defendants' Motion to Strike | Entire exhibits | **GRANTED** |
| *Philips' Admin. Motion to Seal, Dkt. No. 538* | | | |
| 542/(538-4) | Excerpts of Philips' Motion for Leave to Amend | Pages and lines: 16:27–28; 18:19–23; 18:27; 19:1; 19:3–4; 23:1–3; 23:13–17; 23:24–26; | **GRANTED** |
| 546/(538-6) | Declaration of Sean M. McCarthy ISO Philips' Motion for Leave to Amend | ¶ 26 (7:5–7); ¶ 43 (10:17–19); ¶ 63 (14:11–19); ¶ 66 (14:27–15:4); ¶ 68 (15:10–16); ¶ 70 (15:22–27); ¶ 72 (16:4–12 and n.1); | **GRANTED** |

3

| Docket Number Public/(Sealed) | Document | Portions Sought to be Sealed | Ruling |
|---|---|---|---|
| | | ¶ 74 (16:18–17:9); ¶ 76 (17:14–21) | |
| 554-1, 554-2, 554-3, 554-4, 554-5, 554-6, 554-7, 554-8, 554-9, 554-10, 554-11, 554-12, 554-13/(538-7, 538-8, 538-9, 538-10, 538-11, 538-12, 538-13, 538-14, 538-15, 538-16, 538-17, 538-18, 538-19) | Exhibits 3, 5, 6, 9–12, 15–22, 24, 25, 27–30, 33–36, 37, 38–41, 45–50, 54–55, and 57 to the Declaration of Sean M. McCarthy ISO Philips' Motion for Leave to Amend | Entire exhibits or redacted portions identified in public filing | **GRANTED** as to Exhibits 12, 15, 17, 18, 19, 21, 22, 25, 29, 30, 41, 45, 49, 50, 57

**DENIED** as to Exhibits 3, 5, 6, 10, 24, 34, 35, 36, 37, 38, 39, 40, 46, 47, 48: not narrowly tailored

**DENIED** as to Exhibits 9, 11, 16, 20, 27, 28, 33, 54, 55: deemed not confidential by designating party |
| Entire documents sealed/(538-20, 538-21, 538-22, 538-23, 538-24) | Exhibits 3, 5, 6, 9–19, 26–28, and 36 to the Declaration of Daniel A. Apgar ISO Philips' Motion for Leave to Amend | Entire exhibits | **GRANTED** as to Exhibits 12, 13, 14, 15, 36

**DENIED** as to Exhibits 3, 5, 6, 16, 18, 19, 28: not narrowly tailored

**DENIED** as to Exhibits 9, 10, 11, 17, 26, 27: no supporting Rule 79-5(e)(1) declaration |
| 532/(538-26) | Excerpts of the Declaration of Jaime F. Cardenas-Navia ISO Philips' Motion for Leave to Amend | ¶ 56 (14:14–27) | **DENIED**: no particularized showing how disclosure would lead to specific harm or prejudice |
| Entire documents sealed/(538-27, 538-28, 538-29, 30) | Exhibits 6–17, 19–24, 26, and 30 to the Declaration of Jaime F. Cardenas-Navia ISO Philips' Motion for Leave to Amend | Entire exhibits | **GRANTED** as to Exhibits 14, 15, 16, 17, 19, 21

**DENIED** as to Exhibits 7, 8, 11, 13, 22, 23, 24, 30: not narrowly tailored

**DENIED** as to Exhibits 6, 9, 10, 12, 20, 25, 26: no supporting Rule 79-5(e)(1) declaration |
| 549-1, 549-2, 549-3, 549-4, 549-5, 549-6, 549-7, 549-8/(538-31, 538-32, 538-33, 538-34, 538-35, 538-36) | Exhibits 16, 19–21, 23–25, 27, 28, 30, and 31 to the Declaration of Robert S. Pickens ISO Philips' Motion for Leave to Amend | Entire exhibits or redacted portions identified in public filing | **GRANTED** as to Exhibits 16, 19, 20, 23, 24, 30

**DENIED** as to Exhibits 21, 25, 27, 28, 31: designating party has filed public versions (549-2, 549-5, 549-6, 549-7, 549-8) |

4

| Docket Number Public/(Sealed) | Document | Portions Sought to be Sealed | Ruling |
|---|---|---|---|
| Entire document sealed/(538-37) | Declaration of Jonathan M. Sharret ISO Philips' Motion for Leave to Amend | Entire document | **DENIED**: not narrowly tailored |
| 554-14, 554-15, 554-16, 554-17, 548-1, 548-2, 548-3 /(538-38, 538-39, 538-40, 538-41, 538-42, 538-43, 538-44, 538-45, 538-46, 538-47, 538-48, 538-49, 538-50, 538-51, 538-52) | Exhibits 1–4, 103, 107, 111, 112, 113–119, 204, 206, 208, 209, 303, 304–310, 313–314 to the Declaration of Jonathan M. Sharret ISO Philips' Motion for Leave to Amend | Entire exhibits or redacted portions identified in public filing | **GRANTED** as to Exhibits 103, 107, 113, 115, 116, 117, 204, 208, 209, 303, 304, 305, 306, 307, 308, 309, 310, 313, 314<br><br>**DENIED** as to Exhibits 1, 2, 3, 4, 112, 119: not narrowly tailored<br><br>**DENIED** as to Exhibits 111, 114, and 118: deemed not confidential by designating party<br><br>**DENIED** as to Exhibit 206: no supporting Rule 79-5(e)(1) declaration |
| *Defendants' Admin. Motion to Seal, Dkt. No. 558* | | | |
| 559/(558-2) | Excerpts of Defendants' Opposition to Plaintiffs' Motion for Leave to Amend | Pages and lines: 20:5–6; 21:2–6; 22:20–21 | **GRANTED** |
| 559-14/(558-9) | Exhibit 1 to the Declaration of Amy M. Bailey ISO Defendants' Opposition | Redacted portions identified in public filing | **GRANTED** |
| 564-1/(558-6, 558-7, 558-8) | Exhibits B–D to the Declaration of Patrick J. McKeever ISO Defendants' Opposition | Entire exhibits or redacted portions identified in public filing | **GRANTED** as to Exhibit B<br><br>**DENIED** as to Exhibits C, D: not narrowly tailored |
| Entire documents sealed/(558-4, 558-5) | Exhibits 2–3 to the Declaration of Derek Neilson ISO Defendants' Opposition | Entire exhibits | **GRANTED** |
| *Philips' Admin Motion to Seal, Dkt. No. 568* | | | |
| 569-12/(568-3) | Exhibit 11 to the Declaration of Sean M. McCarthy ISO Philips' Reply | Entire exhibit | **DENIED**: no supporting Rule 79-5(e)(1) declaration |

5

## III. CONCLUSION

The Court **GRANTS IN PART** and **DENIES IN PART** Dkt. Nos. 500, 538, 558, 568. Because of the substantial volume of documents, the Court will allow fourteen days (14) from the date of this order for the parties to file the unredacted versions of the materials or file renewed motions to seal according to the requirements discussed above. If the parties wish to file renewed motions to seal, the parties are directed to meet and confer before the submissions, coordinate redactions, and submit joint motions for any given filing the parties wish to keep partially redacted, which include all corresponding Civil Local Rule 79-5 declarations as attachments. Pursuant to Civil Local Rule 79-5(f)(1), documents filed under seal as to which the administrative motions are granted will remain under seal.

**IT IS SO ORDERED.**

Dated: 9/23/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge