| | |
|---|---|
| Bruce Genderson (pro hac vice) | Matthew S. Warren |
| Kevin Hardy (pro hac vice) | Erika H. Warren |
| Aaron Maurer (pro hac vice) | WARREN LEX LLP |
| David Krinsky (pro hac vice) | 2261 Market Street, No. 606 |
| Andrew Trask (pro hac vice) | San Francisco, California, 94114 |
| Kyle Thomason (pro hac vice) | +1 (415) 895-2940 |
| WILLIAMS & CONNOLLY LLP | +1 (415) 895-2964 facsimile |
| 725 Twelfth Street, N.W. | 18-1885@cases.warrenlex.com |
| Washington, D.C., 20005 | |
| +1 (202) 434-5000 | Michael J. Newton (Bar No. 156225) |
| +1 (202) 434-5029 facsimile | Sang (Michael) Lee (pro hac vice) |
| viceroy@wc.com | Derek Neilson (pro hac vice) |
| | ALSTON & BIRD LLP |
| | 2200 Ross Avenue, Suite 2300 |
| | Dallas, Texas, 75201 |
| | +1 (214) 922-3400 |
| | +1 (214) 922-3899 facsimile |
| | asus-philips@alston.com |

*Attorneys for Defendants ASUSTeK Computer Inc. and ASUS Computer International*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE KONINKLIJKE PHILIPS PATENT LITIGATION | Case No. 4:18-cv-1885-HSG-EDL <br><br> JURY TRIAL DEMANDED <br><br> **ASUS' OPPOSITION TO PHILIPS' MOTION TO EXCLUDE PORTIONS OF DR. DUNLOP'S REBUTTAL EXPERT REPORT CONCERNING U.S. PATENT NO. RE44,913** <br><br> Date: November 14, 2019 <br> Time: 2:00 p.m. <br> Place: Courtroom 2, 4th Floor (Oakland) <br> Judge: Hon. Haywood S. Gilliam, Jr. |

**TABLE OF CONTENTS**

INTRODUCTION ……………………………………………………………………………………..1

ARGUMENT ………………………………………………………………………………………….2

I.    Dr. Dunlop's Non-Infringement Opinions Regarding the Accused Devices' Failure To "Return[] the Keypad To the Default State" Should Not Be Excluded Because They Were Disclosed ……...2

    A.    ASUS Adequately Disclosed Its Non-Infringement Theories ………………………….....2

    B.    Philips Was Not Prejudiced ………………………………………………………….....5

II.    Dr. Dunlop's Opinions Regarding Non-Infringing Alternatives Should Not Be Excluded ………..6

CONCLUSION ………………………………………………………………………………………..8

# TABLE OF AUTHORITIES

*Cases* **Pages**

*Adobe Sys. Inc. v. Wowza Media Sys,*
 No. 11-02243, 2014 WL 709865 (N.D. Cal. Feb. 23, 2014)......................................................6

*Apple, Inc. v. Samsung Elecs., Co., Ltd.,*
 No. 12-0630, 2014 WL 173409 (N.D. Cal. Jan. 9, 2014) ………………………………….4, 5

*Genentech, Inc. v. Trs. of the Univ. of Pa.,*
 No. 10-2037, 2012 WL 424985 (N.D. Cal. Feb. 9, 2012)……………………………………...6

*Good Tech. Corp. v. MobileIron, Inc.,*
 No. 12-05826, 2015 WL 13426145 (N.D. Cal. July 1, 2015)……………………………....… 4

*KlausTech, Inc. v. Google LLC,*
 No. 10-05899, 2018 WL 5109383 (N.D. Cal. Sept. 14, 2018) …………………………….....6

*Lanard Toys Ltd. v. Novelty, Inc.,*
 375 F. App'x 705, 713 (9th Cir. 2010)…………………………………………………………...6

*Ojmar US, LLC v. Security People, Inc.,*
 No. 16-04948, 2018 WL 1640126 (N.D. Cal. Apr. 5, 2018)……………………….....………..6

