Michael P. Sandonato (admitted *pro hac vice*)
msandonato@venable.com
John D. Carlin (admitted *pro hac vice*)
jcarlin@venable.com
Natalie Lieber (admitted *pro hac vice*)
ndlieber@venable.com
Christopher M. Gerson (admitted *pro hac vice*)
cgerson@venable.com
Jason M. Dorsky (admitted *pro hac vice*)
jmdorsky@venable.com
Jonathan M. Sharret (admitted *pro hac vice*)
jsharret@venable.com

Robert S. Pickens (admitted *pro hac vice*)
rspickens@venable.com
Daniel A. Apgar (admitted *pro hac vice*)
dapgar@venable.com
Sean M. McCarthy (admitted *pro hac vice*)
smccarthy@venable.com
Joshua D. Calabro (admitted *pro hac vice*)
jdcalabro@venable.com
Stephen Yam (admitted *pro hac vice*)
syam@venable.com
Caitlyn N. Bingaman (admitted *pro hac vice*)
cnbingaman@venable.com

VENABLE LLP
1290 Avenue of the Americas
New York, New York 10104-3800
Tel: (212) 218-2100
Fax: (212) 218-2200

Chris Holland (SBN 164053)
cholland@hollandlawllp.com
Lori L. Holland (SBN 202309)
lholland@hollandlawllp.com
Ethan Jacobs (SBN 291838)
ejacobs@hollandlawllp.com

HOLLAND LAW LLP
220 Montgomery Street, Suite 800
San Francisco, CA  94104
Tel: (415) 200-4980
Fax: (415) 200-4989

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE KONINKLIJKE PHILIPS PATENT LITIGATION | Case No. 4:18-cv-01885-HSG<br><br>**DECLARATION OF CAITLYN N. BINGAMAN IN SUPPORT OF HTC'S ADMINISTRATIVE MOTION TO SEAL (DKT. NO. 794)** |

**DECLARATION**

I, Caitlyn N. Bingaman declare as follows:

1.      I am an associate at Venable LLP, counsel for Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation (collectively, "Philips"). I have personal knowledge of the facts contained in this declaration and could competently testify to the statements contained herein.

2.      I submit this declaration under Civil Local Rule 79-5(e)(1) in support of HTC's Administrative Motion to Seal (Dkt. No. 794) ("Administrative Motion") regarding confidential information of Philips contained within HTC's Opposition to Plaintiffs' Motion for Partial Summary Judgment (Dkt. 796) ("Opposition"), Exhibit L (Dkt. 796-14), and the Deposition Transcript of Warner Ten Kate (Dkt. 796-5) ("Exhibit C") (collectively "HTC's Confidential Filings").

3.      Requests to seal portions of a judicial record in conjunction with dispositive motions generally must meet a "compelling reasons" standard. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). Under this standard, there is a "strong presumption in favor of access [as] the starting point," and to overcome this presumption, a party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id*. (quoting Kamakana, 447 F.3d at 1178-79); *Kamakana*, 447 F.3d at 1178.

4.      Here, HTC's Confidential Filings contain non-public proprietary information that is confidential to Philips, and which has been designated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY by Philips under the Protective Order in this litigation. Moreover, as described with particularity below, it is Philips' practice and policy to maintain the confidentiality of this information, and Philips would suffer substantial harm if the Court denies HTC's Administrative Motion as to this material.

**Opposition (Dkt. 796):**

5.      In particular, HTC's Opposition contains non-public confidential information regarding Philips' internal practices and policies regarding its involvement in standard setting and standard setting organizations, as well as the existence of related non-public Philips programs. This information is proprietary to Philips and the public disclosure of such information would severely

harm Philips, as it could be used against Philips by other parties involved in negotiations regarding standard setting and standard setting organizations.  Such information is included in the following sections HTC's Opposition: page 24 lines 15-17.  Philips accordingly requests that the Court seal those portions of HTC's Opposition that discuss material designated as confidential by Philips, as reflected in the proposed redactions filed herewith. *Big Baboon, Inc. v. SAP America, Inc.*, No. 4:17-cv-02082-HSG, 2019 WL 1791421 at *5 (N.D. Cal. Apr. 24, 2019) (granting motion to seal because the exhibits contained confidential pricing information that could be harmful if public and the documents were "narrowly tailored to seal only sealable material"); S*ynchross Techs., Inc. v. Dropbox Inc.*, No. 16-cv-00119-HSG, 2018 WL 6002319, at *3 (N.D. Cal. Nov. 15, 2018) (granting motions to seal documents which disclosed confidential business strategies and information).

**Exhibit C (Dkt. 796-5)**

6.     In particular, HTC's Exhibit C contains non-public confidential information regarding Philips' internal practices and policies regarding its involvement in standard setting and standard setting organizations, as well as the existence of related non-public Philips programs.  This information is proprietary to Philips and the public disclosure of such information would severely harm Philips, as it could be used against Philips by other parties involved in negotiations regarding standard setting and standard setting organizations. Such information is included in the following sections HTC's Exhibit C: pages 153 line 1 – page 155 line 21; page 156 lines 10-15, 19-20; page 157 line 2- 160 line 25; page 177 lines 1-5.  Philips accordingly requests that the Court seal those portions of HTC's Exhibit C that discuss material designated as confidential by Philips, as reflected in the proposed redactions filed herewith. *Big Baboon*, 2019 WL 1791421 at *5 (granting motion to seal because the exhibits contained confidential pricing information that could be harmful if public and the documents were "narrowly tailored to seal only sealable material"); *Synchross Techs*., 2018 WL 6002319, at *3  (granting motions to seal documents which disclosed confidential business strategies and information).

**Exhibit L (Dkt. 796-14):**

7.     In particular, HTC's Exhibit L contains non-public confidential information regarding Philips' internal practices and policies regarding its involvement in standard setting and standard

setting organizations, as well as the existence of related non-public Philips programs.  This information is proprietary to Philips and the public disclosure of such information would severely harm Philips, as it could be used against Philips by other parties involved in negotiations regarding standard setting and standard setting organizations.  Such information is included in the entirety of HTC Exhibit L and Philips accordingly requests that the Court seal the entire exhibit. *Big Baboon*, 2019 WL 1791421 at *5 (granting motion to seal because the exhibits contained confidential pricing information that could be harmful if public and the documents were "narrowly tailored to seal only sealable material"); *Synchross Techs.*, 2018 WL 6002319, at *3 (granting motions to seal documents which disclosed confidential business strategies and information).

       8.    I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

       Executed on October 4, 2019 in New York, New York

                                /s/ Caitlyn N. Bingaman
                                Caitlyn N. Bingaman