Bruce Genderson *(pro hac vice)*
Kevin Hardy *(pro hac vice)*
Aaron Maurer *(pro hac vice)*
David Krinsky *(pro hac vice)*
Andrew Trask *(pro hac vice)*
Kyle Thomason *(pro hac vice)*
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C., 20005
+1 (202) 434-5000
+1 (202) 434-5029 facsimile
viceroy@wc.com

Matthew S. Warren
Erika H. Warren
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
18-1885@cases.warrenlex.com

*Attorneys for Non-Party Google LLC*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE KONINKLIJKE PHILIPS PATENT LITIGATION | Case No. 4:18-cv-1885-HSG-EDL <br><br> JURY TRIAL DEMANDED <br><br> **DECLARATION OF MATTHEW S. WARREN REGARDING [794, 814, 817, 819, 836, 844] ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL PAPERS IN SUPPORT OF HTC'S AND PHILIPS' MOTIONS FOR SUMMARY JUDGMENT, AND HTC'S, ASUS' AND PHILIPS' MOTIONS TO EXCLUDE OPINIONS OF EXPERT WITNESSES** <br><br> Judge: Hon. Haywood S. Gilliam, Jr. |

I, Matthew S. Warren, declare under 28 U.S.C. § 1746:

1. I am an attorney licensed to practice in the State of California and admitted to practice in this District, and a partner at the law firm of Warren Lex LLP, counsel for non-party Google LLC ("Google") in this action. I have personal knowledge of the matters set forth herein and, if called as a witness, could and would testify competently thereto.

2. I submit this declaration under Civil Local Rules 79-5(d)(1)(A) and 79-5(e)(1) in support of the following motions:

- Administrative Motion to Seal HTC's Opposition to Philips' Motion for Partial Summary Judgment, Docket No. 794, regarding confidential information contained within the Declaration of Ryan McBrayer in Support of HTC's Administrative Motion to File Under Seal HTC's Opposition to Philips' Motion for Partial Summary Judgment (the "McBrayer Declaration, Docket No. 794-1") and its exhibits;

- Administrative Motion to Seal HTC's Opposition to Plaintiffs' Motion to Exclude Untimely Theories of Dr. Jeffay's Rebuttal Expert Report Served on Behalf of HTC Concerning U.S. Patent No. 7,529,806, Docket No. 814, regarding confidential information contained within the Declaration of Ryan McBrayer in Support of HTC's Administrative Motion to File Under Seal HTC's Opposition to Plaintiffs' Motion to Exclude Untimely Theories of Dr. Jeffay's Rebuttal Expert Report Served on Behalf of HTC Concerning U.S. Patent No. 7,529,806 (the "McBrayer Declaration, Docket No. 814-1") and its exhibits;

- Administrative Motion to Seal HTC's Rebuttal to Philips' Motion to Exclude Testimony of HTC's Damages Expert, Laura Stamm, as Unreliable Under *Daubert*, Docket No. 817, regarding confidential information contained within the Declaration of Jonathan R. Putman in Support of HTC's Administrative Motion to File Under Seal HTC's Rebuttal to Philips' Motion to Exclude Testimony of HTC's Damages Expert, Laura Stamm, as Unreliable Under *Daubert* (the "Putman Declaration, Docket No. 817-1") and its exhibits;

- Philips' Administrative Motion to File Under Seal Regarding Philips' Opposition to HTC's Motion for Partial Summary Judgment, Docket No. 819, regarding confidential

information contained within the Declaration of Sean M. McCarthy in Support of Philips' Administrative Motion to File Under Seal Regarding Philips' Opposition to HTC's Motion for Partial Summary Judgment (the "McCarthy Declaration, Docket No. 819-1") and its exhibits;

- Philips' Administrative Motion to File Under Seal Regarding Philips' Opposition to ASUS's Motion for Summary Judgment, Docket No. 836, regarding confidential information contained within the Declaration of Robert S. Pickens in Support of Philips' Administrative Motion to File Under Seal Regarding Philips' Opposition to ASUS' Motion for Summary Judgment (the "Pickens Declaration, Docket No. 836-1") and its exhibits;

- ASUS' Administrative Motion to File Under Seal Documents in Support of Its Opposition to Philips' Motion to Exclude Portions of Dr. Bulterman's Rebuttal Expert Report Concerning U.S. Patent No. 7,529,806, Docket No. 844, regarding confidential information contained within the Declaration of Julia Q. Peng in Support of ASUS' Administrative Motion to File Under Seal Its Opposition to Philips' Motion to Exclude Portions of Dr. Bulterman's Rebuttal Expert Report Concerning U.S. Patent No. 7,529,806 (the "Peng Declaration, Docket No. 844-1") and its exhibits;

