Exhibit W

# Exhibit 10

# UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

**WARREN LEX** LLP

2261 MARKET STREET No. 606      TEL  +1 (415) 895 2940
SAN FRANCISCO CA 94114          FAX  +1 (415) 895 2964

May 22, 2018

**Contains Highly Confidential – Source Code Information**

**By Electronic Mail**

Jonathan Sharret
Fitzpatrick, Cella, Harper & Scinto
1290 Avenue of the Americas
New York, New York, 10104-3800
philipsprosecutionbar@fchs.com

Re:     **Koninklijke Philips N.V. matters, Nos. 18-1885 through 18-1890 (N.D. Cal.),
        subpoenas to non-party Google LLC**

Dear Mr. Sharret:

I write regarding production of highly confidential source code by non-party Google LLC in response to
Philips' subpoenas.

**1.      Overall Page Limit**

Under the protective order governing confidentiality in these actions, Philips may "print up to an
aggregate total of 750 pages but may not print more than 25 consecutive pages."  No. 18-1885, Docket
No. 132 ¶ 10.d.  Based on Philips' review of Google's highly confidential source code, you asked Google
to increase Philips' overall page limit to 2,000.  As you know, Google has agreed to this request, and we
allowed Mr. Morgan to print 732 additional pages, for a total of 1,361 pages.  Of course, although we
have increased the aggregate total pages Philips may print from 750 to 2,000, Philips still "may not print
more than 25 consecutive pages."  *Id.*

**2.      YouTube**

As we discussed on April 27, 2018, we previously produced application code for eight versions of
YouTube for Android.  As I explained in our letter of April 20, 2018, we inadvertently did not include
portions of one version of the ███████████████████████.  Google has collected
this code, and it will be available for Philips to review on Thursday, May 24, 2018.

Finally, you raised a more general issue regarding YouTube, specifically that for ██████████████
████████████████████████████████████████████████████████
████████████████████████████████████████"  We have
investigated this issue, and have determined that Google stopped using the namespace
███████████████████████████████████ in our production.  This change
interfered with our collection of ██████████████████████████████████,
which did use this namespace.  Google has recollected this application code, and it will be available for

**Contains Highly Confidential – Source Code Information**

Jonathan Sharret
May 22, 2018
Page 2

Philips to review on Thursday, May 24, 2018.  This error should not affect the versions we produced starting with ███████.

**3.**       ███████

As I wrote in my letter of April 20, 2018, we previously determined that there was an error in Google's collection process regarding production of the ███████ build.  Google has collected this code, and it will be available for Philips to review on Thursday, May 24, 2018.

**4.       Google Keyboard**

In my letter of April 20, 2018, I asked:  "Your request seems to suggest that Google should produce all versions of the Google Keyboard, regardless of whether or not those versions correspond to accused devices.  Is that what you intended to request, or do you seek only versions of the Google Keyboard that correspond to accused devices?  Please let us know."  Philips has not responded to this question.

As I also said in my letter of April 20, "In the meantime, Google will continue to review this request to ensure that we collect and produce versions of the Google Keyboard corresponding to accused devices." We have completed this review, and will produce the source code for ████████████████████████, which appeared on accused Nexus devices but which we inadvertently omitted from our previous production.  Google has collected this code, and it will be available for Philips to review on Thursday, May 24, 2018.

We are not aware of any other accused devices that used the Google Keyboard.  If Philips contends that the Google Keyboard appeared on accused devices other than the accused Nexus devices, please identify those devices and the versions of the Google Keyboard you believe they included.

**5.       Nexus 7**

You asked us to "  .  Google has collected this build and it will be ready for Philips' review on Thursday, May 24, 2018.  The web page you mentioned, https://source.android.com/setup/build-numbers, concerns releases to the Android Open Source Project, and is not authoritative regarding Google's builds for Nexus devices.

**6.       Google Now Launcher**

You wrote that Philips' reviewer ████████████████████████████████████████████████████████" Instead, you suggested that "████████████████████████████████████████████."

The source code that Google has already produced is correct. ████████████████████████████████████████████████████ As Google's relevant witness will confirm at deposition, however, that application does use code Google has already produced

**Contains Highly Confidential – Source Code Information**

Jonathan Sharret
May 22, 2018
Page 3

under the ████████████████ directories.  The next step should then be to provide you with guidance regarding which code comes from ████████████████████.  As we have done above regarding ████████████████, we would first provide this information informally, so that Philips can print the correct source code, and then provide a witness who can confirm it at deposition.  We are still investigating the specifics of this issue, and will respond when that investigation is complete.

**7.      Procedures for Source Code Review**

In your email of Thursday, May 3, you asked us for a "date by which you believed the source code issues we discussed would be resolved (i.e., when the source code would be available for review)."  You also wrote that while you "believe it is sensible for John Morgan to return on Monday, May 7, to review the already-produced code," you were "interested in understanding when outstanding code will be produced to see if it is possible to schedule a single trip in the near future."  Then, on May 7 you wrote that, "Given the notice provided last Thursday, John Morgan will be at your offices on Wednesday."

The protective order requires "reasonable notice to the producing party, which shall not be less than three (3) business days in advance of the requested inspection."  ¶ 10.c.ii.  You did not provide the required notice for a visit on Wednesday, May 9.  On Thursday, May 3, you floated the idea of a visit on Monday (two business days after your email), but noted that any visit likely would not occur until we had completed our additional production in response to your letters.  On Monday, May 7, you stated that Mr. Morgan would arrive on Wednesday—again, two business days after your email.  Neither of your emails provided proper notice under paragraph 10.c.ii of the protective order.  Nonetheless, in the spirit of comity and cooperation, we made an exception and allowed Mr. Morgan to review source code.  In the future, we expect Philips to provide the required clear and timely notice of its intention to review Google's highly confidential source code.

**8.      Depositions**

During our meet and confer call you asked whether Google would prefer to schedule witnesses in a block or individually.  We think it is best to schedule depositions once Philips has completed its review of Google's source code, in as close to a block as we can achieve given the schedules and locations of the particular witnesses involved.  We look forward to discussing this further with you in the coming weeks.

*     *     *     *     *

I hope this is helpful.  If you have any questions about these issues, please do not hesitate to call me on my direct line, +1 (415) 895-2928.  Thank you for your continued time and courtesy in this matter.

Very Truly Yours,

Matt Warren