John P. Schnurer (CA Bar No. 185725)
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, CA 92130
Telephone: (858) 720-5700
Facsimile: (858) 720-5799

Ryan J. McBrayer (*pro hac vice*)
Jonathan R. Putman (*pro hac vice*)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: (206) 359-8000
Facsimile: (206) 359-9000

Attorneys for Defendants
HTC CORP.
HTC AMERICA, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE KONINKLIJKE PHILIPS PATENT LITIGATION. | Case No. 4:18-cv-01885-HSG-EDL<br><br>JURY TRIAL DEMANDED<br><br>**DECLARATION OF RYAN MCBRAYER IN SUPPORT OF ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL (DKT. NO. 879 & 904)** |

I, Ryan McBrayer, hereby declare as follows:

1. I make this declaration of my own personal knowledge, and if compelled to testify, I could and would competently testify thereto. I am a member of the State Bar of Washington, an attorney at Perkins Coie LLP, and admitted *pro hac vice* before this Court as counsel for Defendants HTC Corporation and HTC America, Inc. (collectively, "HTC") in the above-referenced action.

2. I submit this declaration pursuant to L.R. 79-5(d)(1)(A) in support of Plaintiff's Administrative Motions to File Under Seal (Dkt. Nos. 879 and 904).

3. **Exhibits 11 and 12** to the Declaration of Caitlyn N. Bingaman (Dkt. No. 904-6 and 904-8) contain excerpts of Philips' infringement contentions against HTC. The indicated highlighted portions of these exhibits refer to or quote HTC's source code and other highly confidential technical information about HTC's products, many of which are still on sale today.

4. The indicated highlighted portions on pages 2 to 3 of **Philips' Reply In Support of Motion to Exclude Untimely Theories in Dr. Mackenzie's Rebuttal Expert Report** (Dkt. No. 879-4) also disclose information about HTC's source code.

5. As set forth in the Declaration of Vincent Lam (Dkt. No. 773), HTC's source code is one of HTC's most closely-guarded trade secrets. *Id.* at ¶3. This information could be used to HTC's competitive disadvantage if it were revealed publicly, because it would allow HTC's competitors to copy HTC's products. *Id.*

6. **Exhibit 15** to the Declaration of Caitlyn N. Bingaman (Dkt. No. 904-13) is a complete copy of a Common Interest Agreement between HTC and Google. As set forth in the Declaration of Vincent Lam (Dkt. No. 773, ¶16), which addressed this same document when Philips filed it in conjunction with its motion for summary judgment, this agreement contains confidential financial and business information of HTC and non-party Google, and could be used against them in future negotiations with potential customers or business partners. HTC does not seek to seal the fact of the existence of this agreement, only the detailed content. Accordingly, HTC requests that the Court order this document remain sealed in its entirety.

7. In the Ninth Circuit, "a particularized showing of '*good cause*' under Federal

1   Rule of Civil Procedure 26(c) *is sufficient to preserve the secrecy of sealed discovery documents attached to non-dispositive motions.*" *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1222 (Fed. Cir. 2013) (emphasis in original).  The documents described above were filed by Philips in support of its non-dispositive motion to exclude certain opinions in Dr. Jeffay's expert report.  Moreover, even under the stricter "compelling reasons" standard, the Federal Circuit has "concluded that under Ninth Circuit law, detailed product-specific financial information, customer information, and internal reports are appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage."  *Opperman v. Path, Inc.*, 13-CV-00453-JST, 2017 WL 1036652, at *1 (N.D. Cal. Mar. 17, 2017) (sealing proprietary source code), citing *Apple Inc. v. Samsung Elecs*. Co., 727 F.3d 1214, 1226, 1228 (Fed. Cir. 2013).

       8.    HTC's request for sealing here is narrow.  HTC only seeks to seal three of the exhibits attached to Philips' motion to strike certain opinions in Dr. Jeffay's expert report and only limited redactions of Philips' reply brief regarding Dr. MacKenzie.  Moreover, HTC does not seek to seal the entirety of Exhibits 11 and 12 and the reply, but only the narrowed redactions as highlighted, that contain source code and technical information.  HTC does not seek to seal the remainder of the documents attached to Philips' motions regarding Dr. Jeffay and Dr. MacKenzie, and HTC also is not seeking to seal any documents in connection with Philips' other administrative motions to seal, Dkt. Nos. 878 and 906.

       I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.


       Executed on October 25, 2019 in Seattle, Washington.

              */s/ Ryan McBrayer*
              Ryan McBrayer