UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE KONINKLIJKE PHILIPS PATENT LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 18-cv-01885-HSG<br><br>**ORDER GRANTING MICROSOFT'S MOTION TO STAY '064 CLAIMS**<br><br>Re: Dkt. No. 656 |

Pending before the Court is Microsoft's motion to stay all claims and counterclaims relating to U.S. Patent No. 7,184,064 (the "'064 Patent"), pending a decision from the Federal Circuit on the Patent Trial & Appeal Board's ("PTAB's") invalidation of all claims of U.S. Patent No. 6,690,387 (the "'387 Patent"). Dkt. No. 656 ("Mot.") After carefully considering the parties' arguments, the Court **GRANTS** Microsoft's motion.

## I. BACKGROUND

Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corp. (collectively, "Philips") instituted this patent infringement action in December 2015, alleging infringement of eleven patents. In November 2016, Microsoft intervened in the actions against several of the Defendants, and Philips counterclaimed against Microsoft for infringement of nine of the patents-in-suit. Dkt. Nos. 69, 86. Two of the patents asserted against Microsoft are the '064 Patent and the '387 Patent, which are directed to techniques for scrolling content on a touch screen. Mot. at 3. The '064 Patent is a continuation of the '387 Patent. *Id*.

On April 10, 2019, after an *inter partes* review ("IPR"), the PTAB issued a Final Written Decision finding all claims in the '387 Patent unpatentable based on obviousness over certain prior art. Dkt. No. 656-2, Ex. A. Philips then stipulated to dismiss without prejudice its

1  infringement claims under the '387 Patent. Dkt. Nos. 649, 650. According to Microsoft, Philips
2  has indicated that it intends to appeal the PTAB's decision invalidating the '387 Patent. Mot. at 2.
3  Microsoft now moves to stay all claims and counterclaims for the related '064 Patent until the
4  Federal Circuit affirms or reverses the PTAB's decision. *See generally* Mot. In the alternative,
5  Microsoft seeks leave to file an early motion for summary judgment. *Id*.

## II. LEGAL STANDARD

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of [PTO proceedings]." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (citations omitted); *IXI Mobile (R & D) Ltd. v. Samsung Elecs. Co.*, No. 15-cv-03752-HSG, 2015 WL 7015415, at *2 (N.D. Cal. Nov. 12, 2015). Courts consider three factors in determining whether to grant a stay pending PTO proceedings: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *IXI Mobile (R & D) Ltd.*, 2015 WL 7015415, at *2 (quoting *Evolutionary Intelligence, LLC v. Facebook, Inc.*, No. 13-cv-04202-SI, 2014 WL 261837, at *1 (N.D. Cal. Jan. 23, 2014)). The moving party bears the burden of demonstrating that a stay is appropriate. *DSS Tech. Mgmt., Inc. v. Apple, Inc.*, No. 14-cv-05330-HSG, 2015 WL 1967878, at *2 (N.D. Cal. May 1, 2015). Whether to stay is always within the court's discretion.

## III. DISCUSSION

### A. Stage of Proceedings

When considering whether to grant a stay, courts consider whether the litigation is at an early stage. *See AT&T Intellectual Property I v. Tivo, Inc.*, 774 F. Supp. 2d 1049, 1052 (N.D. Cal. 2011). Specifically, courts consider "whether discovery is complete and whether a trial date has been set." *Evolutionary Intelligence*, 2014 WL 261837, at *1.

Philips argues that a stay is not warranted because fact discovery is complete and trial is set for February 2020. Dkt. No. 659 ("Opp.") at 20. In addition, Philips asserts that a partial stay is inefficient because, to the extent the '064 Patent will need to be tried again later, the Court

2

would be "burdened with a second trial." *Id*. at 21. The Court does not doubt the parties have already expended significant resources on this litigation, but does not find that the case is so far advanced that a partial stay is unwarranted. The hearing on the parties' dispositive and *Daubert* motions is not until November 27, 2019, and the pretrial conference is approximately three months away. *See* Dkt. Nos. 631, 922. Given the substantial work that still must be done in this case for the other patents-in-suit, the Court finds that this factor weighs slightly in favor of a stay.

### B. Simplification of Issues

Microsoft contends that because the claims of the '387 and '064 Patent are nearly identical, a decision by the Federal Circuit affirming the invalidity of the '387 Patent would "conclusively establish" the invalidity of the '064 Patent, simplifying the issues in this case. Mot. at 6–11. Philips appears to concede that the claims are nearly identical, but disputes the preclusive effect a decision on the '387 Patent would have on the '064 Patent. Opp. at 4, 6–20.

The Court finds that this factor weighs in favor of a stay. At this time, the Court need not conclusively decide whether the Federal Circuit's affirmance of the invalidity of the '387 Patent would have a preclusive effect on the '064 Patent. However, the Court finds persuasive the reasoning of Judge Saris of the District of Massachusetts, who held that "PTAB decisions have a collateral-estoppel effect in district court on unadjudicated claims that do not 'materially alter the question of invalidity.'" *See Intellectual Ventures I, LLC v. Lenovo Grp. Ltd.*, 370 F. Supp. 3d 251, 253 (D. Mass. 2019). Because there is some potential that collateral estoppel would apply, this case may well be greatly simplified after the Federal Circuit rules on the PTAB's invalidation of the '387 Patent, given its similarities to the '064 Patent. If the Federal Circuit reverses the PTAB's decision invalidating the '387 Patent, the parties can resume litigating the '064 Patent claims without having to grapple with the collateral estoppel question. Therefore, the Court finds that a stay of the claims based on the '064 Patent will simplify the issues in this case.

### C. Undue Prejudice

The final factor courts consider is whether a stay would unduly prejudice the nonmoving party. Courts here consider whether the moving party engaged in dilatory tactics, such as seeking review in an untimely fashion. *See GoPro, Inc. v. C&A Mktg., Inc.*, No. 16-CV-03590-JST, 2017

3

WL 2591268, at *4 (N.D. Cal. June 15, 2017).

According to Philips, even though Microsoft knew about the PTAB's IPR examination since May 2018, and was aware of the final decision in April 2019, it "chose to wait to raise its collateral estoppel issue." Opp. at 22. But Microsoft filed this motion about a month after the PTAB's final decision and around two weeks after Philips dismissed the '387 Patent. The Court declines to read a dilatory motive into Microsoft's filing of the motion.

Philips also accuses Microsoft of attempting to gain a "tactical advantage" by seeking a partial stay while the other Defendants in this case have not. Opp. at 22–23. If the other Defendants (ASUS and HTC) choose not to seek a stay of the '064 Patent claims, Philips alleges that Microsoft may "watch these proceedings from the sidelines and, should the '064 patent be un-stayed, use what it learns in the later trial against Philips." *Id*. at 23. But the circumstances here are no different than the common situation in which litigation regarding the same or similar patents proceeds at different times in different cases. Accordingly, this factor weighs in favor of a stay.

## IV. CONCLUSION

The Court **GRANTS** Microsoft's motion to stay all claims related to the '064 Patent, pending an order from the Federal Circuit affirming or reversing the PTAB's decision on the '387 Patent. The Court will consider lifting the stay upon the issuance of a final order from the Federal Circuit and will not continue the stay pending any petitions for rehearing. Microsoft and Philips are **DIRECTED** to submit a joint status report every 180 days updating the Court on the status of the Federal Circuit proceeding. The parties are also directed to file a joint status report within five days of the issuance of the Federal Circuit's decision to inform the Court of the decision. At that time, the Court will issue an order addressing further proceedings in the case.

**IT IS SO ORDERED.**

Dated: 11/13/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

4