UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE KONINKLIJKE PHILIPS PATENT LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 18-cv-01885-HSG<br><br>**ORDER ON RENEWED ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 860 |

Pending before the Court is the parties' joint renewed administrative motion to file under seal. The Court previously granted in part and denied in part the parties' administrative motions to file under seal. Dkt. No. 789. Having carefully considered the pending motion and supporting declarations, the Court **GRANTS IN PART** and **DENIES IN PART** the parties' motion.

## I.  LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a

1  vehicle for improper purposes,' such as the use of records to gratify private spite, promote public
2  scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v.*
3  *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records
4  may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not,
5  without more, compel the court to seal its records." *Id.*

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *Id.* at 1179–80 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

## II. DISCUSSION

The Court previously denied in part numerous administrative motions to file under seal, primarily because the parties did not narrowly tailor their sealing requests to redact only confidential or proprietary business information, and the requests sought to redact substantial volumes of information otherwise unredacted elsewhere. Dkt. No. 789 at 3. The Court directed the parties to file any renewed motions to seal within fourteen days. *Id*. at 6.

The parties have publicly refiled documents which they no longer seek to seal. Dkt. No. 858. However, the parties have not publicly refiled Exhibits 3, 6, 18, 19, and 28 to the Declaration of Daniel A. Apgar ("Apgar Declaration"), nor have the parties submitted renewed requests to seal those exhibits. Given the substantial volume of documents, the Court will afford the parties one more opportunity to file a renewed motion to seal those exhibits, should the parties still seek to do so. Otherwise, the parties should file unredacted versions of those exhibits.

Turning to the renewed sealing requests, the parties have narrowly tailored the redactions to confidential and proprietary business information. The Court finds good cause to grant the motion to file the redacted portions under seal. *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, No.

11-CV-01846-LHK, 2012 WL 6115623 (N.D. Cal. Dec. 10, 2012); *see also Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011); *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C 13-159 CW, 2014 WL 6901744 (N.D. Cal. Dec. 8, 2014).

However, the parties still fail to narrowly tailor the sealing request for the Declaration of Jonathan M. Sharret ("Sharret Declaration"). Dkt. No. 860-11. With respect to third-party Google's proposed redactions in paragraphs 52 and 53, the Court finds Google has established good cause to seal those narrowly tailored redacted portions. However, the public version contains redactions pertaining to both HTC and Microsoft, Dkt. No. 860-11 ¶¶ 6–44 (HTC), 61–95 (Microsoft), yet neither party's supporting declaration explains why the information should be redacted. *See* Dkt. Nos. 860-2, 860-3. Further, the redactions pertaining to HTC and Microsoft are substantially overbroad. For example, the parties seek to redact procedural history, including information publicly available on the docket. The Court does not find that procedural history in this case constitutes confidential and proprietary business information so as to warrant sealing, especially in the absence of a particularized showing of how disclosure would lead to specific harm or prejudice.

Accordingly, the Court **ORDERS** as follows:

| Docket Number Public/(Sealed) | Document | Portions Sought to be Sealed | Ruling |
|---|---|---|---|
| *HTC's Requests to Seal (Supporting Decl. Dkt. No. 860-2)* | | | |
| 862-9, 862-11, 863-1, 863-3, 863-5, 863-7, 863-9, 863-11 / (862-10, 862-12, 863-2, 863-4, 863-6, 863-8, 863-10, 863-12) | Exhibits 3, 5, 6, 10, 24, 34–40, 46–48 to the Declaration of Sean M. McCarthy ISO Philips' Motion for Leave to Amend | Redacted portions identified in public filing | **GRANTED** |
| 865-3, 864-5, 864-7 / (866-1, 864-6, 864-8) | Exhibits 2, 112, 119 to the Declaration of Jonathan M. Sharret ISO Philips' Motion for Leave to Amend | Redacted portions identified in public filing | **GRANTED** |
| *Acer's Requests to Seal (Supporting Decl. Dkt. No. 860-1)* | | | |
| 860-7, 860-9 / (860-8, 860-10) | Exhibits 5 and 16 to the Declaration of Daniel A. Apgar ISO Philips' Motion for Leave to Amend | Redacted portions in public filing | **GRANTED** |
| 868-1 / (868-2) | Exhibit 3 to the Declaration of Jonathan M. Sharret ISO Philips' Motion for Leave to Amend | Redacted portions in public filing | **GRANTED** |

| Docket Number Public/(Sealed) | Document | Portions Sought to be Sealed | Ruling |
|---|---|---|---|
| *Microsoft's Requests to Seal (Supporting Decl. Dkt. No. 860-3)* | | | |
| 861-3, 861-5, 861-7, 861-9, 862-1, 862-3, 862-5, 862-7 / (861-4, 861-6, 861-8, 861-10, 862-2, 862-4, 862-6, 862-8) | Exhibits 7, 8, 11, 13, 22, 23, 24, and 30 to the Declaration of Jaime F. Cardenas-Navia ISO Philips' Motion for Leave to Amend | Redacted portions in public filing | **GRANTED** |
| 869-1 / (868-3) | Exhibit 1 to the Declaration of Jonathan M. Sharret ISO Philips' Motion for Leave to Amend | Redacted portions in public filing | **GRANTED** |
| 864-3, 861-1 / (864-4, 861-2) | Exhibits C and D to the Declaration of Patrick J. McKeever ISO Defendants' Opposition | Redacted portions in public filing | **GRANTED** |
| *ASUS's Requests to Seal (Supporting Decl. Dkt. No. 860-5)* | | | |
| 867-1 / (866-2) | Exhibit 4 to the Declaration of Jonathan M. Sharret ISO Philips' Motion for Leave to Amend | Redacted portions in public filing | **GRANTED** |
| *Google's Requests to Seal (Supporting Decl. Dkt. No. 860-4)* | | | |
| 860-11 / 538-37 | Declaration of Jonathan M. Sharret ISO Philips' Motion for Leave to Amend | Redacted portions in public filing | **GRANTED** as to Google's proposed redactions in paragraphs 52 and 53<br><br>**DENIED** as to the remaining redactions: not narrowly tailored |
| 865-3, 868-1, 867-1 / (866-1, 868-2, 866-2) | Exhibits 2–4 to the Declaration of Jonathan M. Sharret ISO Philips' Motion for Leave to Amend | Redacted portions in public filing | **GRANTED** |

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** the joint renewed administrative motion to file under seal. The Court **DENIES** sealing as to the Sharret Declaration, Dkt. No. 860-11, but **GRANTS** as to the remaining documents. Pursuant to Civil Local Rule 79-5(f)(1), documents filed under seal as to which the administrative motions are granted will remain under seal.

The Court will grant the parties one more opportunity to file a renewed motion to seal for the Sharret Declaration and Exhibits 3, 6, 18, 19, and 28 to the Apgar Declaration. The Court will allow seven days (7) from the date of this order for the parties to file the renewed motion to seal

according to the requirements discussed above. If the parties no longer seek to seal those documents, then the parties are directed to file public, unredacted versions of the documents within seven days (7) from the date of this order (the exception being Google's proposed redactions in paragraphs 52 and 53 of the Sharret Declaration). The Court expects the parties will use their best objective judgment to file a motion that is narrowly tailored, properly supported by declarations, and satisfies the requisite standards. Google need not file another supporting declaration.

**IT IS SO ORDERED.**

Dated: 11/13/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge