[All counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE KONINKLIJKE PHILIPS PATENT LITIGATION | Case No. 4:18-cv-01885-HSG-JCS<br><br>**JOINT CLAIM CONSTRUCTION STATEMENT SUBMITTED PURSUANT TO DOCKET NO. 940** |

On December 18, 2019, the Court issued an Order in connection with the parties' pending dispositive motions stating that:

> If the parties are contending that further claim construction is necessary as to terms not previously construed, the parties are DIRECTED to file by December 19, 2019 at 5:00 p.m., a Joint Claim Construction Statement, in the form mandated by the Joint Claim Construction and Prehearing Statement required under Patent Local Rule 4-3(a), (b) and (f). Specifically, the joint submission should identify (1) the term in dispute; and (2) each party's proposed construction. If the proposed construction relies on extrinsic evidence already in the record, the parties need not re-file those as exhibits but should provide their docket number (sealed, unredacted version).

Dkt. No. 940.

As such, Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corp. ("Philips"), Defendants ASUSTek Computer, Inc. and ASUS Computer International ("ASUS"), and Microsoft Corporation and Microsoft Mobile, Inc. ("Microsoft") are filing herewith the attached Joint Claim Construction Statement and supporting exhibits in accordance with that Order.[1]

---

[1] On December 18, 2019, the Court also granted Philips' and Defendants' HTC Corporation and HTC America, Inc. ("HTC") Stipulation Requesting the Summary Judgment and Daubert Motions As Between Philips and the HTC Defendants Be Taken Off Calendar Pending Completion of Settlement. Dkt. No. 942. As such, this filing is submitted on behalf of Philips, ASUS, and Microsoft only.

| | |
|---|---|
| Dated: December 19, 2019 | Respectfully submitted, |
| | |
| Chris Holland (SBN 164053)<br>Lori L. Holland (SBN 202309)<br>HOLLAND LAW LLP<br>220 Montgomery Street, Suite 800<br>San Francisco, CA 94104<br>Telephone: (415) 200-4980<br>Fax: (415) 200-4989<br>cholland@hollandlawllp.com<br>lholland@hollandlawllp.com | /s/ Michael P. Sandonato<br>Michael P. Sandonato (admitted *pro hac vice*)<br>John S. Carlin (admitted *pro hac vice*)<br>Christopher S. Gerson (admitted *pro hac vice*)<br>Natalie D. Lieber (admitted *pro hac vice*)<br>Jason M. Dorsky (admitted *pro hac vice*)<br>Stephen K. Yam (admitted *pro hac vice*)<br>Jonathan M. Sharret (admitted *pro hac vice*)<br>Joshua D. Calabro admitted *pro hac vice*)<br>Daniel A. Apgar (admitted *pro hac vice*)<br>Sean M. McCarthy (admitted *pro hac vice*)<br>Robert S. Pickens (admitted *pro hac vice*)<br>Caitlyn N. Bingaman (admitted *pro hac vice*) |
| | VENABLE LLP<br>1290 Avenue of the Americas<br>New York, New York, 10104<br>+1 (212) 218-2100<br>+1 (212) 218-2200 facsimile<br>philipsprosecutionbar@venable.com |
| | *Attorneys for Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation* |

/s/ Christina McCullough
Judith Jennison (Bar No. 165929)
Christina McCullough (Bar No. 245944)
Ramsey M. Al-Salam (Bar No. 109506)
Antoine McNamara (Bar No. 261980)
Theresa H. Nguyen (Bar No. 284581)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington, 98101
+1 (206) 359-8000
+1 (206) 359-9000 facsimile
msft-philipsteam@perkinscoie.com

Chad Campbell (Bar No. 258723)
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Phoenix, Arizona, 85012
+1 (602) 351-8000
+1 (602) 648-7000 facsimile

