| | |
|---|---|
| Michael P. Sandonato (admitted *pro hac vice*) msandonato@venable.com | Jonathan M. Sharret (admitted *pro hac vice*) jsharret@venable.com |
| John D. Carlin (admitted *pro hac vice*) jcarlin@venable.com | Joshua D. Calabro (admitted *pro hac vice*) jdcalabro@venable.com |
| Natalie Lieber (admitted *pro hac vice*) ndlieber@venable.com | Daniel A. Apgar (admitted *pro hac vice*) dapgar@venable.com |
| Christopher M. Gerson (admitted *pro hac vice*) cgerson@venable.com | Robert S. Pickens (admitted *pro hac vice*) rspickens@venable.com |
| Jason M. Dorsky (admitted *pro hac vice*) jmdorsky@venable.com | Sean M. McCarthy (admitted *pro hac vice*) smccarthy@venable.com |
| Stephen K. Yam (admitted *pro hac vice*) syam@venable.com | Caitlyn N. Bingaman (admitted *pro hac vice*) cnbingaman@venable.com |
| | Stephen J. Krachie (admitted *pro hac vice*) skrachie@venable.com |

VENABLE LLP
1290 Avenue of the Americas
New York, New York 10104-3800
Tel: (212) 218-2100
Fax: (212) 218-2200

Chris Holland (SBN 164053)
cholland@hollandlawllp.com
Lori L. Holland (SBN 202309)
lholland@hollandlawllp.com
Ethan Jacobs (SBN 291838)
ejacobs@hollandlawllp.com

HOLLAND LAW LLP
220 Montgomery Street, Suite 800
San Francisco, CA 94104
Tel: (415) 200-4980
Fax: (415) 200-4989

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| IN RE KONINKLIJKE PHILIPS PATENT LITIGATION | Case No. 4:18-cv-01885-HSG<br><br>**STIPULATED AND UNOPPOSED MOTION FOR VOLUNTARY DISMISSAL AND ENTRY OF PERMANENT INJUNCTION; ORDER; NOTICE OF WITHDRAWAL OF PRIOR MOTION (DKT. NO. 960)** |

# NOTICE OF WITHDRAWAL OF PRIOR MOTION

Pursuant to Civil L.R. 7-7(e), Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation (collectively, "Philips") hereby withdraws its previously-filed Motion for Dismissal and Entry of Permanent Injunction (Dkt. No. 960), presently set for hearing on March 5, 2020, and files the current Stipulated and Unopposed Motion for Voluntary Dismissal and Entry of Permanent Injunction in lieu of that motion.

# INTRODUCTION

Philips and Defendant YiFang USA, Inc. d/b/a/ E-Fun Inc. ("YiFang") have entered into a confidential settlement agreement resolving all claims between them in this action ("the Philips/YiFang Claims").

Therefore, Philips and YiFang jointly file this motion under Civil L.R. 7-12 asking the Court to enter the parties' Stipulation of Dismissal and Permanent Injunction filed herewith, which asks this Court to dismiss the Philips/YiFang Claims pursuant to Federal Rule of Civil Procedure 41(a)(2) ("Rule 41(a)(2)") and enter the permanent injunction agreed upon by the parties under the terms set forth in that Stipulation of Dismissal and Permanent Injunction.

Lead counsel for Philips has met and conferred with counsel for the remaining parties to this action, namely, HTC Corp. and HTC America, Inc. (collectively, "HTC") and ASUS Computer International and ASUSTeK Computer, Inc. (collectively, "ASUS"), regarding this motion. HTC responded that it has no objection to this motion and Asus responded that it takes no position on this motion.

# BRIEF PROCEDURAL BACKGROUND

Philips initially filed this patent infringement action in the District of Delaware (1:15-cv-1131-GMS), asserting, among other things, that certain of YiFang's touch-enabled tablet computers and touch-enabled laptop computers include hardware and/or software containing functionality covered by one more claims of the patents-in-suit. Related actions were contemporaneously filed by Philips against other parties, including HTC and ASUS (the "Related Actions").

