Michael P. Sandonato (admitted *pro hac vice*)
msandonato@venable.com
John D. Carlin (admitted *pro hac vice*)
jcarlin@venable.com
Natalie Lieber (admitted *pro hac vice*)
ndlieber@venable.com
Christopher M. Gerson (admitted *pro hac vice*)
cgerson@venable.com
Jason M. Dorsky (admitted *pro hac vice*)
jmdorsky@venable.com
Stephen K. Yam (admitted *pro hac vice*)
syam@venable.com

Jonathan M. Sharret (admitted *pro hac vice*)
jsharret@venable.com
Joshua D. Calabro (admitted *pro hac vice*)
jdcalabro@venable.com
Daniel A. Apgar (admitted *pro hac vice*)
dapgar@venable.com
Robert S. Pickens (admitted *pro hac vice*)
rspickens@venable.com
Sean M. McCarthy (admitted *pro hac vice*)
smccarthy@venable.com
Caitlyn N. Bingaman (admitted *pro hac vice*)
cnbingaman@venable.com

VENABLE LLP
1290 Avenue of the Americas
New York, New York 10104-3800
Tel: (212) 218-2100
Fax: (212) 218-2200

Chris Holland (SBN 164053)
cholland@hollandlawllp.com
Lori L. Holland (SBN 202309)
lholland@hollandlawllp.com
Ethan Jacobs (SBN 291838)
ejacobs@hollandlawllp.com

HOLLAND LAW LLP
220 Montgomery Street, Suite 800
San Francisco, CA 94104
Tel: (415) 200-4980
Fax: (415) 200-4989

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re Koninklijke Philips Patent Litigation | Case No. 4:18-cv-01885-HSG<br><br>**PHILIPS' SUPPLEMENTAL BRIEF REGARDING THE FEDERAL CIRCUIT'S DECISIONS ON THE PATENTABILITY OF CLAIMS OF THE '806 AND '913 PATENTS**<br><br>JURY TRIAL DEMANDED |

# TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................... 1

II. BACKGROUND ........................................................................................................ 1

    A. The '913 Patent ............................................................................................... 1

        1. The Litigation.......................................................................................... 1

        2. The IPR and Its Appeal........................................................................... 1

    B. The '806 Patent ............................................................................................... 2

        1. The Litigation.......................................................................................... 2

        2. The IPR and Its Appeal........................................................................... 2

III. ARGUMENT .............................................................................................................. 2

    A. The '913 Patent ............................................................................................... 2

        1. The Court should not grant ASUS leave to file a summary judgment motion relating to the '913 patent........................................ 3

        2. The Court should stay the claims and defenses relating to the '913 patent. ..................................................................................................... 4

    B. The '806 Patent ............................................................................................... 5

        1. ASUS should be held to its decision not to move for summary judgment based on the IPR proceedings. ............................................. 5

        2. Any summary judgment motion based on the Federal Circuit's decision would fail. ................................................................................. 6

        3. A summary judgment motion on claim 1 is unnecessary. ..................... 7

IV. CONCLUSION........................................................................................................... 7

i

PHILIPS' SUPPLEMENTAL BRIEF REGARDING THE FEDERAL CIRCUIT'S DECISIONS
ON THE PATENTABILITY OF CLAIMS OF THE '806 AND '913 PATENTS
CASE NUMBER 4:18-CV-01885-HSG

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*B & B Hardware v. Hargis Indus.*,
 135 S. Ct. 1293 (2015) ............................................................................................................6

*Clark v. Bear Stearns & Co., Inc.*,
 966 F.2d 1318 (9th Cir. 1992) .................................................................................................3

*Ethicon, Inc. v. Quigg*,
 849 F.2d 1422 (Fed. Cir. 1988) ...............................................................................................4

*IXI Mobile (R & D) Ltd. v. Samsung Elecs. Co.*,
 No. 15-cv-03752-HSG, 2015 WL 7015415 (N.D. Cal. Nov. 12, 2015) ..................................5

*Janjua v. Neufeld*,
 933 F.3d 1061 (9th Cir. 2019) .................................................................................................6

*Microsoft Corp. v. i4i Ltd. P'ship*,
 131 S. Ct. 2238 (2011) ............................................................................................................3

*Novartis AG v. Noven Pharm. Inc.*,
 853 F.3d 1289 (Fed. Cir. 2017) ...............................................................................................3

*Wasica Fin. GmbH v. Schrader Int'l*,
 No. 13-1353-LPS, 2020 U.S. Dist. LEXIS 9699 (D. Del. Jan. 14, 2020) ...............................7

