| | |
|---|---|
| Bruce Genderson *(pro hac vice)* | Matthew S. Warren (Bar No. 230565) |
| Kevin Hardy *(pro hac vice)* | Erika H. Warren (Bar No. 295570) |
| Aaron Maurer *(pro hac vice)* | WARREN LEX LLP |
| David Krinsky *(pro hac vice)* | 2261 Market Street, No. 606 |
| Andrew Trask *(pro hac vice)* | San Francisco, California, 94114 |
| Kyle Thomason *(pro hac vice)* | +1 (415) 895-2940 |
| WILLIAMS & CONNOLLY LLP | +1 (415) 895-2964 facsimile |
| 725 Twelfth Street, N.W. | 18-1885@cases.warrenlex.com |
| Washington, D.C., 20005 | |
| +1 (202) 434-5000 | Michael J. Newton (Bar No. 156225) |
| +1 (202) 434-5029 facsimile | Sang (Michael) Lee *(pro hac vice)* |
| viceroy@wc.com | Derek Neilson *(pro hac vice)* |
| | ALSTON & BIRD LLP |
| | 2200 Ross Avenue, Suite 2300 |
| | Dallas, Texas, 75201 |
| | +1 (214) 922-3400 |
| | +1 (214) 922-3899 facsimile |
| | asus-philips@alston.com |

*Attorneys for Defendants ASUSTeK Computer Inc. and ASUS Computer International*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE KONINKLIJKE PHILIPS PATENT LITIGATION | Case No. 4:18-cv-1885-HSG-EDL<br><br>JURY TRIAL DEMANDED<br><br>**ASUS' RESPONSE TO [967] ORDER DIRECTING SUPPLEMENTAL BRIEFING**<br><br>Judge:  Hon. Haywood S. Gilliam, Jr. |

Defendants ASUS Computer International and ASUSTeK Computer Inc. (collectively, "ASUS") respectfully submit this response to the Court's February 4, 2020, Order Directing Supplemental Briefing, Dkt. No. 967. In that Order, the Court directed the parties to address the effects of the Federal Circuit's recent opinions regarding U.S. Patent Nos. RE44,913 and 7,529,806. Dkt. Nos. 949 Ex. 1, 964 Ex. 1.[1]

In brief, the Federal Circuit's decision on the '913 patent invalidates all asserted claims of that patent, thereby narrowing the motions before this Court and making ASUS' Motion for Summary Judgment (Dkt. No. 724), which addresses all the remaining patents, case dispositive. The Federal Circuit's decision on the '806 patent directly invalidates one of the two claims asserted here, claim 1. Although the Court of Appeals did not rule on the remaining asserted claim of the '806 patent, claim 12, its decision bars Philips' validity theories on that claim. Accordingly, ASUS requests leave to file a brief summary judgment motion that claim 12 is invalid based on the Federal Circuit's ruling.

**The '913 Patent.** All of the claims that Philips asserted in this action were at issue in the appeal regarding the '913 patent. The Federal Circuit's decision held each of those claims invalid as obvious. That should end this litigation as to the '913 patent, and render moot the following motions or parts of motions currently pending before this Court:

- Philips' motion for partial summary judgment of no invalidity for grounds that were raised or could have been raised during IPR proceedings on the '913 patent (Dkt. No. 751, Part II.B.3);
- Philips' motion for summary judgment of no unenforceability of the '913 patent due to inequitable conduct (*id.*, Part IV);
- Philips' motion for summary judgment of no intervening rights on the '913 patent (*id.*, Part VII); and
- Philips' motion to exclude opinions of Dr. Dunlop concerning the '913 patent (Dkt. No. 711).

