UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE KONINKLIJKE PHILIPS PATENT LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 18-cv-01885-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 710, 711, 712, 713, 722, 724, 726, 741, 742, 750, 751, 766, 803, 806, 828, 836, 844, 872, 888, 893, 899 |

Pending before the Court are the parties' administrative motions to file under seal portions of documents in connection with motions for partial summary judgment and *Daubert* motions filed by Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation (collectively, "Philips") and Defendants ASUS Computer International and ASUSTeK Computer Inc. (collectively, "ASUS"). For the reasons detailed below, the Court **GRANTS IN PART** and **DENIES IN PART** the motions to file under seal.

I. **LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this

strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Civil Local Rule 79-5 supplements the "compelling reasons" standard. The party seeking to file under seal must submit "a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . . The request must be narrowly tailored to seek sealing only of sealable material . . . ." Civil L.R. 79-5(b). Courts have found that "confidential business information" in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the "compelling reasons" standard. *See In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing such information "prevent[ed] competitors from gaining insight into the parties' business model and strategy"); *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015).

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *Id.* at 1179–80 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific

examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

## II.    DISCUSSION

Because the parties seek to seal portions and documents which pertain to summary judgment motions, the Court applies the compelling reasons standard. The Court applies the lower good cause standard for documents related to the *Daubert* motions.

The parties' motions demonstrate the burden imposed by overdesignation of confidentiality under a protective order. In many cases, the party seeking to seal does so only because another party or a third party designated entire documents as confidential. *E.g.*, Dkt. No. 827-4. The party imposing the designation then files a declaration seeking to seal only a small portion of the document. *See, e.g.*, Dkt. No. 857. Because a designation of confidentiality is not sufficient to establish that a document is sealable, the Court finds sealing unwarranted for the overdesignated portions of the documents unsupported by any declaration. *See* Civ. L. R. 79-5(d)(1)(A); *Bain v. AstraZeneca LP*, No. 09-cv-4147, 2011 WL 482767, at *1 (N.D. Cal. Feb. 7, 2011) (finding that good cause "cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential"); *see also* Civ. L. R. 79-5(e)(1).

Nevertheless, where the designating party provided a declaration, the Court finds that the parties generally narrowly tailored their requested redactions to confidential and proprietary technical, business, sales, or licensing information. In dispositive motions, the parties have narrowly tailored their redactions to specific source code, which "clearly meets the definition a trade secret." *See Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012). Elsewhere, the parties seek to seal information related to the technical product operation, the existence and terms of confidential licenses and settlement agreements, and information related to business operations. The public release of these documents could give non-party competitors an unfair advantage in developing rival products. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (ordering sealing where documents could be used "'as sources of business information that might harm a litigant's competitive standing'")

(quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  Thus, the Court finds that the parties have in these circumstances established compelling reasons or good cause to grant the motions to file under seal.  *See, e.g.*, *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-cv-05808-HSG, 2016 WL 7911651, at  *4 (N.D. Cal. Apr. 6, 2016); *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, No. C 12-1971 CW, 2014 WL 6986068 (N.D. Cal. Dec. 10, 2014).

Two exceptions exist and are worth noting.  First, the parties seek to seal extensive portions of Philips's opposition to ASUS's summary judgment motion and its supporting exhibits.  Dkt. No. 836.  The Court directly relies on some of the currently-redacted portions and is strongly inclined to make those portions public.  *See Kamakana*, 447 F.3d at 1179 ("[T]he resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and significant public events.'" (quoting *Valley Broadcasting Co.v . U.S. Dist. Court*, 798 F.2d 1289, 1294 (9th Cir. 1986)).  Although information about technical product operation typically qualifies for protection, much of the information here is already public.  In seeking summary judgment, ASUS—correctly and laudably—describes in general terms the operation of the accused products.  *See* Dkt. No. 724 at 4:3-18; Dkt. No.895 at 2:25-3:10, 4:16-18.  Portions of the materials the parties seek to redact merely describe the same functionality with little, if any, added detail.  Those portions are not trade secrets and the parties fail to articulate compelling reasons to keep them sealed.  *See* RESTATEMENT (FIRST) OF TORTS § 757 cmt. b (Am. Law. Inst. 1939) ("The subject matter of a trade secret must be secret."); *cf. Agency Solutions.Com, LLC v. TriZetto Grp., Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011) ("While source code is undoubtedly a trade secret, the way the source code *works* when compiled and run is not.").[1]

Second, the parties seek to seal portions of briefing related to ASUS's and Microsoft's motion to exclude opinions of Michael E. Tate (damages).  Dkt. No. 741.  In seeking to seal, the parties go beyond confidential licensing and business information to try to seal the very nature and

---

[1] For this reason, the Court also rejects sealing of information related to functionality that is clearly visible to the user—such as the type of animation shown.  *See Agency Solutions.Com*, 819 F. Supp. 2d at 1017 (denying protection for functions "evident in the operation of the software").

form of Mr. Tate's analysis. The redactions go the heart of Defendants' motions as they seek to

exclude from public view information about the analysis (or lack thereof) that Defendants claim

make Dr. Tate's opinions unreliable. The parties do not cite—and the Court cannot imagine—any

case finding good cause to seal such purely litigation related information. Moreover, although the

underlying motion is not dispositive, Philips presumably intends to rely on Mr. Tate's testimony to

prove its damages at trial. Thus, although the lower "good cause" standard applies, the Court

finds that the parties failed to meet that standard to the extent they seek to seal the form of Mr.

Tate's case-specific analysis that does not implicate otherwise confidential information.

| Docket No. Public / (Sealed) | Document | Portion(s) Sought to be Sealed | Ruling |
|---|---|---|---|
| **Dkt. No. 710 – GRANTED IN PART AND DENIED IN PART** | | | |
| 711 / (710-4) | Philips' Motion to Exclude Untimely Theories in Dr. Dunlop's Rebuttal Expert Report Served on Behalf of ASUS Concerning U.S. Patent NO. RE44,913 | Page i:10<br>Page 4:17-21<br>Page 5:2, 15-20, 24-27<br>Page 6:12-18, 23, 25-28<br>Page 7:1<br>Page 9:24-25<br>Page 10:1-4, 12, 15-17<br>Page 11:25-27<br>Page 12:1-2, 5-9, 13, 15-20<br>Page 13:21-22<br>Page 15:24-26<br>Page 16:1-2, 4-8, | **DENIED**<br>(cites portions of exhibits not properly subject to sealing. *See infra* discussion re: exhibits.) |
| 711-3 / (710-6) | Exhibit 2 to the Declaration of Caitlyn N. Bingaman in Support of Philips's Motion to Exclude Untimely Theories in Dr. Dunlop's Rebuttal Expert Report Served on Behalf of ASUS Concerning U.S. Patent No. RE44,913 | Pages 6-25<br>Page 26:1-13 | **GRANTED**<br>(contains confidential source code information. *See* Dkt. Nos. 775, 781) |
| 711-5 / (710-8) | Exhibit 4 to the Declaration of Caitlyn N. | Page 5:9-28<br>Pages 6-8<br>Page 9:1-20 | **DENIED**<br>(No supporting declaration filed. |

