UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE KONINKLIJKE PHILIPS PATENT LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 18-cv-01885-HSG<br><br>**ORDER REGARDING MOTIONS TO SEAL** |

The Court anticipates that, given the nature of this case, the parties will continue to file voluminous or multiple administrative motions to seal. To streamline this process, the Court directs the parties to review and comply with Civil Local Rule 79-5 as well as the Court's additional procedures as detailed below.

Any proposed order under Civil Local Rule 79-5(d)(1)(B) must include in the table for each item sought to be sealed: (1) the docket numbers of the public and provisionally sealed versions of documents sought to be filed under seal; (2) the name of the document; (3) the specific portion(s) of the document sought to be filed under seal; and (4) the filer's reasons for seeking sealing of the material, along with citations to the relevant declarations and any supporting legal authority. The reasons provided must be specific and tailored to the portion(s) of the document sought to be sealed; "[s]imply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1184 (9th Cir. 2006). The parties may use the four-column table in Dkt. No. 386 as a template.

Any responsive declaration by a Designating Party under Civil Local Rule 79-5(e)(1) must include a <u>new</u> proposed order in the tabular format described above, and must include the

Designating Party's reasons for sealing the material with citations to the relevant declarations and supporting legal authority. In addition, any declaration by a Designating Party under Civil Local Rule 79-5(e)(1) that seeks less extensive sealing than the underlying administrative motions to seal must be accompanied by revised redacted and unredacted versions of the documents sought to be sealed that comply with the requirements of Civil Local Rule 79-5(d)(1)(C) and (D), including the requirement that the portions sought to be sealed must be clearly marked on the unredacted version.

Any declaration, whether under Civil Local Rule 79-5(d)(1)(A) or (e)(1), that claims confidentiality obligations to a non-party as a basis for sealing a document or a portion of a document must be served on the non-party as set forth in Civil Local Rule 79-5(e). The non-party must also be notified that it must comply with the procedures set forth in that rule for Designating Parties, except that the non-party will have four days from service of the declaration—rather than from the filing of the administrative motion to seal—to file a declaration under Civil Local Rule 79-5(e)(1).

If no responsive declaration is filed under Civil Local Rule 79-5(e)(1), the party that filed the administrative motion to seal must notify the Court and indicate that the motion should be denied on that basis.

For any further briefing in this case where the parties anticipate multiple administrative motions to seal, the parties—as well as any non-parties with potentially sealable information—must, upon the completion of briefing, jointly file a new, combined administrative motion to seal for all requests where sealing is unopposed. The parties may indicate in the initial motion to file under seal that accompanies a brief or other document that a more fulsome and revised motion to seal will be forthcoming after the completion of briefing pursuant to this order. If any requests to seal are opposed, each party or non-party making an opposed request should file a single combined administrative motion to seal covering all of their opposed requests. The later combined motion to seal that is filed should clearly identify the docket numbers of the prior motions to seal that are superseded by the combined motion.

All proposed orders should be submitted in Word format by email to

HSGpo@cand.uscourts.gov on the same day the proposed order is e-filed.  The parties should not provide the Court with any redacted chambers copies.

**IT IS SO ORDERED.**

Dated: 4/13/2020

*Haywood S. Gilliam, Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge