[All counsel listed on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE KONINKLIJKE PHILIPS PATENT LITIGATION | Case No. 4:18-cv-1885-HSG <br><br> JURY TRIAL DEMANDED <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Judge: Hon. Haywood S. Gilliam, Jr. |

Under Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, the Patent Local Rules, the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, the Standing Order for All Civil Cases Before Judge Haywood S. Gilliam, the Standing Order for Patent Cases Before Judge Haywood S. Gilliam, and the Court's Order Granting in Part and Denying in Part ASUS's Motion for Summary Judgment and Denying Philips' Motion for Partial Summary Judgment (Docket No. 975 at 46), Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation (collectively "Philips") and Defendants ASUSTek Computer Inc. and Asus Computer International, Inc. (collectively "ASUS") respectfully submit this Joint Case Management Statement.

**1. Jurisdiction and Service**

Philips and ASUS agree that the Court has federal question subject matter jurisdiction and venue over all claims in this action, and personal jurisdiction over all parties. No parties remain to be served.

**2. Facts**

**A. Chronology of these Actions**

The parties previously described the history of this action in their prior Joint Case Management Statement filed on June 19, 2018. *See* Docket No. 415. Briefly, Philips brought patent infringement actions asserting, among other things, that certain of Defendants' smartphones, tablet computers, laptops, All-in-One PCs, 2-in-1 PCs, and desktops running various versions of the Android, Windows, or Chrome operating systems contain functionality covered by one more claims of the patents-in-suit, namely, United States Patent Nos. RE44,913 ("the RE'913 Patent"), 6,690,387 ("the '387 Patent"), 7,184,064 ("the '064 Patent"), 7,529,806 ("the '806 Patent"), 5,910,797 ("the '797 Patent"), 6,522,695 ("the '695 Patent"), RE44,006 ("the RE'006 Patent"), 8,543,819 ("the '819 Patent"), 9,436,809 ("the '809 Patent"), 6,772,114 ("the '114 Patent"), and RE43,564 ("the RE'564 Patent").

In this action, following Philips' dismissal of claims regarding some patents and the Court's resolution of others through summary judgment, four patents remain before the Court: the RE'913, '806, '809 and RE'564 patents. If it does not file a petition for a writ of certiorari before the Supreme Court seeking to overturn the decision of the United States Court of Appeals for the Federal Circuit invalidating the RE'913 patent, Philips has agreed to dismiss with prejudice its claims regarding that patent. *See Google LLC v. Koninklijke Philips N.V.*, No. 19-1234 (Fed. Cir. Jan. 6, 2020).

B.     **Principal Factual Issues in Dispute**

At this time, Philips and ASUS anticipate that they will dispute the following factual issues:

(a)    Whether ASUS has infringed any of the asserted claims of the patents-in-suit and, if so, how;

(b)    Whether the asserted claims of the patents-in-suit are invalid or unenforceable;

(c)    Whether Philips is entitled to damages for any alleged infringement;

(d)    If Philips is entitled to any damages, factors relevant to damages and the amount of damages; and

(e)    Whether this case is exceptional under 35 U.S.C. § 285, and, if so, whether either party is entitled to an award of attorneys' fees and costs.

3.   **Legal Issues**

At this time, Philips and ASUS anticipate that they will dispute the following legal issues:

(a)    Whether ASUS has directly or indirectly infringed any of the asserted claims of the patents-in-suit;

(b)    Whether the asserted claims of the patents-in-suit are invalid, unenforceable or indefinite;

(c)    Whether Philips' claims are barred, precluded, or otherwise improper based on one or more of ASUS's affirmative defenses;

(d)    Whether Philips is entitled to damages or any other relief for any alleged infringement by ASUS and, if so, the scope of any damages or other relief;

(e)    Whether any party is entitled to attorneys' fees and costs under 35 U.S.C. § 285;

(f)    Whether Philips is entitled to enhanced damages for willful infringement under 35 U.S.C. § 284; and

(g)    Whether Philips' claims for damages are barred or limited based on 35 U.S.C. §§ 286, 287 and 288.

4.   **Motions**

No motions are pending.  Philips and ASUS anticipate filing motions *in limine* and other pre-trial and post-trial motions.

For the reasons stated in its response to the Court's February 4, 2020, Order Directing Supplemental Briefing, ASUS seeks leave to file a motion for summary judgment of invalidity of the '806 patent.  *See* Docket No. 971 at 2-4.  For the reasons stated in its supplemental brief regarding the Federal Circuit's January 30, 2020 decision, Philips opposes this request.  *See* Docket No. 970 at 5-7.

**5.      Amendment of Pleadings**

Philips and ASUS do not currently anticipate amending either the complaint or the counterclaims to add additional parties or causes of action.

