Michael P. Sandonato (admitted *pro hac vice*)
msandonato@venable.com
John D. Carlin (admitted *pro hac vice*)
jcarlin@venable.com
Natalie Lieber (admitted *pro hac vice*)
ndlieber@venable.com
Christopher M. Gerson (admitted *pro hac vice*)
cgerson@venable.com
Jason M. Dorsky (admitted *pro hac vice*)
jmdorsky@venable.com
Stephen K. Yam (admitted *pro hac vice*)
syam@venable.com

Jonathan M. Sharret (admitted *pro hac vice*)
jsharret@venable.com
Joshua D. Calabro (admitted *pro hac vice*)
jdcalabro@venable.com
Daniel A. Apgar (admitted *pro hac vice*)
dapgar@venable.com
Robert S. Pickens (admitted *pro hac vice*)
rspickens@venable.com
Sean M. McCarthy (admitted *pro hac vice*)
smccarthy@venable.com
Caitlyn N. Bingaman (admitted *pro hac vice*)
cnbingaman@venable.com
Stephen J. Krachie (admitted *pro hac vice*)
skrachie@venable.com

VENABLE LLP
1290 Avenue of the Americas
New York, New York 10104-3800
Tel: (212) 218-2100
Fax: (212) 218-2200

Chris Holland (SBN 164053)
cholland@hollandlawllp.com
Lori L. Holland (SBN 202309)
lholland@hollandlawllp.com
Ethan Jacobs (SBN 291838)
ejacobs@hollandlawllp.com

HOLLAND LAW LLP
220 Montgomery Street, Suite 800
San Francisco, CA 94104
Tel: (415) 200-4980
Fax: (415) 200-4989

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| In Re Koninklijke Philips Patent Litigation | Case No. 4:18-cv-01885-HSG<br><br>**JOINT STATEMENT IN RESPONSE TO COURT'S APRIL 13, 2020 ORDER REGARDING ASUS'S AND PHILIPS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT AND *DAUBERT* MOTIONS (DKT. NO. 976) [CORRECTED]** |

On April 13, 2020, the Court entered an Order, under seal, that granted in part and denied in part Defendants ASUSTeK Computer Inc. and ASUS Computer International's (collectively, "ASUS") motion for partial summary judgment and denied Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation's ("Philips") motion for partial summary judgment. Dkt. No. 975 ("the Summary Judgment Order"). The Court also entered an Order, under seal, addressing the parties' *Daubert* motions. Dkt. No. 974 ("the *Daubert* Order"). Each of those Orders contains information the parties originally sought to be sealed in their briefing, including certain information of non-party Google LLC ("Google").

Separately, the Court also ordered the parties to file a joint statement by May 6, 2020 in support of any proposed redactions to the Summary Judgment and *Daubert* Orders. Dkt. No. 976. Specifically, the Court ordered that: (1) the "summary judgment Order will not be redacted unless the parties file a joint statement by May 6, 2020 articulating *compelling* reasons to seal portions of the Order that outweigh the public interest in disclosure"; and (2) "as to the *Daubert* Order, the parties (including any third party) may meet and confer and file a joint statement by May 6, 2020 identifying any portion of the Order for which good cause to seal exists. The statement shall articulate specific harm or prejudice that will occur if the information is disclosed." *Id*. at 1 (emphasis in original). The Court further ordered the parties to attach a proposed redacted version of the Order(s) to that joint statement. *Id*.

