UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE KONINKLIJKE PHILIPS PATENT LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 18-cv-01885-HSG<br><br>**ORDER DENYING ASUS'S REQUEST FOR LEAVE TO FILE AN ADDITIONAL MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 971 |

Pending before the Court is Defendants ASUS Computer International and ASUSTeK Computer Inc.'s (collectively, "ASUS") request for leave to file an additional motion for summary judgment. Dkt. No. 971 at 2. ASUS asserts that the Federal Circuit decision in *Koninklijke Philips N.V. v. Google LLC*, 948 F.3d 1330 (Fed. Cir. 2020), demonstrates that claim 12 of U.S. Patent No. 7,529,806 (the "'806 Patent") is invalid. Specifically, ASUS argues that in affirming the U.S. Patent Trial and Appeal Board's ("PTAB") finding that claim 1 of the '806 Patent is invalid, the Federal Circuit adopted interpretations of claim 12 terms "media presentation" and "identifying," "determining," and "retrieving" that preclude the patentee's validity arguments.

Claim construction is a question of law. *Teva Pharmas. USA, Inc. v. Sandoz, Inc.*, 574 U.S. 318, 325 (2015). Accordingly, the Federal Circuit's claim constructions are binding on this Court under *stare decisis*. *See Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1140 (Fed. Cir. 2018); *see also Rambus Inc. v. Hynix Semiconductor Inc.*, 569 F. Supp. 2d 946, 963-64 (N.D. Cal. 2008). However, "*stare decisis* applies only to legal issues that were actually decided in a prior action." *Beacon Oil Co. v. O'Leary*, 71 F.3d 391, 395 (Fed. Cir. 1995) (finding that *stare decisis* did not apply to issues that were not disputed in the prior case). Here, the Federal Circuit expressly

1   declined to address the parties' claim construction dispute regarding the term "a given segment of
2   [a/the] media presentation." *Philips*, 948 F.3d at 1334 n.5. There is also no evidence that the
3   court addressed constructions for "identifying," "determining," and "retrieving."[1] Accordingly,
4   the claim construction issues were not actually addressed and decided by the Federal Circuit and
5   the Court is not bound by the underlying PTAB interpretations.
6         Nor does collateral estoppel resolve the dispute. "Because the [PTAB] applies the broadest
7   reasonable construction of the claims while the district courts apply a different standard of claim
8   construction as explored in *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) (en banc), the
9   issue of claim construction under *Phillips* to be determined by the district court has not actually
10  been litigated." *SkyHawke Techs., LLC v. Deca Int'l Corp.*, 828 F.3d 1373, 1376 (Fed. Cir. 2016).
11  Moreover, even assuming that one of these doctrines applied, ASUS's dispute centers on the
12  application of the constructions, not the constructions themselves. The PTAB's construction of "a
13  given segment of [a/the] media presentation" is entirely consistent with the construction for
14  "media presentation" adopted in this case. *Compare* IPR2017-00447, Paper 29, at 8 n.4, *with* Dkt.
15  No. 241 at 7. If ASUS believes that Philips's validity interpretation is contrary to those
16  constructions, it could have brought its motion by the dispositive motion deadline.[2]
17  //
18  //
19  //
20

---

[1] According to ASUS, Philips seeks to interpret "media presentation" as requiring "data that has been split into multiple segments" and also to require the "identifying," "determining" and "retrieving" steps to be performed twice. Dkt. No. 971 at 3. The Federal Circuit did not consider these issues: the appeal was limited to the PTAB's consideration of grounds not raised in the petition, the use of "general knowledge" to supply missing limitations, and the factual findings related to obviousness. *See* 948 F.3d at 1335, 1338-39.

[2] To the extent ASUS claims there is an unresolved dispute as to the proper construction of terms that were not previously construed (or that were not construed with sufficient specificity to resolve the dispute), that issue can be resolved through supplemental claim construction proceedings before trial if necessary, if the case does not resolve at the upcoming mediation. *See O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., Ltd.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008) (explaining that "[w]hen the parties raise an actual dispute regarding the proper scope of . . . claims, the court, not the jury, must resolve that dispute").

For these reasons, the Court **DENIES** ASUS's motion for leave to bring a second motion for summary judgment.

**IT IS SO ORDERED.**

Dated:   5/26/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

3