OFFICE OF THE CLERK
**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CALIFORNIA 94102



SUSAN Y. SOONG
CLERK OF COURT

In re: *In Re Koninklijke Philips Patent Litigation*, 4:18-cv-01885

Dear Counsel,

I have been contacted by Judge Gilliam, who presided over the above-mentioned case. Judge Gilliam informed me that he has determined that for part of the time he presided over the case (specifically, between June 2018 and August 8, 2019), he owned stock in intervenor Microsoft. His ownership of stock neither affected nor impacted his decisions in this case. However, his stock ownership would have required recusal or divestiture under the Code of Conduct for United States Judges, and thus, Judge Gilliam directed that I notify the parties of the conflict during this period. When Judge Gilliam became aware in August 2019 of this ownership, he divested the stock, which removed the disqualifying interest. Canon 3C(4). He has now determined that he should have informed the parties of the divestiture at that time. *See* Advisory Opinion 69.

These cases were assigned to Judge Gilliam on March 27, 2018, Dkt. No. 367, and consolidated under this case number on September 24, 2018, Dkt. No. 453. The claims were settled, with the last settlement entered in March of 2021. *See* Dkt. Nos. 685, 965, 969, 1002, 1016.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

//

//

//

With Advisory Opinion 71 in mind, you are invited to respond to Judge Gilliam's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before October 18, 2021. Any response will be considered by another judge of this court without the participation of Judge Gilliam.

Sincerely,

*Susan Y. Soong*

Susan Y. Soong
Clerk of Court