*Verinata Health, Inc. v. Sequenom, Inc,*
 No. 12-00865, 2014 WL 4100638 (N.D. Cal. Aug. 20, 2014)………………………………..4, 5

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,*
 259 F.3d 1101 (9th Cir. 2001)........................................................………………………...6

**STATUTES**

Fed. R. Civ. P. 26(e)……………………………………………………………………...............6

Fed. R. Civ. P. 37 ……………………………………………………………………………….6

# INTRODUCTION

Philips' Motion to Exclude Untimely Theories in Dr. Dunlop's Rebuttal Expert Report Served on Behalf of ASUS Concerning U.S. Patent No. RE44,913, Docket No. 711 ("Mot."), seeks to exclude three separate aspects of Dr. Dunlop's opinions regarding the '913 patent on the basis that they were not adequately disclosed during discovery: one non-infringement argument and two non-infringing alternatives to the claimed invention that support ASUS' response to Philips' damages arguments.

As to the non-infringement argument, the premise underlying Philips motion is simply wrong. Dr. Dunlop's opinions are not "brand new," Mot. at 1, but rather were disclosed in ASUS' interrogatory responses. Philips alleges that ASUS failed to disclose Dr. Dunlop's opinion that the "suggestion bar" at the top of the accused keyboards updates with suggestions as a user types, meaning that the keyboard does not "return[] to the default state" as the claims require after the user has typed a secondary character. Mot. at 6. However, in an undisputedly timely supplemental interrogatory response during fact discovery, ASUS contended that the accused keyboards do not return to the default state, and therefore there is no infringement because the soft keyboard is different after each keypress. Mot. Ex. 2 at 19. That is precisely the non-infringement argument that Philips now attempts to exclude. Until the correspondence leading to this motion, Philips never suggested that ASUS' interrogatory response was in any way inadequate, and its belated complaints about the level of specificity in that response cannot support preclusion.

In addition, as to all of the allegedly new theories, Philips' suggestion that it somehow has been prejudiced is also wrong. Philips served a supplemental expert report from its technical expert on the '913 patent, Dr. Philip Greenspun, responding to each of the theories. Philips complains that if it had recognized ASUS' theories earlier, it would have taken some discovery about the suggestion bar or asked further questions of ASUS' witnesses, but it is silent about what that discovery would have been or how it would have made any difference. There is no question that Philips was aware of the suggestion bar during discovery; its motion includes a screenshot *that Philips produced* depicting the suggestion bar. If there were any prejudice in any belated disclosure, Philips cured it by serving an expert report from Dr. Greenspun containing his responses to the disputed theories.

For these reasons and those set forth below, Philips' motion should be denied.

# ARGUMENT

## I. Dr. Dunlop's Non-Infringement Opinions Regarding the Accused Devices' Failure to "Return[] the Keypad To the Default State" Should Not Be Excluded Because They Were Disclosed

Although it cites *Daubert* and was filed on the schedule for *Daubert* motions, Philips' motion to exclude non-infringement testimony has nothing to do with any substantive criticism of Dr. Dunlop's opinions. There is no question of whether Dr. Dunlop's opinions are reliable or his methodology sound. Rather, Philips seeks to exclude, on purely procedural grounds, an argument that threatens its infringement claim on U.S. Patent RE44,913 ("the '913 patent"). In effect, its motion on the non-infringement argument is really a belated, and meritless, complaint about the level of detail in ASUS' non-infringement contentions. Its motion should be denied; not only was the argument disclosed, but Philips cured any prejudice by serving a supplemental expert report responding to Dr. Dunlop's disputed opinions.