3. On September 26, 2019, Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation ("Philips"), Defendants ASUSTek Computer Inc. and ASUS Computer International ("ASUS"), and Defendants HTC Corp. and HTC America, Inc. ("HTC") filed the above listed administrative motions to file documents under seal, which sought among other things to protect information confidential to non-party Google. Google submits this declaration in support of these administrative motions to the extent the documents filed conditionally under seal reference non-party Google's highly confidential or proprietary business information. Google has narrowly tailored its requested relief by seeking to seal only those portions of the documents that contain Google's confidential information. ASUS, HTC, Philips, and other non-parties may separately file declarations regarding their confidential information within these motions and exhibits.

4. Selected portions of HTC's Opposition to Philips' Motion for Partial Summary Judgment, Docket No. 794-2, contain detailed discussion of Google's confidential business information produced

under the protective order governing confidentiality in this action. Specifically, HTC's Opposition contains detailed disclosure and discussion of Google's confidential agreements with equipment manufacturers. Public disclosure of this information would put Google at a competitive disadvantage, for example in negotiations regarding future such agreements with third parties. Google would suffer harm should the Court deny sealing of these portions of the motion, and accordingly requests the Court permit them to remain under seal. Attached as Exhibit A is a redacted version of this motion, with Google's confidential information removed. Because ASUS, HTC, Philips, and other non-parties may separately file declarations regarding their confidential information, Google submits this document under seal.

5. Selected portions of HTC's Opposition to Plaintiffs' Motion to Exclude Untimely Theories of Dr. Jeffay's Rebuttal Expert Report Served on Behalf of HTC Concerning U.S. Patent No. 7,529,806, Docket No. 814-4, contain non-party Google's proprietary and confidential information that could be used by Google's competitors to its disadvantage. Specifically, these selected portions contain non-public technical information regarding accused products in this action, including detailed discussion of Google's highly confidential source code and how its products operate. Google maintains this information confidentially, and produced it under the protective order governing confidentiality in these actions, Docket No. 132. Google would suffer harm should the Court deny sealing of these portions of the motion, and accordingly requests the Court seal those portions of this motion. Attached as Exhibit B is a redacted version of this motion, with Google's confidential information removed.

6. Exhibit A to the McBrayer Declaration, Docket No. 814-1, is an unredacted copy of excerpts from Philips' October 31, 2018, Amended Disclosure of Asserted Claims and Infringement Contentions Against HTC, and contain non-party Google's proprietary and confidential information that could be used by Google's competitors to its disadvantage. Specifically, these selected portions contain non-public technical information regarding accused products in this action, including detailed discussion of Google's highly confidential source code and how its products operate. Google maintains this information confidentially, and produced it under the protective order governing confidentiality in these actions, Docket No. 132. Google would suffer harm should the Court deny sealing of these portions of the exhibit, and accordingly requests the Court seal those portions of this exhibit. Attached as Exhibit Z is a redacted version of this exhibit, with Google's confidential information removed.

7. Exhibit B to the McBrayer Declaration, Docket No. 814-1, is an unredacted copy of excerpts from the April 25, 2019, Expert Report of Nathaniel Polish, Ph.D., Regarding Infringement by HTC of U. S. Patent No. 7,529,806, and contain non-party Google's proprietary and confidential information that could be used by Google's competitors to its disadvantage. Specifically, these selected portions contain non-public technical information regarding accused products in this action, including detailed discussion of Google's highly confidential source code and how its products operate. Google maintains this information confidentially, and produced it under the protective order governing confidentiality in these actions, Docket No. 132. Google would suffer harm should the Court deny sealing of these portions of the exhibit, and accordingly requests the Court seal those portions of this exhibit. Attached as Exhibit AA is a redacted version of this exhibit, with Google's confidential information removed.

8. Selected portions of HTC's Opposition to Philips' Motion to Exclude Testimony of HTC's Damages Expert, Laura Stamm, as Unreliable Under *Daubert*, Docket No. 817-4, contain non-party Google's proprietary and confidential information that could be used by Google's competitors to its disadvantage. Specifically, these selected portions contain non-public technical information regarding accused products in this action, including detailed discussion of Google's highly confidential source code and how its products operate. Google maintains this information confidentially, and produced it under the protective order governing confidentiality in these actions, Docket No. 132. Google would suffer harm should the Court deny sealing of these portions of the motion, and accordingly requests the Court seal those portions of this motion. Attached as Exhibit C is a redacted version of this motion, with Google's confidential information removed. Because ASUS, HTC, Philips, and other non-parties may separately file declarations regarding their confidential information, Google submits this document under seal.