Tiffany P. Cunningham (*pro hac vice*)
PERKINS COIE LLP
131 South Dearborn, Suite 1700
Chicago, Illinois, 60603
+1 (312) 324-8400
+1 (312) 324-9400 facsimile

Sarah E. Fowler (Bar No. 264838)
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
+1 (650) 838-4300
+1 (650) 838-4350

Patrick McKeever
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, California, 92130-2080
+1 (858) 720-5722
+1 (858) 720-5822 facsimile

*Attorneys for Intervenor-Plaintiff/Counterclaim Defendants-in-Intervention Microsoft Corp. and Microsoft Mobile, Inc.*

Bruce Genderson (*pro hac vice*)
Kevin Hardy (*pro hac vice*)
Aaron Maurer (*pro hac vice*)
David Krinsky (*pro hac vice*)
Andrew Trask (*pro hac vice*)
Kyle Thomason (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C., 20005
+1 (202) 434-5000
+1 (202) 434-5029 facsimile
viceroy@wc.com

Michael J. Newton (Bar No. 156225)
Sang (Michael) Lee (*pro hac vice*)
ALSTON & BIRD LLP
2200 Ross Avenue, Suite 2300
Dallas, Texas, 75201
+1 (214) 922-3400

/s/ Erika H. Warren
Matthew S. Warren (Bar No. 230565)
Erika H. Warren (Bar No. 295570)
Angela M. He (Bar No. 319351)
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94110
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
18-1885@cases.warrenlex.com

+1 (214) 922-3899 facsimile
asus-philips@alston.com

*Attorneys for Defendants ASUSTeK Computer Inc., and ASUS Computer International*

## CIVIL L.R. 5-1(i) ATTESTATION

I, Chris Holland, hereby attest that I have been authorized by counsel for the parties listed above to execute this document on their behalf.

Dated:  December 19, 2019              /s/ Chris Holland
                                       Chris Holland

# JOINT CLAIM CHART

I. **'806 Patent**

| Disputed Term | Philips' Proposed Construction and Identification of Supporting Evidence | Microsoft's Proposed Construction and Identification of Supporting Evidence |
|---|---|---|
| **Term 1:** to begin a media presentation<br><br>(claims 1, 12)<br><br>(term proposed for construction by Philips) | to start playback of the media presentation's retrieved file<br><br>**Intrinsic Evidence**<br>'806 patent (D.I. 831-9) (Ex. 40 to Philips' Opp. to ASUS's Mot. for Summary Judgment), 2:23-24, 3:3-16, 3:57-61, Fig. 1, Claims 1, 9, 11, 12, 14;<br><br>File history of '806 patent (D.I. 822-36) (Ex. 36 to Philips' Opp. to Microsoft's Mot. for Summary Judgment) at PHILIPS00006317-25, PHILIPS00006335-39.<br><br>**Extrinsic Evidence**<br>July 18, 2019 deposition transcript of Dr. Nathaniel Polish (D.I. 821-14) (Ex. 8 to Philips' Opp. to Microsoft's Mot. for Summary Judgment) at 172:1-25; 173:15-174:13; 176:22-177:9;<br><br>Opening Report of Dr. Nathaniel Polish (D.I. 821-12) (Ex. 7 to Philips' Opp. to Microsoft's Mot. for Summary Judgment) at ¶¶ 91-97. | plain and ordinary meaning<br><br>**Intrinsic Evidence**<br>• 1:62-2:1: "It is an object of the invention to provide an open architecture solution for content delivery in a download approach that allows for a low or negligible play-out latency. To this end the content file is split into multiple parts. Each part or segment requires a relatively short download time. Therefore, the play-out latency is determined by the download time of the first part."<br>• 3:3-4: "In step 106, the first file segment is downloaded for playout."<br>• Figure 1, elements 106 ("download first file segment for playout"), 108 ("start play-out of first segment"), 110 ("download next file segment & buffer while preceding segment is being played out")<br>• 3:8-13: "In step 108, the rendering of the first segment is started. The buffered content of the first segment is forwarded to a decoding/playing module. The decoding/playing module decodes the |