On March 27, 2018, this action and the Related Actions were transferred to this Court from the District of Delaware, and all of these cases were consolidated under the above-captioned case.

As indicated, with the present motion, Philips and YiFang jointly move the Court to dismiss all of the Philips/YiFang Claims and to enter the permanent injunction agreed upon by the parties under the terms of the parties' Stipulation of Dismissal and Permanent Injunction in view of their confidential settlement agreement. However, this motion does not seek any relief with respect to the pending claims between Philips and any of HTC or ASUS.

## DISCUSSION

With respect to the requested dismissal of the Philips/YiFang Claims, under Rule 41(a)(2), after an opposing party has served an answer or motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Moreover, a "plaintiff may invoke Rule 41(a) to dismiss fewer than all of the parties to an action." *Schaeffer v. Gregory Vill. Partners, L.P.*, 2016 WL 9185388, at *1 (N.D. Cal. Jan. 26, 2016) (citing *Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 726 (9th Cir. 1991)).

The decision to grant or deny a request to dismiss pursuant to Rule 41(a)(2) is within this Court's sound discretion. *Id.* (citing *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980)). However, "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Id.* (quoting *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001)). Legal prejudice means "prejudice to some legal interest, some legal claim, [or] some legal argument." *Id.* (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)).

With respect to the requested permanent injunction, legal authority allowing the Court to grant the Stipulated Motion and enter the permanent injunction can be found in the Patent Act, the decisions of the U.S. Supreme Court and the Federal Circuit, and in the prior decisions of this Court and other judges in this District under similar circumstances.

Specifically, the Patent Act provides that courts "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283 ("Section 283"). In applying Section 283, the U.S. Supreme Court has established certain factual findings required to support entry of a permanent injunction, commonly known as the "*eBay* factors." *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Under the *eBay* factors, a plaintiff must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Id.*; *see also i4i Ltd. Partnership v. Microsoft Corp.*, 598 F.3d 831, 861 (Fed. Cir. 2010), *aff'd*, 564 U.S. 91 (2011).

Here, those factors are all supported by the stipulated factual findings discussed below.

In particular, the parties stipulate and agree to each of the factual findings required by *eBay*, including that Philips has suffered an irreparable injury by the alleged infringement, that remedies available at law (such as monetary damages) are inadequate to compensate for that injury, that the injunctive remedy in equity is warranted after considering the balance of hardships between Philips and YiFang, and that the public interest would not be disserved by a permanent injunction.

Under similar circumstances, this Court and other courts in this district have entered permanent injunctions agreed upon by the parties. For instance, in *Adobe Sys. Inc. v. Last Chance Buys, Inc.*, this Court entered a stipulated permanent injunction enjoining the defendant from future acts of trademark and copyright infringement based on certain stipulated facts, including that "Plaintiff has no adequate remedy at law for the acts of Defendants complained of herein, or for the acts of any third parties who have acted in concert with and at the direction of Defendants, as injury to Plaintiff's reputation and goodwill cannot be quantified and such injury cannot be compensated by monetary amounts." *Adobe Sys. Inc. v. Last Chance Buys, Inc.*, No. 3:15-cv-05038-HSG, 2016 WL 3648607, at *2 (N.D. Cal. July 8, 2016) (Gilliam, J.). *See also* Dkt No. 326 of 4:18-cv-1889-HSG

4
STIPULATED AND UNOPPOSED MOTION FOR VOLUNTARY DISMISSAL AND ENTRY OF
PERMANENT INJUNCTION; ORDER; NOTICE OF WITHDRAWAL OF PRIOR MOTION (DKT. NO. 960)
CASE NO. 4:18-CV-01885-HSG

(entering a permanent injunction against Defendants Zowee Marketing Co. Ltd., Shenzen Zowee Technology Co., Ltd. and Double Power Technology, Inc. in a case related to this action).