*Wolfson v. Brammer*,
 616 F.3d 1045 (9th Cir. 2010) .................................................................................................4

**Statutes**

35 U.S.C. § 282 ................................................................................................................................3

35 U.S.C. § 315 ................................................................................................................................4

35 U.S.C. § 316 ................................................................................................................................3

35 U.S.C. § 318 ................................................................................................................................4

35 U.S.C. § 311 ................................................................................................................................6

**Other Authorities**

Fed. R. App. P. 41(b) ...................................................................................................................3, 4

## I. INTRODUCTION

Pursuant to the Court's Order (DE 967), Plaintiffs ("Philips") respectfully submit this supplemental brief regarding: (1) the Federal Circuit's January 6, 2020 decision reversing the PTAB's finding that claims 1 and 3-16 of the '913 patent are not unpatentable, and thereby finding those claims to be obvious (DE 949, Ex. 1); and (2) the Federal Circuit's January 30, 2020 decision affirming the PTAB's holding that claims 1-11 of the '806 Patent are unpatentable as obvious (DE 964, Ex. 1). Neither decision affects ASUS's summary judgment motion because ASUS did not seek summary judgment on any of the claims addressed by the Federal Circuit. Nor do the decisions justify additional summary judgment briefing.

The claims and defenses relating to the '913 patent should be stayed because the Federal Circuit found all asserted claims of the '913 patent unpatentable. Should that become final and non-appealable, Philips will withdraw those claims, which will remove the '913 patent from the case. Should the decision be overturned with respect to any asserted claims, Philips will seek to lift the stay to continue to assert those claims.

The claims and defenses relating to the '806 patent should not be stayed because the Federal Circuit did not address asserted claim 12 of the '806 patent, which the PTAB found not unpatentable in an unappealed ruling. If the Federal Circuit's decision on asserted claim 1 of the '806 patent becomes final and non-appealable, Philips will drop that claim. Otherwise, Philips will continue to assert both claim 1 and 12, as trying both claims will not require any additional witnesses.

Accordingly, further summary judgment briefing at this stage is unnecessary and would waste the parties' and the Court's resources.

## II. BACKGROUND

### A. The '913 Patent

#### 1. The Litigation

Philips is asserting claims 1, 3, 4, 12 and 16 of the '913 patent in this litigation. ASUS did not move for summary judgment on any of those claims.

#### 2. The IPR and Its Appeal

Google filed IPR petitions naming ASUS as a real party-in-interest and challenging the

1
PHILIPS' SUPPLEMENTAL BRIEF REGARDING THE FEDERAL CIRCUIT'S DECISIONS
ON THE PATENTABILITY OF CLAIMS OF THE '806 AND '913 PATENTS
CASE NUMBER 4:18-CV-01885-HSG

validity of claims 1 and 3-16 of the '913 patent under § 103. DE 751 at 2-3. The PTAB held in a final written decision that Google failed to establish that prior art rendered obvious those claims. *Id.* Google appealed, and the Federal Circuit reversed, holding claims 1 and 3-16 invalid as obvious over the Sakata II reference. DE 949, Ex. 1. On February 5, 2020, Philips filed a petition for panel rehearing and rehearing *en banc*. That petition remains pending.

### B. The '806 Patent

#### 1. The Litigation

Philips is asserting claims 1 and 12 of the '806 patent in this litigation. Prior to the deadline for filing summary judgment motions, the PTAB had issued a final determination finding claims 1-11 unpatentable and claims 12-16 not unpatentable. ASUS did not move for summary judgment of invalidity of any of the '806 patent claims on any prior art grounds, and moved only for summary judgment of invalidity of claim 12 under § 112, based on the purported indefiniteness of the "means for downloading" limitation. ASUS did not move for summary judgment with respect to claim 1 of the '806 patent at all.

#### 2. The IPR and Its Appeal

Google filed an IPR petition naming ASUS as a real party-in-interest and challenging the validity of all claims (1-16) of the '806 patent under §§ 102 and 103. DE 751 at 2. The PTAB found the SMIL Specification renders obvious method claims 1-11, but that Google had failed to show that any of apparatus claims 12-16 were anticipated or obvious. Further, the PTAB found that Google had failed to show that the SMIL Specification discloses any structure equivalent to that required by the Court's construction of the "means for parsing" element of claim 12. DE 903, Ex. 52 at 3, 12.

Philips appealed the PTAB's ruling on claims 1-11, and the Federal Circuit affirmed. DE 964, Ex. 1. Google did not appeal the PTAB's ruling on claims 12-16.