---

[1] In addition to the two Federal Circuit appeals recently decided and submitted to this Court, a third appeal remains pending regarding U.S. Patent No. 6,690,387, which the P.T.A.B. found to be invalid. *Koninklijke Philips N.V. v. Iancu*, No. 2019-2040 (Fed. Cir.); *see* IPR2019-00023. Although Philips dropped the '387 patent from this litigation, related U.S. Patent No. 7,184,064 is still at issue, and affirmance of the P.T.A.B.'s decision will compel invalidation of all asserted '064 claims under collateral estoppel. Oral argument has not yet been scheduled in this appeal. Due to Microsoft's recent withdrawal from this appeal, and the P.T.O.'s likely appearance to defend the merits of the P.T.A.B. decision, ASUS anticipates that the appeal will not be resolved until late 2020 or early 2021.

On February 5, 2020, Philips petitioned for rehearing or rehearing en banc. ASUS notes, however, that the panel opinion was nonprecedential, and the Practice Notes to the Federal Circuit's rules state that a "petition for rehearing en banc is rarely appropriate if the appeal was the subject of a nonprecedential opinion by the panel of judges that heard it." Fed. Cir. R. 35 practice note ("Nonprecedential Opinions"). Under the circumstances, ASUS submits that it would be appropriate to terminate the above motions as moot, without prejudice to refiling in the event that the panel opinion is vacated or reversed. In the alternative, the Court could simply hold these motions in abeyance until the Federal Circuit's mandate issues. Either way, the Court need not decide them.

ASUS expects that once the petition process runs its course, Philips will not continue to assert the '913 patent. Should it do so, ASUS would respectfully request leave to file a motion for summary judgment that Philips is precluded from asserting any claim of the '913 patent.

**The '806 Patent.** The Court should allow ASUS to bring a brief additional motion for summary judgment regarding invalidity of claim 12 of the '806 patent. Following the Federal Circuit's recent ruling, *see* Dkt. No. 964 Ex. 1, claim 12 is the sole claim of the '806 patent remaining before this Court, and the additional motion, if granted, would thus resolve the Court's consideration of this patent.

In its expert reports, Philips asserted the validity and infringement of claims 1 and 12 of the '806 patent. In *inter partes* review proceedings regarding the '806 patent, the P.T.A.B. invalidated claim 1, *see* IPR2017-00447, Paper 29, and the Federal Circuit affirmed this ruling. *See Koninklijke Philips N.V. v. Google LLC et al.*, 2019-1177, No. 86, slip op. (Fed. Cir. Jan. 30, 2020); Dkt. No. 964 Ex. 1.[2] ASUS therefore expects that Philips will withdraw any assertions regarding claim 1 in this case; in the unlikely event that it does not do so, ASUS would request the opportunity to bring a summary judgment motion regarding claim 1.

Following the Court of Appeals' disposal of claim 1, only claim 12 of the '806 patent remains before this Court. ASUS previously filed a motion for summary judgment of indefiniteness regarding

---

[2] The P.T.A.B. also found that Petitioners failed to carry their burden of proof on claim 12, for reasons not applicable here. IPR estoppel does not bar ASUS's invalidity arguments in this Court for the reasons ASUS explained in its opposition to Philips' motion for partial summary judgment. Dkt. No. 830. The P.T.A.B.'s decision on claim 12 was not at issue on appeal. *See* Dkt. No. 964 Ex. 1.

claim 12.  *See* Dkt. No. 724, Part V.  In light of the Federal Circuit's ruling on validity, ASUS requests leave to move for summary judgment on the separate ground that claim 12 is invalid.  As ASUS would explain in its motion, Philips makes only two arguments for the validity of claim 12 over the prior art, and the Federal Circuit's ruling precludes those arguments on both collateral estoppel and substantive grounds.