5

| | | | |
|---|---|---|---|
| | Bingaman in Support of Philips's Motion to Exclude Untimely Theories in Dr. Dunlop's Rebuttal Expert Report Served on Behalf of ASUS Concerning U.S. Patent No. RE44,913 | | *See* Civ. L.R. 79-5(e)(1).) |
| 711-6 / (710-10) | Exhibit 5 to the Declaration of Caitlyn N. Bingaman in Support of Philips's Motion to Exclude Untimely Theories in Dr. Dunlop's Rebuttal Expert Report Served on Behalf of ASUS Concerning U.S. Patent No. RE44,913 | Page 41 | **DENIED** (No supporting declaration filed. *See* Civ. L.R. 79-5(e)(1).) |
| 711-7 / (710-11) | Exhibit 6 to the Declaration of Caitlyn N. Bingaman in Support of Philips's Motion to Exclude Untimely Theories in Dr. Dunlop's Rebuttal Expert Report Served on Behalf of ASUS Concerning U.S. Patent No. RE44,913 | Entire Document | **GRANTED IN PART AND DENIED IN PART** (contains confidential source code information as indicated in Dkt. Nos. 775 and 782-1. *See* Dkt. Nos. 775, 781) |
| 711-8 / (710-13, 782-2) | Exhibit 7 to the Declaration of Caitlyn N. Bingaman in Support of Philips's Motion to Exclude Untimely Theories in Dr. Dunlop's Rebuttal Expert | Portions of Pages 3, 4, 5 | **GRANTED IN PART AND DENIED IN PART** (contains confidential information regarding operation of third-party Google's products |

| | | | |
|---|---|---|---|
| | Report Served on Behalf of ASUS Concerning U.S. Patent No. RE44,913 | | and source code as indicated in Dkt. No. 782-2. *See* Dkt. No. 781) |
| 711-9 / (710-15, 782-3) | Exhibit 8 to the Declaration of Caitlyn N. Bingaman in Support of Philips's Motion to Exclude Untimely Theories in Dr. Dunlop's Rebuttal Expert Report Served on Behalf of ASUS Concerning U.S. Patent No. RE44,913 | Portions of Pages 3 and 4 | **GRANTED IN PART AND DENIED IN PART** (contains confidential information regarding operation of third-party Google's products as indicated in Dkt. No. 782-3. *See* Dkt. No. 781) |
| 711-10 / (710-17) | Exhibit 9 to the Declaration of Caitlyn N. Bingaman in Support of Philips's Motion to Exclude Untimely Theories in Dr. Dunlop's Rebuttal Expert Report Served on Behalf of ASUS Concerning U.S. Patent No. RE44,913 | Pages 265-68 | **DENIED** (No supporting declaration filed. *See* Civ. L.R. 79-5(e)(1).) |
| 711-11 / (710-18) | Exhibit 10 to the Declaration of Caitlyn N. Bingaman in Support of Philips's Motion to Exclude Untimely Theories in Dr. Dunlop's Rebuttal Expert Report Served on Behalf of ASUS Concerning U.S. Patent No. RE44,913 | Entire Document | **DENIED** (No supporting declaration filed. *See* Civ. L.R. 79-5(e)(1).) |
| **Dkt. No. 712 – GRANTED IN PART AND DENIED IN PART** | | | |

| 713 / (712-4) | Philips' Motion to Exclude Certain Opinions in Dr. Jakobsson's Opening and Rebuttal Expert Reports Served on Behalf of ASUS Concerning U.S. Patent No. 9,436,809 | Page i:12-15<br>Page 8:17-21<br>Page 9:1-2<br>Page 14:19-26<br>Page 15:1-9, 14-16, 18-21<br>Page 16:7-17, 19, 21, 24-25<br>Page 17:1-2, 4-7, 17-18<br>Page 18:1-11, 14, 18, 20-21, 22, 24-26<br>Page 19:1-2, 6-8 | **DENIED**<br>(cites portions of exhibits not properly subject to sealing. *See infra* discussion re: exhibits.) |
|---|---|---|---|
| 713-3 / (712-6) | Exhibit 2 to Declaration of Caitlyn N. Bingaman in Support of Philips' Motion to Exclude Certain Opinions in Dr. Jakobsson's Opening and Rebuttal Expert Reports Served on Behalf of ASUS Concerning U.S. Patent No. 9,436,809 | Paragraphs 138-40 at page 44<br><br>Portion of paragraph 171 at page 53<br><br>Portion of paragraph 366 at page 127 | **DENIED**<br>(No supporting declaration filed. *See* Civ. L.R. 79-5(e)(1).) |
| 713-4 / (712-7) | Exhibit 3 to Declaration of Caitlyn N. Bingaman in Support of Philips' Motion to Exclude Certain Opinions in Dr. Jakobsson's Opening and Rebuttal Expert Reports Served on Behalf of ASUS Concerning U.S. Patent No. 9,436,809 | Entire Document | **DENIED**<br>(No supporting declaration filed. *See* Civ. L.R. 79-5(e)(1).) |
| 713-6 / (712-9) | Exhibit 5 to Declaration of Caitlyn N. Bingaman in Support of Philips' Motion to Exclude Certain Opinions in | Page i:8-15<br>Page 2:1-8<br>Page 3:12-25<br>Page 4:1-2, 14-15, 20-28<br>Page 5:1-13, 16-17<br>Page 6:1-6, 8-10, 24-28<br>Page 7:1-22 | **DENIED**<br>(No supporting declaration filed. *See* Civ. L.R. 79-5(e)(1).) |

| | | | |
|---|---|---|---|
| | Dr. Jakobsson's Opening and Rebuttal Expert Reports Served on Behalf of ASUS Concerning U.S. Patent No. 9,436,809 | Page 8:1-17, 23-24 Page 9:16-28 Page 10:1-18 Page 11:1-8 | |
| 713-8 / (712-11) | Exhibit 7 to Declaration of Caitlyn N. Bingaman in Support of Philips' Motion to Exclude Certain Opinions in Dr. Jakobsson's Opening and Rebuttal Expert Reports Served on Behalf of ASUS Concerning U.S. Patent No. 9,436,809 | Pages 6, 159-171 Page 172:1-12 | **GRANTED IN PART AND DENIED IN PART** (contains confidential source code on page 6. *See* Dkt. No. 776.) |
| 713-9 / (712-13) | Exhibit 8 to Declaration of Caitlyn N. Bingaman in Support of Philips' Motion to Exclude Certain Opinions in Dr. Jakobsson's Opening and Rebuttal Expert Reports Served on Behalf of ASUS Concerning U.S. Patent No. 9,436,809 | Pages 6, 159-171, 172:1-3 | **GRANTED IN PART AND DENIED IN PART** (contains source code information on page 6. *See* Dkt. No. 776.) |
| 713-11 / (712-15) | Exhibit 10 to Declaration of Caitlyn N. Bingaman in Support of Philips' Motion to Exclude Certain Opinions in Dr. Jakobsson's Opening and Rebuttal Expert | Pages 5:10-9:20 | **DENIED** (No supporting declaration filed. *See* Civ. L.R. 79-5(e)(1).) |