**6.      Evidence Preservation**

Philips and ASUS have reviewed this Court's Guidelines Relating to the Discovery of Electronically Stored Information.  They also met and conferred under Fed. R. Civ. P. 26(f) regarding, among other things, reasonable and proportionate steps to preserve evidence relevant to these actions.

**7.      Disclosures**

Philips and ASUS have exchanged Initial Disclosures under Federal Rule of Civil Procedure 26, disclosing the names of witnesses and the existence of documents in support of their various claims and defenses.  Philips and ASUS disclosed the information required in Fed. R. Civ. P. 26(a)(1)(A) on June 17, 2016, and later supplemented their initial disclosures.

**8.      Discovery**

Discovery is closed.

**9.      Class Actions**

This is not a class action.

**10.     Related Cases**

The Court has consolidated several related cases before it under this action number.  Philips and the defendants to the other actions have either dismissed their claims, or have stayed their claims with permission of the Court.  Various petitioners brought petitions for *inter partes* review before the Patent Trial and Appeal Board.  Regarding the patents still before this Court, all proceedings are resolved, except that Philips may bring petitions for writs of certiorari regarding the RE'913 and '806 patents.

**11.    Relief**

    **A.    Philips' Statement**

Philips seeks: (1) a judgment that ASUS has directly infringed, indirectly infringed, induced others to infringe, and contributed to the infringement of the patents-in-suit; (2) an award of damages adequate to compensate Philips for ASUS's infringement of the patents-in-suit, but in no event less than a reasonable royalty, together with prejudgment and post-judgment interest thereon; (3) a judgment that ASUS be ordered to account for post-verdict infringement and pay no less than a reasonable royalty, together with interest, thereon; (4) a judgment that ASUS's infringement is deliberate and willful and that ASUS be ordered to pay treble damages under 35 U.S.C. § 284; (5) a finding that this is an exceptional case under 35 U.S.C. § 285 and that Philips be awarded its reasonable attorneys' fees, costs, and expenses; and (6) such other and additional relief as the Court deems just and proper.

    **B.    ASUS's Statement**

ASUS generally seeks (1) a declaratory judgment that it has not infringed the patents-in-suit that it is accused of infringing, directly or indirectly, and that the patents-in-suit are invalid; (2) an order dismissing Philips' claims in their entirety with prejudice; and (3) an award of attorneys' fees and costs pursuant to 35 U.S.C. § 285.

**12.    Settlement and ADR**

Philips and ASUS have engaged in multiple rounds of settlement discussions since these matters began.  Philips and ASUS have met and conferred regarding ADR selection, and have agreed to private mediation at a date to be determined.  Philips and ASUS are engaged in litigation in other countries as well, and both believe that a settlement should preferably address all matters between them.

**13.    Consent to Magistrate Judge for All Purposes**

Philips and ASUS previously declined to proceed before a magistrate judge.

**14.    Other References**

Philips and ASUS do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.   Narrowing of Issues**

For the reasons explained above, ASUS believes that a motion for summary judgment of invalidity of the '806 patent would narrow the issues before this Court. Again for the reasons explained above, Philips disagrees that ASUS should be granted leave to file this motion.

**16.   Expedited Schedule**

Philips and ASUS do not believe this case is appropriate for the Expedited Trial Procedure.

**17.   Scheduling**

   **A.   Philips' Statement**

On February 4, 2020, the Court indicated an intent to set a trial for Fall 2020. *See* Docket No. 967, at 1. Philips requests that, to the extent possible, the trial occur in the Fall of 2020, as this case has been pending since 2015, but understands the scheduling challenges that have arisen since February 4th.

   **B.   ASUS's Statement**

ASUS understands that scheduling jury trials is currently difficult for the Court. In addition to the difficulties inherent in any jury trial, trial of this action will require testimony from many fact and expert witnesses, on both sides, who live outside the United States and who currently would have difficulty traveling to testify. In light of these difficulties, ASUS respectfully submits that it may be difficult to hold a trial before early 2021, at the earliest, but yields to the Court's discretion in deciding how to proceed.

**18.   Trial**

   **A.   Philips' Statement**

Philips estimates the trial will take approximately three weeks, and requests the Court allocate fifteen trial days, understanding that the parties may take fewer than that.

Philips is of course aware that the Court is very busy and does not seek to overburden it with an unnecessarily long trial. However, Philips disagrees with ASUS's estimate that the trial will take no more than ten days. Both Philips and ASUS will be calling live fact and expert witnesses, some of whom may need translators and many of whom will need to explain complex technologies to a lay jury. The infringement analyses involve detailed technical documents, testimony, and computer source code. ASUS's defenses rely on, among other things, complicated prior art theories. Deposition testimony will

come not only from party witnesses, but from third parties as well. Philips does not believe it would be fair to the parties or to the jury to rush through a trial in 10 days.