Accordingly, Philips, ASUS, and non-party Google have met and conferred, and Philips and Google submit the following statements in support of their respective proposed redactions to the *Daubert* Order:[1]

**Philips' Statement:**

There exists good cause to seal the redacted portions of Exhibit 1 at lines 13:21-22, 14:19-20; 15:3; 15:15-16; and 16:19. This same information appeared in Microsoft and ASUS's Daubert Motion to Exclude Expert Opinions of Michael E. Tate (Damages) (Dkt. No. 742), and the Court

---

[1] ASUS does not propose any redactions to the *Daubert* Order, and no party proposes any redactions to the Summary Judgment Order (an unredacted public version of which is attached hereto as Exhibit 2).

found good cause sufficient to grant redactions there. In particular, this information appeared at least at lines 1:21-22; 2:3-4, 8:2-13; 10:19-21; and 14:16-20 of Dkt. No. 742. In seeking to seal this information there, Philips explained (in Dkt. No. 785, Declaration of Caitlyn N. Bingaman in Support of Microsoft and ASUS's Administrative Motion to Seal (Dkt. No. 741)) that:

> [T]he Motion to Exclude contains non-public proprietary information concerning Philips' licensing programs, including information that reveals the existence and/or nonexistence of confidential non-public patent licenses, the terms of such licenses, and the negotiation history of such licenses. Philips and the other parties to these licenses risk substantial harm if the existence and terms of these licenses were revealed. For example, this information could be used against both Philips and the third-party licensees by their competitors and other potential litigants during the course of future negotiations over future licensing agreements.
>
> . . .
>
> Philips itself also has obligations to certain third-parties to keep the terms and/or existence of certain disclosed license agreements confidential. Philips accordingly requests that the Court seal those portions of the Motion to Exclude that discuss material designated as confidential by Philips, as reflected in the proposed redactions filed herewith. *Big Baboon, Inc. v. SAP America, Inc.*, No. 4:17-cv-02082-HSG, 2019 WL 1791421 at *5 (N.D. Cal. Apr. 24, 2019) (granting motion to seal because the exhibits contained confidential pricing information that could be harmful if public and the documents were "narrowly tailored to seal only sealable material"); *FTC v. Qualcomm Inc.*, No. 17-CV-220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (granting motion to seal as information may "divulge[] terms of confidential contracts, contract negotiations, or trade secrets").

*See* Dkt. No. 785 at 3. On consideration of this declaration, the Court found good cause to seal the information in Dkt. No. 742 at lines 1:21-22; 2:3-4, 8:2-13; 10:19-21; and 14:16-20. *See* Dkt. No. 977 at 13:14-14:12. The same good-cause standard applies here as to Philips' request to seal Exhibit 1 at lines 13:21-22, 14:19-20; 15:3; 15:15-16; and 16:19, and therefore Philips respectfully requests that the Court seal the same information in Exhibit 1 that it sealed in Microsoft and ASUS's Daubert Motion to Exclude Expert Opinions of Michael E. Tate (Damages) (Dkt. No. 742).

There exists good cause to seal the redacted portion of Exhibit 1 at 13:22-23. The same information appeared in Microsoft and ASUS's Daubert Motion to Exclude Expert Opinions of Michael E. Tate (Damages) (Dkt. No. 742), and the Court found good cause sufficient to grant redactions there. In particular, this information appeared at least at lines 7:21-25 and 14:27-15:1 of

Dkt. No. 742. In seeking to seal this information, Philips explained (Docket No. 785, Declaration of Caitlyn N. Bingaman in Support of Microsoft and ASUS's Administrative Motion to Seal (Dkt. No. 741)) that:

> [T]he Motion to Exclude contains non-public proprietary information concerning Philips' licensing programs, including confidential information concerning the creation and development of Philips' licensing programs, the setting of royalty rates, and Philips' internal valuations of the patents contained in these programs, as well as Philips' confidential non-public business practices in enforcing such programs. This information is proprietary to Philips and the public disclosure of such information would severely harm Philips, as it could be used against Philips by other potential litigants and licensees during the course of licensing negotiations.
>
> . . .
>
> Philips accordingly requests that the Court seal those portions of the Motion to Exclude that discuss material designated as confidential by Philips, as reflected in the proposed redactions filed herewith. *Big Baboon*, 2019 WL 1791421 at *5 (granting motion to seal because the exhibits contained confidential pricing information that could be harmful if public and the documents were "narrowly tailored to seal only sealable material"); *Synchross Techs., Inc. v. Dropbox Inc.*, No. 16-cv-00119-HSG, 2018 WL 6002319, at *3 (N.D. Cal. Nov. 15, 2018) (granting motions to seal documents which disclosed confidential business strategies and information).