### A. ASUS Adequately Disclosed Its Non-Infringement Theories

The '913 patent is directed to methods for inputting "secondary characters"—for example, letters with accent marks—on a device such as a mobile phone. In relevant part, the claims involve displaying secondary characters when a user holds a key down, then after a secondary character is selected, "returning the keypad to the default state"—in other words, showing the same keypad, without any secondary characters, that was originally displayed. The accused devices do not meet this "returning the keypad to the default state" limitation. Unlike the keypads contemplated by the patent, their keyboards have a "suggestion bar" along the top of the keyboard, such as the one depicted in the screenshot in Philips' motion:



Mot. at 13 (citing Ex. 6 ¶¶ 93-98, PHILIPS-V000300004). In this example, because a letter "a" has been pressed, the top row of the keyboard offers the user a number of entire words beginning with "a." In many instances, the words appearing on the suggestion bar change after each character is typed, and so the keyboard never returns to the "default state." Mot. Ex. 6 ¶ 85.

ASUS timely disclosed that non-infringement argument. As Philips explains, ASUS provided non-infringement contentions in response to Philips' Interrogatory No. 4, which ASUS last supplemented on March 27, 2019. Mot. Ex. 2. (Philips does not suggest that this supplemental response was untimely; the premise behind its motion is that ASUS' theory should be excluded because it was not disclosed in that response.) And as Philips acknowledges, those contentions informed Philips that "[t]he accused devices do not practice element [1i]"—the limitation at issue—"because they do not 'return[] the keypad to the default state.'" Mot. at 4; Mot. Ex. 2 at 19. ASUS elaborated that "the soft keyboard does not 'return[] the keypad to the default state' because the soft keyboard is different after each keypress." Mot. Ex. 2 at 19. Thus, while Philips tries to cast the changes in the accused keyboards' suggestion bars as a "new noninfringement theory," *e.g.*, Mot. at 11-14, ASUS actually disclosed both the particular claim limitation that is not met as well as why it is not met. The entire foundation for Philips' motion therefore

boils down to the proposition that ASUS failed to disclose this theory in sufficient detail—not that it is an undisclosed theory.

Philips' arguments that ASUS' disclosure of the theory was inadequate fail for multiple reasons. Philips argues that the contentions were "vague," and that it and its expert could not determine "what, if anything, ASUS thought was 'different' about the keypad following character selection." Mot. at 12. Until it threatened ASUS with preclusion, however, for more than three months following the service of the contentions in question, Philips never complained about the level of specificity in ASUS' contentions or inquired what ASUS meant. Philips asserts that it "assumed that ASUS' noninfringement theory was either based on the existence of an input area of the touchscreen devices which display text as it is inputted by the user, or ASUS' disclosed theory that the accused keypads allegedly do not have a 'second state.'" Mot. at 12. Neither of these assumptions makes any sense. Neither Philips nor Dr. Greenspun explains why or how the text field in which a user is typing could be part of the keyboard—as opposed to the suggestion bar, which is adjacent to the letter or number keys and is used to type words. And by the plain language of the interrogatory response, ASUS' "second state" defense is a separate argument, and was disclosed to be a separate argument, from the argument Philips now seeks to exclude.

Philips also complains that ASUS did not use the term "suggestion bar" (or the equivalent term "candidate view") in as many words. Mot. at 11-12. But of course there is no requirement that a non-infringement interrogatory response provide the same level of detail as the expert reports do, much less that it spell out every detail of the theory in the same words. "In patent litigation, expert reports are expected to provide more information than is contained in infringement"—or non-infringement—"contentions." *Verinata Health, Inc. v. Sequenom, Inc.*, No. 12-865, 2014 WL 4100638 at *6 (N.D. Cal. Aug. 20, 2014); *see Good Tech. Corp. v. MobileIron, Inc.*, No. 12-5826, 2015 WL 13426145 at *1 (N.D. Cal. July 1, 2015) ("Contentions need not disclose specific evidence, whereas expert reports must include a complete statement of the expert's opinions, the basis and reasons for them, and any data or other information considered when forming them." (internal quotation marks omitted) (quoting *Apple Inc. v. Samsung Elecs. Co.*, No. 12-630, 2014 WL 173409 at *1 (N.D. Cal. Jan. 9, 2014))).

Tellingly, Philips cites no authority describing *how much* detail contentions must provide compared to an expert report. The relevant test is one that ASUS' interrogatory response and Dr.