9. Selected portions of Philips' Opposition to HTC's Motion for Partial Summary Judgment, Docket No. 819-4, contain non-party Google's proprietary and confidential information that could be used by Google's competitors to its disadvantage. Specifically, these selected portions contain non-public technical information regarding accused products in this action, including detailed discussion of Google's highly confidential source code and how its products operate. Google maintains this information confidentially, and produced it under the protective order governing confidentiality in these actions,

Docket No. 132. Google would suffer harm should the Court deny sealing of these portions of the motion, and accordingly requests the Court seal those portions of this motion. Attached as Exhibit D is a redacted version of this motion, with Google's confidential information removed. Because ASUS, HTC, Philips, and other non-parties may separately file declarations regarding their confidential information, Google submits this document under seal.

10. Exhibit 2 to the McCarthy Declaration, Docket No. 819-1, is an unredacted copy of excerpts from the April 25, 2019, Opening Expert Report of Douglas Schmidt, Ph.D., Regarding Infringement by the HTC Defendants of U. S. Patent No. 7,184,064, and contain non-party Google's proprietary and confidential information that could be used by Google's competitors to its disadvantage. Selected portions of this exhibit contain specific pathnames located within Google's highly confidential source code production, as well as specifics regarding the codenames for and location and storage of Google's highly confidential source code. Exhibit 2 also contains detailed discussion of Google's confidential business information produced under the protective order governing confidentiality in this action. Google accordingly requests the Court seal those portions of Exhibit 2 that contain discussion and excerpts of Google's highly confidential and proprietary source code, as well as confidential business information. Attached as Exhibit E is a redacted version of this exhibit, with Google's confidential information removed. Because ASUS, HTC, Philips, and other non-parties may separately file declarations regarding their confidential information, Google submits this document under seal.

11. Exhibit 4 to the McCarthy Declaration, Docket No. 819-1, is an unredacted copy of excerpts from Appendix F: Exemplary Evidentiary Citations to the April 25, 2019, Opening Expert Report of Douglas Schmidt, Ph.D., Regarding Infringement by the HTC Defendants of U. S. Patent No. 7,184,064, and contain non-party Google's proprietary and confidential information that could be used by Google's competitors to its disadvantage. Exhibit 13 is an unredacted copy of excerpts from Philips' October 31, 2018, Amended Disclosure of Asserted Claims and Infringement Contentions Against HTC. Selected portions of these exhibits contain specific pathnames located within Google's highly confidential source code production, as well as specifics regarding the codenames for and location and storage of Google's highly confidential source code. Google maintains this information confidentially, and produced it under the protective order governing confidentiality in these actions, Docket No. 132. Google would

suffer harm should the Court deny sealing of these portions of the exhibits, and accordingly Google requests the Court seal those portions of Exhibit 4 and Exhibit 13 that contain discussion and excerpts of Google's highly confidential and proprietary source code.  Attached as Exhibit F is a redacted version of Exhibit 4, and Exhibit G is a redacted version of Exhibit 13, with Google's confidential information removed.  Because ASUS, HTC, Philips, and other non-parties may separately file declarations regarding their confidential information, Google submits Exhibit F under seal.

12. Exhibit 18 to the McCarthy Declaration, Docket No. 819-1, is an unredacted copy of excerpts from the July 16, 2019, deposition of Nathaniel Polish.  Exhibit 19 is an unredacted copy of excerpts from the June 20, 2019, Expert Rebuttal Report of Kevin Jeffay, Ph.D., Regarding Noninfringement of U.S. Patent No. 7,529,806.  These exhibits contain non-party Google's proprietary and confidential information that could be used by Google's competitors to its disadvantage.  Selected portions of these exhibits contain specific pathnames located within Google's highly confidential source code production, as well as specifics regarding the codenames for and location and storage of Google's highly confidential source code.  Google maintains this information confidentially, and produced it under the protective order governing confidentiality in these actions, Docket No. 132.  Google would suffer harm should the Court deny sealing of these portions of the exhibits, and accordingly Google requests the Court seal those portions of Exhibit 18 and Exhibit 19 that contain discussion and excerpts of Google's highly confidential and proprietary source code.  Attached as Exhibit H is a redacted version of Exhibit 18, and Exhibit I is a redacted version of Exhibit 19, with Google's confidential information removed.  Because ASUS, HTC, Philips, and other non-parties may separately file declarations regarding their confidential information, Google submits these documents under seal.