**Error! Unknown document property name.**

|  |  |  | file format, e. g., MP3. The playing of the supplied stream of bits involves a number of standard operating system calls to its drivers a technique well known in the art." |
|---|---|---|---|
|  |  |  | • 3:14-16: "In step 110, the next file segment is downloaded at the client and stored in a buffer while the previous file segment, here the first file segment, is being played out." |
|  |  |  | • Claim 1, 5:54-67 ("identifying multiple alternative files corresponding to a given segment of the media presentation, determining which files of the multiple alternative files to retrieve based on system restraints; retrieving the determined file of the multiple alternative files to begin a media presentation, wherein if the determined file is one of a plurality of files required for the media presentation, the method further comprises acts of: concurrent with the media presentation, retrieving a next file; and using content of the next file to continue the media presentation.") |
|  |  |  | • Claim 12, 6:49-62 ("identifying multiple alternative files corresponding to a give segment of the media presentation; determining which file of the multiple alternative files to retrieve based on system constraints; retrieving the determined file of the multiple alternative files to begin a media |

**Error! Unknown document property name.**

| | | |
|---|---|---|
| | | presentation, wherein if the determined file is one of a plurality of files required for the media presentation, the means for parsing comprises means for: concurrent with the media presentation, retrieving a next file; and using content of the next file to continue the media presentation.") |
| | | **Extrinsic Evidence**<br><br>• Declaration of Dr. Nathaniel Polish (Dkt. No. 144) at ¶ 59 ("With respect to the 'retrieving...' step, steps 106 and 108 and the accompanying description in the specification provides an algorithm for the retrieval and playback of the first part of a media presentation. (*See id.* at 3:3-13 ('In step 106, the first file segment is downloaded for playout.... In step 108, the rendering of the first segment is started.').) These descriptions constitute an algorithm for implementing the 'identifying . . .; determining . . .; retrieving . . .' steps, and are sufficient structure for performing these functions of the means for parsing.")<br><br>• July 18, 2019 deposition transcript of Dr. Nathaniel Polish (Dkt. No. 715-10) at 182:4-11 ("Q. Does the patent describe an embodiment where the first segment of the media presentation, the determining step, is not performed for that? And then subsequently, the determining step is performed where there has been at least one segment of |

**Error! Unknown document property name.**

| | | | |
|---|---|---|---|
| | | | the media presentation played out in the interim?  A. No.") |
| | | | • Rebuttal Expert Report of Dr. Samrat Bhattacharjee (Dkt. No. 715-12) at ¶¶ 66-75 |