In doing so, this Court – relying on several similar cases from the Ninth Circuit and various California district courts – explained that "[s]tipulations between parties are generally adopted by courts and should not be lightly set aside" and "[s]tipulations entering injunctions are typically upheld." *Id.* (*citing Dexter v. Kirschner*, 984 F.2d 979, 984 (9th Cir. 1992); *In re Lenox*, 902 F.2d 737, 739 (9th Cir. 1990); *Levi Strauss & Co. v. California Denim Resources Inc.*, 2001 WL 348973 (N.D. Cal. Mar. 16, 2001) (entering permanent injunction in connection with settlement based on stipulated facts); *Bowles v. Dodge*, 141 F.2d 969, 970 (9th Cir. 1944) (injunction upheld where law provided for entry of a permanent injunction and parties stipulated to the facts and form of the injunction); *Adobe Systems Inc. v. Shamcy Alghazzy*, CAND Case No. 5:15-cv-01443-BLF, Docket No. 60 (permanent injunction entered pursuant to settlement and stipulation); *Adobe Systems Inc. v. Jill Temple*, CACD Case No. 2:14-cv-06329-CBM-JPR, Docket No. 58 ; *Adobe Systems Inc. v. Los Angeles Computer Department LLC*, CACD Case No. 2:15-cv-05549-PA-RAO, Docket No. 50; *Adobe Systems Inc. v. Tran*, CAND Case No. 3:15-cv-04252-SI, Docket No. 36; *Adobe Systems Inc. v. Macpro LA Inc.*, CAND Case No. 3:15-cv-03541-CRB; *Adobe Systems Inc. v. Buy Mac Now LLC*, CAND Case No. 3:15-cv-02367-MMC)); *see also Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, 2008 WL 4647384, at *3 (N.D. Cal. Oct. 20, 2008) (permanent injunction entered where the parties "stipulated to the form of the injunction").

The parties believe in good faith and respectfully submit that the precedent cited by this Court in *Adobe Sys. Inc. v. Last Chance Buys, Inc.*, as well as the additional authority provided herein, give the Court full authority to enter the parties' stipulated permanent injunction in this case.

Indeed, doing so would only serve the principles of equity and the public interest by allowing parties to resolve their disputes through confidential settlement agreements pursuant to terms they deem appropriate under the circumstances. Moreover, because the parties here are in the best position to determine the appropriate form of relief, which includes injunctive relief, their agreement in that regard should not be set aside.

Here, HTC has indicated that it does not oppose this motion and ASUS has indicated that it takes no position on this motion. Moreover, Philips and YiFang do not ask the Court to take any action with respect to any of the claims pending between Philips and any of HTC or ASUS. As a result, HTC and ASUS will suffer no legal prejudice as a result of the dismissal of the Philips/YiFang Claims.

## **CONCLUSION**

For these reasons, the parties respectively request that the Court grant this motion and enter the parties' Stipulation of Dismissal and Permanent Injunction filed herewith as the order of this Court.

Dated: February 7, 2020

Respectfully submitted,

Chris Holland (SBN 164053)
Lori L. Holland (SBN 202309)
HOLLAND LAW LLP
220 Montgomery Street, Suite 800
San Francisco, CA 94104
Telephone: (415) 200-4980
Fax: (415) 200-4989
cholland@hollandlawllp.com
lholland@hollandlawllp.com

/s/ Michael P. Sandonato
Michael P. Sandonato (admitted *pro hac vice*)
John D. Carlin (admitted *pro hac vice*)
Christopher M. Gerson (admitted *pro hac vice*)
Natalie D. Lieber (admitted *pro hac vice*)
Jason M. Dorsky (admitted *pro hac vice*)
Stephen K. Yam (admitted *pro hac vice*)
Jonathan M. Sharret (admitted *pro hac vice*)
Joshua D. Calabro admitted *pro hac vice*)
Daniel A. Apgar (admitted *pro hac vice*)
Sean M. McCarthy (admitted *pro hac vice*)
Robert S. Pickens (admitted *pro hac vice*)
Caitlyn N. Bingaman (admitted *pro hac vice*)
Stephen J. Krachie (admitted *pro hac vice*)