## III. ARGUMENT

### A. The '913 Patent

The Court should not grant ASUS leave to file a further motion for summary judgment on the '913 patent, and it instead should stay the claims and defenses relating to the '913 patent.

### 1. The Court should not grant ASUS leave to file a summary judgment motion relating to the '913 patent.

A new motion on the '913 patent would almost certainly lead to an unnecessary waste of judicial and party resources. Philips has filed a petition for rehearing, and the Federal Circuit's decision on the '913 patent will not become final until that petition has been resolved. *See* Fed. R. App. P. 41(b) (rehearing petition stays issuance of mandate). Given this posture, it makes no sense for the parties or the Court to embark on any additional summary judgment motion practice relating to the '913 patent. Should Philips' petition for rehearing be denied and the Federal Circuit's recent '913 patent decision become final and non-appealable, Philips will stipulate to dismiss (subject to any pending petition for certiorari to the Supreme Court) its infringement claims under the '913 patent. On the other hand, should the Federal Circuit grant Philips' petition, then the claims of the '913 patent would not be unpatentable, and accordingly all bases upon which ASUS might ground a summary judgment motion would evaporate. Any time and effort spent by the parties or the Court in the interim briefing a new summary judgment motion would be for naught.

Further, the Court should not permit ASUS to file any new summary judgment motion concerning the '913 patent at this stage because any such motion, whether predicated on alleged collateral estoppel or anticipation/obviousness in view of prior art before the PTAB and Federal Circuit, would necessarily fail.

Initially, ASUS could not prevail on a collateral estoppel motion for at least two reasons. First, the different burdens of proof before the PTAB and this Court preclude application of collateral estoppel. *Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1322 (9th Cir. 1992) ("[C]ollateral estoppel does not [bar] claims that have a different burden of proof than previously decided claims.") (citing *U.S. Aluminum Corp./Texas v. Alumax, Inc.*, 831 F.2d 878, 879-80 (9th Cir. 1987)). In this case, ASUS must overcome the presumption of validity by clear and convincing evidence. 35 U.S.C. § 282; *Microsoft Corp. v. i4i Ltd. P'ship*, 131 S. Ct. 2238, 2240, 2242 (2011). In the IPR, by contrast, Google did not have to overcome a presumption of validity, and it had to establish obviousness only by a preponderance of the evidence. 35 U.S.C. § 316(e); *Novartis AG v. Noven Pharm. Inc.*, 853 F.3d 1289, 1294 (Fed. Cir. 2017). Second, even if the difference in the burdens of proof did not foreclose the application of collateral estoppel, the Federal Circuit's

decision currently lacks finality, which, in the IPR context, attaches only after the appeal terminates. *Wolfson v. Brammer*, 616 F.3d 1045, 1064 (9th Cir. 2010) (collateral estoppel requires, among other things, a "final" judgment); 35 U.S.C. § 318(b) ("If the [PTAB] issues a final written decision . . . and the time for appeal has expired ***or any appeal has terminated***, the Director shall issue and publish a certificate canceling any claim of the patent ***finally*** determined to be unpatentable.") (emphasis added). Philips' February 5, 2020 rehearing petition stayed issuance of the Federal Circuit's mandate (Fed. R. App. P. 41(b)), so the appeal has not terminated.

Further, ASUS could not prevail on a direct motion for summary judgment of anticipation or obviousness over Sakata II. As explained in Philips' motion for summary judgment (DE 751 at 1-6, 9-12), having chosen the PTAB as the forum in which to raise its Sakata II based invalidity arguments and succeeded in obtaining a final decision from the PTAB, ASUS cannot now seek any independent adjudication from this Court (summary or otherwise) on those same grounds. By statute, IPR estoppel attaches immediately upon issuance of the PTAB's final written decision, and bars ASUS from challenging the claims of the '913 patent under §§ 102 or 103 in this litigation based on the prior art and grounds underlying the PTAB's decision. *See* 35 U.S.C. § 315(e). Because the Federal Circuit's decision was premised on the same prior art and grounds addressed by the PTAB, ASUS is likewise barred from raising those grounds in this litigation. So a motion for summary judgment of anticipation or obviousness in view of that art would necessarily fail. The only pathway now available to ASUS to have the '913 patent claims finally declared invalid over the Sakata II reference runs through the PTAB appeal.