Philips' first argument concerns the term "media presentation."  At Philips' request, the District of Delaware construed "media presentation" to mean "data having multiple segments."  *See* Dkt. No. 241 at 7.  The P.T.A.B., now affirmed by the Federal Circuit, quoted the District of Delaware's construction of "media presentation" and noted that its construction of "a given segment of [a/the] media presentation" (which of course includes "media presentation") was "consistent with the District Court's determination."  IPR2017-00447, Paper 29, at 8 n.4.  More than two years after the District of Delaware construed "media presentation," Philips now seeks to change this construction by limiting it to "data that has been split into multiple segments," which would in Philips' view distinguish the prior art in this Court.  But the Federal Circuit's ruling estops Philips from advancing this argument.  The P.T.A.B. found that the prior art before it, which Philips agrees disclosed "data having multiple segments" but not "data that has been split into multiple segments," disclosed a "media presentation" within the meaning of the '806 patent, *see* IPR2017-00447, Paper 29 at 15, and the Federal Circuit affirmed this finding.  *See* Dkt. No. 964 Ex. 1.  Following the Federal Circuit's ruling, Philips cannot argue that a "media presentation" requires "data that has been split into multiple segments," and thus cannot distinguish the prior art.  And in any event, Philips' attempt to change the governing claim construction is plainly incorrect; nothing in the patent limits a "media presentation" as Philips now urges.

Philips' second validity argument fares no better.  Although the claims of the '806 patent each include one "identifying" step, one "determining" step, and two "retrieving" steps, Philips now asserts that each claim also includes a second set of unwritten-but-implied "identifying" and "determining" steps, thus allegedly distinguishing the prior art.  Again, however, the Federal Circuit's ruling bars this argument.  The P.T.A.B. found, and the Federal Circuit affirmed, that prior art before it practiced the "identifying," "determining" and "retrieving" steps without specifying how many times they each occurred.  IPR2017-00447, Paper 29 at 15-16; Dkt. No. 964 Ex. 1.  Following this ruling, Philips cannot argue that the "identifying," "determining," and "retrieving" steps must each occur twice, and thus, again, admittedly

cannot distinguish the prior art.  And again, Philips' new construction of this claim finds no support in the patent itself.

ASUS thus seeks leave to file a summary judgment motion showing that the Federal Circuit's ruling bars Philips—both substantively and under collateral estoppel—from making either of its two remaining validity arguments regarding claim 12 of the '806 patent.  Since Philips has no other validity arguments before this Court, summary judgment of invalidity is appropriate.  This motion can be brief: ASUS respectfully suggests ten pages for opening and opposition briefs, and five pages for the reply.

For the foregoing reasons, ASUS respectfully asks this Court to (1) terminate all motions involving the '913 patent, and (2) grant ASUS leave to file a motion for summary judgment regarding claim 12 of the '806 patent, limited to ten-page opening and opposition briefs, and a five-page reply.

Date:  February 14, 2020

Respectfully submitted,

_____

| | |
|---|---|
| Bruce Genderson *(pro hac vice)* | Matthew S. Warren (Bar No. 230565) |
| Kevin Hardy *(pro hac vice)* | Erika H. Warren (Bar No. 295570) |
| Aaron Maurer *(pro hac vice)* | WARREN LEX LLP |
| David Krinsky *(pro hac vice)* | 2261 Market Street, No. 606 |
| Andrew Trask *(pro hac vice)* | San Francisco, California, 94114 |
| Kyle Thomason *(pro hac vice)* | +1 (415) 895-2940 |
| WILLIAMS & CONNOLLY LLP | +1 (415) 895-2964 facsimile |
| 725 Twelfth Street, N.W. | 18-1885@cases.warrenlex.com |
| Washington, D.C., 20005 | |
| +1 (202) 434-5000 | Michael J. Newton (Bar No. 156225) |
| +1 (202) 434-5029 facsimile | Sang (Michael) Lee  *(pro hac vice)* |
| viceroy@wc.com | Derek Neilson *(pro hac vice)* |
| | ALSTON & BIRD LLP |
| | 2200 Ross Avenue, Suite 2300 |
| | Dallas, Texas, 75201 |
| | +1 (214) 922-3400 |
| | +1 (214) 922-3899 facsimile |
| | asus-philips@alston.com |

*Attorneys for Defendants ASUSTeK Computer Inc. and ASUS Computer International*