9

| | | | |
|---|---|---|---|
| | Reports Served on Behalf of ASUS Concerning U.S. Patent No. 9,436,809 | | |
| 713-12 / (712-17) | Exhibit 11 to Declaration of Caitlyn N. Bingaman in Support of Philips' Motion to Exclude Certain Opinions in Dr. Jakobsson's Opening and Rebuttal Expert Reports Served on Behalf of ASUS Concerning U.S. Patent No. 9,436,809 | Appendix I at 5, 6<br><br>Appendix R at 3 | **GRANTED** (contains information regarding confidential supplier agreements and deposition testimony regarding product operation and testing. *See* Dkt. Nos. 776, 781.) |
| 713-13 / (712-19) | Exhibit 12 to Declaration of Caitlyn N. Bingaman in Support of Philips' Motion to Exclude Certain Opinions in Dr. Jakobsson's Opening and Rebuttal Expert Reports Served on Behalf of ASUS Concerning U.S. Patent No. 9,436,809 | Portions of pages 3, 4, and 5 | **GRANTED IN PART AND DENIED IN PART** (contains confidential information about operation of third-party Google's products as indicated in Dkt. No. 782-2. *See* Dkt No. 781.) |
| 713-14 / (712-21) | Exhibit 13 to Declaration of Caitlyn N. Bingaman in Support of Philips' Motion to Exclude Certain Opinions in Dr. Jakobsson's Opening and Rebuttal Expert Reports Served on Behalf of ASUS Concerning U.S. | Portions of pages 3, 4 | **GRANTED IN PART AND DENIED IN PART** (contains confidential information about operation of third-party Google's products as indicated in Dkt. No. 782-3. *See* Dkt No. 781.) |

| | | | |
|---|---|---|---|
| | Patent No. 9,436,809 | | |
| **Dkt. No. 722 – GRANTED IN PART AND DENIED IN PART** | | | |
| 724 / (722-9) | ASUS's Notice of Motion and Motion for Summary Judgment | Page 8:9-17 | **GRANTED** (contains confidential source code information. *See* Dkt. Nos. 711-1, 781, 782-10.) |
| 724-6 / (722-3) | Exhibit 5 to Declaration of Angela M. He in Support of ASUS's Motion for Summary Judgment | Paragraphs 34-44 Paragraph 99 Paragraphs 177-80 | **GRANTED** (contains confidential source code. *See* Dkt. Nos. 711-1, 781, 782-11.) |
| 724-9 / (722-5) | Exhibit 8 to Declaration of Angela M. He in Support of ASUS's Motion for Summary Judgment | Paragraphs 125-38 Paragraphs 140-43 Paragraphs 157-61 Paragraphs 162-64 Paragraphs 175-77 Paragraphs 178-81 Paragraphs 201-03 Paragraphs 210-11 Paragraphs 238-41 Paragraphs 266-70 Paragraph 302 Paragraphs 315-18 Paragraph 353 Paragraph 365 Paragraph 368 Paragraphs 453-58 Paragraph 486-87 Paragraph 491 Paragraphs 525-27 Paragraphs 534-37 Paragraphs 575-77 | **GRANTED** (contains confidential source code information, as well as confidential licensing information. *See* Dkt. Nos. 711-1, 781, 782-12.) |
| 724-21 / (722-7) | Exhibit 20 to Declaration of Angela M. He in Support of ASUS's Motion for Summary Judgment | Page 163:25-164:13 | **DENIED** (No supporting declaration filed. *See* Civ. L.R. 79-5(e)(1).) |
| **Dkt. No. 726 – GRANTED IN PART AND DENIED IN PART** | | | |
| 766 / (726-4) | Philips' Motion to Exclude Certain Opinions in Dr. Bulterman's Rebuttal Expert | Page 2:15-22 Page 3:1, 5-22 Page 4:1-3, 18, 26-27 Page 6:9 Page 7:4, 7-8, 26 | **GRANTED** (contains proprietary information of third-party Google's products. *See* Dkt. |

United States District Court
Northern District of California

| | Report Served On Behalf of ASUS Concerning U.S. Patent No. 7,529,806 | Page 8:6-18, 23, 27<br>Page 9:6-7, 16-17<br>Page 12:12-17, 20-21, 24-27<br>Page 24:24-25:11 | Nos. 781, 782-13.) |
|---|---|---|---|
| 766-2 / (726-5) | Exhibit 1 to Declaration of Caitlyn Bingaman In Support of Philips' Motion to Exclude Certain Opinions in Dr. Bulterman's Rebuttal Expert Report Served On Behalf of ASUS Concerning U.S. Patent No. 7,529,806 | Entire Document | **GRANTED IN PART AND DENIED IN PART** (contains proprietary information about third party Google's products and source code, as indicated in Dkt. No. 782-14. *See* Dkt. No. 781.) |
| 766-3 / (726-6) | Exhibit 2 to Declaration of Caitlyn Bingaman In Support of Philips' Motion to Exclude Certain Opinions in Dr. Bulterman's Rebuttal Expert Report Served On Behalf of ASUS Concerning U.S. Patent No. 7,529,806 | Entire Document | **GRANTED IN PART AND DENIED IN PART** (contains confidential source code and proprietary information about third party Google's products at pages 107 through 158. *See* Dkt. Nos. 777, 781.) |
| 766-6 / (726-7) | Exhibit 5 to Declaration of Caitlyn Bingaman In Support of Philips' Motion to Exclude Certain Opinions in Dr. Bulterman's Rebuttal Expert Report Served On Behalf of ASUS Concerning U.S. Patent No. 7,529,806 | Entire Document | **GRANTED IN PART AND DENIED IN PART** (contains proprietary information about third party Google's products and business operations as indicated in Dkt. No. 782-15. *See* Dkt. No. 781.) |
| 766-9 / (726-9) | Exhibit 8 to Declaration of Caitlyn Bingaman In | Portions of Pages 3-5 | **GRANTED IN PART AND DENIED IN PART** |

| | | | |
|---|---|---|---|
| | Support of Philips' Motion to Exclude Certain Opinions in Dr. Bulterman's Rebuttal Expert Report Served On Behalf of ASUS Concerning U.S. Patent No. 7,529,806 | | (contains confidential information about operation of third-party Google's products as indicated in Dkt. No. 782-2. *See* Dkt No. 781.) |
| 766-10 / (726-11) | Exhibit 9 to Declaration of Caitlyn Bingaman In Support of Philips' Motion to Exclude Certain Opinions in Dr. Bulterman's Rebuttal Expert Report Served On Behalf of ASUS Concerning U.S. Patent No. 7,529,806 | Portions of Pages 3-4 | **GRANTED IN PART AND DENIED IN PART** (contains confidential information about operation of third-party Google's products as indicated in Dkt. No. 782-3. *See* Dkt No. 781.) |
| **Dkt. No. 741 – GRANTED IN PART AND DENIED IN PART** | | | |
| 742 / (741-5) | Microsoft and ASUS's *Daubert* Motion to Exclude Expert Opinions of Michael E. Tate (Damages) | Page i:9-10, 12-28<br>Page 1:20-28<br>Page 2:1-6, 13-23<br>Page 3:124<br>Page 4:5-22, 25-28<br>Page 5:1-5, 22-28<br>Page 6:1-20<br>Pages 7-11 (entirety)<br>Page 13:9-18, 20-28<br>Page 14:1-12, 16-28<br>Page 15:1-4, 17:28<br>Page 16:1-3, 21-22, 25-27<br>Page 17:1-9<br>Page 18:2-26<br>Page 19:1-4, 10-19, 27-28<br>Page 20:1-14, 20-21, 23, 25-28 | **GRANTED IN PART AND DENIED IN PART** (contains confidential licensing and business information at:[2]<br>• Page 1:21-22;<br>• Page 2:3-4;<br>• Page 6:1;<br>• Page 7:21-26;<br>• Page 8:2-13;<br>• Page 10:11- |