Indeed, setting a three-week trial would be consistent with the approach the Court has taken to date in these consolidated actions. The first trial in these actions was scheduled to be a four-week trial between Philips and Microsoft, covering four patents. Microsoft sought to shorten the trial length down to two weeks (Docket No. 930) and the Court denied Microsoft's request (Docket No. 932). Scheduling the Philips/ASUS trial for three weeks to try three patents would be proportional with the four weeks allotted to the four-patent Philips/Microsoft trial.

  **B.**  **ASUS's Statement**

With three patents at issue, ASUS estimates the trial will take no more than ten trial days, and likely fewer than that, and requests the Court allocate ten trial days, understanding that the parties are likely to take fewer than that.

**19.**  **Disclosure of Non-Party Interested Entities or Persons**

  **A.**  **Philips' Statement**

On December 18, 2015, the Philips plaintiffs filed Disclosure Statements under Fed. R. Civ. P. 7.1. *See* Docket Nos. 4, 5. In its statement, plaintiff U.S. Philips Corporation stated that it is "a wholly-owned subsidiary of Philips Holdings USA, which is an indirect, wholly-owned subsidiary of Koninklijke Philips N.V., a publicly-held corporation." *See* Docket No. 5. In its statement, plaintiff Koninklijke Philips N.V. stated that "there are no corporate parents, affiliates, and/or subsidiaries of said party, which are publicly held owning more than 10% of its corporate stock." *See* Docket No. 4.

Philips has filed herewith a "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In that certification, Philips identified that no other entity other than the named parties and Philips Holdings USA has (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

  **B.**  **ASUS's Statement**

On June 18, 2018, the ASUS defendants filed a Certification of Interested Entities or Persons. Docket No. 378. In their certification, ASUS stated that "Pursuant to Civil L.R. 3-15, the undersigned

certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Google LLC."

**20.   Professional Conduct**

All attorneys of record for Philips and ASUS have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.   Other Matters**

None.

Date: April 28, 2020

Respectfully submitted,

   /s/ Sean M. McCarthy

| | |
|---|---|
| Chris Holland (SBN 164053) | Michael P. Sandonato (admitted pro hac vice) |
| Lori L. Holland (SBN 202309) | John S. Carlin (admitted pro hac vice) |
| HOLLAND LAW LLP | Christopher S. Gerson (admitted pro hac vice) |
| 220 Montgomery Street, Suite 800 | Natalie D. Lieber (admitted pro hac vice) |
| San Francisco, CA 94104 | Jason M. Dorsky (admitted pro hac vice) |
| Telephone: (415) 200-4980 | Stephen K. Yam admitted pro hac vice) |
| Fax: (415) 200-4989 | Jonathan M. Sharret (admitted pro hac vice) |
| cholland@hollandlawllp.com | Joshua D. Calabro admitted pro hac vice) |
| lholland@hollandlawllp.com | Daniel A. Apgar (admitted pro hac vice) |
| | Sean M. McCarthy (admitted pro hac vice) |
| | Robert S. Pickens (admitted pro hac vice) |
| | Caitlyn N. Bingaman (admitted pro hac vice) |

VENABLE LLP
1290 Avenue of the Americas
New York, New York, 10104
+1 (212) 218-2100
+1 (212) 218-2200 facsimile
philipsprosecutionbar@venable.com

*Attorneys for Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation*

| | |
|---|---|
| Bruce Genderson *(pro hac vice)* | Matthew S. Warren (Bar No. 230565) |
| Kevin Hardy *(pro hac vice)* | Erika H. Warren (Bar No. 295570) |
| Aaron Maurer *(pro hac vice)* | WARREN LEX LLP |
| David Krinsky *(pro hac vice)* | 2261 Market Street, No. 606 |
| Andrew Trask *(pro hac vice)* | San Francisco, California, 94114 |
| Kyle Thomason *(pro hac vice)* | +1 (415) 895-2940 |
| WILLIAMS & CONNOLLY LLP | +1 (415) 895-2964 facsimile |
| 725 Twelfth Street, N.W. | 18-1885@cases.warrenlex.com |
| Washington, D.C., 20005 | |
| +1 (202) 434-5000 | |
| +1 (202) 434-5029 facsimile | |
| viceroy@wc.com | |

Michael J. Newton (Bar No. 156225)
Sang (Michael) Lee  *(pro hac vice)*
Derek Neilson (*pro hac vice*)
ALSTON & BIRD LLP
2200 Ross Avenue, Suite 2300
Dallas, Texas, 75201
+1 (214) 922-3400
+1 (214) 922-3899 facsimile
asus-philips@alston.com

*Attorneys for Defendants ASUSTeK Computer Inc. and ASUS Computer International*

**CIVIL L.R. 5-1(i) ATTESTATION**

I, Chris Holland, hereby attest that I have been authorized by counsel for the parties listed above to file this document on their behalf.

Dated:  April 28, 2020                                /s/  Chris Holland
                                                                             Chris Holland