*See* Dkt. No. 785 at 3-4. On consideration of this declaration, the Court found good cause to seal the information in Dkt. No. 742 at lines 7:21-25 and 14:27-15:1. *See* Dkt. No. 977 at 13:14-14:12. The same good-cause standard applies here as to Philips' request to seal Exhibit 1 at lines 13:22-23, and therefore Philips respectfully requests that the Court seal the same information in Exhibit 1 that it sealed in Microsoft and ASUS's Daubert Motion to Exclude Expert Opinions of Michael E. Tate (Damages) (Dkt. No. 742).

**Google's Statement:**

There is good cause to seal the redacted portions of Exhibit 1 at 9:17, 9:22, 9:23 (first redaction), 9:27, 10:2, 10:4, 11:5, and 11:11. The same information appeared in the parties' briefing underlying the Court's Order, and the Court found good cause to redact there:

- The same information appeared in Philips' Motion to Exclude Untimely Theories in Dr. Bulterman's Rebuttal Expert Report Served on Behalf of ASUS Concerning U.S. Patent No. 7,529,806, Docket No. 766, at 2:16, 2:17, 2:18, 2:20, 3:1, 3:6, 3:8, 3:9, 3:10, 3:11, 4:3, 4:18, 4:26, 7:4, 7:7, 7:26, 8:6, 8:8, 8:10 (both), 8:11, 8:23, 8:27, 9:6 (both), 9:16,

3

12:11, 12:15, 12:19, 12:26, 14:24, and 15:4. Seeking to seal this information, Google submitted a declaration which stated in Paragraph 18 that these redactions protected "proprietary information that is confidential to non-party Google," specifically, "information regarding the operation of confidential functionalities in the accused products" and "discussion of Google's highly confidential and proprietary source code produced under the protective order governing confidentiality in this action." Docket No. 781 ¶ 18. Google accordingly requested that "the Court seal those portions" of the briefing. *Id.* After reviewing these materials, the Court found "good cause" to seal this information. Docket No. 977 at 3:5-6; *see id.* at 11:26-28.

- The same information appeared in ASUS' Opposition to Philips' Motion to Exclude Portions of Dr. Bulterman's Rebuttal Expert Report Concerning U.S. Patent No. 7,529,806, Docket No. 832, at i:9, i:11, i:14, 3:23, 3:27, 4:7, 4:11, 4:14, 4:16, 4:18, 5:2, 5:4, 5:8, 6:16, 6:20, 7:2, 7:16, 7:19, 10:18 (both), 10:19, 10:20, 12:17, 12:19, and 12:20. Seeking to seal this information, Google submitted a declaration which stated in Paragraph 21 that these redactions protected "Google's proprietary and confidential information," specifically, "non-public technical information regarding accused products in this action," and "discussion of Google's highly confidential source code and how its YouTube product operates." Docket No. 853 ¶ 21. Google accordingly requested that "the Court seal those portions" of the briefing. *Id.* After reviewing these materials, the Court previously found "good cause" to seal this information in the briefing. Docket No. 977 at 3:5-6; *see id.* at 24:11-16.

- The same information appeared in Philips' Reply in Support of Motion to Exclude Certain Opinions in Dr. Bulterman's Rebuttal Expert Report Served on Behalf of ASUS Concerning U.S. Patent No. 7,529,806, Docket No. 900 at i:16, 1:7, 1:9, 1:13, 2:4, 2:7 (both), 2:8, 6:28, 7:2, 7:4 (both), 7:6, 7:9, 7:12, 7:28, 9:8, 10:14, 10:18, 11:1, 11:2, 11:5, 11:24, 11:25, 11:26, 13:23, 15:22, 15:25. Seeking to seal this information, Google submitted a declaration which stated in Paragraph 7 that these redactions protected

"Google's proprietary and confidential information," specifically, "non-public technical information regarding accused products in this action," and "detailed discussion of Google's highly confidential source code and how its products operate." Docket No. 917 ¶ 7. Google accordingly requested that "the Court seal those portions" of the briefing. *Id.* After reviewing these materials, the Court previously found "good cause" to seal this information in the briefing. Docket No. 977 at 3:5-6; *see id.* at 28:13-18.