– 4 –  Case No. 4:18-cv-1885-HSG-EDL
ASUS' OPPOSITION TO PHILIPS' MOTION TO EXCLUDE THEORIES OF DR. DUNLOP

Dunlop's report readily meet: the operative question is whether the expert "permissibly specified the application of a disclosed theory, or . . . impermissibly substituted a new theory altogether." *Apple.*, 2014 WL 173409 at *1; *see Verinata*, 2014 WL 2100638 at *6 (declining to strike expert report where the report "merely provid[ed] more detail as to how the prior art teaches the limitations contained in claim 1(c) of the '415 patent rather than providing a new theory of invalidity"). The non-infringement contention here is a response to Philips' contention that the accused soft keyboards return to the default state after a character is selected; ASUS disclosed that they do not do so "because the soft keyboard is different after each keypress." Mot. Ex. 2 at 19. The details of how "the soft keyboard is different" are not a "new theory altogether," and Philips provides no authority for the proposition that ASUS' contentions are fatally defective because they did not set forth those details.

### B. Philips Was Not Prejudiced

Philips' motion to preclude also should be denied for the independent reason that even if ASUS' disclosure were held to be tardy, Philips suffered no prejudice. As Philips acknowledges, it served an expert report from Dr. Greenspun responding to the allegedly-belated theories in advance of Dr. Greenspun's deposition. Mot. at 7. Philips also had the opportunity to depose Dr. Dunlop about his opinions, as the theories in question were undisputedly set forth in Dr. Dunlop's timely rebuttal report. *Id*.

Philips complains that it was denied the opportunity for further fact discovery on ASUS' theory, but this complaint rings hollow. On the contrary, Philips itself emphasizes that "Dr. Dunlop relies exclusively on documents and source code that were produced during fact discovery, and demonstrations using products that were made available for inspection during fact discovery." Mot. at 13. Philips has not articulated, and cannot show, what other materials might somehow be necessary to its response. Perhaps most significantly, all of the source code on which Dr. Dunlop relies, including the source code for the suggestion bar, was available to Philips not only during fact discovery but remained available throughout expert discovery. Philips never explains, and cannot explain, why Dr. Greenspun's supplemental report does not fully cure whatever prejudice Philips may supposedly have suffered. Philips is in exactly the position now that it would have been in if ASUS' interrogatory response had the level of detail Philips now claims was required.

Other than hand-waving about its supposed inability to obtain further discovery, Philips' only response regarding prejudice is to deny that lack of prejudice is a problem for its motion at all. Philips cites two cases from this district for the proposition that "prejudice is inherent" when a party asserts a new theory after the close of discovery. Mot. at 15. Philips ignores contrary authority in this district—cited in one of its own cases—holding that "[t]he court must further consider," among other things, "whether a failure to disclose prior to serving expert reports prejudiced the opposing party." *E.g.*, *Genentech, Inc. v. Trs. of the Univ. of Pa.*, No. 10-2037, 2012 WL 424985 at *2 (N.D. Cal. Feb. 9, 2012). But this Court need not resolve this intra-district split in authority, because Philips' cases are about violations of the district's Patent Local Rules. *Adobe Sys. Inc. v. Wowza Media Sys.*, No. 11-2243, 2014 WL 709865 at *15 n.7 (N.D. Cal. Feb. 23, 2014); *KlausTech, Inc. v. Google LLC*, No. 10-5899, 2018 WL 5109383 at *8 (N.D. Cal. Sept. 14, 2018). Those rules do not require disclosure of *non*-infringement contentions and are not at issue here. This is a case, rather, about ASUS' alleged failure to timely supplement its interrogatory responses under Fed. R. Civ. P. 26(e). Thus, as Philips' description of the legal standard suggests, preclusion could only be appropriate as a discovery sanction under Fed. R. Civ. P. 37. Mot. at 9.