13. Exhibit 20 to the McCarthy Declaration, Docket No. 819-1, is an unredacted copy of excerpts from the July 19, 2019, deposition of Nathaniel Polish.  Exhibit 21 is an unredacted copy of excerpts of the April 25, 2019, Expert Report of Nathaniel Polish, Ph.D., Regarding Infringement by HTC of U. S. Patent No. 7,529,806.  These exhibits contain non-party Google's proprietary and confidential information that could be used by Google's competitors to its disadvantage.  Selected portions of these exhibits contain specific pathnames located within Google's highly confidential source code production, as well as specifics regarding the codenames for and location and storage of Google's highly confidential

source code. Google maintains this information confidentially, and produced it under the protective order governing confidentiality in these actions, Docket No. 132. Google would suffer harm should the Court deny sealing of these portions of the exhibits, and accordingly Google requests the Court seal those portions of Exhibit 20 and Exhibit 21 that contain discussion and excerpts of Google's highly confidential and proprietary source code. Attached as Exhibit J is a redacted version of Exhibit 20, and Exhibit K is a redacted version of Exhibit 21, with Google's confidential information removed. Because ASUS, HTC, Philips, and other non-parties may separately file declarations regarding their confidential information, Google submits these documents under seal.

14. Exhibit 23 to the McCarthy Declaration, Docket No. 819-1, is an unredacted copy of excerpts of Google Source Code produced under the protective order governing confidentiality in these actions, Docket No. 132. (Google-Source Code-00000485, 492-513, 1475-1490, 1499-1521; Google-Source Code-000001516 to Google-Source Code-000001518; Google-Source Code-000001520 to Google-Source Code-000001521). This exhibit contains non-party Google's proprietary and confidential information that could be used by Google's competitors to its disadvantage. Google accordingly requests that Exhibit 23 to the McCarthy Declaration, Docket No. 819-1, be sealed in its entirety.

15. Exhibit 24 to the McCarthy Declaration, Docket No. 819-1, is an unredacted copy of excerpts of the November 28, 2018, deposition of Matt Doucleff, and contain non-party Google's proprietary and confidential information that could be used by Google's competitors to its disadvantage. Selected portions of this exhibit contain proprietary information that is confidential to non-party Google, and Google would suffer harm should the Court deny these portions of Exhibit 24. Specifically, these selected portions contain non-public technical information regarding accused products in this action, including detailed discussion of Google's highly confidential source code and how its YouTube product operates. Google maintains this information confidentially, and produced it under the protective order governing confidentiality in these actions, Docket No. 132. Google accordingly requests the Court seal those portions of Exhibit 24 that contain discussion of Google's highly confidential and proprietary source code produced under the protective order governing confidentiality in this action. Attached as Exhibit L is a redacted version of this exhibit, with Google's confidential information removed.

16. Selected portions of Philips' Opposition to ASUS's Motion for Summary Judgment, Docket No. 836-4, contain non-party Google's proprietary and confidential information that could be used by Google's competitors to its disadvantage. Specifically, these selected portions contain non-public technical information regarding accused products in this action, including detailed discussion of Google's highly confidential source code and how its products operate. Google maintains this information confidentially, and produced it under the protective order governing confidentiality in these actions, Docket No. 132. Google would suffer harm should the Court deny sealing of these portions of the motion, and accordingly requests the Court seal those portions of this motion. Attached as Exhibit M is a redacted version of this motion, with Google's confidential information removed. Because ASUS, HTC, Philips, and other non-parties may separately file declarations regarding their confidential information, Google submits this document under seal.

17. Exhibit 1 to the Pickens Declaration, Docket No. 836-1, is an unredacted copy of excerpts from the April 25, 2019, Expert Report of Philip Greenspun, Ph.D., Regarding Infringement by the ASUS Defendants of U. S. Patent Nos. RE44,913 and 5,910,797. Exhibit 2 is an unredacted copy of excerpts from the July 18, 2019, deposition of Dr. Philip Greenspun. These exhibits contain non-party Google's proprietary and confidential information that could be used by Google's competitors to its disadvantage. Selected portions of these exhibits contain specific pathnames located within Google's highly confidential source code production, as well as specifics regarding the codenames for and location and storage of Google's highly confidential source code. Google maintains this information confidentially, and produced it under the protective order governing confidentiality in these actions, Docket No. 132. Google would suffer harm should the Court deny sealing of these portions of the exhibits, and Google accordingly requests the Court seal those portions of Exhibit 1 and Exhibit 2 that contain discussion and excerpts of Google's highly confidential and proprietary source code. Attached as Exhibit N is a redacted version of Exhibit 1, and Exhibit O is a redacted version of Exhibit 2, with Google's confidential information removed. Because ASUS, HTC, Philips, and other non-parties may separately file declarations regarding their confidential information, Google submits these documents under seal.