**Error! Unknown document property name.**

II.     **'806 Patent**

| Disputed Term | Philips' Proposed Construction and Identification of Supporting Evidence | ASUS's Proposed Construction and Identification of Supporting Evidence |
|---|---|---|
| **Term 2:** means for downloading<br><br>(claim 12)<br><br>(term proposed for construction by ASUS) | Philips objects to the inclusion of this term on this chart, as the issue of indefiniteness has already been fully briefed by the parties in the related summary judgment papers. For the reasons stated in Philips' briefing, this term is not indefinite.<br><br>As discussed in Philips' opposition to ASUS's motion for summary judgment, "means for downloading" has its plain and ordinary meaning.  But, if § 112 ¶ 6 governs "means for downloading," the function is "downloading files to the client device," and the exception of *In re Katz Interactive Call Proc. Patent Litig.*, 639 F.3d 1303, 1316 (Fed. Cir. 2011), as interpreted by, *e.g.*, *Finjan, Inc. v. Sophos, Inc.*, No. 14-CV-01197-WHO, 2015 WL 890621, at *8–9 (N.D. Cal. Mar. 2, 2015), *Finjan, Inc. v. Symantec Corp.*, No. 14-CV-02998-HSG, 2017 WL 550453, at *4–5 (N.D. Cal. Feb. 10, 2017), *Fortinet, Inc. v. Sophos, Inc.*, No. 13-CV-05831-EMC, 2015 WL 6513655, at *5–8 (N.D. Cal. Oct. 28, 2015), applies, so a microprocessor or general purpose computer—not limited to any algorithm—provides structure.<br><br>If *Katz* and its progeny do not apply, the structure for "downloading files to the client | [indefinite]<br><br>**Intrinsic Evidence**<br>'806 patent and prosecution history, including:<br><br>'806 patent:<br>- '806 patent (Docket No. 724-24) at Figure 1, 2:45-46, 57-63, 3:3-7, 3:14-30, 3:57-4:14, 6:44<br><br>**Extrinsic Evidence**<br>- Dr. Bulterman Opening Report (Docket No. 895-6) at 136-143<br>- Dr. Polish Opening Report (Docket No. 722-7) ¶¶ 86, 221-22, 272, 283-85.<br>- Dr. Polish Rebuttal Report (Docket No. 724-25) ¶¶ 96, 101, 116, 343-45, 385, 391, 412<br>- Transcript of Deposition of Dr. Polish (Docket No. 724-26) at 283:3-15, 277:17-22; (Docket No. 895-5) at 18:23-19:18; (Docket No. 895-4 at 268:4-13). |

**Error! Unknown document property name.**

| | | |
|---|---|---|
| | device" is a single purpose media player or multipurpose computing device programmed with software to perform the function, such as the algorithm disclosed in Figure 1 and at 2:57-63, 3:3-7, 3:14-30, 3:57-4:14 of the '806 patent.<br><br>**Intrinsic Evidence**<br>'806 patent (D.I. 831-9) (Ex. 40 to Philips' Opp. to ASUS's Mot. for Summary Judgment), Figure 1; 2:57-63, 3:3-7, 3:14-30, 3:57-4:14, 4:32-44.<br><br>**Extrinsic Evidence**<br>Validity Report of Dr. Nathaniel Polish (D.I. 831-8) (Ex. 39 to Philips' Opp. to ASUS's Mot. for Summary Judgment);<br><br>D. Dietrich et al., Systems Integration, Networking, and Engineering, Proceedings of the Fieldbus Conference FeT '99 in Magdeburg, Federal Republic of Germany, September 23-24, 1999 (attached hereto as Ex. 1) at 351;<br><br>Charles E. Spurgeon, Ethernet, The Definitive Guide (attached hereto as Ex. 2) at xiii, 3. | |

**Error! Unknown document property name.**

III. **'564 Patent**

| Disputed Term | Philips' Proposed Construction and Identification of Supporting Evidence | ASUS's Proposed Construction and Identification of Supporting Evidence |
|---|---|---|
| **Term 3:** a display that has a substantially small size suitable for the handheld communication device<br><br>(claim 1)<br><br>(term proposed for construction by ASUS) | Philips objects to the inclusion of this term on this chart, as the issue of indefiniteness has already been fully briefed by the parties in the related summary judgment papers. For the reasons stated in Philips' briefing, this term is not indefinite.<br><br>To the extent that the Court believes this term requires a construction, it should be given its plain and ordinary meaning.<br><br>**Intrinsic Evidence**<br>'564 Patent (D.I. 827-22) (Ex. 21 to Philips' Opp. to ASUS's Mot. for Summary Judgment), at claim 1, 1:20-24, 2:58-63;<br><br>File History of U.S. Patent No. 6,466,203 (D.I. 827-24) (Ex. 23 to Philips' Opp. to ASUS's Mot. for Summary Judgment), at PHILIPS00004564-72, PHILIPS00004642-51<br><br>File History of U.S. Patent No. 6,466,203 (D.I. 724-12) (Ex. 11 to ASUS's Mot. for Summary Judgment), at PHILIPS00004618-22.<br><br>**Extrinsic Evidence**<br>Rebuttal Expert Report of Dr. Douglas | [indefinite]<br><br>**Intrinsic Evidence**<br>'564 patent and prosecution history, including:<br><br>'564 Patent:<br>● '564 Patent (Docket No. 724-11), Claim 1.<br><br>Patent Prosecution History of U.S. Patent RE43,564:<br>● Prosecution History (Docket No. 724-12) at PHILIPS0004570, PHILIPS0004642-4650, PHILIPS0004656<br><br>**Extrinsic Evidence**<br>● August 2 Schmidt Tr. (Docket. No. 724-10) at 170:3-188:5.<br>● Dunlop report (Docket No. 724-13) at 288:5-24.<br>● Schmidt rebuttal report (Docket No. 724-14) ¶¶ 620-22.<br>● August 1 Schmidt Tr. (Docket No. 724-15) at 92:12-22.<br>● August 2 Schmidt Tr. (Docket No. 724-16) at 170:3-188:5.<br>● Product Specification, ROGG752VL (Docket No. 724-22). |