VENABLE LLP
1290 Avenue of the Americas
New York, New York, 10104
+1 (212) 218-2100
+1 (212) 218-2200 facsimile
philipsprosecutionbar@venable.com

*Attorneys for Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation*

/s/ Lucian C. Chen
Lucian C. Chen (*pro hac vice*)
Wing K. Chiu (*pro hac vice*)
LUCIAN C. CHEN, ESQ. PLLC
One Grand Central Place
60 East 42nd Street, Suite 4600
New York, New York, 10165
+1 (212) 710-3007
+1 (212) 501-2004 facsimile
lucianchen@lcclegal.com

Michael Song (Bar No. 243675)
LTL ATTORNEYS LLP
300 South Grand Avenue, 14th Floor
Los Angeles, California, 90071
+1 (213) 612-8900
+1 (213) 612-3773 facsimile
michael.song@ltlattorneys.com

*Attorneys for Defendant YiFang USA, Inc. d/b/a/ E-Fun Inc.*

## STIPULATION OF DISMISSAL AND PERMANENT INJUNCTION

IT IS HEREBY STIPULATED AND AGREED by and between the parties, Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation (collectively, "Philips") and Defendant YiFang USA, Inc. d/b/a/ E-Fun Inc. ("YiFang"), subject to the approval of the Court, that:

1. Philips has suffered an irreparable injury by the alleged infringement, that remedies available at law, such as monetary damages, are inadequate to compensate for that injury, that a remedy in equity is warranted after considering the balance of hardships between Philips and YiFang, and that the public interest would not be disserved by a permanent injunction.

2. Effective as of the date this Stipulation is entered by the Court, YiFang and its subsidiaries, parents, affiliates, officers, directors, agents, servants, employees, successors, and assigns, and all other persons and organizations in active concert or participation with any of the foregoing, are hereby enjoined and restrained from engaging in any of the following activities:

    a. making, using, selling, or offering for sale in the United States, or importing into the United States, any Accused Products, *i.e.*, e-fun MT8000, Next2, Next3, Next5, Next6, Nextbook 10, Nextbook 10.1, Nextbook 7, Nextbook 8, Nextbook 8 QuadCore Windows 8.1, Nextbook Ares 10A, Nextbook Ares 10L, Nextbook Ares 11, Nextbook Ares 11A, Nextbook Ares 11A (Gen2), Nextbook Ares 7, Nextbook Ares 8, Nextbook Ares 8L, Nextbook Flexx 10, Nextbook Flexx 10A, Nextbook Flexx 11, Nextbook Flexx 11A, Nextbook Flexx 8, Nextbook Flexx 9, Premium 10SE, Premium 7, Premium 7 Resistive, Premium 7HD, Premium 7SE, Premium 7SE with Google Play, Premium 8, Premium 8HD, Premium 8Hi, Premium 8SE, and Premium 9, or any product not colorably different therefrom until the expiration of the last of the patents asserted against YiFang in this action, *i.e.*, United States Patent Nos. RE 44,913; 7,184,064; 7,529,806; 5,910,797; and RE 43,564, (the "Asserted Patents");

  b. making, using, selling, or offering for sale in the United States, or importing into the United States, any product that falls within the scope of one or more claims of the Asserted Patents;

  c. otherwise directly infringing, contributorily infringing, or inducing infringement of one or more claims of the Asserted Patents with respect to the Accused Products or any other product that falls within the scope of one or more claims of any of the Asserted Patents; and

  d. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (c) above.