### 2. The Court should stay the claims and defenses relating to the '913 patent.

Philips respectfully requests that the Court stay the claims and defenses relating to the '913 patent while Philips' appeal remains pending. "Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of [PTO proceedings]." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted); *IXI Mobile (R & D) Ltd. v. Samsung Elecs. Co.*, No. 15-cv-03752-HSG, 2015 WL 7015415, at *2 (N.D. Cal. Nov. 12, 2015). Courts consider three factors in determining whether to grant a stay

pending PTO proceedings: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *IXI Mobile (R & D) Ltd.*, 2015 WL 7015415, at *2 (quoting *Evolutionary Intelligence, LLC v. Facebook, Inc.*, No. 13-cv-04202-SI, 2014 WL 261837, at *1 (N.D. Cal. Jan. 23, 2014)). All three factors favor a stay.

First, no trial date has been set. Second, a stay will simplify the issues in question because the Federal Circuit held all asserted claims of the '913 patent unpatentable, and Philips has agreed to withdraw its claims for infringement of the '913 patent if the Federal Circuit's decision becomes final and non-appealable. Consequently, unless the Federal Circuit overturns that decision on rehearing, the stay will eliminate the need for the Court to adjudicate any claims or defenses relating to the '913 patent in this case. Third, a stay will not prejudice ASUS. To the contrary, it may allow ASUS to avoid expending any more resources defending against infringement claims under the '913 patent.

B.  **The '806 Patent**

The Court should not grant ASUS leave to file a further motion for summary judgment on the '806 patent.

1.  **ASUS should be held to its decision not to move for summary judgment based on the IPR proceedings.**

ASUS is not entitled to additional summary judgment briefing with respect to the '806 patent. ASUS made a conscious decision not to move for summary judgment of invalidity of any of the asserted '806 patent claims based on any prior art (including the SMIL reference) or any alleged collateral estoppel that might flow from the PTAB's original decision finding claims 1-11 unpatentable over the SMIL reference.[1] Nothing has changed that warrants allowing ASUS another bite at summary judgment apple—the Federal Circuit merely affirmed the PTAB's original decision, which was made long before the deadline for filing summary judgment motions here.

---

[1] Nor could ASUS move for summary judgment on such grounds, as it is procedurally barred from doing so as a result of IPR estoppel, as discussed further below.

5

PHILIPS' SUPPLEMENTAL BRIEF REGARDING THE FEDERAL CIRCUIT'S DECISIONS
ON THE PATENTABILITY OF CLAIMS OF THE '806 AND '913 PATENTS
CASE NUMBER 4:18-CV-01885-HSG

### 2. Any summary judgment motion based on the Federal Circuit's decision would fail.

Moreover, it remains the case that any summary judgment motion ASUS might file at this stage, whether predicated on collateral estoppel or anticipation/obviousness in view of prior art before the PTAB and Federal Circuit, necessarily would fail.

First, ASUS could not prevail on a collateral estoppel motion for the reasons discussed above with respect to the '913 patent. The differences in the standard of proof would preclude the application of collateral estoppel. Additionally, the Federal Circuit's decision is not final. Philips is considering its options to appeal and/or petition for rehearing.

Furthermore, any motion targeting claim 12 of the '806 patent for collateral estoppel would also fail because collateral estoppel is a consequence of losing, and Philips won on claim 12 in the IPR. *See B & B Hardware v. Hargis Indus.,* 135 S. Ct. 1293, 1303 (2015). Finally, even if a PTAB decision of unpatentability could create a collateral estoppel as to claims 1-11 of the '806 patent, claim 12 materially differs from claim 1, as evidenced by the PTAB's conclusion that the prior art that rendered obvious claim 1 did not anticipate or render obvious claim 12. *Janjua v. Neufeld*, 933 F.3d 1061, 1066 (9th Cir. 2019) (collateral estoppel only applies to "identical issues") (citation omitted). For example, the "means for parsing" limitation in claim 12 requires an XML parsing algorithm (or its equivalent), whereas the "parsing" step in claim 1 does not. DE 241 at 9 n.14.

Second, as explained above and in Philips' motion for summary judgment (DE 751 at 3-5), IPR estoppel bars ASUS from challenging the claims of the '806 patent under §§ 102 or 103 in this litigation based on the prior art underlying the Federal Circuit's decision. So a motion for summary judgment of anticipation or obviousness in view of the SMIL Specification would likewise fail. Furthermore, IPR estoppel also bars the remainder of ASUS's §§ 102 or 103 grounds in this case, which are based on the GRiNS and RealPlayer systems' implementation of the SMIL standard. DE 751 at 5-9. ASUS maintains that 35 U.S.C. § 311(b), which limits IPRs to §§ 102 or 103 grounds based on prior art "patents or printed publications," forecloses application of estoppel to those "system" grounds. Just last month, however, Chief Judge Stark of the District of Delaware rejected a similar argument in *Wasica Fin. GmbH v. Schrader Int'l*, No. 13-1353-LPS, 2020 U.S. Dist. LEXIS 9699, at *6-8 (D. Del. Jan. 14, 2020) (estopping grounds based on "physical products"