---

[2] Philips seeks to seal additional information at 1:27-2:5, 8:28-9:1, 10, 13:10-13, 13: 23-26, 14:1-4, 14:9-12, 14:23-26, 15:23-16:3, 16:21-22, 18:22-19:4, 19:10-16, 20:21-22, 21:26-22:2, 23:4-5, and 24:1-2. These pages describe the very nature of Mr. Tate's damages analysis that Defendants challenge as unreliable. Philips failed to articulate good cause to seal information about how Mr. Tate conducted his analysis. Philips also improperly seeks to seal publicly available information at 9:4-16 and 14:20-22. *See* https://www.ip.philips.com/data/downloadables/1/9/7/3/explanation-registration-agreements-2015-05-29.pdf.

| | | Page 21:1-28<br>Page 22:1-2, 10-20, 23-28<br>Page 23:1-6, 11-28<br>Page 24:1-6, 16-18<br>Page 25:1-2 | 14, 19-24;<br>• Page 11:5-6, 8-12, 21-22;<br>• Page 14:5-9, 16-20;<br>• Page 14:27-15:1;<br>• Page 15:22-23;<br>• Page 18:8-15;<br>• Page 19:1;<br>• Page 21:1-3, 8, 10-12, 17-25;<br>• Page 22:24-27;<br>• Page 23:17-19;<br>*See* Dkt. Nos. 741-1, 785.) |
|---|---|---|---|
| 742-2 / (741-7) | Exhibit 1 to Declaration of Tiffany Cunningham In Support of Microsoft and ASUS's *Daubert* Motion to Exclude Expert Opinions of Michael E. Tate | Entire document | **GRANTED IN PART AND DENIED IN PART** (contains Defendants' (1) confidential sales data and figures derived from sales data (2) information about confidential licensing agreements, and (3) business information related to internal operations, as indicated in Dkt. No. 741-7. *See* Dkt. No. 741-1. Further contains Philips's confidential licensing and sales information as indicated in Dkt. No. 785-2. *See* Dkt. No. 785.) |
| 742-3 / (741-9) | Exhibit 2 to | Entire Document | **GRANTED IN** |

| | | | |
|---|---|---|---|
| | Declaration of Tiffany Cunningham In Support of Microsoft and ASUS's *Daubert* Motion to Exclude Expert Opinions of Michael E. Tate | | **PART AND DENIED IN PART** (contains Defendants' confidential sales and licensing information as indicated in Dkt. No. 741-9. *See* Dkt. No. 741-2. Further contains Philips's confidential licensing and sales information as indicated in Dkt. No. 785-3. *See* Dkt. No. 785.) |
| 742-4 / (741-11) | Exhibit 3 to Declaration of Tiffany Cunningham In Support of Microsoft and ASUS's *Daubert* Motion to Exclude Expert Opinions of Michael E. Tate | Entire Document | **GRANTED IN PART AND DENIED IN PART** (contains Philips's confidential licensing information as indicated in Dkt. No. 785-4. *See* Dkt. No. 785.) |
| 742-5 / (741-13) | Exhibit 4 to Declaration of Tiffany Cunningham In Support of Microsoft and ASUS's *Daubert* Motion to Exclude Expert Opinions of Michael E. Tate | Entire Document | **GRANTED IN PART AND DENIED IN PART** (contains Philips's confidential licensing information as indicated in Dkt. No. 785-5. *See* Dkt. No. 785.) |
| 742-6 / (741-15) | Exhibit 5 to Declaration of Tiffany Cunningham In Support of Microsoft and ASUS's *Daubert* Motion to Exclude Expert Opinions of Michael E. Tate | Entire Document | **GRANTED IN PART AND DENIED IN PART** (contains Philips's confidential licensing information as indicated in Dkt. No. 785-6. *See* Dkt. No. 785.) |
| 742-7 / (741-17) | Exhibit 6 to | Entire Document | **GRANTED IN** |

| | Declaration of Tiffany Cunningham In Support of Microsoft and ASUS's *Daubert* Motion to Exclude Expert Opinions of Michael E. Tate | | **PART AND DENIED IN PART** (contains Philips's confidential licensing information as indicated in Dkt. No. 785-7. *See* Dkt. No. 785. Further contains damages calculation based on confidential sales data, as indicated in Dkt. No. 741-17. *See* Dkt. No. 741-1.) |
|---|---|---|---|
| 742-9 / (741-19) | Exhibit 8 to Declaration of Tiffany Cunningham In Support of Microsoft and ASUS's *Daubert* Motion to Exclude Expert Opinions of Michael E. Tate | Entire Document | **GRANTED IN PART AND DENIED IN PART** (contains Philips's confidential licensing information as indicated in Dkt. No. 785-8. *See* Dkt. No. 785.) |
| 741-10 / (741-21) | Exhibit 9 to Declaration of Tiffany Cunningham In Support of Microsoft and ASUS's *Daubert* Motion to Exclude Expert Opinions of Michael E. Tate | Entire Document | **DENIED** (although Philips provides a declaration seeking to seal exhibit 9, it fails to articulate any reasons for sealing. *See* Dkt. No. 785. According to Defendants' motion, the composition of the Portable Features portfolio is "no secret" and "Philips posted the Portable Features portfolio on its website."[3] Dkt. No. 742 at 4:9-10.) |
| **Dkt. No. 750 – GRANTED IN PART AND DENIED IN PART** | | | |

[3] *See also* https://www.ip.philips.com/data/downloadables/1/9/7/6/portable-features-patent-list-per-country-20150529.pdf (showing the same document at a different date).