The same good-cause standard applies to the Order that applies to the briefing, *compare* Docket No. 977 at 2:23-27 *with* Docket No. 976 at 1:26-27, and Google respectfully submits that the Court should seal the same information in the Order that it sealed in the briefing.

There is good cause to seal the redacted portions of Exhibit 1 at 9:18, 10:8, 10:15, 10:17, 11:12. The same information appeared in the parties' briefing underlying the Court's Order, and the Court found good cause to redact there:

- The same information appeared in Philips' Motion to Exclude Untimely Theories in Dr. Bulterman's Rebuttal Expert Report Served on Behalf of ASUS Concerning U.S. Patent No. 7,529,806, Docket No. 766, at 3:12, 3:16, 3:19, 4:2, 4:3, 4:18, 4:26, 8:13, 8:23, 8:27, 12:16, and 15:1. Seeking to seal this information, Google submitted a declaration which stated in Paragraph 18 that these redactions protected "proprietary information that is confidential to non-party Google," specifically, "information regarding the operation of confidential functionalities in the accused products" and "discussion of Google's highly confidential and proprietary source code produced under the protective order governing confidentiality in this action." Docket No. 781 ¶ 18. Google accordingly requested that "the Court seal those portions" of the briefing. *Id.* After reviewing these materials, the Court found "good cause" to seal this information. Docket No. 977 at 3:5-6; *see id.* at 11:26-28.

- The same information appeared in Philips' Reply in Support of Motion to Exclude Certain Opinions in Dr. Bulterman's Rebuttal Expert Report Served on Behalf of ASUS Concerning U.S. Patent No. 7,529,806, Docket No. 900 at i:16, 1:14, 1:20, 2:11 (both),

5

|   |   |
|---|---|
| 1 | 7:17, 7:19, 7:21, 8:2, 9:9, 11:20, 11:21, 13:23, 15:23, 15:26.  Seeking to seal this |
| 2 | information, Google submitted a declaration which stated in Paragraph 7 that these |
| 3 | redactions protected "Google's proprietary and confidential information," specifically, |
| 4 | "non-public technical information regarding accused products in this action," and |
| 5 | "detailed discussion of Google's highly confidential source code and how its products |
| 6 | operate."  Docket No. 917 ¶ 7.  Google accordingly requested that "the Court seal those |
| 7 | portions" of the briefing.  *Id.*  After reviewing these materials, the Court previously found |
| 8 | "good cause" to seal this information in the briefing.  Docket No. 977 at 3:5-6; *see id.* at |
| 9 | 28:13-18. |

The same good-cause standard applies to the Order that applies to the briefing, *compare* Docket No. 977 at 2:23-27 *with* Docket No. 976 at 1:26-27, and Google respectfully submits that the Court should seal the same information in the Order that it sealed in the briefing.

There is good cause to seal the redacted portions of Exhibit 1 at 9:23-25, 9:27.  The same information appeared in the parties' briefing underlying the Court's Order, and the Court found good cause to redact there:

- The same information appeared in Philips' Motion to Exclude Untimely Theories in Dr. Bulterman's Rebuttal Expert Report Served on Behalf of ASUS Concerning U.S. Patent No. 7,529,806, Docket No. 766, at 2:15-19.  Seeking to seal this information, Google submitted a declaration which stated in Paragraph 18 that these redactions protected "proprietary information that is confidential to non-party Google," specifically, "information regarding the operation of confidential functionalities in the accused products" and "discussion of Google's highly confidential and proprietary source code produced under the protective order governing confidentiality in this action."  Docket No. 781 ¶ 18.  Google accordingly requested that "the Court seal those portions" of the briefing.  *Id.*  After reviewing these materials, the Court found "good cause" to seal this information.  Docket No. 977 at 3:5-6; *see id.* at 11:26-28.