Under that rule, a lack of prejudice caused by allegedly tardy evidence—and the moving party's "ability . . . to cure [any] prejudice"—makes a remedy of preclusion inappropriate. *See Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010); *Ojmar US, LLC v. Security People, Inc.*, No. 16-4948, 2018 WL 1640126 at *8-9 (N.D. Cal. Apr. 5, 2018). Any supposed prejudice here was not only curable in theory, but Philips cured it in fact. Put in terms of the legal standard that Philips cites, any belated disclosure here was "harmless." Mot. at 9 (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)).

**II.     Dr. Dunlop's Opinions Regarding Non-Infringing Alternatives Should Not Be Excluded**

Philips also seeks exclusion of Dr. Dunlop's opinions regarding two non-infringing alternatives that Dr. Dunlop discussed in his responsive report. Philips is correct that these two non-infringing alternatives were not disclosed in ASUS' supplemental interrogatory response. That, however, does not justify exclusion.

Philips' contention interrogatory regarding non-infringing alternatives was premature because at the time it was served (and throughout fact discovery), ASUS was still developing its understanding of

non-infringing alternatives. Consistent with that, ASUS objected that the contention interrogatory was premature because it sought expert discovery; ASUS then provided exemplary responses based on the contentions it had developed as of when fact discovery closed. Mot. Ex. 4 at 3-4. During expert discovery—only a brief period of time before Dr. Dunlop's rebuttal report was served—Dr. Dunlop identified the non-infringing alternatives in question, as he was working to respond to the damages-related opinions that Dr. Greenspun disclosed in his opening expert report. Philips has no support whatsoever for its allegation that ASUS was "tactically disclosing some theories, and then later surprising Philips with various new theories," and that is not what ASUS did. Mot. at 11.

Implicit in Philips' arguments is the proposition that it was incumbent on ASUS to identify all of its non-infringing alternative theories, then disclose them, during fact discovery, and that ASUS' failure to do so is sanctionable by exclusion. But there is no support for that proposition. Philips is confusing the requirements for infringement and invalidity arguments, which are (under the Local Patent Rules) required to be disclosed early in the litigation, and contention interrogatories on other issues. None of its cases concern the latter. Accordingly, there is no basis for imposing a duty on ASUS—on pain of exclusion—to have developed its expert opinions regarding non-infringing alternatives early in the case.

Moreover, as with the disputed non-infringement argument, there was no prejudice from the disclosure in Dr. Dunlop's report of the two disputed non-infringing alternatives. Dr. Greenspun served a supplemental report and thus had, and availed himself of, a full opportunity to respond. The theories themselves are straightforward. And as neither was actually implemented, it is difficult to imagine what additional fact discovery could be relevant.

//
//
//
//
//
//
//
//

– 7 –   Case No. 4:18-cv-1885-HSG-EDL
ASUS' OPPOSITION TO PHILIPS' MOTION TO EXCLUDE THEORIES OF DR. DUNLOP

Because there was no prejudice, there is no basis for sanctioning ASUS by excluding Dr. Dunlop's opinions.

## CONCLUSION

For the foregoing reasons, Philips' motion should be denied.

Date: September 26, 2019

Respectfully submitted,

_____
Matthew S. Warren
Erika H. Warren
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
18-1885@cases.warrenlex.com

Bruce Genderson *(pro hac vice)*
Kevin Hardy *(pro hac vice)*
Aaron Maurer *(pro hac vice)*
David Krinsky *(pro hac vice)*
Andrew Trask *(pro hac vice)*
Kyle Thomason *(pro hac vice)*
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C., 20005
+1 (202) 434-5000
+1 (202) 434-5029 facsimile
viceroy@wc.com

Michael J. Newton (Bar No. 156225)
Sang (Michael) Lee *(pro hac vice)*
Derek Neilson *(pro hac vice)*
ALSTON & BIRD LLP
2200 Ross Avenue, Suite 2300
Dallas, Texas, 75201
+1 (214) 922-3400
+1 (214) 922-3899 facsimile
asus-philips@alston.com

*Attorneys for Defendants ASUSTeK Computer Inc. and ASUS Computer International*