18. Exhibit 4 to the Pickens Declaration, Docket No. 836-1, is an unredacted copy of excerpts of Google Source Code produced under the protective order governing confidentiality in these actions,

Docket No. 132. (Google-Source Code-000001063 to Google-Source Code-000001071). This exhibit contains non-party Google's proprietary and confidential information that could be used by Google's competitors to its disadvantage. Google accordingly requests that Exhibit 4 to the Pickens Declaration, Docket No. 836-1, be sealed in its entirety.

19. Exhibit 14 to the Pickens Declaration, Docket No. 836-1, is an unredacted copy of excerpts from the April 25, 2019, Opening Expert Report of Douglas Schmidt, Ph.D., Regarding Infringement by the HTC Defendants of U. S. Patent No. 7,184,064, and contain non-party Google's proprietary and confidential information that could be used by Google's competitors to its disadvantage. Selected portions of this exhibit contain specific pathnames located within Google's highly confidential source code production, as well as specifics regarding the codenames for and location and storage of Google's highly confidential source code. These selected portions contain non-public technical information regarding accused products in this action, including detailed discussion of Google's highly confidential source code and how its products operate. Exhibit 14 also contains detailed discussion of Google's confidential business information produced under the protective order governing confidentiality in this action. Google accordingly requests the Court seal those portions of Exhibit 14 that contain discussion and excerpts of Google's highly confidential and proprietary source code, as well as confidential business information, produced under the protective order governing confidentiality in this action. Attached as Exhibit P is a redacted version of this exhibit, with Google's confidential information removed. Because ASUS, HTC, Philips, and other non-parties may separately file declarations regarding their confidential information, Google submits this document under seal.

20. Exhibit 17 to the Pickens Declaration, Docket No. 836-1, is an unredacted copy of excerpts from the August 2, 2019, deposition of Douglas Schmidt, Ph.D, and contain non-party Google's proprietary and confidential information that could be used by Google's competitors to its disadvantage. Selected portions of these exhibits contain specific pathnames located within Google's highly confidential source code production, as well as specifics regarding the codenames for and location and storage of Google's highly confidential source code. These selected portions contain non-public technical information regarding accused products in this action, including detailed discussion of Google's highly confidential source code and how its products operate. Google accordingly requests the Court seal those

portions of Exhibit 17 that contain discussion and excerpts of Google's highly confidential and proprietary source code produced under the protective order governing confidentiality in this action. Attached as Exhibit Q is a redacted version of this exhibit, with Google's confidential information removed. Because ASUS, HTC, Philips, and other non-parties may separately file declarations regarding their confidential information, Google submits this document under seal.

21. Selected portions of ASUS' Opposition to Philips' Motion to Exclude Portions of Dr. Bulterman's Rebuttal Expert Report Concerning U.S. Patent No. 7,529,806, Docket No. 844-3, contain proprietary information that is confidential to non-party Google that could be used by Google's competitors to its disadvantage. Specifically, these selected portions contain non-public technical information regarding accused products in this action, including detailed discussion of Google's highly confidential source code and how its YouTube product operates. Google maintains this information confidentially, and produced it under the protective order governing confidentiality in these actions, Docket No. 132. Google would suffer harm should the Court deny sealing of these portions of the motion, and accordingly requests the Court seal those portions of this motion. Attached as Exhibit R is a redacted version of this motion, with Google's confidential information removed. Because ASUS, HTC, Philips, and other non-parties may separately file declarations regarding their confidential information, Google submits this document under seal.