| | | |
|---|---|---|
| | Schmidt (D.I. 827-23) (Ex. 22 to Philips' Opp. to ASUS's Mot. for Summary Judgment), at ¶¶ 620-22;<br><br>August 2, 2019 deposition transcript of Dr. Douglas Schmidt (D.I. 836-16) (Ex. 17 to Philips' Opp. to ASUS's Mot. for Summary Judgment), at 170:12-173:25, 174:21-176:15, 187:16-188:5;<br><br>IPR2017-00388 Petition (D.I. 827-25) (Ex. 24 to Philips' Opp. to ASUS's Mot. for Summary Judgment), at 40;<br><br>IPR2017-00389 Petition (D.I. 827-26) (Ex. 25 to Philips' Opp. to ASUS's Mot. for Summary Judgment), at 33-34;<br><br>IPR Declaration of Dr. Cockburn (D.I. 827-27) (Ex. 26 to Philips' Opp. to ASUS's Mot. for Summary Judgment), at ¶¶ 158, 212. | • Product Specification Q551 (Docket No. 724-23). |

**Error! Unknown document property name.**

## IV.    '809 Patent

| Disputed Term | Philips' Proposed Construction and Identification of Supporting Evidence | ASUS's Proposed Construction and Identification of Supporting Evidence |
|---|---|---|
| **Term 4:** determine whether the second device is compliant with a set of compliance rules utilizing said information provided in said certificate<br><br>(claim 1)<br><br>(term proposed for construction by ASUS) | Plain and ordinary meaning—<br>check whether information provided in the certificate indicates that the second device fulfills one or more (but not necessarily all) official requirements set by an authority<br><br>**Intrinsic Evidence**<br>File history of related U.S. Patent No. 8,886,939 (U.S. Patent Application No. 10/521,858) (D.I. 831-5) (Ex. 36 to Philips' Opp. to ASUS's Mot. for Summary Judgment), at 6-7;<br><br>File history of related U.S. Patent No. 8,543,819 (U.S. Patent Application No. 12/508,917) (D.I. 831-6) (Ex. 37 to Philips' Opp. to ASUS's Mot. for Summary Judgment), at 2-4, 6-7.<br><br>**Extrinsic Evidence**<br>August 2, 2019 deposition transcript of Dr. Michael Goodrich (D.I. 836-23) (Ex. 35 to Philips' Opp. to ASUS's Mot. for Summary Judgment), at 173:12-174:4, 174:5-176:5, 177:11-185:24. | Plain and ordinary meaning, which requires that the second device satisfy all applicable compliance rules relating to authentication using information provided in the certificate before performing the claimed steps relating to distance measurement.<br><br>**Intrinsic Evidence**<br>'809 patent and prosecution history, including:<br><br>'809 Patent:<br>- Figs. 1 and 2; Columns 1:26-36, 1:65-2:2, 2:16-25, 2:32-55, 2:56-3:14, 3:40-50, 3:36-4:5, 4:59-5:8, 5:19-47 Claims 1 and 49.<br><br>Patent Prosecution History of U.S. Patent 8,453,819 (related to the '809 Patent and sharing the same specification):<br>- 2011/02/17 Office Action (Dkt. No. 831-6)<br>- 2012/06/01 Request for Continued Examination, e.g., pp. 1-11.<br>- 2012/08/31 Rejection, e.g., pp. 2-26.<br>- 2012/11/30 Amendment, e.g., pp. 2-18.<br>- 2013/01/04 Rejection, e.g., pp. 2-30.<br>- 2013/03/01 Amendment after Final Rejection, e.g., pp. 2-22.<br>- 2013/03/11 Advisory Action, e.g., p. |