3. All claims asserted by Philips against YiFang in this action relating to the "YiFang Scope Products," as that term is defined herein, are dismissed without prejudice and all claims asserted by YiFang against Philips relating to the YiFang Scope Products are dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), provided however, that this Court shall retain jurisdiction to enforce the terms and provisions of the permanent injunction laid out in paragraph 2 above;

4. For purposes of this Dismissal and Permanent Injunction:

  a. "YiFang Scope Product" shall mean any YiFang-branded product accused of infringement by Philips in this litigation; and

5. Each party shall bear its own costs and attorneys' fees.

Dated: February 7, 2020

Respectfully submitted,

Chris Holland (SBN 164053)
Lori L. Holland (SBN 202309)
HOLLAND LAW LLP
220 Montgomery Street, Suite 800
San Francisco, CA 94104
Telephone: (415) 200-4980
Fax: (415) 200-4989
cholland@hollandlawllp.com
lholland@hollandlawllp.com

/s/ Michael P. Sandonato
Michael P. Sandonato (admitted *pro hac vice*)
John D. Carlin (admitted *pro hac vice*)
Christopher M. Gerson (admitted *pro hac vice*)
Natalie D. Lieber (admitted *pro hac vice*)
Jason M. Dorsky (admitted *pro hac vice*)
Stephen K. Yam (admitted *pro hac vice*)
Jonathan M. Sharret (admitted *pro hac vice*)
Joshua D. Calabro admitted *pro hac vice*)
Daniel A. Apgar (admitted *pro hac vice*)
Sean M. McCarthy (admitted *pro hac vice*)
Robert S. Pickens (admitted *pro hac vice*)
Caitlyn N. Bingaman (admitted *pro hac vice*)
Stephen J. Krachie (admitted *pro hac vice*)

VENABLE LLP
1290 Avenue of the Americas
New York, New York, 10104
+1 (212) 218-2100
+1 (212) 218-2200 facsimile
philipsprosecutionbar@venable.com

*Attorneys for Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation*

/s/ Lucian C. Chen
Lucian C. Chen (*pro hac vice*)  Michael Song (Bar No. 243675)
Wing K. Chiu (*pro hac vice*)  LTL ATTORNEYS LLP
LUCIAN C. CHEN, ESQ. PLLC  300 South Grand Avenue, 14th Floor
One Grand Central Place  Los Angeles, California, 90071
60 East 42nd Street, Suite 4600  +1 (213) 612-8900
New York, New York, 10165  +1 (213) 612-3773 facsimile
+1 (212) 710-3007  michael.song@ltlattorneys.com
+1 (212) 501-2004 facsimile
lucianchen@lcclegal.com

*Attorneys for Defendant YiFang USA, Inc. d/b/a/ E-Fun Inc.*

# **CIVIL L.R. 5-1(i) ATTESTATION**

I, Chris Holland, hereby attest that I have been authorized by counsel for the parties listed above to execute this document on their behalf.

Dated: February 7, 2020 /s/ Chris Holland

Chris Holland

# ORDER

The Court has now considered Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation (collectively, "Philips") and Defendant YiFang USA, Inc. d/b/a/ E-Fun Inc. ("YiFang") Stipulated and Unopposed Motion for Voluntary Dismissal and Entry of Permanent Injunction ("the Motion"). Having considered the moving papers before it and being fully advised, the Court finds and orders as follows:

The Motion is GRANTED in its entirety. The Stipulation of Dismissal and Permanent Injunction filed with the Motion is entered as the Order of this Court, and all claims asserted by Philips against YiFang or by YiFang against Philips in the above-captioned case are DISMISSED pursuant to the terms of that stipulation. Philips' previously-filed Motion for Dismissal and Entry of Permanent Injunction (Dkt. No. 960) is TERMINATED as withdrawn.

IT IS SO ORDERED.

DATED: 2/7/2020

_____
Hon. Haywood S. Gilliam, Jr.
United States District Judge