because publications that "disclose[] the same claim elements" as those products could have been raised in the IPR). Here, ASUS alleged that the SMIL Specification, RealPlayer Production Guide, and GRiNS Quick Start Guides each anticipate the asserted claims of the '806 patent. DE 894, Exs. 45-48. ASUS thereby admitted that, in its view, publications corresponding to the GRiNS and RealPlayer systems disclose the same claim elements as those systems. And ASUS does not dispute that Google raised or could have raised those publications in the IPR. IPR estoppel thus bars ASUS from asserting anticipation or obviousness grounds based on the RealPlayer and GRiNS systems in this case. *Wasica*, 2020 U.S. Dist. LEXIS 9699, at *6-8. Accordingly, a motion for summary judgment under §§ 102 or 103 based on any prior art that ASUS asserts in this case would fail.[2]

### 3. A summary judgment motion on claim 1 is unnecessary.

Finally, summary judgment briefing on claim 1 of the '806 patent would only waste judicial and party resources. If the Federal Circuit's decision becomes final before the Fall trial, Philips will withdraw claim 1 of the '806 patent (subject to any pending petition for certiorari to the Supreme Court), without requiring ASUS to move for summary judgment. If the decision is reversed, Philips will try claims 1 and 12. If the parties are still awaiting a decision on a petition for rehearing, Philips reserves the right to try claim 1 along with 12. Because those claims relate to the same subject matter and share similar (although not identical) limitations, trying both claims will not require any additional witnesses or significant additional evidence presentation.

## IV. CONCLUSION

For the foregoing reasons, Philips respectfully requests that the Court stay the claims and defenses relating to the '913 patent and deny any request for leave to file additional summary judgment briefing.

---

[2] Furthermore, under ASUS's incorrect understanding that it is not barred from relying on the GRiNS and RealPlayer systems' implementation of the SMIL standard, there is no reason to allow a new summary judgment motion as to asserted claim 12. In particular, there is no reason that ASUS could not have moved for summary judgment on the GRiNS and RealPlayer grounds prior to the Federal Circuit's decision (like HTC did). As discussed above, the Federal Circuit's decision did not alter the PTAB's judgment in any relevant manner, and thus it does not provide any basis to permit ASUS to file a new summary judgment motion at this stage of the proceedings.

| | | |
|---|---|---|
| 1 | Dated: February 14, 2020 | Respectfully submitted, |
| 2 | | |
| 3 | Chris Holland (SBN 164053) | /s/ Michael P. Sandonato |
| | Lori L. Holland (SBN 202309) | Michael P. Sandonato (admitted *pro hac vice*) |
| 4 | HOLLAND LAW LLP | John D. Carlin (admitted *pro hac vice*) |
| | 220 Montgomery Street, Suite 800 | Christopher M. Gerson (admitted *pro hac vice*) |
| 5 | San Francisco, CA 94104 | Natalie D. Lieber (admitted *pro hac vice*) |
| | Telephone: (415) 200-4980 | Jason M. Dorsky (admitted *pro hac vice*) |
| 6 | Fax: (415) 200-4989 | Stephen K. Yam (admitted *pro hac vice*) |
| | cholland@hollandlawllp.com | Jonathan M. Sharret (admitted *pro hac vice*) |
| 7 | lholland@hollandlawllp.com | Joshua D. Calabro admitted *pro hac vice*) |
| | | Daniel A. Apgar (admitted *pro hac vice*) |
| 8 | | Sean M. McCarthy (admitted *pro hac vice*) |
| | | Robert S. Pickens (admitted *pro hac vice*) |
| 9 | | Caitlyn N. Bingaman (admitted *pro hac vice*) |
| | | Stephen J. Krachie (admitted *pro hac vice*) |
| 10 | | |
| 11 | | VENABLE LLP |
| | | 1290 Avenue of the Americas |
| 12 | | New York, New York, 10104 |
| | | +1 (212) 218-2100 |
| 13 | | +1 (212) 218-2200 facsimile |
| | | philipsprosecutionbar@venable.com |
| 14 | | |
| | | *Attorneys for Plaintiffs Koninklijke Philips* |
| 15 | | *N.V. and U.S. Philips Corporation* |

8

PHILIPS' SUPPLEMENTAL BRIEF REGARDING THE FEDERAL CIRCUIT'S DECISIONS
ON THE PATENTABILITY OF CLAIMS OF THE '806 AND '913 PATENTS
CASE NUMBER 4:18-CV-01885-HSG