| 751 / (750-4) | Philips' Motion for Partial Summary Judgment On Certain Affirmative Defenses Raised by the ASUS Defendants | Page 17:22-24, 27-28 Page 18-6-9, 22-24, 27-28 Page 20:3-14, 14, 16-19, 24-27 Page 21:1-2 | **DENIED** (cites information for which compelling reasons to seal have not been established.  *See infra* discussion re: exhibits.) |
|---|---|---|---|
| 753-9 / (750-6) | Exhibit 19 to the Declaration of Caitlyn N. Bingaman In Support of Philips' Motion for Partial Summary Judgment On Certain Affirmative Defenses Raised by the ASUS Defendants | Page 39:8-41:11 Page 55:7-58:24 Page 61:21-26 Page 62:19-25 Page 63:1-8 Page 65:5-12 Page 66:14-27 Page 71:18-20 Page 72:21-25 Pag 73:2-3 Page 73:15-28 Page 74:1-14 | **DENIED** (No supporting declaration filed. *See* Civ. L.R. 79-5(e)(1).) |
| 769-7 / (750-7) | Exhibit 37 to the Declaration of Caitlyn N. Bingaman In Support of Philips' Motion for Partial Summary Judgment On Certain Affirmative Defenses Raised by the ASUS Defendants | Entire Document | **DENIED** (No supporting declaration filed. *See* Civ. L.R. 79-5(e)(1).) |
| 769-9 / (750-8) | Exhibit 39 to the Declaration of Caitlyn N. Bingaman In Support of Philips' Motion for Partial Summary Judgment On Certain Affirmative Defenses Raised by the ASUS Defendants | Entire Document | **DENIED** (No supporting declaration filed. *See* Civ. L.R. 79-5(e)(1).) |
| 769-10 / (750-9) | Exhibit 40 to the Declaration of Caitlyn N. Bingaman In | Entire Document | **GRANTED** (contains information about confidential license |

| | | | |
|---|---|---|---|
| | Support of Philips' Motion for Partial Summary Judgment On Certain Affirmative Defenses Raised by the ASUS Defendants | | agreement and terms. *See* Dkt. No. 778.) |
| **Dkt. No. 803 - DENIED** | | | |
| 805 / (803-3) | ASUS's Opposition to Philips' Motion to Exclude Certain Opinions in Dr. Jakobsson's Opening and Rebuttal Expert Reports Served on Behalf of ASUS Concerning U.S. Patent No. 9,436,809 | Page 4:20-5:21 | **DENIED** (No supporting declaration filed. *See* Civ. L.R. 79-5(e)(1).) |
| 805-2 / (803-7) | Exhibit 1 to the Declaration of Michael J. Newton In Support of ASUS's Opposition to Philips' Motion to Exclude Certain Opinions in Dr. Jakobsson's Opening and Rebuttal Expert Reports Served on Behalf of ASUS Concerning U.S. Patent No. 9,436,809 | Entire Document | **DENIED** (No supporting declaration filed. *See* Civ. L.R. 79-5(e)(1).) |
| **Dkt. No. 806 – GRANTED** | | | |
| 807 / (806-4) | Philips's Opposition to Microsoft and ASUS's *Daubert* Motion to Exclude Expert Opinions of Michael E. Tate | Page 3:6-11 Page 4:2, 14-18 Page 5:5-14 Page 7:23-24, 26-27 Page 12:3-25 Page 16:8-9, 13-21 Page 21:21 Page 23:2-3 Pages 24:15-26:11 | **GRANTED** (contains confidential licensing information. *See* Dkt. Nos. 856, 806-1, and *supra* discussion re: Dkt. No. 742.) |
| 807-4 / (806-5) | Exhibit C to the | Entire Document | **GRANTED** |

| | | | |
|---|---|---|---|
| | Declaration of Natalie Lieber in Support of Philips's Opposition to Microsoft and ASUS's *Daubert* Motion to Exclude Expert Opinions of Michael E. Tate | | (contains confidential financial information. *See* Dkt. No. 806-1.) |
| 807-8 / (806-6) | Exhibit G to the Declaration of Natalie Lieber in Support of Philips's Opposition to Microsoft and ASUS's *Daubert* Motion to Exclude Expert Opinions of Michael E. Tate | Entire Document | **GRANTED** (contains confidential royalty and sales information. *See* Dkt. No. 856.) |
| 807-9 / (806-7) | Exhibit H to the Declaration of Natalie Lieber in Support of Philips's Opposition to Microsoft and ASUS's *Daubert* Motion to Exclude Expert Opinions of Michael E. Tate | Entire Document | **GRANTED** (contains confidential licensing information. *See* Dkt. No. 856.) |
| **Dkt. No. 828 - DENIED** | | | |
| 830 / (828-2) | ASUS's Opposition to Philips' Motion for Partial Summary Judgment on Certain Affirmative Defenses | Page 9:21-22 Page 10:1-9 Page 11:3-4 Page 11:6-10 Page 12:2-4 | **DENIED** (No supporting declaration filed. *See* Civ. L.R. 79-5(e)(1).) |
| 830-2 / (828-4) | Exhibit 1 to Declaration of Erika H. Warren in Support of ASUS Opposition to Philips' Motion for Partial Summary Judgment On Certain Affirmative Defenses | Entire Document | **DENIED** (No supporting declaration filed. *See* Civ. L.R. 79-5(e)(1).) |
| 830-5 / (828-5) | Exhibit 4 to Declaration of Erika | Entire Document | **DENIED** (No supporting |

| | | | |
|---|---|---|---|
| | H. Warren in Support of ASUS Opposition to Philips' Motion for Partial Summary Judgment On Certain Affirmative Defenses | | declaration filed. *See* Civ. L.R. 79-5(e)(1).) |
| **Dkt. No. 836 – GRANTED IN PART AND DENIED IN PART** | | | |
| 827 / (836-4) | Philips' Opposition to ASUS's Motion for Summary Judgment | Pages 1:17-3:5<br>Page 3:19-24<br>Page 4:21-28<br>Page 5:10-11<br>Page 6:18-7:4<br>Page 7:26-27<br>Page 15:27-28<br>Page 19:27-20:6, 20:11-13 | **GRANTED IN PART AND DENIED IN PART** (contains confidential licensing information at 20:10-13 and confidential source code and technical information at 2:2-7, 2:10-11, 2:17-27, 3:23-24. *See* Dkt. Nos. 853, 857.[4]) |
| 827-2 / (836-6) | Exhibit 1 to the Declaration of Caitlyn N. Bingaman in Support of Philips' Opposition to ASUS's Motion for Summary Judgment | Page i:9<br>Pages 15:15-18:12<br>Page 18:16-27<br>Page 24:3-6, 9-26<br>Page 25<br>Page 26:1-12<br>Page 31:7-8, 31:18-32:3<br>Page 32:9-46:15<br>Page 52:3-60:26<br>Page 70:1-8<br>Page 71:3-4, 6-24<br>Page 72:3-80:8<br>Page 81:8-83:17<br>Page 85:24-86:15<br>Page 86:21-91:9 | **GRANTED IN PART AND DENIED IN PART** (contains confidential business information regarding ASUS and one of its suppliers, as well as source code, schematics, and additional technical information on which the Court does not rely as stated in Dkt. No. 857, *except* for pages 42:5-11, |