- The same information appeared in ASUS' Opposition to Philips' Motion to Exclude Portions of Dr. Bulterman's Rebuttal Expert Report Concerning U.S. Patent No. 7,529,806, Docket No. 832, at 7:19-22.  Seeking to seal this information, Google submitted a declaration which stated in Paragraph 21 that these redactions protected "Google's proprietary and confidential information," specifically, "non-public technical information regarding accused products in this action," and "discussion of Google's highly confidential source code and how its YouTube product operates."  Docket No. 853 ¶ 21.  Google accordingly requested that "the Court seal those portions" of the briefing.  *Id.*  After reviewing these materials, the Court previously found "good cause" to seal this information in the briefing.  Docket No. 977 at 3:5-6; *see id.* at 24:11-16.
- The same information appeared in Philips' Reply in Support of Motion to Exclude Certain Opinions in Dr. Bulterman's Rebuttal Expert Report Served on Behalf of ASUS Concerning U.S. Patent No. 7,529,806, Docket No. 900 at 7:11-16.  Seeking to seal this information, Google submitted a declaration which stated in Paragraph 7 that these redactions protected "Google's proprietary and confidential information," specifically, "non-public technical information regarding accused products in this action," and "detailed discussion of Google's highly confidential source code and how its products operate."  Docket No. 917 ¶ 7.  Google accordingly requested that "the Court seal those portions" of the briefing.  *Id.*  After reviewing these materials, the Court previously found "good cause" to seal this information in the briefing.  Docket No. 977 at 3:5-6; *see id.* at 28:13-18.

The same good-cause standard applies to the Order that applies to the briefing, *compare* Docket No. 977 at 2:23-27 *with* Docket No. 976 at 1:26-27, and Google respectfully submits that the Court should seal the same information in the Order that it sealed in the briefing.

There is good cause to seal the redacted portions of Exhibit 1 at 10:18.  The same information appeared in the parties' briefing underlying the Court's Order, and the Court found good cause to redact there.  The same information appeared in ASUS' Opposition to Philips' Motion to

| | |
|---|---|
| 1 | Exclude Portions of Dr. Bulterman's Rebuttal Expert Report Concerning U.S. Patent No. 7,529,806, |
| 2 | Docket No. 832, at 5:21, 5:22, 5:23, 5:25, 6:2, 6:11, 6:24, 7:7, 7:13, and 11:12.  Seeking to seal this |
| 3 | information, Google submitted a declaration which stated in Paragraph 21 that these redactions |
| 4 | protected "Google's proprietary and confidential information," specifically, "non-public technical |
| 5 | information regarding accused products in this action," and "discussion of Google's highly |
| 6 | confidential source code and how its YouTube product operates."  Docket No. 853 ¶ 21.  Google |
| 7 | accordingly requested that "the Court seal those portions" of the briefing.  *Id.*  After reviewing these |
| 8 | materials, the Court previously found "good cause" to seal this information in the briefing.  Docket |
| 9 | No. 977 at 3:5-6; *see id.* at 24:11-16.  The same good-cause standard applies to the Order that |
| 10 | applies to the briefing, *compare* Docket No. 977 at 2:23-27 *with* Docket No. 976 at 1:26-27, and |
| 11 | Google respectfully submits that the Court should seal the same information in the Order that it |
| 12 | sealed in the briefing. |