22. Exhibit 6 to the Peng Declaration, Docket No. 844-1, is an unredacted copy of the October 17, 2017, letter from Matthew Warren to Christopher Gerson. Exhibit 7 is an unredacted copy of the February 15, 2018, letter from Matthew Warren to Jonathan M. Sharret. Exhibit 8 is an unredacted copy of the March 22, 2018, email from Jonathan M. Sharret to Google Counsel. Exhibit 9 is an unredacted copy of the April 20, 2018, letter from Matthew Warren to Jonathan M. Sharret. Exhibit 10 is an unredacted copy of the May 22, 2018, letter from Matthew Warren to Jonathan M. Sharret. These exhibits contain non-party Google's proprietary and confidential information that could be used by Google's competitors to its disadvantage. Selected portions of these exhibits contain specific pathnames located within Google's highly confidential source code production, as well as specifics regarding the codenames for and location and storage of Google's highly confidential source code. Google maintains this information confidentially, and produced it under the protective order governing confidentiality in

these actions, Docket No. 132.  Google would suffer harm should the Court deny sealing of these portions of the exhibits, and Google accordingly requests the Court seal those portions of Exhibits 6, 7, 8, 9, and 10 that contain discussion and excerpts of Google's highly confidential and proprietary source code.  Attached as Exhibits S, T, U, V, and W are redacted versions of Exhibits 6, 7, 8, 9, and 10, with Google's confidential information removed.

23.  Exhibit 13 to the Peng Declaration, Docket No. 844-1, is an unredacted copy of excerpts from the November 28, 2018, deposition of Matt Doucleff, and contain non-party Google's proprietary and confidential information that could be used by Google's competitors to its disadvantage.  Selected portions of this exhibit contain proprietary information that is confidential to non-party Google, and Google would suffer harm should the Court deny these portions of Exhibit 13.  Specifically, Exhibit 13 contains information regarding the operation of confidential functionalities in the accused products.  These selected portions contain non-public technical information regarding accused products in this action, including detailed discussion of Google's highly confidential source code and how its YouTube product operates.  Google accordingly requests the Court seal those portions of Exhibit 13 which contain discussion of Google's highly confidential and proprietary source code produced under the protective order governing confidentiality in this action.  Attached as Exhibit X is a redacted version of this exhibit, with Google's confidential information removed.

24.  Exhibit 16 to the Peng Declaration, Docket No. 844-1, is an unredacted copy of excerpts from Philips' October 31, 2018, Amended Disclosure of Asserted Claims and Infringement Contentions Against ASUS, and contain non-party Google's proprietary and confidential information that could be used by Google's competitors to its disadvantage.  Specifically, these selected portions contain non-public technical information regarding accused products in this action, including detailed discussion of Google's highly confidential source code and how its products operate.  Google maintains this information confidentially, and produced it under the protective order governing confidentiality in these actions, Docket No. 132.  Google would suffer harm should the Court deny sealing of these portions of the exhibit, and accordingly requests the Court seal those portions of this exhibit.  Attached as Exhibit AB is a redacted version of this exhibit, with Google's confidential information removed.

25. Exhibit 17 to the Peng Declaration, Docket No. 844-1, is an unredacted copy of excerpts of Excerpts from ASUSTeK Computer Inc. and ASUS Computer International's March 27, 2019, Corrected Fifth Supplemental Responses to Interrogatory No. 4, and contain non-party Google's proprietary and confidential information that could be used by Google's competitors to its disadvantage. Specifically, these selected portions contain non-public technical information regarding accused products in this action, including detailed discussion of Google's highly confidential source code and how its products operate. Google maintains this information confidentially, and produced it under the protective order governing confidentiality in these actions, Docket No. 132. Google would suffer harm should the Court deny sealing of these portions of the exhibit, and accordingly requests the Court seal those portions of this exhibit. Google accordingly requests that Exhibit 17 to the Peng Declaration, Docket No. 844-1, be sealed in its entirety.

26. Exhibit 19 to the Peng Declaration, Docket No. 844-1, is an unredacted copy of excerpts of the June 20, 2019 Expert Rebuttal Report of Dick Bulterman, Ph.D. Regarding Non-Infringement of U.S. Patent No. 7,529,806, and contain non-party Google's proprietary and confidential information that could be used by Google's competitors to its disadvantage. Specifically, these selected portions contain non-public technical information regarding accused products in this action, including detailed discussion of Google's highly confidential source code and how its products operate. Google maintains this information confidentially, and produced it under the protective order governing confidentiality in these actions, Docket No. 132. Google would suffer harm should the Court deny sealing of these portions of the exhibit, and accordingly requests the Court seal those portions of this exhibit. Attached as Exhibit Y is a redacted version of this exhibit, with Google's confidential information removed.

I declare under penalty of perjury that the foregoing is true and correct. Executed in San Francisco, California on October 4, 2019.

Respectfully submitted,

_____
Matthew S. Warren