9

**Error! Unknown document property name.**

| | | |
|---|---|---|
| | | 2.<br>● 2013/05/20 Notice of Allowability, e.g., pp. 2-16.<br><br>Patent Prosecution History of U.S. Patent 8,886,939 (related to the '809 Patent and sharing the same specification):<br>2013/11/29 Office Action, e.g., pp. 6-7 (Dkt. No. 831-5) |
| **Term 5:** determine from the certificate if the second device is compliant<br><br>(claim 49)<br><br>(term proposed for construction by ASUS) | Plain and ordinary meaning—check whether information provided in the certificate indicates that the second device fulfills one or more (but not necessarily all) official requirements set by an authority<br><br>**Intrinsic Evidence**<br>File history of related U.S. Patent No. 8,886,939 (U.S. Patent Application No. 10/521,858) (D.I. 831-5) (Ex. 36 to Philips' Opp. to ASUS's Mot. for Summary Judgment), at 6-7;<br><br>File history of related U.S. Patent No. 8,543,819 (U.S. Patent Application No. 12/508,917) (D.I. 831-6) (Ex. 37 to Philips' Opp. to ASUS's Mot. for Summary Judgment), at 2-4, 6-7.<br><br>**Extrinsic Evidence**<br>August 2, 2019 deposition transcript of Dr. Michael Goodrich (D.I. 836-23) (Ex. 35 to Philips' Opp. to ASUS's Mot. for Summary Judgment), at 173:12-174:4, 174:5-176:5, | Plain and ordinary meaning, which requires that the second device satisfy all applicable compliance rules relating to authentication using the certificate before performing the claimed steps relating to distance measurement<br><br>**Intrinsic Evidence**<br>'809 patent and prosecution history, including:<br><br>'809 Patent:<br>● Figs. 1 and 2; Columns 1:26-36, 1:65-2:2, 2:16-25, 2:32-55, 2:56-3:14, 3:40-50, 3:36-4:5, 4:59-5:8, 5:19-47 Claims 1 and 49.<br>Patent Prosecution History of U.S. Patent 8,453,819 (related to the '809 Patent and sharing the same specification):<br>● 2011/02/17 Office Action (Dkt. No. 831-6)<br>● 2012/06/01 Request for Continued Examination, e.g., pp. 1-11.<br>● 2012/08/31 Rejection, e.g., pp. 2-26. |

10

**Error! Unknown document property name.**

| | | |
|---|---|---|
| | 177:11-185:24. | <ul><li>2012/11/30 Amendment, e.g., pp. 2-18.</li><li>2013/01/04 Rejection, e.g., pp. 2-30.</li><li>2013/03/01 Amendment after Final Rejection, e.g., pp. 2-22.</li><li>2013/03/11 Advisory Action, e.g., p. 2.</li><li>2013/05/20 Notice of Allowability, e.g., pp. 2-16.</li></ul>Patent Prosecution History of U.S. Patent 8,886,939 (related to the '809 Patent and sharing the same specification):<ul><li>2013/11/29 Office Action, e.g., pp. 6-7 (Dkt. No. 831-5)</li></ul> |

**Error! Unknown document property name.**