---

[4]The Court rejects parties' request to seal information at 1:16-2:1, 2:27-3:5, 3:21-23, 4:22-28, 5:10-11, 6:18-7:4, 7 n.2 on the grounds that the information is already disclosed in public filings. *See* Dkt. No. 724 at 4:3-18, 5:12-14; Dkt. No.895 at 2:25-3:10, 4:16-18; Dkt. No. 827-2. Several of these pages *quote ASUS's publicly filed motion*, which underscores that the parties have not narrowly tailored their requests. *See* Dkt. No. 836-4 at 1:16-24, 2:14, 3:2-5, 6:18-20. ASUS and Google fail to articulate compelling reasons to justify sealing in these circumstances.

| | | | |
|---|---|---|---|
| | | | 77:14-78:11, 83:5-17, 86:3-10, 90:6-91:9.[5] *Cf.* Dkt. No. 853.) |
| 827-3 / (836-8) | Exhibit 2 to the Declaration of Caitlyn N. Bingaman in Support of Philips' Opposition to ASUS's Motion for Summary Judgment | 11:19-37:17 | **GRANTED IN PART AND DENIED IN PART** (contains confidential source code information at 12:3-6, 12:21, 14:7-25, 25:17-23, 26:14, 32:15-23, 33:2-11, 33:25, 36:11-15, 37:4-17. *See* Dkt. No. 857.[6]) |
| 827-4 / (836-9) | Exhibit 3 to the Declaration of Caitlyn N. Bingaman in Support of Philips' Opposition to ASUS's Motion for Summary Judgment | Entire Document | **GRANTED IN PART AND DENIED IN PART** (contains confidential business information regarding ASUS and one of its suppliers at 62:15-63:20. *See* Dkt. No. 857.) |
| 827-5 / (836-10) | Exhibit 4 to the Declaration of Caitlyn N. Bingaman in Support of Philips' Opposition to ASUS's Motion for Summary Judgment | Entire Document | **GRANTED** (contains confidential source code of third party Google. *See* Dkt. No. 853.) |
| 827-15 / (836-12) | Exhibit 14 to the Declaration of Caitlyn N. Bingaman in Support of Philips' | Page 21:2-6, 25 Page 22:4-5, 11-14, 18-19, 22-24 Page 28:12-14, 17-18, 27-28 | **GRANTED** (contains confidential business information and confidential source |

[5] These passages are directly relevant to the Court's analysis and contain technical information too general to be considered a trade secret. *See Apple*, 2012 WL 6115623, at *2. Most of the information is also already disclosed in public filings or else from the operation of the products themselves. *See Agency Solutions.Com*, 819 F. Supp. 2d at 1017. ASUS fails to articulate competitive harm from disclosure of information in these circumstances.

[6] ASUS and Google seek to seal additional information in this exhibit, claiming it discloses confidential technical information. Dkt. Nos. 853, 857. However, that information is already disclosed in public filings. *See* Dkt. No. 724 at 4:3-18; Dkt. No. 895 at 3:4-10, 4:16-18.

| | | | |
|---|---|---|---|
| | Opposition to ASUS's Motion for Summary Judgment | Pages 36:12-40:2<br>Page 40:8-9<br>Pages 40:12-44:2<br>Pages 47:13-59:2<br>Pages 61:6-79:17<br>Page 79:20-24<br>Page 109:1-7<br>Page 111:22-112:3<br>Page 112:19-23<br>Page 127:4, 21<br>Page 128:12, 25<br>Page 129:11, 26<br>Page 142:2-21<br>Page 143:24-144:24<br>Pages 170:4-171:20<br>Page 195:10-11, 14-16 | code and technical operation information. *See* Dkt. Nos. 853, 857.) |
| 827-16 / (836-13) | Exhibit 15 to the Declaration of Caitlyn N. Bingaman in Support of Philips' Opposition to ASUS's Motion for Summary Judgment | Entire Document | **GRANTED IN PART AND DENIED IN PART** (contains confidential information regarding internal IDs and identifications of components as indicated in Dkt. No. 857.) |
| 827-17 / (836-14) | Exhibit 16 to the Declaration of Caitlyn N. Bingaman in Support of Philips' Opposition to ASUS's Motion for Summary Judgment | Entire Document | **GRANTED IN PART AND DENIED IN PART** (contains confidential information regarding internal IDs and identifications of components as indicated in Dkt. No. 857.) |
| 827-18 / (836-16) | Exhibit 17 to the Declaration of Caitlyn N. Bingaman in Support of Philips' Opposition to ASUS's Motion for Summary Judgment | Page 96:15-18<br>Page 97:13-16<br>Page 99:2-6<br>Page 106:15-16<br>Page 107:7-10<br>Page 113:20-22<br>Page 114:3-5, 10-12 | **GRANTED** (contains confidential source code information. *See* Dkt. No. 853.) |

| 827-20 / (836-17) | Exhibit 19 to the Declaration of Caitlyn N. Bingaman in Support of Philips' Opposition to ASUS's Motion for Summary Judgment | Entire Document | **GRANTED IN PART AND DENIED IN PART** (contains confidential information regarding internal IDs and identifications of components as indicated in Dkt. No. 857.) |
| 827-29 / (836-18) | Exhibit 28 to the Declaration of Caitlyn N. Bingaman in Support of Philips' Opposition to ASUS's Motion for Summary Judgment | Entire Document | **DENIED** (No supporting declaration filed. *See* Civ. L.R. 79-5(e)(1).) |
| 827-30 / (836-20) | Exhibit 29 to the Declaration of Caitlyn N. Bingaman in Support of Philips' Opposition to ASUS's Motion for Summary Judgment | Page 165:5-13, 19-21 Page 166:12-28 Page 167:1-2, 5-9 Page 168:1-20, 23-28 Page 169:4-6, 11-12 Page 170:1-24 Pages 171:2-173:20 Pages 173:24-175:20 | **GRANTED** (contains confidential business and technical information. *See* Dkt. No. 857.) |
| 827-31 / (836-21) | Exhibit 30 to the Declaration of Caitlyn N. Bingaman in Support of Philips' Opposition to ASUS's Motion for Summary Judgment | Entire Document | **GRANTED IN PART AND DENIED IN PART** (contains confidential information regarding internal IDs and identifications of components, to the extent stated in Dkt. No. 857.) |
| 831-2 / (836-22) | Exhibit 33 to the Declaration of Caitlyn N. Bingaman in Support of Philips' Opposition to ASUS's Motion for | Entire Document | **GRANTED** (contains confidential license information. *See* Dkt. No. 857.) |