| | | |
|---|---|---|
| 1 | Dated: May 7, 2020 | |
| 2 | | Respectfully submitted, |
| 3 | Chris Holland (SBN 164053) | /s/ Robert S. Pickens |
| | Lori L. Holland (SBN 202309) | Michael P. Sandonato (admitted *pro hac vice*) |
| 4 | HOLLAND LAW LLP | John D. Carlin (admitted *pro hac vice*) |
| | 220 Montgomery Street, Suite 800 | Christopher M. Gerson (admitted *pro hac vice*) |
| 5 | San Francisco, CA 94104 | Natalie D. Lieber (admitted *pro hac vice*) |
| | Telephone: (415) 200-4980 | Jason M. Dorsky (admitted *pro hac vice*) |
| 6 | Fax: (415) 200-4989 | Stephen K. Yam (admitted *pro hac vice*) |
| | cholland@hollandlawllp.com | Jonathan M. Sharret (admitted *pro hac vice*) |
| 7 | lholland@hollandlawllp.com | Joshua D. Calabro admitted *pro hac vice*) |
| | | Daniel A. Apgar (admitted *pro hac vice*) |
| 8 | | Sean M. McCarthy (admitted *pro hac vice*) |
| | | Robert S. Pickens (admitted *pro hac vice*) |
| 9 | | Caitlyn N. Bingaman (admitted *pro hac vice*) |
| | | Stephen J. Krachie (admitted *pro hac vice*) |
| 10 | | |
| 11 | | VENABLE LLP |
| | | 1290 Avenue of the Americas |
| 12 | | New York, New York, 10104 |
| | | +1 (212) 218-2100 |
| 13 | | +1 (212) 218-2200 facsimile |
| | | philipsprosecutionbar@venable.com |
| 14 | | |
| | | *Attorneys for Plaintiffs Koninklijke Philips* |
| 15 | | *N.V. and U.S. Philips Corporation* |

9

JOINT STATEMENT IN RESPONSE TO COURT'S APRIL 13, 2020 ORDER REGARDING ASUS'S AND
PHILIPS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT AND *DAUBERT* MOTIONS
[CORRECTED] (DKT. NO. 976)
CASE NO. 4:18-CV-1885-HSG

| | |
|---|---|
| Bruce Genderson (pro hac vice)<br>Kevin Hardy (pro hac vice)<br>Aaron Maurer (pro hac vice)<br>David Krinsky (pro hac vice)<br>Andrew Trask (pro hac vice)<br>Kyle Thomason (pro hac vice)<br>WILLIAMS & CONNOLLY LLP<br>725 Twelfth Street, N.W.<br>Washington, D.C., 20005<br>+1 (202) 434-5000<br>+1 (202) 434-5029 facsimile<br>viceroy@wc.com | /s/ Matthew S. Warren<br>Matthew S. Warren (Bar No. 230565)<br>Erika H. Warren (Bar No. 295570)<br>WARREN LEX LLP<br>2261 Market Street, No. 606<br>San Francisco, California, 94114<br>+1 (415) 895-2940<br>+1 (415) 895-2964 facsimile<br>18-1885@cases.warrenlex.com |

Michael J. Newton (Bar No. 156225)
Sang (Michael) Lee  (pro hac vice)
Derek Neilson (pro hac vice)
ALSTON & BIRD LLP
2200 Ross Avenue, Suite 2300
Dallas, Texas, 75201
+1 (214) 922-3400
+1 (214) 922-3899 facsimile
asus-philips@alston.com

*Attorneys for Defendants ASUSTeK Computer Inc. and ASUS Computer International*

/s/ Matthew S. Warren
Matthew S. Warren (Bar No. 230565)
Erika H. Warren (Bar No. 295570)
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
18-1885@cases.warrenlex.com

*Attorneys for Non-Party Google LLC*

---

10
JOINT STATEMENT IN RESPONSE TO COURT'S APRIL 13, 2020 ORDER REGARDING ASUS'S AND
PHILIPS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT AND *DAUBERT* MOTIONS
[CORRECTED] (DKT. NO. 976)
CASE NO. 4:18-CV-1885-HSG

## CIVIL L.R. 5-1(i) ATTESTATION

I, Chris Holland, hereby attest that I have been authorized by counsel for the parties listed above to execute and file this document on their behalf.

Dated: May 7, 2020                                    /s/  Chris Holland
                                                              Chris Holland