| | | | |
|---|---|---|---|
| | Summary Judgment | | |
| 831-4 / (836-23) | Exhibit 35 to the Declaration of Caitlyn N. Bingaman in Support of Philips' Opposition to ASUS's Motion for Summary Judgment | Entire Document | **DENIED** (No supporting declaration filed. *See* Civ. L.R. 79-5(e)(1).) |
| 831-7 / (836-24) | Exhibit 38 to the Declaration of Caitlyn N. Bingaman in Support of Philips' Opposition to ASUS's Motion for Summary Judgment | Entire Document | **DENIED** (No supporting declaration filed. *See* Civ. L.R. 79-5(e)(1).) |
| **Dkt. No. 844 – GRANTED IN PART AND DENIED IN PART** | | | |
| 832 / (844-3) | ASUS' Opposition to Philips' Motion to Exclude Portions of Dr. Bulterman's Rebuttal Expert Report Concerning U.S. Patent No. 7,529,806 | References to certain functionality throughout Page 3:4 Page 4:1-4 Page 5:21-25 Page 26:1-4, 10-13 Page 11:8-12, 19-22 Page 11:6-7 Page 12:17-18 | **GRANTED IN PART AND DENIED IN PART** (contains confidential technical information as indicated in Dkt. No. 854-15. *See* Dkt. No. 853.) |
| 832-3 / (844-4) | Exhibit 2 to the Declaration of Erika H. Warrant in Support of ASUS' Opposition to Philips' Motion to Exclude Portions of Dr. Bulterman's Rebuttal Expert Report Concerning U.S. Patent No. 7,529,806 | Entire Document | **DENIED** (No supporting declaration filed. *See* Civ. L.R. 79-5(e)(1).) |
| 832-7 / (844-5) | Exhibit 6 to the Declaration of Erika H. Warrant in Support of ASUS' Opposition to Philips' Motion to Exclude Portions of Dr. Bulterman's | Entire Document | **GRANTED IN PART AND DENIED IN PART** (contains confidential technical information as indicated in Dkt. No. |

| | | | |
|---|---|---|---|
| | Rebuttal Expert Report Concerning U.S. Patent No. 7,529,806 | | 853-4. *See* Dkt. No. 853.) |
| 832-8 / (844-6) | Exhibit 7 to the Declaration of Erika H. Warrant in Support of ASUS' Opposition to Philips' Motion to Exclude Portions of Dr. Bulterman's Rebuttal Expert Report Concerning U.S. Patent No. 7,529,806 | Entire Document | **GRANTED IN PART AND DENIED IN PART** (contains confidential technical information as indicated in Dkt. No. 853-5. *See* Dkt. No. 853.) |
| 832-9 / (844-7) | Exhibit 8 to the Declaration of Erika H. Warrant in Support of ASUS' Opposition to Philips' Motion to Exclude Portions of Dr. Bulterman's Rebuttal Expert Report Concerning U.S. Patent No. 7,529,806 | Entire Document | **GRANTED IN PART AND DENIED IN PART** (contains confidential technical information as indicated in Dkt. No. 853-6. *See* Dkt. No. 853.) |
| 832-10 / (844-8) | Exhibit 9 to the Declaration of Erika H. Warrant in Support of ASUS' Opposition to Philips' Motion to Exclude Portions of Dr. Bulterman's Rebuttal Expert Report Concerning U.S. Patent No. 7,529,806 | Entire Document | **GRANTED IN PART AND DENIED IN PART** (contains confidential technical information as indicated in Dkt. No. 853-7. *See* Dkt. No. 853.) |
| 832-11 / (844-9) | Exhibit 10 to the Declaration of Erika H. Warrant in Support of ASUS' Opposition to Philips' Motion to Exclude Portions of Dr. Bulterman's | Entire Document | **GRANTED IN PART AND DENIED IN PART** (contains confidential technical information as indicated in Dkt. No. |

| | | | |
|---|---|---|---|
| | Rebuttal Expert Report Concerning U.S. Patent No. 7,529,806 | | 853-8. *See* Dkt. No. 853.) |
| 832-14 / (844-10) | Exhibit 13 to the Declaration of Erika H. Warrant in Support of ASUS' Opposition to Philips' Motion to Exclude Portions of Dr. Bulterman's Rebuttal Expert Report Concerning U.S. Patent No. 7,529,806 | Entire Document | **GRANTED IN PART AND DENIED IN PART** (contains confidential technical information as indicated in Dkt. No. 853-9. *See* Dkt. No. 853.) |
| 832-17 / (844-11) | Exhibit 16 to the Declaration of Erika H. Warrant in Support of ASUS' Opposition to Philips' Motion to Exclude Portions of Dr. Bulterman's Rebuttal Expert Report Concerning U.S. Patent No. 7,529,806 | Entire Document | **GRANTED IN PART AND DENIED IN PART** (contains confidential technical information as indicated in Dkt. No. 853-13. *See* Dkt. No. 853.) |
| 832-18 / (844-12) | Exhibit 17 to the Declaration of Erika H. Warrant in Support of ASUS' Opposition to Philips' Motion to Exclude Portions of Dr. Bulterman's Rebuttal Expert Report Concerning U.S. Patent No. 7,529,806 | Entire Document | **GRANTED** (contains confidential technical information. *See* Dkt. No. 853.) |
| 832-19 / (844-13) | Exhibit 18 to the Declaration of Erika H. Warrant in Support of ASUS' Opposition to Philips' Motion to Exclude Portions of Dr. Bulterman's | Entire Document | **GRANTED IN PART AND DENIED IN PART** (contains confidential source code information as indicated in Dkt. No. 951-1. *See* Dkt. No. |

| | | | |
|---|---|---|---|
| | Rebuttal Expert Report Concerning U.S. Patent No. 7,529,806 | | 950.) |
| 832-20 / (844-14) | Exhibit 19 to the Declaration of Erika H. Warrant in Support of ASUS' Opposition to Philips' Motion to Exclude Portions of Dr. Bulterman's Rebuttal Expert Report Concerning U.S. Patent No. 7,529,806 | Entire Document | **GRANTED IN PART AND DENIED IN PART** (contains confidential technical information as indicated in Dkt. No. 853-10.  *See* Dkt. No. 853.) |
| **Dkt. No. 872 - DENIED** | | | |
| 873-2 / (872-3) | Exhibit 11 to the Declaration of Caitlyn N. Bingaman in Support of Philips's Reply in Support of Philips's Motion to Exclude Untimely Theories of Dr. Dunlop | Entire Document | **DENIED** (No supporting declaration filed. *See* Civ. L.R. 79-5(e)(1).) |
| **Dkt. No. 888 - DENIED** | | | |
| | Microsoft and ASUS's Reply in Support of *Daubert* Motion to Exclude Expert Opinions of Michael E. Tate (Damages) | Page 3:28 Page 4:1-2 | **DENIED** (ASUS seeks to seal portions of its Reply designated by Philips as confidential under the protective order. *See* Dkt. No. 888-1. Philips provides a declaration seeking to seal *entirely different* portions of the Reply.  *See* Dkt. No. 914.  Most of Philips's redactions are directed to alleged flaws in Mr. Tate's analysis—the heart of Defendants' motion and the basis |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | | | on which Philips presumably seeks damages in this litigation. Because such reductions are improper and—in any case—already publicly disclosed at Dkt. No. 889, Philips's request is denied.) |
| **Dkt. No. 893 – GRANTED IN PART AND DENIED IN PART** | | | |
| 895-1 / (893-2) | Exhibit 1 to the Declaration of Erika H. Warren in Support of ASUS' Reply Memorandum in Support of Its Motion for Summary Judgment | Entire Document | **GRANTED IN PART AND DENIED IN PART** (contains confidential source code information as indicated in Dkt. No. 971-1. *See* Dkt. No. 917.) |
| **Dkt. No. 899 – GRANTED IN PART AND DENIED IN PART** | | | |
| 900 / (899-4) | Philips's Reply In Support of Motion to Exclude Certain Opinions In Dr. Bulterman's Rebuttal Expert Report Served on Behalf of ASUS Concerning U.S. Patent No. 7,529,806 | References to particular "theories" of noninfringement, the identity of a witness, and source code throughout. | **GRANTED IN PART AND DENIED IN PART** (contains confidential source code and technical product information as indicated in Dkt. No. 971-2. *See* Dkt. No. 917.) |
| 900-3 / (899-6) | Exhibit 12 to the Declaration of Caitlyn N. Bingaman in Support of Philips's Reply In Support of Motion to Exclude Certain Opinions In Dr. Bulterman's Rebuttal Expert Report Served on Behalf of ASUS Concerning U.S. Patent No. 7,529,806 | Entire Document | **DENIED** (No supporting declaration filed. *See* Civ. L.R. 79-5(e)(1).) |

| 900-4 / (899-8) | Exhibit 13 to the Declaration of Caitlyn N. Bingaman in Support of Philips's Reply In Support of Motion to Exclude Certain Opinions In Dr. Bulterman's Rebuttal Expert Report Served on Behalf of ASUS Concerning U.S. Patent No. 7,529,806 | References to certain technical products and source code throughout | **GRANTED IN PART AND DENIED IN PART** (contains confidential product information as indicated in Dkt. No. 853-5.  *See* Dkt. No. 917.) |
| --- | --- | --- | --- |
| 900-5 / (899-10) | Exhibit 14 to the Declaration of Caitlyn N. Bingaman in Support of Philips's Reply In Support of Motion to Exclude Certain Opinions In Dr. Bulterman's Rebuttal Expert Report Served on Behalf of ASUS Concerning U.S. Patent No. 7,529,806 | References to certain technical products and source code throughout | **GRANTED IN PART AND DENIED IN PART** (contains confidential product information as indicated in Dkt. No. 559-41.  *See* Dkt. No. 917.) |
| 900-6 / (899-12) | Exhibit 15 to the Declaration of Caitlyn N. Bingaman in Support of Philips's Reply In Support of Motion to Exclude Certain Opinions In Dr. Bulterman's Rebuttal Expert Report Served on Behalf of ASUS Concerning U.S. Patent No. 7,529,806 | References to certain technical products and source code throughout | **GRANTED IN PART AND DENIED IN PART** (contains confidential product information as indicated in Dkt. No. 917-3.  *See* Dkt. No. 917.) |
| 900-7 / (899-14) | Exhibit 16 to the Declaration of Caitlyn N. | References to certain technical products and source code throughout | **GRANTED IN PART AND DENIED IN PART** |

29

| | | | |
|---|---|---|---|
| | Bingaman in Support of Philips's Reply In Support of Motion to Exclude Certain Opinions In Dr. Bulterman's Rebuttal Expert Report Served on Behalf of ASUS Concerning U.S. Patent No. 7,529,806 | | (contains confidential product information as indicated in Dkt. No. 917-4. *See* Dkt. No. 917.) |
| 900-8 / (899-16) | Exhibit 17 to the Declaration of Caitlyn N. Bingaman in Support of Philips's Reply In Support of Motion to Exclude Certain Opinions In Dr. Bulterman's Rebuttal Expert Report Served on Behalf of ASUS Concerning U.S. Patent No. 7,529,806 | References to certain technical products and source code throughout | **GRANTED IN PART AND DENIED IN PART** (contains confidential product information as indicated in Dkt. No. 853-8. *See* Dkt. No. 917.) |
| 900-10 / (899-18) | Exhibit 19 to the Declaration of Caitlyn N. Bingaman in Support of Philips's Reply In Support of Motion to Exclude Certain Opinions In Dr. Bulterman's Rebuttal Expert Report Served on Behalf of ASUS Concerning U.S. Patent No. 7,529,806 | References to certain persons throughout | **DENIED** (No supporting declaration filed. *See* Civ. L.R. 79-5(e)(1).) |
| 900-11 / (899-20) | Exhibit 20 to the Declaration of Caitlyn N. Bingaman in Support of Philips's Reply In Support of | Pages 111-12 | **DENIED** (No supporting declaration filed. *See* Civ. L.R. 79-5(e)(1).) |

| | | | |
|---|---|---|---|
| | Motion to Exclude Certain Opinions In Dr. Bulterman's Rebuttal Expert Report Served on Behalf of ASUS Concerning U.S. Patent No. 7,529,806 | | |
| 900-12 / (899-22) | Exhibit 21 to the Declaration of Caitlyn N. Bingaman in Support of Philips's Reply In Support of Motion to Exclude Certain Opinions In Dr. Bulterman's Rebuttal Expert Report Served on Behalf of ASUS Concerning U.S. Patent No. 7,529,806 | References to certain persons throughout | **DENIED** (No supporting declaration filed. *See* Civ. L.R. 79-5(e)(1).) |
| 900-13 / (899-24) | Exhibit 22 to the Declaration of Caitlyn N. Bingaman in Support of Philips's Reply In Support of Motion to Exclude Certain Opinions In Dr. Bulterman's Rebuttal Expert Report Served on Behalf of ASUS Concerning U.S. Patent No. 7,529,806 | References to certain persons<br><br>Pages 109-10 | **GRANTED IN PART AND DENIED IN PART** (contains confidential product information as indicated in Dkt. No. 853-9. *See* Dkt. No. 917.) |
| 900-14 / (899-26) | Exhibit 23 to the Declaration of Caitlyn N. Bingaman in Support of Philips's Reply In Support of Motion to Exclude Certain Opinions In Dr. Bulterman's | References to certain products, persons, and source code throughout | **GRANTED IN PART AND DENIED IN PART** (contains confidential product information as indicated in Dkt. No. 918-3. *See* Dkt. No. 917.) |

| | | | |
|---|---|---|---|
| | Rebuttal Expert Report Served on Behalf of ASUS Concerning U.S. Patent No. 7,529,806 | | |
| 900-15 / (899-28) | Exhibit 24 to the Declaration of Caitlyn N. Bingaman in Support of Philips's Reply In Support of Motion to Exclude Certain Opinions In Dr. Bulterman's Rebuttal Expert Report Served on Behalf of ASUS Concerning U.S. Patent No. 7,529,806 | Entire Document | **GRANTED IN PART AND DENIED IN PART** (contains confidential product information as indicated in Dkt. No. 918-4. *See* Dkt. No. 917.) |

## III. CONCLUSION

The Court **GRANTS IN PART** and **DENIES IN PART** the parties' administrative motions to file under seal. Pursuant to Civil Local Rule 79-5(f)(1), documents filed under seal as to which the administrative motions are granted will remain under seal. The Court **DIRECTS** the parties to file public versions of all documents for which the proposed sealing has been denied, as indicated in the chart above, within seven days from the date of this order. Alternatively, the parties may file a new motion to seal within seven days of this Order.

**IT IS SO ORDERED.**

Dated: April 13, 2020

HAYWOOD S. GILLIAM, JR.
United States District Judge